1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   Francesca Gregorini,          ) Case No. **CV 20-406-JFW(JCx)**
                                    )
12                  Plaintiff,      ) **STANDING ORDER**
                                    )
13        v.                        )
                                    )
14   Apple Inc., et al.,            )
                                    )
15                  Defendants.     )
     _____ )
16

17        **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND**

18   **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19        This action has been assigned to the calendar of Judge

20   John F. Walter.  Both the Court and counsel[1] bear

21   responsibility for the progress of litigation in Federal

22   Court.  To secure the just, speedy, and inexpensive

23   determination of every action, all counsel are ordered to

24   familiarize themselves with the Federal Rules of Civil

25   Procedure, the Local Rules of the Central District of

26

27   _____

28        [1]Any reference in the Court's Standing Order (or any
     other court order) to "counsel" or "attorney" applies to
     parties appearing pro se unless the context requires
     otherwise.

California, the General Orders of the Central District and the Judge's Procedures and Schedules found on the website for the United States District Court for the Central District of California (www.cacd.uscourts.gov).

**1.   <u>Service of the Complaint</u>**:

The plaintiff shall promptly serve the Complaint in accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of service pursuant to the Local Rules.  **The plaintiff is hereby notified that failure to serve the Complaint as required by Fed.R.Civ.P. 4(m) will result in the dismissal of the Complaint against the unserved defendant(s).**

**2.   <u>Presence of Lead Counsel</u>**:

Lead trial counsel shall attend all proceedings before this Court and all Local Rule 7-3, scheduling, status, and settlement conferences.  Only <u>ONE</u> attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.

**3.   <u>Electronic Filing and Courtesy Copies</u>:**

(a) Within ten days of a party's initial appearance, lead trial counsel shall file a declaration entitled, "Declaration of Lead Trial Counsel" which shall: (1) notify the Court that counsel has registered as an "CM/ECF User;" (2) include lead counsel's "E-Mail Address of Record;" and (3) confirm that lead counsel has read the Court's Standing Order and the Local Rules.

(b) All documents that are required to be filed in an electronic format pursuant to the Local Rules shall be filed electronically no later than 4:00 p.m. on the date due unless

1  otherwise ordered by the Court.  Any documents filed
2  electronically after 4:00 p.m. on the date due will be
3  considered late and may be stricken by the Court.  All
4  documents filed electronically shall be filed in accordance
5  with the Local Rule 5-4.  Each PDF file shall contain no more
6  than one document.  *See* Local Rule 5-4.3.1**.** Any documents
7  which counsel attempt to file electronically which are
8  improperly filed will not be accepted by the Court.

9       (c) Counsel are ORDERED to deliver **2 copies** of all
10  documents filed electronically in this action to Chambers**.**
11  For each document filed electronically, one copy shall be
12  marked "CHAMBERS COPY" and the other copy shall be marked
13  "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are
14  collectively referred to herein as "Courtesy Copies." The
15  Courtesy Copies of each electronically filed document must
16  include on each page the running header created by the ECF
17  system.  In addition, on the first page of each Courtesy
18  Copy, in the space between lines 1 - 7 to the right of the
19  center, counsel shall include the date the document was
20  e-filed and the document number. The Courtesy Copies shall be
21  single-sided and shall <u>not</u> be blue-backed. All documents must
22  be stapled only in the top left-hand corner, the electronic
23  proof of service must be attached as the last page of each
24  document, and the exhibits attached to any document must be
25  tabbed.  Counsel shall not staple the "COURTESY COPY" and
26  "CHAMBERS COPY" together. The "COURTESY COPY" and "CHAMBERS
27  COPY" of all documents must be three-hole punched at the left
28  / / /

1   margin with oversized 13/32" hole size, not the standard

2   9/32" hole size.  If evidence attached to a document exceeds

3   twenty-five pages, the Courtesy Copies of the evidence shall

4   be placed in separately bound volumes and include a Table of

5   Contents.  If such evidence exceeds fifty pages, the Courtesy

6   Copies of such evidence shall be placed in a slant D-ring

7   binder with each item of evidence separated by a tab divider

8   on the right side. All documents contained in the binder must

9   be three hole punched with the oversized 13/32" hole size,

10  not the standard 9/32" hole size.  The binder shall include a

11  Table of Contents and the spine of the binder shall be

12  labeled with its contents.

