| | |
|---|---|
| 1 | NICOLAS A. JAMPOL (State Bar No. 244867) |
| | nicolasjampol@dwt.com |
| 2 | DIANA PALACIOS (State Bar No. 290923) |
| | dianapalacios@dwt.com |
| 3 | CYDNEY SWOFFORD FREEMAN (State Bar No. 315766) |
| | cydneyfreeman@dwt.com |
| 4 | CAMILA PEDRAZA (State Bar No. 329984) |
| | camilapedraza@dwt.com |
| 5 | DAVIS WRIGHT TREMAINE LLP |
| | 865 South Figueroa Street, 24th Floor |
| 6 | Los Angeles, California 90017-2566 |
| | Telephone: (213) 633-6800 |
| 7 | Fax: (213) 633-6899 |

Attorneys for Defendants
BLINDING EDGE PICTURES, INC.; UNCLE GEORGE PRODUCTIONS, LLC; APPLE INC.; ESCAPE ARTISTS, INC. (erroneously sued as ESCAPE ARTISTS LLC); DOLPHIN BLACK PRODUCTIONS; M. NIGHT SHYAMALAN; TONY BASGALLOP; ASHWIN RAJAN; JASON BLUMENTHAL; TODD BLACK; STEVE TISCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-JFW-JC |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT AND REQUEST FOR JUDICIAL NOTICE** |
| vs. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

1

# ORDER

Defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively "Defendants") filed a motion to dismiss plaintiff Francesca Gregorini's ("Plaintiff") complaint. Having reviewed and considered the motion and all other papers and argument, the motion is **GRANTED**.

The Court finds that Plaintiff's copyright claims fail because there is no substantial similarity of protected expression between the works at issue. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Plaintiff's second cause of action for contributory and vicarious copyright infringement necessarily fails because her claim for direct infringement fails. *See Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014). Plaintiff cannot cure the defects in her complaint by amending. Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

After considering Defendants' request for judicial notice, filed with their motion to dismiss, and good cause appearing therefor, their request is **GRANTED**. The Court takes judicial notice of the following: (1) the first season of Defendants' series *Servant* (Episodes 1-10) and the *Servant* trailer; (2) the fact that using a doll to cope with grief is a widely known therapeutic technique in real life; and (3) the following generic premises common to expressive works: (a) a character treating a doll as their child; and (b) hiring a nanny or a babysitter.

**IT IS SO ORDERED.**

Dated: _____         By:_____
                                  Honorable John F. Walter
                                  United States District Judge