NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
CAMILA PEDRAZA (State Bar No. 329984)
  camilapedraza@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
BLINDING EDGE PICTURES, INC.; UNCLE
GEORGE PRODUCTIONS, LLC; APPLE INC.;
ESCAPE ARTISTS, INC. (erroneously sued as
ESCAPE ARTISTS LLC); DOLPHIN BLACK
PRODUCTIONS; M. NIGHT SHYAMALAN;
TONY BASGALLOP; ASHWIN RAJAN;
JASON BLUMENTHAL; TODD BLACK;
STEVE TISCH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-JFW-JC |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND REQUEST FOR JUDICIAL NOTICE** |
| vs. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

## ORDER

Defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively "Defendants") filed a motion to dismiss plaintiff Francesca Gregorini's ("Plaintiff") first amended complaint.  Having reviewed and considered the motion and all other papers and argument, the motion is **GRANTED.**

The Court finds that Plaintiff's first cause of action for copyright infringement as to Defendants' television series *Servant* fails because there is no substantial similarity of protected expression between the series and Plaintiff's film *The Truth About Emanuel.  See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).  Plaintiff's second and third causes of action for copyright infringement as to two iterations of scripts for *Servant* fail for the same reason (*i.e.*, a lack of substantial similarity of protected expression) and, in addition, are improperly based on "information and belief."  *See Tarantino v. Gawker Media*, 2014 WL 2434647, at *4 (C.D. Cal. Apr. 22, 2014).  Plaintiff's fourth cause of action for contributory and vicarious copyright infringement necessarily fails because her claims for direct infringement fail.  *See Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014).  Plaintiff cannot cure the defects in her complaint by amending.  Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

After considering Defendants' request for judicial notice, filed with their motion to dismiss, and good cause appearing therefor, their request is **GRANTED**. The Court takes judicial notice of the following: (1) the first season of Defendants' series *Servant* (Episodes 1-10) and the *Servant* trailer; (2) the fact that using a doll to cope with grief is a widely known therapeutic technique in real life; and (3) the

[PROPOSED] ORDER
4823-4488-3895v.1 0113237-000003

following generic premises common to expressive works: (a) a character treating a doll as their child; and (b) hiring a nanny or a babysitter.

**IT IS SO ORDERED.**

Dated: _____          By:_____
                                       Honorable John F. Walter
                                       United States District Judge

[PROPOSED] ORDER
4823-4488-3895v.1 0113237-000003