NICOLAS A. JAMPOL (State Bar No. 244867)
 nicolasjampol@dwt.com
DIANA PALACIOS (State Bar No. 290923)
 dianapalacios@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
 cydneyfreeman@dwt.com
CAMILA PEDRAZA (State Bar No. 329984)
 camilapedraza@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800; Fax:  (213) 633-6899

Attorneys for Defendants

DAVID ALDEN ERIKSON (State Bar No. 189838)
 david@daviderikson.com
ANTOINETTE WALLER (State Bar No. 152895)
 antoinette@daviderikson.com
S. RYAN PATTERSON (State Bar No. 279474)
 ryan@daviderikson.com
ERIKSON LAW GROUP
200 North Larchmont Boulevard
Los Angeles, California 90004
Tel.: 323.465.3100; Fax: 323.465.3177

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FRANCESCA GREGORINI,

Plaintiff,

vs.

APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,

Defendants.

Case No. 2:20-cv-00406-JFW-JC

**JOINT RULE 26(f) REPORT**

DATE:  April 6, 2020
TIME:  1:15 p.m.
PLACE:  350 W. 1st Street, Courtroom 7A
       Los Angeles, California 90012

JOINT RULE 26(f) REPORT
4833-5200-4023v.4 0113237-000003
1
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, and in accordance with the February 20, 2020 Order (Dkt. 23), plaintiff Francesca Gregorini ("Plaintiff") and defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") submit the following report:

## 1.    Jurisdiction

The parties agree that because Plaintiff's causes of action arise under the Copyright Act of 1976, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).  Defendants do not dispute personal jurisdiction or venue.

## 2.    Chronology of Facts and Factual Issues in Dispute

**Plaintiff's position**: Plaintiff contends she is the writer, director, producer, and copyright owner of the film *The Truth About Emanuel* ("*Emanuel*"), which premiered at the 2013 Sundance Film Festival and has been available for purchase or rental on streaming platforms since 2014.  Plaintiff alleges that Episodes one through three, of Season 1, of Defendants' television series *Servant* infringes her copyright in *Emanuel*. Plaintiff has demanded Defendants cease the alleged infringing activity.  Plaintiff contends Defendants' infringement was knowing and willful as evidenced, in part, by Defendants' extensive copying of Plaintiff's work and Defendants' continued infringement after being notified of Plaintiff's claims and cease and desist demand.

**Defendants' position**: Defendants contend that *Servant* was created independently of, and without reference to, *Emanuel*.  They contend that none of the Defendants saw or heard of *Emanuel* before this lawsuit, and that *Emanuel* was not widely disseminated at any point.  Mr. Basgallop began developing what would become *Servant* in 2006, well before *Emanuel* was released.  Lastly, Defendants

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

contend that *Emanuel* and *Servant* (or any scripts for *Servant*) are not substantially similar as a matter of law.

The factual issues before this Court include (i) whether Defendants had access to *Emanuel*; (ii) whether Defendants independently created *Servant*; (iii) any issues of fact that the Court finds are necessary to assess substantial similarity; and (iv) whether and to what extent Plaintiff is entitled to damages or other relief.

### 3.     Statements of Disputed Points of Law

To state a copyright infringement claim, Plaintiff must demonstrate that (1) Defendants had access to *Emanuel*, and (2) the allegedly infringing works are substantially similar to *Emanuel. Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

**Plaintiff's position**: Plaintiff alleges that the first three episodes of *Servant*, and certain scripts for those episodes, are a wholesale copy and unauthorized television adaptation of *Emanuel* and infringe Plaintiff's copyright in *Emanuel*. As demonstrated by the long list of key parallels catalogued in paragraphs 63-82 of the amended complaint (docket 25), the misappropriation is not merely a borrowed premise or idea. Defendants have gone so far as to appropriate not just the plot and characters of *Emanuel*—but also its use of cinematic language, creating a substantially similar feeling, setting, mood, and theme.

**Defendants' position**: Defendants contend that Plaintiff's first, second, and third causes of action for copyright infringement fail because Defendants did not have access to *Emanuel* and because neither *Servant* nor any of the preliminary drafts of *Servant* are substantially similar to *Emanuel. See Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1052-1058 (C.D. Cal. 2010) (rejecting plaintiff's tangential access argument and holding works at issue were not substantially similar). Moreover, even if Plaintiff could establish access and substantial similarity, Defendants contend that her claims will still fail because *Servant* was independently created, which is an absolute defense to Plaintiff's

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

claims.  *See Skidmore v. Led Zeppelin*, 2020 WL 1128808, at * (9th Cir. Mar. 9, 2020) ("independent creation is a complete defense to copyright infringement"). Defendants also contend that Plaintiff's cause of action for contributory and vicarious infringement fails because her claims for direct infringement fail.  *See Fox Boad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.").

