1  NICOLAS A. JAMPOL (State Bar No. 244867)
       nicolasjampol@dwt.com
2  DIANA PALACIOS (State Bar No. 290923)
       dianapalacios@dwt.com
3  CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
       cydneyfreeman@dwt.com
4  CAMILA PEDRAZA (State Bar No. 329984)
       camilapedraza@dwt.com
5  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
6  Los Angeles, California 90017-2566
   Telephone:  (213) 633-6800
7  Fax:  (213) 633-6899

8  Attorneys for Defendants
   BLINDING EDGE PICTURES, INC.; UNCLE
9  GEORGE PRODUCTIONS, LLC; APPLE INC.;
   ESCAPE ARTISTS, INC. (erroneously sued as
10 ESCAPE ARTISTS LLC); DOLPHIN BLACK
   PRODUCTIONS; M. NIGHT SHYAMALAN;
11 TONY BASGALLOP; ASHWIN RAJAN;
   JASON BLUMENTHAL; TODD BLACK;
12 STEVE TISCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-JFW-JC |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE** |
| vs. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | Date: April 27, 2020<br>Time: 1:30 p.m.<br>Dept.: 7A |
| Defendants. | |

1  Defendants respectfully submit this response to Plaintiff's objection to
2  Defendants' request for judicial notice (Dkt. 34-1, "Pla. Obj.").

3  *First*, Defendants request that the Court take judicial notice of the works at
4  issue in this copyright-infringement action: *Servant* and Plaintiff's film *Emanuel*.
5  *See* Dkt. 30-1 ("RJN") at 1-3. Though Plaintiff purports to limit her claims solely
6  to *Servant*'s first three episodes, her FAC references multiple plot points from
7  *Servant*'s later episodes as purportedly similar elements between the works. For
8  example, Paragraph 78 alleges that "the nanny in *Servant* is **revealed** to have
9  targeted the mother." FAC ¶ 78 (emphasis added). This reveal happens in the
10 season finale (Episode 10), and is not even hinted at until the end of Episode 4.
11 Ex. 10 at 12:20; Ex. 4 at 30:50. In the opposition, Plaintiff *yet again* highlights and
12 relies on her allegation that Leanne is revealed to have "targeted" Dorothy. *See*
13 Opp. at 11 ("The nanny seemingly appears by happenstance—but in truth she has
14 targeted the mother") & 20 ("Plaintiff also alleges that in both works, the apparent
15 happenstance is belied by the nanny's targeting of the mother."). Plaintiff cannot
16 have it both ways. Because Plaintiff relies on *Servant*'s entire first season,
17 Defendants may do the same; judicial notice of all ten episodes is appropriate.

18 *Second*, Defendants have also requested that this Court take judicial notice
19 that using a doll to cope with grief is a widely known therapeutic technique in real
20 life (RJN at 3-6) and that the premises of (1) a character treating a doll as their child
21 and (2) hiring a nanny or a babysitter are common to expressive works (*id.* at 7-10).
22 While Plaintiff disputes these requests (Pla. Obj. at 7-10), she also concedes that the
23 concepts of "a mother so traumatized by her baby's death that she cares for a doll
24 she believes to be her real baby" (FAC ¶ 72 n.11) and "a privileged mother hiring a
25 nanny to care for the doll she believes to be her deceased baby" (Opp. at 1) are
26 unprotectable. Accordingly, it is appropriate for the Court to filter out these
27 unprotectable premises regardless of whether it grants Defendants' request for
28 judicial notice.

1
DEFENDANTS REPLY ISO REQUEST FOR JUDICIAL NOTICE
4835-9524-8825v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Third*, Defendants also requested judicial notice of the trailer for *Servant*, which is available at https://www.youtube.com/watch?v=N1cOR0sRRIw. Plaintiff specifically alleges how Apple is marketing *Servant* (FAC ¶ 1), but attempts to minimize this allegation by calling it "background" (Pla. Obj. at 6). Once again, Plaintiff is attempting to have it both ways. She cannot make allegations about marketing for *Servant*, and then prevent Defendants from addressing those allegations by calling them "background." This is especially true here, where Plaintiff contends that the doll in *Servant* is "dramatically revealed" during the series (Opp. at 11), but does not want the Court to consider the trailer, which shows Plaintiff's contention is false—the doll was not some dramatic reveal as in *Emanuel*; the *Servant* audience knows it from the start because the existence of the doll was "revealed" in the trailer for *Servant* and other marketing.

DATED: April 13, 2020

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
DIANA PALACIOS
CYDNEY SWOFFORD FREEMAN
CAMILA PEDRAZA

By:  /s/ Nicolas A. Jampol
         Nicolas A. Jampol

Attorneys for Defendants

2
DEFENDANTS REPLY ISO REQUEST FOR JUDICIAL NOTICE
4835-9524-8825v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899