1 | NICOLAS A. JAMPOL (State Bar No. 244867)
     nicolasjampol@dwt.com
2 | DIANA PALACIOS (State Bar No. 290923)
     dianapalacios@dwt.com
3 | CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
     cydneyfreeman@dwt.com
4 | CAMILA PEDRAZA (State Bar No. 329984)
     camilapedraza@dwt.com
5 | DAVIS WRIGHT TREMAINE LLP
   | 865 South Figueroa Street, 24th Floor
6 | Los Angeles, California 90017-2566
   | Telephone:  (213) 633-6800
7 | Fax:  (213) 633-6899

8 | Attorneys for Defendants
   | BLINDING EDGE PICTURES, INC.; UNCLE
9 | GEORGE PRODUCTIONS, LLC; APPLE INC.;
   | ESCAPE ARTISTS, INC. (erroneously sued as
10 | ESCAPE ARTISTS LLC); DOLPHIN BLACK
    | PRODUCTIONS; M. NIGHT SHYAMALAN;
11 | TONY BASGALLOP; ASHWIN RAJAN;
    | JASON BLUMENTHAL; TODD BLACK;
12 | STEVE TISCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-JFW-JC |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES** |
| vs. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | **[17 U.S.C. § 505]**<br><br>Date:     July 27, 2020<br>Time:    1:30 p.m.<br>Dept.:    7A |
| Defendants. | |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 27, 2020, at 1:30 p.m. or as soon as may be heard in Courtroom 7A of the United States District Court for the Central District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") will and hereby do move this Court for an order awarding them $162,467.30 in attorneys' fees in connection with their successful motion to dismiss the copyright claims asserted by plaintiff Francesca Gregorini ("Plaintiff").

This motion is made pursuant to [17 U.S.C. § 505](#), which provides that the Court may award reasonable attorneys' fees to a prevailing copyright defendant. All of the factors courts consider in evaluating copyright fee awards support Defendants' request: (a) Defendants prevailed completely on the copyright claims; (b) Plaintiff's copyright claims were objectively unreasonable; (c) certain of Plaintiff's litigation decisions were not made for legitimate purposes under copyright law; and (d) a fee award would further the Copyright Act's goals and deter meritless litigation. Moreover, the amount of Defendants' fee request is reasonable, both in terms of defense counsel's rates and the hours expended.

This motion is based on the notice of motion, the memorandum of points and authorities, the request for judicial notice, the declaration of Cydney Swofford Freeman with exhibit, and all other matters of which this Court may take judicial notice, the pleadings, files and records in this action, and on any argument heard by this Court.

1
DEFENDANTS' MOTION FOR ATTORNEYS FEES
4818-2697-8496v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  This motion is made following the conference of counsel pursuant to L.R. 7-3
2  which took place on June 16, 2020.  *See* Dkt. 43.
3
4  DATED: June 23, 2020            D<span>AVIS</span> W<span>RIGHT</span> T<span>REMAINE</span> LLP
                                   NICOLAS A. JAMPOL
5                                  DIANA PALACIOS
                                   CYDNEY SWOFFORD FREEMAN
6                                  CAMILA PEDRAZA
7                                  By:   /s/ Nicolas A. Jampol
                                            Nicolas A. Jampol
8
                                   Attorneys for Defendants
9

2
DEFENDANTS' MOTION FOR ATTORNEYS FEES
4818-2697-8496v.1 0113237-000003

D<span>AVIS</span> W<span>RIGHT</span> T<span>REMAINE</span> LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | PROCEDURAL BACKGROUND | | 2 |
| III. | DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES UNDER THE COPYRIGHT ACT | | 3 |
| | A. | Defendants Achieved Complete Success in This Litigation | 4 |
| | B. | Plaintiff's Claims Were Objectively Unreasonable | 5 |
| | C. | Certain of Plaintiff's Litigation Decisions Lacked a Proper Motive | 6 |
| | D. | A Fee Award is Appropriate to Advance the Copyright Act's Goals of Compensation and Deterring Meritless Litigation | 7 |
| IV. | DEFENDANTS' REQUESTED FEES ARE REASONABLE | | 8 |
| | A. | Defendants' Counsel's Billing Rates Are Reasonable | 8 |
| | B. | The Hours Expended By Defendants' Counsel Are Reasonable. | 10 |
| V. | CONCLUSION | | 12 |

