ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
S. Ryan Patterson (SBN 279474)
  ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC, a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>　　　　Defendants. | Case No. 2:20-cv-00406-JFW-JC<br>Hon. John F. Walter<br><br>**DECLARATION OF DAVID ERIKSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Date:　July 27, 2020<br>Time:　1:30 p.m.<br>Crtrm: 7A |

I, David A. Erikson, declare:

1. I am counsel for Plaintiff Francesca Gregorini in the above-captioned matter. I have first-hand, personal knowledge of the facts set forth in this Declaration, and if called to testify, could and would testify as follows.

2. Attached as Exhibit A is a true and correct copy an email chain between me and Defendants' counsel Nicolas Jampol. In the exchange, I provide an analysis of how and why producers of *Servant* could be liable for copyright infringement, even if they did not participate in writing or directing the show. In addition, more than once in the course of the exchange, I invited Mr. Jampol to provide a counter-analysis before this action was filed. In that regard, I stated "I don't mean to give you homework—but please let us know if you want to make a mini- showing of non-liability for any particular producer (individual or entity)." Mr. Jampol responded "I respectfully decline your request that we do a factual and legal analysis of your claims."

I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing facts are true and correct.

I am executing this Declaration on July 6, 2020 in Los Angeles, California.


DAVID A. ERIKSON



# EXHIBIT "A"

**From:** David Erikson david@daviderikson.com
**Subject:** Re: Various
**Date:** December 10, 2019 at 9:54 PM
**To:** Jampol, Nicolas NicolasJampol@dwt.com
**Cc:** Melanie Wilbur Melanie@daviderikson.com, Ryan Patterson Ryan@daviderikson.com, Antoinette Waller Antoinette@daviderikson.com

Hi Nick—

We are planning to send a similar letter to the Escape Artists defendants tomorrow (we just just didn't get to it today). I will copy you. Or let me know if you have a strong objection to our doing so.

With regard to defendants, perhaps we'll add some language explaining basis of liability against each (perhaps some on information and belief). I think we are justified in relying on what we see in the media, and a general understanding of how producers function in the industry—especially when we are offering you an opportunity to provide a factual/legal analysis as to why any particular individual or entity is not a proper defendant.

Another thing I didn't get to was letting you know that the version of the Complaint we sent out today is identical to the one you've seen—except with the additional defendants. I didn't want to make you go to the trouble of comparing them.

On Dec 10, 2019, at 9:34 PM, Jampol, Nicolas <NicolasJampol@dwt.com> wrote:

Hi David,

A few comments:
- Please direct all correspondence regarding this matter to me.
- I respectfully decline your request that we do a factual and legal analysis of your claims.
- As for the proper defendants, you should be naming only those individual and entities that you have a basis to name – if you don't know if someone had a particular role, you should see what comes up in discovery, if we get there.
- In response to your letter to Apple, we certainly are not daring you to sue – we hope that you don't. But we don't agree that your claims are strong.

Happy to discuss at your convenience.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8651 | Fax: (213) 633-6899
Email: nicolasjampol@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** David Erikson <david@daviderikson.com>
**Sent:** Monday, December 09, 2019 10:53 AM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Cc:** Melanie Wilbur <Melanie@daviderikson.com>; S. Ryan Patterson <Ryan@daviderikson.com>; Antoinette Waller <Antoinette@daviderikson.com>
**Subject:** Re: Various

[EXTERNAL]

Hi Nick—

I hope you had a good weekend.

When I said that we would consider any analysis you care to provide regarding proper defendants, I was envisioning something a little more rigorous than what you offer below.

For one things, we are not comparing scripts, but rather motion pictures. So "writing" is not the only potentially infringing creative activity. But more important, you seem to be assuming that the only way a person or entity could be liable for infringement is if they made blameworthy writing/creative decisions, or hold the copyright for alleged infringing work.

Our default position is that all producers collectively "produced" (and distributed) the work, and earned money in the process, making them directly liable (not to mention vicarious or contributory liability). We remain open to being shown that the facts of this case do not support liability of some of the producers—but some rudimentary attempt at a showing would be required. For example, you assert that certain producers "did not distribute" Servant. But I have no idea what you are basing that on.

Also, on the separate question of whether individuals are liable along with an entity—this is just an application of general tort law principles (did the individual authorize/direct/participate.).You don't address this basis; but rather seem to rely on the formal distinction between an entity and its officers.

I don't mean to give you homework—but please let us know if you want to make a mini-showing of non-liability for any particular producer (individual or entity). It needn't be anything close to the showing required on a motion to dismiss—but it should at least be a sketch, with some factual explanation.

Thanks.

> On Dec 6, 2019, at 2:16 PM, Jampol, Nicolas <NicolasJampol@dwt.com> wrote:
>
> Hi David,
>
> Here are our responses:
>
> 1. [redacted]
> 2. You have alleged that Servant copied your client's film. Mr. Shyamalan didn't write or distribute the allegedly infringing work. He's not a proper defendant based on the allegations.
> 3. Uncle George Productions LLC produced Servant and is the copyright holder for the series. So that is the correct entity as opposed to Blinding Edge.

4. Escape Artists is a non-writing producer – it didn't write or distribute the allegedly infringing work. Also not a proper defendant based on the allegations.
5. Apple has tendered the defense, but we are in close communication with them and will likely represent them in litigation if necessary.

Happy to discuss any of the above.
Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-8651 | Fax: (213) 633-6899
Email: nicolasjampol@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** David Erikson <david@daviderikson.com>
**Sent:** Thursday, December 05, 2019 1:45 PM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Cc:** Melanie Wilbur <Melanie@daviderikson.com>; S. Ryan Patterson <Ryan@daviderikson.com>; Antoinette Waller <Antoinette@daviderikson.com>
**Subject:** Various

**[EXTERNAL]**

Hi Nick,

1. [REDACTED]

2. Do you want to provide us with an analysis of why Mr. Shyamalan should not be included as a defendant?

3. Is Uncle George the proper defendant, as opposed to Blinding Edge?

4. We intend to add Escape Artists as a defendant? Any comments?

5. Re Apple, do you represent them? Or is it just that they have asked your clients to handle this matter? Or has there been a formal tender?

David