1  NICOLAS A. JAMPOL (State Bar No. 244867)
     nicolasjampol@dwt.com
2  DIANA PALACIOS (State Bar No. 290923)
     dianapalacios@dwt.com
3  CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
     cydneyfreeman@dwt.com
4  CAMILA PEDRAZA (State Bar No. 329984)
     camilapedraza@dwt.com
5  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
6  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
7  Fax: (213) 633-6899

8  Attorneys for Defendants
   BLINDING EDGE PICTURES, INC.; UNCLE
9  GEORGE PRODUCTIONS, LLC; APPLE INC.;
   ESCAPE ARTISTS, INC. (erroneously sued as
10 ESCAPE ARTISTS LLC); DOLPHIN BLACK
   PRODUCTIONS; M. NIGHT SHYAMALAN;
11 TONY BASGALLOP; ASHWIN RAJAN;
   JASON BLUMENTHAL; TODD BLACK;
12 STEVE TISCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406- JFW-JC |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |
| vs. | [17 U.S.C. § 505] |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | Date: July 27, 2020<br>Time: 1:30 p.m.<br>Dept.: 7A |
| Defendants. | |

## I. INTRODUCTION

In dismissing Plaintiff's lawsuit with prejudice, this Court found that *Emanuel* and *Servant* "tell completely different stories," that their alleged similarities "pale in comparison to the differences," and that beyond a shared unprotectable premise, "the works' storylines diverge drastically and quickly." Dkt. 39 ("Order") at 6, 14. In reaching this decision, the Court criticized the purported similarities between the works, finding that many were "mischaracterizations of one or both of the works at issue," at least one of them a "gross mischaracterization," and another a "stretch at best." *Id.* at 13. The Court also found that Plaintiff relied on a "random assortment" of alleged similarities. *Id.*

The Copyright Act authorizes prevailing defendants to recover their attorneys' fees in circumstances such as these. Defendants prevailed over claims that sought to proclaim ownership over an unprotectable premise, elements that naturally flowed from that premise, and stock elements that are commonplace in film and television. Plaintiff contends that attorneys' fees would be unwarranted because it might "chill meritorious claims." Opp. at 1. Just the opposite is true. Allowing plaintiffs to pursue baseless copyright claims by relying on random and exaggerated similarities without consequence would be contrary to the Copyright Act's "purpose of enriching the general public through access to creative works." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994). Indeed, it would allow copyright owners to hinder or even prevent new works by burdening their creators with meritless litigation if the new work shared an unprotectable premise or random similarities with a prior work. Plaintiff should be held accountable and ordered to pay the portion of fees sought by Defendants.

As for the amount of those fees, Plaintiff acknowledges that defense counsel's hourly rates are reasonable, and fails to meaningfully rebut that the hours expended likewise are reasonable. Opp. at 10. Defendants' counsel was efficient and judicious in representing all eleven defendants in defense of this lawsuit, as
1

DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

supported by counsel's detailed time entries.  *See* Section III, *infra*; Dkt. 44-2 (Declaration of Cydney Swofford Freeman, Exhibit A) at 2-30; Mot. at 8-12.

## II. DEFENDANTS ARE ENTITLED TO RECOVER THEIR FEES

The parties agree that the Court may consider a variety of factors in determining whether to award attorneys' fees, including but not limited to the degree of success obtained; frivolousness; motivation; the objective unreasonableness of factual and legal arguments; and the need for compensation and deterrence.  Mot. at 4; Opp. at 2.  These factors favor granting this motion.

### A. Defendants Achieved Complete Success

Plaintiff does not dispute that Defendants achieved complete success in this lawsuit.  The parties agree that this factor weighs in favor of awarding Defendants their fees.  *Compare* Mot. at 4 *with* Opp. at 2 (conceding that "the factor of Apple's success" weighs in favor of a fee award).  Moreover, Defendants' success was on the merits, which cuts even more heavily in favor of a fee award.  *See, e.g., DuckHole v. NBCUniversal Media*, 2013 WL5797204, at *2 (C.D. Cal. Oct. 25, 2013) ("This factor weighs more heavily in favor of a party who prevailed on the merits, rather than on a technical defense."); Mot. at 4.

