ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
S. Ryan Patterson (SBN 279474)
  ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>　　　　Defendants. | Case No. 2:20-cv-00406-JFW-JC<br>Hon. John F. Walter<br><br>**PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Date:　July 27, 2020<br>Time:　1:30 p.m.<br>Crtrm: 7A |

# [PROPOSED] STATEMENT OF DECISION

This matter came before the Court on Defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc., Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch's Motion for Attorneys' Fees ("Motion") brought pursuant to 17 U.S.C. § 505 ("Section 505"). Having considered the briefing of the parties, as well as the relevant law and the records in this case, and for the reasons set forth below, the Court hereby DENIES Defendants' Motion.

## I. RELEVANT PROCEDURAL BACKGROUND

Plaintiff Francesca Gregorini ("Plaintiff") claims that Defendants infringed her copyright in her feature film, *The Truth About Emanuel* ("*Emanuel*"). On March 10, 2020, Plaintiff filed her First Amended Complaint ("FAC") in this action. Dkt. 25. Plaintiff's first and primary claim—against all Defendants—is that the first three episodes of Defendants' streaming show, *Servant*, are a wholesale copy of *Emanuel*. As her second claim, Plaintiff alleges that certain Defendants sold a first iteration of the scripts for *Servant* Episodes 1-3 (the "Early Scripts") that infringe Plaintiff's copyright. [FAC ¶¶ 93-98.] As her third claim, Plaintiff further alleges that the non-Apple defendants sold a second iteration of scripts for *Servant* Episodes 1-3 to Apple Inc. (the "Later Scripts") that infringe Plaintiff's copyright. [FAC ¶¶ 99-104.] Plaintiff alleges that these scripts were substantially similar to *Emanuel* in all the ways Episodes 1-3 of Servant is—and indeed were even more similar. [FAC ¶¶ 95, 101.] In her FAC, Plaintiff identified numerous similarities between the works including, in addition to a nearly identical plot, strikingly similar—and highly idiosyncratic—characters, themes, scenes, moods, directorial choices, and modes of storytelling. [FAC ¶¶ 5-12, 65-85.]

On March 24, 2020, Defendants moved to dismiss the FAC. Defendants submitted a Request for Judicial Notice ("RJN") in support of their Motion. For the

purposes of the motion to dismiss, Defendants did not challenge whether they had access to Plaintiff's work; Defendants argued only that the works were not substantially similar. Dkt. 30 at 6. Plaintiff opposed the motion to dismiss and filed objections to the RJN. After briefing concluded, pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court determined to rule on the motion to dismiss without oral argument, vacated the hearing date, and took the matter under submission. Dkt. 38. On May 28, 2020, the Court granted the motion to dismiss finding the works were not substantially similar as a matter of law. Dkt. 39. On June 23, 2020, Defendants filed the current Motion. Dkt. 44. Plaintiff filed opposition papers on July 6, 2020. Dkt. 48. Defendants filed reply papers on July 13, 2020. Dkt. 49.

## II. FACTUAL BACKGROUND

As alleged in the FAC, *Emanuel*, is a successful psychological thriller, written directed and produced by Plaintiff as her second feature film. After premiering at the Sundance Film Festival in the dramatic competition category in 2013, Tribeca Film released *Emanuel* theatrically in the U.S. by Tribeca Film, followed by release on DVD and Blu-ray. [FAC ¶3.] Since 2014, Apple itself has offered *Emanuel* through iTunes (as has Amazon and others). *Id.* As further alleged in the FAC, *Servant* refers to Season One, Episodes 1-3, of Apple TV+'s original series *Servant*, which were first available for streaming on November 28, 2019. [FAC ¶¶57, 83, fn. 11.]

## III. LEGAL STANDARD

The Copyright Act permits a district court, in its discretion, to award reasonable attorney's fees to a prevailing party. 17 U.S.C. § 505. The policy underlying this provision seeks to "ensure that all litigants have equal access to the courts to vindicate their statutory rights. It also prevents copyright infringements from going unchallenged where the commercial value of the infringed work is small and there is no economic incentive to challenge an infringement through expensive litigation."

3   PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION DENYING MOTION FOR ATTORNEYS' FEES

*Quinto v. Legal Times of Washington, Inc.*, 511 F.Supp. 579, 581 (D.D.C. 1981); see also *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983) ("Such an award assures equal access to courts, provides economic incentive to challenge infringements, and penalizes the losing party.").

