**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | | |
|---|---|---|
| Case No. | **CV 20-406-JFW(JCx)** | Date:  July 21, 2020 |

Title:        Francesca Gregorini -v- Apple Inc., et al.

**PRESENT:**

             **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                                              **None Present**
    **Courtroom Deputy**                                         **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                                None

**PROCEEDINGS (IN CHAMBERS):**        ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [filed 6/23/2020; Docket No. 44]

        On June 23, 2020, Defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") filed a Motion for Attorneys' Fees.  On July 6, 2020, Plaintiff Francesca Gregorini ("Plaintiff") filed her Opposition. On July 13, 2020, Defendants file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for July 27, 2020 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

        On May 28, 2020, the Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, concluding in relevant part that *The Truth About Emanuel* ("*Emanuel*"). and Episodes 1 through 3 of *Servant* were not substantially similar as a matter of law.  Defendants now move for an award of attorneys' fees pursuant to 17 U.S.C. § 505 of the Copyright Act.  Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  Under the foregoing section, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994).  "[A] district court may not 'award[ ] attorney's fees as a matter of course'; rather, a court must make a more

particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (quoting *Fogerty*, 510 U.S. at 533).

In determining whether to award fees under the Copyright Act, the Court considers several nonexclusive factors including: "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). In 2016, the Supreme Court gave courts some additional guidance, emphasizing that courts should "giv[e] substantial weight to the reasonableness of [the losing party's] litigating position, but also tak[e] into account all other relevant factors." *Kirtsaeng*, 136 S. Ct. at 1989. *See also Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018).

After considering all of the relevant factors, and for the reasons stated in Defendants' moving and reply papers, the Court **GRANTS** Defendants' Motion for Attorneys' Fees. The Court signs Defendants' Proposed Statement of Decision lodged with the Court on July 15, 2020 [Docket No. 51].

IT IS SO ORDERED.