**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>APPLE INC.; M. NIGHT SHYAMALAN, an individual; BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporation; ESCAPE ARTISTS, INC.; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual,<br><br>    Defendants-Appellees. | Nos. 20-55664<br>   20-55846<br><br>D.C. No.<br>2:20-cv-00406-JFW-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted February 14, 2022
Pasadena, California

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[**] District Judge.

Plaintiff-Appellant Francesca Gregorini, writer, director, and producer of the film *The Truth About Emanuel*, brought this copyright suit alleging that the first three episodes of Defendants' television series, *Servant*, infringed her copyright. She appeals from the district court's dismissal of her complaint on the ground that the works were not substantially similar as a matter of law. We have jurisdiction under 28 U.S.C. § 1291, and we review dismissals under Federal Rule of Civil Procedure 12(b)(6) de novo. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116 (9th Cir. 2018), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc). We reverse.

To state a claim for copyright infringement, a plaintiff must allege, as relevant here, that the defendant "cop[ied] enough of the plaintiff's expression of those ideas or concepts to render the two works 'substantially similar.'" *Id.* at 1117 (quoting *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 913-14 (9th Cir. 2000)). To assess substantial similarity, we use "a two-part analysis consisting of the 'extrinsic test' and the 'intrinsic test.'" *Id.* at 1118. The extrinsic test, which is "the only test relevant in reviewing the district court's ruling on a motion to dismiss," *id.*, "focuses on articulable similarities between the plot, themes,

---

[**] The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

dialogue, mood, setting, pace, characters, and sequence of events in two works." *Benay v. Warner Bros. Ent.*, 607 F.3d 620, 624 (9th Cir. 2010) (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)), *overruled on other grounds by Skidmore*, 952 F.3d at 1051.

While "dismissal at the pleading stage is by no means unprecedented," *Rentmeester*, 883 F.3d at 1123, even "summary judgment is not highly favored on questions of substantial similarity in copyright cases . . . ." *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir. 1990) (quoting *Narell v. Freeman*, 872 F.2d 907, 909 (9th Cir. 1989)), *overruled on other grounds by Skidmore*, 952 F.3d at 1051. Dismissal at the pleading stage is appropriate when "as a matter of law the similarities between the two works are only in uncopyrightable material or are de minimis." 3 William F. Patry, Patry on Copyright § 9:86.50 (2021). It must also be the case that "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar to" the original copyrighted work. *Rentmeester*, 883 F.3d at 1123.

Here, the district court's dismissal of Gregorini's suit at this early stage of the case was "improper" because "reasonable minds could differ on the issue of substantial similarity . . . ." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (quoting *Shaw*, 919 F.2d at 1355). Moreover, this is "a case in which discovery could shed light on [the] issues that actually matter to the

outcome." *Rentmeester*, 883 F.3d at 1123. In particular, expert testimony would aid the court in objectively evaluating similarities in cinematic techniques, distinguishing creative elements from *scènes à faire*, determining the extent and qualitative importance of similar elements between the works, and comparing works in the different mediums of film and television.[1]

**REVERSED AND REMANDED.**

---

[1] Because we reverse on the merits, we also necessarily reverse the district court's award of attorney's fees.