NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice* forthcoming)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800; Fax:  (213) 633-6899

Attorneys for Defendants

DAVID ALDEN ERIKSON (State Bar No. 189838)
  david@daviderikson.com
ANTOINETTE WALLER (State Bar No. 152895)
  antoinette@daviderikson.com
JEFFREY J. MILES (SBN 293869)
  jeff@daviderikson.com
ERIKSON LAW GROUP
200 North Larchmont Boulevard
Los Angeles, California 90004
Tel.: 323.465.3100; Fax: 323.465.3177

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-JFW-JC |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| vs. | DATE:    May 23, 2022 |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | TIME:    1:15 p.m. |
| | PLACE:  350 W. 1st Street, Courtroom 7A Los Angeles, California 90012 |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, and in accordance with this Court's April 28, 2022 Order (Dkt. 62), plaintiff Francesca Gregorini ("Plaintiff") and defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") submit the following report:

## 1.    Jurisdiction

The parties agree that because Plaintiff's causes of action arise under the Copyright Act of 1976, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)-(b).  Defendants do not dispute personal jurisdiction or venue. All parties have been served.

## 2.    Chronology of Facts and Factual Issues in Dispute

Plaintiff contends that in 2013, she wrote, produced and directed *The Truth About Emanuel*, a critically acclaimed and successful feature film.  She alleges that the first three episodes of Defendants' television show *Servant* infringe *Emanuel*.

Defendants contend that *Servant* was created independently of, and without reference to, *Emanuel*.  They contend that none of the Defendants saw or heard of *Emanuel* before this lawsuit, and that *Emanuel* was not widely disseminated at any point.  Defendants allege that Mr. Basgallop began developing what would become *Servant* in 2006, well before *Emanuel* was released.  Lastly, Defendants contend that *Emanuel* and *Servant* (or any scripts for *Servant*) are not substantially similar as a matter of law.

The parties agree that the factual issues before this Court likely will be (i) whether Defendants had access to *Emanuel*; (ii) whether Defendants independently created *Servant*; (iii) any issues of fact that the Court finds are necessary to assess substantial similarity; and (iv) whether and to what extent Plaintiff is entitled to

damages or other relief.  The parties may identify other factual issues during discovery.

### 3.    Statements of Disputed Points of Law

The parties agree that the legal issues before this Court include (i) whether Defendants had access to *Emanuel*; (ii) whether *Emanuel* and *Servant* are substantially similar; (iii) whether *Emanuel* and the disputed preliminary drafts of *Servant* are substantially similar; (iv) whether Defendants independently created *Servant*; (v) whether, assuming Plaintiff establishes liability against any Defendants, any other Defendants are vicariously or contributorily responsible for such infringement; and (vi) whether and to what extent Plaintiff is entitled to damages or other relief.

Defendants contend that Plaintiff's first, second, and third causes of action for copyright infringement fail: first, because Defendants did not have access to *Emanuel* as the film was not widely disseminated and Plaintiff has not alleged and cannot show any chain of events or link between Defendants and *Emanuel*; and second, because neither *Servant* nor any of the preliminary drafts of *Servant* are substantially similar to *Emanuel.*  *See Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1052-1058 (C.D. Cal. 2010) (rejecting plaintiff's tangential access argument and holding works at issue were not substantially similar).  Third, even if Plaintiff could establish access and substantial similarity, Defendants contend that her claims will still fail because *Servant* was independently created, which is an absolute defense to Plaintiff's claims.  *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) ("independent creation is a complete defense to copyright infringement").  Defendants also contend that Plaintiff's cause of action for contributory and vicarious infringement fails because her claims for direct infringement fail.  *See Fox Broad. Co. v. Dish Network*, 747 F.3d 1060, 1068 (9th Cir. 2014) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.").  Further, separate and apart from

the issue of direct infringement, her direct and secondary infringement claims still
will fail as to the defendants who did not assist in the creation of any allegedly
copied elements and had no hand in the distribution of *Servant*, including Escape
Artists, Inc., Dolphin Black Productions, Ashwin Rajan, Jason Blumenthal, Todd
Black, and Steve Tisch.

