NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice* forthcoming)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800; Fax:  (213) 633-6899

Attorneys for Defendants

DAVID ALDEN ERIKSON (State Bar No. 189838)
  david@daviderikson.com
ANTOINETTE WALLER (State Bar No. 152895)
  antoinette@daviderikson.com
JEFFREY J. MILES (SBN 293869)
  jeff@daviderikson.com
ERIKSON LAW GROUP
200 North Larchmont Boulevard
Los Angeles, California 90004
Tel.: 323.465.3100; Fax: 323.465.3177

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-JFW-JC |
| Plaintiff, | **JOINT STATEMENT REGARDING PRE-FILING CONFERENCE OF COUNSEL** |
| vs. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

Pursuant to Section 5(b) of the Court's Standing Order (Dkt. 63), defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists, LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") and plaintiff Francesca Gregorini ("Plaintiff") jointly submit the following statement detailing the conference of counsel held pursuant to Local Rule 7-3 in advance of Defendants' motion to bifurcate discovery, expert disclosures, and summary judgment to first resolve the issue of substantial similarity:

1.      On May 17, 2022, Nicolas Jampol and Cydney Swofford Freeman (counsel for Defendants) met and conferred with Antoinette Waller (counsel for Plaintiff) by videoconference regarding Defendants' forthcoming motion to bifurcate.  Per Plaintiff's counsel's request, counsel met and conferred remotely to minimize risk of COVID-19 transmission, as Plaintiff's counsel David Erickson continues to fight cancer and could not risk exposure.  (Mr. Erikson had intended to attend the conference, but Ms. Waller informed Defendants' counsel that he was unable to participate at the last minute due to a health concern.)  In addition, Mr. Jampol and Ms. Swofford Freeman recently learned they each were exposed to COVID-19 at a law firm event in the days before the conference.  The Zoom conference lasted approximately 30 minutes.

2.      During the conference, Defendants' counsel explained that Defendants will move to bifurcate discovery to allow expert testimony, followed by a motion for summary judgment, to first resolve the issue of substantial similarity. Defendants argued that this procedure is efficient and justified due to the Ninth Circuit's instruction that the Court should have allowed expert discovery before conducting the substantial similarity analysis.  Defendants contended that because substantial similarity is a discrete and dispositive issue, the early determination of which may entirely resolve the case, bifurcation will allow the parties and the Court

to focus on the exact issue the appellate court identified as necessary for this case: expert testimony on substantial similarity.  Defendants further argued that bifurcation will not prejudice Plaintiff in any manner and may be conducted swiftly such that the Court need not change any discovery cutoff, trial, or other dates identified in its May 16, 2022 scheduling order (Dkt. 68) (setting trial for October 24, 2023 and discovery cutoff as July 10, 2023).

    3.    Plaintiff's counsel disagreed with Defendants' counsel's contentions. Specifically, Plaintiff's counsel argued that fact discovery relating to substantial similarity overlaps with other issues in the case such that substantial similarity is not a discrete issue.  Plaintiff's counsel also contended that bifurcation on the issue of substantial similarity would prejudice Plaintiff in that she could not pursue fact discovery on other issues during the initial phase of discovery, as proposed by Defendants.

    4.    The parties determined that they could not resolve these differences, and Defendants will move forward with filing their motion to bifurcate.  Plaintiff will oppose the motion.

DATED: May 19, 2022                    DAVIS WRIGHT TREMAINE LLP

                                       By:   /s/Nicolas A. Jampol
                                             Nicolas A. Jampol

                                       Attorneys for Defendants


DATED: May 19, 2022                    ERIKSON LAW GROUP

                                       By:  /s/Antoinette Waller
                                             Antoinette Waller

                                       Attorneys for Plaintiff

JOINT STATEMENT

**FILER'S ATTESTATION**

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to David A. Erikson and Antoinette Waller, counsel for plaintiff Francesca Gregorini, and I have obtained their authorization to affix Antoinette Waller's electronic signature to this document.

DATED: May 19, 2022                    DAVIS WRIGHT TREMAINE LLP

                                       By: /s/ Nicolas A. Jampol
                                           Nicolas A. Jampol
                                       Attorneys for Defendants

JOINT STATEMENT