NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice* forthcoming)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00406-JFW-JC<br><br>**APPLE INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, defendant Apple Inc. ("Apple") hereby responds to plaintiff Francesca Gregorini's ("Plaintiff") First Amended Complaint ("FAC") as follows:

## INTRODUCTION

1.     Apple admits that it promoted *Servant* and that it provides original content on Apple TV+.  Apple admits that Apple TV+'s original content features some of the world's best stories told by the world's best storytellers.  Apple admits that it is often reported to be one of the world's most valuable companies.  Except as otherwise admitted, Apple denies the allegations in Paragraph 1.

2.     Apple admits that *Servant*'s first three episodes were made available for streaming on Apple TV+ on November 28, 2019.  As to the remaining allegations, to the extent that the allegations in Paragraph 2 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 2.

3.     Apple admits that *Emanuel* has been available to purchase or rent on the iTunes Store.  Except as otherwise admitted, Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3.

4.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and denies them on that basis.

5.     To the extent that the allegations in Paragraph 5 is a legal argument or conclusion, it requires no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 5.

6.     To the extent that the allegations in Paragraph 6 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 6.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7.      To the extent that the allegations in Paragraph 7 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 7.

8.      To the extent that the allegations in Paragraph 8 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 8.

9.      To the extent that the allegations in Paragraph 9 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 9.

10.     To the extent that the allegations in Paragraph 10 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 10.

11.     To the extent that the allegations in Paragraph 11 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 11.

12.     To the extent that the allegations in Paragraph 12 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 12.

13.     To the extent that the allegations in Paragraph 13 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple admits that *Servant*'s first three episodes were made available for streaming on Apple TV+ on November 28, 2019 (Thanksgiving).  Except as otherwise answered, Apple denies the allegations in Paragraph 13.

14.     Apple admits that *Servant* is available on Apple TV+.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 regarding *Emanuel* and denies them on that basis. Except as otherwise admitted, Apple denies the allegations in Paragraph 14.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

15.    To the extent that the allegations in Paragraph 15 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 15.

16.    To the extent that the allegations in Paragraph 16 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 16.

17.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the purported article from *The Atlantic* in Paragraph 17 and denies them on that basis.  Except as otherwise answered, Apple denies the allegations in Paragraph 17.

18.    Apple agrees that a diverse perspective in filmmaking, including gender diversity, is vital, and that the film industry must continue to work to support diverse filmmakers.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the statistics Plaintiff provides in Paragraph 18 and denies them on that basis.  Except as otherwise answered, Apple denies the allegations in Paragraph 18.

19.    To the extent that the allegations in Paragraph 19 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 19.

20.    To the extent that the allegations in Paragraph 20 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple admits that what ultimately became *Servant* was conceived long before *Emanuel* was released.  Apple lacks sufficient knowledge or information to form a belief as to whether Shyamalan or Basgallop have viewed *Emanuel* and denies those allegations on that basis.  Except as otherwise admitted, Apple denies the allegations in Paragraph 20.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

21.    To the extent that the allegations in Paragraph 21 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 21 regarding Shyamalan and denies them on that basis. Except as otherwise answered, Apple denies the allegations in Paragraph 21.

## JURISDICTION AND VENUE

22.    Apple admits that this action arises under 17 U.S.C. § 101 *et seq.*

23.    Apple admits that this Court has subject matter jurisdiction over this matter.

24.    Apple does not contest that venue in this District is proper.

25.    To the extent that the allegations in Paragraph 25 are legal arguments or conclusions, they require no answer.  To the extent an answer may be required, Apple does not contest that it is subject to the personal jurisdiction of this Court in this matter.  Except as otherwise admitted, Apple denies the allegations in Paragraph 25.

## THE PARTIES

26.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and denies them on that basis.

27.    Apple admits that it is a California corporation with its principal place of business in Cupertino, California.

28.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and denies them on that basis.

29.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and denies them on that basis.

30.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and denies them on that basis.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

31.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and denies them on that basis.

32.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and denies them on that basis.

33.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and denies them on that basis.

34.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and denies them on that basis.

35.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and denies them on that basis.

36.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and denies them on that basis.

37.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and denies them on that basis.

38.     To the extent that the allegations in Paragraph 38 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and denies them on that basis.

39.     To the extent that the allegations in Paragraph 39 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Apple denies the allegations in Paragraph 39.

## GENERAL ALLEGATIONS

40.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and denies them on that basis.

41.     Apple denies that it was "poised to hire" Plaintiff to direct episode(s) of *The Morning Show*.  Except as otherwise answered, Apple lacks sufficient

5

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and denies them on that basis.

42.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and denies them on that basis.

43.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and denies them on that basis.

44.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and denies them on that basis.

45.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and denies them on that basis.

46.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and denies them on that basis.

47.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and denies them on that basis.

48.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and denies them on that basis.

49.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and denies them on that basis.

50.    Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and denies them on that basis.

51.    Apple admits that *Emanuel* has been available to purchase or rent on the iTunes Store since 2014. To the extent that the other allegations in Paragraph 51 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Apple lacks sufficient knowledge or information to form a belief as to when Plaintiff wrote or registered *Emanuel*.  Except as otherwise answered, Apple denies the allegations in Paragraph 51.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

52.     Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and denies them on that basis.

