NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice* forthcoming)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-JFW-JC |
| Plaintiff, | **BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, defendants Blinding Edge Pictures, Inc. ("Blinding Edge"), Uncle George Productions, LLC ("Uncle George Productions"), M. Night Shyamalan, and Ashwin Rajan (collectively, "Blinding Edge Defendants") hereby respond to plaintiff Francesca Gregorini's ("Plaintiff") First Amended Complaint ("FAC") as follows:

## INTRODUCTION

1.      Blinding Edge Defendants admit that *Servant* is an original series. Blinding Edge Defendants admit that M. Night Shyamalan promoted *Servant*. Except as otherwise admitted, Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and deny them on that basis.

2.      Blinding Edge Defendants admit that *Servant*'s first three episodes were made available for streaming on Apple TV+ on November 28, 2019.  As to the remaining allegations, to the extent that the allegations in Paragraph 2 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 2.

3.      Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and deny them on that basis.

4.      Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and deny them on that basis.

5.      To the extent that the allegation in Paragraph 5 is a legal argument or conclusion, it requires no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegation in Paragraph 5.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6.     To the extent that the allegations in Paragraph 6 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 6.

7.     To the extent that the allegations in Paragraph 7 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 7.

8.     To the extent that the allegations in Paragraph 8 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 8.

9.     To the extent that the allegations in Paragraph 9 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 9.

10.     To the extent that the allegations in Paragraph 10 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 10.

11.     To the extent that the allegations in Paragraph 11 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 11.

12.     To the extent that the allegations in Paragraph 12 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 12.

13.     To the extent that the allegations in Paragraph 13 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants admit that *Servant*'s first three episodes were made available for streaming on Apple TV+ on November 28, 2019 (Thanksgiving). Shyamalan admits that he has expressed an interest in *Servant* continuing for

2

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC

4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

several seasons.  Except as otherwise answered, Blinding Edge Defendants deny the allegations in Paragraph 13.

14.     Blinding Edge Defendants admit that *Servant* is available on Apple TV+.  Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 regarding *Emanuel* and deny them on that basis.  Except as otherwise admitted, Blinding Edge Defendants deny the allegations in Paragraph 14.

15.     To the extent that the allegations in Paragraph 15 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 15.

16.     To the extent that the allegations in Paragraph 16 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 16.

17.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the purported article from *The Atlantic* in Paragraph 17 and deny them on that basis.  Except as otherwise answered, Blinding Edge Defendants deny the allegations in Paragraph 17.

18.     Blinding Edge Defendants agree that a diverse perspective in filmmaking, including gender diversity, is vital, and that the film industry must continue to work to support diverse filmmakers.  Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the statistics Plaintiff provides in Paragraph 18 and deny them on that basis.  Except as otherwise answered, Blinding Edge Defendants deny the allegations in Paragraph 18.

19.     To the extent that the allegations in Paragraph 19 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 19.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

20. To the extent that the allegations in Paragraph 20 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants admit that what ultimately became *Servant* was conceived long before *Emanuel* was released, and that Blinding Edge Defendants have not seen *Emanuel*. Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to whether Tony Basgallop has watched *Emanuel* and deny that allegation on that basis. Except as otherwise admitted, Blinding Edge Defendants deny the allegations in Paragraph 20.

21. To the extent that the allegations in Paragraph 21 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, M. Night Shyamalan admits that Robert McIlhinney filed a lawsuit against him. Except as otherwise answered, Blinding Edge Defendants deny the allegations in Paragraph 21.

## JURISDICTION AND VENUE

22. Blinding Edge Defendants admit that this action arises under 17 U.S.C. § 101 *et seq.*

23. Blinding Edge Defendants admit that this Court has subject matter jurisdiction over this matter.

24. Blinding Edge Defendants do not contest that venue in this District is proper.

25. To the extent that the allegations in Paragraph 25 are legal arguments or conclusions, they require no answer. To the extent an answer may be required, Blinding Edge Defendants do not contest that Blinding Edge Defendants are subject to the personal jurisdiction of this Court in this matter. Except as otherwise admitted, Blinding Edge Defendants deny the allegations in Paragraph 25.

