NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice* forthcoming)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>                    Plaintiff,<br><br>       vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:20-cv-00406-JFW-JC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION ON SUBSTANTIAL SIMILARITY**<br><br>Date:   June 27, 2022<br>Time:   1:30 p.m.<br>Dept.:   7A |

**TO THE COURT, PLAINTIFF, AND ALL PARTIES:**

PLEASE TAKE NOTICE that on June 27, 2022, at 1:30 p.m. or as soon as may be heard in Courtroom 7A of the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, CA 90012, defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") will and hereby do move this Court to bifurcate discovery by providing for an initial phase of discovery solely as to substantial similarity, with all other discovery stayed pending further order of the Court, and permitting Defendants to file an initial motion for summary judgment limited to substantial similarity without prejudice to Defendants filing a second motion for summary judgment as to other issues after the close of discovery should the initial motion be denied.

This motion is brought pursuant to Federal Rules of Civil Procedure 1, 16, 26, and 42(b), and the Court's inherent authority to manage the actions before it and the Court's calendar and scheduling, and on the following grounds:

Plaintiff in this action asserts against Defendants claims for direct, contributory, and vicarious copyright infringement. Whether Plaintiff can raise a genuine dispute that the works at issue are substantially similar under the extrinsic test is a distinct issue, independent from all other issues presented in this case, and if decided in Defendants' favor resolves the case in its entirety. The Ninth Circuit remanded this case on the basis that this Court should have allowed expert discovery on substantial similarity before making that assessment. Defendants seek bifurcation to focus on exactly that.

Bifurcating discovery could save the parties and the Court considerable, time, burden, and expense, will further the interest of judicial economy, will not prejudice (and could substantially benefit) the parties, and is appropriate under this Court's

i
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

broad discretionary authority to manage discovery. Specifically, Defendants propose the following schedule:

- Expert reports on substantial similarity due within 30 days from the date of this Order;
- Rebuttal expert reports on substantial similarity, if any, due within 60 days from the date of this Order;
- Expert discovery on substantial similarity will close in 90 days from the date of this Order; and
- Defendants shall file a motion for summary judgment on substantial similarity within 110 days from the date of this Order.

Defendants also seek leave to file a second motion for summary judgment as to other issues after the close of discovery if the initial motion is denied.

The motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities and proposed order, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of the motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 17, 2022. *See* Dkt. 69.

DATED: May 25, 2022

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN

By: /s/ Nicolas A. Jampol
Nicolas A. Jampol

Attorneys for Defendants

ii
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ..................................... 2

III. THIS COURT SHOULD EXERCISE ITS DISCRETION TO BIFURCATE DISCOVERY ............................................................................ 4

    A. Legal Standards .................................................................................. 4

    B. Bifurcation Would Allow an Initial Focus on the Discrete and Dispositive Issue of Substantial Similarity ........................................ 6

    C. Bifurcation Favors Conservation of Resources and Judicial Efficiency ............................................................................................ 8

    D. Bifurcation Will Not Prejudice Plaintiff ............................................ 9

IV. CONCLUSION .................................................................................................. 11

iii

DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*Bassil v. Webster*,
    2021 WL 1235258 (C.D. Cal. Jan. 15, 2021) ................................................. 4, 8, 9

*Benay v. Warner Bros. Entm't*,
    607 F.3d 620 (9th Cir. 2010) ................................................................................ 7

*Craigslist Inc. v. 3Taps Inc.*,
    942 F. Supp. 2d 962 (N.D. Cal. 2013) ................................................................. 5

*Danjaq LLC v. Sony Corp.*,
    263 F.3d 942 (9th Cir. 2001) ................................................................................ 5

*Ellingson Timber Co. v. Great Northern Ry. Co.*,
    424 F.2d 497 (9th Cir. 1970) ............................................................................ 5, 8

*Funky Films, Inc. v. Time Warner Entm't*,
    462 F.3d 1062 (9th Cir. 2006) .............................................................................. 7

*Gable v. Nat'l Broad. Co.*,
    727 F. Supp. 2d 815 (C.D. Cal. 2010), *aff'd*, 438 F. App'x 587 (9th Cir. 2011) .. 7

*Gregorini v. Apple Inc.*,
    2020 WL 6128067 (C.D. Cal. May 28, 2020) .................................................. 2, 3

*Gregorini v. Apple Inc.*,
    2022 WL 522307 (9th Cir. Feb. 22, 2022) ........................................................ 4, 6

