ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>    Defendants. | Case No. 2:20-cv-00406-JFW-JC<br>Hon. John F. Walter<br><br>**DECLARATION OF DAVID ERIKSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**<br><br>Date: June 27, 2022<br>Time: 1:30 p.m.<br>Dept.: 7A |

I, David A. Erikson, declare:

1. I am counsel for Plaintiff Francesca Gregorini in the above-captioned matter. I have first-hand, personal knowledge of the facts set forth in this Declaration, and if called to testify, could and would testify as follows.

2. On April 8, 2020, the defendants served initial disclosures in this case, identifying numerous individuals (including the person most knowledgeable at many of the non-Apple Defendants) with discoverable information on "*Servant*'s development, pre-production, production, and/or post-production." In March and April 2020, Plaintiff served two sets of document requests. The requests were exactly what one would expect of an initial set in a copyright case, with requests such as All non-privileged "Documents reflecting or evidencing Communications concerning Plaintiff," "All non-privileged Documents reflecting or evidencing Communications concerning *Emanuel*" and the like. Plaintiff's second set specifically mirrored Apple's initial disclosures, by asking for documents identified or referred to therein. With few exceptions, defendants indicated that they would indeed produce responsive documents, or at least meet and confer to clarify terms.

3. After this Court granted Apple's Motion to Dismiss, Plaintiff appealed, on the ground, inter alia, that this Court erred by finding lack of substantial similarity without the benefit of a more developed factual record, discovery, or expert testimony. The body of the brief links to a true and correct version of Plaintiff's opening appellate brief on Westlaw. In the parties' Ninth Circuit briefing they continued the same individual debates under the extrinsic test as were considered in this court, with the ability to cite to more scenes and cinematic elements as support.

I declare under penalty of perjury pursuant to the laws of the State of

1 | California and the United States of America that the foregoing facts are true and
2 | correct.
3 |     I am executing this Declaration on June 6, 2022 in Los Angeles, California.

                              */s/David A. Erikson*
                              DAVID A. ERIKSON