|   |   |
|---|---|
| NICOLAS A. JAMPOL (State Bar No. 244867)<br>  nicolasjampol@dwt.com<br>CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)<br>  cydneyfreeman@dwt.com<br>MEENAKSHI KRISHNAN (*pro hac vice*)<br>  meenakshikrishnan@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, California 90017-2566<br>Tel.: (213) 633-6800<br>Fax: (213) 633-6899 | |

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>    Plaintiff,<br><br>    vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:20-cv-00406-JFW-JC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION ON SUBSTANTIAL SIMILARITY**<br><br>Date:    June 27, 2022<br>Time:   1:30 p.m.<br>Dept.:   7A |

## I. INTRODUCTION

The Ninth Circuit reversed the dismissal of this case because, it believed, this Court should have allowed the parties to engage in expert discovery on the issue of substantial similarity. Plaintiff opposes bifurcation of this case into an initial period focused on this exact issue, and instead of presenting any legitimate opposition to the benefits of bifurcation based on the procedural and substantive posture of this case, Plaintiff repeatedly mischaracterizes the Ninth Circuit's decision, ignores well-established precedent that she must establish substantial similarity to prevail on her claims, and, amazingly, *now argues that expert testimony may not impact the extrinsic test at all* despite years of vociferously arguing the exact opposite to this Court and the Ninth Circuit.

Plaintiff must establish substantial similarity sooner or later, and given the Ninth Circuit's decision that this Court should have allowed the parties to conduct expert discovery before ruling on substantial similarity, bifurcation would allow the parties to focus initially on this distinct and discrete issue without any prejudice whatsoever to Plaintiff. It would simplify and streamline discovery and may resolve the entire case before the parties and the Court spend the time and resources on discovery against numerous defendants involving wide-ranging issues of liability and damages. If, on the other hand, Plaintiff prevails, the parties will simply move on to other discovery without impacting the Court's scheduling order (Dkt. 68).

Defendants respectfully request that this Court order an initial expert discovery phase and summary judgment motion solely as to substantial similarity, staying other discovery unless and until Plaintiff defeats that motion.

## II. THE COURT SHOULD BIFURCATE DISCOVERY

### A. Bifurcation Would Provide For Early Resolution Of The Discrete And Potentially Dispositive Issue Of Substantial Similarity

There is no dispute that the Court has wide latitude to bifurcate under Rule 42(b). *See Wright & Miller*, 9A Fed. Prac. & Proc. Civ. § 2387 (3d ed. Apr. 2022)

1
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4868-9803-5492v.4 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(bifurcation can be ordered on "any separate issue" in a case). Bifurcation is appropriate where, as here, the Court may "limit discovery to the segregated issues … to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Wixen Music Publ'g v. Triller, Inc.*, 2021 WL 4816627, at *1 (C.D. Cal. Aug. 11, 2021) (citation omitted); *see also Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (bifurcation appropriate where the "litigation is still in its early stages" and the "entire case may be resolved" at the first phase of discovery involving "straightforward issues of law" that could be "resolved or at least clarified on a motion for summary judgment"); *Bassil v. Webster*, 2021 WL 1235258, at *2 (C.D. Cal. Jan. 15, 2021) (bifurcation appropriate where it "promotes judicial and economic efficiency").[1]

Contrary to Plaintiff's suggestion, bifurcation is not predicated on an assumption that Defendants would prevail on an initial summary judgment motion. Opp. at 17-19. Instead, it merely recognizes and operationalizes the economic and functional benefits of the *possibility* of an early and complete resolution of this case. *Moreno v. NBCUniversal Media, LLC*, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (courts considering bifurcation ask whether there is "the chance that separation will lead to economy in discovery") (citation omitted). This is particularly true where, like here, there is no prejudice to Plaintiff even if she prevails on the early motion; she will have to prove substantial similarity at some

---

[1] Plaintiff criticizes the fact that Defendants cite two case management orders as opposed to opinions. Opp. at 16-17 (citing *Yeasayer, LLC et al. v. Tesfaye*, No. 1:20-cv-01608, Dkt. 37 (S.D.N.Y. Apr. 30, 2020); *Lee v. Hill et al.*, No. 1:19-cv-09220, Dkt. 56 (S.D.N.Y. May 7, 2020)). But those orders only highlight that bifurcation, even as to substantial similarity, is an unexceptional discovery tool that is well within courts' discretion and does not require lengthy explanation or analysis if the court deems it appropriate for any particular case.

