NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>                          Plaintiff,<br><br>        vs.<br><br>APPLE INC., a California corporation;<br>M. NIGHT SHYAMALAN, an<br>individual, BLINDING EDGE<br>PICTURES, INC., a Pennsylvania<br>corporation; UNCLE GEORGE<br>PRODUCTIONS, a Pennsylvania<br>corporate; ESCAPE ARTISTS LLC, a<br>California limited liability company;<br>DOLPHIN BLACK PRODUCTIONS, a<br>California corporation; TONY<br>BASGALLOP, an individual; ASHWIN<br>RAJAN, an individual; JASON<br>BLUMENTHAL, an individual; TODD<br>BLACK, an individual; STEVE TISCH,<br>an individual; and DOES 1-10, inclusive,<br><br>                          Defendants. | Case No. 2:20-cv-00406-JFW-JC<br><br>**DEFENDANTS' [PROPOSED]<br>STATEMENT OF DECISION<br>GRANTING MOTION TO<br>BIFURCATE DISCOVERY AND<br>PERMITTING INITIAL SUMMARY<br>JUDGMENT MOTION ON<br>SUBSTANTIAL SIMILARITY**<br><br>Date:        June 27, 2022<br>Time:       1:30 p.m.<br>Dept.:      7A |

**[PROPOSED] STATEMENT OF DECISION**

On May 25, 2022, defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") moved this Court to bifurcate discovery by providing for an initial phase of expert discovery as to substantial similarity, pursuant to Federal Rules of Civil Procedure 1, 16, 26, and 42(b), and the Court's inherent authority to manage the actions before it and the Court's calendar and scheduling ("Motion"). The Motion seeks an Order staying all other discovery pending further order of the Court and permitting Defendants to file an initial motion for summary judgment limited to substantial similarity without prejudice to Defendants filing a second motion for summary judgment as to other issues after the close of discovery should the initial motion be denied. On June 6, 2022, plaintiff Francesca Gregorini ("Plaintiff") filed her Opposition to the Motion, and on June 13, 2022, Defendants filed their reply in support of the Motion.

## I.   FACTUAL BACKGROUND

On January 15, 2020, Plaintiff filed this action for direct, contributory, and vicarious copyright infringement, alleging that three of the ten episodes of the first season of Defendants' television series *Servant* infringed her film *Emanuel*. Dkt. 1. On February 18, 2020, Defendants moved to dismiss Plaintiff's Complaint. Dkt. 20. On March 10, 2020, Plaintiff filed her First Amended Complaint ("FAC"), asserting the same direct, contributory, and vicarious infringement claims and adding two new copyright-infringement claims: one involving an alleged "early" draft script for *Servant*'s first three episodes and one involving a "later" draft script. Dkt. 25. Defendants moved to dismiss the FAC with prejudice on March 24, 2020 (Dkt. 30), and after the parties fully briefed the motion, the Court granted Defendants' motion to dismiss with prejudice on May 28, 2020. Dkt. 39.

Defendants moved for attorneys' fees on June 23, 2020 (Dkt. 44), and after the parties fully briefed the motion, the Court granted Defendants' motion on July 21, 2020, holding that Plaintiff's claims were "objectively unreasonable" and that some of Plaintiff's "litigation tactics appear to have lacked a proper motive."  Dkt. 53.

On June 29, 2020 and August 18, 2020, Plaintiff appealed this Court's decisions.  On February 22, 2022, the Ninth Circuit issued an unpublished memorandum disposition reversing and remanding on the grounds that the Court's dismissal of the case was improper "at this early stage of the case" and that "expert testimony would aid the court in objectively evaluating similarities in cinematic techniques, distinguishing creative elements from *scenes a faire*, determining the extent and qualitative importance of similar elements between the works, and comparing works in the different mediums of film and television." *Gregorini v. Apple Inc.*, No. 20-55664, 2022 WL 522307, at *2 (9th Cir. Feb. 22, 2022).  The mandate issued on April 22, 2022.  Dkt. 61.

Defendants now move this Court for an order (a) bifurcating discovery to allow the parties to focus initially on expert discovery on substantial similarity; and (b) seeking leave to file a second motion for summary judgment as to other factual and legal issues in this case if the initial motion is denied.  The Court finds that the factors considered in determining whether to bifurcate discovery weigh in favor of Defendants, and grants the Motion for the reasons that follow.

## II.    BIFURCATION OF DISCOVERY IS APPROPRIATE IN THIS CASE

Federal Rule of Civil Procedure 42(b) grants courts "broad discretion to bifurcate proceedings '[f]or convenience or to avoid prejudice, or to expedite and economize.'" *Wixen Music Publ'g v. Triller, Inc.*, 2021 WL 4816627, at *1 (C.D. Cal. Aug. 11, 2021) (quoting Fed. R. Civ. P. 42(b)); *see also Moreno v. NBCUniversal Media, LLC*, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) ("The decision whether to grant or deny a motion for bifurcation lies within the trial court's sound discretion."). "Factors to be considered when ruling on a Rule 42(b)

motion include complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery." *Moreno*, 2013 WL 12123988, at *2 (citation omitted). Courts should also consider whether bifurcation "will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay." *Id.* (citation omitted).

