ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>    Defendants. | Case No. 2:20-cv-00406-JFW-JC<br>Hon. John F. Walter<br><br>**PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION DENYING DEFENDANTS' MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION**<br><br>Date:  June 27, 2022<br>Time:  1:30 p.m.<br>Crtrm: 7A |

# [PROPOSED] STATEMENT OF DECISION

On May 25, 2022, Defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc., Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") moved to bifurcate discovery in this case as described below; to amend the case scheduling order; and to make an exception to the Court's prohibition on serial motions for summary judgment to allow Defendants to file a preliminary motion for summary judgment on the issue of substantial similarity, and then to file to file a subsequent sunmmary judgment motion on other issues should the first such motion fail (the "Motion"). On June 6, 2022, Plaintiff Francesca Gregorini ("Plaintiff") filed her Opposition. On June 13, 2022, Defendants filed a Reply.

Having considered the briefing of the parties, as well as the relevant law and the records in this case, and for the reasons set forth below, the Court hereby DENIES Defendants' Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff claims that Defendants infringed her copyright in her 2013 feature film, *The Truth About Emanuel* ("*Emanuel*"). Specifically, Plaintiff claims that Episodes 1 through 3 of AppleTV+'s television series *Servant* is a "wholesale copy and unauthorized television adaptation" of *Emanuel*. [First Amended Complaint ("FAC") ¶ 2.] In her FAC filed on March 10, 2020, Plaintiff alleges the following claims for relief: (1) copyright infringement against all Defendants with respect to Episodes 1 through 3 of Servant; (2) copyright infringement against Defendants Tony Basgallop and Jason Blumenthal with respect to the first iteration of the scripts for Episodes 1 through 3 of Servant (the "Early Scripts"); (3) copyright infringement against all Defendants except Apple Inc. with respect to a second iteration of scripts for Episodes 1 through 3 of Servant (the "Later Scripts"); and (4) contributory and

vicarious copyright infringement against all Defendants. The FAC enumerates many alleged individual discrete similarities among the works.

On March 24, 2020, Defendants moved to dismiss the FAC for lack of substantial similarity, asserting specific disagreements about many of the individual similarities alleged by Plaintiff. [Apple's Motion to Dismiss ("MTD"), Docket # 30, pp. 8-24.] Apple discounted many similarituies alleged by Plaintiff on the grounds that the element in question was (a) an unprotectable scene a faire, idea, or stock element, or (b) based on is a mischaracterization of one or both works. [Id.] In opposition, Plaintiff defended the discrete similarities she had alleged, and emphasized the need to build the factual record through discovery, including expert discovery. [Opposition § IV(D)(4) ("Evaluating similarities requires discovery and expert testimony").] The Court granted Apple's motion. [Order granting MTD, Docket #39 ("Order").] The Ninth Circuit reversed. Its key reasoning is featured in the following paragraph:

> Here, the district court's dismissal of Gregorini's suit at this early stage of the case was improper because reasonable minds could differ on the issue of substantial similarity. Moreover, this is a case in which discovery could shed light on the issues that actually matter to the outcome. In particular, expert testimony would aid the court in objectively evaluating similarities in cinematic techniques, distinguishing creative elements from *scènes à faire*, determining the extent and qualitative importance of similar elements between the works, and comparing works in the different mediums of film and television [*Gregorini v. Apple Inc.*, 2022 WL 522307, *1 (9th Cir. Feb. 22, 2022)("Opinion") (all citations, ellipses, and quotation marks deleted).

## II.   DEFENDANTS' MOTION

By this Motion, Apple asks the Court to bifurcate discovery by providing for an initial phase of discovery solely as to substantial similarity, with all other discovery stayed pending further order of the Court, and permitting Defendants to file an initial motion for summary judgment limited to substantial similarity without prejudice to Defendants filing a second motion for summary judgment as to other issues after the close of discovery should the initial motion be denied. [Notice of Motion.] The

3   PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION DENYING MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

motion is brought pursuant to Federal Rules of Civil Procedure 1, 16, 26, and 42(b), and the Court's inherent authority to manage the actions before it and Court's calendar and scheduling.

Defendants request that the initial discovery phase be limited to expert discovery. More specifically, Apples requests that expert reports on substantial similarity be due within 30 days from grant of the motion; that rebuttal expert reports on substantial similarity, if any, be due within 60 days from grant of the motion; that expert discovery on substantial similarity close in 90 days from grant of the motion; and that Defendants shall file a motion for summary judgment on substantial similarity within 110 days from grant of the motion. Defendants also request that if the Court denies Defendants' initial motion for summary judgment, they may file a second summary judgment motion on the remaining issues in the case.

