NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800; Fax: (213) 633-6899

Attorneys for Defendants

DAVID ALDEN ERIKSON (State Bar No. 189838)
  david@daviderikson.com
ANTOINETTE WALLER (State Bar No. 152895)
  antoinette@daviderikson.com
JEFFREY J. MILES (SBN 293869)
  jeff@daviderikson.com
ERIKSON LAW GROUP
200 North Larchmont Boulevard
Los Angeles, California 90004
Tel.: 323.465.3100; Fax: 323.465.3177

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>              Plaintiff,<br><br>    vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to this Court's June 24, 2022 Order (Dkt. 94) (the "Order"), plaintiff Francesca Gregorini ("Plaintiff") and defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") submit the following joint case management statement:

**a)   Date of Filing**

Plaintiff filed this action on January 15, 2020.  Dkt. 1.

**b)   The Parties**

The parties in this action are as follows:[1]

- Plaintiff Francesca Gregorini
- Defendant Blinding Edge Pictures, Inc.
- Defendant Uncle George Productions, LLC
- Defendant M. Night Shyamalan
- Defendant Ashwin Rajan
- Defendant Apple Inc.
- Defendant Escape Artists, Inc.
- Defendant Steve Tisch
- Defendant Todd Black
- Defendant Jason Blumenthal
- Defendant Tony Basgallop
- Defendant Dolphin Black Productions

**c)   Summary of Claims Asserted**

Plaintiff alleges that the first three episodes of Defendants' television show *Servant* infringe her 2013 feature film, *The Truth about Emanuel*.  She asserts claims for (1) copyright infringement against all Defendants; (2) copyright

---

[1] The parties have filed their Certificates of Interested Parties at Dkt. 3 (Plaintiff) and Dkt. 21 (Defendants).

1

infringement regarding an early *Servant* script, against Defendants Basgallop and Blumenthal; (3) copyright infringement regarding a later iteration of the *Servant* script, against all Defendants except Apple Inc.; and (4) contributory and vicarious copyright infringement against all Defendants.

### d) Events Underlying the Action

Plaintiff contends that *Servant* is substantially similar to *Emanuel*. She alleges that the works tell a remarkably similar and highly original story, in which a mother's three-month old baby has died, leaving her so delusional that she cares for a doll as if it were her living baby—and in which a nanny buys into the mother's delusion due to a reciprocal longing for a long-deceased mother.

Plaintiff's First Amended Complaint catalogues a long list of creative choices common to both works, many of which Plaintiff alleges to be highly unusual and idiosyncratic. These range from plot and character elements to technical matters such as framing, camera angles, lighting, story structure, and the like. Plaintiff also emphasized her highly eccentric pairing of elements, such as classic Hollywood suspense coupled with magical realism, or highlighting an interpersonal bond that is at once maternal but has sexual undertones.

Plaintiff contends that Defendants had access to *Emanuel* because it was released as a feature film, and featured at the Sundance Film Festival.

Defendants contend that *Servant* was created independently of, and without reference to, *Emanuel*.  They contend that none of the Defendants saw or heard of *Emanuel* before this lawsuit, and that *Emanuel* was not widely disseminated at any point.  Defendants allege that Mr. Basgallop began developing what would become *Servant* in 2006, well before *Emanuel* was released.  Lastly, Defendants contend that *Emanuel* and *Servant* (or any scripts for *Servant*) are not substantially similar as a matter of law.  In fact, Plaintiff concedes that the works' purported shared premise—in Plaintiff's words, "a mother so traumatized by her baby's death that she cares for a doll she believes to be her real baby" (Dkt. 25, FAC ¶ 72 n.11) and

"a privileged mother hiring a nanny to care for the doll she believes to be her deceased baby" (Dkt. 34, Opposition to Motion to Dismiss at 1)—are unprotectable. As Defendants have maintained throughout this case and as expert testimony will support, Plaintiff's alleged similarities flow from this concededly unprotectable premise or are otherwise generic or insignificant to rise to the legal requirements of "substantial similarity."

The parties agree that the factual issues before this Court likely will be (i) whether Defendants had access to *Emanuel*; (ii) any issues of fact that the Court finds are necessary to assess substantial similarity and/or whether *Servant* is substantially similar to *Emanuel*; (iii) whether Defendants independently created *Servant*; and (v) whether and to what extent Plaintiff is entitled to damages or other relief. The parties may identify other factual issues during discovery.

### e) Relief Sought and Damages Claimed

**Plaintiff's position**: Plaintiff contends that production and distribution of Servant was a highly successful commercial endeavor, and that discovery will likely reveal that each Defendant realized a significant financial gain, which may be recovered by Plaintiff pursuant to 17 U.S.C 504(b), as "ill gotten gains" resulting from the alleged infringement. In addition, Plaintiff seeks recovery of her "actual damages" resulting from her lost opportunities to further exploit *Emanuel*.

**Defendants' position**: Defendants deny that Plaintiff is entitled to any damages in this action. Even if liability is established, which Defendants dispute, Plaintiff would not be entitled to recover statutory damages or attorneys' fees. She could only potentially recover actual damages and profits, which are limited to those profits that are "attributable to the infringement." 17 U.S.C. § 504(b). There are no direct profits relating to *Servant* and Plaintiff cannot prove entitlement to any indirect profits because such damages would be speculative. *See Mackie v. Rieser*, 296 F.3d 909, 915-916 (9th Cir. 2002). Any damages will be further limited by the

fact that Plaintiff contends that only three of *Servant*'s ten episodes in its first season are infringing.

