ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
Jeffrey J. Miles (SBN 293869)
  jeff@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100

Attorneys for Plaintiff Francesca Gregorini

NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800; Fax:  (213) 633-6899

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>                 Plaintiff,<br><br>        v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>                 Defendants. | Case No. 2:20-cv-00406- SSS-JC<br>Hon. Sunshine S. Sykes<br>Referred to: Hon. Jacqueline Choolijian, United States Magistrate Judge<br><br>—DISCOVERY MATTER—<br><br>**JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT UNCLE GEORGE PRODUCTIONS' PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:     May 30, 2023<br>Time:             9:30am<br>Courtroom:         750<br>Discovery cutoff:  July 14, 2023<br>Pretrial conference: December 15, 2023<br>Trial:            January 8, 2024<br>Complaint Filed:   January 15, 2020 |

i        JOINT STIPULATION RE PLAINTIFF'S
           MOTION TO COMPEL DEFENDANT'S
              DOCUMENT PRODUCTION

To the Court, defendants, and counsel, please take notice that Plaintiff Francesca Gregorini ("Plaintiff") is hereby filing a motion to compel that will be heard on **Tuesday May 30, 2023,** at 9:30 a.m., or as soon thereafter as the matter may be heard.  The hearing will be in Courtroom 750, located on the 7th Floor of the Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA 90012, or as otherwise may be ordered by the Court.

Plaintiff brings this motion to compel pursuant to the Federal Rules of Civil Procedure, Rules 26, 34, and 37; and Central District of California Local Rule 37-2.

Plaintiff respectfully submits the following Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant's Production of Documents. Defendants Uncle George Productions, LLC and Blinding Edge Pictures, Inc. (together, "Uncle George")[1] contend that Plaintiff did not comply with the Local Rules regarding the meet and confer process and has failed to meaningfully engage in attempting to resolve this discovery dispute.  This motion is presented in the form of a joint stipulation, as per L.R. 37-2, and consists of this Notice; the Joint Stipulation that follows; the Declaration of Antoinette Waller with Exhibits 1 to 5; the Declaration of Nicolas A. Jampol with Exhibits 6 to 11; on the Supplemental Memoranda that the parties will file per L.R. 37-2.3; on the pleadings and records on file in this action; and on such argument and evidence as may be heard at the hearing in this matter.

---

[1] Uncle George is a production entity that was created in connection with the *Servant* television series and is owned in part by Blinding Edge.  The term "Uncle George" throughout Defendant's sections of this joint stipulation refers collectively to Uncle George and Blinding Edge.  Declaration of Nicolas A. Jampol ("Jampol Decl.") ¶ 2.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

ii

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

1

DATED: May 4, 2023                    ERIKSON LAW GROUP

2

3

By:     /s/Antoinette Waller_____
                ANTOINETTE WALLER
        Attorneys for Plaintiff Francesca Gregorini

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii                    JOINT STIPULATION RE PLAINTIFF'S
                       MOTION TO COMPEL DEFENDANT'S
                       DOCUMENT PRODUCTION

# TABLE OF CONTENTS

I.      INTRODUCTORY STATEMENTS ...................................................1

    A.      Plaintiff's Introductory Statement............................................ 1

        1.      Defendant has failed to produce any documents despite promising to do so in May 2020. .................................. 1

    B.      Defendant's Introductory Statement ....................................... 2

II.     ISSUE IN DISPUTE – DEFENDANT'S FAILURE TO PRODUCE INITIAL DISCLOSURE DOCUMENTS REQUESTED IN DISCOVERY ..............................................................................5

    A.      Plaintiff Francesca Gregorini's Position and Authorities. ..................... 5

    B.      Plaintiff's Requested Resolution............................................ 10

    C.      Defendant Uncle George's Position and Authorities........................... 11

    D.      Defendant's Requested Resolution. ....................................... 15

III.    CASE SCHEDULE ...........................................................16

JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DOCUMENT PRODUCTION

# JOINT STIPULATION

## I.      INTRODUCTORY STATEMENTS

**A.      Plaintiff's Introductory Statement.**

      **1.      Defendant has failed to produce any documents despite promising to do so in May 2020.**

Plaintiff served discovery three years ago. Plaintiff sought discovery from each of the eleven defendants (collectively "Defendants") she sued for copyright infringement and related claims. Despite responding to the discovery and promising to produce documents, Defendants have resisted providing any discovery including their initial disclosure documents. On April 8, 2020, Defendants served their initial disclosures as required by Federal Rule of Civil Procedure 26(a). In their initial disclosures, Defendants identified several categories of documents that they expected to rely on at trial.[2] Plaintiff served discovery requests asking that Uncle George produce the disclosure documents. (Plaintiff's document demands, set two, request numbers 106-111.)

Subject to a litany of boilerplate objections, Uncle George responded to Plaintiff's document requests on May 20, 2020, confirming it would produce the documents identified in its initial disclosures. Yet almost *three years later* and less than three months before the discovery cutoff, Uncle George still has not produced a single document in this action and has failed and refused to produce its initial disclosure documents as promised in its May 2020, response to Plaintiff's document production requests.[3]

---

[2] Defendants jointly served a document titled "defendants' initial disclosures" on Plaintiff. Defendants did not produce any documents as part of their initial disclosures, but rather merely referenced several broad categories of documents. In violation of Rule 26, Defendants did not state which defendant held any given category or categories of documents; nor did Defendants provide the location of any of the initial disclosure documents.

[3] This motion to compel is confined to the document requests seeking production of Defendants' initial disclosure documents. Plaintiff will pursue separate motions to compel in the immediate future if Defendants continue their failure to produce other documents and discovery.

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

Plaintiff's counsel has met and conferred with Uncle George's counsel. Defendant has continued to resist production, offering no reason other than they are still gathering the documents. But the initial disclosure documents should have been ready for production back on April 8, 2020, when Uncle George initially served its initial disclosures. And certainly, Uncle George should have been ready and able to produce the initial disclosure documents by May 2020 when it responded to Plaintiff's document demands and stated that it would produce the requested documents. Indeed, the initial disclosure documents are documents *identified by Defendants* as documents Defendants may use at trial. For Defendants to claim that they are unable to identify their own initial disclosure documents more than three years after they served their initial disclosures is, on its face, sanctionable conduct. Pursuant to Federal Rule of Civil Procedure, Rule 11, Defendants, and their counsel certified that they had the initial disclosure documents available and ready for production when Defendants served the initial disclosures in April 2020. Defendants' dilatory discovery conduct and refusal to produce the initial disclosure documents has harmed Plaintiff and impeded her ability to investigate her claims and prepare for trial in this matter.

Plaintiff asks that Uncle George be ordered to produce all documents identified in Defendants' initial disclosures as demanded by Plaintiff's documents request nos. 106-111. Plaintiff also requests that she be awarded her attorneys' fees and costs in pursuing this motion to compel.

