ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>　　　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Choolijian, United States Magistrate Judge<br><br>**DECLARATION OF ANTOINETTE WALLER IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS**<br><br>Date: May 30, 2023<br>Time: 9:30 a.m.<br>Courtroom.: 750 |

I, Antoinette Waller declare:

1. I am counsel for Plaintiff Francesca Gregorini in the above-captioned matter. I have first-hand, personal knowledge of the facts set forth in this Declaration, and if called to testify, could and would testify as follows.

2. On April 8, 2020, the defendants served initial disclosures in this case, identifying numerous individuals (including the person most knowledgeable at many of the non-Apple defendants) with discoverable information on "*Servant*'s development, pre-production, production, and/or post-production." Defendants also identified multiple categories of documents that they intended to rely on at trial, including categories identified as "[d]ocuments and communications relating to *Servant's* development and production" and "[d]ocuments and communications relating to Mr. Basgallop's ideas and plans for *Servant*." Defendants served one set of initial disclosures for all eleven defendants named in this action. Defendants did not differentiate between themselves as to which defendant held which category or categories of documents. Defendants did not identify where any of the initial disclosure documents were located. Attached as Exhibit 1 hereto is a true and correct copy of defendants' April 8, 2020 initial disclosures.

3. In March and April 2020, Plaintiff served two sets of document requests. The requests were exactly what one would expect of an initial set in a copyright case, with requests such as All non-privileged "Documents reflecting or evidencing Communications concerning Plaintiff," "All non-privileged Documents reflecting or evidencing Communications concerning *Emanuel*" and the like. Plaintiff's second set of document requests specifically mirrored defendants' initial disclosures, by asking for documents identified in the initial disclosures. With few exceptions, defendants indicated that they would indeed produce responsive

documents, or at least meet and confer to clarify the scope of the request. Attached as Exhibit 2 hereto is a true and correct copy of Plaintiff's second set of document requests (the "Document Requests") served on defendant Uncle George Productions, LLC ("Defendant"). Plaintiff's request nos. 106-111 (the "Initial Disclosure Requests") seek Defendant's initial disclosure documents.

4.  After this Court granted defendants' Motion to Dismiss, Plaintiff appealed, on the ground, *inter alia*, that the Judge previously presiding over this matter, Judge John Walter, erred by finding lack of substantial similarity without the benefit of a more developed factual record, discovery, and expert testimony. The Ninth Circuit overturned Judge Walter's dismissal and remanded the case back to this Court on April 22, 2022. (ECF Docket No. 61.) Following remand, the case was transferred to Judge Sykes. (ECF Docket No. 93.)

5.  On May 20, 2020, Defendant served its responses to the Document Requests. Attached as Exhibit 3 hereto is a true and correct copy of those responses. In response to the Initial Disclosure Requests (save for Request No. 111), subject to boilerplate objections, Defendant responded that it would produce the requested documents.

6.  When the case was returned to this Court, Plaintiff immediately resumed pursuit of the outstanding discovery. Defendants refused to participate in discovery on the basis that they intended to file a motion to bifurcate discovery and seek summary judgment without allowing discovery by Plaintiff. Defendants ultimately filed a motion to bifurcate. The Court denied Defendants' motion to bifurcate, finding that it was without basis and holding that Plaintiff was entitled to discovery. (ECF Docket No. 99.) Again, Plaintiff immediately resumed her attempts to have Defendants comply with their discovery obligations and produce

documents in compliance with their May 2020 responses to Plaintiff's document Requests.

7. In the twelve months since this case was remanded to this Court, Defendants have not produced any documents. Defendants claim that they are working on gathering documents for production. Plaintiff has repeatedly requested that Defendants at least produce their initial disclosure documents as they agreed to do in response to the Initial Disclosure Requests. On several occasions I and my colleague, David Erikson, have sought defendants' compliance with their discovery responses. On February 16, 2023, I wrote to defendant's counsel, again demanding that defendants produce the documents identified in their initial disclosures and which Defendant Uncle George had agreed to produce in May 2020 pursuant to Plaintiff's requests for production, Initial Disclosure Requests. Attached as Exhibit 4 hereto is a true and correct copy of my February 16, 2023 letter to Defendant's counsel. On February 22, 2023, Defendant's counsel, Mr. Jampol, wrote a letter to me and my colleague David Erikson in which Mr. Jampol states as to the Initial Disclosure Requests, "we will of course produce the documents upon which we rely." Mr. Jampol claimed that he was unable to provide a date by which the production would occur. As of the date of this declaration, Defendant has not produced its initial disclosure documents. Attached hereto as Exhibit 5 is a true and correct copy of Mr. Jampol's February 22, 2023 letter.

//
//
//
//

I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing facts are true and correct.

I am executing this Declaration on April 27, 2023 in Los Angeles, California.

                                  */s/Antoinette Waller*
                                  ANTOINETTE WALLER