NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800; Fax: (213) 633-6899

Attorneys for Defendants
BLINDING EDGE PICTURES, INC.; UNCLE
GEORGE PRODUCTIONS, LLC; APPLE INC.;
ESCAPE ARTISTS, INC. (erroneously sued as
ESCAPE ARTISTS LLC); DOLPHIN BLACK
PRODUCTIONS; M. NIGHT SHYAMALAN;
TONY BASGALLOP; ASHWIN RAJAN;
JASON BLUMENTHAL; TODD BLACK;
STEVE TISCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>          Plaintiff,<br><br>     vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**DECLARATION OF NICOLAS A. JAMPOL IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL UNCLE GEORGE PRODUCTIONS' PRODUCTION OF DOCUMENTS**<br><br>Date: May 30, 2023<br>Time: 9:30 a.m.<br>Courtroom: 750 |

1

JAMPOL DECLARATION
4867-6641-9041v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

I, Nicolas A. Jampol, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and before this Court. I am a partner in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc. ("Apple"), Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively "Defendants") in this matter. The facts stated below are based on my own personal knowledge.

2. Uncle George Productions, LLC ("Uncle George") is a production entity that was created in connection with the *Servant* television series and is owned in part by Blinding Edge Pictures, Inc. ("Blinding Edge"). In this declaration, the term "Uncle George" refers collectively to defendants Uncle George and Blinding Edge.

3. On April 8, 2020, Plaintiff Francesca Gregorini ("Plaintiff") served initial disclosures in this case. Plaintiff identified multiple categories of documents that she intended to rely on at trial, including "materials establishing and supporting Plaintiff's intellectual property and copyright at issue in this litigation, including the creation, development and distribution of *Emanuel*" and "correspondence to or from Defendants regarding the subject matter of this case." Attached as Exhibit 6 is a true and correct copy of Plaintiff's initial disclosures.

4. On April 10, 2020, Plaintiff served its first set of requests for production of documents to Uncle George, consisting of 105 separate requests. Attached as Exhibit 7 is a true and correct copy of Plaintiff's first set of document requests served on Uncle George.

5. On May 11, 2020, Uncle George served its responses to Plaintiff's first set of requests for production of documents to Uncle George. Attached as Exhibit 8

JAMPOL DECLARATION
4867-6641-9041v.1 0113237-000003

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

is a true and correct copy of Uncle George's responses to Plaintiff's first set of document requests.

6. After this Court granted Defendants' motion to dismiss on May 28, 2020, Plaintiff appealed that decision to the Ninth Circuit. The Ninth Circuit reversed and, on April 22, 2022, remanded the case. ECF No. 61. Following remand, the case was transferred to Judge Sykes on June 23, 2022. ECF No. 93.

7. Following remand, Defendants filed a motion to bifurcate discovery into an initial phase as to the issue of substantial similarity. That motion was denied on August 26, 2022. ECF No. 99.

8. On December 14, 2022, Plaintiff's counsel proposed – and I agreed – to conferring in early January 2023 on a reasonable schedule for discovery. On December 20, 2022, I informed Plaintiff's counsel that there are "hundreds of thousands of documents, from almost a dozen defendants, that are potentially responsive to your requests, which are being reviewed." I also noted that "It is not an easy or quick (or cheap) process, and we are moving things along."

9. On January 12, 2023, the parties briefly met and conferred, but due to Plaintiff's counsel's family matter, we did not confer in detail on discovery. During that call, Plaintiff's counsel asked for an additional two months for Plaintiff to respond to Defendants' discovery requests. Due to Plaintiff's counsel's family circumstances, we agreed to meet and confer further at a later date. That same day, we granted the requested two-month extension.

10. On February 9, 2023, I reached out to Plaintiff with a detailed summary of Defendants' review efforts to date and a proposal to clarify and potentially narrow the scope of Plaintiff's extensive, broad discovery requests. I noted that Defendants had narrowed over two million documents to 43,000 possibly responsive documents. In order to accelerate production and Plaintiff's review, I identified several thematic categories of potentially responsive documents, such as "Agreements," "Scripts," "Casting," and "Staging," and proposed that Defendants

JAMPOL DECLARATION
4867-6641-9041v.1 0113237-000003

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

produce reasonable narrowed categories of those documents for production. For example, instead of reviewing over 6,000 emails and other documents potentially responsive to Plaintiff's requests related to agreements because they reflected some aspect of an agreement with a Defendant, I, on behalf of Uncle George and the other Defendants, proposed providing executed agreements for each Defendant. My email offered similar proposals for several other thematic categories of documents that I thought were reasonable for all parties and would ensure Plaintiff would receive the relevant documents without us spending unnecessary time and money on less relevant (or irrelevant) documents. Attached as Exhibit 9 is a true and correct copy of my February 9, 2023 email to Plaintiff's counsel.

11. On February 16, 2023, Plaintiff's counsel categorically rejected all of these proposals and provided no counter-proposal or suggestions. A true and correct copy of Plaintiff's counsel's February 16, 2023 letter is attached as Exhibit 4 to the Declaration of Antoinette Waller.

12. On February 22, 2023, I provided Plaintiff's counsel with further details about the collection, search, and review of Defendants' documents and renewed its request that Plaintiff consider the several narrowing proposals. Between February 22 and April 27, 2023, when this joint stipulation was sent to me, Plaintiff did not respond in any way to the February 22 letter or reach out to me or my colleagues regarding discovery. A true and correct copy of my February 22, 2023 letter to Plaintiff's counsel is attached as Exhibit 5 to the Declaration of Antoinette Waller.

13. On April 27, 2023, Plaintiff's counsel sent me a notice of motion and Plaintiff's portions of a Local Rule 37-2 joint stipulation to compel Uncle George's production of documents, with Plaintiff's counsel's supporting declaration and exhibits. Plaintiff's counsel stated that Uncle George must provide its portion of the joint stipulation and any supporting declaration and exhibits within seven days. On May 1, 2023, I informed Plaintiff's counsel that, per Local Rule 37-1, she needed to

4

JAMPOL DECLARATION
4867-6641-9041v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

provide a meet-and-confer letter regarding alleged discovery issues, and then we would need to participate in an in-person prefiling conference, prior to Plaintiff filing any motion to compel. In particular, I stated that "I respectfully request that we comply with the rules and meet in person to discuss our document production." I also informed Plaintiff's counsel that Defendants anticipated producing documents the week of May 1.

14. That same day, Plaintiff's counsel responded, claiming that they have "fulfilled – and far exceeded – any meet and confer requirement" for the six discovery requests at issue. I informed Plaintiff's counsel that we disagreed with their position and that we would provide our portion of the joint stipulation, even though the motion violated the local rules.

15. On May 1, 2023, I sent Plaintiff's counsel our own meet and confer letter based on what we believe to be Plaintiff's deficient discovery responses. We requested dates and times that would work for Plaintiff's counsel to meet in our office within ten days, as required by the Local Rules. Attached as Exhibit 10 is a true and correct copy of Defendants' meet and confer letter.

16. From May 2 to May 4, 2023, I engaged in further email correspondence with Plaintiff's counsel in which I again confirmed that we would be producing documents and reiterated my request to have a meet and confer discussion to see if we could resolve our disagreement and avoid this motion to compel. Those efforts were unsuccessful, and so we provided Plaintiff's counsel with our portion of the joint stipulation. Attached as Exhibit 11 is a true and correct copy of this correspondence with Plaintiff's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on the 4th day of May 2023, in Los Angeles, California.

*/s/ Nicolas A. Jampol*
Nicolas A. Jampol

5

JAMPOL DECLARATION
4867-6641-9041v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899