EXHIBIT 6

ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
   david@daviderikson.com
Antoinette Waller (SBN 152895)
   antoinette@daviderikson.com
S. Ryan Patterson (SBN 279474)
   ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>                Plaintiff,<br><br>          v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>                Defendants. | Case No. 2:20-cv-00406-JFW-JC<br>Hon. John F. Walter<br><br><br>**PLAINTIFF'S INITIAL DISCLOSURES** |

Plaintiff Francesca Gregorini ("Disclosing Party" or "Plaintiff") makes the following Initial Disclosures pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1).

## **PRELIMINARY STATEMENT**

Disclosing Party has not yet completed her investigation of the facts relating to this action or the claims and defenses raised by the pleadings, has not yet identified or interviewed all potential witnesses in this action, and has not yet identified or reviewed all documents that may be relevant to this action.

Disclosing Party bases these Initial Disclosures on the information currently known and available to her after an initial good faith investigation. Disclosing Party will supplement these Initial Disclosures as information becomes available. Accordingly, these Initial Disclosures are made without prejudice to Disclosing Party's right to amend, revise or supplement these Initial Disclosures later as warranted by the Federal Rules of Civil Procedure.

These Initial Disclosures are subject to all appropriate objections that would require the exclusion of any information contained herein if introduced as evidence in court.  All such objections are reserved and may be interposed at the time of trial.  No admissions of any nature whatever are implied or should be inferred.  Nothing herein should be construed as an admission or acceptance by Disclosing Party with respect to the admissibility or relevance of any document or fact referenced in these Initial Disclosures.

Disclosing Party reserves the right to continue her investigation and discovery of facts, witnesses, and documents that may reveal additional information about the issues in this action. Disclosing Party reserves the right at the time of trial to produce, refer to, and offer into evidence any additional documents, facts, and evidence from any source; and testimony from any witness which may be ascertained through her continued discovery and trial preparation, notwithstanding the reference to documents and information in these Initial Disclosures.

### 1.  Witnesses – FRCP 26(a)(1)(A)(i)

Disclosing Party submits the following list of the names and contact information of individuals likely to have discoverable information that she may use to support her claims (unless solely for impeachment). This case is in the initial stages of fact discovery, and hence Disclosing Party reserves the right to identify additional witnesses as discovery progresses.

1. Plaintiff Francesca Gregorini may testify on the following subjects: creation and ownership of the infringed work; all claims and damages, including Plaintiff's copyrights, production, development, and distribution of *Emanuel*, as well as Defendants' infringing activity. Plaintiff may be contacted through Erikson Law Group.

2. Individual defendants M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, the "Individual Defendants") as well as corporate representatives of defendants Apple Inc., Blinding Edge Pictures, Inc., Uncle George Productions, Escape Artists LLC, and Dolphin Black Productions (collectively, the "Corporate Defendants") (the Individual Defendants and the Corporate Defendants, collectively "Defendants"), c/o Defendants' counsel. These witnesses may have information on the following subjects: Defendants' infringing conduct including Defendants' access to and infringement of *Emanuel*; Defendants' profits from their exploitation and use of the infringed work; Defendants' business operations; the willfulness of Defendants' infringement.

3. The Individual Defendants as well as corporate representatives of the Corporate Defendants, c/o Defendants' counsel. These witnesses may have information on the following subjects: The corporate entities' organization and corporate history; the relationships between and among the Defendants and participation in and knowledge of infringing conduct; the creation, development and exploitation of *Servant* including agreements between and among Defendants and third parties.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

3                     PLAINTIFF'S INITIAL DISCLOSURES

4. Apple representatives Ali Woodruff, Jamie Erlicht, Zack Van Amburg, c/o Defendants' counsel. These witnesses may have information on the following subjects: Plaintiff and her work; Defendants' appropriation and infringement of Plaintiff's work.

5. Joey Siracuse, WGA arbitrator. This witness may have information on the following subjects: Plaintiff's work, including *Emanuel*.

6. Olivia Blaustien, CAA TV Agent, and Chikira Bennett, assistant to Ms. Blaustien. These witnesses may have information on the following subjects: Plaintiff's work, including *Emanuel*, Plaintiff's submission to direct episodes of *Berlin Station*.

7. Tatiana von Furstenberg, c/o Plaintiff's counsel. This witness may have information on the following subjects: Plaintiff's work and background; creation, development, production and distribution of *Emanuel*.

8. Antony Langdon, editor of *Emanuel*. This witness may have information on the following subjects: Creation, development and production of *Emanuel*. Comparisons between *Emanuel* and *Servant*.

9. Rooney Mara, actor. This witness may have information on the following subjects: Inspiration and writing process for *Emanuel*.

10. Kaya Scodelario, Alfred Molina, Jimmi Simpson, Aneurin Barnard, Frances O'Connor, *Emanuel* actors. These witnesses may have information on the following subjects: *Emanuel* creative process and production.

11. Polly Morgan, director of photography for *Emanuel*. This witness may have information on the following subjects: *Emanuel* creative process and production.

12. David Unger, Plaintiff's Manager; Ellen Jones and Christina Bazdekis – Agents at ICM; Cynthia Okoye, UK Agent at Curtis Brown. These witnesses may have information on the following subjects: Plaintiff's work and career.



ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

PLAINTIFF'S INITIAL DISCLOSURES

13. Barbara Bach Starkey, c/o Plaintiff's counsel. This witness may have information on the following subjects: Plaintiff's background and career.

14. Kim Peirce. This witness may have information on the following subjects: Plaintiff's background and career.

15. Participants on *Servant* including Mike Gioulakis; Jarin Blaschke; Douglas Aibel; Stephanie Holbrook, Stephanie Holbrook Casting, holbrookcasting.com, 212-624-5863, contactholbrook@gmail.com; Naaman Marshall, Scott G. Anderson, Pam Fuller, Jordan M. Sloane. These witnesses may have information on the following subjects: The creative process, development, and/or production of *Servant*.

16. Ryan Geffert, assistant to Mr. Basgallop; Catherine Wolf, assistant to Mr. Night; Nate Atwood, assistant to Mr. Blumenthal. These witnesses may have information on the following subjects: The relationships between and among the Defendants, Defendants' knowledge of and access to Plaintiff's work; and Defendants' infringing conduct.

Disclosing Party may also call each witness identified by Defendants. Plaintiff may call additional witnesses, not disclosed herein, as experts pursuant to Rule 26(a)(2). Any such witnesses will be identified subsequently according to any expert disclosure schedule set by the Court.

**2. Documents – FRCP 26(a)(1)(A)(ii)**

At this time Plaintiff identifies the following categories of documents in her possession, custody, or control that may be used to support her claims:

1. Materials establishing and supporting Plaintiff's intellectual property and copyright at issue in this litigation, including the creation, development and distribution of *Emanuel*.

2. Materials establishing and supporting Defendants' infringing activity including documents and communications concerning *Servant*, Defendants' interviews and media related to *Servant*.


ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

5                                PLAINTIFF'S INITIAL DISCLOSURES

3.  Materials establishing and supporting Defendants' knowledge and information regarding Plaintiff's work.

4.  Correspondence to or from Defendants regarding the subject matter of this case.

**3.  Damages – FRCP 26(a)(1)(A)(iii)**

A computation of each category of damages claimed by the Disclosing party: Plaintiff claims her actual damages and all profits resulting from Defendants' infringing activities, trebled where warranted. Plaintiff further seeks recovery of her attorneys' fees and costs. The precise amounts of Plaintiff's damages are currently unknown to Plaintiff. To the extent permissible, Plaintiff may also seek statutory damages. Plaintiff's investigation is ongoing, and discovery has just begun in this matter. Plaintiff has and will undertake efforts to refine and adduce her damages.

**4.  Insurance – FRCP 26(a)(1)(A)(iv)**:

For inspection and copying as under Rule 34, any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment: Disclosing Party is presently unaware of any applicable insurance policies.

Plaintiff reserves the right to supplement these disclosures in accord with FRCP 26.

DATED: April 8, 2020                    ERIKSON LAW GROUP


By: _____/s/_____.
DAVID A. ERIKSON
Attorneys for Plaintiff Francesca Gregorini

# EXHIBIT 7

ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
   david@daviderikson.com
Antoinette Waller (SBN 152895)
   antoinette@daviderikson.com
S. Ryan Patterson (SBN 279474)
   ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>             Plaintiff,<br><br>        v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>             Defendants. | Case No. 2:20-cv-00406-JFW-JC<br>Hon. John F. Walter<br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE TO DEFENDANT UNCLE GEORGE PRODUCTIONS**<br><br>Complaint Filed: January 15, 2020 |

PROPOUNDING PARTY:    Plaintiff Francesca Gregorini

RESPONDING PARTY:    Defendant Uncle George Productions

SET NO.:    One

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Francesca Gregorini requests that Defendant Uncle George Productions provide written responses and produce the documents and things described below within 30 days at the offices of the Erikson Law Group, 200 N. Larchmont Blvd., Los Angeles, CA 90004.

## INSTRUCTIONS

    1.    Where a claim of privilege is asserted in responding or objecting to any of these document requests and information is not provided on the basis of such an assertion, the party asserting the privilege shall in response or objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked.  When any privilege is claimed, the party asserting it shall indicate, as to the information requested, whether (a) any documents exist, or (b) any oral communications took place.  Further, for each document withheld on the basis of attorney-client privilege, You must set forth at least:

      a.    The identity of the preparer;

      b.    The identity of the recipients of the document;

      c.    The date or dates of the document;

      d.    The subject matter of the document;

      e.    Whether direct quotes or paraphrases from counsel are identified; and

      f.    Whether direct quotes or paraphrases could be redacted, leaving non-privileged information.

For information withheld on the basis of a claim of work product, You must set forth at least:

a.    The identity of the authors;

b.    The identity of the recipients (including recipients or copies);

c.    The date or dates of the document;

d.    The purpose of the document;

e.    The dates and purposes of the relationship between the authors and Your counsel with sufficient particularity to sustain Your burden to show the applicability of the doctrine.

2.    In responding to these requests, You are not limited to documents known of Your own personal knowledge. Use all information which is known or available to You including but not limited to information known of Your personal knowledge, information obtainable by a diligent search of sources of information available to You, and all information in the possession of or available to any person or persons acting on Your behalf, or under Your control, or under the control of any of Your agents, servants or representatives.

3.    The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of these requests any information which would otherwise not be brought within their scope.

4.    The term "any" includes the term "all" and vice versa.  The singular form shall include the plural and vice-versa whenever such dual construction will serve to bring within the scope of these requests any information which would otherwise not be brought within their scope.

5.    As used herein, the singular form shall include the plural and vice-versa whenever such dual construction will serve to bring within the scope of these requests any information, which would otherwise not be brought within their scope.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

3      PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

# DEFINITIONS

1.     The terms "Document" and "Documents" are used herein in the broadest sense and include, but are not limited to, draft, interim and final versions. Further, when used in this request, the term "Document" means the original (or an identical duplicate if the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any form of physical media. Physical media include, but are not limited to, paper media, phonographic media, photographic film media (including pictures, films slides and microfilm), magnetic media (including but not limited to hard disks, floppy disks, compact disks, DVDs and magnetic tapes of any kind), computer memory, digital media, optical media, magneto-optical media, and other physical media and Electronic Media and Electronic Data. The definition of Document also includes tangible things and archived (as well as active) electronic files and deleted electronic files. Examples of Documents include, but are not limited to, any notes; letters; e-mails and the like (including instant messages, text messages, and other computer-based, telephone-based or electronic Communications); computer files; designs, preliminary sketches, drawings, computer-aided designs, photographs, records, reports, contracts, Communications, correspondence, telegrams, memoranda, statements, books, summaries and/or records of telephone conversations, summaries and/or records of personal conversations, diaries, forecasts, orders, bills, invoices, checks, statistical statements, books of account, studies, graphs, charts, accounts, work papers, indexes, data sheets, data processing cards, analytical records, minutes and/or records of meetings and conferences, reports and/or summaries of interviews, reports and/or opinions of consultants, appraisals, records, reports and/or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, projections, drafts of Documents, working papers, copies, marginal notations, photographs, drawings, tape recordings, data

4    PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

compilations, faxes, daily diaries, Day Timers, schedules, any computer readable file or medium, logs, policies, computations, memorandum, request envelope, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission record, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, computer disk, computer tape, written, printed, recorded, typed, punched or graphic matter or sound recordings/ reproductions, drafts or revisions of any nature whatever, together with any and all attachments thereto or enclosures therewith. Documents also include the file, folder tabs, and labels appended to or containing any Documents.

2.     The terms "Communication" or "Communications" shall mean oral, visual, written, or electronic exchange or transmission of information (even if archived or deleted) including, but not limited to, telephone conversations, meetings, conversations, conferences, video-conferences, letters, memoranda, facsimiles, e-mails and the like (including instant messages, text messages, and other computer-based, telephone-based or other electronic Communications) and voice messages.

3.     The terms "Relating to" or "Relates to" shall mean including, mentioning, discussing, summarizing, describing, reflecting, referring to, pertaining to, commenting on, depicting, embodying, evidencing, constituting, concerning, reporting or involving an occurrence, event, Person, transaction or course of dealing.

4.     The term "Person" shall mean any individual and/or corporate or fictitious entity of any type, including but not limited to corporations, partnerships, trusts, and/or limited liability companies.

5.      The term "You" or "Your" shall mean Uncle George Productions, as well as its officers, directors, employees, agents and/or representatives, or anyone acting on behalf of Uncle George Productions or at its direction.

6.      The term "Dispute" shall mean any action, claim, lawsuit, arbitration, threatened lawsuit or other proceeding.

7.      The term "Computer" shall include, but is not limited to, microchips, personal computers, laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), smartphones, minicomputers, mainframe computers, servers, portable hard drives, thumb drives, cloud storage, and all other devices that store electronic data.

8.      The term "Computer System," when used in reference to any Computer, includes, but is not limited to, the following information:

    a.      Computer type, brand and model,

    b.      Brand & version of all software, including operating system, private-and custom-developed applications, commercial applications, and/or shareware,

    c.      Communications capability, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection.

9.      The term "Electronic Data" means the original native file (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes—by way of example only—computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output

6          PLAINTIFF'S REQUESTS FOR PRODUCTION,
           SET ONE TO DEFENDANT UNCLE GEORGE
           PRODUCTIONS

resulting from the use of any software program, including word processing documents, computer aided design files, photoshop files and the like, spreadsheets, database files (including descriptive information regarding tables, fields and values), charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, DVDs, removable media such as Zip disks, thumb and USB drives, digital memory cards and their equivalent, magnetic tapes of all types, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

10.     The term "Electronic Media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, DVD, removable media such as magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, or on or in any other vehicle for digital data storage and/or transmittal.

11.     The term "Plaintiff" refers to plaintiff Francesca Gregorini.

12.      The term "*Servant*" refers to the Apple TV+ original series "Servant," which debuted on November 28, 2019.

13.     The term "*The Episodes*" refers to Season One, Episodes 1-3, of *Servant*, which first aired on November 28, 2019.

13.     The term "*Emanuel*" refers to Plaintiff Francesca Gregorini's 2013 feature film *The Truth About Emanuel,* also known as and formerly known as *Emanuel and the Truth about Fishes*.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE TO DEFENDANT UNCLE GEORGE PRODUCTIONS

14.     The term "*The Episode Scripts*" refers to all iterations and versions of scripts and or teleplays, including drafts, corresponding to what eventually became *The Episodes*.

15.     The term "Scripts" refers to all iterations and versions of scripts and or teleplays, including drafts, for episodes or portions of *Servant*.

