# EXHIBIT 1

NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
CAMILA PEDRAZA (State Bar No. 329984)
  camilapedraza@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
BLINDING EDGE PICTURES, INC.; UNCLE
GEORGE PRODUCTIONS, LLC; APPLE INC.;
ESCAPE ARTISTS, INC. (erroneously sued as
ESCAPE ARTISTS LLC); DOLPHIN BLACK
PRODUCTIONS; M. NIGHT SHYAMALAN;
TONY BASGALLOP; ASHWIN RAJAN;
JASON BLUMENTHAL; TODD BLACK;
STEVE TISCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>            Plaintiff,<br><br>    vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 2:20-cv-00406-JFW-JC<br><br>**DEFENDANTS' INITIAL DISCLOSURES** |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants"), make the following initial disclosures:

## A.    Preliminary Statement

Plaintiff Francesca Gregorini ("Plaintiff") alleges that Defendants' television series *Servant* infringes her copyright in the film *The Truth About Emanuel* ("*Emanuel*"), which premiered at Sundance Film Festival in 2013 and received a limited theatrical release in 2014. But *Servant* was created independently of, and without reference to, *Emanuel*. None of the Defendants saw or heard of *Emanuel* before this lawsuit. Mr. Basgallop began developing what would become *Servant* in 2006, well before *Emanuel* was released. Moreover, *Emanuel* and *Servant* (or any scripts for *Servant*) are not substantially similar as a matter of law.

Defendants' investigation is ongoing, and these initial disclosures are based on the information reasonably available to Defendants at this time. Defendants reserve the right to clarify, amend, or supplement the information contained in these initial disclosures in accordance with the Federal Rules of Civil Procedure. Thus, Defendants reserve the right to make additional disclosures, including identifying additional individuals who may possess discoverable information and identifying additional documents, as information and documents become available. These initial disclosures are provided without prejudice to Defendants' right to introduce at a hearing or a trial any subsequently discovered evidence.

Defendants make these initial disclosures without waiving any objections to the admissibility of evidence under the Federal Rules of Evidence or the Local Rules of this Court. To the extent that the disclosure requirements could call for the production of information protected by the attorney-client privilege or attorney work-product doctrine, they will be read to exclude production of such information.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.    Individuals Likely to Have Discoverable Information**

Defendants believe that the following individuals are likely to have discoverable information that may be used to support their defenses:

1.    Plaintiff Francesca Gregorini.  Plaintiff alleges she created *Emanuel* and is *Emanuel*'s copyright holder.  She may have discoverable information on the following subjects:

- *Emanuel*'s creation, development, pre-production, production, and post-production.
- Other individuals involved in *Emanuel*'s creation, development, pre-production, production, and/or post-production.
- Financing for *Emanuel* and individuals involved in such financing.
- *Emanuel*'s release and distribution, and individuals involved in the release and/or distribution of *Emanuel*.
- *Emanuel*'s premiere at the Sundance Film Festival.
- Interviews given and/or statements made about *Emanuel* by Plaintiff or others involved with *Emanuel*.
- Critical and commercial reception of *Emanuel*.
- Ownership of the copyright in *Emanuel*, and the chain of title for such ownership.
- Negotiations and/or agreements in connection with *Emanuel*.
- Plaintiff's interactions and/or communications with Defendants, if any.
- Attempts to sell, license, monetize, option, or adapt *Emanuel*.
- Profits, revenues, and expenses attributable to *Emanuel*.
- Plaintiff's professional background and payment history related to other writing and/or directing projects.
- Plaintiff's purported submission to direct an episode of the television series *Berlin Station*.
- Plaintiff's communications with third parties regarding this lawsuit.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2.      Sarah Thorp.  Ms. Thorp co-wrote *Emanuel*.  She may have discoverable information on the following subjects:

- *Emanuel*'s creation, development, pre-production, production, and post-production.
- Other individuals involved in *Emanuel*'s creation, development, pre-production, production, and/or post-production.
- *Emanuel*'s release and distribution, and individuals involved in the release and/or distribution of *Emanuel*.
- *Emanuel*'s premiere at the Sundance Film Festival.
- Interviews given and/or statements made about *Emanuel* by Plaintiff or others involved with *Emanuel*.
- Critical and commercial reception of *Emanuel*.
- Ownership of the copyright in *Emanuel*, and the chain of title for such ownership.
- Negotiations and/or agreements in connection with *Emanuel*.
- Attempts to sell, license, monetize, option, or adapt *Emanuel*.
- Profits, revenues, and expenses attributable to *Emanuel*.

3.      Uncle George Productions, LLC ("Uncle George").  Persons most knowledgeable at Uncle George may have discoverable information on the following subjects:

- *Servant*'s development, pre-production, production, and/or post-production.
- Profits, revenues, and expenses attributable to *Servant*.

Uncle George may be contacted through its counsel of record, Nicolas Jampol, (213) 633-6800, Davis Wright Tremaine, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017.

