ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
Jeffrey J. Miles (SBN 293869)
  jeff@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>          Plaintiff,<br>     v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br>          Defendants. | Case No. 2:20-cv-00406- SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>—DISCOVERY MATTER—<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT UNCLE GEORGE PRODUCTIONS LLC'S PRODUCTION OF DOCUMENTS**<br><br>Hearing Date:     May 30, 2023<br>Time:             9:30am<br>Courtroom:        750<br>Discovery cutoff: July 14, 2023<br>Pretrial conference: December 15, 2023<br>Trial:            January 8, 2024<br>Complaint Filed:  January 15, 2020 |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-2 of this Court, Plaintiff Francesca Gregorini ("Plaintiff") respectfully submits the following Supplemental Memorandum in support of her Motion to Compel Defendant Uncle George Productions, LLC's ("Uncle George") Production of Documents in Response to Plaintiff's Document Requests Nos. 106-111, as described in her portion of the parties' May 4, 2023, Joint Stipulation ("JS").

## I.     Introduction.

Defendant Uncle George pretends Plaintiff's motion to compel is complex and involves broadly worded and comprehensive discovery. Uncle George mischaracterizes the dispute. Plaintiff's motion to compel is narrow and confined. There are only six document demands at issue, Plaintiff's document request nos. 106-111 served in April 2020 to Uncle George. Those demands, the "Initial Disclosure Document Requests", seek Uncle George's production of documents Uncle George identified in its April 8, 2020, initial disclosures as documents defendants may rely on to support their claims and defenses at trial. Plaintiff has been severely hamstrung and prejudiced in her preparation for trial by defendants' failure and refusal to produce the requested initial disclosure documents.

Despite agreeing to produce the documents responsive to the Initial Disclosure Requests, Uncle George has delayed and avoided producing the documents. Only *after* the JS was served did Uncle George produce any documents. But Uncle George refuses to confirm whether that production includes the requested initial disclosure documents or to identify what documents are responsive, if any, to each of the six requests at issue.[1]

---

[1] After the parties filed the JS five of the eleven defendants, including Uncle George, produced some documents. Uncle George did not produce any documents individually. Rather it apparently produced documents in conjunction with defendant Blinding Edge (documents bates labeled "BE-GREGO"). Defendants refused to identify the requests they were responding to by producing the documents. Upon Plaintiff's inquiry, Uncle George's counsel refused to confirm what portion, if any, of the production constituted Uncle George's documents in response to the Initial Disclosure Requests, stating only that some documents had been produced and "further documents will be (footnote continued)

.

## II. Uncle George Must Comply with Its Agreement to Produce Documents.

Unlike defendants, Plaintiff specifically sought Uncle George's initial disclosure documents, serving Request Nos. 106-111 (the "Initial Disclosure Document Requests") asking for those precise documents. As Uncle George argues in its portion of the JS, a party may obtain her opponents' initial disclosure documents by requesting such documents "under Rule 34 or through informal requests." *Strawn v. Federal Express Corp. Long Term Disability Plan*, 2011 WL 3875625, at *3 (E.D. Cal. Aug. 31, 2011) (citing Fed. R. Civ. P. 26, Advisory Committee's Notes, 1993 amendments). Plaintiff served the six Initial Disclosure Document Requests asking Uncle George to produce the documents it had identified in its initial disclosures.

In response to Plaintiff's Initial Disclosure Document Requests, Uncle George agreed to produce the initial disclosure documents. It is time for Uncle George to comply with its agreement and produce the initial disclosure documents sought by Plaintiff's document request nos. 106-111. In accord with Federal Rule of Civil Procedure 34, Uncle George must also organize and label the documents to correspond to each of the six requests.[2]

---

produced over the next few weeks." (Supplemental Declaration of Antoinette Waller, Exhibit A (May 11 – May 15 email chain ("Exhibit A"), quoting from N. Jampol May 15 email to A. Waller).) Mr. Jampol also claimed that he needed to see documents he anticipated Plaintiff might be producing before he would know what documents may constitute Uncle George's initial disclosure documents. (Id., N. Jampol May 15 email to A. Waller). Mr. Jampol's statement is nonsensical as initial disclosure documents are, by definition, documents that his client has in its "possession, custody, or control" and are not documents that depend on any production by Plaintiff. See Fed. Rule Civ. Pro. 26(a)(1)(A)(ii).

