ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@davidenkson.com
Antoinette Waller (SBN 152895)
  antoinette@davidenkson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>         Plaintiff,<br><br>    v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>         Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL DECLARATION OF ANTOINETTE WALLER IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS**<br><br>Date: May 30, 2023<br>Time: 9:30 a.m.<br>Courtroom.: 750 |

I, Antoinette Waller declare:

1. I am counsel for Plaintiff Francesca Gregorini in the above-captioned matter. I have first-hand, personal knowledge of the facts set forth in this Declaration, and if called to testify, could and would testify as follows.

2. Plaintiff's counsel made repeated requests during the year since this case was remanded to this Court in May 2022, to have defendants produce their initial disclosure documents as they had agreed to do in response to Plaintiff's Initial Disclosure Document Requests (RFP 106-111 to defendant Uncle George). While there are larger discovery issues and disputes between the parties, the six Initial Disclosure Document Requests which are the subject of this motion to compel are not subject to further meet and confer discussions. Plaintiff's attempts to obtain defendants' compliance with the Initial Disclosure Document Requests included telephonic and written communications. Defendants have never offered a reason why they could not produce their own initial disclosure documents as they had agreed to do in response to the Initial Disclosure Document Requests.

3. When Uncle George continued to fail to comply with its written discovery responses agreeing to produce its initial disclosure documents, Plaintiff's counsel sent a letter in February 2023 making one last demand for compliance. Plaintiff noted that it would seek relief from this court if there was no compliance. When Uncle George continued to fail to produce its promised initial disclosure documents, I served Plaintiff's portion of the joint stipulation for this motion to compel on defendants' counsel on April 27, 2023.

4. The only discovery Plaintiff has served to date are tailored document requests on each of the eleven defendants in this action. Defendants' discovery to Plaintiff is much more invasive. After the Court denied defendants' motion seeking

to bifurcate the case and disallow discovery, each of the eleven defendants individually served Plaintiff with a set of interrogatories and defendant Uncle George additionally served over one hundred document demands on Plaintiff. Plaintiff timely served her responses to defendants' discovery on March 13, 2023. Defendants' counsel had no quarrel with Plaintiff's responses until after Plaintiff served her portion of the Joint Stipulation on April 27. Four days later, on May 1, defendants' counsel, Nick Jampol, sent a 16-page letter complaining about Plaintiff's responses. Prior to that date, Mr. Jampol had not noted any concerns about Plaintiff's responses or alleged the responses were in any way deficient. Plaintiff is in the process of meeting and conferring as to the newly raised disputes.

    5.    Before filing the parties' joint stipulation on May 4, 2023, I offered that if Uncle George would agree to produce its promised initial disclosure documents that week and label the documents to correspond to the requests, I would not move forward with the motion. Defendants declined the offer. After the joint stipulation was filed, defendants produced some documents. Defendants did not identify what document requests the documents were responsive to. On May 11, 2023, I sent an email to defendants' counsel asking whether Uncle George had produced documents in response to the Initial Disclosure Document Requests. Mr. Jampol responded on May 15, 2023, stating that Uncle George had produced some documents and that further documents would be produced in the future. Mr. Jampol declined to identify which documents were produced in response to the Initial Disclosure Document Requests. Attached as Exhibit A hereto is a true and correct copy of the May 11 – May 15, 2023 correspondence between Mr. Jampol and me.

    I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing facts are true and

1 correct.

2     I am executing this Declaration on May 15, 2023 in Los Angeles, California.

*/s/Antoinette Waller*  
ANTOINETTE WALLER