# EXHIBIT A

Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

**Antoinette Waller**
Mon 5/15/2023 7:03 PM

To: Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>;

Cc: David Erikson <david@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>;

Thanks for your email, Nick. We understand your response to say that Uncle George has produced some, but not all its initial disclosure documents as requested in requests for production nos. 106-111. Uncle George also refuses to identify what initial disclosure documents have been produced to date, what initial disclosure documents have not yet been produced, or to identify any initial disclosure documents that have been produced by bates-number.

Request for production Nos. 106-111 asked Uncle George to produce the documents identified in its initial disclosures. Those documents were identified by Uncle George on April 8, 2020, as documents Uncle George *had in its possession, custody, or control* and may use to support its claims or defenses. The documents are not Plaintiff's documents and have nothing to do with any discovery served by defendants on Plaintiff. They are documents exclusively within Uncle George's control and knowledge.

The documents also could not have been produced "as they are kept in the usual course of business" as they are documents that your client gathered and identified three years ago, for purposes of serving the initial disclosures in this lawsuit.

It is nonsensical that Uncle George continues to take the position that it need not produce or identify its initial disclosure documents even though Plaintiff specifically requested those documents in her requests for production.

Defendants' ongoing actions in obstructing discovery and denying Plaintiff even the most basic information concerning defendants' defenses continues to highly prejudice Plaintiff and impede her efforts to prepare for trial.

Best,
Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Monday, May 15, 2023 8:41:41 AM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

Blinding Edge/Uncle George produced documents responsive to RFPs 106-111 on May 4, 2023, and further documents will be produced over the next few weeks, including some this week. Those documents have the Bates prefix "BE-GREGO." Although keep in mind that RFP 106 depends on when you'll be producing your client's documents as Blinding Edge/Uncle George will be relying on information about Emanuel that is solely in your client's possession.

In terms of bates numbers, pursuant to FRCP 34(b)(2)(E)(i), we are producing documents as they are kept in the usual course of business, and thus our clients are not obligated to organize and label the documents to correspond to the categories in

your requests.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP

865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017

(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Thursday, May 11, 2023 9:33 AM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

**[EXTERNAL]**

Nick and Meenu -

Has Uncle George produced the documents responsive to RFP nos. 106-111?

If so, what are the bates numbers for those documents?

Please advise.

Thanks.

Best,
Antoinette

---

**From:** Antoinette Waller
**Sent:** Thursday, May 4, 2023 1:42 PM
**To:** Jampol, Nicolas; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

I disagree. And I have never refused to meet and confer.

Best,
Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Thursday, May 4, 2023 1:39:44 PM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

You are asking us to go beyond what's required and your refusal to meet and confer is contrary to the rules. We will provide you with our portion of the joint stipulation shortly, as requested.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Wednesday, May 3, 2023 7:19 PM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

**[EXTERNAL]**

Dear Nick -

Thanks for your email. As you know, our motion to compel ("Motion") concerns six discreet document demands to Uncle George Productions, LLC. The Motion seeks an order compelling Uncle George to produce its initial disclosure documents as requested in the six identified demands (the "Initial Disclosure Requests"). The Motion does not concern any other discovery request and does not address defendants' overall failure to produce documents or other deficiencies in defendants' discovery responses. The only matter to be addressed through the Motion is Uncle George's failure to produce the documents sought by the Initial Disclosure Requests.

As we have addressed multiple times now, the initial disclosure document production should be immediate and uncontroversial. You still have not articulated any reason whatever explaining why Uncle George has not produced documents in response to the Initial Disclosure Requests as it promised to do so long ago.

As I said in my email on Monday, we can resolve the Motion by your immediate production and identification of the documents responsive to the Initial Disclosure Requests, i.e., your clients' initial disclosure documents. See Monday's email in which I state: "if you agree to and produce the initial disclosure documents by Thursday, we may avoid the motion to compel. We will need to receive all the initial disclosure documents with a breakdown by bates number as to which documents are produced in response to each of the requests, nos. 106-111." I again make my same offer. Will you agree to identify and produce by tomorrow the documents responsive to the Initial Disclosure Requests?

If not, then the Motion will proceed and we will continue to anticipate receiving your portion of the Joint Stipulation tomorrow. As such there is nothing further to meet and confer on about the Motion.

I have not yet had an opportunity to review the meet and confer letter you sent Monday. We are happy to meet to discuss the letter and other discovery issues apart from the Motion and can come to your downtown Los Angeles office for an in-person meeting as you request. Certainly, there is much to discuss in

terms of overall discovery matters, including defendants' general failure to produce documents, deficiencies in defendants' discovery responses, setting a deposition schedule to include depositions of Messrs. Basgallop and Shyamalan, and the corporate representatives of Uncle George Productions, Blinding Edge, and Apple who your clients have identified as having relevant information.

Next week is busy and it looks like Thursday May 11 after 1 pm, is my first available day for an in-person meeting at your Los Angeles office. I could also be available the following week on May 16 or 17.

I look forward to hearing from you.

Best,

Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Wednesday, May 3, 2023 7:46 AM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

I got the impression that you are moving forward regardless of what we say, but if you are actually interested in seeing if we can resolve this discovery dispute, I would welcome that. (It's also required, but I know you contend you complied with the rules). You asked what there is to discuss. Lots of things! For starters, I think we should discuss a concrete schedule for all parties to produce documents and for us to depose Ms. Gregorini. I would also like to hear more about your position that we can't identify categories of documents in initial disclosures, which I believe you can and is what you did in your own initial disclosures.

