NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800; Fax:  (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00406- SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>—DISCOVERY MATTER—<br><br>**DEFENDANT UNCLE GEORGE PRODUCTIONS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Discovery cutoff:    July 14, 2023<br>Pretrial conference:  December 15, 2023<br>Trial:                        January 8, 2024<br><br>Hearing Date:    May 30, 2023<br>Time:                 9:30am<br>Courtroom:        750 |

## I.    INTRODUCTION

Plaintiff Francesca Gregorini ("Plaintiff) seeks the Court's intervention despite the fact that she failed to comply with Local Rule 37-1 in multiple ways, and regardless, defendants Uncle George Productions, LLC and Blinding Edge Pictures, Inc. (together, "Uncle George") have produced many of the documents she purportedly seeks, and will produce the remainder in the next few weeks.  In particular, Plaintiff failed to provide the required pre-filing letter and refused to meaningfully meet and confer with Uncle George's counsel.  Uncle George produced documents on May 4, 2023 and will complete its productions in the next few weeks.  Meanwhile, Plaintiff has yet to produce a single document.  For the reasons explained in the joint stipulation and this memorandum, Plaintiff's motion violates the Local Rules and is without merit and should be denied.

## II.    PLAINTIFF'S MOTION SHOULD BE DENIED

### A.    Plaintiff Failed to Comply with Local Rule 37-1

As noted in the parties' joint stipulation, Plaintiff's motion fails to comply with the Local Rules because Plaintiff's counsel did not provide Uncle George with a letter requesting a prefiling conference of counsel; the parties did not participate in any prefiling conference; and Plaintiff has not agreed to "confer in a good-faith effort to eliminate the necessity" for this motion or "to eliminate as many of the disputes as possible."  L.R. 37-1.  Plaintiff's motion should be denied on this basis alone.  *See Sony Corp. v. Vizio, Inc.*, 2009 WL 10675498, at *2 (C.D. Cal. Oct. 14, 2009) (denying party's motion to compel for failure to comply with Local Rule 37 where no in-person prefiling conference was either requested or took place).

### B.    Uncle George Is Producing the Documents at Issue

Plaintiff's motion rests on her request that this Court compel Uncle George to produce documents in response to Plaintiff's requests for production nos. 106-111, which relate to the documents identified in Uncle George's initial disclosures.  Before Plaintiff filed this motion, Uncle George's counsel stated that Uncle George

1

would begin producing the requested documents by May 5, 2023, and anticipated completing all productions by the end of the month.  Uncle George began producing those documents a day early, on May 4, 2023, and additional productions are in process, including one this week.  Because Uncle George is producing the requested documents – in fact, producing them faster than if the Court granted the requested relief – this motion was unnecessary.

In terms of the requests at issue in this motion, Request No. 106 seeks "all documents identified in [Uncle George's] initial disclosures."  Many of these documents are within Plaintiff's possession.  Uncle George's initial disclosures include several *Emanuel*-related categories, which Uncle George will likely need to establish its defenses.  Waller Decl. Ex. 1 (ECF No. 107-1).[1]  To date, Plaintiff has not produced a single document, despite only having to search the records of *one* person.  Nor has she provided Uncle George's counsel with any estimate of when she will do so.  This stands in stark contrast to Uncle George and other Defendants, who have regularly provided Plaintiff's counsel with updates and narrowing proposals throughout discovery, which have been rejected.  *See* Joint Stip. Regarding Pl.'s Mot. to Compel at 2-5, 11-16 ("Joint Stip.") (ECF No. 105).

As to Request Nos. 107-110 relating to *Servant* documents, Plaintiff seeks all documents and communications relating to "Mr. Basgallop's ideas and plans for *Servant*, as identified in Section C of [Uncle George's] Initial Disclosures" and "*Servant*'s development and production, as identified in Section C of [Uncle George's] Initial Disclosures."  On May 4, 2023, prior to Plaintiff filing this motion, defendants Apple Inc., Tony Basgallop, Uncle George, and Escape Artists, Inc.

---

[1] Plaintiff contends that Uncle George's initial disclosure documents should not have identified documents in other parties' possession, even though Plaintiff adopted the same approach in her disclosures.  Jampol Supp. Decl. Ex. 2. Regardless, even if Plaintiff is correct, Uncle George has repeatedly confirmed to Plaintiff that it will produce – and has already started producing – those initial disclosure documents within its possession, custody, or control.

2

SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
4859-6165-2324v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

made their first production of 8,810 documents.  Supplemental Declaration of Nicolas A. Jampol ("Jampol Supp. Decl.") ⁋ 3.  Of those, Uncle George produced 3,206 documents.  *Id.*  Uncle George's counsel explained to Plaintiff's counsel that the Bates stamps on each document contained various prefixes for each Defendants, so Plaintiff can easily determine which document corresponds to which custodian. *Id.*  ⁋ 3 & Ex. 1.  Uncle George and other Defendants will make a second document production this week and anticipate completing all productions this month.

