UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present Plaintiff | Attorneys Present for Defendants |
|---|---|
| N/A | N/A |

**Proceedings:**     (IN CHAMBERS)

**ORDER SUBMITTING, VACATING HEARING ON, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT UNCLE GEORGE PRODUCTIONS' PRODUCTION OF DOCUMENTS (DOCKET NO. 104)**

I.   **SUMMARY**

On May 4, 2023, Plaintiff Francesco Gregorini filed a Motion to Compel Defendant Uncle George Productions' Production of Documents ("Motion to Compel") which is noticed for hearing before this Court on May 30, 2023 at 9:30 a.m.[1]  The Motion to Compel is directed to Defendant Uncle George Productions, LLC ("Uncle George")[2] and relates to Request for Production (alternatively, "RFP" or "Document Request") Nos. 106-111 (alternatively "Document Requests in Issue") in Plaintiff's Requests for the Production of Documents, Set No. Two to Defendant Uncle George.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion to Compel appropriate for decision without oral argument, vacates and takes off calendar the hearing on the Motion to Compel, and submits it for decision.

--------

[1]In connection with the Motion to Compel, the parties have submitted a Notice of Motion, a Joint Stipulation (alternatively, "JS"), a Declaration of Antoinette Waller ("Waller Decl.") with exhibits ("Walter Ex."), a Declaration of Nicolas A. Jampol ("Jampol Decl.") with exhibits ("Jampol Ex."), Plaintiff's Supplemental Memorandum ("Pltf. Supp. Memo") with a Supplemental Declaration of Antoinette Waller ("Waller Supp. Decl.") with an exhibit ("Waller Supp. Ex. A"), and Defendant's Supplemental Memorandum ("Deft. Supp. Memo") with a Supplemental Declaration of Nicolas A. Jampol ("Jampol Supp. Decl.") with exhibits ("Jampol Supp. Ex.").  (Docket Nos. 104-09).

[2]Uncle George is owned in part by Blinding Edge Pictures, Inc ("Blinding Edge").  (Jampol Decl. ¶ 2).  Uncle George and Blinding Edge are collectively referred to herein as the "Uncle George Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

    Based upon the Court's consideration of the record, the parties' submissions in connection with the Motion to Compel, and the pertinent facts and law, and for the reasons explained below, the Court grants in part and denies in part the Motion to Compel and orders that the supplemental responses/ production of documents called for by this Order be provided by **June 13, 2023** (*i.e.*, within fourteen (14) days of the original hearing date), or on such later date to which the parties may agree in writing that is consistent with any discovery cut-off set by the District Judge.

## II.   BACKGROUND

    On March 10, 2020, Plaintiff Francesca Gregorini filed the operative First Amended Complaint against eleven (11) Defendants, including Uncle George, asserting three claims for Copyright Infringement and one claim for Contributory and Vicarious Copyright Infringement.  (Docket No. 25). Plaintiff is a writer, director, and producer of the film "The Truth About Emanuel," and claims that the first three episodes of Defendants' television series, Servant, infringed her copyright.  (Docket No. 25).

    On April 8, 2020, the eleven named Defendants, including Uncle George – all of whom are represented by the same counsel – served a single document entitled "Defendants' Initial Disclosures" on behalf of all Defendants.  (Waller Decl. ¶ 2; Waller Ex. 1).  Such document reflects that Uncle George may have discoverable information on Servant's development, pre-production, production, and/or post-production, and profits, revenues and expenses attributable to Servant.  (Waller Ex. 1). Section C of Defendants' Initial Disclosures lists the following documents that "Defendants may use . . . to support their defenses":  (1) the episodes in Servant's first season; (2) documents and communications relating to Mr. Basgallop's ideas and plans for Servant; (3) documents and communications relating to Servant's development and production; (4) Emanuel; (5) documents and communications regarding the creation and copyright ownership of Emanuel; (6) documents and communications regarding Emanuel's release and distribution; (7) documents and communications, if any, regarding attempts to license, monetize, or adapt Emanuel; (8) documents and communications regarding Plaintiff's professional history and related earnings; and (9) documents regarding other works that reflect elements over which Plaintiff claims ownership in this suit.  (Walter Ex. 1).

    On April 10, 2020, Plaintiff served Plaintiff's Requests for Production of Documents, Set No. One to Defendant Uncle George.  (Jampol ¶ 4; Jampol Ex. 7).  On May 11, 2020, Defendant Uncle George served its responses to the foregoing document requests.  (Jampol ¶ 5; Jampol Ex. 8).