13       The Courtesy Copies shall be delivered to Chambers no

14  later than 10:00 a.m. on the next business day after the

15  document was electronically filed.

16       (d) For any document that is not required to be filed

17  electronically, counsel are ORDERED to deliver 1 conformed

18  copy of the document, which shall be marked "COURTESY COPY,"

19  to Chambers **at the time of filing**. For any document or

20  exhibit that is not required to be filed electronically,

21  counsel shall retain a copy of that document or exhibit until

22  all appeals have been exhausted.

23       (e)  If the Court has granted an application to file

24  documents under seal, the Court's Courtesy Copies shall

25  include a complete version of the documents including any

26  sealed documents. Each document that has been filed under

27  seal shall include a notation identifying that the document

28  has been filed under seal, and shall be highlighted to show

4

the portion of the document that has been redacted. For example, if the Court orders Ex. A to a Declaration filed under seal, the Court's Courtesy Copies of the Declaration should include Ex. A as an attachment with a notation that it has been filed under seal pursuant to the Court's order and any redactions shall be highlighted.

(f)  In the unlikely event counsel finds it necessary to file a Notice of Errata: (1) the Notice of Errata shall specifically identify each error by page and line number and set forth the correction; and (2) a corrected version of the document in its entirety shall be attached to the Notice of Errata.

(g) When a proposed order accompanies an electronic filing, a WordPerfect or Word copy of the proposed order, along with a copy of the PDF electronically filed main document shall be e-mailed to JFW_Chambers@cacd.uscourts.gov. The subject line of the e-mail shall be in the following format: court's divisional office, year, case type, case number, document control number assigned to the main document at the time of filing, judge's initials and filer (party) name.  Failure to comply with this requirement may result in the denial or striking of the request or the Court may withhold ruling on the request until the Court receives the required documents.

**4.  Discovery:**

(a) All discovery matters have been referred to a United States Magistrate Judge.  (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All

1  discovery documents must include the words "DISCOVERY MATTER"
2  in the caption to ensure proper routing.  Counsel are
3  directed to contact the Magistrate Judge's Courtroom Deputy
4  to schedule matters for hearing.

5      All decisions of the Magistrate Judge shall be final,
6  subject to modification by the District Court only where it
7  is shown that the Magistrate Judge's Order is clearly
8  erroneous or contrary to law.  Any party may file and serve a
9  motion for review and reconsideration before this Court.  The
10 moving party must file and serve the motion within fourteen
11 calendar days of service of a written ruling or within
12 fourteen calendar days of an oral ruling that the Magistrate
13 Judge states will not be followed by a written ruling.  The
14 motion must specify which portions of the ruling are clearly
15 erroneous or contrary to law and support the contention with
16 a memorandum of points and authorities.  Counsel shall
17 deliver a courtesy copy of the moving papers and responses to
18 the Magistrate Judge.

19     (b) Counsel shall begin to actively conduct discovery
20 before the Fed.R.Civ.P. 26(f) conference because at the
21 Scheduling Conference the Court will impose tight deadlines
22 to complete discovery.

23 **5.  Motions:**

24     **(a) Time for Filing and Hearing Motions:**

25     Motions shall be filed in accordance with the Local
26 Rules.  This Court hears motions on **Mondays commencing at**
27 **1:30 p.m.**  Once a party has noticed a motion for hearing on a
28 particular date, the hearing shall not be continued without

leave of Court.  No supplemental briefs shall be filed
without leave of Court.  Courtesy Copies shall be provided to
the Court in accordance with paragraph 3 of this Order.  No
motion shall be noticed for hearing for more than 35 calendar
days after service of the motion unless otherwise ordered by
the Court.  Documents not filed in compliance with the
Court's requirements will be stricken and will not be
considered by the Court.

**(b) Local Rule 7-3:**

Among other things, Local Rule 7-3 requires counsel to
engage in a pre-filing conference to discuss thoroughly the
substance of the contemplated motion and any potential
resolution.  Counsel should discuss the issues with
sufficient detail so that if a motion is still necessary, the
briefing may be directed to those substantive issues
requiring resolution by the Court.