The legal issues before this Court include (i) whether Defendants had access to *Emanuel*; (ii) whether *Emanuel* and *Servant* are substantially similar; (iii) whether *Emanuel* and the disputed preliminary drafts of *Servant* are substantially similar; (iv) whether Defendants independently created *Servant*; (v) whether, assuming Plaintiff establishes liability against any Defendants, any other Defendants are vicariously or contributorily responsible for such infringement; and (vi) whether and to what extent Plaintiff is entitled to damages or other relief.

### 4.    Prior, Pending, and Anticipated Motions

On February 18, 2020, Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 20.  On March 2, 2020, Plaintiff filed a notice of non-opposition, notifying the Court that she would file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  Dkt. 24.  On March 10, Plaintiff filed the first amended complaint (the "FAC").  Dkt. 25.  On March 24, 2020, Defendants filed a motion to dismiss the FAC and a request for judicial notice in support of the motion.  *See* Dkt. 30. Plaintiff will oppose the motion and request for judicial notice.

**Defendants' position**: Defendants may file a motion to stay discovery and/or a motion to bifurcate discovery and/or trial into separate liability and damages phases.  Defendants also intend to file a motion for summary judgment if their motion to dismiss is not granted, or is partially granted.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Plaintiff's position**: Plaintiff will oppose any motion to stay discovery or bifurcate liability and damages.  Plaintiff anticipates filing a motion for summary judgment following completion of discovery (based in part on expert analysis that the works are objectively similar).

### 5.   Amendments to Pleadings

The parties reserve the right to add parties, claims, and/or defenses based on information obtained during discovery, and propose a deadline of August 31, 2020 to amend their pleadings.

### 6.   Disclosures

The parties agreed to serve initial disclosures by April 8, 2020.

### 7.   Discovery

The parties anticipate propounding written discovery and taking depositions. The parties recognize and agree that such depositions may need to take place remotely.  The parties also anticipate issuing subpoenas.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(e), the parties agree to accept service of all documents by email.  For service on Defendants, documents shall be emailed to all of the following email addresses: nicolasjampol@dwt.com, dianapalacios@dwt.com, cydneyfreeman@dwt.com, and camilapedraza@dwt.com. For service on Plaintiff, documents shall be emailed to all of the following email addresses: david@daviderikson.com, antoinette@daviderikson.com, ryan@daviderikson.com, and melanie@daviderikson.com.

The parties also anticipate entering into an appropriate stipulated protective order.  The parties set forth the following discovery plan pursuant to Federal Rule of Civil Procedure 26(f):

**Rule 26(f)(3)(A):**  The parties do not propose any changes to the form or requirements for disclosures under Rule 26(a).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Rule 26(f)(3)(B):**

**Plaintiff's position**: Plaintiff seeks discovery on all subjects alleged in the pleadings including without limitation as to the writing, development, production, distribution, and copyright registration of *Servant*, the inspiration for *Servant*, and the background and process for Defendants' creation, development, and distribution of the work. Plaintiff also seeks discovery as to Defendants' knowledge of Plaintiff's film and Defendants' access to and use of *Emanuel*. Plaintiff will additionally seek discovery as to any affirmative defenses raised by Defendants, Defendants' infringing activity, Defendants' participation with other parties in the infringing activity, and resulting damages including Defendants' profits from the infringing activity. Plaintiff anticipates taking the depositions of Defendants and may also depose third parties identified in discovery.

**Defendants' position**: Defendants will seek discovery as to the writing, development, production, distribution, and copyright registration of *Emanuel*. Defendants will seek discovery as to the revenues, expenses, profits for *Emanuel* and any alleged damages suffered by Plaintiff. Defendants will also seek discovery from Plaintiff regarding Defendants, *Servant*, and *Berlin Station*, including communications with Defendants and communications with third parties about these topics. Defendants will also seek documents from Plaintiff's partners, agent, and other representatives, along with writers, producers, financiers, and others who worked on or were involved with *Emanuel*. Defendants will also depose Plaintiff along with Plaintiff's representatives and others who worked on or were involved with *Emanuel*. Defendants may seek additional discovery from third-party witnesses depending on information received through discovery. These anticipated topics and deponents are not complete at this time, and Defendants expressly reserve the right to add or modify anticipated deponents and topics identified above.

**Rule 26(f)(3)(C):** At this time, the parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

information ("ESI").  They agree to address such issues in the event they arise via meet and confer.

The parties agree that discoverable ESI be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, subject to any exceptions mutually agreed upon by the parties.  ESI may be produced on CD-ROM or via an electronic service, such as dropbox.com or FTP.

**Rule 26(f)(3)(D):**  The parties intend to submit a stipulated protective order pursuant to Rule 26(c) governing the disclosure and use of confidential information in the case.  There are presently no other anticipated issues relating to claims of privilege or other protection as to trial-preparation material.