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*Baker v. Urban Outfitters*,
   431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006) .................................................................. 7

*Bridgeport Music v. WB Music*,
   520 F.3d 588 (6th Cir. 2008) ....................................................................................... 6

*City of Inglewood v. Teixeira*,
   2015 WL 6146269 (C.D. Cal. Oct. 8, 2015) .................................................... 9, 10, 12

*DuckHole v. NBCUniversal Media*,
   2013 WL 5797204 (C.D. Cal. Oct. 25, 2013) ........................................................ 4, 5

*Elser v. I.A.M. Nat'l Pension Fund*,
   579 F. Supp. 1375 (C.D. Cal. 1984) ............................................................................ 9

*Fantasy v. Fogerty*,
   94 F.3d 553 (9th Cir. 1996) ..................................................................................... 5, 6

*Fogerty v. Fantasy*,
   510 U.S. 517 (1994) ................................................................................................ 4, 7

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ................................................................................................... 11

*Inhale v. Starbuzz Tobacco*,
   755 F.3d 1038 (9th Cir. 2014) ..................................................................................... 4

*Intel Corp. v. Terabyte Int'l*,
   6 F.3d 614 (9th Cir. 1993) ........................................................................................... 8

*Kirtsaeng v. John Wiley & Sons*,
   136 S. Ct. 1979 (2016) ............................................................................................. 4, 5

*Kouf v. Walt Disney Pictures & Television*,
   16 F.3d 1042 (9th Cir. 1994) ................................................................................... 5, 8

*Lawrence v. Sony Pictures Entm't*,
   2011 WL 13217267 (C.D. Cal. Oct. 5, 2011) ........................................................ 7, 9

ii
DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Love v. Mail on Sunday*,
    2007 WL 2709975 (C.D. Cal. Sept. 7, 2007) ...................................................................... 10

*Maljack Prods. v. GoodTimes Home Video*,
    81 F.3d 881 (9th Cir. 1996) ...................................................................................................... 4

*Moore v. Jas. H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) .................................................................................................... 9

*PCLM Grp. v. Drexler*,
    22 Cal. 4th 1084 (2000) ......................................................................................................... 11

*Serrano v. Unruh*,
    32 Cal. 3d 621 (1982) ............................................................................................................ 10

*Shame on You Prods. v. Banks*,
    2016 WL 5929245 (C.D. Cal. Aug. 15, 2016) ............................................................... 5, 7, 12

*Sorenson v. Mink*,
    239 F.3d 1140 (9th Cir. 2001) .................................................................................................. 8

*Uckardesler v. Azteca Int'l Corp.*,
    2010 WL 11520019 (C.D. Cal. July 6, 2010) .......................................................................... 7

*Wild v. NBC Universal*,
    2011 WL 12877031 (C.D. Cal. July 18, 2011) ...................................................................... 12

*Williams v. Crichton*,
    891 F. Supp. 120 (S.D.N.Y. 1994) ........................................................................................... 5

**Statutes**

17 U.S.C. § 505 ........................................................................................................................3, 5, 8

**Rules**

Rule 12(b)(6) ................................................................................................................................. 12

iii

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

By this lawsuit, plaintiff Francesca Gregorini sought to claim ownership over concepts that she expressly acknowledged were unprotectable and to prevent others from creating works that shared even the most commonplace elements with her film *The Truth About Emanuel* ("*Emanuel*").  In pursuit of this goal, Plaintiff cherry-picked random similarities between *Emanuel* and Defendants' television series *Servant*, including generic elements that have been featured in countless other works.  Plaintiff also sued several individual defendants who did not have any creative involvement with *Servant*, and instead of amending her complaint following the parties' extensive meet and confer, she waited until Defendants' actually filed a motion to dismiss, and then made slight amendments to her complaint and asserted two new claims based solely "on information and belief" against purported versions of *Servant* scripts.  First Amended Complaint ("FAC") ¶¶ 93-104.