### B. Plaintiff's Claims Were Objectively Unreasonable

The parties agree that whether a plaintiff's copyright claim was objectively unreasonable must be given "substantial weight" under Section 505.  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016); Opp. at 2.  Plaintiff contends that "a legal argument that loses is not necessarily unreasonable" and courts "may not award attorneys' fees as a matter of course to a prevailing party." Opp. at 2.  But Defendants are not arguing that they are entitled to fees automatically or merely because they prevailed.  They are arguing that fees should be granted *in this case* because, among other things, Plaintiff's claims were objectively unreasonable.  Notably, Plaintiff relies on *Shame on You Prods. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018) for the proposition that a losing legal

2

DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

argument is not necessarily unreasonable, but fails to mention that in *Shame on You*—which was decided after and specifically analyzes *Kirtsaeng*—the Ninth Circuit *upheld* the district court's finding that plaintiff's claims were objectively unreasonable due to the "distinct lack of similarity between the works." 893 F.3d at 666. The Ninth Circuit pointed to the lower court's findings that, like Plaintiff's here, "many of the similarities that [plaintiff alleged] … were scenes-a-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise," and that "[o]ther similarities were, upon closer inspection, not so similar." *Id*. Though "the district court did note several similarities between the two films," the court "did not find the substantial similarity issue to be close." *Id.* at 667.[1]

Here, Plaintiff's FAC admitted that the premise she alleged the works share is unprotectable. FAC ¶ 72 n.11; Order at 6. But Plaintiff still chose to pursue copyright claims, like in *Shame on You*, by selecting a list of "random similarities" riddled with mischaracterized, generic, and otherwise unprotectable elements. *See* Order at 13 (quoting *Kouf*, 16 F.3d at 1045). This Court's decision makes clear that "the alleged similarities between the works pale in comparison to the differences" in their extrinsic elements. Order at 14. Moreover, Plaintiff's FAC contained no allegations specific to her claims relating to purported scripts for *Servant*'s first three episodes, which she alleged entirely "on information and belief" (*see* FAC ¶ 95 n.15 & 101 n.16), and the Court similarly dismissed those claims with prejudice. Her claims were objectively unreasonable, both legally and factually.

In her attempt to avoid any financial consequence for filing this lawsuit, Plaintiff seems to suggest that because the Court noted a few similarities between

---

[1] Plaintiff's citation to *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 444 (9th Cir. 1991) (*see* Opp. at 3), is similarly unhelpful, as *Pasillas* relied on the now-outdated standard that copyright fees may only be awarded to defendants where the action was "frivolous or brought in bad faith." *Pasillas*, 927 F.2d at 444.

3

DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the works, Plaintiff's claims were reasonable. Opp. at 4-5. Apart from the fact that sharing a few random similarities does not mean Plaintiff's claims are reasonable, Plaintiff mischaracterizes the Court's Order. For example, Plaintiff contends that "the Court mentioned the following additional similarities … The nannies 'are both attractive, white, 18-year old girls who have long dark hair and blue eyes.'" Opp. at 4 (quoting the Order at 9). But the Court specifically found that "Emanuel is *not* a nanny – she lives with her family, has a day job, and simply babysits for her neighbor." Order at 9 (emphasis added). Plaintiff also contends that the Court found that both works "feature visits to gravesites," Opp. at 4, but the Court explained that those gravesite scenes "are dramatically different in both expression and significance." Order at 12.

Plaintiff also points to four other alleged similarities that she claims the Court did not mention and suggests that those similarities are "undeniable and unrefuted by Apple." Opp. at 5. As an initial matter, even though the Court is not obligated to address every alleged similarity, the Court *did* address each of these. See Order at 7 (Leanne "never treats the doll as anything other than a living child even when no one is watching"; there is nothing to suggest that she was "playing along"); *id.* (the "inciting event" in *Servant* is not that the baby is a doll, it is that the doll becomes a live baby); *id.* at 8 (while Leanne "appears to have some sort of obsessive interest in Dorothy, it is not clear why … or that it originates from maternal longing"); *id.* at 6-14 (explaining in detail the differences between the works, not finding that they shared a "look and feel"). Moreover, these alleged similarities were not unrefuted – Defendants disputed each of them. See Dkt. 20 (Motion to Dismiss Complaint) at 12 (arguing that Leanne always treated the doll as a real baby); *id.* at 13 (the doll in *Servant* "is not hidden and is fully explained in the trailer"); *id.* at 11 (Leanne's mother's death did not leave a hole in her life; "Leanne never expresses longing for either of her parents"); *id.* at 9-24 (explaining the numerous differences between the works).