### IV. DEFENDANTS ARE NOT ENTITILED TO ATTORNEYS' FEES

Section 505 requires that for a party to be awarded attorneys' fees that party must be the "prevailing party." The Court need not reach the merits of the dispute to determine the prevailing party. *Corcoran v. Columbia Broadcasting Sys., Inc.,* 121 F.2d 575, 576 (9th Cir. 1941). "Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation ....." *Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc.* 393 F.3d 1378, 1381 (Fed. Cir. 2005).

"[A] defendant is a prevailing party [under § 505] following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). This "factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013). Here, because the Court dismissed Plaintiff's lawsuit against Defendants in its entirety, Defendants are the prevailing parties. *See Perfect 10, Inc. v. Visa Intern. Service* Ass'n, 2005 WL 2007932, *6 (N.D. Cal. 2005) (finding that defendants were the prevailing parties but denying their motion for attorneys' fees after motion to dismiss first amended complaint was granted with prejudice).

Having established the Defendants were the prevailing parties, the Court must determine whether it should exercise its discretion to award attorneys' fees.

> Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorneys' fees are to be awarded to prevailing parties only as a matter of the court's discretion. 'There is no precise rule or formula for

   making these determination' but instead equitable discretion should be exercised 'in light of the consideration we have identified.'

*Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533, 114 S.Ct. 1023, 1033 (1994) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436-37 (1983)).

  Thus, merely finding that Defendants are the prevailing parties does not control whether an award of attorney fees is warranted. In determining whether to award Defendants attorney fees under Section 505, the Court considers (but is not limited to) five factors including (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence. *Shame on You Prods. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) ("*SOYP*"). Since the Supreme Court's 2016 decision in *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016) ("*Kirtsaeng*"), district courts should continue to consider all these factors, but accord substantial weight to factual and legal unreasonableness. *SOYP* at 666.

  In this case, other than the factor of Apple's success, the circumstances weigh against Apple's over-reaching Motion to recover fees.

  The fact that a defendant has successfully moved to dismiss a plaintiff's copyright infringement complaint does not render that claim frivolous or objectively unreasonable. *Zindel v. Fox Searchlight Pictures, Inc.*, 2018 U.S. Dist. LEXIS 223906, *6-7 (C.D. Cal. 2018) ("*Zindel*") (citing cases). When a court weighs whether to grant attorneys' fees, a legal argument that loses is not necessarily unreasonable. *SOYP*, at 666 (citing as examples *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016); *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013)). A district court may not award attorneys' fees as a matter of course to a prevailing party. *Kirtsaeng,* 136 S.Ct. at 1982.

  Further, in cases like this, where liability depends on a finding of the scope of protectability of the copyrighted work, a finding as a matter of law does little to justify

an award. See *Seltzer*, 725 F.3d at 1181 (reversing district court's grant of fees, where court relied on fact that plaintiff lost on summary judgment); *Berkla v. Corel Corp.*, 302 F.3d 909, 923 (9th Cir. 2002) (summary judgment for copyright defendant because there was "no protectable expression" in plaintiff's work did not justify fee award).

   In other words, something more than losing as a matter of law is required to demonstrate objective unreasonableness. "Determinations about substantial similarity are rarely obvious." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 444 (9th Cir. 1991) (ruling that plaintiff's arguments were not wholly meritless and denying attorneys' fees on appeal even though copyrighted and accused works shared only nonprotectable elements); *Zindel* at 9-10; *Segal v. Rogue Pictures*, 2012 U.S. Dist. LEXIS 198293, at *5 (C.D. Cal. 2012) ("Although the Court rejected Plaintiff's arguments because some of the similarities were based on generic elements, and some were based on inaccurate characterizations of the works, this does not establish that Plaintiff's claim had no arguable basis in the law. Indeed, dismissal of Plaintiff's claim required a relatively lengthy and detailed analysis.").

   Although the Court found no substantial similarity as a matter of law, the Court does not conclude that this action is frivolous or that the position taken was objectively unreasonable. Accordingly, after considering the *Fogerty* factors, the Court finds that Defendants are not entitled to an award of attorneys' fees.

## V. CONCLUSION

   For the foregoing reasons, the Court **DENIES** Defendants' Motion for Attorneys' Fees.

DATED: _____  By: _____
             HONORABLE JOHN F. WALTER
             United States District Judge