### 4.    Prior, Pending, and Anticipated Motions

This Court granted Defendants' motion to dismiss Plaintiff's First Amended
Complaint on May 28, 2020.  Dkt. 39.  The Ninth Circuit reversed the decision on
February 22, 2022.  Dkt. 60.

**Defendants' position**: Because the Ninth Circuit's opinion reversing
dismissal states that "expert testimony would aid the court in objectively
evaluating" whether the works are substantially similar (Dkt. 60 at 4), to conserve
judicial and the parties' resources, Defendants will file a motion to bifurcate
discovery to first address the issue of substantial similarity, which is a discrete and
dispositive issue whose early determination could entirely resolve the case.
Bifurcation would allow the parties and the Court to focus on exactly what the
Ninth Circuit held was necessary here: expert testimony on substantial similarity.  If
the motion is granted, after expert discovery on substantial similarity is conducted,
Defendants will move for summary judgment solely on the issue of substantial
similarity.  Should the motion to bifurcate be denied and/or should the motion for
summary judgment on substantial similarity be denied, Defendants intend to move
for summary judgment on access and independent creation pending the outcome of
discovery.  Defendants may move to bifurcate discovery and trial into separate
liability and damages phases.

**Plaintiff's position**:  Plaintiff will oppose Defendants' extraordinary
bifurcation motion, including any argument that discovery should be limited to
expert discovery; and submits that there is no reason to deviate from normal

discovery practice. Plaintiff contemplates a motion for summary adjudication on the issue of access.

**5.      Amendments to Pleadings**

The parties submit that there will be no amendments to the pleadings at this time absent permission from the Court.

**6.      Disclosures**

The parties served their initial disclosures on April 8, 2020.

**7.      Discovery**

Plaintiff served requests for production on March 30, 2020, April 10, 2020, and April 20, 2020.  Defendants responded to but had not yet produced documents in connection with those requests prior to this Court's ruling on Defendants' motion to dismiss.  Plaintiff anticipates a dispute regarding Defendants' responses and plans to initiate the meet and confer process after informal discussions with Defendants' counsel on the subject. The parties anticipate propounding additional written discovery and taking depositions.  The parties also anticipate issuing subpoenas.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(e), the parties agree to accept service of all documents by email.  For service on Defendants, documents shall be emailed to all of the following email addresses: nicolasjampol@dwt.com, cydneyfreeman@dwt.com, meenakshikrishnan@dwt.com, and samlachman@dwt.com.  For service on Plaintiff, documents shall be emailed to all of the following email addresses: david@daviderikson.com, antoinette@daviderikson.com, jeff@daviderikson.com and melanie@daviderikson.com.

The parties also anticipate entering into an appropriate stipulated protective order.  The parties set forth the following discovery plan pursuant to Federal Rule of Civil Procedure 26(f):

4

**Rule 26(f)(3)(A):**  The parties do not propose any changes to the form or requirements for disclosures under Rule 26(a).

**Rule 26(f)(3)(B):**

**Plaintiff's position**: Plaintiff will seek discovery with respect to *Servant*, which mirrors the discovery described below (that Defendants plan to take with respect *Emanuel*)

**Defendants' position**: Defendants will seek discovery as to the writing, development, production, distribution, and copyright registration of *Emanuel*. Defendants will seek discovery as to the revenues, expenses, profits for *Emanuel* and any alleged damages suffered by Plaintiff.  Defendants will also seek discovery from Plaintiff regarding Defendants, *Servant*, and *Berlin Station*, including communications with Defendants and communications with third parties about these topics.  Defendants will also seek documents from Plaintiff's partners, agent, and other representatives, along with writers, producers, financiers, and others who worked on or were involved with *Emanuel*.  Defendants will also depose Plaintiff along with Plaintiff's representatives and others who worked on or were involved with *Emanuel*.  Defendants may seek additional discovery from third-party witnesses depending on information received through discovery.  These anticipated topics and deponents are not complete at this time, and Defendants expressly reserve the right to add or modify anticipated deponents and topics identified above.