53.     Apple admits that it is often reported to be one of the world's most valuable companies and that Apple TV+ is its streaming service.

54.     Apple admits that Apple believes Apple TV+ is an important part of the future of the company.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 54 regarding what The New York Times allegedly said, and denies them on that basis.

55.     Apple admits that it employs or partners with established entertainment executives and filmmakers in connection with Apple TV+.  Apple lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55 regarding what The New York Times allegedly said, and denies them on that basis.

56.     Apple admits that Apple TV+ has competition.  Except as otherwise admitted, Apple lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and denies them on that basis.

57.     Apple admits that it offers and promotes a broad range of original content on Apple TV+.

58.     Apple admits that CEO Tim Cook discussed Apple TV+'s potential while announcing Apple TV+.

59.     Apple admits that it has spent a significant amount of money on original content for Apple TV+ and on advertising that content.

60.     Apple admits that it has released many original shows on Apple TV+, including *Servant*, the first three episodes of which were made available for streaming on Apple TV+ on November 28, 2019.  Apple admits that it renewed *Servant* for a second season prior to releasing the first three episodes on Apple TV+.  Except as otherwise admitted, Apple denies the allegations in Paragraph 60.

7

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

61.     Apple admits that *Servant* was executive produced by M. Night Shyamalan and written and created by Tony Basgallop.

62.     Apple admits that it reviewed drafts of scripts for *Servant*'s first three episodes, among other material, when being pitched the series.  Apple admits that it reached a deal to distribute *Servant* on Apple TV+.  Except as otherwise admitted, Apple lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 62 and denies them on that basis.

63.     To the extent that the allegations in Paragraph 63 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 63.

64.     To the extent that the allegations in Paragraph 64 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple admits that *Emanuel* and *Servant* have been provided to the Court. Apple denies the remaining allegations in Paragraph 64.

65.     To the extent that the allegations in Paragraph 65 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 65.

66.     To the extent that the allegations in Paragraph 66 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 66.

67.     To the extent that the allegations in Paragraph 67 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 67.

68.     To the extent that the allegations in Paragraph 68 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 68.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

69.     To the extent that the allegations in Paragraph 69 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 69.

70.     To the extent that the allegations in Paragraph 70 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 70.

71.     To the extent that the allegations in Paragraph 71 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 71.

72.     To the extent that the allegations in Paragraph 72 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple admits that the concept of "a mother so traumatized by her baby's death that she cares for a doll she believes to be her real baby" is a "basic premise." Except as otherwise answered, Apple denies the allegations in Paragraph 72.

73.     To the extent that the allegations in Paragraph 73 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 73.

74.     To the extent that the allegations in Paragraph 74 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 74.

75.     To the extent that the allegations in Paragraph 75 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 75.

76.     To the extent that the allegations in Paragraph 76 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 76.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

77.     To the extent that the allegations in Paragraph 77 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 77.

78.     To the extent that the allegations in Paragraph 78 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 78.

79.     To the extent that the allegations in Paragraph 79 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 79.

80.     To the extent that the allegations in Paragraph 80 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 80.

81.     To the extent that the allegations in Paragraph 81 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple denies the allegations in Paragraph 81.

82.     To the extent that the allegations in Paragraph 82 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Apple admits that there are a multitude of significant differences between *Emanuel* and *Servant*.  Except as otherwise answered, Apple denies the allegations in Paragraph 82.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement re *Servant* – Against All Defendants)

83.     Apple incorporates and realleges its responses set forth in the preceding paragraphs of this answer.

84.     Apple lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 84 and denies them on that basis.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

85. Apple lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 85 and denies them on that basis.

86. Apple denies the allegations in Paragraph 86.

87. Apple denies the allegations in Paragraph 87.

88. Apple denies the allegations in Paragraph 88.

89. Apple admits that it did not have permission from Plaintiff in connection with *Servant* because Plaintiff's permission was not required. Except as otherwise admitted, Apple denies the allegations in Paragraph 89.

90. Apple denies the allegations in Paragraph 90.

91. Apple denies the allegations in Paragraph 91.

92. Apple denies the allegations in Paragraph 92.

## SECOND CLAIM FOR RELIEF

(For Copyright Infringement re Early *Servant* Script – Against Basgallop and Blumenthal)

93. Apple incorporates and realleges its responses set forth in the preceding paragraphs of this answer.

94. These allegations are not raised against Apple; accordingly, no response is required. To the extent a response is required, Apple denies the allegations in Paragraph 94.

95. These allegations are not raised against Apple; accordingly, no response is required. To the extent a response is required, Apple denies the allegations in Paragraph 95.

96. These allegations are not raised against Apple; accordingly, no response is required. To the extent a response is required, Apple admits that it did not have permission from Plaintiff in connection with *Servant* because Plaintiff's permission was not required. Except as otherwise admitted, Apple denies the allegations in Paragraph 96.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

97.     These allegations are not raised against Apple; accordingly, no response is required.  To the extent a response is required, Apple denies the allegations in Paragraph 97.