## THE PARTIES

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

26.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.     Blinding Edge Defendants admit that M. Night Shyamalan is a resident of Pennsylvania.

29.     Blinding Edge Defendants admit that Blinding Edge is a Pennsylvania corporation.  Except as otherwise admitted, Blinding Edge denies the allegations in Paragraph 29.

30.     Blinding Edge Defendants admit that Uncle George Productions is a Pennsylvania limited liability company.  Except as otherwise admitted, Uncle George Productions denies the allegations in Paragraph 30.

31.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and deny them on that basis.

32.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and deny them on that basis.

33.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and deny them on that basis.

34.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and deny them on that basis.

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC
4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

35.     Blinding Edge Defendants deny that Ashwin Rajan is a resident of California.

36.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and deny them on that basis.

37.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and deny them on that basis.

38.     To the extent that the allegations in Paragraph 38 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and deny them on that basis.

39.     To the extent that the allegations in Paragraph 39 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants deny the allegations in Paragraph 39.

## **GENERAL ALLEGATIONS**

40.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and deny them on that basis.

41.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and deny them on that basis.

42.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and deny them on that basis.

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

43.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and deny them on that basis.

44.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and deny them on that basis.

45.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and deny them on that basis.

46.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and deny them on that basis.

47.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and deny them on that basis.

48.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and deny them on that basis.

49.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and deny them on that basis.

50.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and deny them on that basis.

51.     To the extent that the allegations in Paragraph 51 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Blinding Edge Defendants lack sufficient knowledge or information to form a belief

7

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC
4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

as to when Plaintiff wrote or registered *Emanuel* and deny those allegations on that basis.  Except as otherwise answered, Blinding Edge Defendants deny the allegations in Paragraph 51.

52.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and deny them on that basis.

53.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and deny them on that basis.

54.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and deny them on that basis.

55.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and deny them on that basis.

56.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and deny them on that basis.

57.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and deny them on that basis.

58.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and deny them on that basis.

59.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and deny them on that basis.

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC
4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

60.     Blinding Edge Defendants admit that *Servant*'s first three episodes were made available on Apple TV+ on November 28, 2019 (Thanksgiving). Blinding Edge Defendants admit that *Servant* was renewed for a second season prior to the release of the first three episodes on Apple TV+.  Except as otherwise admitted, Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and deny them on that basis.

61.     Blinding Edge Defendants admit that *Servant* was executive produced by M. Night Shyamalan and written and created by Tony Basgallop.

62.     Blinding Edge Defendants admit that Apple was given drafts of scripts for *Servant*'s first three episodes, among other material, when being pitched the series.  Blinding Edge Defendants admit that a deal was reached to distribute *Servant* on Apple TV+.  Except as otherwise admitted, Blinding Edge Defendants deny the allegations in Paragraph 62.

63.     To the extent that the allegations in Paragraph 63 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 63.

64.     To the extent that the allegations in Paragraph 64 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants admit that *Emanuel* and *Servant* have been provided to the Court.  Blinding Edge Defendants deny the remaining allegations in Paragraph 64.

65.     To the extent that the allegations in Paragraph 65 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 65.

9

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

66.     To the extent that the allegations in Paragraph 66 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 66.

67.     To the extent that the allegations in Paragraph 67 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 67.

68.     To the extent that the allegations in Paragraph 68 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 68.

69.     To the extent that the allegations in Paragraph 69 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 69.

70.     To the extent that the allegations in Paragraph 70 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 70.

71.     To the extent that the allegations in Paragraph 71 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 71.

72.     To the extent that the allegations in Paragraph 72 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants admit that the concept of "a mother so traumatized by her baby's death that she cares for a doll she believes to be her real baby" is a "basic premise."  Except as otherwise answered, Blinding Edge Defendants deny the allegations in Paragraph 72.