*Johannsongs-Publishing LTD v. Lovland*,
    2020 WL 2315805 (C.D. Cal. Apr. 3, 2020), *aff'd*, 2021 WL
    5564626 (9th Cir. Nov. 29, 2021) ......................................................................... 7

*Kouf v. Walt Disney Pictures & Television*,
    16 F.3d 1042 (9th Cir. 1994) ................................................................................ 7

*Lee v. Hill et al.*,
    No. 1:19-cv-09220 (S.D.N.Y. May 7, 2020) ........................................................ 7

*M2 Software, Inc. v. Madacy Entm't*,
    421 F.3d 1073 (9th Cir. 2005) .............................................................................. 4

iv
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*MD Helicopters, Inc. v. Aerometals, Inc.*,
  2019 WL 1227919 (E.D. Cal. Mar. 15, 2019) ........................................................... 4

*Moreno v. NBCUniversal Media, LLC*,
  2013 WL 12123988 (C.D. Cal. Sept. 30, 2013) ............................................. *passim*

*Morrill v. Stefani*,
  338 F. Supp. 3d 1051 (C.D. Cal. 2018) ................................................................. 5

*OSHO Int'l Found. v. Chapman Way*,
  2019 WL 12379558 (C.D. Cal. Sept. 11, 2019) ...................................................... 9

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) .................................................................................. 9

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003) ................................................................................ 7

*Skidmore v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020) ......................................................................... 5, 6, 7

*Slate v. Am. Broad. Companies, Inc.*,
  274 F.R.D. 350 (D.D.C. 2011) ................................................................................ 9

*Vivid Techs. v. Am. Sci. & Eng'g*,
  200 F.3d 795 (Fed. Cir. 1999) ................................................................................ 4

*Wixen Music Publ'g v. Triller, Inc.*,
  2021 WL 4816627 (C.D. Cal. Aug. 11, 2021) ............................................... *passim*

*Yeasayer, LLC et al. v. Tesfaye*,
  No. 1:20-cv-01608 (S.D.N.Y. Apr. 30, 2020) ....................................................... 8

*Young v. Mophie, Inc.*,
  2020 WL 1000578 (C.D. Cal. Jan. 7, 2020) .......................................................... 4

*Zahedi v. Miramax, LLC*,
  2021 WL 3260603 (C.D. Cal. Mar. 24, 2021) .................................................... 8, 9

**Statutes**

17 U.S.C. § 504(b) ........................................................................................................ 9

v
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Rules**

Federal Rule of Civil Procedure 42(b) ................................................................. 4, 6, 8

DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff brings this copyright infringement action over alleged similarities between Plaintiff's film *The Truth About Emanuel* ("*Emanuel*") and Defendants' television series *Servant*. While this Court previously dismissed this action for lack of substantial similarity as a matter of law and granted Defendants' motion for attorneys' fees for Plaintiff's pursuit of an objectively unreasonable lawsuit, the Ninth Circuit reversed those decisions (in an unpublished memorandum disposition) based on its determination that expert testimony would aid this Court in assessing substantial similarity. With the goal of most efficiently and economically addressing the Ninth Circuit's instruction on remand, Defendants seek to bifurcate these proceedings into an initial phase of expert discovery as to substantial similarity, concluding with an initial summary judgment motion limited to that issue. If Plaintiff defeats that motion, the case would then proceed to fact and expert discovery on the remaining factual and legal issues.

Given the Ninth Circuit's decision in this case that the determination of substantial similarity without allowing the parties to engage in expert discovery was improper, bifurcation would allow the parties and this Court to focus on exactly what the appellate court held was necessary here: expert testimony on substantial similarity. Importantly, substantial similarity is a discrete and dispositive issue whose early determination could entirely resolve the case. Moreover, it requires an objective inquiry, which can be conducted as a matter of law, and which is independent from all other liability and damages issues. Bifurcation would be especially beneficial in this case, which has *eleven* defendants and will require the parties to undertake extensive fact discovery as to complex liability and damages issues, including ownership, access, independent creation, and secondary liability.