2
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4868-9803-5492v.4 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

point in this case no matter what, and requiring that she establish that earlier rather than later simply is not prejudicial.

Plaintiff claims that bifurcation into an initial phase focused on substantial similarity is unworkable because few courts have done it before. Opp. at 16-17. While bifurcation specifically with respect to substantial similarity is not yet common, that is because the Ninth Circuit only recently decided *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020), which rejected the inverse-ratio rule, thus conclusively disconnecting substantial similarity from the level of access that the defendant had to the plaintiff's work (a separate factual issue). This prior connection between substantial similarity and access meant that substantial similarity previously was not a discrete issue, as it is now.

Plaintiff also makes the incredible argument that Defendants' series may still infringe her film *even if they are not substantially similar*. Opp. at 14-15. She is mistaken. In *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), the Ninth Circuit explained that there are "two distinct components" a plaintiff must prove to show a defendant has copied protected aspects of the plaintiff's work: (1) "copying" and (2) "unlawful appropriation." While the first component, copying, may be shown either through direct evidence or circumstantially by establishing access and striking similarity, a plaintiff *separately and additionally* must prove the second component, unlawful appropriation, which requires that the works are "substantially similar." *Id.*; *see also Skidmore*, 952 F.3d at 1064 (same). In other words, even with direct evidence of copying, if the defendant's work is not substantially similar to the plaintiff's work, *it does not infringe*. *Rentmeester*, 883 F.3d at 1117 (explaining that "copyright law does not forbid all copying," and thus, to establish liability, "the defendant must *also* copy enough of the plaintiff's expression … to render the two works substantially similar") (emphasis added) (citation & internal quotation marks omitted). Indeed, in *Rentmeester*, the Ninth Circuit held that plaintiff had plausibly alleged copying: "Nike's access to

3
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4868-9803-5492v.4 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Rentmeester's photo, combined with the obvious conceptual similarities between the two photos, is sufficient to create a presumption that the Nike photo was the product of copying rather than independent creation." *Id.* at 1118. The court concluded, however, that the plaintiff had *not* plausibly alleged unlawful appropriation due to a lack of substantial similarity. *Id.* at 1121. Unsurprisingly, Plaintiff fails to even mention either *Rentmeester* or *Skidmore* in connection with her novel—and plainly erroneous—theory that dissimilar works may still infringe.[2]

## B.  The Ninth Circuit's Decision Favors Bifurcation

Plaintiff spends most of her opposition mischaracterizing the Ninth Circuit's unpublished memorandum disposition remanding this case. Though she argues that the Ninth Circuit found a triable issue on substantial similarity, the court merely held that *dismissal* based solely on the Court's comparison of the parties' works was premature. More specifically, the Ninth Circuit held that dismissal was "improper" because "**at this early stage of the case** … reasonable minds could differ on the issue of substantial similarity." *Gregorini v. Apple, Inc.*, 2022 WL 522307, at *1 (9th Cir. Feb. 22, 2022) (emphasis added) (citation & internal quotation marks omitted). It further explained that expert testimony would aid the Court "in objectively evaluating similarities in cinematic techniques, distinguishing creative elements from *scènes à faire*, determining the extent and qualitative importance of similar elements between the works, and comparing works in the different mediums of film and television." *Id.*