As part of Rule 42(b)'s wide discretionary authority, the Court has "power to limit discovery to the segregated issues … to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Wixen*, 2021 WL 4816627, at *1 (citation omitted); *Bassil v. Webster*, 2021 WL 1235258, at *1 (C.D. Cal. Jan. 15, 2021) (same); *see also Young v. Mophie, Inc.*, 2020 WL 1000578, at *2 (C.D. Cal. Jan. 7, 2020) ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.") (quoting *Vivid Techs. v. Am. Sci. & Eng'g*, 200 F.3d 795, 803-804 (Fed. Cir. 1999)).

## A.    Bifurcation Would Permit Early Resolution Of The Discrete And Potentially Dispositive Issue Of Substantial Similarity

The Ninth Circuit reversed and remanded this case on the grounds that assessing substantial similarity without allowing the parties to engage in expert discovery was premature, and that expert testimony would "aid" the Court. *Gregorini*, 2022 WL 522307, at *1.[1]  Given that decision, the Court agrees that

---

[1] To the extent that Plaintiff suggests that the Ninth Circuit decided the issue of substantial similarity as a matter of law, she is wrong.  The Ninth Circuit solely found that this Court's dismissal based on substantial similarity was "improper" only "at this early stage," i.e., on a motion to dismiss.  *Gregorini*, 2022 WL 522307, at *2.  The Ninth Circuit's decision does not preclude a finding of lack of substantial similarity at summary judgment or suggest that Defendants could not prevail on that issue as a matter of law.

bifurcating discovery into an initial phase of expert discovery focused solely on substantial similarity would directly and efficiently respond to the Ninth Circuit's concern.

The Court finds that bifurcation is especially favored here for two reasons.

First, contrary to her suggestion otherwise, Dkt. 34 at 14-15, Plaintiff cannot succeed on her copyright infringement claims without establishing substantial similarity as part of the extrinsic test. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018) (explaining that a copyright plaintiff must demonstrate "unlawful appropriation," which is determined by a two-part test, the first of which is the "extrinsic test" that "compares the objective similarities of specific expressive elements in the two works," *i.e.*, the substantial similarity inquiry); *see also Skidmore v. Led Zeppelin*, 952 F.3d 1064 (9th Cir. 2020) (same).

Second, following *Skidmore*'s abandonment of the inverse ratio rule, substantial similarity now operates independently of the question of access, *id.* 1069, and is also "distinct and separable," *Moreno*, 2013 WL 12123988, at *2, from all other factual and legal issues in a copyright infringement case like this one, including registration, ownership, access, independent creation, secondary liability, and damages.

Here, an initial phase of discovery allowing expert testimony on the discrete issue of substantial similarity might dispose of this whole matter, and if not, the parties will simply move to discovery on the other issues. *See also Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal. Mar. 24, 2021) (bifurcation appropriate where copyright ownership was a dispositive issue); *Wixen*, 2021 WL 4816627 at *2 (same); *Bassil*, 2021 WL 1235258 at *2 (bifurcating liability and damages in infringement claim where liability turned on access and substantial similarity); *Lee v. Hill et al.*, No. 1:19-cv-09220, Dkt. 56 (S.D.N.Y. May 7, 2020) (agreeing with defendants that discovery "can and should be bifurcated to provide for an initial phase of expert discovery as to the substantial similarity test").

## B.    Bifurcation Favors Conservation of Resources and Judicial Efficiency

Bifurcation is especially appropriate where, as here, it would substantially further conservation of resources and streamline judicial efficiency. In this case, bifurcation could result in entirely avoiding extensive and costly discovery involving *eleven* defendants. *See Ellingson Timber*, *Ellingson Timber Co. v. Great Northern Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (purpose of Rule 42(b) is "to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues").