## III.     LEGAL STANDARD

The Court has wide latitude to bifurcate under Rule 42(b). See Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2387 (3d ed. Apr. 2022) (bifurcation can be ordered on "any separate issue" in a case). Although the Court has broad discretion in managing the discovery process, "bifurcation is not to be routinely ordered." Fed. R. Civ. P. 42(b), Advisory Committee Notes to the 1966 Amendment. The party seeking bifurcation bears the burden of proving that it is justified. *Bassil v. Webster*, 2021 WL 1235258, at *1 (C.D. Cal. 2021); *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

Bifurcation is appropriate where the Court may "limit discovery to the segregated issues . . . to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Wixen Music Publ'g v. Triller, Inc.*, 2021 WL 4816627, at *1 (C.D. Cal. Aug. 11, 2021) (citation omitted); see also *Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *2 (C.D. Cal.7 Mar. 24, 2021) (bifurcation appropriate where the "litigation is still in its early

stages" and the "entire case may be resolved" at the first phase of discovery involving "straightforward issues of law" that could be "resolved or at least clarified on a motion for summary judgment"); *Bassil v. Webster*, 2021 WL 1235258, at *2 (C.D. Cal. Jan. 15, 2021) (bifurcation appropriate where it "promotes judicial and economic efficiency")

## IV. DISCUSSION

Defendants argue that whether Plaintiff can raise a genuine dispute that the works at issue are substantially similar is a distinct issue, independent from all other issues presented in this case, and if decided in Defendants' favor resolves the case in its entirety. Defendants also argue that the relief it seeks is an appropriate response to the Ninth's Circuit's order: "The Ninth Circuit remanded this case on the basis that this Court should have allowed expert discovery on substantial similarity before making that assessment. Defendants seek bifurcation to focus on exactly that". [Motion at i:22-25.] Finally, Defendants argue that bifurcating discovery could save the parties and the Court considerable time, burden, and expense, will further the interest of judicial economy, and will not prejudice (and could substantially benefit) the parties.

The Court denies the Motion because under applicable law, including the "extrinsic test," a preliminary round of expert discovery is unlikely to be helpful, yet would involve significant costs and delay.

The elements of copyright infringement are (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, (1991); *Funky Films, Inc. v. Time Warner Entm't Co.*, L.P., 462 F.3d 1072, 1076 (9th Cir. 2006). Because direct evidence of copying is rarely available, a plaintiff may establish copying by circumstantial evidence of: (1) defendant's access to the copyrighted work, and (2) substantial similarity. *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987); *Williams v. Gaye*,

5 PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION DENYING MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION

895 F.3d 1106, 1119 (9th Cir. 2018); *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *Funky Films, Inc. v. Time Warner Entertainment Co.*, L.P., 462 F.3d 1072, 1076 (9th Cir.2006) In other words, while side-by-side comparison is the preferred way to show "copying," it is not the only type of evidence that could be probative on the issue. Also relevant is "direct" evidence.

Plaintiff has argued that expert opinion would be helpful to resolve certain issues, which she enumerated—including most obviously the factual propositions Defendants have sought to establish by judicial notice. But dueling experts would have much less to contribute to most of the parties' myriad individual disputes than would the traditional discovery afforded other copyright plaintiffs, such as written interrogatories and depositions aimed at revealing direct evidence of copying. If Defendants are planning a motion for summary judgment based on lack of substantial similarity, then Plaintiff is entitled to all discovery that might be probative on that issue.

Further, nothing in the Ninth Circuit's opinion suggests that the Court should proceed as Defendants suggest.. The Ninth Circuit did not find , as Defendants state, that the Court erred merely by dismissing the case prior to expert testimony. Rather, the lack of expert testimony was offered as one example of the impropriety of dismissing the case at this early juncture.

For similar reasons, Defendants have not demonstrated that bifurcation of discovery on substantial similarity in general (let alone *expert opinion* of substantial similarity) is warranted. The only way that even such limited bifurcation could make sense is if one assumes in advance that Defendants are likely to prevail on this issue on summary judgment. And while the Court previously made such a finding, the Ninth Circuit's reversal, based on the same record, eliminates any presumption that

6   PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION DENYING MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

the Court will reach the same conclusion again (especially after jettisoning the notion that the Ninth Circuit merely found the Court's dismissal to be "premature").

Finally, Plaintiff would be prejudiced if required to engage experts, develop analyses and expert reports, take and defend expert depositions, and defeat a preliminary summary judgment motion – all without the benefit of any factual discovery. The cost of such activities far outweighs any speculative helpfulness or cost-saving of a preliminary phase of expert-only discovery (or discovery limited to the issue of substantial similarity). Further, granting Defendants' Motion would further delay this case.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion.

DATED: _____    By: _____
HONORABLE JOHN F. WALTER
United States District Judge

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

7   PLAINTIFF'S [PROPOSED] STATEMENT OF DECISION DENYING MOTION TO BIFURCATE DISCOVERY AND PERMIT INITIAL SUMMARY JUDGMENT MOTION