### f) Status of Discovery

The parties served their initial disclosures on April 8, 2020. Plaintiff served requests for production on March 30, 2020, April 10, 2020, and April 20, 2020. Defendants responded to those requests, but had not yet produced documents in connection with those requests prior to Judge Walter granting Defendants' motion to dismiss. Following remand from the Ninth Circuit, Defendants moved to bifurcate discovery in this case to allow an initial period for expert discovery on substantial similarity. Plaintiff opposes the motion. The motion is fully briefed, and pursuant to this Court's reassignment order, has been re-noticed for hearing on September 16, 2022. *See* Dkt. 81 (motion), 88 (opposition), 89 (reply), 94 (reassignment order), 95 (notice of September 16, 2022 hearing).

Plaintiff anticipates a dispute regarding Defendants' discovery responses and plans to initiate the meet and confer process after informal discussions with Defendants' counsel on the subject. The parties anticipate propounding additional written discovery and taking depositions. The parties also anticipate issuing subpoenas. The parties also anticipate entering into an appropriate stipulated protective order.

Pursuant to Judge Walter's May 16, 2022 amended scheduling and case management order (Dkt. 68), the following discovery cut-off dates are currently in effect:

- Affirmative expert report deadline: May 15, 2023
- Rebuttal expert report deadline: June 5, 2023
- Discovery cut-off: July 10, 2023

### g) Procedural History

This Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint (the "FAC") on May 28, 2020. Dkt. 39. The Ninth Circuit reversed the

decision on February 22, 2022. Dkt. 60. Defendants answered the FAC on May 25, 2022. Dkts. 76-80. That same day, Defendants filed a motion to bifurcate discovery, which is now fully briefed (*see* Dkt. 81 (notice of motion and memorandum of points and authorities), 88 (opposition), 89 (reply)). Defendants' motion was previously set to be heard on June 27, 2022 before this case was transferred to the Honorable Judge Sykes. Defendants have filed a notice re-setting the hearing on their motion to September 16, 2022. Dkt. 95.

### h) **Deadlines**

The Order notes that "[a]ll discovery cutoff dates and other deadlines . . . such as disclosure and expert deadlines, shall remain in effect." Additionally, the Order notes that "[a]ll pretrial conferences and trial dates currently set for January 1, 2023 or after, as well as other deadlines associated with the case, shall remain in effect." Accordingly, the following dates currently are in effect, pending the Court's ruling on Defendants' motion to bifurcate discovery to allow for an initial period for expert discovery on substantial similarity and motions for summary judgment as to substantial similarity:

- Last day to conduct settlement conference/mediation: March 27, 2023
- Last day to file joint report regarding settlement conference/mediation: March 31, 2023
- Affirmative expert report deadline: May 15, 2023
- Rebuttal expert report deadline: June 5, 2023
- Discovery cut-off: July 10, 2023
- Last day for hearing motions: August 7, 2023
- Deadline to submit pre-trial conference order and file motions in limine, memoranda of contentions of fact and law, pre-trial exhibit stipulation, summary of witness testimony and time estimates, status report regarding settlement, agreed upon set of jury instructions and verdict forms, and

JOINT CASE MANAGEMENT STATEMENT
4892-4944-1575v.1 0113237-000003

joint statement regarding disputed instructions, verdicts, or other matters: September 21, 2023

- Deadline to file proposed voir dire questions and agreed-to statement of case: October 3, 2023
- Pre-trial conference: October 6, 2023
- Hearing on motions in limine and disputed jury instructions: October 13, 2023 at 8:00 a.m.
- Trial (estimated length 3 days): October 24, 2023 at 8:30 a.m.

**i)     Vacated Trial Dates**

No pre-trial conference or trial dates were vacated pursuant to the Order.

**j)     Magistrate Judge**

The parties will not consent to a magistrate judge for trial.

**k)     Case Management Conference**

The parties do not believe there is an immediate need for a case management conference.

**l)     Statement of Immediate Relief Sought Regarding Case Schedule**

Defendants have moved to bifurcate discovery to allow an initial period of expert discovery on substantial similarity and motions for summary judgment on that issue. *See* Dkt. 81 (notice of motion and memorandum of points and authorities), 88 (opposition), 89 (reply).

**m)     Any Other Relevant Information**

The parties have no additional information to provide to the Court at this time.

| | | |
|---|---|---|
| 1 | DATED: July 8, 2022 | DAVIS WRIGHT TREMAINE LLP |
| 2 | | By: /s/Nicolas A. Jampol |
| 3 | | Nicolas A. Jampol |
| 4 | | Attorneys for Defendants |
| 5 | DATED: July 8, 2022 | ERIKSON LAW GROUP |
| 6 | | By: /s/David Erikson |
| 7 | | David Erikson |
| 8 | | Attorneys for Plaintiff |

JOINT CASE MANAGEMENT STATEMENT
4892-4944-1575v.1 0113237-000003

7

**FILER'S ATTESTATION**

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to David A. Erikson and Antoinette Waller, counsel for plaintiff Francesca Gregorini, and I have obtained their authorization to affix David Erikson's electronic signature to this document.

DATED: July 8, 2022         DAVIS WRIGHT TREMAINE LLP

By: /s/ Nicolas A. Jampol
    Nicolas A. Jampol

Attorneys for Defendants