## B.     Defendant's Introductory Statement

Plaintiff provides a highly misleading recitation of discovery in this matter. While Plaintiff served broad discovery requests – including over **600** document requests – in March and April 2020, the district court dismissed this action with prejudice in May 2020.  The case was not remanded until nearly two years later, on April 22, 2022.  Plaintiff's implication that discovery has been pending for three years is misleading; clearly there was no obligation or expectation that Uncle George would

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

2

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

produce documents while the case was dismissed.  After remand, Defendants filed a motion to bifurcate discovery, which was denied on August 26, 2022.  Since that time, Uncle George, along with the other Defendants, has been working to collect, review, and produce documents, but Plaintiff's requests were extraordinarily broad and her counsel has refused to engage whatsoever in any attempt to clarify or limit her requests.  While Plaintiff claims that Uncle George has not offered any reason for the time required to collect, review, and produce documents, Uncle George's counsel has explained this extensively to Plaintiff's counsel.

On February 9, 2023, Uncle George's counsel provided Plaintiff with a detailed summary of Defendants' review efforts to date and a proposal to clarify and potentially narrow the scope of Plaintiff's extensive, broad discovery requests. Jampol Decl. Ex. 7 (Plaintiff's Requests for Production of Documents, Set No. One to Defendant Uncle George Productions); Ex. 9 (February 9, 2023 email from Mr. Jampol to Ms. Waller).  In order to accelerate production and Plaintiff's review, Uncle George's counsel identified several thematic categories of potentially responsive documents and proposed that Defendants produce reasonable narrowed categories of those documents for production.  Jampol Decl. Ex. 9.  On February 16, 2023, Plaintiff's counsel categorically rejected all of the proposals and provided no counter-proposal.  Waller Decl. Ex. 4.  Again attempting to engage in a meet and confer, on February 22, 2023, Uncle George's counsel provided Plaintiff's counsel with further details about the collection and review of Defendants' documents and renewed its request that Plaintiff consider the several narrowing proposals.  Waller Decl. Ex. 5. As Uncle George's counsel wrote, "We again invite you to engage with us to agree on a reasonable plan regarding the potentially responsive documents." *Id.*  Between February 22 and April 27, 2023, when this joint stipulation was provided to Uncle George's counsel, Plaintiff failed to respond in any manner or engage further with any of those proposals.

3

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

Despite Plaintiff's unwillingness to meet and confer, Uncle George's counsel has been diligently engaged in a costly, time-consuming, and expansive review process on behalf of eleven individual and corporate defendants.  Indeed, as Defendants' counsel explained to Plaintiff's counsel, *Defendants are producing documents this week* and intend to complete all productions this month.  The same cannot be said for Plaintiff.  On September 22, 2022, Defendants noticed Plaintiff's deposition and served written discovery.  But Plaintiff's counsel took nearly six months to even provide written responses to those requests *and has yet to produce a single document*, despite representing one individual client.[4]  It goes without saying that Uncle George and other Defendants cannot proceed with Plaintiff's deposition until she produces documents.

Plaintiff's pursuit of this motion to compel is both procedurally improper and factually inaccurate.  Procedurally, Plaintiff has failed to comply with Local Rule 37-1 requiring Plaintiff to send a letter to Uncle George's counsel identifying each issue in dispute, the moving party's position and supporting legal authority, and the terms of the sought discovery order.  Nor has any prefiling conference of counsel taken place, let alone in person.  Although Uncle George's counsel raised these deficiencies with Plaintiff's counsel, and asked to meet in person to discuss, Plaintiff's counsel insists that the Local Rules' meet and confer requirement has been satisfied.  Jampol Decl. ¶¶ 13-14, 16 & Ex. 11.

On the merits, Plaintiff is incorrect that Defendants' initial disclosures do not comply with Federal Rule 26.  Indeed, Plaintiff's *own* initial disclosures rely on analogous groupings of documents, just as Defendants do.  Jampol Decl. Ex. 6 (Plaintiff's Initial Disclosures).  Nor is it accurate that Federal Rule 26 requires

---

[4] Plaintiff's counsel sought an additional two-month extension for their discovery responses from January 2023 to March 2023 due to a family matter, which of course Defendants granted.  But even prior to that extension, Plaintiff's counsel had sought several extensions for their responses, which were originally due by October 24, 2022.

4                    JOINT STIPULATION RE PLAINTIFF'S
                     MOTION TO COMPEL DEFENDANT'S
                     DOCUMENT PRODUCTION

documents identified in a party's initial disclosures to be available for production at the time those disclosures are served, which is presumably why Plaintiff herself has not produced any documents identified in her initial disclosures. Again, Plaintiff is accusing Uncle George of taking certain positions that Plaintiff herself has taken (unless she is arguing that her own initial disclosures are deficient). As Uncle George has repeatedly told Plaintiff, Defendants will produce all documents identified in their initial disclosures upon which they intend to rely. But neither Uncle George nor any other Defendant have any obligation to produce those documents in any particular order.

Uncle George requests that Plaintiff's motion be denied. Uncle George also asks that Plaintiff's requests for sanctions be denied.

## II.     ISSUE IN DISPUTE – DEFENDANT'S FAILURE TO PRODUCE INITIAL DISCLOSURE DOCUMENTS REQUESTED IN DISCOVERY

### A.     Plaintiff Francesca Gregorini's Position and Authorities.

Federal Rules of Civil Procedure Rule 26 ("Rule 26") requires Defendant to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things" that it has in its "possession, custody, or control" that it may use in the litigation. FRCP 26(a)(1)(A)(ii). In its April 8, 2020, initial disclosures, Defendant identified multiple bullet point categories of documents that it intended to rely on at trial. [Declaration of Antoinette Waller ("Waller Decl.", Exhibit 1, Defendants' Initial Disclosures.] In a portion of the Initial Disclosures labeled, "C. Documents that Support Defendants' Positions", Defendant listed the following categories of documents:

"Defendants may use the following documents to support their defenses:

- The episodes in *Servant*'s first season.
- Documents and communications relating to Mr. Basgallop's ideas and plans for *Servant*.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

5

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

- Documents and communications relating to *Servant*'s development and production.
- *Emanuel*.
- Documents and communications regarding the creation and copyright ownership of *Emanuel*.
- Documents and communications regarding *Emanuel*'s release and distribution.
- Documents and communications, if any, regarding attempts to license, monetize, or adapt *Emanuel*.
- Documents and communications regarding Plaintiff's professional history and related earnings.
- Documents regarding other works that reflect elements over which Plaintiff claims ownership in this suit."

[Waller Decl., Exhibit 1, Defendants' Initial Disclosures, 5:5-21.]

On April 20, 2020, Plaintiff served her second set of requests for production of documents on Defendant. [Waller Decl., ¶ 3, Exhibit 2, Plaintiff's Request for Production of Documents to Defendant Uncle George Productions, Set Two (the "Requests").] In request nos. 106-111 (the "Initial Disclosure Requests"), Plaintiff requested that Defendant produce the initial disclosure documents. The six Initial Disclosure Requests tracked Defendant's identification of documents in its initial disclosures. The requests are repeated verbatim here.

"Request No. 106: All Documents identified in Your initial disclosures.

Request No. 107: All Documents Relating to Mr. Basgallop's ideas and plans for *Servant*, as identified in Section C of Your Initial Disclosures.

Request No. 108: All Communications Relating to Mr. Basgallop's ideas and plans for *Servant*, as identified in Section C of Your Initial Disclosures.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

1  Request No. 109: All Documents Relating to Servant's development and
2  production, as identified in Section C of Your Initial Disclosures.

3  Request No. 110: All Communications Relating to Servant's development and
4  production, as identified in Section C of Your Initial Disclosures.