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

All non-privileged Documents reflecting or evidencing Communications concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 2.**

Non-privileged Documents reflecting or evidencing Communications concerning *Emanuel*.

**REQUEST FOR PRODUCTION NO. 3.**

Documents sufficient to identify the Person(s) involved in Apple's decision to include *Servant* as part of Apple TV+'s streaming service.

**REQUEST FOR PRODUCTION NO. 4.**

Documents sufficient to identify the Person(s) involved in the decision-making by which Apple came to produce and stream (or otherwise broadcast) *Servant*.

**REQUEST FOR PRODUCTION NO. 5.**

Documents reflecting or evidencing Communications between You and any third-party concerning *Emanuel*.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

8      PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 6.**

Documents reflecting or evidencing Communications between You and any third-party concerning Plaintiff.

**REQUEST FOR PRODUCTION NO. 7.**

All Communications between you and Creative Artists Agency (or "CAA") Relating to Plaintiff.

**REQUEST FOR PRODUCTION NO. 8.**

Communications between You and Ryan Geffert and/or Catherine Wolf that Relate to Plaintiff and/or *Emanuel*.

**REQUEST FOR PRODUCTION NO. 9.**

Communications between You and Ryan Geffert and/or Catherine Wolf that Relate to *The Episodes*.

**REQUEST FOR PRODUCTION NO. 10.**

Communications between You and Ryan Geffert and/or Catherine Wolf that Relate to the Scripts and/or *Servant*.

**REQUEST FOR PRODUCTION NO. 11.**

Communications between You and Naaman Marshall and/or Scott G. Anderson that Relate to Plaintiff and/or *Emanuel*.

**REQUEST FOR PRODUCTION NO. 12.**

Communications between You and Naaman Marshall and/or Scott G. Anderson that Relate to *The Episodes*.


ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE TO DEFENDANT UNCLE GEORGE PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 13.**

Communications between You and Naaman Marshall and/or Scott G. Anderson that Relate to the Scripts and/or *Servant*.

**REQUEST FOR PRODUCTION NO. 14.**

Communications between You and Douglas Aibel and/or Stephanie Holbrook that Relate to Plaintiff and/or *Emanuel*.

**REQUEST FOR PRODUCTION NO. 15.**

Communications between You and Douglas Aibel and/or Stephanie Holbrook that Relate to *The Episodes*.

**REQUEST FOR PRODUCTION NO. 16.**

Communications between You and Douglas Aibel and/or Stephanie Holbrook that Relate to the Scripts and/or *Servant*.

**REQUEST FOR PRODUCTION NO. 17.**

Documents that Relate to the casting process for *Servant*.

**REQUEST FOR PRODUCTION NO. 18.**

The "show bible," or other reference document used to communicate and/or record information on characters, settings, and other elements for *Servant*.

**REQUEST FOR PRODUCTION NO. 19.**

Documents that Relate to the "show bible," or other reference document used to communicate and/or record information on characters, settings, and other elements for *Servant*.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

10    PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

1

**REQUEST FOR PRODUCTION NO. 20.**

2       Communications that Relate to the "show bible," or other reference document

3   used to communicate and/or record information on characters, settings, and other

4   elements for *Servant*.

5

**REQUEST FOR PRODUCTION NO. 21.**

6       Communications with Pam Fuller and/or Jordan M. Sloane that Relate to the

7   Scripts.

8

9

**REQUEST FOR PRODUCTION NO. 22.**

10       Communications with Pam Fuller and/or Jordan M. Sloane that Relate to *The*

11   *Episodes*.

12

13

**REQUEST FOR PRODUCTION NO. 23.**

14       All Documents Related to any pitch deck, or other materials created for the

15   purpose of developing Servant or soliciting interest in Servant.

16

17

**REQUEST FOR PRODUCTION NO. 24.**

18       All Documents Related to any treatment, synopsis, or other summary of Servant

19   created for the purpose of developing Servant, or soliciting interest in Servant.

20

21

**REQUEST FOR PRODUCTION NO. 25.**

22       Documents that Relate to the script, including, but not limited to, drafts, for the

23   pilot episode of *Servant*.

24

25

**REQUEST FOR PRODUCTION NO. 26.**

26       Other than as to Plaintiff, Documents Relating to any accusation, claim,

27   assertion, or suggestion that You infringed the work of another Person.

28

11     PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 27.**

Other than as to Plaintiff, all cease and desist letters, demand letters, or complaints regarding Your infringement or alleged infringement of any work.

**REQUEST FOR PRODUCTION NO. 28.**

Documents sufficient to identify the parties involved in any Dispute accusing You of copyright infringement.

**REQUEST FOR PRODUCTION NO. 29.**

Documents sufficient to show all revenue You have received Related to *Servant*.

**REQUEST FOR PRODUCTION NO. 30.**

Documents constituting any version of the Scripts, including, without limitation, drafts of the Scripts.

**REQUEST FOR PRODUCTION NO. 31.**

Documents constituting any version of *The Episodes Scripts*, including, without limitation, drafts of *The Episodes Scripts*.

**REQUEST FOR PRODUCTION NO. 32.**

Communications between You and any Person concerning the creation of the Scripts.

**REQUEST FOR PRODUCTION NO. 33.**

Communications between You and any Person concerning the creation of *The Episodes Scripts*.


**ERIKSON**
LAW GROUP
ATTORNEYS
LOS ANGELES CA

PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE TO DEFENDANT UNCLE GEORGE PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 34.**

Documents Relating to the development of the Scripts.

**REQUEST FOR PRODUCTION NO. 35.**

Documents Relating to the development of *The Episodes Scripts*.

**REQUEST FOR PRODUCTION NO. 36.**

Documents supporting YOUR contention that You created *Servant*.

**REQUEST FOR PRODUCTION NO. 37.**

Documents reflecting or otherwise evidencing how *Servant* came to be created.

**REQUEST FOR PRODUCTION NO. 38.**

Documents Relating to Your inspiration for *Servant*.

**REQUEST FOR PRODUCTION NO. 39.**

Documents Relating to or otherwise reflecting the background and process for the creation of *Servant*.

**REQUEST FOR PRODUCTION NO. 40.**

Documents Relating to or otherwise reflecting the development of the Scripts.

**REQUEST FOR PRODUCTION NO. 41.**

Documents reflecting or evidencing Your knowledge of *Emanuel*.

**REQUEST FOR PRODUCTION NO. 42.**

Documents reflecting or evidencing Your access to *Emanuel*.



ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE TO DEFENDANT UNCLE GEORGE PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 43.**

Documents evidencing Your ownership of the Scripts.

**REQUEST FOR PRODUCTION NO. 44.**

Documents evidencing Your ownership of *The Episode Scripts*.

**REQUEST FOR PRODUCTION NO. 45.**

Documents evidencing Your ownership of *The Episodes*.

**REQUEST FOR PRODUCTION NO. 46.**

Documents evidencing Your ownership of *Servant*.

**REQUEST FOR PRODUCTION NO. 47.**

Documents evidencing any transfer or assignment of Your interest in the Scripts.

**REQUEST FOR PRODUCTION NO. 48.**

Documents evidencing any transfer or assignment of Your interest in *The Episode Scripts*.

**REQUEST FOR PRODUCTION NO. 49.**

Documents evidencing any transfer or assignment of Your interest in *The Episodes*.

**REQUEST FOR PRODUCTION NO. 50.**

Documents evidencing any transfer or assignment of Your interest in *Servant*.


ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

14          PLAINTIFF'S REQUESTS FOR PRODUCTION,
            SET ONE TO DEFENDANT UNCLE GEORGE
            PRODUCTIONS

1  **REQUEST FOR PRODUCTION NO. 51.**

2      Documents Related to any registration of the Scripts, including, but not limited

3  to, drafts, with the Writers' Guild of America (or WGA).

4

5  **REQUEST FOR PRODUCTION NO. 52.**

6      Documents Related to any registration or preregistration of *Servant*, or any

7  portion thereof (including, but not limited to, the Scripts and *The Episodes*) with the

8  United States Copyright Office.

9

10  **REQUEST FOR PRODUCTION NO. 53.**

11      All agreements Related to *Servant*, to which You are a party.

12

13  **REQUEST FOR PRODUCTION NO. 54.**

14      All agreements Related to *The Episodes*, to which You are a party.

15

16  **REQUEST FOR PRODUCTION NO. 55.**

17      All agreements Related to the Scripts, to which You are a party.

18

19  **REQUEST FOR PRODUCTION NO. 56.**

20      All agreements Related to *The Episode Scripts*, to which You are a party.

21

22  **REQUEST FOR PRODUCTION NO. 57.**

23      All agreements between You and M. Night Shyamalan.

24

25  **REQUEST FOR PRODUCTION NO. 58.**

26      All agreements between You and Tony Basgallop.

27

28


ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 59.**

      All agreements between You and Apple Inc.

**REQUEST FOR PRODUCTION NO. 60.**

      All agreements between You and Apple TV+.

**REQUEST FOR PRODUCTION NO. 61.**

      All agreements between You and Blinding Edge Pictures, Inc.

**REQUEST FOR PRODUCTION NO. 62.**

      All agreements between You and Dolphin Black Productions.

**REQUEST FOR PRODUCTION NO. 63.**

      All agreements between You and Escape Artists LLC.

**REQUEST FOR PRODUCTION NO. 64.**

      All agreements between You and M. Night Shyamalan Related to *Servant*.

**REQUEST FOR PRODUCTION NO. 65.**

      All agreements between You and Tony Basgallop Related to *Servant*.

**REQUEST FOR PRODUCTION NO. 66.**

      All agreements between You and Apple Inc. Related to *Servant*.

**REQUEST FOR PRODUCTION NO. 67.**

      All agreements between You and Apple TV+ Related to *Servant*.

PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 68.**

All agreements between You and Blinding Edge Pictures, Inc. Related to *Servant*.

**REQUEST FOR PRODUCTION NO. 69.**

All agreements between You and Dolphin Black Productions Related to *Servant*.

**REQUEST FOR PRODUCTION NO. 70.**

All agreements between You and Escape Artists LLC Related to *Servant*.

**REQUEST FOR PRODUCTION NO. 71.**

All agreements between You and M. Night Shyamalan Related to *The Episodes*.

**REQUEST FOR PRODUCTION NO. 72.**

All agreements between You and Tony Basgallop Related to *The Episodes*.

**REQUEST FOR PRODUCTION NO. 73.**

All agreements between You and Apple Inc. Related to *The Episodes*.

**REQUEST FOR PRODUCTION NO. 74.**

All agreements between You and Apple TV+ Related to *The Episodes*.

**REQUEST FOR PRODUCTION NO. 75.**

All agreements between You and Blinding Edge Pictures, Inc. Related to *The Episodes*.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

17          PLAINTIFF'S REQUESTS FOR PRODUCTION,
            SET ONE TO DEFENDANT UNCLE GEORGE
            PRODUCTIONS

1  **REQUEST FOR PRODUCTION NO. 76.**

2       All agreements between You and Dolphin Black Productions Related to *The*

3  *Episodes*.

4

5  **REQUEST FOR PRODUCTION NO. 77.**

6       All agreements between You and Escape Artists LLC Related to *The Episodes*.

7

8  **REQUEST FOR PRODUCTION NO. 78.**

9       All agreements between You and M. Night Shyamalan Related to the Scripts.

10

11  **REQUEST FOR PRODUCTION NO. 79.**

12      All agreements between You and Tony Basgallop Related to the Scripts.

13

14  **REQUEST FOR PRODUCTION NO. 80.**

15      All agreements between You and Apple Inc. Related to the Scripts.

16

17  **REQUEST FOR PRODUCTION NO. 81.**

18      All agreements between You and Apple TV+ Related to the Scripts.

19

20  **REQUEST FOR PRODUCTION NO. 82.**

21      All agreements between You and Blinding Edge Pictures, Inc. Related to the

22  Scripts.

23

24  **REQUEST FOR PRODUCTION NO. 83.**

25      All agreements between You and Dolphin Black Productions Related to the

26  Scripts.

27

28


**ERIKSON**
LAW GROUP
ATTORNEYS
LOS ANGELES CA

18       PLAINTIFF'S REQUESTS FOR PRODUCTION,
         SET ONE TO DEFENDANT UNCLE GEORGE
         PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 84.**

All agreements between You and Escape Artists LLC Related to the Scripts.

**REQUEST FOR PRODUCTION NO. 85.**

All agreements between You and M. Night Shyamalan Related to *The Episode Scripts*.

**REQUEST FOR PRODUCTION NO. 86.**

All agreements between You and Tony Basgallop Related to *The Episode Scripts*.

**REQUEST FOR PRODUCTION NO. 87.**

All agreements between You and Apple Inc. Related to *The Episode Scripts*.

**REQUEST FOR PRODUCTION NO. 88.**

All agreements between You and Apple TV+ Related to *The Episode Scripts*.

**REQUEST FOR PRODUCTION NO. 89.**

All agreements between You and Blinding Edge Pictures, Inc. Related to *The Episode Scripts*.

**REQUEST FOR PRODUCTION NO. 90.**

All agreements between You and Dolphin Black Productions Related to *The Episode Scripts*.

**REQUEST FOR PRODUCTION NO. 91.**

All agreements between You and Escape Artists LLC Related to *The Episode Scripts*.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

19        PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

1

2  **REQUEST FOR PRODUCTION NO. 92.**

3      All option purchase agreements Related to *Servant*.

4

5  **REQUEST FOR PRODUCTION NO. 93.**

6      All Documents Relating to any candidate log line or other short summary of

7  *Servant*.

8

9  **REQUEST FOR PRODUCTION NO. 94.**

10      All Documents Relating to creative decisions about the trailer for *Servant*.

11

12  **REQUEST FOR PRODUCTION NO. 95.**

13      The scripts for Season 2 of *Servant*.

14

15  **REQUEST FOR PRODUCTION NO. 96.**

16      All Documents reflecting synopses of Season 2 of *Servant*.

17

18  **REQUEST FOR PRODUCTION NO. 97.**

19      All Documents reflecting synopses of any episode or portion of Season 2 of

20  *Servant*.

21

22  **REQUEST FOR PRODUCTION NO. 98.**

23      Communications with any third party Relating to water imagery in *Servant*.

24

25  **REQUEST FOR PRODUCTION NO. 99.**

26      Communications with any third party Relating to the scene in episode 1 of

27  *Servant* where Leanne is in a bathtub.

28


**ERIKSON**
LAW GROUP
ATTORNEYS
LOS ANGELES CA

20      PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET ONE TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

1  **REQUEST FOR PRODUCTION NO. 100.**

2      Communications with any third party Relating to the scene in episode 3 of

3  *Servant* where Leanne directs Tobe to get a bottle of wine.

4

5  **REQUEST FOR PRODUCTION NO. 101.**

6      Communications with any third party Relating to retaining ambiguity regarding

7  any matter in *Servant*.

8

9  **REQUEST FOR PRODUCTION NO. 102.**

10      All Documents Relating to the *Servant* character Leanne's feelings about her

11  mother.

12

13  **REQUEST FOR PRODUCTION NO. 103.**

14      All Documents Relating to the *Servant* character Leanne's feeling about her

15  parents' deaths.