4.      Blinding Edge Pictures, Inc. ("Blinding Edge").  Persons most knowledgeable at Blinding Edge may have discoverable information on the following subjects:

DEFENDANTS' INITIAL DISCLOSURES
4826-1976-7480v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- *Servant*'s development, pre-production, production, and/or post-production.
- Profits, revenues, and expenses attributable to *Servant*.

Blinding Edge may be contacted through its counsel of record, Nicolas Jampol, (213) 633-6800, Davis Wright Tremaine, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017.

5.      Apple Inc.  Persons most knowledgeable at Apple may have discoverable information on the following subjects:

- Profits, revenues, and expenses attributable to *Servant*.

Apple may be contacted through its counsel of record, Nicolas Jampol, (213) 633-6800, Davis Wright Tremaine, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017.

6.      Tony Basgallop.  Mr. Basgallop created *Servant* and wrote all ten episodes in the first season.  He may have discoverable information on the following subjects:

- *Servant*'s creation.
- *Servant*'s development, pre-production, production, and/or post-production.
- His involvement in *Berlin Station*.

Mr. Basgallop may be contacted through his counsel of record, Nicolas Jampol, (213) 633-6800, Davis Wright Tremaine, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017.

7.      Witnesses to be identified who may have discoverable information regarding the development of *Servant*.

8.      M. Night Shyamalan.  Mr. Shyamalan executive produced *Servant* and directed two episodes in its first season.  He may have discoverable information on the following subjects:

- *Servant*'s development, pre-production, production, and/or post-production.
- *Servant*'s directorial decisions.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mr. Shyamalan may be contacted through his counsel of record, Nicolas Jampol, (213) 633-6800, Davis Wright Tremaine, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017.

**C.    Documents that Support Defendants' Positions**

Defendants may use the following documents to support their defenses:

- The episodes in *Servant*'s first season.
- Documents and communications relating to Mr. Basgallop's ideas and plans for *Servant*.
- Documents and communications relating to *Servant*'s development and production.
- *Emanuel*.
- Documents and communications regarding the creation and copyright ownership of *Emanuel*.
- Documents and communications regarding *Emanuel*'s release and distribution.
- Documents and communications, if any, regarding attempts to license, monetize, or adapt *Emanuel*.
- Documents and communications regarding Plaintiff's professional history and related earnings.
- Documents regarding other works that reflect elements over which Plaintiff claims ownership in this suit.

**D.    Computation of Damages**

Defendants do not seek damages in this action and deny that Plaintiff has suffered any damages as a result of any conduct attributable to Defendants.

**E.    Possible Insurance Coverage**

There is an insurance agreement issued by Hiscox, pursuant to which it may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

DEFENDANTS' INITIAL DISCLOSURES
4826-1976-7480v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  DATED: April 8, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
DIANA PALACIOS
CYDNEY SWOFFORD FREEMAN
CAMILA PEDRAZA

By:  /s/ Nicolas A. Jampol
        Nicolas A. Jampol

Attorneys for Defendants

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On April 8, 2020, I served the following document(s):

**DEFENDANTS' INITIAL DISCLOSURES**

on the interested parties in this action as stated below:

David A Erikson, Esq.                         Attorneys for Plaintiff,
  (david@daviderikson.com)                    Francesca Gregorini
Antoinette S Waller, Esq.
  (antoinette@daviderikson.com)
S. Ryan Patterson, Esq.
  (ryan@daviderikson.com)
Erikson Law Group
200 North Larchmont Boulevard
Los Angeles, CA 90004
323-465-3100
Fax: 323-465-3177

I caused such documents to be transmitted via electronic mail to the offices of the addressee(s) at the party's or their representative's electronic mail address(es).

Executed on April 8, 2020, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

| Cydney Swofford Freeman | /s/ Cydney Swofford Freeman |
|---|---|
| Print Name | Signature |

DEFENDANTS' INITIAL DISCLOSURES
4826-1976-7480v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 2

ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
S. Ryan Patterson (SBN 279474)
  ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>                Plaintiff,<br><br>        v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>                Defendants. | Case No. 2:20-cv-00406-JFW-JC<br>Hon. John F. Walter<br><br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. TWO TO DEFENDANT UNCLE GEORGE PRODUCTIONS**<br><br>Complaint Filed: January 15, 2020 |

PROPOUNDING PARTY:       Plaintiff Francesca Gregorini

RESPONDING PARTY:        Defendant Uncle George Productions

SET NO.:                 Two

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Francesca Gregorini requests that Defendant Uncle George Productions provide written responses and produce the documents and things described below within 30 days at the offices of the Erikson Law Group, 200 N. Larchmont Blvd., Los Angeles, CA 90004.