[2] On May 15, Uncle George stated that it need not identify the documents by bates label because the unidentified documents were produced as kept in the "ordinary course of business." (Exhibit A, May 15 Jampol email). But the documents sought in request nos. 106-111 are documents that Uncle George identified in April 2020 as documents defendants had gathered and identified three years ago, for purposes of serving the initial disclosures in this lawsuit.

### III.   Plaintiff has Fulfilled any Meet and Confer Requirements.

Uncle George argues that Plaintiff did not meet and confer sufficiently before pursuing this motion. For *three years*, Plaintiff sought defendants' compliance with defendants' promises to produce defendants' initial disclosure documents. In May 2020, defendants stated they would produce their initial disclosure documents in response to the Initial Disclosure Document Requests. Despite Plaintiff's repeated and continuous requests (written and verbal) seeking defendants' promised production of the initial disclosure documents, defendants, including Uncle George, deflected, and failed to produce the documents as they had agreed to do. There is no dispute to further meet and confer about. Uncle George responded to Plaintiff's Initial Disclosure Document Requests by agreeing to produce its initial disclosure documents. The other defendants also made the same statements of compliance. Still, Uncle George and its co-defendants all failed to produce the promised documents.

There can be no other "meet and confer" discussion. Defendants agreed to produce documents defendants themselves had identified in their April 2020 initial disclosures as documents defendants may rely on at trial. Defendants alone determine and know what constitutes their initial disclosure documents. Uncle George must now be compelled to produce the documents it agreed to produce so long ago.

### IV.   Defendant May Not Escape Its Discovery Obligations by Pointing Fingers at Plaintiff.

Uncle George complains that Plaintiff has not produced her initial disclosure documents. But Uncle George did not seek such documents from Plaintiff. Despite serving hundreds of interrogatories and document demands, defendants never requested production of Plaintiff's initial disclosure documents. Plaintiff may not be blamed for failing to provide discovery that was not requested.

Uncle George complains that Plaintiff propounded excessive discovery on defendants and therefore this somehow relieves Uncle George from its obligations to produce the requested initial disclosure documents. The only discovery Plaintiff has

served to date are tailored document requests on each of the eleven defendants in this action. Defendants' discovery to Plaintiff is much more invasive. After the Court denied defendants' motion seeking to bifurcate the case and disallow discovery, each of the eleven defendants individually served Plaintiff with a set of interrogatories and defendant Uncle George additionally served one hundred thirteen (113) document demands on Plaintiff. Plaintiff timely served her responses to defendants' discovery on March 13. Defendants' counsel had no quarrel with Plaintiff's responses until *after* Plaintiff served her portion of the Joint Stipulation on April 27. Four days later, on May 1, defendants' counsel, Nick Jampol, sent a 16-page letter complaining about Plaintiff's responses. Prior to that date, Mr. Jampol had not noted any concerns about Plaintiff's responses or alleged the responses were in any way deficient. Plaintiff is in the process of meeting and conferring as to the disputed requests.

More importantly, Plaintiff's discovery responses are not at issue in this motion. Uncle George's lament that Plaintiff has somehow failed her discovery obligations presents a non sequitur. See, *e.g., Harrison v. Commissioner Gary Lanigan*, 2016 WL 3626524, at *2 (D. N.J. July 1, 2016) ("there is no place for 'tit-for-tat' in a court of law. One party's failure to comply with certain rules and procedures is not an excuse for another party to do the same"); *Genentech, Inc. v. Trustees of University of Pennsylvannia*, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent.") (citations and quotations omitted).

**V.     Conclusion.**

There are only six document demands at issue in this motion to compel. Uncle George has delayed long enough. It should be ordered to immediately produce documents responsive to Plaintiff's requests for production nos. 106, 107, 108, 109, 110, and 111, labeling the documents to correspond to the document requests.

DATED: May 16, 2023        ERIKSON LAW GROUP


By: */s/Antoinette Waller*
    ANTOINETTE WALLER
Attorneys for Plaintiff Francesca Gregorini