To be clear, I would like to reiterate that we are not refusing to produce documents, we are in fact producing documents this week – probably tomorrow – and will complete all productions this month. Conversely, you have not provided any timeline to produce your documents, nor have you produced any of the documents identified in your initial disclosures. Let us know if you want to discuss.

As for our own meet and confer regarding Plaintiff's discovery responses, please let us know some good dates and times to have that discussion at our office (per the rules), either in downtown Los Angeles or in Culver City, whichever is more convenient for you.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017

(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Tuesday, May 2, 2023 10:58 AM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

**[EXTERNAL]**

Dear Nick -

I am out of the office on Thursday morning and cannot meet with you then.

You say you "disagree" with my email, but you have not provided any opposing argument. In response to Ms. Gregorini's document requests, Uncle George agreed to produce its initial disclosure documents. Three years later, Uncle George has still not produced its initial disclosure documents. What is the explanation for Uncle George's failure to produce these documents? You have never provided any basis justifying the discovery failure. Even as you demand we conduct additional meet and confer discussions "in person", you still offer no basis for the failure to produce the initial disclosure documents. What is there to discuss? Frankly, we are flummoxed by this bizarre stance.

Given your ongoing refusal to produce the initial disclosure documents, as stated, we will proceed with the motion to compel. We noticed the motion for May 30 which complies with all court deadlines. We will combine your portion of the joint stipulation on Thursday and immediately return the combined stipulation for your signature. In compliance with LR 37-3, the combined document will be filed no later than May 9, twenty-one days before the noticed hearing of May 30.

We look forward to receiving your portion of the joint stipulation on Thursday.

Best,
Antoinette

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Monday, May 1, 2023 7:19 PM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

We disagree with your email below. We will provide you with our portion of the deficient joint stipulation, which violates the local rules and doesn't provide enough notice of a hearing. We will also send you our own meet and confer letter shortly.

I would like to meet in person per the rules, but if you refuse, then we can discuss on the phone. I have depositions tomorrow and Wednesday, but could meet or discuss on Thursday morning at 9:15 a.m. if that works for you.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP

865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017

(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Monday, May 1, 2023 6:48 PM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Re: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

**[EXTERNAL]**

Hi Nick -

Thanks for your email. We've fulfilled - and far exceeded - any meet and confer requirement for the six discovery requests at issue seeking Uncle George's initial disclosure documents. This is a discreet issue and has been thoroughly addressed. If you want to argue in your portion of the Joint Stipulation that we need to meet and confer further, you are free to do so. We disagree with any such assertion. As we note in our portion of the Joint Stipulation, you haven't provided any explanation or justification for failing to provide the initial disclosure documents your client agreed to produce back in 2020 in response to Ms. Gregorini's document demands. Moreover, there can be no rationale for the failure to produce the documents as agreed as the documents are a) documents your client identified and confirmed were ready for production when it served its initial disclosures; and b) are within the sole knowledge of your client as, again, your client alone identified and determined what documents constitute its initial disclosure documents. Thus, as to the six document requests at issue, there is nothing further to meet and confer over. If you fail to provide your portion of the Joint Stipulation by Thursday's deadline we will proceed to file the motion without your participation in accord with LR 37-2.

In the alternative, if you agree to and produce the initial disclosure documents by Thursday, we may avoid the motion to compel. We will need to receive all the initial disclosure documents with a breakdown by bates number as to which documents are produced in response to each of the requests nos. 106-111.

I am happy to meet to discuss the other document demands and your clients' failure to produce documents and we certainly can follow up further as to overall discovery and outstanding issues. As we have discussed however, your client's continuing failure to produce its initial disclosure documents in compliance with its response to the document demands, has no possible justification and has significantly harmed Ms. Gregorini

and her pursuit of this lawsuit. We are not willing to wait any further for production of the initial disclosure documents in response to Ms. Gregorini's document request nos. 106-111.

I am around most of the day tomorrow if you want to give me a call to discuss.

Best,
Antoinette

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Monday, May 1, 2023 5:41:21 PM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Jeff Miles; Melanie Wilbur
**Subject:** RE: Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

Hi Antoinette,

Hope all is well. Pursuant to L.R. 37-1, you need to send us a letter regarding alleged discovery issues and then, within 10 days, we meet in person (unless you're in a different county) to see if we can resolve the dispute. To the extent you are arguing that your February 16 letter was a meet and confer letter under Rule 37-1, we never met and conferred per the rules, and you never responded to my February 22 letter about our production, which has resulted in a lot more time and money spent reviewing documents. I respectfully request that we comply with the rules and meet in person to discuss our document production. The good news is that we anticipate producing documents this week. We also have issues we're like to discuss, including your own document production, and will be sending a more fulsome meet and confer letter. It would be productive for us to have our required meet and confer to discuss these issues, at a time and location that is convenient for you.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP

865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017

(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Thursday, April 27, 2023 7:57 PM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Jeff Miles <jeff@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Gregorini v Apple - Rule 37-2, Joint Stipulation to Compel Defendant's Document Production

[EXTERNAL]

Dear Nick and Meenakshi -

Please find attached a notice of motion and our half of a Local Rule 37-2 joint stipulation to compel defendant Uncle George Productions, LLC's production of documents with supporting declaration and exhibits. In accord with Local Rule 37-2.2, defendant must provide its portion of the joint stipulation and any supporting declaration and exhibits within seven days. We have set the hearing on the motion to compel for May 30.

Best,
Antoinette


Antoinette Waller
E R I K S O N   L A W   G R O U P
200 North Larchmont Boulevard – Los Angeles, California 90004
Tel: (323) 465-3100 – Direct Line: (323) 628-6769 – Fax: (323) 465-3177
_____

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.