Finally, as to Request No. 111 relating to all documents "regarding other works that reflect elements over which Plaintiff claims ownership in this suit, as identified in Section C of [Uncle George's] initial disclosures," Uncle George maintains its position that this request calls for information properly the subject of expert discovery.  Waller Decl. Ex. 3 (ECF No. 107-1).  Even if not, this request seeks documents that may well be within Plaintiff's possession or in the possession of third parties.  This is why Uncle George objected to the request on these grounds and stated that it was "willing to meet and confer to clarify the scope of this request."  Plaintiff never accepted this offer to meet and confer, and cannot now pretend that Uncle George stated it would produce documents in response to this request.  If Plaintiff believes this response was inadequate, her counsel should reach out to Uncle George's counsel to see if they can clarify the scope of the request.

On May 11, 2023, following Uncle George's first production, Plaintiff's counsel asked if Uncle George has "produced the documents responsive to RFP nos. 106-111" and "if so, what are the bates numbers for those documents."  Jampol Supp. Dec. ⁋ 4 & Ex. 2.  Uncle George's counsel responded that Uncle George produced responsive documents on May 4, 2023, and would continue to do so over the next few weeks.  Uncle George's counsel also stated that pursuant to Rule 34, it was under no obligation to organize and label responsive documents to correspond to Plaintiff's requests because it was producing documents as they "are kept in the usual course of business."  *Id.*  Plaintiff's counsel responded that the documents

3

SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
4859-6165-2324v.1 0113237-000003

cannot be produced in this way as they were purportedly "gathered and identified three years ago" in connection with Uncle George's initial disclosures.[2]  *Id.* ¶ 5.

At the outset, Plaintiff misapprehends Rule 26 by assuming that a party's initial disclosure documents are ready for production at that time.  Because the Rule 26 "duty to disclose is not synonymous with a duty to produce," a party must only "provide notice regarding documents" it may use.  *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D. Ariz. 2009).  A party can then subsequently "request production of the described documents," which is what happened in this case.  *Sizemore v. Wal-Mart Stores, Inc.*, 2006 WL 1698291, at *3 (S.D. Tex. June 16, 2006).  Plaintiff's claim that initial disclosure documents cannot, by definition, be produced as they are kept in the "usual course of business" is incorrect.

To the extent Plaintiff now pivots to focus her motion on the contention that Uncle George's document production is deficient because it does not identify which particular request each produced document is responsive to, Uncle George is not required to perform this task (it also was not the basis for this motion).  Rule 34(b)(2)(E)(i) expressly provides that a party need not "organize and label" documents to "correspond to the categories in the request" if they are produced "as they are kept in the usual course of business."  *See also Am. Gen. Life Ins. Co. v. Vistana Condo. Owners Ass'n*, 2014 WL 2041950, at *3 (D. Nev. May 16, 2014) (citation omitted).  Courts have found that emails were properly produced in the "usual course of business" where the "producing party identified the document custodians and the range of Bates numbers for each custodian's set of documents, along with the date associated with the document creation" and where "email

---

[2] Plaintiff's counsel also claimed that Uncle George "take[s] the position" that it "need not produce" its initial disclosure documents.  This is false.  Uncle George has always said it will produce – and has confirmed to Plaintiff's counsel that it has started producing – those documents.  The same cannot be said for Plaintiff.  Jampol Supp. Dec. ¶ 5 & Ex. 2.

4

SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
4859-6165-2324v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

attachments were produced directly following the corresponding email." *See City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011) (citing *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, 2009 WL 5151745, at *3 (E.D. Mich. Dec. 18, 2009)).  This is how Uncle George has produced its documents.  Rule 34 "does not obligate a producing party to *per se* organize and label usable documents for the requesting party's convenience." *Id.*  Requiring materials to be "segregated according to the requests . . . would impose a difficult and usually unnecessary additional burden on the producing party." *Del Socorro Quintero Perez v. United States*, 2016 WL 304877, at *5 (S.D. Cal. Jan. 25, 2016) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2213).[3]

## III.   CONCLUSION

Uncle George respectfully requests that this Court deny Plaintiff's motion to compel.  Uncle George further requests that the Court order the parties to come up with a mutually agreeable schedule for completing all document productions and conducting depositions, beginning with Plaintiff.

DATED: May 16, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

By:   /s/ Nicolas A. Jampol
        Nicolas A. Jampol

Attorneys for Defendants

---

[3] Moreover, Plaintiff is focused on these specific six categories of document requests out of her over 600 requests because they would specifically identify those documents on which Uncle George intends to rely, which is improper. *See Del Socorro Quintero Perez*, 2016 WL 304877, at *5 (rejecting Plaintiffs' request seeking identification and labeling of "documents supporting defenses or theories of the case" because doing so "would necessarily implicate the attorney's thoughts and strategies and has the potential to divulge work product").

5

SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
4859-6165-2324v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899