    On April 20, 2020, Plaintiff served Plaintiff's Requests for Production of Documents, Set No. Two to Defendant Uncle George ("Document Requests"), including RFP Nos. 106-111, which essentially called for the production of all documents identified in the Initial Disclosures and, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

particular, Section C thereof.[3] (Waller Decl. ¶ 3; Waller Ex. 2). On May 20, 2020, Defendant Uncle George served it responses to the Document Requests, asserting General Objections to RFP Nos. 106-110, but stating that subject to and without waiving such objections, and after a reasonable and diligent search, it would produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to the terms of a protective order entered in this action. (Waller Decl. ¶ 3; Waller Ex. 3). As to RFP No. 111, Defendant Uncle George asserted General Objections, and further objected that such request sought information in the possession, custody or control of other parties or entities and was premature as it called for information properly the subject of expert discovery. (Waller Ex. 3). Subject to and without waiving its objections, Defendant Uncle George indicated that it was willing to meet and confer to clarify the scope of RFP No. 111. (Waller Ex. 3).

On May 28, 2020, the then assigned District Judge granted Defendants' Motion to Dismiss and dismissed this action with prejudice. (Docket No. 39; Jampol Decl. ¶ 6). Plaintiff appealed, and on April 22, 2022, the Ninth Circuit issued its mandate reversing and remanding the case. (Docket No. 61; Jampol Decl. ¶ 6). On June 23, 2023, this case was transferred to the currently assigned District Judge. (Docket No. 93; Jampol Decl. ¶ 6). Defendants thereafter filed their Answers to the First Amended Complaint and a motion to bifurcate discovery, which the District Judge denied on August 26, 2022. (Docket Nos. 76-81, 99; Jampol Decl. ¶ 7).

During the year since the case was remanded, Plaintiff's counsel has assertedly made repeated requests to have Defendant Uncle George produce their initial disclosure documents in response to RFP Nos. 106-111 and the outstanding discovery. (Waller Decl. ¶¶ 6, 7; Waller Supp. Decl. ¶ 2).

On August 26, 2022, the District Judge issued a Civil Trial Order which, among other things, set multiple dates, including an initial expert disclosure deadline of June 16, 2023, a rebuttal expert disclosure deadline of June 30, 2023, and a fact and expert discovery cut-off of July 14, 2023. (Docket No. 100).

///

---

[3]More specifically, RFP Nos. 106-111 call for the production of (1) all documents identified in Defendants' Initial Disclosures (RFP No. 106); (2) all documents relating to Mr. Basgallop's ideas and plans for Servant, as identified in Section C of Defendants' Initial Disclosures (RFP No. 107); (3) all communications relating to Mr. Basgallop's ideas and plans for Servant, as identified in Section C of Defendants' Initial Disclosures (RFP No. 108); (4) all documents relating to Servant's development and production, as identified in Section C of Defendants' Initial Disclosures (RFP No. 109); (5) all communications relating to Servant's development and production, as identified in Section C of Defendants' Initial Disclosures (RFP No. 110); and (6) all documents regarding other works that reflect elements over which Plaintiff claims ownership in this suit, as identified in Section C of Defendants' Initial Disclosures (RFP No. 111). (Waller Ex. 2).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|----------|----------------------|------|--------------|

| Title | Francesca Gregorini v. Apple, Inc., et al. |
|-------|--------------------------------------------|

On November 9, 2022, the Court approved and issued a modified version of the parties' Stipulated Protective Order. (Docket Nos. 102, 103).

On December 14, 2022, Plaintiff's counsel proposed, and Defendants' counsel agreed to confer in early January 2023 on a reasonable schedule for discovery. (Jampol Decl. ¶ 8). On December 20, 2022, Defendants' counsel advised Plaintiff's counsel that there were "hundreds of thousands of documents, from almost a dozen defendants, that [were] potentially responsive to [Plaintiff's] requests, which [were] being reviewed," that it was "not an easy or quick (or cheap) process," and that they were "moving things along." (Jampol Decl. ¶ 8).

On January 12, 2023, counsel briefly met and conferred, but due to Plaintiff's counsel's family matter, did not confer in detail on discovery and agreed to meet and confer further at a later date. (Jampol Decl. ¶ 9).

On February 9, 2023, Defendants' counsel emailed Plaintiff's counsel, summarizing Defendants' review efforts to date and offering proposals regarding narrowing the scope of Plaintiff's document requests and streamlining the search for/production of documents called for by Plaintiff's discovery requests. (Jampol Decl. ¶ 10; Jampol Ex. 9).