Many motions to dismiss or to strike could be avoided if
the parties confer in good faith especially for perceived
defects in a Complaint, Answer, or Counterclaim which could
be corrected by amendment.  *See, e.g., Eminence Capital, LLC
v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a
motion to dismiss is granted, a district court should provide
leave to amend unless it is clear that the Complaint could
not be saved by any amendment).  The Ninth Circuit requires
that this policy favoring amendment be applied with "extreme
liberality." *Morongo Band of Mission Indians v. Rose*, 893
F.2d 1074, 1079 (9th Cir. 1990).

/ / /

 1   These principles require counsel for the plaintiff to

 2   carefully evaluate the defendant's contentions as to the

 3   deficiencies in the Complaint, and in most instances, the

 4   moving party should agree to any amendment that would cure a

 5   curable defect.  Counsel should, at the very least, resolve

 6   minor procedural or other nonsubstantive matters during the

 7   conference.

 8   All 7-3 conferences shall be conducted **in person** by lead

 9   counsel.  If lead counsel are not located in the same county

10   in the Central District of California, the conference may

11   take place via a communication method that, at a minimum,

12   allows all parties to be in realtime communication (letters

13   and e-mail, for example, do not constitute a proper 7-3

14   conference).

15   Notwithstanding the exception for preliminary injunction

16   motions in Local Rule 7-3, counsel contemplating filing a

17   preliminary injunction motion shall comply with Local Rule 7-

18   3 and meet and confer **in person** at least five days prior to

19   the filing of such a motion. The pro se status of one or more

20   parties does not excuse compliance with Local Rule 7-3.

21   Within three days of the conference, counsel shall file a

22   joint statement indicating the date of, duration of, and

23   method of communication used during the conference and the

24   participants in the conference.  In addition, the joint

25   statement shall detail the issues discussed and resolved

26   during the conference and the issues remaining.  Failure to

27   strictly comply with the Court's requirements or Local Rule

28   / / /

1  7-3 will result in the striking and/or the denial of the
2  motion.

3      **(c) Length and Format of Motion Papers:**

4      **Memoranda of Points and Authorities in support of or in**
5  **opposition to motions shall not exceed 25 pages. Replies**
6  **shall not exceed 12 pages.** Only in rare instances and for
7  good cause shown will the Court grant an application to
8  extend these page limitations. Courtesy Copies of all
9  evidence in support of or in opposition to a motion,
10 including declarations and exhibits to declarations, shall be
11 separated by a tab divider on the bottom of the page. If
12 evidence in support of or in opposition to a motion exceeds
13 twenty-five pages, the Courtesy Copies of the evidence shall
14 be placed in separately bound volumes and include a Table of
15 Contents. If such evidence exceeds fifty pages, the Courtesy
16 Copies of such evidence shall be placed in a slant D-ring
17 binder with each item of evidence separated by a tab divider
18 on the right side. All documents contained in the binder
19 must be three hole punched with the oversized 13/32″ hole
20 size, not the standard 9/32″ hole size. The binder shall
21 include a Table of Contents and the spine of the binder shall
22 be labeled with its contents.

23     **Typeface shall comply with the Local Rules. NOTE: If**
24 **Times Roman is used, the font size must be no less than 14;**
25 **if Courier is used, the font size must be no less than 12.**
26 Footnotes shall be in the same typeface and font size as the
27 text and shall be used sparingly.
28 / / /

1    Documents which do not conform to the Local Rules and
2    this Order will not be considered.

3    **(d) Citations to Case Law:**

4    Citations to case law **must** identify not only the case
5    being cited, but the specific page referenced. In the event
6    it is necessary to cite to Westlaw or Lexis, the Court
7    prefers that counsel cite to Westlaw.  Hyperlinks to case
8    citations must be included.

9    **(e) Citations to Other Sources:**

10   Statutory references should identify, with specificity,
11   which sections and subsections are being referenced (*e.g.*,
12   Jurisdiction over this claim for relief may appropriately be
13   found in 47 U.S.C. § 33, which grants the district courts
14   jurisdiction over all offenses of the Submarine Cable Act,
15   whether the infraction occurred within the territorial waters
16   of the United States or on board a vessel of the United
17   States outside said waters).  Statutory references which do
18   not specifically indicate the appropriate section and
19   subsection (*e.g.*, Plaintiffs allege conduct in violation of
20   the Federal Electronic Communication Privacy Act, 18 U.S.C. §
21   2511, *et seq.*) are to be **avoided.**  Citations to treatises,
22   manuals, and other materials should similarly include the
23   volume and the section referenced.