**Rule 26(f)(3)(E):**  The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District Local Rules.

**Rule 26(f)(3)(F):**  Except as otherwise stated above, the parties do not request any other orders that should be entered by the Court under Rule 16(b) or (c).

## 8.    Related Cases

The parties are not aware of any related cases or proceedings.

## 9.    Relief Sought

**Plaintiff's position**: Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

**Defendants' position**: Defendants deny that Plaintiff is entitled to any damages in this action.  Even if liability is established, Plaintiff would not be entitled to recover statutory damages or attorneys' fees.  She could only potentially recover actual damages and profits, which are limited to those profits that are "attributable to the infringement."  17 U.S.C. § 504(b).  There are no direct profits relating to *Servant* and Plaintiff cannot prove entitlement to any indirect profits because such damages would be speculative.  *See Mackie v. Rieser*, 296 F.3d 909,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

915-916 (9th Cir. 2002). *Servant* is not available for purchase separate and apart from the numerous other television shows and films available on the Apple TV+ service, which is offered as a monthly subscription without advertising. Any damages will be further limited by the fact that Plaintiff contends that only three of *Servant*'s ten episodes in its first season are infringing.

**10. Certification of Interested Parties**

The parties have filed their Certificate of Interested Parties. Dkt. 3, 21. The parties restate the contents of their respective certifications below:

**a. Plaintiff**

Francesca Gregorini – Plaintiff

Apple Inc. – Defendant

M. Night Shyamalan – Defendant

Blinding Edge Pictures, Inc. – Defendant

Uncle George Productions – Defendant

Escape Artists LLC – Defendant

Dolphin Black Productions – Defendant

Tony Basgallop – Defendant

Ashwin Rajan – Defendant

Jason Blumenthal – Defendant

Todd Black – Defendant

Steve Tisch  – Defendant

Does 1-10, Inclusive – Defendant

**b. Defendants**

Francesca Gregorini – Plaintiff

Uncle George Productions, LLC – Defendant

Blinding Edge Pictures, Inc. – Defendant and part owner of Uncle George
  Productions, LLC

947 Providence Road LLC – Part owner of Uncle George Productions, LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Apple Inc. – Defendant

Escape Artists, Inc. – Defendant

Dolphin Black Productions – Defendant

M. Night Shyamalan – Defendant

Tony Basgallop – Defendant

Ashwin Rajan – Defendant

Jason Blumenthal – Defendant

Todd Black – Defendant

Steve Tisch – Defendant

Hiscox USA – Insurer

**11.    Scheduling – Proposed Dates**

Non-Expert Discovery Cut-Off – November 13, 2020

Last day to file dispositive motions – December 18, 2020

Initial Expert Disclosures – February 19, 2021

Expert Rebuttal Disclosure – March 26, 2021

Expert Discovery Cut-Off – April 23, 2021

Final pretrial conference – May 17, 2021

Trial Date – June 7, 2021

**12.    Trial**

Plaintiff requests a jury trial.  Defendants do not request a jury.  Trial is estimated to take 6-8 days.

**13.    Settlement discussions and ADR**

No meaningful settlement discussions have occurred.  The parties agree to ADR Procedure No. 3 (private mediation) under Local Rule 16-15.4.

**14.    Complex Case**

This matter is not complex.

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**15.    Anticipated Dispositive Motions**

Defendants' pending motion to dismiss Plaintiff's first amended complaint constitutes a dispositive motion. Plaintiff and Defendants anticipate filing motions for summary judgment and/or partial summary judgment.

**16.    Unusual legal issues**

There are no unusual legal issues in this matter.

**17.    Bifurcation**

Defendants propose bifurcating the issue of liability from the issue of damages for purposes of discovery and trial. Plaintiff opposes any such bifurcation.

**18.    ECF Users and E-Mail Addresses of Record**

Lead trial counsel for the parties are registered as "ECF Users." Their email addresses of record are below:

David Alden Erikson – david@daviderikson.com

Nicolas A. Jampol – nicolasjampol@dwt.com


DATED: March 27, 2020          DAVIS WRIGHT TREMAINE LLP

                               By:   /s/Nicolas A. Jampol
                                     Nicolas A. Jampol

                               Attorneys for Defendants


DATED: March 27, 2020          ERIKSON LAW GROUP

                               By:  /s/ David A. Erikson
                                    David A. Erikson

                               Attorneys for Plaintiff

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**FILER'S ATTESTATION**

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to David A. Erikson and Antoinette Waller, counsel for plaintiff Francesca Gregorini, and I have obtained their authorization to affix the below electronic signature to this document.

DATED: March 27, 2020          DAVIS WRIGHT TREMAINE LLP

By: /s/ Nicolas A. Jampol
    Nicolas A. Jampol

Attorneys for Defendants

JOINT RULE 26(f) REPORT
4833-5200-4023v.4 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899