Plaintiff's lawsuit failed in its entirety on the merits.  As this Court explained when dismissing Plaintiff's claims with prejudice, *Emanuel* and *Servant* "tell completely different stories," and the alleged similarities "pale in comparison to the differences" between the works.  *See* Dkt. 39 ("Order") at 6, 14.  Defendants now seek to recover a portion of the attorneys' fees they incurred in connection with Plaintiff's claims.  In this case, all of the factors relevant to whether a prevailing copyright defendant should recover fees support an award to Defendants:

**First**, Defendants achieved a complete victory; they prevailed fully on their motion to dismiss Plaintiff's claims with prejudice.  *See* Section III.A.

**Second**, Plaintiff's claims were objectively unreasonable.  A simple review of the works at issue makes clear that they are not substantially, or even remotely, similar in their protected elements.  *See* Order at 6.  *See* Section III.B.

1

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Third**, certain of Plaintiff's litigation decisions demonstrate improper motivations, including asserting claims against several individuals who did not have any hand in *Servant*'s creative process and adding baseless claims relating to various versions of *Servant* scripts which were based solely on "information and belief." *See* Section III.C.

**Fourth**, a fee award is appropriate here because it would serve to deter other potential plaintiffs (and Plaintiff herself) from pursuing claims that pull "a random assortment" (Order at 13) of insignificant elements from the works in an attempt to prevent others from creating works that arguably share a premise or from using commonplace, unprotectable elements. Asserting such claims stifles creativity and potentially censors new works by creators who do not have the ability or desire to defend against unreasonable claims. *See* Section III.D.

**Finally**, the amount of Defendants' requested fees is reasonable in light of Defendants' counsel's background and experience, the market rates for similarly experienced attorneys, and the circumstances and outcome of this case. Moreover, Defendants seek only a portion of the fees expended in litigating this matter. *See* Section IV. Accordingly, Defendants respectfully ask this Court to award them the fees requested.

## II. PROCEDURAL BACKGROUND

Plaintiff filed her original complaint on January 15, 2020. Her complaint included claims for direct, contributory, and vicarious copyright infringement, alleging that three of the ten episodes of *Servant* are "strikingly similar" to *Emanuel*. Dkt. 1. Plaintiff filed the lawsuit against the companies that produced and distributed *Servant*, and individuals M. Night Shyamalan (executive producer) and Tony Basgallop (writer), along with four non-writing individual producers (Jason Blumenthal, Todd Black, Steve Tisch, and Ashwin Rajan).

In this Court's required pre-filing conference of counsel, conducted on February 11, 2020, Defendants' counsel explained in detail that there was almost no

2

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

similarity of protectable expression between the works, let alone substantial similarity. See Dkt. 18. Plaintiff did not mention any intent to amend her complaint at that time. Freeman Decl. ¶ 2. Accordingly, Defendants moved to dismiss Plaintiff's complaint on February 18, 2020. Dkt. 20. Rather than oppose Defendants' motion, Plaintiff filed a notice of non-opposition on March 2, 2020 (Dkt. 24) and, on March 10, 2020, filed the FAC (Dkt. 25).

The FAC asserted the same direct, contributory, and vicarious infringement claims as the initial complaint, and added two new copyright infringement claims against certain defendants regarding alleged "early" and "later" draft scripts for *Servant*'s first three episodes. See FAC ¶¶ 93-104. Both the new claims were made solely "on information and belief." Id. ¶ 95 n.15 & 101 n.16. Defendants moved to dismiss Plaintiff's FAC on March 24, 2020. Dkt. 30.

On May 28, 2020, the Court granted Defendants' motion to dismiss Plaintiff's FAC with prejudice. The Court "agree[d] with Defendants that many of the alleged similarities in the First Amended Complaint are mischaracterizations of one or both of the works at issue, stock scenes, or scenes a faire," Order at 13, and found that each element considered under the Ninth Circuit's extrinsic test for substantial similarity demonstrated a lack of protectable similarity between *Emanuel* and *Servant*. Accordingly, the Court ruled that "the works at issue are not substantially similar as a matter of law." Order at 14. Because Plaintiff's direct infringement claim regarding *Servant* failed, so too did her claims as to the purported *Servant* scripts and for contributory and vicarious infringement. Id. The Court ordered dismissal of Plaintiff's FAC in full, with prejudice. Id.