4
DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Lastly, Plaintiff's opposition entirely ignores Plaintiff's claims relating to the purported *Servant* scripts, failing to offer any argument as to why those allegations were objectively reasonable.

This factor weighs strongly in favor of granting fees.

## C. Certain of Plaintiff's Litigation Decisions Lacked a Proper Motive

The Ninth Circuit unequivocally has held that "a plaintiff's culpability is no longer required" for a prevailing defendant to recover fees. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). And while Plaintiff suggests that courts may not award fees if the Plaintiff is motivated "by anything other than a sincere belief," Opp. at 6, there is no support for such a rule.[2] Regardless, certain of Plaintiff's litigation decisions lacked a proper motive.

*First*, Plaintiff participated in a detailed, in-person meet and confer regarding Defendants' motion to dismiss the initial complaint, but still required Defendants to file the motion before then deciding to superficially tweak the phrasing in many of her allegations, slightly amend others, and add additional claims "on information and belief" with no specific support. *See* Mot. at 6; Dkt. 25-1 (redline comparison of original complaint with FAC). Plaintiff argues that her amendments were made in good faith and suggests that she did not know Defendants would base their defense on the entire season of *Servant* until Defendants filed their motion to dismiss. Opp. at 7. But Plaintiff has been on notice that Defendants considered the entire season to constitute the full *Servant* work and would argue as much since long before she filed her complaint. *See* Declaration of Nicolas A. Jampol ¶ 3.

---

[2] Plaintiff's opposition takes *Perfect 10* out of context in proffering that "[w]here 'evidence regarding [a plaintiff's] motivation [is] equivocal,' fees should not be awarded even if the district court ruled against the plaintiff's infringement claim." Opp. at 9 (quoting *Perfect 10 v. CCBill*, 488 F.3d 1102, 1120 (9th Cir. 2007)). The *Perfect 10* court simply found that the lower court did not abuse its discretion in weighing *all* the factors, not just motivation. 488 F.3d at 1120.

5
DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff also acknowledges that the parties met and conferred about Defendants' request for judicial notice, including the entire season of *Servant*. Opp. at 7 n.2.

*Second*, Plaintiff's opposition makes no excuse for her decision to add additional claims in her FAC as to purported "early" and "later" versions of scripts for *Servant*'s first three episodes entirely on "information and belief," without any factual allegations specific to the scripts. *Compare* Mot. at 6 *with* Opp. at 6-7.

*Third*, Plaintiff's opposition suggests that Plaintiff sued four individual producers (Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch) because Defendants did not sufficiently explain why they should not be named as defendants. Opp. at 7-8. This proves Defendants' point. Plaintiff had no idea whether or how these individuals were involved in *Servant* and believed the onus was on Defendants to explain why they should not be sued, when in reality it is Plaintiff that must have a good-faith basis for suing them. Regardless, Defendants did explain why these individuals should not be named as defendants in this lawsuit. *See* Jampol Decl. ¶ 2.

*Lastly*, Plaintiff's mention of cases where losing parties' conduct exceeded her own in terms of culpability does not shield her from her own acts against Defendants. Along with the other factors, Plaintiff's conduct justifies a fee award.

## D.   A Fee Award Would Advance the Copyright Act's Goals

Awarding Defendants' reasonable attorneys' fees is appropriate to deter Plaintiff and other prospective claimants from pursuing frivolous copyright claims resting on mischaracterizations and superficial and unprotectable similarities between the works at issue. *See* Mot. at 7-8. Plaintiff's dismissal of the court's reasoning in *Shame on You*, 2016 WL 5929245 (Opp. at 9-10), glosses over the Ninth Circuit decision's separate consideration of (1) potential deterrence and (2) furthering the Copyright Act's overall goals. In affirming the district court, the Ninth Circuit found that though "Defendants had not demonstrated a need for specific deterrence [as to plaintiff]," the district court did not abuse its discretion in