**Rule 26(f)(3)(C):**  At this time, the parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information ("ESI").  They agree to address such issues in the event they arise via meet and confer.

The parties agree that discoverable ESI be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, subject to any exceptions mutually agreed upon by the parties.  ESI may be produced on CD-ROM or via an electronic service, such as dropbox.com or FTP.

**Rule 26(f)(3)(D):** The parties intend to submit a stipulated protective order pursuant to Rule 26(c) governing the disclosure and use of confidential information in the case.  There are presently no other anticipated issues relating to claims of privilege or other protection as to trial-preparation material.

**Rule 26(f)(3)(E):** The parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District Local Rules.

**Rule 26(f)(3)(F):** Except as otherwise stated above, the parties do not request any other orders that should be entered by the Court under Rule 16(b) or (c).

**8.    Related Cases**

The parties are not aware of any related cases or proceedings.

**9.    Relief Sought**

**Plaintiff's position**: Plaintiff contends that the purpose of Defendants' television show was and is to generate profits, and that it has been highly successful in this regard, and that Plaintiff is entitled to recover such profits under 17 U.S.C. § 504(b), to the extent that she can show that the profits are attributable to the infringement rather than other factors. Plaintiff also contends that Defendants' infringement caused damage to her career, opportunities, and business/professional prospects, including with respect to her opportunities to further exploit *Emanuel*.

**Defendants' position**: Defendants deny that Plaintiff is entitled to any damages in this action.  Even if liability is established, Plaintiff would not be entitled to recover statutory damages or attorneys' fees.  She could only potentially recover actual damages and profits, which are limited to those profits that are "attributable to the infringement."  17 U.S.C. § 504(b).  There are no direct profits relating to *Servant* and Plaintiff cannot prove entitlement to any indirect profits because such damages would be speculative.  *See Mackie v. Rieser*, 296 F.3d 909, 915-916 (9th Cir. 2002).  Any damages will be further limited by the fact that

Plaintiff contends that only three of *Servant*'s ten episodes in its first season are infringing.

### 10.    Certification of Interested Parties

The parties have filed their Certificate of Interested Parties.  Dkt. 3, 21.  The parties restate the contents of their respective certifications below:

### a.    Plaintiff

Francesca Gregorini – Plaintiff

Apple Inc. – Defendant

M. Night Shyamalan – Defendant

Blinding Edge Pictures, Inc. – Defendant

Uncle George Productions – Defendant

Escape Artists LLC – Defendant

Dolphin Black Productions – Defendant

Tony Basgallop – Defendant

Ashwin Rajan – Defendant

Jason Blumenthal – Defendant

Todd Black – Defendant

Steve Tisch  – Defendant

Does 1-10, Inclusive – Defendant

### b.    Defendants

Francesca Gregorini – Plaintiff

Uncle George Productions, LLC – Defendant

Blinding Edge Pictures, Inc. – Defendant and part owner of Uncle George
   Productions, LLC