98.     These allegations are not raised against Apple; accordingly, no response is required.  To the extent a response is required, Apple denies the allegations in Paragraph 98.

## THIRD CLAIM FOR RELIEF

(For Copyright Infringement re Later *Servant* Script – Against all Defendants except Apple Inc.)

99.     Apple incorporates and realleges its responses set forth in the preceding paragraphs of this answer.

100.   These allegations are not raised against Apple; accordingly, no response is required.  To the extent a response is required, Apple denies the allegations in Paragraph 100.

101.   These allegations are not raised against Apple; accordingly, no response is required.  To the extent a response is required, Apple denies the allegations in Paragraph 101.

102.   These allegations are not raised against Apple; accordingly, no response is required.  To the extent a response is required, Apple admits that it did not have permission from Plaintiff in connection with *Servant* because Plaintiff's permission was not required.  Except as otherwise admitted, Apple denies the allegations in Paragraph 102.

103.   These allegations are not raised against Apple; accordingly, no response is required.  To the extent a response is required, Apple denies the allegations in Paragraph 103.

12

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

104.   These allegations are not raised against Apple; accordingly, no response is required.  To the extent a response is required, Apple denies the allegations in Paragraph 104.

## FOURTH CLAIM FOR RELIEF

(For Contributory and Vicarious Copyright Infringement – Against all Defendants)

105.   Apple incorporates and realleges its responses set forth in the preceding paragraphs of this answer.

106.   Apple denies the allegations in Paragraph 106.

107.   Apple denies the allegations in Paragraph 107.

## PRAYER

Plaintiff's prayer for relief does not require a response.

## ADDITIONAL DEFENSES

Apple asserts the following additional and affirmative defenses in response to the allegations in the FAC.  Apple reserves the right to amend this answer with additional defenses as further information is obtained.  By alleging these additional defenses, Apple is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

### First Additional Defense

1.   The complaint and each of its causes of action fail to state a claim upon which relief can be granted.

### Second Additional Defense

2.   Plaintiff's claims are barred, in whole or in part, because Plaintiff has not demonstrated that she possesses a valid, registered copyright for the allegedly infringed work.

### Third Additional Defense

3.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff does not own the allegedly infringed work.

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## Fourth Additional Defense

4.    Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate access.

## Fifth Additional Defense

5.    Plaintiff's claims are barred, in whole or in part, because the allegedly infringed work is not substantially similar to *Servant*.

## Sixth Additional Defense

6.    Plaintiff's claims are barred, in whole or in part, because the alleged selection and arrangement of elements in Plaintiff's work is not infringed by *Servant*.

## Seventh Additional Defense

7.    Plaintiff's claims are barred, in whole or in part, because *Servant* does not contain any protectable expression owned by Plaintiff.

## Eighth Additional Defense

8.    Plaintiff's claims are barred, in whole or in part, because the allegedly infringed elements are not protectable under copyright law or are in the public domain.

## Ninth Additional Defense

9.    Plaintiff's claims are barred, in whole or in part, because the allegedly infringed elements are not sufficiently original.

## Tenth Additional Defense

10.    Plaintiff's claims are barred, in whole or in part, because *Servant* was independently created.

## Eleventh Additional Defense

11.    Plaintiff's secondary liability claims are barred, in whole or in part, because Plaintiff fails to state a claim for direct infringement.

14

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Twelfth Additional Defense**

12.   Plaintiff has suffered no injury or damage as a result of any act or conduct by Apple.

**Thirteenth Additional Defense**

13.   To the extent Plaintiff's purported copyright was not validly registered before the alleged infringement occurred, Plaintiff's request for attorneys' fees is barred.

**Fourteenth Additional Defense**

14.   Plaintiff's request for punitive damages is barred because punitive damages are not available in statutory copyright actions.

**Fifteenth Additional Defense**

15.   Plaintiff's request for punitive damages is barred because Apple acted in good faith at all times relevant to the complaint.

**Sixteenth Additional Defense**

16.   The complaint and each of its causes of action are barred by the doctrine of unclean hands.

**Seventeenth Additional Defense**

17.   Plaintiff has failed to mitigate her damages, if any.

**Eighteenth Additional Defense**

18.   The complaint's claims for damages are barred because Plaintiff's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

**Nineteenth Additional Defense**

19.   The complaint, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

15

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC
4883-8454-1723v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Twentieth Additional Defense**

20.    The complaint, to the extent that it seeks statutory, exemplary, or punitive damages, violates Apple's rights under the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, § 7 and Article IV, § 16 of the California Constitution.

Apple prays for relief as follows:

1.    A judgment in favor of Apple denying Plaintiff all requested relief and dismissing the complaint with prejudice;

2.    That Apple be awarded its costs of suit, including, without limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

3.    That the Court award Apple such other and further relief as the Court deems just and proper.

DATED: May 25, 2022

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN

By:    /s/ Cydney Swofford Freeman
            Cydney Swofford Freeman

Attorneys for Defendants

APPLE INC.'S ANSWER TO PLAINTIFF'S FAC

16

4883-8454-1723v.3 0113237-000003