73.     To the extent that the allegations in Paragraph 73 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 73.

10

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC
4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

74.     To the extent that the allegations in Paragraph 74 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 74.

75.     To the extent that the allegations in Paragraph 75 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 75.

76.     To the extent that the allegations in Paragraph 76 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 76.

77.     To the extent that the allegations in Paragraph 77 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 77.

78.     To the extent that the allegations in Paragraph 78 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 78.

79.     To the extent that the allegations in Paragraph 79 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 79.

80.     To the extent that the allegations in Paragraph 80 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 80.

81.     To the extent that the allegations in Paragraph 81 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants deny the allegations in Paragraph 81.

82.     To the extent that the allegations in Paragraph 82 are legal arguments or conclusions, they require no answer. To the extent that an answer may be required, Blinding Edge Defendants admit that there are a multitude of significant

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

differences between *Emanuel* and *Servant*.  Except as otherwise answered, Blinding Edge Defendants deny the allegations in Paragraph 82.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement re *Servant* – Against All Defendants)

83.     Blinding Edge Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

84.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 84 and deny them on that basis.

85.     Blinding Edge Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 85 and deny them on that basis.

86.     Blinding Edge Defendants deny the allegations in Paragraph 86.

87.     Blinding Edge Defendants deny the allegations in Paragraph 87.

88.     Blinding Edge Defendants deny the allegations in Paragraph 88.

89.     Blinding Edge Defendants admit that they did not have permission from Plaintiff in connection with *Servant* because Plaintiff's permission was not required.  Except as otherwise admitted, Blinding Edge Defendants deny the allegations in Paragraph 89.

90.     Blinding Edge Defendants deny the allegations in Paragraph 90.

91.     Blinding Edge Defendants deny the allegations in Paragraph 91.

92.     Blinding Edge Defendants deny the allegations in Paragraph 92.

## SECOND CLAIM FOR RELIEF

(For Copyright Infringement re Early *Servant* Script – Against Basgallop and Blumenthal)

93.     Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

94.     These allegations are not raised against Blinding Edge Defendants; accordingly, no response is required.  To the extent a response is required, Blinding Edge Defendants deny the allegations in Paragraph 94.

95.     These allegations are not raised against Blinding Edge Defendants; accordingly, no response is required.  To the extent a response is required, Blinding Edge Defendants deny the allegations in Paragraph 95.

96.     These allegations are not raised against Blinding Edge Defendants; accordingly, no response is required.  To the extent a response is required, Blinding Edge Defendants admit that they did not have permission from Plaintiff in connection with *Servant* because Plaintiff's permission was not required.  Except as otherwise admitted, Blinding Edge Defendants deny the allegations in Paragraph 96.

97.     These allegations are not raised against Blinding Edge Defendants; accordingly, no response is required.  To the extent a response is required, Blinding Edge Defendants deny the allegations in Paragraph 97.

98.     These allegations are not raised against Blinding Edge Defendants; accordingly, no response is required.  To the extent a response is required, Blinding Edge Defendants deny the allegations in Paragraph 98.

## THIRD CLAIM FOR RELIEF

(For Copyright Infringement re Later *Servant* Script – Against all Defendants except Apple Inc.)

99.     Blinding Edge Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

100.    Blinding Edge Defendants deny the allegations in Paragraph 100.

101.    Blinding Edge Defendants deny the allegations in Paragraph 101.

102.    Blinding Edge Defendants admit that they did not have permission from Plaintiff in connection with *Servant* because Plaintiff's permission was not

13

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC

4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

required.  Except as otherwise admitted, Blinding Edge Defendants deny the allegations in Paragraph 102.