Bifurcation also will not prejudice Plaintiff in any manner; it would not cause any additional cost, delay, or undue burden on Plaintiff, but would only simplify

DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003
1
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  and streamline discovery.  Whether this case is bifurcated or not, the parties will
2  proffer expert testimony on the issue of substantial similarity; bifurcation simply
3  moves that issue to the beginning instead of the middle or end of discovery.  In fact,
4  if Defendants prevail on a motion for summary judgment for lack of substantial
5  similarity as a matter of law, bifurcation would actually save Plaintiff from the time
6  and cost of engaging in wide-ranging discovery.  And if Plaintiff prevails on
7  summary judgment, the parties will simply move on to other discovery.  Based on
8  the Court's scheduling order (Dkt. 68), there is plenty of time to bifurcate the
9  proceedings in this manner without any impact on the current schedule.
10     Defendants respectfully request that this Court order an initial expert
11  discovery phase and summary judgment motion solely as to substantial similarity,
12  staying other discovery unless and until Plaintiff defeats that motion.

13              **II.   FACTUAL AND PROCEDURAL BACKGROUND**

14     On January 15, 2020, Plaintiff filed her complaint for direct, contributory,
15  and vicarious copyright infringement, alleging that three of the ten episodes of the
16  first season of Defendants' television series *Servant* infringed her film *Emanuel*.
17  Dkt. 1.  Defendants moved to dismiss the complaint on February 18, 2020, arguing
18  that the works lacked substantial similarity as a matter of law.  Dkt. 20.  On March
19  10, 2020, Plaintiff filed her First Amended Complaint ("FAC"), asserting the same
20  direct, contributory, and vicarious infringement claims and adding two new
21  copyright-infringement claims: one involving an alleged "early" draft script for
22  *Servant*'s first three episodes and one involving a "later" draft script.  Dkt. 25, FAC
23  ¶¶ 93-104.  Defendants moved to dismiss the FAC with prejudice.  Dkt. 30.
24     On May 28, 2020, this Court issued an order granting Defendants' motion
25  and dismissing the FAC with prejudice.  Dkt. 39.  This Court found that each
26  element considered under the Ninth Circuit's extrinsic test for substantial similarity
27  demonstrated a lack of protectable similarity between *Emanuel* and *Servant*.  The
28  Court began by noting that Plaintiff conceded that the works' shared premise—"a

2
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

mother so traumatized by her baby's death that she cares for a doll she believes to be her real baby," and "a privileged mother hiring a nanny to care for the doll she believes to be her deceased baby"—is unprotectable. *Id.* at *6. The Court then "agree[d] with Defendants that many of the alleged similarities in the [FAC] are mischaracterizations of one or both of the works at issue, stock scenes, or scenes a faire," *id.* at *11, and found that the "alleged similarities between the works pale in comparison to the differences in plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." *Id.* at *12. The Court concluded that *Emanuel* and Episodes 1 through 3 of *Servant* "are not substantially similar as a matter of law." *Id.* at *12.

The Court also held that "the alleged overlap between Emanuel and Servant is not pervasive enough or substantial enough to demonstrate substantial similarity based on a 'selection and arrangement' theory." *Id.* Because Plaintiff's direct infringement claim failed, so too did her claims as to the purported scripts and for contributory and vicarious infringement. *Id.* Having succeeded on their motion to dismiss, Defendants moved for attorneys' fees pursuant to 17 U.S.C. § 505, which this Court awarded on July 21, 2020, holding that Plaintiff's claims were "objectively unreasonable" and that some of Plaintiff's "litigation tactics appear to have lacked a proper motive." Dkt. 53.

On June 29, 2020 and August 18, 2020, Plaintiff appealed this Court's decisions. On February 22, 2022, the Ninth Circuit issued an unpublished memorandum disposition reversing and remanding on the grounds that the Court's dismissal of the case was improper "at this early stage of the case" and that "expert testimony would aid the court in objectively evaluating similarities in cinematic techniques, distinguishing creative elements from *scenes a faire*, determining the extent and qualitative importance of similar elements between the works, and comparing works in the different mediums of film and television." *Gregorini v.*

3
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Apple Inc.*, No. 20-55664, 2022 WL 522307, at *2 (9th Cir. Feb. 22, 2022). The mandate issued on April 22, 2022. Dkt. 61.