---

[2] All of the cases on which Plaintiff relies are pre-*Rentmeester* and *Skidmore* and mostly out-of-circuit. Opp. at 15-16 & n.6 (citing *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir. 1994); *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992); *Broderbund Software, Inc. v. Unison World, Inc.*, 648 F.Supp. 1127, 1135 (N.D. Cal. 1986); *Rottlund Co. v. Pinnacle Corp.*, 2004 WL 1879983, at *19 (D. Minn. Aug. 20, 2004); *Koontz v. Jaffarian*, 617 F. Supp. 1108 (E.D. Va. 1985), *aff'd*, 787 F.2d 906 (4th Cir. 1986)).

4
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4868-9803-5492v.4 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's opposition repeatedly ignores the Ninth Circuit's finding that this Court's dismissal based on substantial similarity was "improper" only "***at this early stage***," i.e., on a motion to dismiss. *Id.* (emphasis added).  The Ninth Circuit was not, as Plaintiff may hope, deciding an issue that was not before it and preemptively declaring that the works were sufficiently similar to survive summary judgment. The Ninth Circuit's decision does not preclude a finding of lack of substantial similarity at summary judgment or suggest in the slightest that Defendants could not prevail on that issue as a matter of law.  The Ninth Circuit merely held that this Court should have allowed the parties to engage in expert discovery before deciding substantial similarity—no more, no less.  Bifurcation in this case would implement what the Ninth Circuit expressly contemplated on remand: this Court's objective analysis of substantial similarity *after* expert discovery.

### C. Plaintiff's Opposition Reverses Course On Her Years-Long Contention That Expert Testimony Was Needed In This Case

Plaintiff makes the remarkable argument in her opposition that bifurcation into an initial substantial similarity phase would be "unworkable" because expert testimony would be of "little or no value" to the extrinsic test.  Opp. at 8-9, 12. This squarely contradicts the position that Plaintiff has advanced for *years* in this litigation: that expert testimony is integral to the substantial similarity inquiry.  *See, e.g.*, Dkt. 34 at 4 (Plaintiff's Opposition to Defendants' Motion to Dismiss) ("[O]ne reason the extrinsic test cannot be adjudicated at the pleading stage is that expert analysis is required.").  In opposing Defendants' motion to dismiss, for example, Plaintiff repeatedly insisted that she would rely on expert testimony in establishing various elements of substantial similarity, *see id.* at 5, 23-24, noting that the "need for expert analysis is also particularly great where, as here, a court must compare works of different formats." *Id.* at 23.  Indeed, Plaintiff's appeal was predicated on the Court deciding substantial similarity before expert discovery. *See* Appellant's Opening Brief, *Gregorini v. Apple Inc.*, 2020 WL 6531099, at *38-56 (9th Cir. filed

5

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4868-9803-5492v.4 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Oct. 28, 2020) (expert testimony was "material," "necessary," "required," and "should have [been] received"); *id.* at *39 ("The court should not have made such assumptions/findings without affording Plaintiff the opportunity to support her allegation with expert opinion."); *id.* at *41-42 ("The district court erred by deciding such questions [of substantial similarity in different mediums] without expert testimony."). While Plaintiff may now fear that expert testimony will not support her position on substantial similarity, her surprise abandonment of the entire basis of her appeal in an attempt to avoid bifurcation should be rejected.[3]

### D. Fact Discovery Is Not Needed To Assess Substantial Similarity

Having seemingly discarded her position that the Court needs to consider expert testimony, Plaintiff contends that the Court must allow her to conduct *fact* discovery relating to substantial similarity. Opp. at 8-13. But the fact discovery she identifies—for example, the show writers' intent regarding particular scenes or characters or behind-the-scenes discussions of the show's meaning, *id.* at 10—is irrelevant to substantial similarity, which relies solely on an *objective* comparison of *the works themselves*. *See*, *e.g.*, *Funky Films, Inc. v. Time Warner Entm't*, 462 F.3d 1072, 1077-1078 (9th Cir. 2006) (disregarding the parties' arguments and characterizations about the works and reaching its holding based its own "actual reading of the two works"); *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1058 (C.D. Cal. 2018) (extrinsic test at summary judgment is "measured by external, objective criteria"). Notably, despite Plaintiff raising her purported need for fact discovery on