First, substantial similarity is easily severable from other issues in this case because expert testimony on this issue has no bearing on any other issue in the case. More specifically, the evidence used to prove substantial similarity is limited to the works themselves and possibly the reports and testimony of the parties' respective experts.[2]  *Wixen*, 2021 WL 4816627, at *2 (bifurcation granted in part because it "would not result in overlapping discovery requests" and would not implicate "other matters related to liability or damages"); *Bassil*, 2021 WL 1235258, at *2 (bifurcation appropriate between liability and damages where there "would be no overlap in either fact discovery or expert testimony"); *Moreno*, 2013 WL 12123988, at *2-3 (favoring bifurcation where the witnesses and documents relevant to the first

---

[2] Plaintiff reverses course in her opposition and now claims that expert discovery is largely irrelevant to the extrinsic test.  Instead, she contends that she should be allowed to conduct fact discovery related to substantial similarity.  But the fact discovery she identifies—for example, the show writers' intent regarding particular scenes or characters or behind-the-scenes discussions of the show's meaning, Dkt. 34 at 10—is irrelevant to substantial similarity, which relies on an objective comparison of the works themselves.  *See*, *e.g.*, *Funky Films, Inc. v. Time Warner Entm't*, 462 F.3d 1072, 1077-1078 (9th Cir. 2006) (disregarding the parties' arguments and characterizations about the works and reaching its holding based its own "actual reading of the two works"); *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1058 (C.D. Cal. 2018) (extrinsic test at summary judgment is "measured by external, objective criteria").

phase were "discrete" and "limited").  There is no risk that bifurcation would result in duplication or overlap of discovery.

Second, bifurcation would enable the parties to potentially avoid burdensome and expensive discovery "due to the potentially high degree of complexity and cost involved," particularly given the numerous defendants in this case. *Bassil*, 2021 WL 1235258, at *2.  Other than substantial similarity, this case will require significant discovery on numerous other factual issues, including ownership, access, and independent creation.  Discovery will also be required for Plaintiff's secondary liability claims, which trigger distinct factual and legal elements. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) (legal elements of contributory copyright infringement claim).  The parties will also need to conduct discovery regarding potential damages, which may involve: (1) assessment of each defendant's revenues attributable to the alleged infringement; (2) each defendant's "deductible expenses"; and (3) each defendant's "elements of profit attributable to factors other than the copyrighted work."  17 U.S.C. § 504(b).  Because of these complexities, courts routinely acknowledge the burdens imposed by damages discovery in copyright cases and have bifurcated on that basis alone. *E.g.*, *Bassil*, 2021 WL 1235258, at *2; *OSHO Int'l Found. v. Chapman Way*, 2019 WL 12379558, at *3 (C.D. Cal. Sept. 11, 2019); *Moreno*, 2013 WL 12123988, at *2.

If Plaintiff cannot satisfy the extrinsic test, however, all of this discovery will be unnecessary. Accordingly, the Court finds that bifurcation is highly favored here.

**C.    Bifurcation Will Not Prejudice Plaintiff**

Finally, Plaintiff argues that bifurcation would lead to prejudice in the form of costs and delay.  The Court disagrees.  On the contrary, the Court finds that bifurcation will *avoid* substantial prejudice to Defendants while in no way prejudicing Plaintiff.  Plaintiff has to confront substantial similarity at some point (and incur the related costs), and whether she does that sooner as opposed to later does not prejudice her. *See Wixen*, 2021 WL 4816627 at *4 ("[Defendant] is not

1  requesting any additional discovery, only that initial discovery that may foreclose
2  later discovery proceed first.").

3       As for timing, importantly, under Defendants' proposed schedule, bifurcation
4  would in no way impact the Scheduling and Case Management Order entered on
5  May 16, 2022.  Dkt. 68.  If Plaintiff prevails, the parties will simply move to the
6  other discovery in the case, with plenty of time before the Court's ordered discovery
7  and motion cut-off dates.  If Defendants prevail, bifurcation will have saved
8  significant time and money incurred *by all parties* and conserve significant judicial
9  resources.  *See Moreno*, 2013 WL 12123988 at *2 (noting that bifurcation of
10  discovery in a copyright claim "could save both Parties significant time and
11  money") (citation omitted).

12       Plaintiff contends that Defendants' proposed schedule is both too slow and
13  too fast.  Notwithstanding the schedule set forth in this Order, within five days of
14  this Order, the parties may submit a joint stipulation with a mutually acceptable
15  schedule for this initial phase of discovery and an initial motion for summary
16  judgment.  If no such joint stipulation is filed, the below schedule will control.

17  ### III.   CONCLUSION

18       For the foregoing reasons, Defendants' Motion is **GRANTED**, without
19  prejudice to Defendants filing a later summary judgment motion on other issues at
20  the close of discovery.  This Court **STAYS** all other discovery pending further order
21  of the Court and **ORDERS** the following:

22      • Expert reports on substantial similarity shall be due within **30 days** from
23        the date of this Order;

24      • Rebuttal expert reports on substantial similarity, if any, shall be due within
25        **60 days** from the date of this Order;

26      • Expert discovery on substantial similarity shall close in **90 days** from the
27        date of this Order; and

28

[PROPOSED] STATEMENT OF DECISION FOR MOTION TO BIFURCATE DISCOVERY
4872-9654-3781v.2 0113237-000003

- Defendants shall file a motion for summary judgment on substantial similarity within **110 days** from the date of this Order.

Dated: _____          By:_____
                                        Honorable John F. Walter
                                        United States District Judge

8