5  Request No. 111: All Documents regarding other works that reflect elements
6  over which Plaintiff claims ownership in this suit, as identified in Section C of
7  Your Initial Disclosures."

8  [Waller Decl., Exhibit 2, 8:9-9:3.]

9  On May 20, 2020, Defendant served its responses to the Requests. For each of
10 the Initial Disclosure Requests, save for request no. 111, Defendant responded with
11 boilerplate objections and a statement that,

12 "[s]ubject to and without waiving these objections, after a reasonable and
13 diligent search, Uncle George will produce responsive, non-privileged
14 documents in its possession, custody, or control, if any exist, subject to terms of
15 a protective order entered in this action."

16 [Waller Decl., ¶ 5, Exhibit 3, Defendant's Responses to Plaintiff's Requests for
17 Production of Documents, Set Two, 4:21-6:9.]

18 In response to Request No. 111, Defendant listed boilerplate objections and also
19 objected that the request was "premature" as it allegedly called for "information
20 properly the subject of expert discovery." [Waller Decl., Exhibit 3, 6:14-21.]
21 Defendant further responded that it was "willing to meet and confer to clarify the
22 scope" of the request. [Id.]

23 After Defendant had provided its responses to the discovery, but before
24 Defendants produced any documents, Judge Walter, who formerly presided over this
25 matter, dismissed the case pursuant to Defendants' motion to dismiss. Plaintiff
26 appealed the dismissal. Finding the dismissal improper and erroneous, the Ninth
27 Circuit overturned Judge Walter's dismissal and remanded the case back to this Court

28

7

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

on April 22, 2022. [Waller Decl., ¶ 4; ECF Docket No. 61] Following remand, the case was transferred to Judge Sykes. [Waller Decl., ¶ 4, ECF Docket No. 93.]

When the case was returned to this Court, Plaintiff immediately resumed pursuit of the outstanding discovery. [Waller Decl., ¶ 6.] Defendants refused to participate in discovery on the basis that they intended to file a motion to bifurcate discovery and seek summary judgment without allowing discovery by Plaintiff. [Id.] Defendants ultimately filed a motion to bifurcate. The Court denied Defendants' motion to bifurcate, finding that it was without basis and holding that Plaintiff was entitled to discovery. [Waller Decl., ¶ 6; ECF Docket No. 99.] Again, Plaintiff immediately resumed her attempts to have Defendants comply with their discovery obligations and produce documents in compliance with their May 2020 responses to Plaintiff's document Requests. [Waller Decl., ¶ 6.] Despite Plaintiff's continuing efforts to obtain Defendant's discovery documents, Defendants have failed and refused to produce their initial disclosure documents.

In the twelve months since this case was remanded to this Court, Defendants have not produced any documents. Defendants claim that they are working on gathering documents for production. Plaintiff has repeatedly requested that Defendants at least produce their initial disclosure documents as they agreed to do in response to the Initial Disclosure Requests and has met and conferred with Defendant's counsel on this issue. [Waller Decl., ¶ 7.] On February 16, 2023, Plaintiff's counsel wrote to Defendant's counsel, again demanding that Defendants produce the documents identified in their initial disclosures and which Defendant Uncle George had agreed to produce in May 2020 pursuant to Plaintiff's request for production, Initial Disclosure Requests. [Id., Exhibit 4, February 16, 2023, letter from Ms. Waller to Mr. Jampol.] On February 22, 2023, Mr. Jampol wrote a letter to Plaintiff's counsel in which Mr. Jampol stated he would produce documents pursuant to the Initial Disclosure Requests. [Waller Decl., ¶ 7, Exhibit 5, letter from Mr.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

8

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

Jampol in which he states as to the initial disclosure document requests, "we will of course produce the documents upon which we rely." (Exhibit 5, at p. 3).] Over two months later, Defendant still has not produced its initial disclosure documents, has not complied with its May 2020 response to Plaintiff's document requests, and has not fulfilled its promise to produce the initial disclosure documents as set out in the May 2020 response to the Initial Disclosure Requests.

The purpose of Rule 26 disclosure requirements is to have parties disclose at the outset of litigation key facts and information regarding the parties' claims and defenses without awaiting a discovery request. *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 605 (S.D. Cal. 2015) (citing Fed. R. Civ. P. 26 advisory committee's note (1993)). This automatic disclosure requirement also prevents parties from "obstruct[ing] production of the very documents that it would use to support its case and then unveil[ing] those documents at trial or in response to a dispositive motion." *Milliken & Co. v. Bank of China,* 758 F.Supp.2d 238, 245 (S.D.N.Y. 2010).

Rule 26(a) requires a level of specificity that should be sufficient to "enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." *Song v. Drenberg*, No. 18-CV-06283-LHK (VKD), 2019 WL 1949785, at *1 (N.D. Cal. May 2, 2019); *see, e.g.*, Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendments, subdivision (a), paragraph (1). *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, No. 20-CV-06846-EJD (NC), 2021 WL 4808597, at *2 (N.D. Cal. Mar. 17, 2021). Here, Defendant generally describes its disclosure documents without any specificity. Defendant also did not provide the required information as to where its documents were located, or which defendant held which documents. Thus, Defendant's initial disclosures do not comply with Rue 26(a)(1)(A)(ii). Working off the initial disclosures, Plaintiff served six specific document requests asking that

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

Defendant produce the initial disclosure documents. While responding to the Initial Disclosure Requests that it would produce the requested documents, Defendant still has not provided any of the documents to Plaintiff.

Defendant has not cited any legal authority that supports its failure to produce its initial disclosure documents. To the contrary, Defendant has not claimed there is any such authority. The sole and only basis Defendant has raised for its continuing failure to produce the documents as promised is that Defendant needs more time to search for the documents it identified in its initial disclosures. [Exhibit 5.] But Defendant served its initial disclosures in April 2020 identifying its initial disclosure documents and attesting by such identification that the documents were ready to be produced. Defendant thereafter served its responses to Plaintiff's Initial Disclosure Requests in May 2020, affirming Defendant would produce the initial disclosure documents. There is no justification whatever for Defendant's continued failure to produce its initial disclosure documents.

By failing to produce its initial disclosure documents, Defendant is also subject to sanctions pursuant to Federal Rule of Civil Procedure 37. Defendant has achieved what it sought in its failed bifurcation motion—to prevent and preclude Plaintiff from obtaining discovery on her claims. Plaintiff requests she be awarded sanctions against Defendant and its counsel in accord with Rule 37(c)(1).

The damage to Plaintiff due to Defendant's refusal to produce the discovery documents is manifest. Without Defendant's participation in discovery, Plaintiff cannot investigate her claims or Defendant's alleged defenses, cannot proceed with depositions, and cannot prepare her case for trial.

## B.  Plaintiff's Requested Resolution.

The discovery cutoff in this matter is imminent and trial is set for January 2024. Plaintiff requests that Defendant be ordered to immediately produce all documents responsive to Plaintiff's requests for production, request nos. 106-111. The production

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

should occur no later than five days after the Court makes an order requiring the document production. Plaintiff further requests that the Court sanction Defendant and order a monetary award to Plaintiff requiring that Defendant pay all attorney fees incurred by Plaintiff in pursuing this motion to compel in an amount to be determined by the Court following hearing on this matter.