16

17  **REQUEST FOR PRODUCTION NO. 104.**

18      All Documents supporting the assertion at page 12, lines 18 and 19 in Your

19  Motion to Dismiss, filed on March 24, 2020: "From the beginning of the series,

20  Leanne is portrayed as possibly other-worldly."

21

22  **REQUEST FOR PRODUCTION NO. 105.**

23      Communications that Relate to the advertising and/or promotion of *Servant*.

24

25

26

27

28



PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE TO DEFENDANT UNCLE GEORGE PRODUCTIONS

1   DATED: April 10, 2020                    ERIKSON LAW GROUP

2

3                                            By: _____

4                                                 DAVID A. ERIKSON
                                             Attorneys for Plaintiff Francesca Gregorini
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

22        PLAINTIFF'S REQUESTS FOR PRODUCTION,
          SET ONE TO DEFENDANT UNCLE GEORGE
          PRODUCTIONS

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 200 North Larchmont Boulevard, Los Angeles, CA 90004.

On **April 10, 2020**, I served true copies of the foregoing document(s) described as: **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE TO UNCLE GEORGE PRODUCTIONS** on the interested parties in this action as follows:

☑ BY ELECTRONIC TRANSMISSION: Based on an agreement of the parties to accept service by electronic transmission (e-mail), I caused the documents to be sent to the person(s) at the email addresses listed below. Within a reasonable time after the transmission, I did not receive any electronic message indicating the transmission was unsuccessful.

Nicolas Jampol
nicolasjampol@dwt.com
Cydney Freeman
cydneyfreeman@dwt.com
Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 10, 2020**, at Los Angeles, California.

*/s/ Melanie Wilbur*
Melanie Wilbur


ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

23        PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE TO DEFENDANT UNCLE GEORGE PRODUCTIONS

# EXHIBIT 8

NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
CAMILA PEDRAZA (State Bar No. 329984)
  camilapedraza@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
BLINDING EDGE PICTURES, INC.; UNCLE
GEORGE PRODUCTIONS, LLC; APPLE INC.;
ESCAPE ARTISTS, INC. (erroneously sued as
ESCAPE ARTISTS LLC); DOLPHIN BLACK
PRODUCTIONS; M. NIGHT SHYAMALAN;
TONY BASGALLOP; ASHWIN RAJAN;
JASON BLUMENTHAL; TODD BLACK;
STEVE TISCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>            Plaintiff,<br><br>      vs.<br><br>APPLE INC., a California corporation;<br>M. NIGHT SHYAMALAN, an<br>individual, BLINDING EDGE<br>PICTURES, INC., a Pennsylvania<br>corporation; UNCLE GEORGE<br>PRODUCTIONS, a Pennsylvania<br>corporate; ESCAPE ARTISTS LLC, a<br>California limited liability company;<br>DOLPHIN BLACK PRODUCTIONS, a<br>California corporation; TONY<br>BASGALLOP, an individual; ASHWIN<br>RAJAN, an individual; JASON<br>BLUMENTHAL, an individual; TODD<br>BLACK, an individual; STEVE TISCH,<br>an individual; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 2:20-cv-00406-JFW-JC<br><br>**DEFENDANT UNCLE GEORGE<br>PRODUCTIONS' RESPONSES TO<br>PLAINTIFF'S REQUESTS FOR<br>PRODUCTION OF DOCUMENTS,<br>SET NO. ONE** |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROPOUNDING PARTY:    Plaintiff FRANCESCA GREGORINI

RESPONDING PARTY:    Defendant UNCLE GEORGE PRODUCTIONS

SET NUMBER:    One

Defendant Uncle George Productions ("Uncle George") responds to Plaintiff Francesca Gregorini's ("Plaintiff") first set of requests for production to Uncle George as follows:

## Preliminary Statement

The following responses and objections are based upon the facts and information now known to Uncle George, as well as its present analysis of the case, and may not in any way be deemed to be an admission or representation that further facts, documents, or witnesses having knowledge relevant to the subject matter of a discovery request does not exist. As discovery in this action proceeds, Uncle George anticipates discovery of further facts, witnesses, and documents. Uncle George expressly reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time in light of facts revealed through discovery and investigation. Uncle George also reserves the right to provide further or different information in response to these requests.

## General Objections

1. Uncle George objects to any request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege, doctrine, or immunity. To the extent that any request may be construed as seeking such privileged or protected information, Uncle George hereby claims such privilege and invokes such protection. The fact that Uncle George does not specifically object to an individual request on the grounds that it seeks privileged or protected documents shall not be deemed a waiver of the protection afforded by the

2

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  attorney-client privilege, the attorney work-product doctrine, the common-interest

2  privilege, or any other applicable privilege or protection.

3      2.      Reasonable assumptions will be made, where possible, as to the

4  intended meanings of each request.

5      3.      To the extent any request calls for the disclosure of confidential or

6  proprietary business information and/or trade secrets, such material will be

7  produced, if discoverable, subject to terms of a protective order entered in this

8  action.

9      4.      Uncle George objects to Plaintiff's Instruction No. 1 regarding

10  privileged communications, documents, and information, as overbroad, unduly

11  burdensome, and not proportional to the needs of the case to the extent it purports to

12  require Uncle George to provide information about privileged communications,

13  documents, and information beyond what is required by the applicable Federal

14  Rules of Civil Procedure and Local Rules.  Uncle George will provide information

15  regarding any privileged communications, documents, and information as required

16  by the applicable rules.

17      5.      Uncle George objects to Plaintiff's Instruction No. 2 as overbroad,

18  unduly burdensome, and not proportional to the needs of the case to the extent it

19  purports to require Uncle George to take action beyond what is required by the

20  applicable Federal Rules of Civil Procedure and Local Rules.  Uncle George will

21  produce responsive, non-privileged documents in its possession, custody, or control.

22      6.      Uncle George objects to Plaintiff's Instruction Nos. 3 and 4 as vague

23  and ambiguous.  For the purposes of these responses, Uncle George will interpret

24  "and," "or," "any," and "all" using their ordinary and customary meaning.

25      7.      Uncle George objects to Plaintiff's Instruction No. 5 as vague and

26  ambiguous.  Uncle George will interpret undefined words in Plaintiff's Requests for

27  Production using their ordinary and customary meaning.

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

8.      Uncle George objects to Plaintiff's definition of "Relating to" and "Relates to" as vague and ambiguous.  For the purposes of these responses, Uncle George will interpret these words using their ordinary and customary meaning.

9.      Uncle George objects to Plaintiff's definition of "You" and "Your" as overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of these responses, Uncle George will consider the terms "You" and "Your" to refer only to Uncle George Inc.

10.      Uncle George objects to Plaintiff's definition of "Dispute" as overbroad.

11.      Uncle George objects to Plaintiff's Definitions No. 12 and 13 as overbroad, lacking foundation, and assuming facts not in evidence.  Uncle George will interpret "Servant" as meaning the first season of the Apple TV+ series at issue in this litigation, and will interpret "The Episodes" as meaning Episodes 1-3 of "Servant."

12.      These general objections are incorporated into each response set forth below as though set forth there in full.  Uncle George's objections to each individual request are submitted without prejudice to, and without in any respect limiting or waiving, any of the General Objections.

**Specific Objections and Responses**

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged Documents reflecting or evidencing Communications concerning Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad and vague and ambiguous.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     Subject to and without waiving these objections, after a reasonable and

2 diligent search, Uncle George will produce responsive, non-privileged documents

3 reflecting communications with or about Plaintiff relating to Plaintiff's allegations

4 that are in its possession, custody, or control, if any exist, subject to terms of a

5 protective order entered in this action.

6 **REQUEST FOR PRODUCTION NO. 2:**

7     Non-privileged Documents reflecting or evidencing Communications

8 concerning *Emanuel*.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

10     Uncle George incorporates its General Objections as if fully set forth here.

11     Uncle George further objects to this request on the grounds that it is

12 overbroad and vague and ambiguous.

13     Subject to and without waiving these objections, after a reasonable and

14 diligent search, Uncle George will produce responsive, non-privileged documents

15 reflecting communications about *Emanuel* relating to Plaintiff's allegations that are

16 in its possession, custody, or control, if any exist, subject to terms of a protective

17 order entered in this action.

18 **REQUEST FOR PRODUCTION NO. 3:**

19     Documents sufficient to identify the Person(s) involved in Apple's decision

20 to include *Servant* as part of Apple TV+'s streaming service.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

22     Uncle George incorporates its General Objections as if fully set forth here.

23     Uncle George further objects to this request on the grounds that it is

24 overbroad and vague and ambiguous.

25     Subject to and without waiving these objections, after a reasonable and

26 diligent search, Uncle George will produce responsive, non-privileged documents

27 sufficient to identify individuals primarily responsible for the decision to include

28

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE

4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  *Servant* as part of Apple TV+, that are in its possession, custody, or control, if any

2  exist, subject to terms of a protective order entered in this action.

3  **REQUEST FOR PRODUCTION NO. 4:**

4      Documents sufficient to identify the Person(s) involved in the decision-

5  making by which Apple came to produce and stream (or otherwise broadcast)

6  *Servant*.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

8      Uncle George incorporates its General Objections as if fully set forth here.

9      Uncle George further objects to this request on the grounds that it is

10  overbroad, vague and ambiguous, lacking foundation, and assuming facts that are

11  not in evidence.

12      Subject to and without waiving these objections, after a reasonable and

13  diligent search, Uncle George will produce responsive, non-privileged documents

14  sufficient to identify individuals primarily responsible for the decision to include

15  *Servant* as part of Apple TV+, that are in its possession, custody, or control, if any

16  exist, subject to terms of a protective order entered in this action.

17  **REQUEST FOR PRODUCTION NO. 5:**

18      Documents reflecting or evidencing Communications between You and any

19  third-party concerning *Emanuel*.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21      Uncle George incorporates its General Objections as if fully set forth here.

22      Uncle George further objects to this request on the grounds that it is

23  duplicative, overbroad, and vague and ambiguous.  Uncle George objects to this

24  request to the extent it seeks information that is protected by the attorney-client

25  privilege, attorney work-product doctrine, or common-interest privilege.

26      Subject to and without waiving these objections, after a reasonable and

27  diligent search, Uncle George will produce responsive, non-privileged documents

28  reflecting communications with a third-party about *Emanuel* that are in its

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 possession, custody, or control, if any exist, subject to terms of a protective order

2 entered in this action.

3 **REQUEST FOR PRODUCTION NO. 6:**

4     Documents reflecting or evidencing Communications between You and any

5 third-party concerning Plaintiff.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7     Uncle George incorporates its General Objections as if fully set forth here.

8     Uncle George further objects to this request on the grounds that it is

9 duplicative, overbroad, and vague and ambiguous.  Uncle George objects to this

10 request to the extent it seeks information that is protected by the attorney-client

11 privilege, attorney work-product doctrine, or common-interest privilege.

12     Subject to and without waiving these objections, after a reasonable and

13 diligent search, Uncle George will produce responsive, non-privileged documents

14 reflecting communications with a third-party about Plaintiff relating to Plaintiff's

15 allegations that are in its possession, custody, or control, if any exist, subject to

16 terms of a protective order entered in this action.

17 **REQUEST FOR PRODUCTION NO. 7:**

18     Communications between You and Creative Artists Agency (or "CAA")

19 Relating to Plaintiff.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

21     Uncle George incorporates its General Objections as if fully set forth here.

22     Uncle George further objects to this request on the grounds that it is

23 duplicative.  Uncle George objects to this request to the extent it seeks information

24 that is protected by the attorney-client privilege, attorney work-product doctrine, or

25 common-interest privilege.

26     Subject to and without waiving these objections, after a reasonable and

27 diligent search, Uncle George will produce responsive, non-privileged documents

28 reflecting communications with a third-party about Plaintiff relating to Plaintiff's

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allegations that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 8:**

Communications between You and Ryan Geffert and/or Catherine Wolf that Relate to Plaintiff and/or *Emanuel*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents reflecting communications with Mr. Geffert or Ms. Wolf about *Emanuel* or Plaintiff relating to Plaintiff's allegations that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 9:**

Communications between You and Ryan Geffert and/or Catherine Wolf that Relate to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that is duplicative, overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 10:**

Communications between You and Ryan Geffert and/or Catherine Wolf that Relate to the Scripts and/or *Servant*.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that is overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.  Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 11:**

Communications between You and Naaman Marshall and/or Scott G. Anderson that Relate to Plaintiff and/or *Emanuel*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged communications that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 12:**

Communications between You and Naaman Marshall and/or Scott G. Anderson that Relate to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that is duplicative, overbroad, unduly burdensome, vague and ambiguous, not proportional

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  to the needs of the case, and seeking information that is not reasonably calculated to

2  lead to the discovery of admissible evidence.

3    Subject to and without waiving these objections, Uncle George is willing to

4  meet and confer to clarify the scope of this request.

5  **REQUEST FOR PRODUCTION NO. 13:**

6    Communications between You and Naaman Marshall and/or Scott G.

7  Anderson that Relate to the Scripts and/or *Servant*.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9    Uncle George incorporates its General Objections as if fully set forth here.

10    Uncle George further objects to this request on the grounds that is overbroad,

11  unduly burdensome, vague and ambiguous, not proportional to the needs of the

12  case, and seeking information that is not reasonably calculated to lead to the

13  discovery of admissible evidence.  Uncle George objects to this request to the extent

14  it seeks information that is protected by the attorney-client privilege, attorney work-

15  product doctrine, or common-interest privilege.

16    Subject to and without waiving these objections, Uncle George is willing to

17  meet and confer to clarify the scope of this request.

18  **REQUEST FOR PRODUCTION NO. 14:**

19    Communications between You and Douglas Aibel and/or Stephanie Holbrook

20  that Relate to Plaintiff and/or *Emanuel*.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

22    Uncle George incorporates its General Objections as if fully set forth here.

23    Uncle George further objects to this request on the grounds that it is

24  duplicative.

25    Subject to and without waiving these objections, after a reasonable and

26  diligent search, Uncle George will produce responsive, non-privileged

27  communications that are in its possession, custody, or control, if any exist, subject

28  to terms of a protective order entered in this action.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 15:**

Communications between You and Douglas Aibel and/or Stephanie Holbrook that Relate to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that is duplicative, overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 16:**

Communications between You and Douglas Aibel and/or Stephanie Holbrook that Relate to the Scripts and/or *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents that Relate to the casting process for *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Uncle George incorporates its General Objections as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Uncle George further objects to this request on the grounds that it is
2  overbroad, vague and ambiguous, and seeking information that is not reasonably
3  calculated to lead to the discovery of admissible evidence.

4  Subject to and without waiving these objections, Uncle George is willing to
5  meet and confer to clarify the scope of this request.

6  **REQUEST FOR PRODUCTION NO. 18:**

7  The "show bible," or other reference document used to communicate and/or
8  record information on characters, settings, and other elements for *Servant*.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

10  Uncle George incorporates its General Objections as if fully set forth here.

11  Uncle George further objects to this request on the grounds that it is
12  overbroad, vague and ambiguous, and calling for the disclosure of confidential or
13  proprietary business information and/or trade secrets.

14  Subject to and without waiving these objections, Uncle George is willing to
15  meet and confer to clarify the scope of this request.

16  **REQUEST FOR PRODUCTION NO. 19:**

17  Documents that Relate to the "show bible," or other reference document used
18  to communicate and/or record information on characters, settings, and other
19  elements for *Servant*.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

21  Uncle George incorporates its General Objections as if fully set forth here.

22  Uncle George further objects to this request on the grounds that it is
23  overbroad, vague and ambiguous, and calling for the disclosure of confidential or
24  proprietary business information and/or trade secrets.

25  Subject to and without waiving these objections, Uncle George is willing to
26  meet and confer to clarify the scope of this request.