## INSTRUCTIONS

1.      Where a claim of privilege is asserted in responding or objecting to any of these document requests and information is not provided on the basis of such an assertion, the party asserting the privilege shall in response or objection identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked.  When any privilege is claimed, the party asserting it shall indicate, as to the information requested, whether (a) any documents exist, or (b) any oral communications took place.  Further, for each document withheld on the basis of attorney-client privilege, You must set forth at least:

      a.      The identity of the preparer;

      b.      The identity of the recipients of the document;

      c.      The date or dates of the document;

      d.      The subject matter of the document;

      e.      Whether direct quotes or paraphrases from counsel are identified; and

      f.      Whether direct quotes or paraphrases could be redacted, leaving non-privileged information.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

2      PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET TWO TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

For information withheld on the basis of a claim of work product, You must set forth at least:

    a.    The identity of the authors;

    b.    The identity of the recipients (including recipients or copies);

    c.    The date or dates of the document;

    d.    The purpose of the document;

    e.    The dates and purposes of the relationship between the authors and Your counsel with sufficient particularity to sustain Your burden to show the applicability of the doctrine.

2.    In responding to these requests, You are not limited to documents known of Your own personal knowledge. Use all information which is known or available to You including but not limited to information known of Your personal knowledge, information obtainable by a diligent search of sources of information available to You, and all information in the possession of or available to any person or persons acting on Your behalf, or under Your control, or under the control of any of Your agents, servants or representatives.

3.    The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of these requests any information which would otherwise not be brought within their scope.

4.    The term "any" includes the term "all" and vice versa.  The singular form shall include the plural and vice-versa whenever such dual construction will serve to bring within the scope of these requests any information which would otherwise not be brought within their scope.

5.    As used herein, the singular form shall include the plural and vice-versa whenever such dual construction will serve to bring within the scope of these requests any information, which would otherwise not be brought within their scope.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

3    PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET TWO TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

### DEFINITIONS

1.      The terms "Document" and "Documents" are used herein in the broadest sense and include, but are not limited to, draft, interim and final versions. Further, when used in this request, the term "Document" means the original (or an identical duplicate if the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any form of physical media. Physical media include, but are not limited to, paper media, phonographic media, photographic film media (including pictures, films slides and microfilm), magnetic media (including but not limited to hard disks, floppy disks, compact disks, DVDs and magnetic tapes of any kind), computer memory, digital media, optical media, magneto-optical media, and other physical media and Electronic Media and Electronic Data. The definition of Document also includes tangible things and archived (as well as active) electronic files and deleted electronic files. Examples of Documents include, but are not limited to, any notes; letters; e-mails and the like (including instant messages, text messages, and other computer-based, telephone-based or electronic Communications); computer files; designs, preliminary sketches, drawings, computer-aided designs, photographs, records, reports, contracts, Communications, correspondence, telegrams, memoranda, statements, books, summaries and/or records of telephone conversations, summaries and/or records of personal conversations, diaries, forecasts, orders, bills, invoices, checks, statistical statements, books of account, studies, graphs, charts, accounts, work papers, indexes, data sheets, data processing cards, analytical records, minutes and/or records of meetings and conferences, reports and/or summaries of interviews, reports and/or opinions of consultants, appraisals, records, reports and/or summaries of negotiations, brochures, lists, periodicals, pamphlets, circulars, trade letters, newspaper clippings, press releases, projections, drafts of Documents, working papers, copies, marginal notations, photographs, drawings, tape recordings, data

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

4        PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET TWO TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

compilations, faxes, daily diaries, Day Timers, schedules, any computer readable file or medium, logs, policies, computations, memorandum, request envelope, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission record, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, computer disk, computer tape, written, printed, recorded, typed, punched or graphic matter or sound recordings/ reproductions, drafts or revisions of any nature whatever, together with any and all attachments thereto or enclosures therewith. Documents also include the file, folder tabs, and labels appended to or containing any Documents.

2.     The terms "Communication" or "Communications" shall mean oral, visual, written, or electronic exchange or transmission of information (even if archived or deleted) including, but not limited to, telephone conversations, meetings, conversations, conferences, video-conferences, letters, memoranda, facsimiles, e-mails and the like (including instant messages, text messages, and other computer-based, telephone-based or other electronic Communications) and voice messages.

3.     The terms "Relating to" or "Relates to" shall mean including, mentioning, discussing, summarizing, describing, reflecting, referring to, pertaining to, commenting on, depicting, embodying, evidencing, constituting, concerning, reporting or involving an occurrence, event, Person, transaction or course of dealing.

4.     The term "Person" shall mean any individual and/or corporate or fictitious entity of any type, including but not limited to corporations, partnerships, trusts, and/or limited liability companies.

5.     The term "You" or "Your" shall mean Uncle George Productions, as well as its officers, directors, employees, agents and/or representatives, or anyone acting on behalf of Uncle George Productions or at its direction.

6.     The term "Dispute" shall mean any action, claim, lawsuit, arbitration, threatened lawsuit or other proceeding.

7.     The term "Computer" shall include, but is not limited to, microchips, personal computers, laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), smartphones, minicomputers, mainframe computers, servers, portable hard drives, thumb drives, cloud storage, and all other devices that store electronic data.