On February 16, 2023, Plaintiff's counsel sent a letter to Defendants' counsel rejecting Defendants' counsel's proposals, complaining about, among other things, the failure of Defendant Uncle George to produce documents called for by RFP Nos. 106-110, and requesting that such Defendant (and other Defendants) produce documents responsive thereto by February 22, 2023. (Waller Decl. ¶ 7; Waller Ex. 4; Jampol Decl. ¶ 11). Plaintiff's counsel did not reference RFP No. 111, did not invoke or mention Local Rule 37-1, et seq., and did not request to meet and confer, but did state that if there was a problem with Defendant producing the documents called for by RFP Nos. 106-110, that Defendants should advise immediately and Plaintiff would seek relief from the Court. (Waller Ex. 4).

On February 22, 2023, Defendants' counsel responded to the foregoing letter from Plaintiff's counsel indicating, in pertinent part, that Defendants would, of course, produce the documents upon which they rely, that it was difficult to promise those documents by a date certain, and that if Plaintiff's counsel would engage with Defendants on agreeing on a reasonable discovery path, that would help expedite the production of the initial disclosure documents responsive to RFP Nos. 106-110. (Waller Decl. ¶ 7; Waller Ex. 5). Defendants' counsel invited Plaintiff's counsel to engage on a reasonable plan regarding potentially responsive documents, asked Plaintiff's counsel to let him know as soon as practicable about that, and indicated that in the meantime, Defendants would continue reviewing documents and begin to produce documents the following month. (Walker Ex. 5).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

Between February 22, 2023 and April 27, 2023 – the date Plaintiff's portion of the Joint Stipulation was sent to Defendants' counsel – Plaintiff's counsel did not respond to Defendants' counsel's February 22, 2023 letter or reach out to Defendants' attorneys regarding discovery. (Jampol Decl. ¶ 12).

As noted, on April 27, 2023, Plaintiff's counsel sent Defendants' counsel Plaintiff's portion of the Joint Stipulation (and related documents). (Jampol Decl. ¶¶ 12, 13; Jampol Ex. 11). On May 1, 2023, counsel communicated regarding the Motion to Compel, disagreeing as to whether Plaintiff's counsel had complied with the requisite meet and confer requirements, with Defendants' counsel essentially taking the position that Plaintiff's counsel had not yet complied and needed to comply with the Local Rule 37-1 pre-filing meet and confer requirement, requesting that Plaintiff's counsel do so and meet in person to discuss Defendants' document production, and advising Plaintiff's counsel that Defendants anticipated producing documents the week of May 1, 2023 and would "complete all productions this month," and Plaintiff's counsel taking the position that Plaintiff had "fulfilled – and far exceeded – any meet and confer requirement" for the six discovery requests at issue and asserting that they involved a "discreet issue . . . [that] ha[d] been thoroughly addressed." (Jampol Decl. ¶¶ 13, 14; Jampol Ex. 11).

From May 2-4, 2023, counsel exchanged further emails in which Defendants' counsel confirmed that Defendants would be producing documents and reiterated his request to have a meet and confer discussion to see if they could resolve their disagreement and avoid the Motion to Compel and Plaintiff's counsel essentially indicating that she had never refused to meet and confer and that the issues involved in the Motion to Compel were discreet and not controversial and that Defendants had identified no basis to refuse to produce the documents in issue. (Jampol Decl. ¶ 16; Jampol Ex. 11). Plaintiff's counsel offered to refrain from filing the Motion to Compel if Uncle George would agree to produce its initial disclosure documents that week and breakdown by bates number which documents were produced in response to each of the requests in issue, but Defendant declined. (Waller Supp. Decl. ¶ 5; Walker Supp. Ex. A). As the parties could not resolve their differences, Defendants' counsel supplied Plaintiff's counsel with Defendants' portion of the Joint Stipulation (and related items), and the Motion to Compel followed on May 4, 2023.