24   **(f)  Proposed Statement of Decision**

25   Within two days of the deadline for filing the Reply,
26   each party shall lodge a Proposed Statement of Decision,
27   which shall contain a statement of the relevant facts and
28   applicable law with citations to case law and the record.

The Proposed Statement of Decision shall not exceed fifteen pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion.  The Proposed Statement of Decision shall be submitted to the Court in accordance with the Local Rules and shall be e-mailed in WordPerfect or Word format to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing. Failure to lodge the Proposed Statement of Decision will result in the denial or granting of the motion.

**(g) Opposing Papers**

Within the deadline prescribed by the Local Rules, a party opposing a motion shall file: (1) an Opposition; or (2) a Notice of Non-Opposition.  If a party files a Notice of Non-Opposition to a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), that party shall state whether it intends to file an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1).

**Failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.  *See* Local Rules.**

**(h)   Amended Pleadings**

Whenever a plaintiff files an amended pleading, a redlined version of the amended pleading shall be filed and delivered to Chambers indicating all additions and deletions to the prior version of that pleading.

In addition to the requirements of the Local Rules, all motions to amend the pleadings shall: (1) state the effect of / / /

the amendment; and (2) state the page, line number(s), and wording of any proposed change or addition of material.

In the event the Court grants a motion to dismiss without prejudice to filing an amended complaint, the plaintiff shall file an amended complaint within the time period specified by the Court.  If no time period is specified by the Court, the plaintiff shall file an amended complaint within fourteen calendar days of the date of the order granting the plaintiff leave to file an amended complaint.  Failure to file an amended complaint within the time allotted will result in the dismissal of the action with prejudice.

**6.   Ex Parte Applications:**

Ex parte applications are solely for extraordinary relief.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).  Applications that fail to conform with the Local Rules, including a statement of opposing counsel's position, will not be considered.  In addition to electronic service, the moving party shall immediately serve the opposing party by fax or hand service and shall notify the opposing party that any opposition must be filed not later than twenty-four hours after the filing of the ex parte application.  If counsel does not intend to oppose the ex parte application, counsel shall immediately inform the Courtroom Deputy by e-mail and immediately file a Notice of Non-Opposition.  The Court considers ex parte applications on the papers and usually does not set the matters for hearing.  Courtesy Copies of all moving, opposition, or non-opposition papers shall be provided to the

Court in accordance with paragraph 3 of this Order.  The Courtroom Deputy will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

**7.   <u>Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date</u>:**

No application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it.  Any application or stipulation to extend the time to file any required document or to continue any date must set forth the following:

(a)  the existing due date or hearing date, as well as all dates set by the Court, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(b) the new dates proposed by the parties;

(c) specific, concrete reasons supporting good cause for granting the extension; and

(d) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

The application or stipulation must be accompanied by a separate proposed order which must be submitted to the Court in accordance with the Local Rules.  The proposed order shall include the existing due date(s) or hearing date(s) as well as the new proposed date(s).

Failure to comply with the provisions of this section may result in the denial of the application or stipulation.

/ / /

13

8.   **Temporary Restraining Orders and Injunctions:**

(a)  **Documentation Required:**

Parties seeking emergency or provisional relief shall comply with Fed.R.Civ.P.65 and the Local Rules.  An ex parte application for a temporary restraining order must be accompanied by:  (1) a copy of the complaint; (2) a separate memorandum of points and authorities in support of the application; (3) the proposed temporary restraining order and a proposed order to show cause why a preliminary injunction should not issue; and (4) such other documents in support of the application which the party wishes the Court to consider. Courtesy Copies of these documents shall be immediately delivered to Chambers.

(b)  **Notice of Ex Parte Applications:**

Unless relieved by order of the Court for good cause shown, on or before the day counsel files an ex parte application for a temporary restraining order, counsel must personally serve notice and all documents in support of the ex parte application and a copy of the Court's Standing Order on opposing counsel or party.  Counsel shall also notify the opposing party that any opposition must be filed no later than twenty-four hours after the service of the ex parte application.  Counsel shall immediately file a Proof of Service.