## III.  DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES UNDER THE COPYRIGHT ACT

The Copyright Act grants courts broad discretion to award "full costs," including a "reasonable attorney's fee," to prevailing parties in copyright infringement actions. 17 U.S.C. § 505. Notably, Section 505 requires treating

3

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

prevailing defendants and prevailing plaintiffs alike. *Fogerty v. Fantasy*, 510 U.S. 517, 534 & n.19 (1994) ("*Fogerty I*").  See also *Inhale v. Starbuzz Tobacco*, 755 F.3d 1038, 1043 (9th Cir. 2014) ("A successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does.").

In assessing whether to award a prevailing defendant's attorneys' fees, courts generally consider several non-exclusive factors, including "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods. v. GoodTimes Home Video*, 81 F.3d 881, 889 (9th Cir. 1996).  The U.S. Supreme Court recently reaffirmed these factors and held that courts must give substantial weight to the "objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons*, 136 S. Ct. 1979, 1983 (2016).

As discussed below, these factors support awarding Defendants their attorneys' fees for time spent defending against Plaintiff's meritless claims.

**A.   Defendants Achieved Complete Success in This Litigation**

In assessing whether to award fees, courts weigh "the party's degree of success in a lawsuit." *DuckHole v. NBCUniversal Media*, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013).  "This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *Id.*

Here, Defendants succeeded in defeating Plaintiff's FAC in its entirety. Moreover, Defendants prevailed on the merits and not on a technical defense.  This Court held that "the works at issue are not substantially similar as a matter of law," and accordingly dismissed with prejudice all of Plaintiff's claims.  Order at 14. There can be no dispute that Defendants were entirely successful in their motion to dismiss Plaintiff's FAC.  This factor thus weighs strongly in favor of awarding Defendants their fees.

4

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### B. Plaintiff's Claims Were Objectively Unreasonable

In assessing fee awards under Section 505, courts also look to whether a plaintiff's claims were "objectively unreasonable." *Shame on You Prods. v. Banks*, 2016 WL 5929245, at *6 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018). This factor must be given "substantial weight," *Kirtsaeng*, 136 S. Ct. at 1983. And while courts also assess whether the claims were "frivolous," such a finding "is no longer required" to award fees under Section 505. *Fantasy v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) ("*Fogerty II*"). Notably, courts *routinely* hold that claims are objectively unreasonable and award fees where they find no substantial similarity as a matter of law. *See, e.g., DuckHole*, 2013 WL 5797204, at *2 (awarding fees where court dismissed copyright claim for lack of substantial similarity); *Williams v. Crichton*, 891 F. Supp. 120, 122 (S.D.N.Y. 1994) (awarding fees after finding the plaintiff's copyright claims were based on "highly selective, scattered" similarities which all flowed from an unprotectable concept).

Here, Plaintiff's copyright claims were objectively unreasonable and frivolous. Simply reviewing the two works makes clear that *Servant* did not copy protectable elements of *Emanuel*. As this Court explained, *Emanuel* and *Servant* "tell completely different stories," and their alleged similarities "pale in comparison to [their] differences." Order at 6, 14. Plaintiff offered the Court a list of scattered similarities, many of which the Court found to be "mischaracterizations of one or both the works at issue," in an attempt to twist two highly dissimilar works into similarity. *See* Order at 13. But the Court rejected Plaintiff's arguments, noting that it was "'unimpressed' with these types of 'random similarities scattered throughout the works.'" Order at 13 (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). Notably, this Court found a lack of similarity in *every category* that it assessed, including plot, sequence of events, theme, characters, setting, mood, pace, and dialogue. *See* Order at 6-14.

5
DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Plaintiff's copyright claims were objectively unreasonable, both legally and
2    factually.  This is particularly true for the FAC's two claims of copyright
3    infringement for alleged drafts of scripts for *Servant*, which were alleged
4    completely on "information and belief," and for which Plaintiff did not allege any
5    similarities separate and apart from the alleged similarities between *Emanuel* and
6    the completed *Servant* series.  FAC ¶ 95 n.15 & 101 n.16.  This factor thus weighs
7    strongly in favor of granting Defendants' fee request.