6

DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

holding that "the purpose of general deterrence would be served by awarding fees against a party who had litigated an objectively unreasonable claim." *Shame on You*, 893 F.3d at 668. The Ninth Circuit noted that it repeatedly has held "that this reasoning does not constitute an abuse of discretion." *Id.* Moreover, the Ninth Circuit's opinion in *Shame on You* found that *Kirtsaeng* "did not effect a significant change in the law" and "did not explicitly bar district courts from considering a suit's impact on copyright law." 893 F.3d at 666, 669 (finding the district court did not abuse its discretion). If anything, *Kirtsaeng*'s guidance and its subsequent interpretation in the Ninth Circuit dovetails the consideration of compensation and deterrence with consideration of the unreasonableness of the losing party's position. This guidance is particularly useful where, as here, a plaintiff's claim is rooted in a shared premise that Plaintiff herself admits is unprotectable. FAC ¶ 72 n.11; Order at 6. *See also Uckardesler v. Azteca Int'l Corp.*, 2010 WL 11520019, *1 (C.D. Cal. July 6, 2010) (Walter, J.) (awarding successful copyright defendants their attorneys' fees because "an award of attorney's fees in this case will help to deter others, such as Plaintiffs, from bringing frivolous or objectively unreasonable lawsuits in which they claim they are entitled to copyright protection for elements that the evidence – and, in this case, Plaintiff's own admissions – demonstrates are unprotectable").

Instead, Plaintiff argues that "fees to prevailing defendants should be awarded circumspectly to avoid chilling a copyright holder's incentive to sue on colorable claims." Opp. at 10. This contradicts the Supreme Court's rulings in *Fogerty* and *Kirtsaeng* that "a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'" *Kirtsaeng*, 136 S. Ct. at 1985 (quoting *Fogerty*, 510 U.S. at 527).

Here, Plaintiff attempted to punish others for creating a work she admits shares an unprotectable premise with her film and cherry-picked "random

7
DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

similarities" between the works—mischaracterizing many in the process—in an attempt to manufacture infringement and drag Defendants through expensive, burdensome litigation. Order at 13 (quoting *Kouf*, 16 F.3d at 1045). See also Mot. at 7-8.

### III.   THE AMOUNT REQUESTED IS REASONABLE

Defendants' counsel managed this case efficiently, leading to an early dismissal of all claims with prejudice. When a party "has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). See also *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (courts "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case").

Plaintiff acknowledges that Defendants' attorneys' hourly rates in this matter are reasonable (Opp. at 10), but disputes the reasonableness of the hours expended by counsel with one sentence: "Because [Defendants] so heavily redacted the bills attached to its moving papers, and failed to explain why such an extraordinary number of hours were required, the amount requested is unreasonable." *Id.*

*First*, Defendants redacted their invoices largely to remove entries for which Defendants *do not* seek reimbursement. See Dkt. 44-1 (Declaration of Cydney Swofford Freeman) ¶ 10. The few remaining redactions conceal information protected by the attorney-client privilege. *Id.* ¶ 7.

*Second*, Plaintiff's assertion that Defendants "failed to explain" the amount of time for which they request reimbursement (Opp. at 10) overlooks the two pages of Defendants' opening motion explaining just that. See Mot. at 10-12. In short, the amount of hours Defendants request is reasonable because:

- All eleven defendants consolidated their defense by engaging joint counsel;

8

DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Defendants chose not to seek reimbursement for time incurred by Apple's in-house counsel or other DWT attorneys and paralegals who assisted with the defense;
- Defendants do not seek reimbursement for the substantial number of hours expended processing and responding to Plaintiff's 17 sets of written discovery (totaling 670 requests for production across the 11 defendants);[3]
- Defendants' motion to dismiss was granted in its entirety and resulted in an early dismissal of Plaintiff's FAC with prejudice;
- Plaintiff's claims required careful review and analysis of many works, including the works at issue, to support Defendants' arguments under the Ninth Circuit's "extrinsic test" for substantial similarity; and
- The amount requested is within the range of fees awarded to comparable prevailing copyright defendants.

See id. Plaintiff's opposition fails to rebut any of these reasons.

## IV.  CONCLUSION

Defendants respectfully request that this Court order Plaintiff to pay Defendants $162,467.30 in attorneys' fees for their successful motion to dismiss Plaintiff's claims.

DATED: July 13, 2020

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
DIANA PALACIOS
CYDNEY SWOFFORD FREEMAN
CAMILA PEDRAZA

By:  /s/ Nicolas A. Jampol
       Nicolas A. Jampol

Attorneys for Defendants

---

[3] Defendants provided timely written responses and objections to all of those requests by the time the case was dismissed. Jampol Decl. ¶ 4.

9
DEFENDANTS' REPLY ISO MOTION FOR ATTORNEYS' FEES
4831-8029-1522v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899