947 Providence Road LLC – Part owner of Uncle George Productions, LLC

Apple Inc. – Defendant

Escape Artists, Inc. – Defendant

Dolphin Black Productions – Defendant

7

M. Night Shyamalan – Defendant

Tony Basgallop – Defendant

Ashwin Rajan – Defendant

Jason Blumenthal – Defendant

Todd Black – Defendant

Steve Tisch – Defendant

Hiscox USA – Insurer

**11.    Scheduling – Proposed Dates**

Plaintiff's lead trial counsel, David Erikson, is currently in the midst of a health crisis. Plaintiff reports that Mr. Erikson was admitted to the hospital on an emergency basis on Easter Sunday, April 17, 2022, due to severe stomach pains that tests revealed to be a bowel obstruction. Mr. Erikson had colon cancer last year, which required chemotherapy and radiation treatment as well as surgery to remove his colon. While Mr. Erikson had been progressing well following his cancer treatment and surgery, his recent hospitalization has led to a fear by his doctors that the obstruction he is currently experiencing may be related to a recurrence of cancer. Mr. Erikson has undergone a battery of tests. He was released from the hospital after several days but was readmitted on May 3, 2022, again on an emergency basis following tests on May 2, 2022. Mr. Erikson remained in the hospital on intravenous medication from May 3, 2022, until Friday May 6, 2022. He is currently on a course of intravenous medication relating to the stomach blockage for at least another seven days and will be evaluated shortly for follow up surgery relating to the current blockage. Mr. Erikson remains weakened, mostly on bed rest, and in severe pain. Due to Mr. Erikson's health situation, Plaintiff has requested that the parties agree to a proposed schedule that sets trial no earlier than August 2023. Due to Mr. Erikson's current health status, Plaintiff is designating Antoinette Waller as lead trial counsel. With the Court's permission, Plaintiff contemplates designating Mr. Erikson as lead trial counsel as soon as his health permits.  In

8

addition, Defendants intend to move to bifurcate discovery on substantial similarity. Plaintiff will oppose any such bifurcation.  For these reasons, the parties propose the following:

Non-Expert Discovery Cut-Off – May 12, 2023

Initial Expert Disclosures – June 12, 2023

Expert Rebuttal Disclosure – July 12, 2023

Expert Discovery Cut-Off – August 2, 2023

Last day to file dispositive motions – September 1, 2023

Final pretrial conference – October 2, 2023

Trial Date – October 23, 2023

**12.    Trial**

Plaintiff requests a jury trial.  Defendants do not request a jury.  Trial is estimated to take 6-8 days.

**13.    Settlement discussions and ADR**

No meaningful settlement discussions have occurred.  The parties agree to ADR Procedure No. 3 (private mediation) under Local Rule 16-15.4.

**14.    Complex Case**

This matter is not complex.

**15.    Anticipated Dispositive Motions**

Plaintiff and Defendants anticipate filing motions for summary judgment and/or partial summary judgment.

**16.    Unusual legal issues**

There are no unusual legal issues in this matter.

**17.    Bifurcation**

Defendants will move to bifurcate discovery as to substantial similarity (and will then move for summary judgment on that ground).  If the case continues, Defendants may move to bifurcate liability and damages phases.  Plaintiff opposes

9

any such bifurcation.  Following discovery, Plaintiff intends on moving for summary judgment on the issues of access and copying.

### 18.    ECF Users and E-Mail Addresses of Record

Lead trial counsel for the parties are registered as "ECF Users."  Their email addresses of record are below:

Antoinette Waller – antoinette@daviderikson.com

Nicolas A. Jampol – nicolasjampol@dwt.com

DATED: May 13, 2022                      DAVIS WRIGHT TREMAINE LLP

By:   /s/Nicolas A. Jampol
Nicolas A. Jampol

Attorneys for Defendants

DATED: May 13, 2022                      ERIKSON LAW GROUP

By:  /s/Antoinette Waller
Antoinette Waller

Attorneys for Plaintiff

10

**FILER'S ATTESTATION**

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to David A. Erikson and Antoinette Waller, counsel for plaintiff Francesca Gregorini, and I have obtained their authorization to affix Antoinette Waller's electronic signature to this document.

DATED: May 13, 2022          DAVIS WRIGHT TREMAINE LLP

                                 By: /s/ Nicolas A. Jampol
                                     Nicolas A. Jampol

                                 Attorneys for Defendants

11