103.   Blinding Edge Defendants deny the allegations in Paragraph 103.

104.   Blinding Edge Defendants deny the allegations in Paragraph 104.

## FOURTH CLAIM FOR RELIEF

(For Contributory and Vicarious Copyright Infringement – Against all Defendants)

105.   Blinding Edge Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

106.   Blinding Edge Defendants deny the allegations in Paragraph 106.

107.   Blinding Edge Defendants deny the allegations in Paragraph 107.

## PRAYER

Plaintiff's prayer for relief does not require a response.

## ADDITIONAL DEFENSES

Blinding Edge Defendants assert the following additional and affirmative defenses in response to the allegations in the FAC.  Blinding Edge Defendants reserve the right to amend this answer with additional defenses as further information is obtained.  By alleging these additional defenses, Blinding Edge Defendants are not in any way agreeing or conceding that they have the burden of proof or persuasion on any of these issues.

### First Additional Defense

1.     The complaint and each of its causes of action fail to state a claim upon which relief can be granted.

### Second Additional Defense

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not demonstrated that she possesses a valid, registered copyright for the allegedly infringed work.

### Third Additional Defense

14

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC
4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff does not own the allegedly infringed work.

### Fourth Additional Defense

4.      Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate access.

### Fifth Additional Defense

5.      Plaintiff's claims are barred, in whole or in part, because the allegedly infringed work is not substantially similar to *Servant*.

### Sixth Additional Defense

6.      Plaintiff's claims are barred, in whole or in part, because the alleged selection and arrangement of elements in Plaintiff's work is not infringed by Defendants' works.

### Seventh Additional Defense

7.      Plaintiff's claims are barred, in whole or in part, because *Servant* does not contain any protectable expression owned by Plaintiff.

### Eighth Additional Defense

8.      Plaintiff's claims are barred, in whole or in part, because the allegedly infringed elements are not protectable under copyright law or are in the public domain.

### Ninth Additional Defense

9.      Plaintiff's claims are barred, in whole or in part, because the allegedly infringed elements are not sufficiently original.

### Tenth Additional Defense

10.     Plaintiff's claims are barred, in whole or in part, because *Servant* was independently created.

### Eleventh Additional Defense

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC
4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

11.    Plaintiff's secondary liability claims are barred, in whole or in part, because Plaintiff fails to state a claim for direct infringement.

### Twelfth Additional Defense

12.    Plaintiff has suffered no injury or damage as a result of any act or conduct by Defendants.

### Thirteenth Additional Defense

13.    To the extent Plaintiff's purported copyright was not validly registered before the alleged infringement occurred, Plaintiff's request for attorneys' fees is barred.

### Fourteenth Additional Defense

14.    Plaintiff's request for punitive damages is barred because punitive damages are not available in statutory copyright actions.

### Fifteenth Additional Defense

15.    Plaintiff's request for punitive damages is barred because Defendants acted in good faith at all times relevant to the complaint.

### Sixteenth Additional Defense

16.    The complaint and each of its causes of action are barred by the doctrine of unclean hands.

### Seventeenth Additional Defense

17.    Plaintiff has failed to mitigate her damages, if any.

### Eighteenth Additional Defense

18.    The complaint's claims for damages are barred because Plaintiff's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

### Nineteenth Additional Defense

19.    The complaint, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be

16

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC
4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

**Twentieth Additional Defense**

20.     The complaint, to the extent that it seeks statutory, exemplary, or punitive damages, violates Blinding Edge Defendants' rights under the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, § 7 and Article IV, § 16 of the California Constitution.

Blinding Edge Defendants pray for relief as follows:

1.     A judgment in favor of Blinding Edge Defendants denying Plaintiff all requested relief and dismissing the complaint with prejudice;

2.     That Blinding Edge Defendants be awarded their costs of suit, including, without limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

3.     That the Court award Blinding Edge Defendants such other and further relief as the Court deems just and proper.

DATED: May 25, 2022

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN

By:   /s/ Cydney Swofford Freeman
          Cydney Swofford Freeman

Attorneys for Defendants

17

BLINDING EDGE DEFENDANTS' ANSWER TO PLAINTIFF'S FAC
4868-9329-3602v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899