### III. THIS COURT SHOULD EXERCISE ITS DISCRETION TO BIFURCATE DISCOVERY

#### A. Legal Standards

Federal Rule of Civil Procedure 42(b) grants the Court "broad discretion to bifurcate proceedings '[f]or convenience or to avoid prejudice, or to expedite and economize.'" *Wixen Music Publ'g v. Triller, Inc.*, 2021 WL 4816627, at *1 (C.D. Cal. Aug. 11, 2021) (quoting Fed. R. Civ. P. 42(b)); *accord M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005).[1] As part of Rule 42(b)'s wide discretionary authority, the Court has "power to limit discovery to the segregated issues … to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Wixen*, 2021 WL 4816627, at *1 (citation omitted); *Bassil v. Webster*, 2021 WL 1235258, at *1 (C.D. Cal. Jan. 15, 2021) (same); *see also Young v. Mophie, Inc.*, 2020 WL 1000578, at *2 (C.D. Cal. Jan. 7, 2020) ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.") (quoting *Vivid Techs. v. Am. Sci. & Eng'g*, 200 F.3d 795, 803-804 (Fed. Cir. 1999)).

Bifurcation is proper where it will be "conducive to expedition and economy." *Moreno v. NBCUniversal Media, LLC*, 2013 WL 12123988, at *3 (C.D.

---

[1] Although this motion implicates discovery, it must be directed to the District Judge because the proposed bifurcation would require the Court's leave for Defendants to potentially file a second motion for summary judgment on the remaining issues in the case if Plaintiff defeats the initial summary judgment motion on substantial similarity. *See MD Helicopters, Inc. v. Aerometals, Inc.*, 2019 WL 1227919 at *6 (E.D. Cal. Mar. 15, 2019) (motion for bifurcation properly directed to District Judge). *See also* Dkt. 68 (limiting parties to one motion for summary judgment unless the Court allows otherwise).

4
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Cal. Sept. 30, 2013). Courts "consider several factors … including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." *Wixen*, 2021 WL 4816627, at *1 (citation omitted). A "favored purpose of bifurcation" is to "avoid[] a difficult question by first dealing with an easier, dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001); *see Wixen*, 2021 WL 4816627, at *1 ("Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case.") (citation omitted); *Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962, 982 (N.D. Cal. 2013) ("One permissible reason to bifurcate is to defer costly discovery on one issue until another potentially dispositive issue has been resolved.") (citing *Ellingson Timber Co. v. Great Northern Ry. Co.*, 424 F.2d 497 (9th Cir. 1970)).

Prior to the Ninth Circuit's *en banc* decision abandoning the inverse ratio rule in *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020), bifurcation as to the extrinsic test in copyright infringement cases was impossible because that doctrine hinged the requisite substantial similarity showing on the level of access demonstrated, which is a factual issue. As a result, fact discovery on access typically had to be completed before a motion for summary judgment could be brought on the extrinsic test. *But see Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1062 (C.D. Cal. 2018) (granting summary judgment after early expert discovery and disclosures as to extrinsic test). With *Skidmore*'s rejection of the inverse ratio rule, it is now clear that access is irrelevant to the extrinsic test, which in this case presents a narrow, isolated, and discrete issue that does not require fact discovery. *See infra* Section III.B.

Accordingly, Defendants seek to streamline these proceedings and avoid substantial and undue delay and expense in the determination of this action by the bifurcation of discovery and summary judgment into two phases: (1) an initial phase as to the issue of whether Plaintiff can establish the required substantial similarity under the extrinsic test, during which discovery will be stayed on the

5

DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

remaining issues unless and until Plaintiff defeats Defendants' motion for summary judgment on the issue, and (2) if necessary, a subsequent phase for remaining liability issues and damages, along with a second motion for summary judgment.[2] As explained below, all factors that courts consider under Rule 42(b) favor bifurcation in this case.

### B. Bifurcation Would Allow an Initial Focus on the Discrete and Dispositive Issue of Substantial Similarity

The Ninth Circuit reversed and remanded this case on the grounds that assessing substantial similarity without allowing the parties to engage in expert discovery was premature, and that expert testimony would "aid" the Court. *Gregorini*, 2022 WL 522307, at *1. Given that decision, bifurcating discovery into an initial phase focused solely on substantial similarity would directly and efficiently respond to the Ninth Circuit's concern about premature dismissal by allowing the exact thing that the appellate court said this Court should have considered before reaching its decision on substantial similarity: expert testimony.

Plaintiff cannot succeed on her copyright infringement claims without establishing substantial similarity as part of the extrinsic test. *See Skidmore*, 952 F.3d at 1064 (explaining that a copyright plaintiff must demonstrate "unlawful appropriation," which is determined by a two-part test, the first of which is the "extrinsic test" that "compares the objective similarities of specific expressive elements in the two works," *i.e.*, the substantial similarity inquiry). *Skidmore*, 952 F.3d at 1064. Importantly, a "plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment." *Funky Films, Inc. v. Time Warner Entm't*, 462 F.3d 1062, 1077 (9th Cir. 2006) (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)).