---

[3] In an attempt to argue that Defendants are the ones who reversed positions, Plaintiff claims that Defendants previously agreed to engage in fact discovery without proposing bifurcation. Opp. at 4. But that was before this Court granted Defendants' motion to dismiss and before the Ninth Circuit decided that the parties should have had the opportunity to engage in expert discovery on substantial similarity before this Court reached that decision. Given the change in the procedural posture of the case, how to most effectively conduct discovery in the case likewise has changed.

6

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4868-9803-5492v.4 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

appeal, Appellant's Opening Brief, *Gregorini v. Apple Inc.*, 2020 WL 6531099, at *37, the Ninth Circuit decided only that *expert* discovery was required before this Court could assess substantial similarity.

### E. Bifurcation Will Not Prejudice Plaintiff

Plaintiff claims that she will be prejudiced by bifurcation primarily because of costs and the purported "significant delay" that would result. Opp. at 19-20. Neither is true.

Regarding the costs associated with expert discovery, to prevail on her claims Plaintiff will have to establish substantial similarity and incur the cost of any expert on that issue at some point. Plaintiff's claim that she may retain many different experts to prove her theory of substantial similarity is immaterial. *Id.* at 19 n.8. Again, those are experts she presumably plans to retain at some point regardless, and thus bifurcation would not result in any unique expert discovery costs that would not otherwise be undertaken by Plaintiff in the natural progression of this case. Nor, if Defendants were to lose their summary judgment motion on substantial similarity, would bifurcation result in "overlapping" expert testimony as to future discovery phases, as expert testimony on substantial similarity has no bearing on any other issue in the case. Accordingly, Plaintiff's characterization of an initial substantial similarity phase as a "detour" is misleading; substantial similarity is a necessary destination in the case. *Id.* at 3. The only question is whether Plaintiff must prove it now or later.

As to any prejudice resulting from the "delay" of bifurcation, Plaintiff simultaneously claims that bifurcation would both be too slow and too fast. Plaintiff claims that Defendants want the parties to devote "the next five to twelve months" of this case to a substantial similarity phase—a schedule that Defendants never proposed—*and* that Defendants seek a "wildly accelerated and unrealistic 140-day period (knowing that Plaintiff would have to ask for more time)." *Id.* at 2, 20. Even setting aside Plaintiff's paradoxical position, Plaintiff would experience

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4868-9803-5492v.4 0113237-000003
7
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

no prejudice in either direction under Defendants' proposed schedule, which proposes that expert reports be due within 30 days from the date of an order granting bifurcation; rebuttal expert reports due within 60 days from that order; and a summary judgment motion on substantial similarity due within 110 days from that order. Mot. at ii. Nor would Defendants' proposed schedule lead to any undue delay or have any material impact on the Court's scheduling order, as there is ample time for the parties to move on to other discovery if Plaintiff prevails on the initial summary judgment motion.[4]

## III.   CONCLUSION

Defendants respectfully request that this Court order the bifurcation of discovery into an initial phase of expert discovery on the issue of substantial similarity and grant Defendants leave to file an initial summary judgment motion without prejudice to filing a later summary judgment motion on other issues at the close of discovery.

DATED: June 13, 2022

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN

By:   /s/ Nicolas A. Jampol
        Nicolas A. Jampol

Attorneys for Defendants

---

[4] Whether Plaintiff believes the proposed time period for an initial phase of this case is too fast or slow, Defendants are willing to meet and confer with Plaintiff to find a mutually agreeable schedule, which they can then propose to the Court by joint stipulation.

8
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY
4868-9803-5492v.4 0113237-000003
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899