## C.    Defendant Uncle George's Position and Authorities.

At the outset, Plaintiff's motion fails to comply with the Local Rules because Plaintiff's counsel did not provide Uncle George with a letter requesting a prefiling conference of counsel; the parties did not participate in any prefiling conference, whether in person or otherwise; and Plaintiff has not agreed to "confer in a good-faith effort to eliminate the necessity" for this motion or "to eliminate as many of the disputes as possible." L.R. 37-1. Plaintiff's motion should be denied on this basis alone. *See Sony Corp. v. Vizio, Inc.*, 2009 WL 10675498, at *2 (C.D. Cal. Oct. 14, 2009) (denying party's motion to compel for failure to comply with Local Rule 37 where no in-person prefiling conference was either requested or took place); *Dewey v. City of Los Angeles*, 2021 WL 8892911, at *6 (C.D. Cal. Feb. 9, 2021) (noting that a party may be subject to sanctions for failing to comply with Local Rule 37-1).

Plaintiff's account of discovery in this litigation is highly disingenuous. Throughout discovery, Plaintiff has steadfastly refused to engage in any discussions to clarify or narrow Plaintiff's over 600 broad document requests, which would have expedited Defendants' document review and productions. In Uncle George's April and May 2020 responses to Plaintiff's requests for production, Uncle George repeatedly stated that it was willing to meet and confer to clarify the scope of Plaintiff's document requests. Waller Decl. Ex. 3; Jampol Decl. Ex. 8 (Uncle George's Response to Plaintiff's Requests for Production of Documents, Set No. One). After the case was remanded to this Court and Defendants' bifurcation motion

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

11

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

was denied, Uncle George and other Defendants renewed those requests to meet and confer on several occasions.

On February 9, 2023, Uncle George's counsel sent Plaintiff a detailed summary of Defendants' collection, search, and review efforts to date and a proposal to clarify and potentially narrow the scope of Plaintiff's extensive, broad discovery requests. Jampol Decl. Ex. 9. The proposal noted that Defendants had narrowed over two million documents to 43,000 possibly responsive documents. *Id.* In order to accelerate production and Plaintiff's review, Uncle George's counsel identified several thematic categories of potentially responsive documents, such as "Agreements," "Scripts," "Casting," and "Staging," and proposed that Defendants produce reasonable narrowed categories of those documents for production. *Id.* For example, instead of reviewing over 6,000 emails and other documents potentially responsive to Plaintiff's requests related to agreements because they reflected some aspect of an agreement with a Defendant, Uncle George and the other Defendants proposed providing executed agreements for each Defendant. Defendants offered similar common-sense proposals for several other thematic categories of documents. On February 16, 2023, Plaintiff's counsel categorically rejected all of these proposals and provided no counter-proposal or suggestions. Waller Decl. Ex. 4. On February 22, 2023, Uncle George's counsel provided Plaintiff's counsel with further details about the collection, search, and review of Defendants' documents and renewed its request that Plaintiff consider the several narrowing proposals. Waller Decl. Ex. 5. Defendants' counsel hoped that the additional information "will encourage you to work with us to ensure a reasonable scope of discovery." *Id.* However, between February 22 and April 27, 2023, when this joint stipulation was sent to Uncle George's counsel, Plaintiff failed to respond in any way to the February 22 letter or engage with Uncle George's counsel regarding discovery.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

12                    JOINT STIPULATION RE PLAINTIFF'S
                      MOTION TO COMPEL DEFENDANT'S
                      DOCUMENT PRODUCTION

1    Due to Plaintiff's wholesale rejection of Defendants' proposals and refusal to

2   even discuss them, Uncle George's counsel have spent hundreds upon hundreds of

3   attorney hours in reviewing an enormous document set.  This costly and time-

4   consuming process could have otherwise been significantly curtailed had Plaintiff

5   shown an ounce of willingness to meet and confer.  Meanwhile, as Uncle George and

6   the other ten corporate and individual Defendants have been engaged in this laborious

7   process, Plaintiff has yet to produce a single document from her records of *one*

8   *person*.  This also highlights the irony of this motion, in that Plaintiff herself has not

9   produced a single document in this litigation.[5]

10    As to Uncle George's initial disclosures, Plaintiff makes several erroneous

11   claims.  First, she claims that Uncle George's initial disclosures fail to comply with

12   Rule 26.  Second, she contends that certain categories of Uncle George's initial

13   disclosure documents should have been ready for production at the time when Uncle

14   George initially served its disclosures.  Neither claim is correct.

15    "Rule 26(a)(1)(A)(ii) does not require actual production of documents."  *Strawn*

16   *v. Federal Express Corp. Long Term Disability Plan*, 2011 WL 3875625, at *3 (E.D.

17   Cal. Aug. 31, 2011) (citing *Forbes v. 21st Century. Ins. Co.*, 258 F.R.D. 335, 337-38

18   (D. Ariz. 2009) ("[A] duty to disclose is not synonymous with a duty to produce . . .

19   Rule 26 only requires parties to provide *notice* regarding documents") (emphasis

20   added)); *Dhaliwal v. Singh*, 2014 WL 2957310, at *5 (E.D. Cal. June 30, 2014)

21   ("Rule 26(a)(1)(A)(ii) does not require the *actual* production of documents.").  Rather,

22   it requires only that the disclosing party provide "a copy – or a description by

23   category and location – of all documents."  Fed. R. Civ. P. 26(a)(1)(A)(ii)).  The other

24   party is then "expected to obtain the documents desired by proceeding under Rule 34

---

26    [5] In addition, several categories of documents identified in Defendants' initial
27   disclosures are in Plaintiff's possession.  Uncle George cannot know what is in those
documents before Plaintiff produces them.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

28                                          13          JOINT STIPULATION RE PLAINTIFF'S
                                                        MOTION TO COMPEL DEFENDANT'S
                                                        DOCUMENT PRODUCTION

or through informal requests." *Strawn*, 2011 WL 3875625, at *3 (citing Fed. R. Civ. P. 26, Advisory Committee's Notes, 1993 amendments).  Plaintiff provides no basis for her presumption that Rule 26 requires initial disclosure documents to be produced at the time of disclosures, let alone that the Rule assumes such documents are available for production at that time.

Uncle George's initial disclosures, which identify broad categories of documents upon which it plans to rely that are in Defendants' possession, fully comply with Rule 26.  *Biers v. Wash. State Liquor & Cannabis Bd.*, 2016 WL 7716070, at *2 (W.D. Wash. June 16, 2016) (Rule 26 "neither mandates production of such items nor requires the disclosing party to produce or describe every item that could conceivably be relevant to the case."); Notes of Advisory Committee on Rules—1993 Amendment ("[A]n itemized listing of each [document] is not required.").  Plaintiff's position is particularly ironic because she similarly identifies four broad categories of documents in her initial disclosures:

1. Materials establishing and supporting Plaintiff's intellectual property and copyright at issue in this litigation, including the creation, development and distribution of *Emanuel.*

2. Materials establishing and supporting Defendants' infringing activity including documents and communications concerning *Servant*, Defendants' interviews and media related to *Servant.*

3. Materials establishing and supporting Defendants' knowledge and information regarding Plaintiff's work.

4. Correspondence to or from Defendants regarding the subject matter of this case.

Jampol Decl. Ex. 6.