27

28

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 20:**

Communications that Relate to the "show bible," or other reference document used to communicate and/or record information on characters, settings, and other elements for *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**pREQUEST FOR PRODUCTION NO. 21:**

Communications with Pam Fuller and/or Jordan M. Sloane that Relate to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 22:**

Communications with Pam Fuller and/or Jordan M. Sloane that Relate to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Uncle George incorporates its General Objections as if fully set forth here.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Related to any pitch deck, or other materials created for the purpose of developing *Servant* or soliciting interest in *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Related to any treatment, synopsis, or other summary of Servant created for the purpose of developing *Servant* or soliciting interest in *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 25:**

Documents that Relate to the script, including, but not limited to, drafts, for the pilot episode of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad and vague and ambiguous. Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 26:**

Other than as to Plaintiff, Documents Relating to any accusation, claim, assertion, or suggestion that You infringed the work of another Person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

**REQUEST FOR PRODUCTION NO. 27:**

Other than as to Plaintiff, all cease and desist letters, demand letters, or complaints regarding Your infringement or alleged infringement of any work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Uncle George incorporates its General Objections as if fully set forth here.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify the parties involved in any Dispute accusing You of copyright infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show all revenue You have received Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad and vague and ambiguous.  Uncle George objects to this request as premature, as Uncle George will move to bifurcate discovery into separate liability and damages phases.

**REQUEST FOR PRODUCTION NO. 30:**

Documents constituting any version of the Scripts, including, without limitation, drafts of the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Uncle George incorporates its General Objections as if fully set forth here.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Uncle George further objects to this request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 31:**

Documents constituting any version of *The Episodes* Scripts, including, without limitation, drafts of *The Episodes Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, unduly burdensome, and not proportional to the needs of the case. Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 32:**

Communications between You and any Person concerning the creation of the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 33:**

Communications between You and any Person concerning the creation of *The Episodes Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 34:**

Documents Relating to the development of the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents Relating to the development of *The Episodes Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   Subject to and without waiving these objections, Uncle George is willing to

2   meet and confer to clarify the scope of this request.

3   **REQUEST FOR PRODUCTION NO. 36:**

4   Documents supporting Your contention that YOU created *Servant*.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

6   Uncle George incorporates its General Objections as if fully set forth here.

7   Uncle George further objects to this request on the grounds that it lacks

8   foundation and assumes facts that are not in evidence.

9   Subject to and without waiving these objections, after a reasonable and

10  diligent search, Uncle George will produce documents supporting the contention

11  that Mr. Basgallop wrote *Servant* that are in its possession, custody, or control, if

12  any exist, subject to terms of a protective order entered in this action.

13  **REQUEST FOR PRODUCTION NO. 37:**

14  Documents reflecting or otherwise evidencing how *Servant* came to be

15  created.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

17  Uncle George incorporates its General Objections as if fully set forth here.

18  Uncle George further objects to this request on the grounds that it is

19  overbroad, vague and ambiguous, unduly burdensome, and not proportional to the

20  needs of the case.

21  Subject to and without waiving these objections, Uncle George is willing to

22  meet and confer to clarify the scope of this request.

23  **REQUEST FOR PRODUCTION NO. 38:**

24  Documents Relating to YOUR inspiration for *Servant*.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

26  Uncle George incorporates its General Objections as if fully set forth here.

27  Uncle George further objects to this request on the grounds that it is

28  overbroad and vague and ambiguous.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Subject to and without waiving these objections, Uncle George is willing to
2  meet and confer to clarify the scope of this request.

3  **REQUEST FOR PRODUCTION NO. 39:**

4  Documents Relating to or otherwise reflecting the background and process
5  for the creation of *Servant*.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

7  Uncle George incorporates its General Objections as if fully set forth here.

8  Uncle George further objects to this request on the grounds that it is
9  unintelligible, overbroad, vague and ambiguous.

10  Subject to and without waiving these objections, Uncle George is willing to
11  meet and confer to clarify the scope of this request.

12  **REQUEST FOR PRODUCTION NO. 40:**

13  Documents Relating to or otherwise reflecting the development of the
14  Scripts.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

16  Uncle George incorporates its General Objections as if fully set forth here.

17  Uncle George further objects to this request on the grounds that it is
18  overbroad, vague and ambiguous, unduly burdensome, and not proportional to the
19  needs of the case.  Uncle George objects to this request to the extent it seeks
20  information that is protected by the attorney-client privilege, attorney work-product
21  doctrine, or common-interest privilege.

22  Subject to and without waiving these objections, Uncle George is willing to
23  meet and confer to clarify the scope of this request.

24  **REQUEST FOR PRODUCTION NO. 41:**

25  Documents reflecting or evidencing Your knowledge of *Emanuel*.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

27  Uncle George incorporates its General Objections as if fully set forth here.

28

20

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1      Uncle George further objects to this request on the grounds that it is

2 duplicative and vague and ambiguous.

3      Subject to and without waiving these objections, Uncle George is willing to

4 meet and confer to clarify the scope of this request.

5 **REQUEST FOR PRODUCTION NO. 42:**

6      Documents reflecting or evidencing Your access to *Emanuel*.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

8      Uncle George incorporates its General Objections as if fully set forth here.

9      Uncle George further objects to this request on the grounds that it is

10 duplicative, vague and ambiguous, and seeking or requiring a legal conclusion.

11      Subject to and without waiving these objections, Uncle George is willing to

12 meet and confer to clarify the scope of this request.

13 **REQUEST FOR PRODUCTION NO. 43:**

14      Documents evidencing Your ownership of the Scripts.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

16      Uncle George incorporates its General Objections as if fully set forth here.

17      Uncle George further objects to this request on the grounds that it is vague

18 and ambiguous.  Uncle George objects to this request to the extent it seeks

19 information that is protected by the attorney-client privilege, attorney work-product

20 doctrine, or common-interest privilege.

21      Subject to and without waiving these objections, after a reasonable and

22 diligent search, Uncle George will produce documents sufficient to determine

23 *Servant*'s copyright ownership that are in its possession, custody, or control, if any

24 exist, subject to terms of a protective order entered in this action.

25 **REQUEST FOR PRODUCTION NO. 44:**

26      Documents evidencing Your ownership of *The Episode Scripts*.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

28      Uncle George incorporates its General Objections as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Uncle George further objects to this request on the grounds that it is duplicative and vague and ambiguous.  Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 45:**

Documents evidencing Your ownership of *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative and vague and ambiguous.  Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 46:**

Documents evidencing Your ownership of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is vague and ambiguous.  Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 47:**

Documents evidencing any transfer or assignment of Your interest in the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.  Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 48:**

Documents evidencing any transfer or assignment of Your interest in *The Episode Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.  Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce documents sufficient to determine

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  *Servant*'s copyright ownership that are in its possession, custody, or control, if any
2  exist, subject to terms of a protective order entered in this action.

3  **REQUEST FOR PRODUCTION NO. 49:**

4       Documents evidencing any transfer or assignment of Your interest in *The*
5  *Episodes*.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

7       Uncle George incorporates its General Objections as if fully set forth here.

8       Uncle George further objects to this request on the grounds that it is
9  duplicative, overbroad, and vague and ambiguous.  Uncle George objects to this
10  request to the extent it seeks information that is protected by the attorney-client
11  privilege, attorney work-product doctrine, or common-interest privilege.

12       Subject to and without waiving these objections, after a reasonable and
13  diligent search, Uncle George will produce documents sufficient to determine
14  *Servant*'s copyright ownership that are in its possession, custody, or control, if any
15  exist, subject to terms of a protective order entered in this action.

16  **REQUEST FOR PRODUCTION NO. 50:**

17       Documents evidencing any transfer or assignment of Your interest in *Servant*.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

19       Uncle George incorporates its General Objections as if fully set forth here.

20       Uncle George further objects to this request on the grounds that it is
21  duplicative, overbroad, and vague and ambiguous.  Uncle George objects to this
22  request to the extent it seeks information that is protected by the attorney-client
23  privilege, attorney work-product doctrine, or common-interest privilege.

24       Subject to and without waiving these objections, after a reasonable and
25  diligent search, Uncle George will produce documents sufficient to determine
26  *Servant*'s copyright ownership that are in its possession, custody, or control, if any
27  exist, subject to terms of a protective order entered in this action.

28

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 51:**

Documents Related to any registration of the Scripts, including, but not limited to, drafts, with the Writers' Guild of America (or WGA).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce documents related to *Servant*'s registration with the Writers' Guild of America that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 52:**

Documents Related to any registration or preregistration of *Servant*, or any portion thereof (including, but not limited to, the Scripts and *The Episodes*) with the United States Copyright Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.  Uncle George objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 53:**

All agreements Related to *Servant*, to which You are a party.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements regarding *Servant* to which it is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 54:**

All agreements Related to *The Episodes*, to which You are a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements regarding *Servant* to which it is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 55:**

All agreements Related to the Scripts, to which You are a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements regarding *Servant* to which it is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 56:**

All agreements Related to *The Episode Scripts*, to which You are a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements regarding *Servant* to which it is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 57:**

All agreements between You and M. Night Shyamalan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 58:**

All agreements between You and Tony Basgallop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 59:**

All agreements between You and Apple Inc.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 60:**

All agreements between You and Apple TV+.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 61:**

All agreements between You and Blinding Edge Pictures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 62:**

All agreements between You and Dolphin Black Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 63:**

All agreements between You and Escape Artists LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 64:**

All agreements between You and M. Night Shyamalan Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with M. Night Shyamalan regarding Servant to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 65:**

All agreements between You and Tony Basgallop Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Subject to and without waiving these objections, after a reasonable and

2  diligent search, Uncle George will produce executed agreements with Tony

3  Basgallop regarding *Servant* to which Uncle George is a party and that are in its

4  possession, custody, or control, if any exist, subject to terms of a protective order

5  entered in this action.

6  **REQUEST FOR PRODUCTION NO. 66:**

7  All agreements between You and Apple Inc. Related to *Servant*.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

9  Uncle George incorporates its General Objections as if fully set forth here.

10  Uncle George further objects to this request on the grounds that it is duplicative,

11  overbroad, and vague and ambiguous.

12  Subject to and without waiving these objections, after a reasonable and diligent

13  search, Uncle George will produce executed agreements with Apple Inc. regarding

14  *Servant* to which Uncle George is a party and that are in its possession, custody, or

15  control, if any exist, subject to terms of a protective order entered in this action.

16  **REQUEST FOR PRODUCTION NO. 67:**

17  All agreements between You and Apple TV+ Related to *Servant*.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

19  Uncle George incorporates its General Objections as if fully set forth here.

20  Uncle George further objects to this request on the grounds that it is duplicative,

21  overbroad, and vague and ambiguous.

22  Subject to and without waiving these objections, after a reasonable and

23  diligent search, Uncle George ge will produce executed agreements with "Apple

24  TV+" regarding *Servant* to which Uncle George is a party and that are in its

25  possession, custody, or control, if any exist, subject to terms of a protective order

26  entered in this action.

27

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 68:**

All agreements between You and Blinding Edge Pictures, Inc. Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Blinding Edge Pictures, Inc. regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 69:**

All agreements between You and Dolphin Black Productions Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Dolphin Black Productions regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 70:**

All agreements between You and Escape Artists LLC Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Uncle George incorporates its General Objections as if fully set forth here.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     Uncle George further objects to this request on the grounds that it is duplicative,
2 overbroad, and vague and ambiguous.

3     Subject to and without waiving these objections, after a reasonable and
4 diligent search, Uncle George will produce executed agreements with Escape
5 Artists LLC regarding *Servant* to which Uncle George is a party and that are in its
6 possession, custody, or control, if any exist, subject to terms of a protective order
7 entered in this action.

8 **REQUEST FOR PRODUCTION NO. 71:**

9     All agreements between You and M. Night Shyamalan Related to *The*
10 *Episodes*.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

12     Uncle George incorporates its General Objections as if fully set forth here.

13     Uncle George further objects to this request on the grounds that it is
14 duplicative, overbroad, and vague and ambiguous.

15     Subject to and without waiving these objections, after a reasonable and
16 diligent search, Uncle George will produce executed agreements with M. Night
17 Shyamalan regarding Servant to which Uncle George is a party and that are in its
18 possession, custody, or control, if any exist, subject to terms of a protective order
19 entered in this action.

20 **REQUEST FOR PRODUCTION NO. 72:**

21     All agreements between You and Tony Basgallop Related to *The Episodes*.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

23     Uncle George incorporates its General Objections as if fully set forth here.

24     Uncle George further objects to this request on the grounds that it is duplicative,
25 overbroad, and vague and ambiguous.

26     Subject to and without waiving these objections, after a reasonable and
27 diligent search, Uncle George will produce executed agreements with Tony
28 Basgallop regarding *Servant* to which Uncle George is a party and that are in its

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

possession, custody, or control, if any exist, subject to terms of a protective order
entered in this action.

**REQUEST FOR PRODUCTION NO. 73:**

All agreements between You and Apple Inc. Related to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative,
overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent
search, Uncle George will produce executed agreements with Apple Inc. regarding
*Servant* to which Uncle George is a party and that are in its possession, custody, or
control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 74:**

All agreements between You and Apple TV+ Related to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative,
overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent
search, Uncle George will produce executed agreements with "Apple TV+" regarding
*Servant* to which Uncle George is a party and that are in its possession, custody, or
control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 75:**

All agreements between You and Blinding Edge Pictures, Inc. Related to *The
Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Uncle George incorporates its General Objections as if fully set forth here.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Uncle George further objects to this request on the grounds that it is duplicative,
2  overbroad, and vague and ambiguous.

3  Subject to and without waiving these objections, after a reasonable and
4  diligent search, Uncle George will produce executed agreements with Blinding
5  Edge Pictures, Inc. regarding *Servant* to which Uncle George is a party and that are
6  in its possession, custody, or control, if any exist, subject to terms of a protective
7  order entered in this action.

8  **REQUEST FOR PRODUCTION NO. 76:**

9  All agreements between You and Dolphin Black Productions Related to *The*
10  *Episodes*.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

12  Uncle George incorporates its General Objections as if fully set forth here.

13  Uncle George further objects to this request on the grounds that it is duplicative,
14  overbroad, and vague and ambiguous.

15  Subject to and without waiving these objections, after a reasonable and
16  diligent search, Uncle George will produce executed agreements with Dolphin
17  Black Productions regarding *Servant* to which Uncle George is a party and that are
18  in its possession, custody, or control, if any exist, subject to terms of a protective
19  order entered in this action.

20  **REQUEST FOR PRODUCTION NO. 77:**

21  All agreements between You and Escape Artists LLC Related to *The*
22  *Episodes*.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

24  Uncle George incorporates its General Objections as if fully set forth here.

25  Uncle George further objects to this request on the grounds that it is duplicative,
26  overbroad, and vague and ambiguous.

27  Subject to and without waiving these objections, after a reasonable and
28  diligent search, Uncle George will produce executed agreements with Escape

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Artists LLC regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 78:**

All agreements between You and M. Night Shyamalan Related to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with M. Night Shyamalan regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 79:**

All agreements between You and Tony Basgallop Related to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Tony Basgallop regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 80:**

All agreements between You and Apple Inc. Related to the Scripts.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Apple Inc. regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 81:**

All agreements between You and Apple TV+ Related to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with "Apple TV+" regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 82:**

All agreements between You and Blinding Edge Pictures, Inc. Related to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Blinding Edge Pictures, Inc. regarding *Servant* to which Uncle George is a party and that are

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 83:**

All agreements between You and Dolphin Black Productions Related to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Dolphin Black Productions regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 84:**

All agreements between You and Escape Artists LLC Related to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Escape Artists LLC regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 85:**

All agreements between You and M. Night Shyamalan Related to *The Episode Scripts*.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with M. Night Shyamalan regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 86:**

All agreements between You and Tony Basgallop Related to *The Episode Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Mr. Basgallop regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 87:**

All agreements between You and Apple Inc. Related to *The Episode Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Subject to and without waiving these objections, after a reasonable and
2  diligent search, Uncle George will produce executed agreements with Apple Inc.
3  regarding *Servant* to which Uncle George is a party and that are in its possession,
4  custody, or control, if any exist, subject to terms of a protective order entered in this
5  action.