8.     The term "Computer System," when used in reference to any Computer, includes, but is not limited to, the following information:

    a.     Computer type, brand and model,

    b.     Brand & version of all software, including operating system, private-and custom-developed applications, commercial applications, and/or shareware,

    c.     Communications capability, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection.

9.     The term "Electronic Data" means the original native file (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes—by way of example only—computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

resulting from the use of any software program, including word processing documents, computer aided design files, photoshop files and the like, spreadsheets, database files (including descriptive information regarding tables, fields and values), charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, DVDs, removable media such as Zip disks, thumb and USB drives, digital memory cards and their equivalent, magnetic tapes of all types, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

10.     The term "Electronic Media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, DVD, removable media such as magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, or on or in any other vehicle for digital data storage and/or transmittal.

11.     The term "Plaintiff" refers to plaintiff Francesca Gregorini.

12.      The term "*Servant*" refers to the Apple TV+ original series "Servant," which debuted on November 28, 2019.

13.     The term "*The Episodes*" refers to Season One, Episodes 1-3, of *Servant*, which first aired on November 28, 2019.

13.     The term "*Emanuel*" refers to Plaintiff Francesca Gregorini's 2013 feature film *The Truth About Emanuel*, also known as and formerly known as *Emanuel and the Truth about Fishes.*

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

7        PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET TWO TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

14.     The term "*The Episode Scripts*" refers to all iterations and versions of scripts and or teleplays, including drafts, corresponding to what eventually became *The Episodes*.

15.     The term "Scripts" refers to all iterations and versions of scripts and or teleplays, including drafts, for episodes or portions of *Servant*.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 106.**

All Documents identified in Your initial disclosures.

**REQUEST FOR PRODUCTION NO. 107.**

All Documents Relating to Mr. Basgallop's ideas and plans for *Servant*, as identified in Section C of Your Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 108.**

All Communications Relating to Mr. Basgallop's ideas and plans for *Servant*, as identified in Section C of Your Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 109.**

All Documents Relating to *Servant's* development and production, as identified in Section C of Your Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 110.**

All Communications Relating to *Servant's* development and production, as identified in Section C of Your Initial Disclosures.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

8        PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET TWO TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

**REQUEST FOR PRODUCTION NO. 111.**

All Documents regarding other works that reflect elements over which Plaintiff claims ownership in this suit, as identified in Section C of Your Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 112.**

All Documents comprising the "insurance agreement issued by Hiscox, pursuant to which it may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment," as identified in Section E of Your Initial Disclosures.

DATED: April 20, 2020                    ERIKSON LAW GROUP

By: _____
     DAVID A. ERIKSON
     Attorneys for Plaintiff Francesca Gregorini

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

9      PLAINTIFF'S REQUESTS FOR PRODUCTION,
       SET TWO TO DEFENDANT UNCLE GEORGE
       PRODUCTIONS

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 200 North Larchmont Boulevard, Los Angeles, CA 90004.

On **April 20, 2020**, I served true copies of the foregoing document(s) on the interested parties in this action as follows:

☐ BY ELECTRONIC TRANSMISSION: Based on an agreement of the parties to accept service by electronic transmission (e-mail), I caused the documents to be sent to the person(s) at the email addresses listed below. Within a reasonable time after the transmission, I did not receive any electronic message indicating the transmission was unsuccessful.

Nicolas Jampol
nicolasjampol@dwt.com
Cydney Freeman
cydneyfreeman@dwt.com
Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 20, 2020**, at Los Angeles, California.


*/s/ Melanie Wilbur*
Melanie Wilbur

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

10      PLAINTIFF'S REQUESTS FOR PRODUCTION,
SET TWO TO DEFENDANT UNCLE GEORGE
PRODUCTIONS

# EXHIBIT 3

NICOLAS A. JAMPOL (State Bar No. 244867)
 nicolasjampol@dwt.com
DIANA PALACIOS (State Bar No. 290923)
 dianapalacios@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
 cydneyfreeman@dwt.com
CAMILA PEDRAZA (State Bar No. 329984)
 camilapedraza@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
BLINDING EDGE PICTURES, INC.; UNCLE
GEORGE PRODUCTIONS, LLC; APPLE INC.;
ESCAPE ARTISTS, INC. (erroneously sued as
ESCAPE ARTISTS LLC); DOLPHIN BLACK
PRODUCTIONS; M. NIGHT SHYAMALAN;
TONY BASGALLOP; ASHWIN RAJAN;
JASON BLUMENTHAL; TODD BLACK;
STEVE TISCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-JFW-JC |
| Plaintiff, | |
| vs. | **DEFENDANT UNCLE GEORGE PRODUCTIONS, LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. TWO** |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