Also on May 4, 2023 – after the Motion to Compel had been filed – the Uncle George Defendants made their first production of documents, producing 3,206 documents. (Waller Supp. Decl. ¶ 5; Jampol Supp. Decl. ¶ 3; Jampol Supp. Ex. 1). Defendants' counsel advised Plaintiff's counsel that the Bates Stamp prefix "BE-GREGO" corresponded to documents produced from Blinding Edge and Uncle George (*i.e.*, the Uncle George Defendants), as opposed to other Defendants who also produced documents on the same date. (Jampol Supp. Decl. ¶ 3; Jampol Supp. Ex. 1).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

On May 11, 2023, Plaintiff's counsel emailed Defendants' counsel, inquiring whether Uncle George had produced the documents responsive to RFP Nos. 106-111 and if so, what the bates numbers for such documents were.  (Waller Supp. Decl. ¶ 5; Waller Supp. Ex. A; Jampol Supp. Decl. ¶ 4; Jampol Supp. Ex. 2).  On May 15, 2023, Defendants' counsel responded that the Uncle George Defendants had produced documents responsive to RFP Nos. 106-111 on May 4, 2023, that further documents would be produced over the next few weeks, including that the Uncle George Defendants' production would bear the Bates prefix BE-GREGO," and that their response to RFP No. 106 depended on when Plaintiff would be producing her documents as the Uncle George Defendants would be relying on information about Emanuel that was solely in Plaintiff's possession.  (Waller Supp. Decl. ¶ 5; Waller Supp. Ex. A; Jampol Supp. Decl. ¶ 4).  As to Plaintiff's request that Defendants' counsel specify the bates numbers of documents that had been produced in response to RFP Nos. 106-111, Defendants' counsel cited Fed R. Civ. P. 34(b)(2)(E)(i) and responded that the documents had been produced as they were kept in the usual course of business and that they were not obligated to organize/label them to correspond to the categories in Plaintiff's requests.  (Waller Supp. Ex. A; Jampol Supp. Decl. ¶ 4; Jampol Supp. Ex. 2).  On the same date, Plaintiff's counsel responded that such documents could not have been produced as they were kept in the usual course of business as they were documents that Uncle George had gathered and identified three years ago in connection with Defendants' Initial Disclosures and suggested that Defendants were improperly taking the position that they need not produce or identify their initial disclosure documents even though Plaintiff had specifically requested such documents in her requests for production.  (Waller Supp. Ex. A; Jampol Decl. ¶ 5).  Defendants' counsel disputes Plaintiff's counsel's characterization of Defendants' position, indicating that Defendants have never taken the position that they need not produce their initial disclosure documents, have stated repeatedly that they would produce such documents, and have confirmed that the Uncle George Defendants have begun producing those documents, and anticipate completing their production in the next few weeks.  (Jampol Decl. ¶ 5).

**III.   PERTINENT LAW**

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), a party must make the initial disclosures called for by Fed. R. Civ. P. 26(a)(1)(A) at or within fourteen days after the parties' Rule 26(f) Conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action, and states the objection in the proposed discovery plan.  More specifically, a party must provide to other parties:  (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (iii) a computation of each category of damages claimed by the disclosing party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

– who must also make available for inspection and copying as under Fed. R. Civ. P. 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and (iv) for inspection and copying as under Fed. R. Civ. P. 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment ("initial disclosures"). Fed. R. Civ. P. 26(a)(1)(A).

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within the foregoing scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34, any party may serve on any other party a request for the production or inspection of documents within the scope of Rule 26(b) which are in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a). Documents are deemed to be within a party's possession, custody or control if the party has actual possession, custody or control thereof or the legal right to obtain the property on demand. In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995), cert. dismissed, 517 U.S. 1205 (1996). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery, and based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control. A. Farber & Partners, Inc. v. Garber ("Farber"), 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citations and internal quotation marks omitted).

Unless excused by a protective order, in response to a request for the production of documents a party must, within 30 days of service thereof and as to each item or category, either: (1) state that the inspection will be permitted/production will be made; or (2) state with specificity the grounds for objecting to the request, including the reasons, and state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(A)-(C). If the responding party states that it will produce documents, such production must be completed no later than the time specified in the request or another reasonable time specified in the response. Fed. R. Civ. P. 34(b)(2)(B).