If counsel does not intend to oppose the ex parte application, counsel shall immediately inform the Courtroom Deputy by e-mail and immediately file a Notice of Non-Opposition.  The Court considers ex parte applications on the

1   papers and usually does not set the matter for hearing.
2   Courtesy Copies of all moving, opposition, or non-opposition
3   papers shall be provided to the Court in accordance with
4   paragraph 3 of this Order.  The Courtroom Deputy will notify
5   counsel of the Court's ruling or a hearing date and time, if
6   the Court determines a hearing is necessary.

7   **9.   Proposed Protective Orders and Filings Under Seal:**

8        Protective orders pertaining to discovery must be
9   submitted to the assigned Magistrate Judge.  Proposed
10  protective orders should not purport to allow, without
11  further order of Court, the filing under seal of pleadings or
12  documents filed in connection with a hearing or trial before
13  the Court.  The existence of a protective order does not
14  alone justify the filing of pleadings or other documents
15  under seal, in whole or in part.

16       An application to file documents under seal must meet the
17  requirements of the Local Rules and shall be limited to three
18  documents by a party, unless otherwise ordered by the Court.
19  The application to file documents under seal should not be
20  filed under seal.  There is a strong presumption of the
21  public's right of access to judicial proceedings and records
22  in civil cases.  In order to overcome the presumption in
23  favor of access, the movant must demonstrate compelling
24  reasons (as opposed to good cause) for the sealing if the
25  sealing is requested in connection with a dispositive motion
26  or trial, and the relief sought shall be narrowly tailored to
27  serve the specific interest sought to be protected.  *Pintos*
28  / / /

*v. Pacific Creditors Ass'n,* 605 F.3d 665 (9th Cir. 2010), *Kamakana v. City and County of* Honolulu, 447 F.3d 1172 (9th Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

For each document or other type of information sought to be filed under seal, the party seeking protection must articulate compelling reasons supported by specific facts or legal justification that the document or type of information should be protected. The facts supporting the application to file documents under seal must be provided by a declaration. The declaration shall attach an unredacted copy of each document to be filed under seal. The parties are ordered to highlight the portion of the document containing counsel's proposed redactions. Documents that are not confidential or privileged in their entirety will not be filed under seal if the confidential portions can be redacted and filed separately. The declarations in support of the application to file documents under seal shall include an explanation of why redaction is not feasible.

If the parties anticipate requesting the Court to file more than three documents under seal in connection with any motion, they shall identify all such documents that will be required to support and oppose the motion during the Local Rule 7-3 conference. The parties shall then meet and confer in order to determine if the documents satisfy the "compelling need" standard for "sealing" each document. Thereafter, the parties shall file a joint application and lodge a proposed order to file under seal all such documents

with the required showing as to each document.  The joint
application shall be filed promptly so that the Court may
rule on the application before the filing date for the
motion.  The parties shall not file any pleadings containing
documents they have requested the Court to file under seal
until the Court acts on the application to file under seal.

If a party wishes to file a document that has been
designated confidential by another party, the submitting
party must give any designating party five calendar days
notice of intent to file.  If the designating party objects,
it should notify the submitting party and file an application
to file documents under seal within two court days.

If an application to file documents under seal is denied
in part or in full, the lodged documents will not be filed.
The Courtroom Deputy will notify the submitting party, and
hold the lodged documents for three court days to allow the
submitting party to retrieve the documents.  If the documents
are not retrieved, the Courtroom Deputy will dispose of the
documents.

If the Court grants an application to file documents
under seal, the parties shall file within two days of the
Court's Order a complete version of the documents under seal
and a redacted version for public viewing (omitting only such
portions as the Court has ordered to be filed under seal).
The Court's Courtesy Copies of all documents filed under seal
shall include a complete version of the documents with a
notation identifying that the document has been filed under
seal and shall be highlighted to show the portion of the

document that has been redacted. Should counsel fail to file the under seal version and redacted version of the documents, the Court will strike any motion that relies on or relates to those documents and/or file those documents in the public record.

**10.  Cases Removed From State Court:**

All documents filed in state court, including documents attached to the Complaint, Answer(s), and Motion(s), must be re-filed in this Court as a separate supplement to the Notice of Removal.  The supplement must be in a separately bound volume and shall include a Table of Contents.  If the defendant has not yet answered or moved, the Answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District.  If before the case was removed a motion was pending in state court, it must be re-noticed in accordance with the Local Rules.