8    **C.    Certain of Plaintiff's Litigation Decisions Lacked a Proper Motive**

9    Courts may also consider a plaintiff's "motivation" in pursuing a lawsuit.
10   *Fogerty II*, 94 F.3d at 558.  Improper motivation can be inferred from evidence that
11   a party engaged in "overly aggressive litigation tactics," or pursued the lawsuit
12   regardless of the merits of the claims.  See *Bridgeport Music v. WB Music*, 520 F.3d
13   588, 593 (6th Cir. 2008) (approving fee award against plaintiff based in part on
14   plaintiff's aggressive tactics and pursuit of futile claims).

15   While "a plaintiff's culpability is no longer required" for a prevailing
16   defendant to recover fees, *Fogerty II*, 94 F.3d at 558, Plaintiff's litigation tactics are
17   evidence of improper motivation.  Specifically, despite a detailed, in-person meet
18   and confer regarding Defendants' motion to dismiss the initial complaint, Plaintiff
19   made Defendants go through the exercise of filing the motion just to then decide to
20   slightly amend her complaint and add new claims on "information and belief."  *See*
21   Dkt. 29 (Joint Statement); Dkt. 20 (Motion to Dismiss Complaint); Dkt. 24 (Notice
22   of Non-Opposition); Dkt. 25 (First Amended Complaint).  Her new claims related
23   to purported "early" and "later" versions of scripts for *Servant*'s first three episodes,
24   but included no allegations specific to the scripts.  *See* FAC ¶¶ 93-104.  In addition,
25   Plaintiff asserted her claims against several individual producers who had no
26   creative involvement in *Servant*.  This factor thus also justifies a fee award.
27
28

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### D. A Fee Award is Appropriate to Advance the Copyright Act's Goals of Compensation and Deterring Meritless Litigation

Finally, awarding fees to a prevailing copyright defendant is proper where it serves "to advance considerations of compensation and deterrence." *Fogerty I*, 510 U.S. at 534 n.19 (internal quotation marks omitted). "Compensation and deterrence would support an award of attorneys' fees … in order to 'deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost-benefit analysis that tells such plaintiffs that they can score big if they win and there will be no adverse consequences if they lose.'" *Lawrence v. Sony Pictures Entm't*, 2011 WL 13217267, at *2 (C.D. Cal. Oct. 5, 2011) (quoting *Baker v. Urban Outfitters*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006)), *aff'd*, 534 F. App'x 651 (9th Cir. 2013).

In *Shame on You Prods.*, for example, the court awarded defendants $315,669.75 in attorneys' fees after holding that the works were not substantially similar and finding that a fee award would "reward artists and others who defend against meritless claims, and will encourage artists to continue producing original works without fear of having to defend against baseless claims." 2016 WL 5929245, at *11. *See also Uckardesler v. Azteca Int'l Corp.*, 2010 WL 11520019, *1 (C.D. Cal. July 6, 2010) (Walter, J.) (awarding successful copyright defendants their attorneys' fees because "an award of attorney's fees in this case will help to deter others, such as Plaintiffs, from bringing frivolous or objectively unreasonable lawsuits in which they claim they are entitled to copyright protection for elements that the evidence – and, in this case, Plaintiff's own admissions – demonstrates are unprotectable").

These principles are particularly important in a case like this, where Plaintiff attempted to punish others for creating a work that shared an unprotectable premise with her work, despite the extensive differences between them. This stifles creativity and creates a chilling effect, as the various entities that are needed to

7

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

produce and distribute a work exercise more caution about new projects that share unprotectable elements or themes with prior works. This results in more roadblocks for new creators and jeopardizes the creation of works with new perspectives on unprotectable concepts or new uses of common elements.