---

[2] Defendants reserve the right to move to bifurcate discovery and trial into separate liability and damages phases if the case proceeds beyond a dispositive motion based on substantial similarity.

6
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Critically, following *Skidmore*'s abandonment of the inverse ratio rule, substantial similarity now operates independently of the question of access, 952 F.3d at 1069, and is also "distinct and separable," *Moreno*, 2013 WL 12123988, at *2, from all other factual and legal issues in a copyright infringement case, including registration, ownership, access, independent creation, secondary liability, and damages. Indeed, courts regularly grant summary judgment to copyright defendants on the issue of substantial similarity, and those decisions are regularly affirmed by the Ninth Circuit. *See, e.g., Benay v. Warner Bros. Entm't*, 607 F.3d 620, 629 (9th Cir. 2010) (affirming summary judgment for failure to satisfy extrinsic test); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1177 (9th Cir. 2003) (same). In addition, summary judgment may be granted for lack of substantial similarity despite plaintiffs offering a conflicting expert report or declaration. *See, e.g.*, *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 837 (C.D. Cal. 2010) (collecting cases that "have found in favor of defendants on the issue of substantial similarity despite the existence of expert testimony offered by plaintiffs"), *aff'd* 438 F. App'x 587 (9th Cir. 2011); *Johannsongs-Publishing LTD v. Lovland,* 2020 WL 2315805 at *7 (C.D. Cal. Apr. 3, 2020) (summary judgment granted despite "dueling expert reports" where only defendants' expert "applied reliable principles and methods" in comparing works), *aff'd*, 2021 WL 5564626 (9th Cir. Nov. 29, 2021).

This lawsuit is a model candidate for bifurcation because an initial phase of discovery allowing expert testimony on substantial similarity—the very thing that the Ninth Circuit said was required before assessing substantial similarity in this case—might dispose of this whole matter, and if not, the parties will simply move to discovery on the other issues. *See Lee v. Hill et al.*, No. 1:19-cv-09220, Dkt. 56 (S.D.N.Y. May 7, 2020) (agreeing with defendants that discovery "can and should be bifurcated to provide for an initial phase of expert discovery as to the substantial similarity test"). *See also Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (bifurcation appropriate where copyright ownership was a

7
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

dispositive issue); *Wixen*, 2021 WL 4816627 at *2 (same); *Bassil*, 2021 WL 1235258 at *2 (bifurcating liability and damages in infringement claim where liability turned on access and substantial similarity); *Yeasayer, LLC et al. v. Tesfaye*, No. 1:20-cv-01608, Dkt. 37 (S.D.N.Y. Apr. 30, 2020) (permitting an early expert discovery phase on question of whether defendants' song recaptured actual sounds in plaintiffs' song).

### C. Bifurcation Favors Conservation of Resources and Judicial Efficiency

Bifurcation of this matter would substantially further conservation of resources and streamline judicial efficiency in this case, because it could result in entirely avoiding extensive and costly discovery involving *eleven* defendants. *See Ellingson Timber*, 424 F.2d at 499 (purpose of Rule 42(b) is "to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues").

*First*, as explained above, substantial similarity is "easily severable" from other issues in this case because expert testimony on this issue has no bearing on any other issue in the case. More specifically, the evidence used to prove substantial similarity is limited to the works themselves and possibly the reports and testimony of the parties' respective experts. *Wixen*, 2021 WL 4816627, at *2 (bifurcation granted in part because it "would not result in overlapping discovery requests" and would not implicate "other matters related to liability or damages"); *Bassil*, 2021 WL 1235258, at *2 (bifurcation appropriate between liability and damages where there "would be no overlap in either fact discovery or expert testimony"); *Moreno*, 2013 WL 12123988, at *2-3 (favoring bifurcation where the witnesses and documents relevant to the first phase were "discrete" and "limited"). There is no risk that bifurcation would result in duplication or overlap of discovery.