As Uncle George has repeatedly informed Plaintiff, it will produce documents beginning this week.  Plaintiff, meanwhile, has yet to produce a single document.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

14

JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

Plaintiff's arguments in this motion are inconsistent with her own initial disclosures and her own conduct.

Finally, Plaintiff's request for sanctions under Rule 37(c)(1) should be denied.[6] Plaintiff's sole basis for claiming these sanctions is that Uncle George has "fail[ed] to produce its initial disclosure documents."  Even setting aside that Plaintiff has yet to produce any documents, this Rule is only applicable if a party entirely fails to provide the *information* required by Rule 26.  *Intervention911 v. City of Palm Springs*, 2017 WL 10562765, at *2 (C.D. Cal. Mar. 27, 2017) ("Rule 37 authorizes sanctions only where a party fails to disclose documents or witnesses as required under Rule 26.").  This is plainly not the case here, as Uncle George provided its initial disclosures with each category of required information years ago.  And as stated above, Uncle George was under no obligation to produce documents referenced in its initial disclosures at the time of those disclosures, and will be producing documents this week, with more productions to follow.  Accordingly, Plaintiff's attempt to seek sanctions for conduct that is not required by Rule 26 must fail.

**D.    Defendant's Requested Resolution.**

Had Plaintiff properly complied with Local Rule 37-1, this motion would have been unnecessary as Uncle George has already agreed to produce documents and is in the process of doing so.  Moreover, Uncle George is doing so ahead of the schedule requested by Plaintiff, given that Plaintiff's motion would not even be heard until May 30.  But given that Plaintiff has insisted on proceeding with this improper motion, Uncle George requests that the motion be denied for failure to comply with Local Rule 37-1 or otherwise be denied because Plaintiff has demonstrated no basis for

---

[6] To the extent Plaintiff claims any sanctions under Rule 11, that rule expressly forecloses applicability to "disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11.  *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010) ("Rule 11 . . . was not intended to, and does not, reach discovery conduct.").

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

15                    JOINT STIPULATION RE PLAINTIFF'S
                     MOTION TO COMPEL DEFENDANT'S
                     DOCUMENT PRODUCTION

claiming that Uncle George's initial disclosures are improper or that Uncle George is required to produce documents identified in its initial disclosures immediately. Defendant further requests that the Court deny Plaintiff's request for sanctions under Federal Rule 37(c)(1) and a monetary award requiring payment of Plaintiff's attorney's fees in connection with this motion.  Lastly, Uncle George requests the Court order the parties to come up with a mutually agreeable schedule for completing all document productions and conducting depositions, beginning with Plaintiff.

### III.   CASE SCHEDULE

In accord with Local Rule 37-2.1 a copy of the order establishing the case schedule (docket no. 100) is attached to this stipulation.

DATED: May 4, 2023          ERIKSON LAW GROUP


By:   */s/Antoinette Waller*_____
ANTOINETTE WALLER
Attorneys for Plaintiff Francesca Gregorini


DATED: May 4, 2023          DAVIS WRIGHT TREMAINE LLP


By:   */s/Nicolas A. Jampol*_____
NICOLAS A. JAMPOL
Attorneys for Defendants

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

16          JOINT STIPULATION RE PLAINTIFF'S
MOTION TO COMPEL DEFENDANT'S
DOCUMENT PRODUCTION

**FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I attest that all signatories listed and on whose behalf this filing is submitted concur in the filing's content and have authorized this filing.

DATED: May 4, 2023          ERIKSON LAW GROUP


By:   */s/Antoinette Waller*_____
      ANTOINETTE WALLER
      Attorneys for Plaintiff Francesca Gregorini

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

17          JOINT STIPULATION RE PLAINTIFF'S
            MOTION TO COMPEL DEFENDANT'S
            DOCUMENT PRODUCTION

1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
9
CENTRAL DISTRICT OF CALIFORNIA
10
11   FRANCESCA GREGORINI,                    Case No. 2:20-cv-00406-SSS-JCx
12                  Plaintiff,
13          v.                               **CIVIL TRIAL ORDER**
14   APPLE INC., ET AL.,
15                  Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.      Schedule**

      **A.      Scheduling Order**

      The Scheduling Order governing this action is set forth in the Schedule of Pretrial and Trial Dates chart below.  The box in the upper right-hand corner of the chart states whether the trial will be by jury or the Court.  If the parties[1] seek to set additional dates, they may file a Stipulation and Proposed Order.  This may be appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

      The parties should refer to the Court's Civil Standing Order for requirements regarding specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to Chambers, alternative dispute resolution, and other matters pertaining to all cases.  A copy of the Court's Civil Standing Order is available on Judge Sykes' webpage at https://www.cacd.uscourts.gov/honorable-sunshine-s-sykes. Both the Court and all counsel bear responsibility for the progress of this litigation.

      "Counsel," as used in this Order, includes parties appearing pro se.[2]

      All emailed submissions to Chambers referred to in this Order must be in Microsoft Word ("Word") format and emailed to SSS_Chambers@cacd.uscourts.gov.

---

[1]  The term "parties" includes unrepresented parties—that is parties without attorneys, also referred to as "pro se litigants"—as well as counsel for represented parties.

[2]  This Court does not exempt pro se litigants from compliance with the Federal Rules of Civil Procedure, the applicable Local Civil Rules of the Central District of California ("Local Rules"), and this Court's standing orders and online procedures and schedules.  *See* Local Rules 1-3 and 83-2.2.3.

## DISTRICT JUDGE SUNSHINE SYKES
## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | 2:20-cv-00406-SSS-JC | Case Name: | *Francesca Gregorini v. Apple Inc. et al.* |
|---|---|---|---|

| Trial and Final Pretrial Conference Dates<br>**Note: Trial shall begin on Mondays at 9:00 a.m.**<br>**Final Pretrial Conference shall be on Fridays at 1:00 p.m.** | **Court Order** |
|---|---|
| Trial | **Mon, 01/08/2024**<br><br>☒ Jury Trial<br>☐ Bench Trial<br>Estimated Duration: 3 Days |
| Final Pretrial Conference ("FPTC") [L.R. 16] | **Fri, 12/15/2023** |

| Event<br>**Note: All deadlines shall be on Fridays.**<br>**Hearings shall be on Fridays at 2:00 p.m.** | **Court Order** |
|---|---|
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties | CLOSED |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motions) | Fri, 07/14/2023 |
| Expert Disclosure (Initial) | Fri, 06/16/2023 |
| Expert Disclosure (Rebuttal) | Fri, 06/30/2023 |
| Expert Discovery Cut-Off | Fri, 07/14/2023 |
| Last Date to <u>Hear</u> Motions<br>• Rule 56 Motions are due at least 7 weeks before hearing; Rule 56 Opposition due at least 5 weeks before hearing; Rule 56 Reply due at least 4 weeks before hearing.<br>• Briefing deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | Fri, 09/29/2023 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | Fri, 10/20/2023<br><br>☐ 1. Magistrate Judge<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation |
| Deadline to File Motions in Limine | Fri, 11/03/2023 |
| Deadline for Oppositions to Motions in Limine | Fri, 11/17/2023 |
| <u>Trial Filings</u> (first round)<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | Fri, 11/17/2023 |
| <u>Trial Filings</u> (second round)<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only) | Fri, 12/01/2023 |

| • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | |
|---|---|
| Hearing on Motions in Limine | Fri, 12/01/2023 |

**B.    Final Pretrial Conference/Proposed Final Pretrial Conference Order**

The Court has set a Final Pretrial Conference ("FPTC") pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-8.  The Court requires strict compliance with Federal Rules of Civil Procedure 16 and 26, and Local Rule 16.  Each party appearing in this action must be represented at the FPTC by lead trial counsel.[3]  The parties should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulation to undisputed facts, and qualification of experts by admitted resumes.