6  **REQUEST FOR PRODUCTION NO. 88:**

7  All agreements between You and Apple TV+ Related to *The Episode Scripts*.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

9  Uncle George incorporates its General Objections as if fully set forth here.

10  Uncle George further objects to this request on the grounds that it is duplicative,
11  overbroad, and vague and ambiguous.

12  Subject to and without waiving these objections, after a reasonable and diligent
13  search, Uncle George will produce executed agreements with "Apple TV+" regarding
14  *Servant* to which Uncle George is a party and that are in its possession, custody, or
15  control, if any exist, subject to terms of a protective order entered in this action.

16  **REQUEST FOR PRODUCTION NO. 89:**

17  All agreements between You and Blinding Edge Pictures, Inc. Related to *The*
18  *Episode Scripts*.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

20  Uncle George incorporates its General Objections as if fully set forth here.

21  Uncle George further objects to this request on the grounds that it is duplicative,
22  overbroad, and vague and ambiguous.

23  Subject to and without waiving these objections, after a reasonable and
24  diligent search, Uncle George will produce executed agreements with Blinding
25  Edge Pictures, Inc. regarding *Servant* to which Uncle George is a party and that are
26  in its possession, custody, or control, if any exist, subject to terms of a protective
27  order entered in this action.

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 90:**

All agreements between You and Dolphin Black Productions Related to *The Episode Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Dolphin Black Productions regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 91:**

All agreements between You and Escape Artists LLC Related to *The Episode Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed agreements with Escape Artists LLC regarding *Servant* to which Uncle George is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 92:**

All option purchase agreements Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Uncle George incorporates its General Objections as if fully set forth here.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce executed option purchase agreements regarding *Servant* that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents Relating to any candidate log line or other short summary of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents Relating to creative decisions about the trailer for *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 95:**

The scripts for Season 2 of *Servant*.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents reflecting synopses of Season 2 of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents reflecting synopses of any episode or portion of Season 2 of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 98:**

Communications with any third party Relating to water imagery in *Servant*.

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 99:**

Communications with any third party Relating to the scene in episode 1 of *Servant* where Leanne is in a bathtub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 100:**

Communications with any third party Relating to the scene in episode 3 of *Servant* where Leanne directs Tobe to get a bottle of wine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents discussing the identified scene that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 101:**

Communications with any third party Relating to retaining ambiguity regarding any matter in *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is unintelligible, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 102:**

Documents Relating to the *Servant* character Leanne's feelings about her mother.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 103:**

All Documents Relating to the *Servant* character Leanne's feeling about her parents' deaths.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 104:**

All Documents supporting the assertion at page 12, lines 18 and 19 in Your Motion to Dismiss, filed on March 24, 2020:  "From the beginning of the series, Leanne is portrayed as possibly other-worldly."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Uncle George incorporates its General Objections as if fully set forth here.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 105:**

Communications that Relate to the advertising and/or promotion of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.


DATED: May 11, 2020

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
DIANA PALACIOS
CYDNEY SWOFFORD FREEMAN
CAMILA PEDRAZA

By: ___/s/ Nicolas A. Jampol_____
        Nicolas A. Jampol

Attorneys for Defendants

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE

4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On May 11, 2020, I served the following document(s):

**DEFENDANT UNCLE GEORGE PRODUCTIONS' RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

on the interested parties in this action as stated below:

| | |
|---|---|
| David A Erikson, Esq. (david@daviderikson.com) Antoinette S Waller, Esq. (antoinette@daviderikson.com) S. Ryan Patterson, Esq. (ryan@daviderikson.com) Erikson Law Group 200 North Larchmont Boulevard Los Angeles, CA 90004 323-465-3100 Fax: 323-465-3177 | Attorneys for Plaintiff, Francesca Gregorini |

I caused such documents to be transmitted via electronic mail to the offices of the addressee(s) at the party's or their representative's electronic mail address(es).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 11, 2020, at Los Angeles, California.

| Cydney Swofford Freeman | /s/ Cydney Swofford Freeman |
|---|---|
| Print Name | Signature |

RESPONSE OF UNCLE GEORGE PRODUCTIONS TO PLF'S RFP, SET ONE
4852-3351-8779v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 9

**Krishnan, Meenakshi**

| | |
|---|---|
| **From:** | Jampol, Nicolas |
| **Sent:** | Thursday, February 9, 2023 1:12 PM |
| **To:** | DAVID ERIKSON; Antoinette Waller |
| **Cc:** | Krishnan, Meenakshi |
| **Subject:** | Gregorini/Servant - Proposal Regarding Document Production |

Hi David and Antoinette,

Hope all is well. I'm writing today with an update on our documents and also to see if we can reach agreement on a few areas that would limit the universe of documents we need to get through and also limit the universe of documents that we'd produce. This would make the review more reasonable on our end, limit the documents you had to review on your end, and speed up our production. Looking forward to your thoughts.

Background

As we've discussed previously, collecting documents from eleven defendants that are potentially responsive to broad requests has been difficult, expensive, and time-consuming. We collected over two million documents from our clients and, using a variety of search terms based on the requests, narrowed the universe of documents down to approximately 190,000 documents. Before our DWT team reviewed that many documents, we had a team of contract attorney reviewers do an initial pass, to assess responsiveness and apply issue tags depending on the subject matter of the document. From that process, we have approximately 43,000 emails that are possibly responsive.

Since then, our team here has been doing a review of all documents with certain issue tags that have a higher likelihood of being responsive to your requests. But there are other, seemingly less relevant, issue tags as well. With the assumption that you did not want us to be producing tens of thousands of documents in this matter, and as a way to narrow the universe of documents we need to review (which would also speed up production), we wanted to see if there was an opportunity to reach agreement on a few of the categories of documents.

The Proposal

Here's the specific proposal, based on certain issue tags:

- **Agreements**. There are over 6,000 documents (including families) with this issue tag, which pertains to documents reflecting some aspect of an agreement with a defendant, along with emails attaching such agreements. We propose we provide the executed agreement for each defendant instead of reviewing these 6,000+ documents.
- **Scripts**. There are over 6,000 documents (including families) with this tag, which pertains to scripts or draft scripts, including cover emails. We propose we provide the shooting scripts for each episode of Season 1 instead of reviewing these documents.
- **Casting**. There are over 7,500 documents (including families) with this tag, which pertains to casting in some fashion. We propose we provide a casting list for each episode of Season 1 instead of reviewing these documents.
- **Staging**. There are over 9,000 documents (including families) with this tag, which pertains to staging (lighting, blocking, set decoration, props, etc.) in some fashion, which are conceivably responsive to your request for all documents relating to *Servant*'s production. We propose we do not review these documents. Or if you have a way for us to limit these documents without having to review all of them, we are definitely open to that.

1

- **Revenue**. There are approximately 3,000 documents (including families) with this tag, which pertains to "revenues" in some fashion. We propose that we provide you with high-level financial information about *Servant* instead of reviewing these documents.

- **Ad/Promo**. There are over 7,500 documents (including families) with this tag, which pertains to advertising and promotions. There are an additional 1,000 documents tagged as **Trailer/Log Line**. We propose we provide you with any actual trailers that were publicly disseminated, along with key art, instead of reviewing these 8,500 documents.

Let us know what you think.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

# EXHIBIT 10



Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**Nicolas A. Jampol**
(213) 633-8651
nicolasjampol@dwt.com

May 1, 2023

**By Email**

David Erikson
Antoinette Waller
Erikson Law Group
200 North Larchmont Boulevard
Los Angeles, California 90004
david@daviderikson.com
antoinette@daviderikson.com

> Re:    *Gregorini v. Apple Inc. et al.*
>        Case No. 2:20-cv-00406-SSS-JC

Dear David and Antoinette:

Pursuant to Local Rule 37-1, we are writing to request a meet and confer in our office within the next ten days regarding your client's responses to Defendants' discovery requests, dated March 13, 2023, and March 14, 2023. As required, we have provided the below information regarding the specific deficiencies in your client's responses.

In addition, please let us know when you will produce Ms. Gregorini's documents.  Once that happens, we can discuss a mutually convenient date for her deposition.

## I.    INTERROGATORIES

### A.    General Objections

Ms. Gregorini sets forth general objections to each set of interrogatories on numerous grounds. For example, she asserts boilerplate objections to the extent that all interrogatories seek privileged, confidential, and/or proprietary business information. "[U]nexplained and unsupported boilerplate objections are improper." *See Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375 (C.D. Cal. 2009). We ask you to confirm that no interrogatory responses or information will be withheld on the basis of the general objections.

### B.    Blinding Edge Pictures, Inc.

Interrogatory 1: This interrogatory asks that Ms. Gregorini "identify the amount of revenue generated from each streaming service on which EMANUEL was distributed." Ms. Gregorini objects to this request by stating that the request is "vague, ambiguous, overbroad, and unlimited in time" and that it "contains subparts, is compound, conjunctive, or disjunctive[.]" These responses are deficient for several reasons.

Page 2

First, Ms. Gregorini does not specify which aspect of this request is vague, ambiguous, or overbroad.[1] Such unsupported objections are improper, particularly as the "responding party should exercise common sense and attribute ordinary definitions to terms in discovery requests." *Advanced Visual Image Design, LLC v. Exist, Inc.*, 2015 WL 4934178, at *6 (C.D. Cal. Aug. 18, 2015); *see Bingham v. Marriott Int'l, Inc.*, 2022 WL 886116, at *3 (C.D. Cal. Feb. 17, 2022) ("To the extent that Plaintiff objects to the request on the ground that it is vague, ambiguous, or overbroad, Plaintiff must explain how the request is vague, ambiguous, or overbroad.") (citation omitted). As to Ms. Gregorini's objection to the purported lack of time limit, for avoidance of any doubt, Defendants request responsive revenue amounts spanning from the first date on which EMANUEL was distributed to the present.

Second, Ms. Gregorini's compound objections are equally improper. Fed. R. Civ. P. 33(a) contemplates that "interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessary related to the primary question." *Withers v. eHarmony, Inc.*, 2010 WL 11520197, at *3 (C.D. Cal. Apr. 1, 2010) (citation omitted). "[I]nterrogatories asking for different bits of information about the same topic generally are considered one interrogatory" and are not compound. *Olen Properties Corp. v. ACE Am. Ins. Co.*, 2017 WL 11635014, at *4 (C.D. Cal. Jan. 30, 2017); *see also id.* at *3 ("Subparts relating to a 'common theme' should generally be considered a single interrogatory."). For example, an interrogatory asking for "information of a single, particular type" but "requesting that details about each [incident] be provided separately," "must be construed as singular, not compound." *Gonzalez v. City of Maywood*, No. CV 08-3109-ODW (SHX), 2010 WL 11601322, at *3 (C.D. Cal. Apr. 7, 2010); *see also Sec. & Exch. Comm'n v. Mazzo*, 2013 WL 12172628, at *6 (C.D. Cal. Oct. 24, 2013) (request not compound simply because it asks a party "to describe each communication" related to a common theme). Likewise, here Defendant Blinding Edge seeks the revenue amount generated from each streaming service on which EMANUEL was distributed, or put otherwise, "different bits of information about the same topic." *Olen Properties*, 2017 WL 11635014, at *4. Accordingly, we ask that Ms. Gregorini supplement her response to this interrogatory.

Interrogatories 2-3: These interrogatories ask that Ms. Gregorini identify "all costs, revenues, and profits related to EMANUEL" (Interrogatory 2) and "all costs, revenues, and profits obtained by YOU [Ms. Gregorini] related to EMANUEL" (Interrogatory 3). Ms. Gregorini objects to these requests by stating that the requests are "vague, ambiguous, overbroad, and unlimited in time" and that they "contain[] subparts, [are] compound, conjunctive, or disjunctive[.]" As in Interrogatory 1, Ms. Gregorini fails to specify which aspects of the interrogatories are vague, ambiguous, and overbroad. In addition, the interrogatories request information that is related to a common theme, and are thus not compound. That said, to avoid any dispute, Defendants are willing to treat these interrogatories as six separate interrogatories. Accordingly, we ask that Ms. Gregorini supplement her response to these interrogatories.

Interrogatory 4: This interrogatory asks how Ms. Gregorini calculated her alleged damages as referenced in ¶¶ 90-91, 97-98, and 103-104 of the FAC. Ms. Gregorini objects to these requests by stating they are "vague, ambiguous, overbroad, and unlimited in time" and that

---

[1] Indeed, Ms. Gregorini's own requests for production to Blinding Edge Pictures, Inc. (RFP 29) seek documents sufficient to show "all revenue [Blinding Edge has] received Related to *Servant*."

Page 3

they "contain[] subparts, [are] compound, conjunctive, or disjunctive[.]" As in Interrogatory 1, Ms. Gregorini fails to specify which aspects of the interrogatory are vague, ambiguous, and overbroad. In addition, the interrogatory requests information that is related to a common theme, and is thus not compound.

Ms. Gregorini also objects to this request by stating that it "is not full and complete in and of itself and requires reference to other documents." This response is deficient, as this request is being issued in response to factual allegations directly set forth in Ms. Gregorini's FAC. Rule 33(a)(2) explicitly provides that interrogatories may relate to any matter that may be inquired into under Rule 26(b). *See* Fed. R. Civ. P. 33(a)(2); *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) (requiring plaintiff under Rule 33 to answer contention interrogatories related to "the nature of the contentions ma[de]" in her complaint and the "factual bases for her contentions"); *see also Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278-79 (N.D. Cal. 2015) (granting motion to compel because response to interrogatory asking responding party to "[d]escribe in detail the total amount of damages" was essentially "wait until we serve our expert report" which was "plainly insufficient"); *Evox Prods. v. Kayak Software Corp.*, 2016 WL 10586303, at *3 (C.D. Cal. June 14, 2016) (granting motion to compel interrogatory seeking computation of actual damages where plaintiff provided no legitimate reason for failure to provide such figures). Ms. Gregorini's own extensive factual allegations relating to her purported substantial loss of profits and damages necessitate a response to this interrogatory. As you know, a plaintiff's claimed damages are a fundamental component of any action, particularly under the Copyright Act. Accordingly, we ask that Ms. Gregorini supplement her response to this interrogatory.

Interrogatory 5: This interrogatory asks Ms. Gregorini to describe her "alleged submission to Tony Basgallop and other executives for BERLIN STATION, as referenced in ¶ 52 of the FAC." Ms. Gregorini responds as follows: "In or about March 2017 Olivia Blaustein, an agent at CAA, had an assistant that sent *Emanuel* to producers of Berlin Station, including Tony Basgallop (co-executive producer), to showcase Ms. Gregorini's talent for the purpose of being hired." This response is incomplete, as Ms. Gregorini failed to provide the name of the assistant that purportedly sent the March 2017 email to Berlin Station producers. This allegation is central to Ms. Gregorini's theory of Defendants' access to her allegedly infringed work, which Defendants are entitled to explore in discovery. Accordingly, we ask that Ms. Gregorini supplement her response to this interrogatory.