RESPONSE OF UNCLE GEORGE PRODUCTIONS, LLC TO PLF'S RFP, SET TWO
4831-4376-3898v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROPOUNDING PARTY:      Plaintiff FRANCESCA GREGORINI

RESPONDING PARTY:       Defendant UNCLE GEORGE PRODUCTIONS, LLC

SET NUMBER:             Two

Defendant Uncle George Productions, LLC ("Uncle George") responds to Plaintiff Francesca Gregorini's ("Plaintiff") second set of requests for production to Uncle George as follows:

## Preliminary Statement

The following responses and objections are based upon the facts and information now known to Uncle George, as well as its present analysis of the case, and may not in any way be deemed to be an admission or representation that further facts, documents, or witnesses having knowledge relevant to the subject matter of a discovery request does not exist. As discovery in this action proceeds, Uncle George anticipates discovery of further facts, witnesses, and documents. Uncle George expressly reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time in light of facts revealed through discovery and investigation. Uncle George also reserves the right to provide further or different information in response to these requests.

## General Objections

1.      Uncle George objects to any request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege, doctrine, or immunity. To the extent that any request may be construed as seeking such privileged or protected information, Uncle George hereby claims such privilege and invokes such protection. The fact that Uncle George does not specifically object to an individual request on the grounds that it seeks privileged or protected documents shall not be deemed a waiver of the protection afforded by the

2
RESPONSE OF UNCLE GEORGE PRODUCTIONS, LLC TO PLF'S RFP, SET TWO
4831-4376-3898v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege or protection.

2.      Reasonable assumptions will be made, where possible, as to the intended meanings of each request.

3.      To the extent any request calls for the disclosure of confidential or proprietary business information and/or trade secrets, such material will be produced, if discoverable, subject to terms of a protective order entered in this action.

4.      Uncle George objects to Plaintiff's Instruction No. 1 regarding privileged communications, documents, and information, as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Uncle George to provide information about privileged communications, documents, and information beyond what is required by the applicable Federal Rules of Civil Procedure and Local Rules.  Uncle George will provide information regarding any privileged communications, documents, and information as required by the applicable rules.

5.      Uncle George objects to Plaintiff's Instruction No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Uncle George to take action beyond what is required by the applicable Federal Rules of Civil Procedure and Local Rules.  Uncle George will produce responsive, non-privileged documents in its possession, custody, or control.

6.      Uncle George objects to Plaintiff's Instruction Nos. 3 and 4 as vague and ambiguous.  For the purposes of these responses, Uncle George will interpret "and," "or," "any," and "all" using their ordinary and customary meaning.

7.      Uncle George objects to Plaintiff's Instruction No. 5 as vague and ambiguous.  Uncle George will interpret undefined words in Plaintiff's Requests for Production using their ordinary and customary meaning.

RESPONSE OF UNCLE GEORGE PRODUCTIONS, LLC TO PLF'S RFP, SET TWO
4831-4376-3898v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

8.     Uncle George objects to Plaintiff's definition of "Relating to" and "Relates to" as vague and ambiguous.  For the purposes of these responses, Uncle George will interpret these words using their ordinary and customary meaning.

9.     Uncle George objects to Plaintiff's definition of "You" and "Your" as overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of these responses, Uncle George will consider the terms "You" and "Your" to refer only to Uncle George Productions, LLC.

10.     Uncle George objects to Plaintiff's definition of "Dispute" as overbroad.

11.     Uncle George objects to Plaintiff's Definitions No. 12 and 13 as overbroad, lacking foundation, and assuming facts not in evidence.  Uncle George will interpret "Servant" as meaning the first season of the Apple TV+ series at issue in this litigation, and will interpret "The Episodes" as meaning Episodes 1-3 of "Servant."

12.     These general objections are incorporated into each response set forth below as though set forth there in full.  Uncle George's objections to each individual request are submitted without prejudice to, and without in any respect limiting or waiving, any of the General Objections.

**Specific Objections And Responses To Requests For Production**

**REQUEST FOR PRODUCTION NO. 106:**

All Documents identified in Your initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Uncle George incorporates its General Objections as if fully set forth here.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

4

RESPONSE OF UNCLE GEORGE PRODUCTIONS, LLC TO PLF'S RFP, SET TWO
4831-4376-3898v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 107:**

All Documents Relating to Mr. Basgallop's ideas and plans for *Servant*, as identified in Section C of Your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Uncle George incorporates its General Objections as if fully set forth here.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 108:**

All Communications Relating to Mr. Basgallop's ideas and plans for *Servant*, as identified in Section C of Your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Uncle George incorporates its General Objections as if fully set forth here.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 109:**

All Documents Relating to *Servant's* development and production, as identified in Section C of Your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Uncle George incorporates its General Objections as if fully set forth here.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

RESPONSE OF UNCLE GEORGE PRODUCTIONS, LLC TO PLF'S RFP, SET TWO
4831-4376-3898v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 110:**

All Communications Relating to *Servant's* development and production, as identified in Section C of Your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Uncle George incorporates its General Objections as if fully set forth here.