Local Rules 37-1, *et seq.* govern the filing of motions to compel discovery in the Central District of California. Such rules essentially contemplate that when a discovery dispute exists, the following shall occur: (1) the moving party will send the opposing party a meet and confer letter which comports with Local Rule 37-1 (*i.e.*, it must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position and provide any legal authority the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

moving party believes is dispositive of the dispute as to that issue/request, and specify the terms of the discovery order to be sought), with the opposing party having ten days to confer; (2) thereafter, if the parties are unable to resolve their differences, the moving party shall send the moving party's portion of a joint stipulation which comports with Local Rule 37-2.1 & 37-2.2 (and all supporting documents) to the opposing party, with the opposing party having seven days to insert its position and return the joint stipulation (and all supporting documents) to the moving party; (3) the moving party shall then sign the joint stipulation and send the joint stipulation to the opposing party who must sign and return the joint stipulation by the end of the next business day; (4) the moving party shall then file the joint stipulation along with a notice of motion, setting the matter for hearing not sooner than 21 days later/the court's next subsequent regular hearing date; and (5) the parties may file supplemental memoranda not later than fourteen days before the hearing date. See Local Rules 37-1, 37-2, 37-2.1, 37-2.2, 37-2.3, 37-3. Alternatively, in the event that the opposing party fails to fulfill any of its foregoing obligations, Local Rule 37-2.4 allows the moving party to file a motion (not a joint stipulation) with a declaration attesting to the opposing party's failure, along with a notice of motion, setting the matter for not sooner than 28 days later/the court's next subsequent regular hearing date, with the opposing party's opposition due 21 days before the hearing date and the moving party's reply due 14 days before the hearing date.[4] See Local Rule 37-2.4. Local Rule 37-4 provides that the failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions

## IV.   DISCUSSION AND ORDERS

First, the Court agrees with Defendants that Plaintiff has failed to comply with the letter of Local Rule 37-1. Plaintiff's counsel's February 16, 2023 letter – apparently the most recent written discovery communication from Plaintiff's counsel that preceded Plaintiff's counsel's circulation of a Joint Stipulation on April 27, 2023 – did not invoke or mention Local Rule 37-1, did not request to meet and confer, did not mention RFP No. 111, did not cite the legal authority upon which Plaintiff now relies in the Motion to Compel, and demanded the production of documents called for by RFP Nos. 106-110 within six days – far less than the ten days Plaintiff was required to afford Defendant to meet and confer under Local Rule 37-1. However, notwithstanding such noncompliance, and to promote the just, speedy and inexpensive determination of this matter (Fed. R. Civ. P. 1) and because there is no real substantive

_____

[4]Pursuant to Local Rule 37-2.4, the Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with Local Rule 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with Local Rule 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. If such a declaration accompanies the motion, then Local Rules 6-1 (calling for not less than a 28-day notice), 7-9 (calling for the filing of an opposition not later than 21 days before the hearing date), and 7-10 (calling for the filing of a reply not later than 14 days before the hearing date).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

disagreement as to whether Defendant should produce the documents called for by RFP Nos. 106-110 and the parties have communicated regarding the substance thereof, the Court exercises its discretion to consider the merits of the Motion to Compel as to RFP Nos. 106-110.[5]  The Court does not, however, excuse Plaintiff's noncompliance with Local Rule 37-1 as to RFP No. 111, as such request was not even referenced by Plaintiff's counsel in the February 16 letter or other correspondence before the Court, there is no other indication that the parties have specifically engaged in any discussion regarding the substance of such document request, and there is a genuine dispute as to whether Defendants should be required to produce documents responsive thereto at this juncture or whether doing so is premature/should more properly await the expert disclosure deadline.  Accordingly, the Court denies the Motion to Compel as to RFP No. 111.

Second, the Court grants the Motion to Compel to the extent it seeks an Order directing Defendant Uncle George to provide supplemental responses and to produce all documents in such Defendant's possession, custody or control that are responsive to RFP Nos. 106-110.  Defendant does not appear to dispute that it is required to produce the documents called for by these requests, but at least as of the date the parties' filed their Supplemental Memoranda, had not yet completely done so.  Aside from the timing of the production – which, as previously noted, the Court orders be made and completed by June 13, 2023 or such later date to which the parties may agree in writing that is consistent with the discovery cut-off – the parties raise a couple of other issues related to the production which the Court addresses below.

Defendant Uncle George's suggestion that it does not have possession, custody or control of certain documents referenced in Defendant's Initial Disclosures (see JS at 13 n.5) is unavailing.  As noted above, Rule 26 required Defendant Uncle George's initial disclosures to include "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things **that the disclosing party has in its possession, custody or control and may use to support its claims or defenses**, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A) (emphasis added).  If, as Defendant Uncle George now appears to suggest, that it did not then actually have possession, custody or control of items referenced in Section C of the Defendants' Initial Disclosures, then it was/is incumbent upon it to amend its initial disclosures.  It may be that Defendants' Initial Disclosures – by virtue of being jointly made by all Defendants – obfuscates which Defendant actually has possession, custody or control of which referenced documents – but that is a problem of Defendants' own making.  By being a party to Defendants' Initial Disclosures and not delineating/ clarifying therein that particular categories of identified documents may not have been in its own possession, custody or control, Defendant Uncle George effectively represented that all of the documents described in Section C thereof were in its possession, custody or control and is being held to that representation.