**11.  Actions Transferred From Another District**

Counsel shall file, within ten days of transfer, a Joint Report summarizing the status of the action which shall include a description of all motions filed in the action and the transferor court's ruling on the motions.  In addition, counsel shall deliver (but not file) one courtesy copy to Chambers of each document on the docket of the transferor court.  On the first page of each courtesy copy, in the space between lines 1 - 7, to the right of the center, counsel shall include the date the document was filed and the document number.  The courtesy copies shall be placed in a

slant D-ring binder in chronological order with each document
separated by a tab divider on the right side.  All documents
contained in the binder must be three hole punched with the
oversized 13/32" hole size, not the standard 9/32" hole size.
The binder shall include a Table of Contents and the spine of
each binder shall be labeled with its contents.  The courtesy
copies shall be delivered to Chambers within ten days of the
transfer.

**12.  <u>Status of Fictitiously Named Defendants</u>:**

This Court adheres to the following procedures when a
matter is removed to this Court on diversity grounds with
fictitiously named defendants referred to in the Complaint:

(a) Plaintiff shall ascertain the identity of and serve
any fictitiously named defendants within 90 days of the date
that the Complaint was filed in State Court.

(b) If plaintiff believes (by reason of the necessity for
discovery or otherwise) that fictitiously named defendants
cannot be fully identified within the 90-day period, an ex
parte application requesting permission to extend the period
to effectuate service may be filed with the Court.  Such
application shall state the reasons therefore, and will be
granted only upon a showing of good cause.  The ex parte
application shall be served upon all appearing parties, and
shall state that appearing parties may respond within seven
calendar days of the filing of the ex parte application.

(c) If plaintiff desires to substitute a named defendant
for one of the fictitiously named defendants, plaintiff shall
first seek the consent of counsel for all defendants (and

counsel for the fictitiously named party, if that party has
separate counsel). If consent is withheld or denied,
plaintiff shall file an ex parte application requesting such
amendment, with notice to all appearing parties.  Each party
shall have seven calendar days to respond.  The ex parte
application and any response should comment not only on the
substitution of the named party for a fictitiously named
defendant, but on the question of whether the matter should
thereafter be remanded to the Superior Court if diversity of
citizenship is destroyed by the addition of the new
substituted party.

**13.  <u>Bankruptcy Appeals</u>:**

Counsel shall comply with the Notice Regarding Appeal
From Bankruptcy Court issued at the time the appeal is filed
in the District Court.  Counsel are ordered to notify the
Court in a joint report if the Certificate of Readiness has
not been prepared by the Clerk of the Bankruptcy Court and
submitted to the Clerk of the District Court within 90 days
of the date of this Order.

The matter is considered submitted upon the filing of the
final brief.  No oral argument is held unless ordered by the
Court.

**14.  <u>Communications with Chambers</u>:**

Counsel shall not attempt to contact the Court or its
Chambers staff by telephone or by any other ex parte means,
although counsel may contact the Courtroom Deputy at
shannon_reilly@cacd.uscourts.gov with appropriate inquiries.
To facilitate communication with the Courtroom Deputy,

1  counsel should list their facsimile transmission numbers and
2  e-mail address along with their telephone numbers on all
3  papers.

4  **15.  Notice of This Order:**

5        Counsel for plaintiff shall immediately serve this Order
6  on all parties, including any new parties to the action.  If
7  this case came to the Court by noticed removal, defendant
8  shall serve this Order on all other parties.

9        **Caveat:  If counsel fail to cooperate in the preparation**
10 **of the required Joint Rule 26 Report or fail to file the**
11 **required Joint Rule 26 Report, or if counsel fail to appear**
12 **at the Scheduling Conference, the Pre-Trial Conference and/or**
13 **any other proceeding scheduled by the Court, and such failure**
14 **is not otherwise satisfactorily explained to the Court: (a)**
15 **the cause shall stand dismissed for failure to prosecute, if**
16 **such failure occurs on the part of the plaintiff; (b) default**
17 **judgment shall be entered if such failure occurs on the part**
18 **of the defendant; or (c) the Court may take such action as it**
19 **deems appropriate.**

20
21        IT IS SO ORDERED.
22
23 DATED:     January 17, 2020     _____
24                                      JOHN F. WALTER
                                    UNITED STATES DISTRICT JUDGE
25
26
27
28

Rev. 1-6-2020

21