Plaintiff pursued unreasonable copyright claims resting on unprotectable concepts even though her FAC expressly admitted that the works' purportedly shared premise was unprotectable. FAC ¶ 72 n.11; Order at 6. She also relied on a list of "random similarities" that were riddled with mischaracterized, generic, and otherwise unprotectable elements in an attempt to create the appearance of infringement where there is none. Order at 13 (quoting *Kouf*, 16 F.3d at 1045). A fee award is appropriate to deter Plaintiff and other prospective claimants from pursuing such baseless claims, which impose an unwarranted and unjustifiable cost on authors, publishers, and other creators, and thereby deprive copyright owners of the full value of their creations.

In sum, all of the relevant factors to determining whether Defendants are entitled to recover fees under 17 U.S.C. § 505 weigh in favor of a fee award here.

## IV. DEFENDANTS' REQUESTED FEES ARE REASONABLE

In determining a reasonable fee award under Section 505, the Court "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Id.* Applying these criteria, Defendants' requested fees are entirely reasonable.

### A. Defendants' Counsel's Billing Rates Are Reasonable

A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)

8

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(internal quotes omitted).  The "best evidence" of an attorney's reasonable hourly rate is the "rate customarily charged" by that attorney.  *Elser v. I.A.M. Nat'l Pension Fund*, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984) (internal quotes omitted).  Indeed, "[u]nless counsel is working outside his or her normal area of practice, the billing-rate multiplier is, for practical reasons, usually counsel's normal billing rate."  *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982).  Based on their skill, experience, and reputation, the hourly rates charged for Defendants' attorneys are highly reasonable:

- **Nicolas Jampol** is a media & entertainment partner in the Los Angeles office of Davis Wright Tremaine LLP ("DWT"), which is a nationally recognized firm for intellectual property litigation.  *See City of Inglewood v. Teixeira*, 2015 WL 6146269, at *5 (C.D. Cal. Oct. 8, 2015) ("Davis Wright Tremaine LLP ('DWT') is a nationally recognized firm in the areas of First Amendment and intellectual property litigation."); *Lawrence*, 2011 WL 13217267, at *4 (recognizing DWT "is reputable and active in litigating copyright cases in this district").  Mr. Jampol graduated *cum laude* from the University of Michigan Law School in 2006, and litigates primarily content-related claims, with a particular emphasis on copyright claims.  Freeman Decl. ¶ 4.  In 2018, *Variety* recognized Mr. Jampol as one of "Hollywood's New Leaders."  *Id.*  DWT charged a discounted rate of $541 per hour for Mr. Jampol's time on this case.  *Id*. ¶ 3.

- **Cydney Swofford Freeman** is a media & entertainment associate in the Los Angeles office of DWT.  She graduated from New York University School of Law in 2015 and routinely litigates and counsels clients on copyright, trademark, First Amendment, and other media matters.  *Id.* ¶ 5.  DWT charged a discounted rate of $362 per hour for Ms. Freeman's time on this case.  *Id.* ¶ 3.

- **Camila Pedraza** is a media & entertainment associate in the Los Angeles office of DWT.  She graduated *cum laude* from the University of Miami School of Law in 2019, and has since worked on a variety of entertainment and

9
DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

intellectual property matters. *Id.* ¶ 6. DWT charged a discounted rate of $281 per hour for Ms. Pedraza's time on this case. *Id.* ¶ 3.

Given the skills and reputations of Defendants' lawyers, as well as the substantial pre-negotiated discount, their rates in this matter are entirely reasonable.

The reasonableness of DWT's rates is further evidenced by the fact that other courts have found its rates to be reasonable in other copyright lawsuits in Southern California. For example, in *Teixeira*, the court found the following rates reasonable for DWT attorneys for the year 2015 in a copyright action: $645 for a partner, $395 for a mid-level associate; and $335 for a junior associate. 2015 WL 6146269, at *1, 7. And in *Love v. Mail on Sunday*, 2007 WL 2709975, at *8 (C.D. Cal. Sept. 7, 2007), *aff'd sub nom. Love v. Associated Newspapers*, 611 F.3d 601 (9th Cir. 2010), which was decided a decade ago, the court found that the following rates were "consistent with the rates typically charged by other highly-regarded southern California law firms for similar work by attorneys of comparable experience": $690, $590, and $570 for partners of varying levels of experience; $485 for a senior counsel; $460 for a senior associate; and $305 for a junior associate.

Based on the above authorities, DWT's rates for this matter are reasonable.