*Second*, bifurcation would enable the parties to potentially avoid burdensome and expensive discovery "due to the potentially high degree of complexity and cost involved," particularly given the numerous defendants in this case. *Bassil*, 2021

8
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

WL 1235258, at *2.  Other than substantial similarity, this case will require significant discovery on numerous other factual issues, including ownership, access, and independent creation.  Discovery will also be required for Plaintiff's secondary liability claims, which trigger distinct factual and legal elements.  *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) (legal elements of contributory copyright infringement claim).  The parties will also need to conduct discovery regarding potential damages, which may involve: (1) assessment of each defendant's revenues attributable to the alleged infringement; (2) each defendant's "deductible expenses"; and (3) each defendant's "elements of profit attributable to factors other than the copyrighted work."  17 U.S.C. § 504(b).  Unsurprisingly, courts have routinely acknowledged the burdens imposed by damages discovery in copyright infringement cases and have bifurcated on that basis.  *E.g.*, *Bassil*, 2021 WL 1235258, at *2; *OSHO Int'l Found. v. Chapman Way*, 2019 WL 12379558, at *3 (C.D. Cal. Sept. 11, 2019); *Moreno*, 2013 WL 12123988, at *2; *Slate v. Am. Broad. Companies, Inc.*, 274 F.R.D. 350, 353 (D.D.C. 2011).

        Discovery into these myriad and wide-ranging issues will require the collection, review, preparation, and production of numerous documents from numerous defendants, along with numerous party, non-party, and expert depositions.  *See Zahedi*, 2021 WL 3260603, at *2 (bifurcating where the second phase of discovery "is far more complex and requires extensive discovery from 14 additional Defendants"); *Bassil*, 2021 WL 1235258, at *2 (bifurcation favored in light of "potential complexities and attendant costs of damages discovery").  If Plaintiff cannot satisfy the extrinsic test, however, all of this discovery will be unnecessary.  Accordingly, bifurcation is highly appropriate here.

### D.  Bifurcation Will Not Prejudice Plaintiff

        Bifurcation will avoid substantial prejudice to Defendants while in no way prejudicing Plaintiff.  If this Court determines, following expert discovery, that the works at issue in this case are not substantially similar as a matter of law,

9

DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

bifurcation will have saved significant time and money incurred *by all parties* and conserve significant judicial resources. *See Moreno*, 2013 WL 12123988 at *2 (noting that bifurcation of discovery in a copyright claim "could save both Parties significant time and money") (citation omitted).

      Conversely, if the Court denies Defendants' motion for summary judgment on substantial similarity grounds, bifurcation will not have prejudiced Plaintiff in any manner. Plaintiff has to confront substantial similarity at some point, and whether she does that sooner as opposed to later does not prejudice her. *See Wixen*, 2021 WL 4816627 at *4 ("[Defendant] is not requesting any additional discovery, only that initial discovery that may foreclose later discovery proceed first."). Importantly, bifurcation would in no way impact the Scheduling and Case Management Order entered by the Court on May 16, 2022. Dkt. 68. The discovery cut-off in this case has been set for July 10, 2023, and the last day for hearing motions is August 7, 2023. The initial period to focus on substantial similarity need not be long—a few months for the parties to complete discovery and Defendants to file a motion for summary judgment. If Plaintiff prevails, the parties will simply move to the other discovery in the case, with plenty of time before the Court's ordered discovery and motion cut-off dates.

      Even in the very unlikely event that Plaintiff suffers some delay as a result of bifurcation, such harm is vastly outweighed by the prejudice to Defendants of having to complete extensive discovery on every issue in the case before the Court decides substantial similarity, which the Court found lacking once before. *See, e.g., Wixen*, 2021 WL 4816627, at *4 ("While [Plaintiff] may be prejudiced by some delay … the likelihood of prejudice towards [Defendant] by forcing it to proceed with costly discovery is high"). The Ninth Circuit did not rule that this Court reached the wrong conclusion, only that it should have allowed the parties to engage in expert discovery before making the substantial similarity assessment in this case. Defendants propose that the parties now focus on exactly that.

DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## IV. CONCLUSION

Because bifurcated discovery would further convenience, efficiency, and judicial economy in this case, Defendants respectfully request that this Court order the bifurcation of discovery into an initial phase to determine the narrow issue of substantial similarity under the extrinsic test and grant Defendants leave to file an initial summary judgment motion without prejudice to filing a later summary judgment motion on other issues at the close of discovery.

DATED: May 25, 2022

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN

By:  /s/ Nicolas A. Jampol
         Nicolas A. Jampol

Attorneys for Defendants

11
DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4885-0789-7629v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899