A proposed Final Pretrial Conference Order ("Proposed FPTCO") shall be filed and emailed to Chambers at least two (2) weeks before the FPTC.  A template for the Proposed FPTCO is available on Judge Sykes' webpage.  The parties **must** use this template.

In specifying the surviving pleadings under Section 1 of the Proposed FPTCO, the parties are to state which claims or counterclaims have been dismissed or abandoned (*e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed.").  Additionally, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, the parties are to specify to which party or parties each claim or counterclaim is directed.

The parties must attempt to agree on and set forth as many uncontested facts as possible.  The Court will read the uncontested facts to the jury at the start of trial.  A carefully drafted and comprehensively stated stipulation of facts will shorten the trial

---

[3]  The Court has a strong commitment to fostering the development of new and diverse lawyers in the legal community.  Consequently, the Court strongly encourages litigants to provide opportunities for less experienced lawyers or lawyers whose identities and/or backgrounds further the diversity of the legal profession to participate in trial and in the FPTC, particularly where they contributed significantly to the underlying issue or prepared the witness.  Of course, the ultimate decision of who speaks on behalf of the client is for the client and not the Court.

and generally increase the jury's understanding of the case.

In drafting the factual issues in dispute, the parties should list the ultimate facts in dispute and should not argue the sufficiency of the evidence to prove or disprove each fact. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

Issues of law should state legal issues on which the Court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

## II.   <u>Trial Preparation</u>

The parties must comply with Local Rule 16. Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person six (6) weeks in advance to prepare for the FPTC. The parties must comply with Local Rule 16-2, except where the requirements set forth in this Order differ from or supplement those contained in Local Rule 16. The Court may take the FPTC and trial off calendar or impose other sanctions for failure to comply with these requirements.

### A.   **Requirements for Pretrial Documents**

**All pretrial documents**, including any amended documents**, shall be filed and emailed** to Chambers the day they are due.

#### 1.   **Motions in Limine**

Motions in limine (including *Daubert* motions) shall be scheduled for hearing (2) weeks before the FPTC. The Court may rule orally instead of in writing. Motions in limine and oppositions must not exceed ten (10) pages in length. The parties are limited to five (5) motions each unless the Court grants leave to file additional motions.

Before filing a motion in limine, the parties must meet and confer to determine whether the opposing party intends to introduce the disputed evidence and attempt to reach an agreement that would obviate the need for the motion. Motions in limine should address specific issues (*e.g.*, not "to exclude all hearsay"). Motions in limine

should not be disguised motions for summary adjudication of issues.

The Mandatory Chambers Copy of all motions in limine and associated exhibits must be provided in a three-ring binder.  Plaintiffs' and Defendants' motions should be placed together in a single 3-inch binder if possible; if these materials do not fit easily into a 3-inch binder, the parties may submit separate binders.  In either case, each motion should be tabbed and accompanied by the corresponding Memorandum of Opposition.

### 2.    Withdrawal of and Non-Opposition to Pretrial Motions

Per Local Rule 7-16, any moving party who intends to withdraw its motion prior to the hearing date, or any opposing party who no longer intends to oppose a motion, must promptly file and serve a notice of withdrawal of the motion or opposition.  Failure to comply with this notification requirement may result in sanctions against the offending counsel or party.

### 3.    Witness Lists

Witness Lists must be in the format specified in Local Rule 16-5, and must identify all potential witnesses, including for each witness: (1) a brief description of the testimony; (2) the reasons the testimony is unique and not redundant; and (3) a time estimate in hours for direct and cross-examination.  The parties must use the template posted on Judge Sykes' webpage.

Any Amended Witness List must be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

### 4.    Joint Exhibit List

The Joint Exhibit List must be in the format specified in Local Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections.  The parties must use the template posted on Judge Sykes' webpage.  Any Amended Joint Exhibit List must be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

### 5. Case-Specific Glossary

The parties must provide a case-specific glossary for the Court Reporter that includes applicable medical, scientific, or technical terms, slang, case names likely to be cited, street/city/country names, all parties/agents/departments/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology.

### 6. Jury Instructions (Jury Trials Only)

The parties must make every effort to agree upon jury instructions before submitting proposals to the Court. The Court expects the parties to agree on the substantial majority of instructions, particularly when pattern or model jury instructions exist and provide a statement of applicable law. The parties shall meet and confer regarding jury instructions according to the following schedule:

- Five (5) weeks before the FPTC: The parties shall exchange proposed general and special jury instructions.
- Four (4) weeks before the FPTC: The parties shall exchange any objections to the instructions.
- Three (3) weeks before the FPTC: The parties shall meet and confer with the goal of reaching agreement on one set of Joint Proposed Jury Instructions.
- Two (2) weeks before the FPTC: The parties shall file and email to Chambers clean and redline sets of: (1) their Joint Agreed Upon Proposed Jury Instructions; and (2) their Disputed Jury Instructions. The redline sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. If there are excessive or frivolous disagreements over jury instructions, the Court will order the parties to meet and confer immediately until they substantially

narrow their disagreements.

Sources: When the *Manual of Model Jury Instructions for the Ninth Circuit*[4] provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of the case. Where California law applies, the parties should use the current edition of the *Judicial Council of California Civil Jury Instructions*[5] ("CACI"). If neither applies, the parties should consult the current edition of O'Malley, et al., *Federal Jury Practice and Instructions*. The parties may submit alternatives to these instructions only if there is a reasoned argument that they do not properly state the law or are incomplete. The Court seldom gives instructions derived solely from case law.

Format: Each requested instruction shall: (1) cite the authority or source of the instruction; (2) be set forth in full; (3) be on a separate page; (4) be numbered; (5) cover only one subject or principle of law; and (6) not repeat principles of law contained in any other requested instruction. If a standard instruction has blanks or offers options (*e.g.*, for gender[6]), the parties must fill in the blanks or make the appropriate selections in their proposed instructions.

Index: All proposed jury instructions must have an index that includes the number, title, source, and page number for each instruction, as illustrated below:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15.U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

---

[4] The Manual of Model Jury Instructions for the Ninth Circuit may be found on the Ninth Circuit's website at https://www.ce9.uscourts.gov/jury-instructions/model-civil.

[5] The CACI may be found on the California Court website at https://www.courts.ca.gov/partners/317.htm.

[6] Per the Court's Civil Standing Order, litigants and counsel may indicate their honorifics by filing a letter, adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

Counsel also shall list the instructions in the order they will be given and indicate whether the instruction shall be read before opening statements, during trial, or before closing arguments.

During the trial and before closing argument, the Court will meet with the parties to finalize the instructions.  At that time, the parties will have an opportunity to make an oral record concerning their objections.  Each member of the jury will be given their own copy of the instructions during deliberations.  Accordingly, counsel must email Chambers a "clean" set of all instructions in Word format, containing only the text of each instruction, set forth in full on each page, with the caption "Instruction No. __" (eliminating the title and source of the instruction, supporting authority, etc.).