Interrogatory 6: This interrogatory asks Ms. Gregorini to identify "any response[s] received to [Ms. Gregorini's] alleged submission to Tony Basgallop and other executives for BERLIN STATION, as referenced in ¶ 52 of the FAC[.]" Ms. Gregorini objects to this request by stating that the request is "vague, ambiguous, and overbroad"; "not full and complete in and of itself and requires reference to other documents"; and that it "contains subparts, is compound, conjunctive, or disjunctive[.]" As in Interrogatory 1, Ms. Gregorini fails to specify which aspects of the interrogatory are vague, ambiguous, and overbroad. In addition, the interrogatory requests information that is related to a common theme, and is thus not compound. As in Interrogatory 4, this interrogatory references factual allegations directly set forth in Ms. Gregorini's FAC. This allegation is central to Ms. Gregorini's theory of Defendants' access to her allegedly infringed work, which Defendants are entitled to explore in discovery. Accordingly, we ask that Ms. Gregorini supplement her response to this interrogatory.

Page 4

Interrogatories 7-8: These interrogatories ask Ms. Gregorini to explain the circumstances by which she obtained access to the "EARLY SERVANT SCRIPT, including by what means and when [she] obtained access to the EARLY SERVANT SCRIPT" (Interrogatory 7) and the same for the LATER SERVANT SCRIPT (Interrogatory 8). Ms. Gregorini objects to these requests by stating that they are "vague, ambiguous, and overbroad" and "contain[] subparts, [are] compound, conjunctive, or disjunctive[.]" As in Interrogatory 1, Ms. Gregorini fails to specify which aspects of the interrogatories are vague, ambiguous, and overbroad. In addition, the interrogatories request information that is related to a common theme, and are thus not compound.

Ms. Gregorini also objects to these interrogatories on the basis that they "assume[] facts and appear[] to seek confidential or privileged information." First, these interrogatories are based on Ms. Gregorini's own claims in the FAC, in which she alleges copyright claims based on specific alleged similarities between the EARLY and LATER SERVANT SCRIPTS and EMANUEL, which presumably were based on her review of those SCRIPTS prior to filing her FAC. Accordingly, it is well within the scope of Rule 26(b) to ask Ms. Gregorini to provide information about her access to those scripts. *See Marti v. Baires*, No. 1:08-CV-00653-AWI, 2012 WL 2029720, at *5 (E.D. Cal. June 5, 2012) ("A party is obligated to make a reasonable effort to respond [to ROGs]."). Second, Ms. Gregorini's bare assertion of "apparent" privacy, confidentiality, or privilege does not pass muster. *Id.* at *6 ("[B]are assertion[s]" of privacy or privilege "fall well below the standard set for successfully claiming a right, an interest, or a privilege, shielding the discovery from disclosure."). Accordingly, we ask Ms. Gregorini to supplement her response to these interrogatories.

Interrogatories 9-16: These interrogatories ask Ms. Gregorini to "describe all negotiations and/or pitches YOU have engaged in to develop EMANUEL into a television series" (Interrogatory 9); "all discussions and/or negotiations YOU have engaged in to option or license EMANUEL to any party" (Interrogatory 10); "all negotiations YOU have engaged in to write, direct, or produce television, film, theatrical, commercial, or other project, including but not limited to the television series "The Dropout," since the release of EMANUEL until the release of SERVANT" (Interrogatory 11); "all negotiations YOU have engaged in to write, direct, or produce television, film, theatrical, commercial, or other project, including but not limited to the television series "The Dropout," since the release of SERVANT" (Interrogatory 12); "all agreements YOU have entered into to write, direct, or produce any television, film, theatrical, commercial, or other project, including but not limited to the television series "The Dropout," since the release of EMANUEL until the release of SERVANT" (Interrogatory 13); "all agreements YOU have entered into to write, direct, or produce any television, film, theatrical, commercial, or other project, including but not limited to the television series "The Dropout," since the release of SERVANT" (Interrogatory 14); "all revenues, and profits obtained by YOU in connection with any television, film, theatrical, commercial, or other project since the release of EMANUEL until the release of SERVANT" (Interrogatory 15); and "all revenues, and profits obtained by YOU in connection with any television, film, theatrical, commercial, or other project since the release of SERVANT" (Interrogatory 16).

Ms. Gregorini objects to the majority of these requests by stating that they are "vague, ambiguous, and overbroad," and in some instances "unlimited in time and scope"; "appear to seek" or "seek" "confidential or privileged information"; and "contain[] subparts, [are]

compound, conjunctive, or disjunctive[.]" As in Interrogatory 1, Ms. Gregorini fails to specify
which aspects of the interrogatories are vague, ambiguous, and overbroad. In addition, the
interrogatories request information that is related to a common theme, and are thus not
compound. As in Interrogatories 7-8, Ms. Gregorini's bare assertions of confidentiality and
privilege do not pass muster.

     Ms. Gregorini additionally objects to Interrogatories 11-16 on the grounds that the
information is protected by attorney-client privilege and related privileges; the right to privacy;
and is not "sufficiently related to any of the claims, allegations, or defenses in this case"; that the
requests are "unduly burdensome, oppressive, harassing, annoying, and vexatious seeking
information that is neither relevant to this case, nor likely to lead to the discovery of admissible
evidence"; and that the requests seek information "containing trade secret or other confidential,
competitively sensitive, or proprietary business information or that would require Plaintiff to
violate any confidentiality agreement or any court order pertaining to confidentiality." For all of
these, Plaintiff merely asserts bare, generalized, and boilerplate objections that fall far short of
meeting her discovery burden. *See Everflow Tech. Corp. v. Millennium Elecs. Inc.*, No. 07-
05795JF(HRL), 2009 WL 672985, at *2 (N.D. Cal. Mar. 13, 2009) (overruling "improper
blanket objections" that discovery requests purportedly seek "documents protected by the
attorney-client privilege, work product privilege, or the right of privacy" or "seek[] trade secrets,
confidential, proprietary and/or other secret information" when party failed to explain those
objections "with any specificity"); *Brill v. Napolitano*, 2010 WL 11512400, at *2 (C.D. Cal. May
12, 2010)  ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are
improper–especially when a party fails to submit any evidentiary declarations supporting such
objections.") (citation omitted).

     As to Ms. Gregorini's relevance objections, these requests relate to Ms. Gregorini's
professional endeavors in the two periods between EMANUEL's release and SERVANT's
release, and after SERVANT's release, which are plainly relevant to Ms. Gregorini's allegations
that she has suffered "substantial damages to her business in the form of diversion of trade, loss
of profits, and a dilution in the value of [her] rights and reputation," *see* FAC ¶¶ 90, 97, 103,
resulting from the alleged copyright infringement. Accordingly, we ask that Ms. Gregorini
supplement her response to these interrogatories.

     <u>Interrogatory 17</u>: This interrogatory asks Ms. Gregorini to identify "all agreements
relating to EMANUEL, including the date(s) that any agreements went into effect, the payment
and other terms of the agreements, and other details of any agreements relating to EMANUEL."
Ms. Gregorini objects on the grounds that the information is protected by attorney-client
privilege, related privileges, and the right to privacy; that the interrogatory "contains subparts, is
compound, conjunctive, or disjunctive"; that it is not "sufficiently related to any of the claims,
allegations, or defenses in this case"; and that it "seeks information containing trade secret or
other confidential, competitively sensitive, or proprietary business information or that would
require Plaintiff to violate any confidentiality agreement or any court order pertaining to
confidentiality."

     As in Interrogatory 1, Ms. Gregorini fails to specify which aspects of this interrogatory
are vague, ambiguous, and overbroad. In addition, the interrogatory requests information that is
related to a common theme, and is thus not compound. As in Interrogatories 7-8 and 9-16, Ms.

Gregorini's bare assertions of confidentiality, privacy, and privilege do not pass muster. Specifically as to Ms. Gregorini's relevance objection, this request is plainly within the scope of Rule 26(b) as it relates to agreements pertaining to the allegedly infringed work. Indeed, Ms. Gregorini has issued over 30 requests for production to Blinding Edge Pictures, Inc. seeking various agreements related to SERVANT (RFPs 53-87). Accordingly, we ask that Ms. Gregorini supplement her response to these interrogatories.

Interrogatory 18: This interrogatory asks Ms. Gregorini to "explain why Emanuel Film LLC was 'dissolved and cancelled,' as referenced in ¶ 85 of the FAC." Ms. Gregorini objects on the grounds that the information is protected by attorney-client privilege and related privileges; that the interrogatory is not "full and complete in and of itself and requires reference to other documents"; that it is not "sufficiently related to any of the claims, allegations, or defenses in this case"; that it is "unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence"; that it "seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality"; and that it is "vague and ambiguous."

As in Interrogatory 1, Ms. Gregorini fails to specify which aspects of the interrogatory are vague, ambiguous, and overbroad. In addition, this interrogatory requests information that is related to a common theme, and is thus not compound. As in Interrogatory 4, this interrogatory references factual allegations directly set forth in Ms. Gregorini's FAC. As in Interrogatories 7-8 and 9-16, Ms. Gregorini's bare assertions of confidentiality and privilege do not pass muster. Specifically as to Ms. Gregorini's relevance objection, this request is plainly within the scope of Rule 26(b), as it relates to Ms. Gregorini's own allegations in the FAC about the dissolution and cancellation of the corporate entity that originally "authored" and copyrighted the allegedly infringed work before allegedly assigning the copyright to Ms. Gregorini. FAC ¶¶ 84-85. Accordingly, we ask that Ms. Gregorini supplement her response to these interrogatories.

### C.    Tony Basgallop

Interrogatory 6: This interrogatory asks Ms. Gregorini to "state all facts to support YOUR contention that defendant Tony Basgallop 'has offered an account of his personal inspiration for the story [of SERVANT] that comes off as vague and implausible,' as referenced in ¶ 45 n.8 of the FAC." Ms. Gregorini responds: "Defendant's account of his alleged personal inspiration for the story of Servant is vague and implausible." This circular, conclusory response is deficient, and Defendants are entitled to explore in discovery Ms. Gregorini's basis for that allegation. Accordingly, we ask that Ms. Gregorini supplement her response to this interrogatory or otherwise confirm that she has no factual basis for this allegation.

### D.    Uncle George Productions, LLC

Interrogatory 3: This interrogatory asks Ms. Gregorini to describe "the work that was registered with the U.S. Copyright Office Reg. No. PA0002353598 by 'Well Go USA Ent.'" Ms. Gregorini objects to this interrogatory on the grounds that it is "vague and ambiguous"; that it is "not sufficiently related to any of the claims, allegations, or defenses in this case"; and that it is

"overbroad, unduly burdensome, oppressive, and harassing." As in Interrogatories 1 and 9-16, Ms. Gregorini fails to specify which aspects of the interrogatory are vague, ambiguous, overbroad, oppressive, and harassing. Specifically as to Ms. Gregorini's relevance objection, this request is plainly within the scope of Rule 26(b) as it pertains to another DVD version of Ms. Gregorini's allegedly infringed work that has been registered by a third party, "Well Go USA Ent." Defendants are entitled to seek discovery from Ms. Gregorini about this work, including any licensing or assignments of rights from Ms. Gregorini to "Well Go USA Ent." Accordingly, we ask that Ms. Gregorini supplement her response to this interrogatory.

Interrogatories 12-13: These interrogatories ask Ms. Gregorini to identify "each and every person" who contributed to the production (Interrogatory 12) and the distribution (Interrogatory 13) of EMANUEL. Ms. Gregorini objects to these requests on the grounds that they are "vague, ambiguous, and overbroad" and that they "contain[] subparts, [are] compound, conjunctive, or disjunctive[.]" As in Interrogatory 1, Ms. Gregorini fails to specify which aspects of these interrogatories are vague, ambiguous, and overbroad. In addition, the interrogatories request information that is related to a common theme, and are thus not compound. These interrogatories seek information related to the individuals involved in the production and distribution of her allegedly infringed work, which is plainly within the scope of Rule 26(b). Accordingly, we ask that Ms. Gregorini supplement her response to these interrogatories.

Interrogatory 16: This interrogatory asks Ms. Gregorini to "identify any and all materials related to EMANUEL that YOU know were provided by anyone other than YOU to any Defendant." Ms. Gregorini responds as follows: "Plaintiff is aware that Olivia Blaustein, an agent at CAA . . . had an assistant that sent Emanuel in March 2017 to producers of Berlin Station, including Tony Basgallop (co-executive producer), to showcase Ms. Gregorini's talent for the purpose of being hired." This response is incomplete, as Ms. Gregorini failed to provide the name of the assistant that purportedly sent the March 2017 email to Berlin Station producers. The alleged transmission of Emanuel from Olivia Blaustein's assistant to the Berlin Station producers is central to Ms. Gregorini's theory of Defendants' access to her allegedly infringed work, which Defendants are entitled to explore in discovery. Accordingly, we ask that Ms. Gregorini supplement her response to this interrogatory.

Interrogatory 18: This interrogatory asks Ms. Gregorini to "identify all locations of non-theatrical distributions of EMANUEL, including but not limited to all streaming services where EMANUEL has ever been distributed." Ms. Gregorini responds as follows: "Since 2014, Emanuel has been available for purchase or rental on defendant Apple's own iTunes as well as multiple additional streaming services and platforms." This response is incomplete, as Ms. Gregorini failed to provide the specific name of each and every "multiple additional streaming services and platforms" where Emanuel has been distributed. This information is essential in determining the extent of Emanuel's distribution, profits, and revenue, as well as Ms. Gregorini's alleged substantial loss of profits and damages. Accordingly, we ask that Ms. Gregorini supplement her response to this interrogatory.

Interrogatories 20-21: These interrogatories ask Ms. Gregorini to identify "the revenues of any and all theatrical releases of EMANUEL, including but not limited to box office receipts" (Interrogatory 20) and "the number of rentals and/or sales for each streaming service on which EMANUEL was distributed." Ms. Gregorini objects to these requests on the grounds that they

Page 8

are "vague, ambiguous, overbroad, and [] unlimited in time" and that they "contain[] subparts,
[are] compound, conjunctive, or disjunctive[.]" As in Interrogatory 1, Ms. Gregorini fails to
specify which aspects of these interrogatories are vague, ambiguous, and overbroad. In addition,
the interrogatories request information that is related to a common theme, and are thus not
compound. As in Interrogatory 18, this information is essential in determining the extent of
Emanuel's distribution, profits, and revenue, as well as Ms. Gregorini's alleged substantial loss
of profits and damages. Accordingly, we ask that Ms. Gregorini supplement her response to
these interrogatories.

## II.    REQUESTS FOR PRODUCTION

### A.    General Objections

First, as with the interrogatories, Ms. Gregorini asserts general, boilerplate objections to
the extent that all requests for production seek privileged, confidential, and/or proprietary
business information. Such objections are improper. *Hupp v. City of Beaumont*, 2017 WL
11635255, at *9 (C.D. Cal. May 5, 2017) ("Boilerplate objections to a request for a production
are not sufficient."). Please confirm that no documents will be withheld on the basis of the
general objections.

Second, for many of these requests, Ms. Gregorini objects that Defendants' "failure to
produce discovery as promised impedes and interferes with Plaintiff's ability to respond" to
Defendants' discovery requests. Please confirm that no documents will be withheld on the basis
of this objection.

### B.    Definitional Objections

First, Ms. Gregorini objects to "Defendant's definition of 'reborn doll' as vague and
ambiguous." Defendant's definition, however, expressly refers to the term "'reborn' doll" as
referenced in ¶ 4 of the FAC."