Subject to and without waiving these objections, after a reasonable and diligent search, Uncle George will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents regarding other works that reflect elements over which Plaintiff claims ownership in this suit, as identified in Section C of Your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Uncle George incorporates its General Objections as if fully set forth here.

Uncle George further objects to this request on the grounds that it seeks information in the possession, custody, or control of other parties or entities. Uncle George objects to this request as premature, as the request calls for information properly the subject of expert discovery.

Subject to and without waiving these objections, Uncle George is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 112:**

All Documents comprising the "insurance agreement issued by Hiscox, pursuant to which it may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment," as identified in Section E of Your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Uncle George incorporates its General Objections as if fully set forth here.

RESPONSE OF UNCLE GEORGE PRODUCTIONS, LLC TO PLF'S RFP, SET TWO
4831-4376-3898v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   Uncle George further objects to this request on the grounds that it seeks

2   information in the possession, custody, or control of other parties or entities.

3   Subject to and without waiving these objections, Uncle George will produce a

4   copy of the relevant insurance agreement, subject to terms of a protective order

5   entered in this action.

6

7   DATED: May 20, 2020

                DAVIS WRIGHT TREMAINE LLP

8                   NICOLAS A. JAMPOL
                DIANA PALACIOS

9                   CYDNEY SWOFFORD FREEMAN
                CAMILA PEDRAZA

10                  By:   /s/ Nicolas A. Jampol

11                          Nicolas A. Jampol

12                  Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On May 20, 2020, I served the following document(s):

**DEFENDANT UNCLE GEORGE PRODUCTIONS, LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. TWO**

on the interested parties in this action as stated below:

David A Erikson, Esq.                             Attorneys for Plaintiff,
  (david@daviderikson.com)                    Francesca Gregorini
Antoinette S Waller, Esq.
  (antoinette@daviderikson.com)
S. Ryan Patterson, Esq.
  (ryan@daviderikson.com)
Erikson Law Group
200 North Larchmont Boulevard
Los Angeles, CA 90004
323-465-3100
Fax: 323-465-3177

I caused such documents to be transmitted via electronic mail to the offices of the addressee(s) at the party's or their representative's electronic mail address(es).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 20, 2020, at Los Angeles, California.


Vicky Isensee                                      /s/ Vicky Isensee
Print Name                                          Signature

RESPONSE OF UNCLE GEORGE PRODUCTIONS, LLC TO PLF'S RFP, SET TWO
4831-4376-3898v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 4

# ERIKSON LAW GROUP

**Attorneys**

200 N. Larchmont Blvd. Los Angeles California 90004

Telephone (323) 465-3100 | Facsimile (323) 465-3177 | antoinette@daviderikson.com

February 16, 2023

Via Email

Nicolas Jampol, Esq.
Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Nicholasjampol@dwt.com

Re:   *Gregorini v. Apple*, USDC Case No. 20-cv-00406

Dear Nick:

Thank you for your February 9 email discussing your clients' documents. We cannot agree to any proposals you have set forth as the information you provide is far too limited and insufficient for us to make an informed analysis. We set out here some overall concerns and request further information. We also ask that you advise as to the specific documents identified in this letter. We have been waiting for years to get even rudimentary information from your clients. We are entitled to documents to be produced now.

Document search parameters

First, this is the first time you have provided us with any information about your clients' documents. Ms. Gregorini served document requests in March and April 2020 on each of the defendants. While defendants asserted objections to every request, for most of the requests, defendants also agreed to conduct a search and produce responsive documents. And yet, despite our repeated efforts to obtain your clients' documents, nearly three years later, you still have not produced a single document. You have not previously raised any specific issues regarding the document search, its parameters, alleged difficulties in producing documents, or the scope of the search. You have never discussed with us any search terms you may have used to locate electronic documents.

In your February 9 email you state that you collected over "two million documents" from your clients and "using a variety of search terms" narrowed the universe down to "approximately 190,000 documents." You refer to having further narrowed those documents down to "43,000 emails." We are confused by your verbiage. Are you saying that the current universe of documents consists of 43,000

Nicolas Jampol
Page 2

emails and nothing else? Did your clients collect "documents" or just "emails"? Of course, your clients are obligated to search hard-copy materials and are not limited to an electronic documents search. In addition, even an electronic search is not limited to emails but should include all electronically stored information.

Again, we ask that you advise what documents were searched, of the search terms you used to perform any electronic searches, as well as identify to us all custodians whose records were searched.

You also do not differentiate between your clients. As you have repeatedly noted, you represent eleven different defendants in this matter. Each defendant responded individually to document requests served on them and is likewise obligated to individually produce documents in accord with their responses. While we are amenable to reasonable steps to avoid production of massive duplicate documents, we are not agreeable to an undifferentiated document dump.