___

[5]As discussed below, the Court will consider Plaintiff's noncompliance with Local Rule 37-1 in connection with her sanctions request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

The parties also appear to disagree about the manner of production.  Rule 34(b)(2)(E) sets out the procedure for producing documents and specifies that absent a stipulation or court order, a party must produce documents as they are kept in the usual course of business **or** must organize and label them to correspond to the categories in the request.  Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added).  Defendant Uncle George represents that to date, it has produced documents as they are kept in the usual course of business.  (Jampol Supp. Decl. ¶ 4; Jampol Supp. Ex. 2; Waller Supp. Ex. A).  Plaintiff claims that Defendant could not have done so because it must have "gathered and identified" them three years ago when Defendants' Initial Disclosures were produced.  (Jampol Supp. Decl. ¶ 5; Jampol Supp. Ex. 2; Waller Supp. Ex. A).  The Court disagrees with Plaintiff as the fact that Uncle George referenced documents in Defendants' Initial Disclosures does not necessarily mean at least that it gathered them/extracted them from how they were kept in the ordinary course of business.  Accordingly, the Court finds no fault with Defendant Uncle George producing documents as kept in the ordinary course of business, assuming it has done so, as represented.  Having said that, and in light of the volume of the document production/anticipated document production, Defendant Uncle George's failure in its responses to RFP Nos. 106-110 to specify a time/reasonable time when its production would be completed (as required by Fed. R. Civ. P. 34(b)(2)(B)), and the timing of Defendant Uncle George's production vis-a-vis the discovery cut-off, the Court, in an exercise of its discretion, will require Defendant Uncle George – in each of its supplemental responses to RFP Nos. 106-110 – to identify by Bates Nos. the corresponding responsive documents that have been produced.  To be clear – the Court does not require Defendant Uncle George to produce documents other than as they are kept in the usual course of business/a manner consistent with Rule 34(b)(2)(E)(i), but it does require Defendant to identify in its supplemental responses to RFP Nos. 106-110, the Bates Nos. of the corresponding produced documents that are responsive to such requests, irrespective of how they were produced.[6]

Accordingly, to the extent Defendant Uncle George has not already done so, it is ordered, by not later than June 13, 2023 (or such later date to which the parties may agree in writing that is consistent with the discovery cut-off), to produce (1) supplemental responses to RFP Nos. 106-110, identifying by Bates Nos., the corresponding documents produced in response to each of RFP Nos. 106-110; and (2) all documents in its possession, custody or control responsive to RFP Nos. 106-110.

///

---

[6]To the extent Defendants suggest that Plaintiff's asserted failure to comply with her own discovery obligations bears upon the Court's resolution of the Motion to Compel, the Court disagrees. Discovery is not conducted on a "tit tat" basis – that is, one party may not resist or fail to comply with its discovery obligations by pointing to the opposing party's alleged failure to provide discovery. See Sandoval v. Yeter, 2019 WL 7905731, at *2 (C.D. Cal. Oct. 31, 2019); National Academy Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. 678, 680-81 (C.D. Cal. 2009) (discovery not conducted on a "tit-for tat" basis); Sandifor v. County of Los Angeles, 2019 WL 4137411, at *3 (C.D. Cal. May 8, 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 26, 2023 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

Finally, the Motion to Compel is denied to the extent it seeks the imposition of sanctions against Defendant Uncle George.  (See JS at 2, 10, 11).  Even assuming the Court had concluded that an award of sanctions was otherwise appropriate – which it has not – it would decline to impose sanctions here both because of Plaintiff's failure to comply with the letter of Local Rule 37-1 (as discussed above), and because Plaintiff's Notice of Motion fails to specify that such relief is sought.  Cf. Local Rule 7-4 (notice of motion shall contain concise statement of relief/Court action movant seeks).[7]

IT IS SO ORDERED.

---

[7]The Court likewise denies Defendant's request – on the last page of the Joint Stipulation – that "the Court order the parties to come up with a mutually agreeable schedule for completing all document productions and conducting depositions, beginning with Plaintiff" – at least because it has not been properly presented to the Court.