**B.   The Hours Expended By Defendants' Counsel Are Reasonable.**

A fee award "should ordinarily include compensation for all hours reasonably spent, including those relating solely to the fee." *Serrano v. Unruh*, 32 Cal. 3d 621, 624 (1982). Defendants' request is reasonable for several reasons.

**First**, despite the fact that Plaintiff chose to sue eleven different individuals and entities in this action, Defendants chose to consolidate their defense by engaging one law firm to represent them all. This choice drastically reduced the overall amount of fees Defendants incurred in defending against Plaintiff's claims, and supports that the fees they did incur were reasonable.

**Second**, Defendants are not seeking reimbursement for all their time spent defeating Plaintiff's claims. They do not seek reimbursement for the time incurred

10

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

by other DWT attorneys and paralegals who have assisted with the matter, nor for the significant time spent on this matter by in-house counsel at Apple, notwithstanding that those fees are recoverable.  Freeman Decl. ¶ 10; *see PCLM Grp. v. Drexler*, 22 Cal. 4th 1084, 1094 (2000) (affirming fee award for work performed by in-house counsel, finding "no basis for discriminating" between in-house counsel and outside attorneys on a particular matter).  And they do not seek an award for the tens of thousands of dollars in attorneys' fees Defendants incurred in responding to Plaintiff's 17 sets of written discovery (including 112 different requests for production).  Freeman Decl. ¶ 10.  Defendant also are not seeking attorneys' fees in connection with this motion.

**Third**, Defendants' motion was entirely successful, and resulted in an early dismissal of Plaintiff's FAC with prejudice.  The U.S. Supreme Court has explained that where a prevailing party "has obtained excellent results, [their] attorney should recover a fully compensatory fee.  Normally, this will encompass all hours reasonably expended on the litigation."  *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  This is particularly significant because Plaintiff was not merely seeking damages, but also wide-ranging injunctive relief and attorneys' fees.  Dkt. 25 at 48.

**Fourth**, despite being forced to write two separate motions to dismiss, Defendants' attorneys managed this case efficiently and the hours were reasonable in light of the complexity of the issues and the nature of the case.  Defendants' motion to dismiss required defense counsel to demonstrate to the Court that the two works were not substantially similar with respect to plot, characters, themes, and the other elements of the Ninth Circuit's "extrinsic test" for substantial similarity.  This, in turn, required careful review and analysis by Defendants' counsel of both *Emanuel* and *Servant*.  Defendants' counsel also researched and reviewed numerous other works featuring the elements that Plaintiff claimed as her own.  *See* Dkt. 30 & 30-1 (Defendants' motion to dismiss the FAC and accompanying request for judicial notice).

11

DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Fifth**, as noted above, the amount requested is within the range of fees awarded to prevailing defendants in other comparable copyright actions. For example, in *Teixeira*, the court awarded $117,741 in attorneys' fees to the defendants after they – like Defendants here – succeeded in obtaining a dismissal with prejudice of the plaintiff's copyright claim on a Rule 12(b)(6) motion. 2015 WL 6146269, at *6-7. *See also Shame on You*, 2016 WL 5929245, at *19 (awarding $315,669.75 in attorneys' fees for defendants' successful motion for judgment on the pleadings); *Wild v. NBC Universal*, 2011 WL 12877031, at *4 (C.D. Cal. July 18, 2011) (awarding $113,041.85 in attorneys' fees and costs for defendants' successful motion to dismiss copyright action).

## V.  CONCLUSION

A simple review of *Emanuel* and *Servant* reveals that the works are not substantially similar. Under the circumstances described above, Defendants are entitled to recover from Plaintiff the fees they reasonably incurred in their successful defense. Accordingly, the Court should grant this Motion and award Defendants their attorneys' fees in the amount of $162,467.30.

DATED: June 23, 2020

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
DIANA PALACIOS
CYDNEY SWOFFORD FREEMAN
CAMILA PEDRAZA

By:   /s/ Nicolas A. Jampol
             Nicolas A. Jampol

Attorneys for Defendants

12
DEFENDANTS' MOTION FOR ATTORNEYS' FEES
4818-2697-8496v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899