### 7.     Joint Verdict Forms (Jury Trials Only)

The parties shall make every effort to agree on a general or special verdict form before submitting proposals to the Court.  If the parties are unable to agree on a verdict form, the parties shall file and email to Chambers one document titled "Competing Verdict Forms" which shall include: (1) the parties' respective proposed verdict form; (2) a redline of any disputed language; and (3) the factual or legal basis for each party's respective position.  The Court may opt to use a general verdict form if the parties are unable to agree on a special verdict form.

### 8.     Joint Statement of the Case (Jury Trials Only)

The parties shall file and email to Chambers a Joint Statement of the Case for the Court to read to the prospective jurors before commencement of voir dire.  The joint statement should be brief, neutral, and not more than one page in length.

### 9.     Proposed Voir Dire Questions (Jury Trials Only)

The Court will conduct the voir dire.  Generally, a jury in a civil action will consist of eight (8) jurors.  In most cases, the Court will question all prospective jurors on the jury panel.  The Court asks prospective jurors basic biographical questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.) and questions going to their ability to be fair and impartial and carry out the

duties required, and may ask additional case-specific questions.  The parties may file and email to Chambers any proposed case-specific voir dire questions for the Court's consideration.  If the Court considers the questions proper, it will pose the questions to the prospective jurors.

Each side has three (3) peremptory challenges.  All challenges for cause and all *Batson* challenges shall be made at side bar or otherwise outside the prospective jurors' presence.  The Court will not necessarily accept a stipulation to a challenge for cause.  After all challenges have been exercised, the remaining jurors in the eight (8) lowest numbered seats will be the jury.

### 10.    Proposed Findings of Fact and Conclusions of Law (Bench Trials Only)

For any trial requiring findings of fact and conclusions of law, each party shall file and email to Chambers its Proposed Findings of Fact and Conclusions of Law in the format specified in Local Rule 52-3.

The parties may file and email to Chambers Supplemental Proposed Findings of Fact and Conclusions of Law during the trial.  Once trial concludes, the Court may order the parties to file and email to Chambers Revised Proposed Findings of Fact and Conclusions of Law.

### 11.    Declarations of Direct Testimony (Bench Trials Only)

When ordered by the Court in a particular case, each party shall file and email to Chambers declarations containing the direct testimony of each witness whom that party intends to call at trial.  If such declarations are filed, each party shall file and email to Chambers any evidentiary objections to the declarations submitted by any other party.  Such objections shall be submitted in the following three-column format: (1) the left column should contain a verbatim quote of each statement objected to (including page and line number); (2) the middle column should set forth a concise legal objection (*e.g.*, hearsay, lacks foundation, etc.) with a citation to the corresponding Federal Rule of Evidence or, where applicable, a case citation; and (3)

the right column should provide space for the Court's ruling on the objection.  The Court anticipates issuing its ruling on the objections during the FPTC.

## B. Trial Exhibits

Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders.  The parties shall submit to the Court three (3) sets of binders: one (1) binder with the original set of trial exhibits, and two (2) binders with copies of trial exhibits.  The original set of exhibits shall be for use by the jury during its deliberations, and the two sets of copies are for the Court.  **The parties must prepare additional copies of exhibits for their own use and for use by witnesses**. The parties must review the exhibit list and exhibit binders with the Courtroom Deputy Clerk ("CRD") before the admitted exhibits will be given to the jury.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side.  Exhibits shall be numbered sequentially as 1, 2, 3, etc., **not** 1.1, 1.2, etc.  *See* Local Rule 16-6.  Every page of a multi-page exhibit must be numbered.  Defendant's exhibit numbers shall not duplicate Plaintiff's numbers.  The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

The **original exhibits** shall bear the official exhibit tags (yellow tags for Plaintiff's exhibits and blue tags for Defendant's exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag.  Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the Central District of California's website.

The **copies of exhibits** must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side.

In addition to the three (3) sets of binders mentioned above, the parties must also submit to the Court a USB flash drive containing .pdf versions of all exhibits. The USB flash drive must be delivered to Judge Sykes' "Courtesy Box" located

-11-

outside of Courtroom 2 on the 2nd floor at the United States District Court, 3470 12th Street, Riverside, California 92501, no later than 12:00 p.m. (noon) on Friday, three (3) days before the start of trial.  Plaintiff's exhibits must be placed in a separate folder from Defendant's exhibits, and the document file names **must** include the exhibit number and a brief description of the document (*e.g.*, "Ex. 1 – Smith Declaration.pdf" or "Ex. 105 – Letter Dated 1-5-20.pdf").

The Court provides audio/visual equipment for use during trial.  The parties are encouraged to use it.  More information is available at http://www.cacd.uscourts.gov/clerk-services/courtroom-technology.  If counsel wishes to arrange for the use of additional equipment beyond what is ordinarily available in the courtroom, counsel shall email Chambers at least one (1) week before trial so that the necessary arrangements may be made.

The Court does not permit exhibits to be "published" to the jurors before they are admitted into evidence.  Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom.

Weapons used as exhibits must remain in the custody of a law enforcement agent during the pendency of the trial.  It shall be the responsibility of the agent to produce any such items for court, secure them at night, and guard them at all times while in the courtroom.  The party using any such exhibit must notify the United States Marshals Service well in advance if weapons or contraband are to be brought into the courthouse.

If electronic equipment must be brought into the courtroom for trial, counsel shall make prior arrangements with the Court Security.  Notice must be given to the CRD at SSS_Chambers@cacd.uscourts.gov no later than four (4) days before trial.

The parties must meet and confer no later than ten (10) days before trial to stipulate as much as possible to foundation, waiver of the best evidence rule, and exhibits that may be received into evidence at the start of the trial.  All such exhibits should be noted as admitted on the Court and CRD's copy of the exhibit list.

### III.   **Materials to Present on First Day of Trial**

The parties must present the following materials to the CRD on the first day of trial:

1.     The **three sets of binders** described above, with one (1) original set of trial exhibits for the jury, and two (2) copies of trial exhibits for the Court.

2.     Any **excerpts of deposition transcripts** to be used at trial, either as evidence or for impeachment.  These lodged depositions are for the Court's use.  **The parties must use their own copies during trial.**

### IV.   **Court Reporter**

Any party requesting special court reporter services for any hearing shall notify Court Reporting Services at least two (2) weeks before the hearing date.[7]

### V.   **Daily Schedule for Jury Trials**

Trial days are generally Monday through Thursday, from 9:00 a.m. to 4:30 p.m. with two ten-minute breaks and a one-and-a-half hour lunch break.  Fridays are usually reserved for the Court's calendar.  As a result, trial will not be held on Fridays unless the jury is deliberating or the Court's calendar allows trial to proceed.  The exact dates and times of trial proceedings will be determined at the Final Pretrial Conference and on a case-by-case basis.  The Court may consider the expected length of trial, the witnesses and evidence to be presented, and the availability of counsel and the parties.