Second, for many of these requests, Ms. Gregorini objects to the definition of
"document" as being "overly broad as to scope and time, unduly burdensome, oppressive, and to
the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in
violation of Federal Rule of Civil Procedure 26(b)." But this definition does "no more than
provide a broad definition of the term 'documents,'" which courts have found "permissible in
order to insure that all discoverable material is provided." *Baykeeper v. Kramer Metals, Inc.*,
2009 WL 10671577, at *6 (C.D. Cal. Feb. 27, 2009).

Please confirm that no documents will be withheld on the basis of these definitional
objections.

### C.    Uncle George Productions, LLC

Request for Production No. 1: This request seeks all documents, including
communications, about EMANUEL. Ms. Gregorini incorporates the general objections; objects
on grounds that the information is privileged and protected by the right to privacy; the request is
not "sufficiently related to any of the claims, allegations, or defenses in this case"; is "overbroad,

unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is
neither relevant to this case, nor likely to lead to the discovery of admissible evidence"; "seeks
information containing trade secret or other confidential, competitively sensitive, or proprietary
business information or that would require Plaintiff to violate any confidentiality agreement or
any court order pertaining to confidentiality"; "is vague and ambiguous"; "includes general
instructions and definitions which render it improper, objectionable, and/or contrary to discovery
rules and statutes"; and "is premature to the extent it seeks documents and information that are
the subject of expert discovery."

Ms. Gregorini's extensive boilerplate objections are deficient. *See Ecological Rts. Found.
v. Hot Line Constr., Inc.*, 2022 WL 2101902, at *4 (C.D. Cal. Apr. 14, 2022) ("[G]eneral
or boilerplate objections such as 'overly burdensome and harassing' are improper–especially
when a party fails to submit any evidentiary declarations supporting such objections.") (citation
omitted); *Belden v. Cnty. of San Bernardino*, 2020 WL 3129208, at *4 (C.D. Cal. June 12, 2020)
(faulting party for making "boilerplate objections to almost every single request for production,
including broad relevancy objections, objections of 'overly burdensome and harassing,' privacy,
and attorney-client privilege/work product protection") (citation omitted); *Kitsinian v.
Manoukian*, 2018 WL 6265004, at *6 (C.D. Cal. Mar. 15, 2018) (concluding that asserted
privacy objections "can be mitigated by an appropriate protective order" and that to the extent
"responsive documents are protected by attorney-client privilege or work-product doctrine, [the
party] shall provide a privilege log"); *Solomon v. Jacobson*, 2016 WL 6039184, at *2 (C.D. Cal.
Apr. 1, 2016) (finding "nonspecific boilerplate" responses to requests for production
"inadequate" under FRCP 34); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D.
Cal. 2006) ("[B]oilerplate relevancy objections, without setting forth any explanation or
argument why the requested documents are not relevant, are improper.").

This request is clearly relevant to this dispute as it pertains to Ms. Gregorini's allegedly
infringed work. Defendants are willing to meet and confer to clarify or narrow this request.
Accordingly, please provide all documents responsive to this request, or let us know if you need
any further clarification.

Request for Production No. 2: This request seeks all documents, including
communications, "relating to the registration of the REGISTERED WORK with the U.S.
Copyright Office, including applications, registrations, and transfers." As in RFP 1, Ms.
Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific
basis for why this request is improper. Ms. Gregorini also limits the request and responds that
she will provide a "copy of U.S. Copyright Office Reg. No. PA0002213169." Ms. Gregorini's
exclusion of all other relevant documents related to the REGISTERED WORK's registration is
improper, given that these documents are plainly relevant to this dispute. Accordingly, please
provide all documents responsive to this request, or let us know if you need any further
clarification.

Request for Production No. 3: This request seeks all documents, including
communications, "relating to the registration of the REGISTERED SCRIPT with the U.S.
Copyright Office, including applications, registrations, and transfers." As in RFP 1, Ms.
Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific
basis for why this request is improper. Specifically as to relevance, this request is clearly relevant

to this dispute as it pertains to another version of Ms. Gregorini's allegedly infringed work. Accordingly, please provide all documents responsive to this request, or let us know if you need any further clarification.

Request for Production No. 4: This request seeks all documents, including communications, "relating to the registration of EMANUEL with the U.S. Copyright Office Reg. No. PA0002353598 registered to copyright claimant 'Well Go USA Ent.'" As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why this request is improper. Specifically as to relevance, this request is clearly relevant to this dispute as it pertains to another related version of Ms. Gregorini's allegedly infringed work. Accordingly, please provide all documents responsive to this request, or let us know if you need any further clarification.

Request for Production No. 5: This request seeks all documents, including communications, "relating to any and all additional copyright registrations for EMANUEL or any version thereof." As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why this request is improper. Specifically as to relevance, this request is clearly relevant to this dispute as it pertains to any other registrations of Ms. Gregorini's allegedly infringed work. Accordingly, please provide all documents responsive to this request, or let us know if you need any further clarification.

Request for Production No. 6: This request seeks all documents, including communications, "submitted to or filed with the U.S. Copyright Office regarding EMANUEL, including applications, registrations, and transfers." As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why this request is improper. Ms. Gregorini also limits the request and responds that she will provide a "copy of U.S. Copyright Office Reg. No. PA0002213169." Ms. Gregorini's exclusion of all other relevant documents related to the REGISTERED WORK's registration is improper, given that Defendants are entitled to explore the details of Emanuel's copyright registration during discovery. Accordingly, please provide all documents responsive to this request, or let us know if you need any further clarification.

Requests for Production Nos. 7-8: These requests seek all documents, including communications, relating to any and all copyright transfers relating to EMANUEL (RFP 7) and ownership of any copyrights to EMANUEL, any version of EMANUEL, or any derivative thereof (RFP 8). As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why these requests are improper. Specifically as to relevance, these requests are clearly relevant to this dispute as they pertain to transfers and copyright ownership of Ms. Gregorini's allegedly infringed work. Accordingly, please provide all documents responsive to these requests, or let us know if you need any further clarification.

Requests for Production Nos. 9-11: These requests seek all documents, including communications, regarding deposit copies for any copyright registration of EMANUEL (RFP 9); all deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED WORK (RFP 10); and all deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED SCRIPT (RFP 11). As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why these requests are

improper. Specifically as to relevance, these requests are clearly relevant to this dispute as they
pertain to deposit copies of and related documents pertaining to Ms. Gregorini's allegedly
infringed work and versions thereof. Accordingly, please provide all documents responsive to
these requests, or let us know if you need any further clarification.

  Requests for Production Nos. 12-13: These requests seek all agreements relating to
EMANUEL (RFP 12) and all documents relating to agreements referencing EMANUEL (RFP
13). As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to
articulate any specific basis for why these requests are improper. Specifically as to relevance,
these requests are clearly relevant to this dispute as they pertain to agreements and related
documents pertaining to Ms. Gregorini's allegedly infringed work. Indeed, Ms. Gregorini has
issued over 30 requests for production to Blinding Edge Pictures, Inc. (as just one example)
seeking various agreements related to SERVANT (RFPs 53-87). Defendants are willing to meet
and confer to clarify or narrow this request. Accordingly, please provide all documents
responsive to these requests, or let us know if you need any further clarification.

  Request for Production No. 15: This request seeks all agreements between Ms. Gregorini
and Well Go USA Entertainment. As in RFP 1, Ms. Gregorini provides an extensive list of
boilerplate objections but fails to articulate any specific basis for why this request is improper.
Specifically as to relevance, this request is clearly relevant to this dispute as it pertains to
agreements between Ms. Gregorini and a third party that has registered a version of Ms.
Gregorini's allegedly infringed work with the U.S. Copyright Office. Defendants are willing to
meet and confer to clarify or narrow this request. Accordingly, please provide all documents
responsive to this request, or let us know if you need any further clarification.

  Requests for Production Nos. 17-27: These requests seek all documents, including
communications, about the creation (RFP 17), inspiration(s) for (RFP 18), writing of (RFP 19),
development of (RFP 20), production of (RFP 21), post-production of (RFP 22), distribution of
(RFP 23), promotion of (RFP 24), marketing of (RFP 25), release of (RFP 26), and the financing
of (RFP 27) EMANUEL. As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate
objections but fails to articulate any specific basis for why these requests are improper.
Specifically as to relevance, these requests are clearly relevant to this dispute as they pertain to
the creative development, production, and release of Ms. Gregorini's allegedly infringed work
that she alleges shares substantial similarities with SERVANT. Defendants are willing to meet
and confer to clarify or narrow this request. Accordingly, please provide all documents
responsive to these requests, or let us know if you need any further clarification.

  Requests for Production Nos. 35-36, 38: These requests seek all communications
between Ms. Gregorini and Sarah Thorp (RFP 35); all documents with or about Sarah Thorp,
relating to EMANUEL (RFP 36); and all agreements between Ms. Gregorini and Sarah Thorp
(RFP 38).[2] Ms. Gregorini asserts that these requests are duplicative. Otherwise, as in RFP 1, Ms.
Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific
basis for why these requests are improper. Specifically as to relevance, these requests are
undoubtedly relevant to this dispute as they pertain to communications and documents relating to

---

[2] Defendants' Requests for Production initially spelled Sarah Thorp's name as "Sarah Thorpe." In all instances
involving that name, Defendants intended to refer to "Sarah Thorp."

Sarah Thorp, who Ms. Gregorini has identified as a co-writer of the story on which her allegedly infringed work is based (see Response to Interrogatory No. 10 issued by Uncle George Productions, LLC). Defendants are willing to meet and confer to clarify or narrow this request. Accordingly, please provide all documents responsive to these requests, or let us know if you need any further clarification.

Requests for Production Nos. 37, 39: These requests seek all communications with or about Tatiana Von Furstenberg relating to EMANUEL (RFP 37) and all agreements between Ms. Gregorini and Tatiana Von Furstenberg (RFP 39). As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why these requests are improper. Specifically as to relevance, these requests are clearly relevant to this dispute as, upon information and belief, Ms. Von Furstenberg played a key role in the financing, production, and/or distribution of EMANUEL. Defendants are willing to meet and confer to clarify or narrow this request. Accordingly, please provide all documents responsive to these requests, or let us know if you need any further clarification.

Requests for Production Nos. 40-42: These requests seek all agreements between Ms. Gregorini and Emanuel Film LLC (RFP 40); all documents relating to the organization of Emanuel Film LLC (RFP 41); and all documents relating to the dissolution of Emanuel Film LLC, as referenced in ¶ 85 of the FAC (RFP 42). As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why these requests are improper. Specifically as to relevance, these requests are clearly relevant to this dispute as they relate to Ms. Gregorini's own allegations in the FAC about the dissolution and cancellation of the corporate entity that originally "authored" and copyrighted the allegedly infringed work before allegedly assigning the copyright to Ms. Gregorini. Accordingly, please provide all documents responsive to these requests, or let us know if you need any further clarification.

Request for Production No. 43: This request seeks all documents, including communications, about REBORN DOLLS. As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why this request is improper. Specifically as to relevance, this request is clearly relevant to this dispute as it references Ms. Gregorini's *own definition* of "REBORN DOLL" in the FAC, and Ms. Gregorini repeatedly alleges that the "reborn doll" is a key similarity between the works. *E.g.*, FAC ¶¶ 71, 78. Accordingly, please provide all documents responsive to this request, or let us know if you need any further clarification.

Request for Production Nos. 44-54: These requests seek all documents, including communications, referencing Apple Inc. (RFP 44); M. Night Shyamalan (RFP 45); Blinding Edge Pictures, Inc. (RFP 46); Uncle George Productions (RFP 47); Escape Artists, Inc. (RFP 48); Dolphin Black Productions (RFP 49); Tony Basgallop (RFP 50); Ashwin Rajan (RFP 51); Jason Blumenthal (RFP 52); Todd Black (RFP 53); and Steve Tisch (RFP 54). As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate any specific basis for why these requests are improper. Specifically as to relevance, these requests are clearly relevant to this dispute as they seek documents in Ms. Gregorini's possession referencing the named defendants in this litigation. Defendants are willing to meet and confer to clarify or

narrow this request. Accordingly, please provide all documents responsive to these requests, or
let us know if you need any further clarification.

    <u>Requests for Production Nos. 55-65</u>: These requests seek all communications with Apple
Inc. (RFP 55); M. Night Shyamalan (RFP 56); Blinding Edge Pictures, Inc. (RFP 57); Uncle
George Production (RFP 58); Escape Artists LLC (RFP 59); Dolphin Black Productions (RFP
60); Tony Basgallop (RFP 61); Ashwin Rajan (RFP 62); Jason Blumenthal (RFP 63); Todd
Black (RFP 64); and Steve Tisch (RFP 65). Ms. Gregorini responds that she will produce
responsive, non-privileged documents reflecting communications with each named individual or
entity solely "relating to Plaintiff's allegations in the First Amended Complaint that are in
Plaintiff's possession, custody, or control, if any exist." Ms. Gregorini's unilateral limitation of
the requests to "Plaintiff's allegations in the First Amended Complaint" is not appropriate, given
that there may well exist communications with the named individuals/entities that are relevant
under Rule 26(b) to this litigation but are not explicitly related to "Plaintiff's allegations" in the
FAC. Accordingly, please provide all documents responsive to these requests, or let us know if
you need any further clarification.

    <u>Requests for Production Nos. 66-67</u>: These requests seek all communications about
EMANUEL between Ms. Gregorini and her agent(s) (RFP 66) and manager(s) (RFP 67). As in
RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate
any specific basis for why these requests are improper. Specifically as to relevance, these
requests are clearly relevant to this dispute as they pertain to communications about Ms.
Gregorini's allegedly infringed work. Further, in her FAC, Ms. Gregorini expressly relies on
alleged communications with her agent(s) to set forth her alleged theory of Defendants' access to
Emanuel (FAC ⁋ 52). Defendants are willing to meet and confer to clarify or narrow this request.
Accordingly, please provide all documents responsive to these requests, or let us know if you
need any further clarification.

    <u>Requests for Production Nos. 68-72</u>: These requests seek all communications about
SERVANT between Ms. Gregorini and her agent(s) (RFP 68); manager(s) (RFP 69); Jane Lee
(RFP 70); Ellen Jones (RFP 71); and ICM Partners (RFP 72). Ms. Gregorini responds that she
will produce responsive, non-privileged documents reflecting communications with each named
individual or entity solely "about *Servant* relating to Plaintiff's allegations . . . that are in
Plaintiff's possession, custody, or control[.]" Ms. Gregorini's unilateral limitation of the requests
to communications "about *Servant* relating to Plaintiff's allegations" is not appropriate given that
there may well exist communications with the named individuals/entities that are relevant under
Rule 26(b) to this litigation but are not explicitly related to "Plaintiff's allegations." Moreover,
Ms. Gregorini's limitation specifically carves out communications relating to Emanuel that are
central to this dispute, including those related to her access allegations involving her agent(s)
(FAC ⁋ 52). Defendants are willing to meet and confer to clarify or narrow this request.
Accordingly, please provide all documents responsive to these requests, or let us know if you
need any further clarification.

    <u>Requests for Production Nos. 73-74</u>: These requests seek all documents, including
communications, regarding "all theatrical distributions" (RFP 73) and "all non-theatrical
distributions" (RFP 74) of EMANUEL. As in RFP 1, Ms. Gregorini provides an extensive list of
boilerplate objections but fails to articulate any specific basis for why these requests are

improper. Specifically as to relevance, these requests are clearly relevant to this dispute as they
pertain to the distribution of Ms. Gregorini's allegedly infringed work, which is related to her
theory of Defendants' access to that work as well as her claimed damages. Accordingly, please
provide all documents responsive to these requests, or let us know if you need any further
clarification.