Before we can make any agreement to limit production or review, we need to know what searches have been done and what the universe of responsive documents is for each individual defendant.

Document categories

Second, your proposal does not discuss any document demand. You list only six document categories in your February 9 email. How did you arrive at those categories? The categories you propose do not seem to relate to any given document request. We of course are entitled to your clients' production of documents in response to the document requests we have served, not certain categories that you create.

Defendants' Initial Disclosure documents

Third, there are certain categories of documents that do not require any search and should have been produced immediately. For example, we have asked your clients to produce their initial disclosure documents. See e.g., RFP set two to Uncle George Productions, LLC ("UGP"), request nos. 106-110. By listing the documents in its initial disclosures, UGP itself *identified these as relevant, material documents* pursuant to Federal Rule of Civil Procedure Rule 26. UCP is required to produce these initial disclosure documents upon demand. There is no justification for any delay in producing these documents. The same holds true for each of the other defendants. (See requests for production nos. 106-110 to each defendant).

The defendants also identified an insurance agreement issued by Hiscox in their initial disclosures served April 8, 2020. Ms. Gregorini requested a copy of that policy in her second set of requests for production to UGP, request no. 112. UGP agreed to produce the policy.

We accordingly ask that you produce the documents each defendant agreed to produce in response to Ms. Gregorini's document requests, request nos. 106-110, as well as the Hiscox insurance agreement identified in defendants' initial disclosures and which UGP agreed to produce in response to request no. 112, **by no later than February 22**. If there is a problem in producing these documents by the date requested, please advise immediately and we will seek relief from the Court.

Nicolas Jampol
Page 3

Next steps

We are profoundly disappointed that twelve months after this case was remanded, defendants have yet
to produce any documents and apparently still claim to be in only the preliminary stage of reviewing
documents. Along with the initial disclosure documents and the Hiscox insurance agreement, please
provide us with the information requested in this letter by no later than February 22.

We look forward to hearing from you.

Best regards,

Antoinette Waller

# EXHIBIT 5



Suite 2400
865 South Figueroa Street
Los Angeles, CA  90017-2566

**Nicolas A. Jampol**
(213) 633-8651
nicolasjampol@dwt.com

February 22, 2023

<u>**By Email**</u>

David Erikson
Antoinette Waller
Erikson Law Group
200 N. Larchmont Blvd.
Los Angeles, California 90004
daviderikson@mac.com
antoinette@daviderikson.com

Re:   Discovery

Dear Antoinette:

We are writing in response to your February 16, 2023 correspondence regarding our proposals to clarify and potentially narrow the scope of Plaintiff's numerous, broad document requests to the eleven defendants.  We are disappointed that you wholesale rejected every proposal and refused to counter with any of your own.  We believe our proposals were reasonable and would be beneficial to all parties, and are hopeful that you will reconsider your position.  In the meantime, however, we will continue to move forward with the review and production of documents that are responsive to Plaintiff's requests.

You also asked for some information, which we have provided below in the hope that it will encourage you to work with us to ensure a reasonable scope of discovery.  Before we provide that information, though, given various misstatements in your letter, it might be helpful to lay out some of the background facts.

A.     **Procedural History**

As you know, on March 30, 2020, Plaintiff propounded 95 document requests on Apple, 100 requests on Tony Basgallop, and 100 document requests on M. Night Shyamalan.  The next week, on April 10, Plaintiff propounded 100 document requests on Blinding Edge, 100 document requests on Dolphin Black, and 105 document requests on Uncle George.  The week after that, on April 16, Plaintiff propounded document requests on Ashwin Rajan, and on April 20, Plaintiff propounded second sets of document requests on Apple, Mr. Basgallop, Mr. Shyamalan, Blinding Edge, Dolphin Black, and Uncle George, along with initial requests on Escape Artists, Jason Blumenthal, Steve Tisch, and Todd Black.  Overall, Plaintiff propounded *over six hundred requests* on the defendants.  On May 11 and 20, 2020, Defendants served written responses and objections to each of these requests.

Anchorage
Bellevue
Los Angeles

New York
Portland
San Francisco

Seattle
Shanghai
Washington, D.C.

www.dwt.com

Page 2

On May 28, 2020, the district court dismissed this action with prejudice. While you repeatedly mention in your letter that it has been "years" since Plaintiff propounded her document requests, this is highly disingenuous, as this case was dismissed for almost two full years, until the Ninth Circuit issued its mandate remanding the case on April 22, 2022.[1] And even then, Defendants moved to bifurcate the proceedings, which was denied on August 26, 2022. As you may recall, a few weeks later, on September 12, 2022, we had a phone call to discuss discovery in light of the Court's denial of our motion. And ten days after that, Defendants propounded interrogatories and document requests on Plaintiff.

While Defendants have been engaged in the discovery process since then, it is unclear whether the same is true for Plaintiff. Despite having one individual client – as compared to our eleven individual and corporate defendants – in the five months since Defendants served their discovery requests, Plaintiff has not responded to the requests, let alone produced any documents. Your criticism that it has taken us too long to sift through millions of documents seems disingenuous when you have not served written responses on behalf of your one client or produced any documents yourself.