On the first day of trial, the parties must appear at 8:30 a.m. to discuss preliminary matters with the Court.  Thereafter, legal and administrative matters will be addressed between 8:30 a.m. and 9:00 a.m. or 1:00 p.m. and 1:30 p.m.  All counsel are urged to anticipate matters that may need to be addressed outside of the presence

---

[7]  Additional information regarding Court Reporting Services may be found on the Central District of California's website at http://www.cacd.uscourts.gov/court-reporting-services.

of the jury and to raise them during this period, during breaks, or at the end of the day.  The Court does not make jurors wait while counsel discuss matters that should or could have been addressed at other times.  Counsel are urged to consider any unusual substantive or evidentiary issues that may arise, and to advise the Court of such issues.  Short briefs addressing such disputed issues are welcome.

Before trial begins, and as soon as the information becomes available to counsel, counsel should advise the Court of any concerns or accommodations that are requested for parties or witnesses.  During trial, if there are any matters to be discussed outside the presence of the jury, counsel shall advise the CRD of the request.  The Court discourages sidebars during trial unless the issue cannot be resolved at an upcoming break.

The Court will call a jury panel only when it is satisfied the case is ready for trial.  Jury selection usually takes only a few hours.  The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

## VI.  Conduct of Attorneys and Parties

### A.  Meeting and Conferring Throughout Trial

The parties **must** continue to meet and confer on all issues that arise during trial.  The Court will not rule on any such issue unless the parties have attempted to resolve it first.

### B.  Opening Statements, Witness Examinations, and Summation

Counsel shall not discuss the law or argue the case in opening statements.  Counsel must use the lectern.  Counsel should not consume jury time by writing out words and drawing charts or diagrams.  All such aids must be prepared in advance.  When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and witness examinations.

### C.  Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make

speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection.  If counsel wishes to argue an objection further, counsel must seek permission from the Court.

**D.      Closing Arguments and Post-Trial Briefs (Bench Trials Only)**

For an overview and review of the evidence presented during trial, the Court will rely on the parties' closing arguments.  In delivering closing arguments, the parties shall use their respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports their proposed findings. The Court will not accept post-trial briefs unless it finds that circumstances warrant additional briefing and such briefing is specifically authorized.

**E.      General Decorum While in Session**

     1.    Counsel must not approach the CRD, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.

     2.    Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.[8]

     3.    Counsel must address all remarks to the Court.  Counsel must not address the CRD, the Court Reporter, persons in the audience, or opposing counsel.  Any request to re-read questions or answers shall be addressed to the Court.  Counsel must ask the Court's permission to speak with opposing counsel.

     4.    Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen

---

[8] Any party who is unable to rise, by reason of disability or otherwise, should inform the Court in advance.

Rev. 7/21/22

(14).

5.     Counsel must address or refer to witnesses, counsel, parties, and court personnel by their surnames, pronouns, and honorifics, unless leave to do otherwise is granted.

6.     Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

7.     Counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

8.     Counsel must refrain from interrupting any other person in the courtroom when someone else is speaking.

9.     Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel.  Counsel shall instruct their clients and witnesses not to engage in such conduct.

10.     Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors.  Counsel must instruct their clients and witnesses to avoid such conduct.

11.     Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

12.     Bottled water is permitted in the courtroom.  Food and other beverages are not permitted.  Cell phones must be silenced or may be confiscated.

**F.**    **Promptness**

1.     The Court expects the parties, counsel, and witnesses to be

punctual.  Once the parties and their counsel are engaged in trial, the trial must be their priority.  The Court will not delay progress of the trial or inconvenience jurors.

2.     If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

3.     The parties must notify the CRD in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.

4.     No presenting party may be without witnesses.  If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

5.     The Court generally will accommodate witnesses by permitting them to be called out of sequence.  Counsel should meet and confer in advance and make every effort to resolve the matter.

**G.    Exhibits**

1.     No document shall be placed before a witness unless a copy has first been provided to the Court and opposing counsel.  The Court does not permit exhibits to be "published" to the jury by passing them up and down the jury box.  Exhibits may be displayed briefly using the screen in the courtroom unless the process becomes too time-consuming.

2.     Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

3.     Counsel are responsible for any exhibits they secure from the CRD and must return them before leaving the courtroom.

4.      Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

5.      Counsel must inform the CRD of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

6.      When referring to an exhibit, counsel must refer to its exhibit number.  Counsel should instruct their witnesses to do the same.

7.      Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so.  All demonstrative aids must be prepared fully in advance of the day's trial session.

8.      Counsel are required to seek to admit any items of evidence whose admissibility has not yet been stipulated to while the witness authenticating the exhibit is on the stand, so that any issues or concerns that arise may be addressed immediately.

**H.    Depositions**

1.      In using deposition testimony of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

a.      If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends and allow time for any objection. Counsel may then read the portions of the deposition into the record.

b.      If counsel wishes to ask the witness further questions on the

subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently.  Then, counsel either may ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions.  **Counsel should have available for the Court and the witness extra copies of the deposition transcript for this purpose.**

2.    Where a witness is absent and the witness's testimony is to be offered by deposition, counsel may either:

a.    have an individual sit on the witness stand and read the testimony of the witness while the examining lawyer asks the questions; or

b.    have counsel read both the questions and the answers.

## I.    Using Numerous Answers to Interrogatories and Requests for Admission

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy discovery responses, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted.  **Copies of this new document must be provided to the Court and the opposing party.**

## J.    Advance Notice of Unusual or Difficult Issues

If any party anticipates that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, that party **must** give the Court advance notice.  The parties must notify the CRD immediately of any unexpected legal issue that could not have been foreseen and addressed in advance.  To the extent such issue needs to be addressed outside the jury's presence, the relevant party must inform the CRD before jurors are excused for the day to minimize the time

jurors are kept waiting.  The Court expects all parties to work diligently to minimize delays and avoid keeping jurors waiting.

### K.    Continuances of Pretrial and Trial Dates

Requests for continuances of pretrial or trial dates must be by motion, stipulation, or application and must be supported by a declaration setting forth the reasons for the request.  The declaration must include a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance, dating back to the filing of the complaint, stating the steps the parties have taken to advance the litigation, demonstrating why the remaining steps could not have been performed within the applicable deadlines, and stating whether any previous requests for continuances have been made and whether these requests were granted or denied by the Court.  The Court will not grant requests to continue pretrial or trial dates absent this detailed showing.  General statements are insufficient to establish good cause.

If the parties jointly request a continuance, the request should clearly state that the government and defendant(s) agree.  If the case is complex, one or more parties require additional time to prepare for trial, or other circumstances apply necessitating a continuance, the request should so state and describe in detail.

A list of counsel's upcoming scheduled trials in other actions will not support a showing of good cause absent the following information regarding each such action listed: (1) the case name, case number, court where the action is pending, and the initials of the district judge or name of the state court judge assigned to each action; (2) the age of the action; (3) the nature of the offense(s) charged and complexity of the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the number of continuances previously granted; (7) the parties' trial readiness; (8) the estimated likelihood a future continuance will be requested; and (9) the likelihood the trial will proceed on the scheduled date.

1     Any request for continuance of trial must be filed no later than one (1) week

2  prior to the Final Pretrial Conference.  Requests extending dates set by the Court are

3  not effective unless approved by the Court.

4     **IT IS SO ORDERED.**

5

6  Dated: August 26, 2022

7                                        _____

8                                        SUNSHINE S. SYKES
                                         United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28