    Requests for Production Nos. 75-76: These requests seek all documents, including
communications, "about any and all negotiations and/or pitches [Ms. Gregorini has] engaged in
to develop EMANUEL into a television series" (RFP 75) and "about any and all negotiations
and/or pitches [Ms. Gregorini has] engaged in regarding other adaptations and/or derivative
works of EMANUEL" (RFP 76). As in RFP 1, Ms. Gregorini provides an extensive list of
boilerplate objections but fails to articulate any specific basis for why these requests are
improper. Specifically as to relevance, these requests are clearly relevant to this dispute as they
relate to Ms. Gregorini's allegations that she was harmed by her purported inability to "develop[]
Emanuel into a television series." FAC ¶¶ 94, 100. Defendants are entitled to explore those
allegations in discovery. Accordingly, please provide all documents responsive to these requests,
or let us know if you need any further clarification.

    Request for Production No. 77: This request seeks all documents, including
communications, "about any and all negotiations YOU have engaged in regarding licenses of
EMANUEL." As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but
fails to articulate any specific basis for why this request is improper. Specifically as to relevance,
this request is clearly relevant to this dispute as it relates to licenses of the allegedly infringed
work, which bear on, among other issues, Ms. Gregorini's claimed allegations of a "dilution in
the value" of her "rights and reputation" (FAC ¶¶ 90, 97, 103). Accordingly, please provide all
documents responsive to this request, or let us know if you need any further clarification.

    Request for Production No. 78: This request seeks all documents, including
communications, "referring to or about SERVANT." As in RFP 1, Ms. Gregorini provides an
extensive list of boilerplate objections but fails to articulate any specific basis for why this
request is improper. Specifically as to relevance, this request is clearly relevant to this dispute as
it pertains to Ms. Gregorini's documents and communications about Defendants' allegedly
infringing work. Defendants are entitled to explore in discovery, among other issues, the nature
and substance of Ms. Gregorini's knowledge and communications regarding the work at issue in
this dispute. Accordingly, please provide all documents responsive to this request, or let us know
if you need any further clarification.

    Requests for Production Nos. 79-81: These requests seek all documents, including
communications, about the EARLY SERVANT SCRIPT, as referenced in FAC ¶ 94 (RFP 79);
LATER SERVANT SCRIPT, as referenced in FAC ¶ 100 (RFP 80); and any script of
SERVANT (RFP 81). As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate
objections but fails to articulate any specific basis for why these requests are improper.
Specifically as to relevance, these requests are clearly relevant to this dispute as they relate to
Ms. Gregorini's allegations about scripts of Defendants' allegedly infringing work. Further,
Defendants are entitled to explore in discovery, among other issues, the timing of Ms.
Gregorini's access to these scripts as well as the nature of her communications regarding them.

Page 15

Accordingly, please provide all documents responsive to these requests, or let us know if you
need any further clarification.

Request for Production No. 82: This request seeks all documents, including
communications, about BERLIN STATION, as referenced in Ms. Gregorini's FAC ¶ 52. As in
RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to articulate
any specific basis for why this request is improper. Specifically as to relevance, this request is
clearly relevant to this dispute as it relates to Ms. Gregorini's theory of Tony Basgallop's alleged
access to EMANUEL, as described in Ms. Gregorini's response to Tony Basgallop's
Interrogatory No. 1 as well as in the FAC ¶ 52. Defendants are willing to meet and confer to
clarify or narrow this request. Accordingly, please provide all documents responsive to this
request, or let us know if you need any further clarification.

Request for Production No. 84: This request seeks all documents, including
communications, supporting Ms. Gregorini's contention in ¶ 51 of the FAC that EMANUEL was
"widely disseminated to the public beginning 2013." As in RFP 1, Ms. Gregorini provides an
extensive list of boilerplate objections but fails to articulate any specific basis for why this
request is improper. Specifically as to relevance, this request is clearly relevant to this dispute as
it relates to a key contention made by Ms. Gregorini in the FAC in support of her theory of
access. Accordingly, please provide all documents responsive to this request, or let us know if
you need any further clarification.

Request for Production No. 93: This request seeks all non-privileged communications
between Ms. Gregorini and any news, entertainment, or third-party media about this lawsuit,
including but not limited Ms. Gregorini's statements referenced in Sophie Gilbert's January 15,
2020 article in *The Atlantic*. As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate
objections but fails to articulate any specific basis for why this request is improper. Specifically
as to relevance, this request is clearly relevant to this dispute as Ms. Gregorini specifically
references *The Atlantic* article *in her complaint* (FAC ¶ 17) and Defendants are entitled to
explore that allegation in discovery. Accordingly, please provide all documents responsive to this
request, or let us know if you need any further clarification.

Requests for Production Nos. 95-97: These requests seek all documents, including
communications, relating to all "expenses incurred in connection with" (RFP 95); "revenues
earned in connection with" (RFP 96); and "profits earned in connection with" (RFP 97)
EMANUEL. As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but
fails to articulate any specific basis for why these requests are improper. Specifically as to
relevance, these requests are clearly relevant to this dispute as they relate to expenses, revenues,
and profits pertaining to Ms. Gregorini's allegedly infringed work, and therefore Ms. Gregorini's
alleged damages. Accordingly, please provide all documents responsive to these requests, or let
us know if you need any further clarification.

Requests for Production Nos. 99-113: These requests seek all documents, including
communications, relating to any opportunities for Ms. Gregorini to direct (RFPs 99-100), write
(RFPs 101-102), and produce (RFPs 103-104) any television, film, theatrical, commercial or
other project in the two periods since the release of EMANUEL until the release of SERVANT
and since the release of SERVANT; any negotiations Ms. Gregorini, her agents, or her managers

Page 16

have engaged in regarding her role in any television, film, theatrical, commercial or other project
since the release of SERVANT (RFP 105) and documents relating to any payments for any such
roles (RFP 106); and Ms. Gregorini's role on various television series, including "The Dropout"
(RFP 107); "Killing Eve" (RFP 108); "Chambers" (RFP 109); "Electric Dreams" (RFP 110);
"Humans" (RFP 111); "The Hypnotist's Love Story" (RFP 112); and the film "Hurricana" (RFP
113). As in RFP 1, Ms. Gregorini provides an extensive list of boilerplate objections but fails to
articulate any specific basis for why these requests are improper. Specifically as to relevance,
these requests are clearly relevant to this dispute as Ms. Gregorini alleges that she has suffered
"substantial damages to her business in the form of diversion of trade, loss of profits, and a
dilution in the value of [her] rights and reputation," *see* FAC ¶¶ 90, 97, 103, resulting from the
alleged copyright infringement, and thus Defendants are entitled to explore Ms. Gregorini's
damages claims in discovery. Defendants are willing to meet and confer to clarify or narrow
these requests. Accordingly, please provide all documents responsive to these requests, or let us
know if you need any further clarification.

As you know, the local rules require our meeting to take place at our office within the
next ten days. Please let me know some dates and times that work for you.

Sincerely,

Nicolas A. Jampol
DAVIS WRIGHT TREMAINE LLP

EXHIBIT 11

**Krishnan, Meenakshi**

---

| | |
|---|---|
| **From:** | Antoinette Waller <Antoinette@daviderikson.com> |
| **Sent:** | Thursday, May 4, 2023 4:42 PM |
| **To:** | Jampol, Nicolas; Krishnan, Meenakshi |
| **Cc:** | David Erikson; Jeff Miles; Melanie Wilbur |
| **Subject:** | Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production |

[EXTERNAL]

I disagree. And I have never refused to meet and confer.

Best,
Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Thursday, May 4, 2023 1:39:44 PM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

You are asking us to go beyond what's required and your refusal to meet and confer is contrary to the rules. We will provide you with our portion of the joint stipulation shortly, as requested.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Wednesday, May 3, 2023 7:19 PM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

[EXTERNAL]

Dear Nick -

Thanks for your email. As you know, our motion to compel ("Motion") concerns six discreet document demands to Uncle George Productions, LLC. The Motion seeks an order compelling Uncle George to produce its initial disclosure documents as requested in the six identified demands (the "Initial Disclosure Requests"). The Motion does not concern any other discovery request and does not address defendants' overall failure to

1

produce documents or other deficiencies in defendants' discovery responses. The only matter to be addressed through the Motion is Uncle George's failure to produce the documents sought by the Initial Disclosure Requests.

As we have addressed multiple times now, the initial disclosure document production should be immediate and uncontroversial. You still have not articulated any reason whatever explaining why Uncle George has not produced documents in response to the Initial Disclosure Requests as it promised to do so long ago.

As I said in my email on Monday, we can resolve the Motion by your immediate production and identification of the documents responsive to the Initial Disclosure Requests, i.e., your clients' initial disclosure documents. See Monday's email in which I state: "if you agree to and produce the initial disclosure documents by Thursday, we may avoid the motion to compel. We will need to receive all the initial disclosure documents with a breakdown by bates number as to which documents are produced in response to each of the requests, nos. 106-111." I again make my same offer. Will you agree to identify and produce by tomorrow the documents responsive to the Initial Disclosure Requests?

If not, then the Motion will proceed and we will continue to anticipate receiving your portion of the Joint Stipulation tomorrow. As such there is nothing further to meet and confer on about the Motion.

I have not yet had an opportunity to review the meet and confer letter you sent Monday. We are happy to meet to discuss the letter and other discovery issues apart from the Motion and can come to your downtown Los Angeles office for an in-person meeting as you request. Certainly, there is much to discuss in terms of overall discovery matters, including defendants' general failure to produce documents, deficiencies in defendants' discovery responses, setting a deposition schedule to include depositions of Messrs. Basgallop and Shyamalan, and the corporate representatives of Uncle George Productions, Blinding Edge, and Apple who your clients have identified as having relevant information.

Next week is busy and it looks like Thursday May 11 after 1 pm, is my first available day for an in-person meeting at your Los Angeles office. I could also be available the following week on May 16 or 17.

I look forward to hearing from you.

Best,

Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Wednesday, May 3, 2023 7:46 AM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

I got the impression that you are moving forward regardless of what we say, but if you are actually interested in seeing if we can resolve this discovery dispute, I would welcome that. (It's also required, but I know you contend you complied

with the rules). You asked what there is to discuss. Lots of things! For starters, I think we should discuss a concrete schedule for all parties to produce documents and for us to depose Ms. Gregorini. I would also like to hear more about your position that we can't identify categories of documents in initial disclosures, which I believe you can and is what you did in your own initial disclosures.

To be clear, I would like to reiterate that we are not refusing to produce documents, we are in fact producing documents this week – probably tomorrow – and will complete all productions this month. Conversely, you have not provided any timeline to produce your documents, nor have you produced any of the documents identified in your initial disclosures. Let us know if you want to discuss.

As for our own meet and confer regarding Plaintiff's discovery responses, please let us know some good dates and times to have that discussion at our office (per the rules), either in downtown Los Angeles or in Culver City, whichever is more convenient for you.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Tuesday, May 2, 2023 10:58 AM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

**[EXTERNAL]**

Dear Nick -

I am out of the office on Thursday morning and cannot meet with you then.

You say you "disagree" with my email, but you have not provided any opposing argument. In response to Ms. Gregorini's document requests, Uncle George agreed to produce its initial disclosure documents. Three years later, Uncle George has still not produced its initial disclosure documents. What is the explanation for Uncle George's failure to produce these documents? You have never provided any basis justifying the discovery failure. Even as you demand we conduct additional meet and confer discussions "in person", you still offer no basis for the failure to produce the initial disclosure documents. What is there to discuss? Frankly, we are flummoxed by this bizarre stance.

Given your ongoing refusal to produce the initial disclosure documents, as stated, we will proceed with the motion to compel. We noticed the motion for May 30 which complies with all court deadlines. We will combine your portion of the joint stipulation on Thursday and immediately return the combined stipulation for your signature. In compliance with LR 37-3, the combined document will be filed no later than May 9, twenty-one days before the noticed hearing of May 30.

We look forward to receiving your portion of the joint stipulation on Thursday.

Best,
Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Monday, May 1, 2023 7:19 PM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

We disagree with your email below. We will provide you with our portion of the deficient joint stipulation, which violates the local rules and doesn't provide enough notice of a hearing. We will also send you our own meet and confer letter shortly.

I would like to meet in person per the rules, but if you refuse, then we can discuss on the phone. I have depositions tomorrow and Wednesday, but could meet or discuss on Thursday morning at 9:15 a.m. if that works for you.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Monday, May 1, 2023 6:48 PM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

[EXTERNAL]

---

Hi Nick -

Thanks for your email. We've fulfilled - and far exceeded - any meet and confer requirement for the six discovery requests at issue seeking Uncle George's initial disclosure documents. This is a discreet issue and has been thoroughly addressed. If you want to argue in your portion of the Joint Stipulation that we need to meet and confer further, you are free to do so. We disagree with any such assertion. As we note in our portion of the Joint Stipulation, you haven't provided any explanation or justification for failing to provide the initial disclosure documents your client agreed to produce back in 2020 in response to Ms. Gregorini's document demands. Moreover, there can be no rationale for the failure to produce the documents as agreed as the documents are a) documents your client identified and confirmed were ready for production when it served its initial disclosures; and b) are within the sole knowledge of your client as, again, your client alone identified

4

and determined what documents constitute its initial disclosure documents. Thus, as to the six document requests at issue, there is nothing further to meet and confer over. If you fail to provide your portion of the Joint Stipulation by Thursday's deadline we will proceed to file the motion without your participation in accord with LR 37-2.

In the alternative, if you agree to and produce the initial disclosure documents by Thursday, we may avoid the motion to compel. We will need to receive all the initial disclosure documents with a breakdown by bates number as to which documents are produced in response to each of the requests nos. 106-111.

I am happy to meet to discuss the other document demands and your clients' failure to produce documents and we certainly can follow up further as to overall discovery and outstanding issues. As we have discussed however, your client's continuing failure to produce its initial disclosure documents in compliance with its response to the document demands, has no possible justification and has significantly harmed Ms. Gregorini and her pursuit of this lawsuit. We are not willing to wait any further for production of the initial disclosure documents in response to Ms. Gregorini's document request nos. 106-111.

I am around most of the day tomorrow if you want to give me a call to discuss.

Best,
Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Monday, May 1, 2023 5:41:21 PM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

Hope all is well. Pursuant to L.R. 37-1, you need to send us a letter regarding alleged discovery issues and then, within 10 days, we meet in person (unless you're in a different county) to see if we can resolve the dispute. To the extent you are arguing that your February 16 letter was a meet and confer letter under Rule 37-1, we never met and conferred per the rules, and you never responded to my February 22 letter about our production, which has resulted in a lot more time and money spent reviewing documents. I respectfully request that we comply with the rules and meet in person to discuss our document production. The good news is that we anticipate producing documents this week. We also have issues we're like to discuss, including your own document production, and will be sending a more fulsome meet and confer letter. It would be productive for us to have our required meet and confer to discuss these issues, at a time and location that is convenient for you.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Thursday, April 27, 2023 7:57 PM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

[EXTERNAL]

Dear Nick and Meenakshi -

Please find attached a notice of motion and our half of a Local Rule 37-2 joint stipulation to compel defendant Uncle George Productions, LLC's production of documents with supporting declaration and exhibits. In accord with Local Rule 37-2.2, defendant must provide its portion of the joint stipulation and any supporting declaration and exhibits within seven days. We have set the hearing on the motion to compel for May 30.

Best,
Antoinette

Antoinette Waller
E R I K S O N   L A W   G R O U P
200 North Larchmont Boulevard – Los Angeles, California 90004
Tel: (323) 465-3100 – Direct Line: (323) 628-6769 – Fax: (323) 465-3177

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.