## B.   Our Collection Process

While you appear to suggest that it should be no problem to produce documents in response to over 600 requests on eleven defendants, we can assure you it was been a time-consuming and expensive process. You mistakenly suggest we have never raised any issues regarding the difficulties in collecting and reviewing numerous documents from numerous defendants in response to numerous document requests, but we have always made that clear. For example, as I wrote on December 20, 2022, "there are hundreds of thousands of documents, from almost a dozen defendants, that are potentially responsive to your requests, which are being reviewed. It is not an easy or quick (or cheap) process, and we are moving things along." The following day, I wrote, "We are moving expeditiously and would be happy to explain the extensive time and money that has been expended thus far." We arranged a time to speak a few weeks later, but we postponed that conversation per your request and granted your client an additional two-month extension on her written responses to our clients' discovery requests.

In regards to your questions about how we collected documents, in some cases we collected all of our client's documents and then ran search terms through the collected documents or, in other cases, we had to run search terms as part of the collection. The search terms we used were derived from your requests and include Gregorini, Emanuel, "Truth About Fishes," and Servant, among others. We collected documents from more than 25 custodians, including each of the individual defendants, along with individuals at the corporate defendants who were most closely associated with *Servant*. Those searches resulted in approximately 190,000 documents – including emails and other electronically stored information – which we then retained a document review vendor to preliminarily review and determine which of them

---

[1] It is unclear whether discovery requests in a case that is dismissed, and then revived by an appeals court, automatically become operative upon remand. Despite that uncertainty, we have never taken the position that Plaintiff's discovery requests are invalid and have treated them as though they were operative.

were potentially responsive to Plaintiff's requests and apply issue tags, which were simplified categories of documents based on Plaintiff's requests (for example, documents relating to "agreements," "creative," "casting," or "scripts," to name a few). As I am sure you know, issue tags are not intended to replace Plaintiff's requests, but instead make it easier to prioritize the review of documents and, hopefully, work with opposing counsel to ensure the overall review and production is reasonable based on the circumstances. This preliminary review resulted in approximately 43,000 potentially responsive documents.

### C.    The Proposals

There are categories of documents that our team is in the process of reviewing, such as any documents with a "creative" issue tag or that include the word "Gregorini" or "Emanuel." But there are other categories of documents where it was unclear what exactly you were looking for or where there were so many documents with that tag that we wanted to explore limiting that review. Those are the ones that we proposed. Not only will reaching an agreement on those documents narrow the review we need to do, thus speeding up the review, it will also ensure that we are not producing thousands of documents that you may not even want in the first place, but which are responsive to your broadly worded requests.

A few examples might be helpful. Plaintiff requested all documents relating to the "casting process" for *Servant*. This request could be calling for all documents relating in any way to the process of casting, which could include emails about possible actors to cast or setting up and conducting auditions. There are approximately 7,500 documents (including families) with that issue tag. While you will need to tell us, we thought perhaps you did not, in fact, want such a broad array of documents relating to casting, thus our proposal (to provide a cast list instead of reviewing and producing those documents). As another example, there are over 7,500 documents (including families) with an Ad/Promo or Trailer/Log Line issue tag. Those tags are based on Plaintiff's requests such as: "Communications that Relate to the advertising and/or promotion of *Servant*" and "All Documents Relating to creative decisions about the trailer for *Servant*." With the thought that perhaps you did not want thousands upon thousands of documents on this topic, we proposed providing you with any actual trailers that were disseminated, along with key art, instead of doing a manual review of these documents. But again, if you want to narrow these requests, you will need to tell us what you intended to seek, otherwise we will interpret them as written.

### D.    Initial Disclosures

You write that Defendants included categories of documents in their initial disclosures and thus are required to produce those on demand. Apart from the insurance policy, which we will produce in the next week, we will of course produce the documents upon which we rely. While it is difficult to promise those documents by a date certain, if you would engage with us on agreeing on a reasonable discovery path, that would be help expedite the production of those documents. We note that Plaintiff's initial disclosures also identify categories of documents, such as "Materials establishing and supporting Defendants' infringing activity," and also have not produced such documents. As with other aspects of your letter, you are threatening our clients for conduct that applies equally to your client.

Page 4

### E.    Next Steps

We again invite you to engage with us to agree on a reasonable plan regarding the potentially responsive documents.  Please let us know as soon as practicable about this.  In the meantime, we will continue reviewing documents and will begin to produce documents next month.

In addition, we look forward to receiving Plaintiff's written responses to our clients' discovery requests on March 13 as promised.  Please let us know if you intend to produce documents on or before that same day, or whether that will occur at a later time.

Sincerely,

Nicolas A. Jampol
DAVIS WRIGHT TREMAINE LLP