NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800; Fax:  (213) 633-6899

Attorneys for Defendants

ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-00406- SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>—DISCOVERY MATTER—<br><br>**JOINT STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FURTHER INTERROGATORY RESPONSES AND PRODUCTION OF DOCUMENTS**<br><br>Discovery cutoff:  July 14, 2023<br>Pretrial conference:  December 15, 2023<br>Trial:  January 8, 2024<br>Hearing Date:  June 27, 2023<br>Time:  9:30am<br>Courtroom:  750<br>Complaint Filed: January 15, 2020 |

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | | INTRODUCTORY STATEMENTS | 3 |
| | A. | Defendants' Introductory Statement | 3 |
| | B. | Plaintiff's Introductory Statement | 5 |
| II. | | JOINT SPECIFICATION OF ISSUES IN DISPUTE | 8 |
| | A. | Interrogatories | 9 |
| | | 1. Interrogatories Issued by Blinding Edge | 9 |
| | | a. Interrogatory 1 | 9 |
| | | b. Interrogatories 2-3 | 11 |
| | | c. Interrogatory 4 | 13 |
| | | d. Interrogatories 7-8 | 14 |
| | | e. Interrogatories 9-10, 13-16 | 15 |
| | | f. Interrogatory 17 | 19 |
| | | 2. Interrogatories Issued by Uncle George | 23 |
| | | a. Interrogatory 3 | 23 |
| | | b. Interrogatory 18 | 24 |
| | | c. Interrogatories 20-21 | 25 |
| | B. | Requests for Production | 27 |
| | | 1. Requests for Production Issued by Uncle George | 27 |
| | | a. Requests for Production 2-11 | 27 |
| | | b. Requests for Production 12-13, 15 | 38 |
| | | c. Requests for Production 17-27 | 41 |
| | | d. Requests for Production 35-36, 38 | 46 |
| | | e. Requests for Production 37, 39 | 50 |
| | | f. Requests for Production 40-42 | 53 |
| | | g. Request for Production 43 | 56 |
| | | h. Requests for Production 44-54 | 59 |

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

|   |   | i. | Requests for Production 66-67 | 63 |
|---|---|---|---|---|
|   |   | j. | Requests for Production 68-72 | 65 |
|   |   | k. | Requests for Production 73-74 | 69 |
|   |   | l. | Requests for Production 75-76 | 72 |
|   |   | m. | Request for Production 77 | 74 |
|   |   | n. | Request for Production 78 | 77 |
|   |   | o. | Requests for Production 79-81 | 78 |
|   |   | p. | Request for Production 82 | 80 |
|   |   | q. | Request for Production 84 | 82 |
|   |   | r. | Request for Production 93 | 83 |
|   |   | s. | Request for Production 97 | 85 |
|   |   | t. | Requests for Production 99-104 | 86 |
|   | C. | | Defendants' Requested Resolution | 89 |
|   | D. | | Plaintiff's Requested Resolution | 89 |
| III. | | | CASE SCHEDULE | 90 |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants Uncle George Productions, LLC ("Uncle George") and Blinding Edge Pictures, Inc. ("Blinding Edge") (together, "Defendants"), together with Plaintiff Francesca Gregorini, submit the following Joint Stipulation pursuant to Local Rule 37 for Defendants' Motion to Compel Plaintiff's Further Interrogatory Responses and Production of Documents.

## I.   INTRODUCTORY STATEMENTS

### A.   Defendants' Introductory Statement

Defendants served discovery requests on Plaintiff over eight months ago. Plaintiff has yet to produce a single document.[1]  She has also provided several boilerplate or non-responsive answers to interrogatories seeking information that is essential to her claims and Defendants' defenses in this litigation.  In many instances, Plaintiff has simply refused point blank to provide further responses or even offer any narrowing proposals despite Defendants' best attempts to confer with Plaintiff in order to avoid this motion.

On September 22, 2022, Uncle George served its first set of requests for production of documents, and both Uncle George and Blinding Edge served their first set of interrogatories, on Plaintiff.  Declaration of Nicolas A. Jampol ("Jampol Decl.") ¶ 2.  On March 13 and 14, 2023 – after receiving numerous extensions – Plaintiff finally provided her discovery responses.  *Id.* ¶ 3 & Exs. 1-3.  On May 1, 2023, pursuant to Local Rule 37-1, Defendants' counsel sent Plaintiff's counsel a 16-page letter identifying Defendants' concerns with certain of Plaintiff's discovery responses, and requesting a conference with counsel.  *Id.* ¶ 4 & Ex. 4.  The letter repeatedly stated that Defendants were willing to meet and confer to clarify or narrow many of the interrogatories and requests.  *Id.*

On May 17, 2023, Defendants' counsel and Plaintiff's counsel participated in the Local Rule 37-1 prefiling conference.  *Id.* ¶ 5.  During that conference,

---

[1] This joint stipulation was provided to Plaintiff's counsel on May 26, 2023. All statements made by Defendants are as of that date.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's counsel stated that due to personal and professional reasons, she had "barely reviewed" the letter nor discussed the letter in detail with her client. *Id.* ¶ 5 & Ex. 5.  The parties agreed that Plaintiff's counsel would provide a written response to Defendants' letter by May 22, 2023, including whether Plaintiff would supplement her responses or not. *Id.* ¶ 5.  Defendants' counsel also requested that to the extent Plaintiff's counsel believed a request to be too broad or unclear, she provide a specific narrowing or clarifying proposal so as to avoid motion practice. *Id.* Plaintiff's counsel also agreed that she would produce documents by May 31, 2023. *Id.*  Defendants' counsel requested that this production include not only documents that Plaintiff had already agreed to provide in her discovery responses but also documents related to other disputed requests that are "within the scope that [Plaintiff] believe[s] is reasonable, instead of withholding all documents based on the objection." *Id.* ¶ 6 & Ex. 5.  Plaintiff never responded to that request.  *Id.*

On May 22, 2023, at 11:50 p.m., Plaintiff's counsel provided a written response to Defendants' May 1 letter. *Id.* ¶ 7 & Ex. 6.[2]  For over 15 of the challenged interrogatory responses and over 15 of the challenged requests for production, Plaintiff flatly declined to supplement her responses without offering any narrowing counter-proposal. *Id.* Ex. 6.  For a handful of those responses, Plaintiff agreed narrowly to supplement, but only if Blinding Edge agreed to supplement its responses to Plaintiff's requests for production. *Id.*  As to two interrogatories and over 50 requests for production, Plaintiff simply failed to address them at all, which Defendants take to mean that Plaintiff declines to

---

[2] Interspersed with her responses to Defendants' May 1 letter were alleged deficiencies with Blinding Edge's discovery responses.  The parties will engage in that Local Rule 37 meet and confer process regarding Blinding Edge's productions, which is not at issue in this motion.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  supplement, again without any offering any proposal or willingness to further meet

2  and confer.[3]  *Id.*

3      Given this inadequate response and the parties' inability to resolve the issue

4  informally, several of Plaintiff's discovery responses remain in dispute.  Defendants

5  request that Plaintiff be ordered to supplement its interrogatory responses and

6  produce all documents in response to the requests identified below.  Defendants

7  also request that they be awarded their attorneys' fees and costs in pursuing this

8  motion to compel, which could have been avoided or at least significantly narrowed

9  with cooperation from Plaintiff's counsel.

10      **B.   Plaintiff's Introductory Statement**

11      Defendants resisted Plaintiff Francesca Gregorini's discovery for years.

12  Plaintiff served her first sets of document requests on Defendants in March 2020.

13  Although they responded to the requests in April and May 2020, stating they would

14  produce documents, three years later in March 2023, none of the defendants had

15  produced a single document.

16      On April 27, 2023, Plaintiff served a motion to compel defendant Uncle

17  George Productions to produce documents in response to six of Plaintiff's

18  document requests. Those requests sought the initial disclosure materials

19  Defendants had identified in April 2020 as documents they may use to support their

20  claims and defenses in this action.[4] Then, only after Plaintiff served her motion to

21  compel, did Defendants finally provide a meager production of documents. But

22  Defendants refused to state what documents were being produced or to state what

23

24

25

26      [3] Plaintiff's letter states that "[i]f a response is not otherwise addressed in this
letter, Ms. Gregorini declines to supplement the response." Jampol Decl. Ex. 6.

27      [4] On May 26, 2023, this Court granted Plaintiff's motion to compel as to five
requests for production seeking defendant Uncle George's initial disclosure

28  documents. [Dkt. 110.] The Order requires Uncle George to supplement its
responses and produce responsive documents by June 13, 2023. [Id.]

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  requests were still outstanding. (Declaration of Antoinette Waller ("Waller Decl."),

2  ¶¶ 3, 6.]

3      Now, still having not produced their own documents, Defendants pursue a

4  motion to compel against Plaintiff raising disputes as to nearly 100 discovery

5  responses Plaintiff had served seven weeks earlier in March 2023. Defendants bring

6  the motion without having made any substantial effort to resolve the disputes

7  beforehand, and despite Plaintiff's immediate and attentive attempts to work out the

8  disputes when Defendants finally raised them. [Waller Decl., ¶¶ 9, 19.]

9      Defendants' Introductory Statement tells a story of an utterly non-cooperative

10  Plaintiff. But Defendants filed this motion—knowing full well that Plaintiff was

11  very close to providing much of the requested information—because Defendants

12  wanted to "score points" with a discovery "win" to match the one Plaintiff just

13  received. Indeed, for all but a few unreasonable requests, Plaintiff had already

14  indicated she was willing to provide more than reasonable information. [Waller

15  Decl., ¶¶ 19, 27; Exhibit B (May 22 response letter).]

16      While this motion will obviously be decided by looking at individual requests

17  and responses—Plaintiff will briefly provide some essential context.

18      Nothing about the history of this case suggested that Defendants would serve

19  this motion now. And indeed, Plaintiff's counsel was shocked to receive

20  Defendant's sixty-seven page portion of a joint statement (on Friday afternoon of a

21  holiday weekend, no less). Defendants received Plaintiff's supposedly outrageous

22  responses (to twelve sets of requests) on March 13, 2023, and then did exactly

23  nothing for *seven* weeks. [Waller Decl., ¶ 15.] After serving this motion,

24  Defendants claimed that they had to bring the motion on a rush basis because of the

25  impending discovery cutoff. But the cutoff date has been set since August 2022.

26  Defendants offer no explanation for waiting nearly two months after receiving

27  Plaintiff's responses before raising any disputes.

28

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

And that's the context within which Plaintiff received Defendants' motion. Conspicuous by its absence was the customary "final notice" type of email, demanding a response by a certain date to avoid a motion to compel. Defendants did not send such an email because they did not want assurances of compliance, much less compliance. Rather, they wanted to preserve as strong a motion as possible.

It's clear what is behind this motion. For Defendants, discovery is a game played for its own sake. Defendants' overarching goal is to avoid being required to turn over various sensitive information. Accordingly, Defendants hope to demonstrate that any success Plaintiff might achieve in extracting key information (which after years of this case pending just in the trial court, has really yet to begin) will be revisited double upon Plaintiff.[5]  Part of that plan was to surprise Plaintiff with this motion and accuse her of the worst sort of stonewalling.

Plaintiff's conduct has been fully justified. Defendants hint at Plaintiffs' counsel's personal and health problems—but they don't mention that those challenges were incredibly serious (with separate grave problems affecting both lawyers of Erikson Law Group), and that Defendants had expressed patience considering these issues.[6]

Defendants' conduct since serving their portion of this Joint Stipulation is just as telling. It again shows that Defendants are far more interested in

---

[5] Defendants' plan to fight discovery battles fiercely, including using offense as a good defense, was recently weakened. Plaintiff recognizes that she can't match Defendants' lawyers' resources—and for that reason she has sought to minimize her discovery burden by dropping one of the two key remedies available to her. The Copyright Act grants a successful plaintiff (1) her "actual damages," as well as (2) the infringer's profits. By giving up #1, as she has now done, Plaintiff takes much of what Defendants want to discover off the table. [Waller Decl., ¶ 29.]

[6] Those problems include the unexpected and sudden death in January 2023 of the mother of one of the two attorneys representing Plaintiff, and ongoing and intensive treatment for and complications from colon cancer (including surgery removing his colon) for the other of Ms. Gregorini's attorneys. As of June 5, 2023, Mr. Erikson is currently in the hospital on an emergency basis. [Waller Decl., ¶ 34.]

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

gamesmanship than with an efficient march towards gathering necessary facts. Obviously, Plaintiff quickly saw that she might be the victim of a game of gotcha (albeit a meaningless one). Even based solely on issues that had already been discussed (such as waiving her claim for "actual damages"), it was clear that the parties could remove many if not most of the issues from the Magistrate's desk. Accordingly, Plaintiff's counsel sent emails proposing further meet and confer discussions and confirming that Plaintiff had every intention of responding reasonably. [Waller Decl., ¶¶ 19, 27-29, Exhibits C, D, E.]

But Defendants would not hear of it. They doggedly refused to withdraw or postpone the motion even while they rejected Plaintiff's attempts to provide proposals for limiting the discovery disputes. [Waller Decl., ¶¶ 28, 30-32.]

Defendants' conduct in bringing this motion prematurely and without engaging in a meaningful meet and confer effort with Plaintiff imposes enormous costs and burden on Plaintiff and wastes judicial resources. As such, Plaintiff requests that Defendants be sanctioned and ordered to pay Plaintiffs' attorneys' fees resulting from this motion.

## II.    JOINT SPECIFICATION OF ISSUES IN DISPUTE

Defendants' statement: Defendants' May 1, 2023 letter identifies several concerns with Plaintiff's discovery responses as to certain interrogatories and requests for production.  Jampol Decl. Exs. 1-4.  This section sets forth each interrogatory and request for production in dispute, followed by Defendants' position and Plaintiff's position.[7]

---

[7] Defendants' May 1, 2023 letter thematically grouped the disputed interrogatories and requests for production, and Plaintiff's May 22 letter responded in kind.  To facilitate the Court's review, Defendants' portion of the joint stipulation adopts that same structure.  Additionally, Plaintiff has agreed to supplement her interrogatory responses regarding Interrogatories 5 and 6 issued by Blinding Edge and Interrogatory 16 issued by Uncle George, to the extent Plaintiff has knowledge

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

A.      **Interrogatories**

1.      **Interrogatories Issued by Blinding Edge**

a.      **Interrogatory 1**

Interrogatory 1: "Identify the amount of revenue generated from each streaming service on which EMANUEL was distributed."

Plaintiff's Response to Interrogatory 1: "Responding Party incorporates the General Objections[8] as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unlimited in time. Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33."

Defendants' Position: In Plaintiff's May 22, 2023 Response, she stated that she "may be willing" to supplement this interrogatory to "state the total amount of revenue generated" from her film *Emanuel*, "but there is no need or rationale for breaking out the revenue as demanded." Jampol Decl. Ex. 6.  Plaintiff further stated that she will only agree to supplement her response "to state total revenue" if Blinding Edge supplements its response to Plaintiff's Request for Production 29, which is not at issue in this motion.  *Id.*

Plaintiff claims actual damages in this litigation.  *See* First Amended Complaint ("FAC") ¶¶ 91, 98, 104.  In a copyright case, actual damages are "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement," while market value is defined as "what a willing buyer would have been reasonably required to pay to a willing seller for plaintiff's

---

of the information sought.  Jampol Decl. Ex. 6.  Defendants reserve the right to move to compel those responses should they not be provided by Plaintiff.

[8] The parties have agreed that no documents or information are being withheld based on general objections alone. Jampol Decl. Ex. 6.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

work." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 512 (9th Cir. 1985) (citation omitted).  Accordingly, the key issue for actual damages is the plaintiff's volume of purported lost sales and its alleged profit margin on those sales, not the alleged infringer's profits.  *Flying J, Inc. v. Cent. CA Kenworth*, 45 F. App'x 763, 766 (9th Cir. 2002) (this Circuit "consistent[ly] accept[s] . . . market value as a measure of actual damages for copyright infringement").  In order to ascertain and verify this information as to *Emanuel*, Defendants are entitled to know the amount of revenue generated on each streaming service on which *Emanuel* was distributed.  Otherwise, any total revenue amount proffered by Plaintiff is speculative, and Defendants have no basis to challenge Plaintiff's claimed actual damages.  Accordingly, Defendants request that the Court order Plaintiff to supplement her response to this interrogatory to identify the amount of revenue generated from each streaming service on which *Emanuel* was distributed, from its first distribution to the present.

      Plaintiff's Position: The only basis Defendants raise for receiving a further response to this interrogatory is Defendants' alleged need to examine Plaintiff's "actual damages."  Plaintiff has agreed, however, to withdraw her claim for actual damages. [Waller Decl., ¶ 29, Exhibit B.] Defendants offered no other rationale for pursuing a further response to this interrogatory. Defendants' motion should be denied.

      As to the damages issue, it is noteworthy that Defendants have refused to provide their own revenue information to Plaintiff. For example, in response to Plaintiff's request that Defendant Blinding Edge produce documents sufficient to show all revenue it received from *Servant*, Blinding Edge objected and refused to respond. [Waller Decl., ¶¶ 20, 23, Exhibit G, RFP 29.] Three years after Plaintiff served discovery on Defendants seeking basic information regarding *Servant's* revenue, Plaintiff still has no information from Defendants.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

After serving this motion, Defendants argued that an additional basis for receiving detailed revenue information from Plaintiff was because that information would somehow inform the amount of Defendants' profits from *Servant*. Defendants did not explain how this could be or why such a claim would warrant requiring Plaintiff to prepare a probing analysis and breakdown by streaming services of all revenues from Plaintiff's film.

### b.   Interrogatories 2-3

Interrogatory 2: "Identify all costs, revenues, and profits related to EMANUEL."

Plaintiff's Response to Interrogatory 2: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unlimited in time. Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33."

Interrogatory 3: "Identify all costs, revenues, and profits obtained by YOU related to EMANUEL."

Plaintiff's Response to Interrogatory 3: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is unlimited in time and so vague, ambiguous, and overbroad, as to be unintelligible. Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33."

Defendants' Position: In Plaintiff's May 22, 2023 Response, she declined to supplement these interrogatories as she claims they are "grossly overly broad and do not seek relevant, proportional information."  Jampol Decl. Ex. 6.  Plaintiff

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   further claims that "*Emanuel*'s profits, costs, and revenues are not similarly at

2   issue" as those of *Servant*.  *Id.*  Plaintiff failed to offer any narrowing proposal in

3   response.

4        For the same reasons as explained in Interrogatory 1, Defendants are entitled

5   to information about *Emanuel*'s profits, costs, and revenues, because Plaintiff

6   claims actual damages.  This is foundational information in a copyright case.

7   Accordingly, Defendants request that the Court order Plaintiff to supplement her

8   response to this interrogatory to identify the information requested.

9        <u>Plaintiff's Position</u>: Plaintiff stands on her objections that these

10   interrogatories seek information that is not susceptible to discovery and are overly

11   broad, burdensome, and harassing. The only basis Defendants raise for receiving a

12   further response to these interrogatories is Defendants' alleged need to examine

13   Plaintiff's "actual damages."  Plaintiff has agreed, however, to withdraw her claim

14   for actual damages. [Waller Decl., ¶ 29, Exhibit B.] Defendants offered no other

15   rationale for pursuing a further response to these interrogatories. Defendants'

16   motion should be denied.

17        Discovery is broad. It is not unlimited. "Parties may obtain discovery

18   regarding any nonprivileged matter that is relevant to any party's claim or defense

19   and proportional to the needs of the case, considering the importance of the issues at

20   stake in the action, the amount in controversy, the parties' relative access to relevant

21   information, the parties' resources, the importance of the discovery in resolving the

22   issues, and whether the burden or expense of the proposed discovery outweighs its

23   likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).

24        These requests further do not advance the purposes of discovery. "Generally,

25   the purpose of discovery is to remove surprise from trial preparation so the parties

26   can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco*

27   *Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### c.     Interrogatory 4

Interrogatory 4: "Describe how YOU calculated the damages that YOU allege, including but not limited to as referenced in ¶¶ 90-91, 97-98, and 103-104 of the FAC."

Plaintiff's Response to Interrogatory 4: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unlimited in time. Responding Party objects to this interrogatory on the grounds that it is not full and complete in and of itself and requires reference to other documents. Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33."

Defendants' Position: In Plaintiff's May 22, 2023 Response, she agreed to supplement this response "with the understanding that the interrogatory is limited to Ms. Gregorini's calculation of damages."  She claims, however, that because the "key component of Ms. Gregorini's damages is the defendants' profits," and that information has not yet been provided, it is "impossible for Ms. Gregorini to calculate her damages at this point."  Jampol Decl. Ex. 6.

Plaintiff's response ignores that she is not just seeking Defendants' profits attributable to the alleged infringement.  She also repeatedly seeks actual damages incurred as a result of the alleged infringement.  *E.g.*, FAC ¶¶ 91, 98, 104.  This interrogatory seeks information about all of Plaintiff's alleged damages in the referenced paragraphs, including information about Plaintiff's own claimed damages beyond Defendants' profits.  To the extent Plaintiff cannot provide detailed information about Defendants' profits, she can caveat her response accordingly, but it does not excuse her from providing information about other

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

claimed damages.  Accordingly, Defendants request that the Court order Plaintiff to supplement her response to this interrogatory to identify the information requested.

Plaintiff's Position: After serving this motion, Defendants agreed to withdraw this interrogatory from the motion. (Waller Decl., ¶ 33.) Accordingly, Plaintiff does not address this interrogatory. Having been withdrawn, the request may be disregarded and not be considered by the Court.

### d.    Interrogatories 7-8

Interrogatory 7: "Explain the circumstances by which YOU obtained access to the EARLY SERVANT SCRIPT, including by what means and when YOU obtained access to the EARLY SERVANT SCRIPT."

Plaintiff's Response to Interrogatory 7: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. Responding Party objects to this interrogatory as it assumes facts and appears to seek confidential or privileged information. Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33."

Interrogatory 8: "Explain the circumstances by which YOU obtained access to the LATER SERVANT SCRIPT, including by what means and when YOU obtained access to the LATER SERVANT SCRIPT."

Plaintiff's Response to Interrogatory 8: Verbatim response as to Interrogatory 7.

Defendants' Position:  In Plaintiff's May 22, 2023 Response, she did not address these interrogatories in her response or provide any narrowing proposal. Accordingly, Defendants assume Plaintiff declines to supplement them.

As Defendants explained in their May 1 letter, these interrogatories are based on Plaintiff's own FAC allegations and definitions, in which she alleges copyright

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

claims based on specific alleged similarities between the "EARLY" and "LATER" *Servant* scripts and *Emanuel*, which presumably were based on her review of those scripts prior to filing the FAC.  It is well within the scope of Rule 26(b) to ask Plaintiff to provide information about her access to those scripts.  Accordingly, Defendants request that the Court order Plaintiff to supplement her response to this interrogatory to explain the circumstances by which she obtained access to the EARLY and LATER *Servant* scripts.

Plaintiff's Position: Plaintiff properly objected to these interrogatories as seeking information that is not subject to discovery. Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

These interrogatories further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. at 378 (citations omitted).

Whether and how Plaintiff may have received access to the Early Servant Script and the Later Servant Script is not at issue in this litigation. Nevertheless, as Plaintiff has communicated to Defendants, she is willing to supplement the responses to these interrogatories to identify the manner of her receipt of the *Servant* scripts, if any.

### e.  Interrogatories 9-10, 13-16

Interrogatory 9: "Describe all negotiations and/or pitches YOU have engaged in to develop EMANUEL into a television series."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's Response to Interrogatory 9: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unlimited in time and scope. Responding Party objects to this interrogatory as it appears to seek confidential or privileged information. Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33."

Interrogatory 10: "Describe all discussions and/or negotiations YOU have engaged in to option or license EMANUEL to any party."

Plaintiff's Response to Interrogatory 10: Verbatim response as to Interrogatory 9.

Interrogatory 13: "Identify all agreements YOU have entered into to write, direct, or produce any television, film, theatrical, commercial, or other project, including but not limited to the television series "The Dropout," since the release of EMANUEL until the release of SERVANT."

Plaintiff's Response to Interrogatory 13: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

case; and the interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this interrogatory on the grounds that it is vague and ambiguous."

Interrogatory 14: "Identify all agreements YOU have entered into to write, direct, or produce any television, film, theatrical, commercial, or other project, including but not limited to the television series "The Dropout," since the release of SERVANT."

Plaintiff's Response to Interrogatory 14: Verbatim response as to Interrogatory 13.

Interrogatory 15: "Identify all revenues, and profits obtained by YOU in connection with any television, film, theatrical, commercial, or other project since the release of EMANUEL until the release of SERVANT."

Plaintiff's Response to Interrogatory 15: Verbatim response as to Interrogatory 13.

Interrogatory 16: "Identify all revenues, and profits obtained by YOU in connection with any television, film, theatrical, commercial, or other project since the release of SERVANT."

Plaintiff's Response to Interrogatory 16: Verbatim response as to Interrogatory 13.

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff declined to supplement her responses, as she claims that these interrogatories are

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

overbroad and do not seek relevant, proportional information under Rule 26.
Plaintiff failed to offer any narrowing proposal in response.  Plaintiff also states –
for the first time – that she "agrees to withdraw her damage claims only to the
extent that she claims damages to her business in the form of diversion of trade, loss
of profits, or a dilution in the value of Plaintiff's rights and reputation."  Jampol
Decl. Ex. 6.

This set of interrogatories relates to Plaintiff's professional endeavors in the
two periods between *Emanuel*'s release and *Servant*'s release, and after *Servant*'s
release, which are plainly relevant to Plaintiff's claimed damages.  Even though
Plaintiff has now withdrawn her claim for damages based on the alleged diversion
of trade, loss of profits, and dilution in the value of Plaintiff's rights and reputation,
this information is still relevant to alleged actual damages and to the case more
broadly.  Regarding Interrogatories 13 and 14, Defendants are willing to narrow this
interrogatories to identification of all executed agreements relating to Plaintiff's
professional endeavors as identified in the interrogatories in the two periods
between *Emanuel*'s release and *Servant*'s release, and after *Servant*'s release.
Accordingly, Defendants request that the Court order Plaintiff to supplement her
responses to these interrogatories to provide the requested information, as narrowed
where applicable.

Plaintiff's Position: After serving the Joint Stipulation, Defendants agreed to
withdraw their motion as to Interrogatory Nos. 13-16 and Requests for Production
Nos. 99-104. [Waller Decl., ¶ 33, Ex. F.] Those discovery requests are therefore not
under consideration by the Court and may be disregarded.

The only basis Defendants raise for receiving a further response to
interrogatories 9 and 10 is Defendants' alleged need to examine Plaintiff's "actual
damages."  Plaintiff has agreed, however, to withdraw her claim for actual damages.
[Waller Decl., ¶ 29, Exhibit B.] Defendants offered no other rationale for pursuing a
further response to these interrogatories. Defendants' motion should be denied. In

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

addition, interrogatory nos. 9 and 10 seek information regarding all/any "negotiations and or/pitches" and "discussions and/or negotiations" regarding developing *Emanuel* into a television series or licensing *Emanuel*. Such information is highly sensitive and confidential.

Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

These interrogatories further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. at 378 (citations omitted).

### f.    Interrogatory 17

<u>Interrogatory 17</u>: "Identify all agreements relating to EMANUEL, including the date(s) that any agreements went into effect, the payment and other terms of the agreements, and other details of any agreements relating to EMANUEL."

<u>Plaintiff's Response to Interrogatory 17</u>: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is not likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this interrogatory on the grounds that it is vague and ambiguous."

<u>Defendants' Position</u>: In Plaintiff's May 22, 2023 Response, Plaintiff declined to supplement her response to this interrogatory as she claims that the interrogatory is "grossly overbroad and does not seek relevant, proportional information" under Rule 26.  Plaintiff failed to offer any narrowing proposal in response.  Jampol Decl. Ex. 6.

While Plaintiff did not provide any proposal regarding this request, Defendants are willing to narrow this interrogatory to identification of all executed agreements relating to *Emanuel*.  Defendants are also willing to meet and confer further with Plaintiff to identify key subcategories of executed agreements. Defendants request that the Court order Plaintiff to supplement her response to this interrogatory to identify all executed agreements relating to *Emanuel*.

<u>Plaintiff's Position</u>: Plaintiff stands on her objections to this interrogatory including overbreadth, burden, and proportionality. The interrogatory demands Plaintiff create a list of not only "all agreements" related to *Emanuel*, but also that, for any and each such agreement Plaintiff state the date the agreement went into effect, the payment, or other terms of the agreement, and "other details" regarding

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

each/any such agreement. What constitutes an "agreement related to *Emanuel*"? Would that include, for example, an agreement with a caterer to provide on set food services? Does the demand include oral agreements? If someone working on *Emanuel* agreed to buy a can of soda for another person working on the movie, is that subject to identification in response to this interrogatory?

As Plaintiff noted in responding to Defendants' meet and confer demand, the interrogatory is grossly overly broad and does not seek relevant, proportional information. [Waller Decl., Ex. B, 5/22/23 letter.] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The discovery is also duplicative. Defendants have demanded that Plaintiff produce all documents, including communications, about *Emanuel* (RFP 1); all agreements relating to *Emanuel* (RFP 12); all documents relating to agreements, including licenses referencing *Emanuel* (RFP 13); all documents, including communications, about the financing, creation, inspiration, production, distribution, release, marketing, promotion, and post-production of *Emanuel* (RFP 17-27); all communications and agreements with anyone who was in any way related to *Emanuel* or to Ms. Gregorini (RFP 35-40), including with Ms. Gregorini's agents (RFP 66), and managers (RFP 67). With this interrogatory, Defendants want Plaintiff to catalog every such agreement and communication.

The interrogatory further does not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

While discovery is broad, it is not without limit. *Rowland v. Paris Las Vegas*, No. 13CV2630-GPC DHB, 2015 WL 4742502, at *1 (S.D. Cal. Aug. 11, 2015) (finding "relevancy is not without 'ultimate and necessary boundaries" (citation omitted).)

As the *Rowland* court determined:

[D]istrict courts have broad discretion to determine relevancy for discovery purposes. District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.' Fed.R.Civ.P. 26(b)(2)(C)(I).

*Rowland*, 2015 WL 4742502, at *1; *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (same).

This interrogatory highlights the overall issues with Defendants' discovery approach. The discovery is grossly broad, duplicative, unnecessarily intrusive, and designed to scare, burden, and harass Plaintiff rather than obtain necessary facts about the copyright infringement claims Defendants face. Defendants waited over two and half years to serve any discovery.[9] The reason they delayed so long is because they hoped to avoid discovery all together and leapfrog to a motion for summary judgment. (See Dkt. 99, Order Denying Motion for Bifurcation and Permit Initial Summary Judgment on Substantial Similarity). Once Defendants learned they would have no choice but to participate in discovery they engaged with a vengeance. They would make Plaintiff pay for her temerity in pursuing her intellectual property rights.

---

[9] And, as noted, Defendants waited three years before they produced a single document to Plaintiff. Even deducting the 19 months the case was on appeal, that still leaves 17 months before Defendants produced the first meager tranche of documents in response to Plaintiff's March 2020 document requests. [Waller Decl., ¶¶ 3, 6]

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants now state that they are willing to narrow the interrogatory to require Plaintiff to identify and describe only every "executed" agreement relating to *Emanuel* and are "willing to meet and confer further to identify key subcategories of executed agreements." But Defendants served this motion without having any such discussion with Plaintiff. The interrogatory is far too broad and overreaching. No further response is warranted.

### 2.     Interrogatories Issued by Uncle George

#### a.     Interrogatory 3

Interrogatory 3: "Describe the work that was registered with the U.S. Copyright Office Reg. No. PA0002353598 by 'Well Go USA Ent.'"

Plaintiff's Response to Interrogatory 3: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague and ambiguous. Responding Party further objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the interrogatory is overbroad, unduly burdensome, oppressive, and harassing."

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff declined to supplement her response to this interrogatory without any reasoning. Plaintiff failed to offer any narrowing proposal in response.  Jampol Decl. Ex. 6.

This interrogatory is plainly within the scope of Rule 26(b) as it pertains to another version of Plaintiff's allegedly infringed work that has been registered by a third party, "Well Go USA Ent."  Defendants are entitled to seek discovery from Plaintiff about this work, including any licensing or assignments of rights from Plaintiff to "Well Go USA Ent."  Accordingly, Defendants request that the Court order Plaintiff to supplement her response to this interrogatory to describe the work that was registered with the U.S. Copyright Office Reg. No. PA0002353598 by 'Well Go USA Ent.'"

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's Position: This interrogatory is unintelligible. What does it mean to "describe" a copyright registered work? The work is as described in the copyright registration. No further response is warranted.

### b.   Interrogatory 18

Interrogatory 18: "Identify all locations of non-theatrical distributions of EMANUEL, including but not limited to all streaming services where EMANUEL has ever been distributed."

Plaintiff's Response to Interrogatory 18: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. Responding Party further objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33. Subject to and without waiving these objections, Responding Party responds as follows: Since 2014, Emanuel has been available for purchase or rental on defendant Apple's own iTunes as well as multiple additional streaming services and platforms."

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff declined to supplement her response to this interrogatory, except to the "same extent" as Blinding Edge Interrogatory 1.  It is not clear what Plaintiff means by this, but she appears to be claiming that she will only supplement this response in the aggregate, and only if Blinding Edge provides certain documents.  Plaintiff failed to offer any narrowing proposal in response.  Jampol Decl. Ex. 6.

Plaintiff's response, which only specifically identifies "iTunes" as a streaming platform where Emanuel has been distributed, is insufficient.  Plaintiff provides no other reasoning as to why she should not supplement this response. This information is essential in determining the extent of *Emanuel*'s distribution, profits, and revenue; Plaintiff's theory of wide dissemination (*e.g.*, FAC ¶ 51); and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's alleged substantial loss of profits and damages.  Defendants request that the Court order Plaintiff to supplement her response to this interrogatory to identify all locations of non-theatrical distributions of *Emanuel*, including but not limited to all streaming services where *Emanuel* has ever been distributed.

Plaintiff's Position: During the meet and confer discussions, the only basis Defendants raised for receiving a further response to this interrogatory is Defendants' alleged need to examine Plaintiff's "actual damages."  Plaintiff has agreed, however, to withdraw her claim for actual damages. [Waller Decl., ¶ 29, Exhibit B.] Plaintiff has provided a sufficient response to this interrogatory. Defendants' motion should be denied.

### c.   Interrogatories 20-21

Interrogatory 20: "Identify the revenues of any and all theatrical releases of EMANUEL, including but not limited to box office receipts."

Plaintiff's Response to Interrogatory 20: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. Responding Party further objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33."

Interrogatory 21: "Identify the number of rentals and/or sales for each streaming service on which EMANUEL was distributed."

Plaintiff's Response to Interrogatory 21: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad, including as to the phrase "contributed to the distribution of". Responding Party further objects to this interrogatory on the grounds that it contains subparts, is compound,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

conjunctive, or disjunctive, and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33."

Defendants' Position: In Plaintiff's May 22, 2023 Response, as with Uncle George Interrogatory 18, Plaintiff similarly declined to supplement her responses to these interrogatories, except to the "same extent" as Blinding Edge Interrogatory 1. Again, it is not clear what Plaintiff means by this, but she appears to be claiming that she will only supplement these responses in the aggregate, and only if Blinding Edge provides certain documents. Plaintiff failed to offer any narrowing proposal in response. Jampol Decl. Ex. 6.

Again, Plaintiff's unsupported position is untenable. These interrogatories seek information related to the theatrical revenues and streaming rentals/sales for *Emanuel*'s distribution, which is essential in determining the extent of *Emanuel*'s distribution, profits, and revenue. Defendants request that the Court order Plaintiff to supplement her response to these interrogatories to identify the revenues of any and all theatrical releases of *Emanuel*, including but not limited to box office receipts, and the number of rentals and/or sales for each streaming service on which *Emanuel* was distributed.

Plaintiff's Position: The only basis Defendants raise for receiving a further response to these interrogatories is Defendants' alleged need to determine *Emanuel's* "distribution, profits, and revenue" to examine Plaintiff's "actual damages." Plaintiff has agreed, however, to withdraw her claim for actual damages. [Waller Decl. ¶ 29, Exhibit B.] Defendants offered no other rationale for pursuing a further response to these interrogatories.

Plaintiff stands on her objections that these interrogatories are grossly overly broad and do not seek relevant, proportional information. Identifying revenue "including without limitation" box office receipts for each theatre that distributed Emanuel and identifying every rental or sale of the movie is unwarranted and harassing. Defendants' profits resulting from the infringement are at issue here;

Plaintiff's profits from her film are not. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. Rule 26(b)(1).

The interrogatories further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Defendants' motion should be denied.

**B.     Requests for Production**

**1.     Requests for Production Issued by Uncle George**

**a.     Requests for Production 2-11**

Request for Production 2: "All DOCUMENTS, including COMMUNICATIONS, relating to the registration of the REGISTERED WORK with the U.S. Copyright Office, including applications, registrations, and transfers."

Plaintiff's Response to Request for Production 2: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party. Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, Responding Party will produce a copy of U.S. Copyright Office Reg. No. PA0002213169."

Request for Production 3: "All DOCUMENTS, including COMMUNICATIONS, relating to the registration of the REGISTERED SCRIPT with the U.S. Copyright Office, including applications, registrations, and transfers."

Plaintiff's Response to Request for Production 3: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party. Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Request for Production 4: "All DOCUMENTS, including

2  COMMUNICATIONS, relating to the registration of EMANUEL with the U.S.

3  Copyright Office Reg. No. PA0002353598 registered to copyright claimant "Well

4  Go USA Ent.""

5  Plaintiff's Response to Request for Production 4: "Responding Party

6  incorporates the General Objections as if fully set forth here. Responding Party

7  objects on the grounds that the information sought is protected from disclosure by

8  the attorney work-product doctrine, the attorney-client privilege, and/or another

9  applicable privilege or immunity. Responding Party objects on the ground that the

10  information sought is protected from disclosure by the right to privacy provided by

11  any statute and/or under the Constitution of the United States and/or State of

12  California. Responding Party objects on the ground that the information sought is

13  not sufficiently related to any of the claims, allegations, or defenses in this case; and

14  the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

15  vexatious seeking information that is neither relevant to this case, nor likely to lead

16  to the discovery of admissible evidence. In addition, any minimal probative value of

17  the requested information or documents is outweighed by the burden of gathering

18  and producing same. Responding Party objects to this request on the grounds that it

19  is vague and ambiguous. Responding Party objects to this request on the grounds

20  that it seeks information that is within the knowledge of Propounding Party and/or

21  can be obtained more easily, or as easily by Propounding Party as by Responding

22  Party. Responding Party objects to this request to the extent it includes general

23  instructions and definitions which render it improper, objectionable, and/or contrary

24  to discovery rules and statutes. Responding Party further objects that the demand is

25  overbroad and unduly burdensome, including because the categories of documents

26  to be produced are not specified with reasonable particularity, and the request is so

27  sweeping that its boundaries are difficult to identify. Responding Party also objects

28  to the definitions of "document" as being overly broad as to scope and time, unduly

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 5: "All DOCUMENTS, including COMMUNICATIONS, relating to any and all additional copyright registrations for EMANUEL or any version thereof."

Plaintiff's Response to Request for Production 5: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to

1  the extent that it impermissibly attempts to shift the cost of production of data to

2  Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

3       Request for Production 6: "All DOCUMENTS, including

4  COMMUNICATIONS, submitted to or filed with the U.S. Copyright Office

5  regarding EMANUEL, including applications, registrations, and transfers."

6       Plaintiff's Response to Request for Production 6: "Responding Party

7  incorporates the General Objections as if fully set forth here. Responding Party

8  objects on the ground that the information sought is not sufficiently related to any of

9  the claims, allegations, or defenses in this case; and the request is overbroad, unduly

10  burdensome, oppressive, harassing, annoying, and vexatious seeking information

11  that is neither relevant to this case, nor likely to lead to the discovery of admissible

12  evidence. In addition, any minimal probative value of the requested information or

13  documents is outweighed by the burden of gathering and producing same.

14  Responding Party objects to this request on the grounds that it seeks publicly

15  available information that can be obtained as easily by Propounding Party as by

16  Responding Party. Responding Party further objects that the demand is overbroad

17  and unduly burdensome, including because the categories of documents to be

18  produced are not specified with reasonable particularity, and the request is so

19  sweeping that its boundaries are difficult to identify. Responding Party also objects

20  to the definitions of "document" as being overly broad as to scope and time, unduly

21  burdensome, oppressive, and to the extent that it impermissibly attempts to shift the

22  cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure

23  26(b). Subject to and without waiving these objections, Responding Party will

24  produce a copy of U.S. Copyright Office Reg. No. PA0002213169, the copyright at

25  issue in this litigation."

26       Request for Production 7: "All DOCUMENTS, including

27  COMMUNICATIONS, relating to any and all copyright transfers relating to

28  EMANUEL."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    <u>Plaintiff's Response to Request for Production 7</u>: "Responding Party

2    incorporates the General Objections as if fully set forth here. Responding Party

3    objects on the grounds that the information sought is protected from disclosure by

4    the attorney work-product doctrine, the attorney-client privilege, and/or another

5    applicable privilege or immunity. Responding Party objects on the ground that the

6    information sought is protected from disclosure by the right to privacy provided by

7    any statute and/or under the Constitution of the United States and/or State of

8    California. Responding Party objects on the ground that the information sought is

9    not sufficiently related to any of the claims, allegations, or defenses in this case; and

10   the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

11   vexatious seeking information that is neither relevant to this case, nor likely to lead

12   to the discovery of admissible evidence. In addition, any minimal probative value of

13   the requested information or documents is outweighed by the burden of gathering

14   and producing same. Responding Party objects on the ground that the request seeks

15   information containing trade secret or other confidential, competitively sensitive, or

16   proprietary business information or that would require Plaintiff to violate any

17   confidentiality agreement or any court order pertaining to confidentiality.

18   Responding Party objects to this request on the grounds that it is vague and

19   ambiguous. Responding Party further objects that the demand is overbroad and

20   unduly burdensome, including because the categories of documents to be produced

21   are not specified with reasonable particularity, and the request is so sweeping that

22   its boundaries are difficult to identify. Responding Party also objects to the

23   definitions of "document" as being overly broad as to scope and time, unduly

24   burdensome, oppressive, and to the extent that it impermissibly attempts to shift the

25   cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure

26   26(b)."

27

28

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

4869-4433-5464v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Request for Production 8: "All DOCUMENTS, including COMMUNICATIONS, relating to ownership of any copyrights to EMANUEL, any version of EMANUEL, or any derivative thereof.

Plaintiff's Response to Request for Production 8: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party, including with regard to documents and communications concerning Defendant's infringing works as described in the First Amended Complaint herein. Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 9: "All DOCUMENTS, including COMMUNICATIONS, regarding deposit copies for any copyright registration of EMANUEL."

Plaintiff's Response to Request for Production 9: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 10: "All deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED WORK."

Plaintiff's Response to Request for Production 10: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects that the demand is overbroad, vague, ambiguous, burdensome, and harassing and not served for any legitimate purpose."

Request for Production 11: "All deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED SCRIPT."

Plaintiff's Response to Request for Production 11: Verbatim response as to Request for Production 10.

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff stated that "she will produce documents sufficient to determine *Emanuel*'s copyright ownership that are in her possession, custody, or control[.]" Jampol Decl. Ex. 6.

These requests seek key information related to the copyright registrations of Plaintiff's allegedly infringed work and versions thereof. Plaintiff's limitation of these requests to documents "sufficient to determine" *Emanuel*'s copyright ownership is impermissible, as copyright registration documents are foundational to

any copyright infringement claim and Plaintiff's ownership claims.  *See Indio Prod., Inc. v. Brybradan, Inc.*, 2016 WL 11744980, at *7 (C.D. Cal. Dec. 28, 2016) (defendants entitled to explore allegations related to plaintiff's copyright registrations and ownership through discovery).  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to these copyright registration and ownership requests.

<u>Plaintiff's Position</u>: While Plaintiff agrees that information concerning the copyright in Plaintiff's infringed work is relevant, not every piece of paper that ever existed that is in any way related to any thought about copyright is subject to discovery. Although broad, discovery does have limits.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. Rule 26(b)(1).

"Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Plaintiff made a good faith attempt to limit these overly broad document demands. She offered to supplement the responses to use the same language Defendants did in responding to document requests seeking material regarding the alleged copyright for Defendants' work. [Waller Decl., Exhibit B; and see e.g., Exhibit G, Defendant Blinding Edge's response to requests for production, RFP

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

52.][10] That is, Plaintiff agreed to supplement the responses to state that she would produce documents sufficient to determine *Emanuel's* copyright ownership. Defendants rejected Plaintiff's offer and quickly filed this motion without further discussion. [Waller Decl., ¶ 30, 31.] No further response should be compelled.

### b.     Requests for Production 12-13, 15

<u>Request for Production 12</u>: "All agreements relating to EMANUEL."

<u>Plaintiff's Response to Request for Production 12</u>: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any

---

[10] In RFP 52 Plaintiff asked Blinding Edge to produce documents related to any registration of *Servant* with the U.S. Copyright Office. Subject to a litany of boilerplate objections, Blinding Edge stated, "Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce documents sufficient to determine *Servant's* copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action." [Waller Decl., Exhibit G, at 25:18-26:4.] Blinding Edge served its responses *over three years ago*, on May 11, 2020. And yet, as of today, to Plaintiff's knowledge, Blinding Edge has not produced a single document in response to this request.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

confidentiality agreement or any court order pertaining to confidentiality.
Responding Party objects to this request on the grounds that it is vague and
ambiguous. Responding Party further objects that the demand is overbroad and
unduly burdensome, including because the categories of documents to be produced
are not specified with reasonable particularity, and the request is so sweeping that
its boundaries are difficult to identify. Responding Party also objects to the
definitions of "document" as being overly broad as to scope and time, unduly
burdensome, oppressive, and to the extent that it impermissibly attempts to shift the
cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure
26(b)."

> Request for Production 13: "All DOCUMENTS relating to agreements,
including licenses, referencing EMANUEL."

> Plaintiff's Response to Request for Production 13: Verbatim as response to
Request for Production 12.

> Request for Production 15: "All agreements between YOU and Well Go USA
Entertainment."

> Plaintiff's Response to Request for Production 15: Verbatim as response to
Request for Production 12.

> Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff
declined to supplement her response to these requests and referred Defendants to
her response to Blinding Edge Interrogatory 17.  Plaintiff failed to offer any
narrowing proposal in response.  Jampol Decl. Ex. 6.

> Defendants are willing to narrow these requests to production of all executed
agreements relating to *Emanuel*.  These requests are relevant to this dispute as they
seek agreements that Plaintiff has entered into regarding *Emanuel* (Requests 12-13),
including agreements between Plaintiff and a third party that has registered a
version of the allegedly infringed work with the U.S. Copyright Office (Request
15). Defendants are also willing to meet and confer further with Plaintiff to identify

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

key subcategories of executed agreements for production.  Defendants request that the Court order Plaintiff to produce all non-privileged, executed agreements relating to *Emanuel*.

Plaintiff's Position: As Plaintiff noted in her May 22 meet and confer letter, these requests are grossly overly broad and do not seek relevant, proportional information. [Waller Decl., Ex. B, 5/22/23 letter.] Defendants demand Plaintiff produce not only "all agreements" related to *Emanuel*, but also "all DOCUMENTS relating to" any such agreements. What constitutes an "agreement related to *Emanuel*"? Would that include, for example, an agreement with a caterer to provide on set food services? What constitutes a document related to any agreement related to *Emanuel*? Would that include receipts for food purchased by the set caterer?[11]

Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

These demands further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Defendants now state that they are willing to narrow the demands to seek "executed" agreements relating to *Emanuel* and are "willing to meet and confer

---

[11] These document demands are presumably corollaries to Defendants' interrogatories seeking Plaintiff's identification of every agreement relating in any way to *Emanuel* including, without limitation, stating the date and parties to each agreement, the payment, and other terms, and "other details" of each agreement. See, e.g., above discussion regarding Blinding Edge's Interrogatory No. 17.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

further with Plaintiff to identify key subcategories of executed agreements." But
Defendants served this motion without having any such discussion with Plaintiff.
[Waller Decl., ¶ 30, 31.] Without prior notice or forewarning to Plaintiff,
Defendants unilaterally served their Joint Stipulation on the Friday before a holiday
weekend and then demanded that Plaintiff provide her opposition within four
working days. Defendants staunchly refused Plaintiff's entreaties that the parties
attempt to resolve the dispute before resorting to court intervention. [Waller Decl., ¶
32.] Defendants' file first and talk later approach is unfair, prejudicial, and
inappropriate. Having refused any informal resolution of the dispute, and having
required Plaintiff on short notice, to respond to the motion, Defendants should not
be permitted to rewrite their requests now. The requests are far too broad and
overreaching. No further response is warranted.

### c.     Requests for Production 17-27

Request for Production 17: "All DOCUMENTS, including
COMMUNICATIONS, about the creation of EMANUEL."

Plaintiff's Response to Request for Production 17: "Responding Party
incorporates the General Objections as if fully set forth here. Responding Party
objects on the grounds that the information sought is protected from disclosure by
the attorney work-product doctrine, the attorney-client privilege, and/or another
applicable privilege or immunity. Responding Party objects on the ground that the
information sought is protected from disclosure by the right to privacy provided by
any statute and/or under the Constitution of the United States and/or State of
California. Responding Party objects on the ground that the information sought is
not sufficiently related to any of the claims, allegations, or defenses in this case; and
the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
vexatious seeking information that is neither relevant to this case, nor likely to lead
to the discovery of admissible evidence. In addition, any minimal probative value of
the requested information or documents is outweighed by the burden of gathering

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

**Request for Production 18**: "All DOCUMENTS, including COMMUNICATIONS, about the inspiration(s) for EMANUEL."

**Plaintiff's Response to Request for Production 18**:  Verbatim as response to Request for Production 17.

**Request for Production 19**: "All DOCUMENTS, including COMMUNICATIONS, about the writing of EMANUEL."

**Plaintiff's Response to Request for Production 19**: Verbatim as response to Request for Production 17.

**Request for Production 20**: "All DOCUMENTS, including COMMUNICATIONS, about the development of EMANUEL."

**Plaintiff's Response to Request for Production 20**: Verbatim as response to Request for Production 17.

**Request for Production 21**: "All DOCUMENTS, including COMMUNICATIONS, about the production of EMANUEL."

1      <u>Plaintiff's Response to Request for Production 21</u>: Verbatim as response to

2  Request for Production 17.

3      <u>Request for Production 22</u>: "All DOCUMENTS, including

4  COMMUNICATIONS, about the post-production of EMANUEL.

5      <u>Plaintiff's Response to Request for Production 22</u>: Verbatim as response to

6  Request for Production 17.

7      <u>Request for Production 23</u>: "All DOCUMENTS, including

8  COMMUNICATIONS, about the distribution of EMANUEL."

9      <u>Plaintiff's Response to Request for Production 23</u>: Verbatim as response to

10  Request for Production 17.

11      <u>Request for Production 24</u>: "All DOCUMENTS, including

12  COMMUNICATIONS, about the promotion of EMANUEL."

13      <u>Plaintiff's Response to Request for Production 24</u>: Verbatim as response to

14  Request for Production 17.

15      <u>Request for Production 25</u>: "All DOCUMENTS, including

16  COMMUNICATIONS, about the marketing of EMANUEL."

17      <u>Plaintiff's Response to Request for Production 25</u>: Verbatim as response to

18  Request for Production 17.

19      <u>Request for Production 26</u>: "All DOCUMENTS, including

20  COMMUNICATIONS, about the release of EMANUEL."

21      <u>Plaintiff's Response to Request for Production 26</u>: Verbatim as response to

22  Request for Production 17.

23      <u>Request for Production 27</u>: "All DOCUMENTS, including

24  COMMUNICATIONS, about the financing of EMANUEL."

25      <u>Plaintiff's Response to Request for Production 27</u>: Verbatim as response to

26  Request for Production 17.

27      <u>Defendants' Position</u>:  In Plaintiff's May 22, 2023 Response, Plaintiff did not

28  address these requests in her response, nor did she offer any narrowing proposals.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol
2 Decl. Ex. 6.

3     This set of document requests pertain to the creative development,
4 production, and release of Plaintiff's allegedly infringed work that she claims shares
5 substantial similarities with *Servant*.  Defendants have repeatedly offered to meet
6 and confer to clarify or narrow this request, but Plaintiff has refused to engage or
7 state whether she will produce any documents at all in response to these requests,
8 which seek foundational information about the allegedly infringed work in this case.
9 Defendants request that the Court order Plaintiff to produce non-privileged
10 documents responsive to each of these requests.

11     <u>Plaintiff's Position</u>: Plaintiff stands on her objections that these requests are
12 grossly overly broad and do not seek relevant, proportional information. [Waller
13 Decl., Ex. B, 5/22/23 letter.] Defendants demand Plaintiff produce essentially every
14 piece of paper that has ever been generated concerning *Emanuel*. By these requests
15 Defendants seek all documents, including communications, about the inspiration,
16 writing, development, production, post-production, distribution, promotion,
17 marketing, release, and financing of Plaintiff's film. There is no question that
18 Plaintiff's film, *The Truth About Emanuel* preceded Defendants' *Servant*. Filming
19 was completed on *Emanuel* in 2012. The film was released to the public in 2013.
20 [First Amended Complaint, Docket 25, ¶¶ 3, 51.] *Servant* did not debut until six
21 years later, on November 28, 2019. Defendants have not demonstrated, or even
22 offered an explanation, as to why every document generated concerning *Emanuel's*
23 "financing" and the nine other listed topics are relevant.

24     The ultimate question in this case is whether *Servant* is "substantially
25 similar" to *Emanuel*.  Plaintiff will have to show that Defendants copied original
26 elements from her work.  She may show this by proving by a preponderance of the
27 evidence that Defendants had access to her work and that there are substantial
28 similarities between *Servant* and original elements of *Emanuel*. *Three Boys Music v.*

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Bolton*, 212 F.3d 477, 486 (9th Cir. 2000) ("By establishing reasonable access and substantial similarity, a copyright plaintiff creates a presumption of copying. The burden shifts to the defendant to rebut that presumption through proof of independent creation." (citing *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir. 1976))). Documents concerning the financing, writing, or development of *Emanuel*, a film created at least six years before *Servant* came into existence, do not address these issues and are not germane to the matters in dispute.

Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).

These demands further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Defendants state that they have been and are willing to meet and confer to "clarify or narrow" the demands. But Defendants did not offer any narrowing proposals before serving this motion. Defendants served this motion without having any such discussion with Plaintiff. [Waller Decl., ¶ 30, 31.] Without prior notice or forewarning to Plaintiff, Defendants unilaterally served their Joint Stipulation on the Friday before a holiday weekend and then demanded that Plaintiff provide her opposition within four working days. Defendants staunchly refused Plaintiff's entreaties that the parties attempt to resolve the dispute before resorting to court intervention. [Waller Decl., ¶ 32.] Defendants' file first and talk later approach is unfair, prejudicial, and inappropriate. Having refused any informal resolution of the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

dispute, and having required Plaintiff on short notice, to respond to the motion, Defendants should not be permitted to rewrite their requests now. The requests are far too broad and overreaching. No further response is warranted.

### d.     Requests for Production 35-36, 38

Request for Production 35: "All COMMUNICATIONS between YOU and Sarah Thorp[]."

Plaintiff's Response to Request for Production 35: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 36: "All DOCUMENTS, including COMMUNICATIONS, with or about Sarah Thorp[], relating to EMANUEL."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's Response to Request for Production 36: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose. See, e.g., Request for Production no. 35. Responding Party incorporates her objections to Request for Production no. 35 as if fully set forth here. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 38: "All agreements between YOU and Sarah Thorp[]."

Plaintiff's Response to Request for Production 38: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose. See, e.g., Request for Production nos. 35 and 36. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not address these requests in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol Decl. Ex. 6.

In her interrogatory responses, Plaintiff identified Sarah Thorp as the co-author of the story behind *Emanuel*, and therefore communications and agreements between Plaintiff and Ms. Thorp are plainly relevant to this litigation.  Jampol Decl.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ex. 2 at 24.  Although Plaintiff has refused to state whether she will produce any documents at all in response to these requests, Defendants are willing to narrow Request 35 to "all communications between Plaintiff and Sarah Thorp related to *Emanuel* and/or *Servant*" and Request 38 to "all executed agreements between Plaintiff and Sarah Thorp related to *Emanuel*."  Defendants request that the Court order Plaintiff produce non-privileged documents responsive to Requests 35 and 38, as narrowed by Defendants, and Request 36 in its current form.

<u>Plaintiff's Position</u>: Defendants have rewritten their demands in this motion. As drafted, the demands requested documents relating to Sarah Thorpe, not Sarah Thorp. [Waller Decl., Exhibit H, RFP Nos. 35-36, 38.] During the truncated meet and confer discussions the parties had before Defendants served the motion to compel, Defendants made no offer to narrow the requests to all communications with Ms. Thorp "related to *Emanuel* and/or *Servant"* or to "all executed agreements between Ms. Thorp and Plaintiff regarding *Emanuel* as they do now.

Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).

These demands further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

As drafted these demands are overly broad and do not seek relevant, proportional information. Defendants' motion to compel is unwarranted and should be denied.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

e.  **Requests for Production 37, 39**

Request for Production 37: "All DOCUMENTS, including COMMUNICATIONS, with or about Tatiana Von Furstenberg, relating to EMANUEL."

Plaintiff's Response to Request for Production 37: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Request for Production 39: "All agreements between YOU and Tatiana Von Furstenberg."

Plaintiff's Response to Request for Production 39: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose. See, e.g., Request for Production no. 37. Responding Party incorporates her objections to Request for Production no. 35 as if fully set forth here. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify."

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not address these requests in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol Decl. Ex. 6.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Upon information and belief, Ms. Von Furstenberg played a key role in the financing, production, and/or distribution of *Emanuel*.  Indeed, Plaintiff specifically identified Ms. Von Furstenberg in her initial disclosures.  Although Plaintiff has refused to state whether she will produce any documents at all in response to these requests, Defendants are willing to narrow Request 39 to "all executed agreements between Plaintiff and Tatiana Von Furstenberg related to *Emanuel*."  Defendants request that the Court order Plaintiff produce non-privileged documents responsive to Request 37 in its current form, and Request 39, as narrowed by Defendants.

Plaintiff's Position: Plaintiff stands on her objections to these demands. The demands are grossly overly broad, are unlimited in time, and do not seek relevant proportional information concerning the claims at issue in this litigation. During the truncated meet and confer discussions the parties had before Defendants served the motion to compel, Defendants made no offer to narrow the requests to "executed agreements" relating to *Emanuel* as they do now.

Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).

These demands further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

As drafted these demands are overly broad and do not seek relevant, proportional information. Defendants' motion to compel is unwarranted and should be denied.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

f.     **Requests for Production 40-42**

Request for Production 40: "All agreements between YOU and Emanuel Film LLC."

Plaintiff's Response to Request for Production 40: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify."

Request for Production 41: "All DOCUMENTS relating to the organization of Emanuel Film LLC."

Plaintiff's Response to Request for Production 41: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the

53

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 42: "All DOCUMENTS relating to the dissolution of Emanuel Film LLC, as referenced in ¶ 85 of the FAC."

Plaintiff's Response to Request for Production 42: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, Responding Party will produce a copy of the Certificate of Cancellation filed with the California Secretary of State and obtainable from the Secretary of State website showing the dissolution of Emanuel Film LLC."

Defendants' Position:  In Plaintiff's May 22, 2023 Response, Plaintiff did not address these requests in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol Decl. Ex. 6.

Plaintiff's FAC refers to Emanuel Film, LLC as the entity that "first applied to register the copyright in 2012," FAC ¶ 51; that "authored the motion picture *The Truth About Emanuel*, then entitled *Emanuel and the Truth About Fishes*," FAC ¶ 84; and that was "dissolved and cancelled" in 2017, after which the copyright in the allegedly infringed work was assigned to Plaintiff, FAC ¶ 85.  Accordingly, the Emanuel Film, LLC corporate entity played a key role in the authorship, copyright

ownership, and assignment of the work at issue in this litigation, and therefore these requests are clearly relevant to this dispute.  Defendants request that the Court order Plaintiff produce non-privileged documents responsive to these Requests related to Emanuel Film, LLC.

Plaintiff's Position: These requests are impermissibly overly broad seeking "all documents" relating to a dissolved entity through which Plaintiff originally registered *Emanuel*. Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

These demands further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

As drafted these demands are overly broad and do not seek proportional information. Plaintiff is nevertheless willing to supplement the responses to produce relevant, non-privileged documents, within her possession, custody, or control if any exist.

### g.    Request for Production 43

Request for Production 43: "All DOCUMENTS, including COMMUNICATIONS, about REBORN DOLLS."

Plaintiff's Response to Request for Production 43: Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another

applicable privilege or immunity. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not address this request in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement it.  Jampol Decl. Ex. 6.

This request relates to and references Plaintiff's own definition of "reborn doll" in her FAC, which Plaintiff repeatedly alleges is a key similarity between the works at issue. FAC ¶¶ 71, 78.  Further, in response to Defendants' motion to dismiss, Plaintiff contended that using reborn dolls is not a "real therapy" and that even if it were, a "physically realistic" doll is not "indispensable" to that premise.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Opp. to Mot. to Dismiss at 17 (ECF No. 34).  Given the centrality of this concept to Plaintiff's claims, Defendants are entitled to explore Plaintiff's allegations related to "reborn dolls" in this litigation.  Defendants request that the Court order Plaintiff produce non-privileged documents responsive to this request related to "reborn dolls."

Plaintiff's Position: This request is unintelligible as drafted. It seeks "all DOCUMENTS, including COMMUNICATIONS about REBORN DOLLS." Defendants define the term "REBORN DOLLS" as "as referenced in paragraph 4 of the First Amended Complaint." [Waller Decl., Exhibit H, at 3:1.] Paragraph 4 of the First Amended Complaint alleges:

Starring Kaya Scodelario, Jessica Biel, and Alfred Molina, the film tells the story of a troubled and withholding 18-year old girl, newly hired by a white, pretty, sophisticated, privileged yet gracious, mid-30's, first-time mom--to help care for her new baby. After fleeting images of what the audience assumes to be a healthy three-month-old infant, in the mother's picture perfect nursery and home, it is dramatically revealed that the "baby" is really an ultra-realistic "reborn" doll--shattering the illusion of an uber-competent modern mom and rendering the orderliness of the house suddenly unsettling. Rather than recoil, the nanny plays along with the mother's delusion even before the father explains that the cause of the mother's delusion is the overwhelming grief of recently losing their real three-month-old baby (the precise cause of death remaining unknown). The nanny buys into the mother's delusion in part for deep-seated reasons relating to the absence and tragic death of her own mother. Finding comfort in the mother's nurturing, the nanny too is soon enough doting over the doll as if it were real, building a deep emotional connection with the mother but also creating danger and ultimately crisis as prying eyes threaten to expose the shared secrets. While the baby's apparent rebirth offers an emotional high point, its "reality"

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  remains open to question. Although the film is a tense psychological thriller,
2  it is paired--quite unusually--with strong and escalating supernatural elements
3  which might be characterized as "magical realism," which leaves the
4  audience with a measure of uncertainty about what's real.
5  [Dkt 25, FAC ¶4.]

6      Defendants' intent in asking for documents and communications about
7  "reborn dolls" is unknown. What documents are Defendants seeking? Discovery is
8  broad. It is not unlimited. "Parties may obtain discovery regarding any
9  nonprivileged matter that is relevant to any party's claim or defense and
10  proportional to the needs of the case, considering the importance of the issues at
11  stake in the action, the amount in controversy, the parties' relative access to relevant
12  information, the parties' resources, the importance of the discovery in resolving the
13  issues, and whether the burden or expense of the proposed discovery outweighs its
14  likely benefit." Fed. R. Civ. P. 26(b)(1).

15      This demand further does not advance the purposes of discovery. "Generally,
16  the purpose of discovery is to remove surprise from trial preparation so the parties
17  can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco*
18  *Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

19      As drafted the demand is overly broad and does not seek relevant,
20  proportional information. Defendants' motion to compel is unwarranted and should
21  be denied.

22          **h.      Requests for Production 44-54**

23      Request for Production 44: "All DOCUMENTS, including
24  COMMUNICATIONS, referencing Apple Inc."

25      Plaintiff's Response to Request for Production 44: "Responding Party
26  incorporates the General Objections as if fully set forth here. Responding Party
27  objects on the grounds that the information sought is protected from disclosure by
28  the attorney work-product doctrine, the attorney-client privilege, and/or another

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

applicable privilege or immunity. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 45: "All DOCUMENTS, including COMMUNICATIONS, referencing M. Night Shyamalan."

Plaintiff's Response to Request for Production 45: Verbatim as response to Request for Production 44.

Request for Production 46: "All DOCUMENTS, including COMMUNICATIONS, referencing Blinding Edge Pictures, Inc."

Plaintiff's Response to Request for Production 46: Verbatim as response to Request for Production 44.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1      Request for Production 47: "All DOCUMENTS, including

2 COMMUNICATIONS, referencing Uncle George Productions."

3      Plaintiff's Response to Request for Production 47: Verbatim as response to

4 Request for Production 44.

5      Request for Production 48: "All DOCUMENTS, including

6 COMMUNICATIONS, referencing Escape Artists LLC."

7      Plaintiff's Response to Request for Production 48: Verbatim as response to

8 Request for Production 44.

9      Request for Production 49: "All DOCUMENTS, including

10 COMMUNICATIONS, referencing Dolphin Black Productions."

11      Plaintiff's Response to Request for Production 49: Verbatim as response to

12 Request for Production 44.

13      Request for Production 50: "All DOCUMENTS, including

14 COMMUNICATIONS, referencing Tony Basgallop."

15      Plaintiff's Response to Request for Production 50: Verbatim as response to

16 Request for Production 44.

17      Request for Production 51: "All DOCUMENTS, including

18 COMMUNICATIONS, referencing Ashwin Rajan."

19      Plaintiff's Response to Request for Production 51: Verbatim as response to

20 Request for Production 44.

21      Request for Production 52: "All DOCUMENTS, including

22 COMMUNICATIONS, referencing Jason Blumenthal."

23      Plaintiff's Response to Request for Production 52: Verbatim as response to

24 Request for Production 44.

25      Request for Production 53: "All DOCUMENTS, including

26 COMMUNICATIONS, referencing Todd Black."

27      Plaintiff's Response to Request for Production 53: Verbatim as response to

28 Request for Production 44.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Request for Production 54: "All DOCUMENTS, including COMMUNICATIONS, referencing Steve Tisch."

Plaintiff's Response to Request for Production 54: Verbatim as response to Request for Production 44.

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff stated that she will supplement her responses and produce "responsive, non-privileged documents reflecting communications with or about the named defendant relating to defenses raised by the defendant[.]"  Jampol Decl. Ex. 6.

Plaintiff's response ignores a broad set of relevant documents related to her claims, this lawsuit, *Emanuel*, and/or *Servant*.  Defendants can agree to narrow this request, but not to such a limited degree as Plaintiff proposes.  Defendants agree to narrow this request to non-privileged documents, including communications, with or about each of the named defendants relating to (1) claims made by Plaintiff in this lawsuit and (2) defenses raised by each defendant.  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to these requests as narrowed by Defendants.[12]

Plaintiff's Position: These requests are plainly overly broad as drafted. For example, all documents, including communications, referencing Apple, Inc. would generate potentially hundreds if not hundreds of thousands of documents even if limited to a relevant time. Apple is a huge conglomerate that has tenacles in multiple aspects of everyday life. As Defendants acknowledge, Plaintiff offered to supplement her responses and produce responsive, non-privileged documents reflecting communications with or about each named defendant relating to defenses

---

[12] Uncle George's Requests for Production 55-65 seek "all communications with" each named Defendant.  Because of Defendants' proposed narrowing of Requests 44-54, which would encompass communications with each named Defendant as narrowed, Defendants are not separately pursuing Requests 55-65 as part of this motion to compel at this time, but reserve all rights to do so at a future date should Plaintiff not produce responsive documents.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

raised by the defendant. Defendants never responded to that offer during the

abbreviated meet and confer undertaken before Defendants served their motion.

Defendants never offered the narrowing they propose here. Plaintiff is amenable to

Defendants' newly proposed narrowed requests and will agree to supplement her

responses accordingly.

### i.    Requests for Production 66-67

Request for Production 66: "All COMMUNICATIONS between YOU and

your agent(s) about EMANUEL."

Plaintiff's Response to Request for Production 66: "Responding Party

incorporates the General Objections as if fully set forth here. Responding Party

objects on the ground that the information sought is protected from disclosure by

the right to privacy provided by any statute and/or under the Constitution of the

United States and/or State of California. Responding Party objects on the ground

that the information sought is not sufficiently related to any of the claims,

allegations, or defenses in this case; and the request is overbroad, unduly

burdensome, oppressive, harassing, annoying, and vexatious seeking information

that is neither relevant to this case, nor likely to lead to the discovery of admissible

evidence. In addition, any minimal probative value of the requested information or

documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information

containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality

agreement or any court order pertaining to confidentiality. Responding Party objects

to this request on the grounds that it is vague and ambiguous. Responding Party

further objects that the demand is overbroad and unduly burdensome, including

because the categories of documents to be produced are not specified with

reasonable particularity, and the request is so sweeping that its boundaries are

difficult to identify. Responding Party also objects to the definitions of "document"

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 67: "All COMMUNICATIONS between YOU and your manager(s) about EMANUEL."

Plaintiff's Response to Request for Production 67: Verbatim as response to Request for Production 66.

Defendants' Position:  In Plaintiff's May 22, 2023 Response, Plaintiff did not address these requests in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol Decl. Ex. 6.

Plaintiff expressly relies on alleged communications with her agent(s) to set forth her alleged theory of Defendants' access to *Emanuel* (FAC ⁋ 52).  Her communications with her manager(s) related to *Emanuel* are also responsive and relevant to this litigation.  Defendants would be willing to entertain a narrowing proposal for these requests, but Plaintiff has not offered one.  Accordingly, Defendants request that the Court order Plaintiff to produce non-privileged documents responsive to this request.

Plaintiff's Position: These requests, which are unlimited in time, seek all communications between Plaintiff and her manager and between Plaintiff and her agent about her film. Plaintiff wrote the screenplay for her film in 2011. Defendants' infringing work debuted in November 2019. If Defendants contend they are entitled to every communication Plaintiff had with her agent and/or her manager since she first conceptualized her film, they have not provided any justification whatever for such an overarching request. The requests are wildly overly broad and harassing. The requests do not seek relevant, proportional information.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     Discovery is broad. It is not unlimited. "Parties may obtain discovery

2 regarding any nonprivileged matter that is relevant to any party's claim or defense

3 and proportional to the needs of the case, considering the importance of the issues at

4 stake in the action, the amount in controversy, the parties' relative access to relevant

5 information, the parties' resources, the importance of the discovery in resolving the

6 issues, and whether the burden or expense of the proposed discovery outweighs its

7 likely benefit." Fed. R. Civ. P. 26(b)(1).

8     These demands further do not advance the purposes of discovery. "Generally,

9 the purpose of discovery is to remove surprise from trial preparation so the parties

10 can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco*

11 *Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

12     Plaintiff asks that the Court deny Defendants' motion to compel a further

13 response to these requests.

### j.    Requests for Production 68-72

15 <u>Request for Production 68</u>: "All COMMUNICATIONS between YOU and

16 your agent(s) about SERVANT."

17 <u>Plaintiff's Response to Request for Production 68</u>: "Responding Party

18 incorporates the General Objections as if fully set forth here. Responding Party

19 objects to this request on the grounds that it is vague and ambiguous. Responding

20 Party further objects that the demand is overbroad and unduly burdensome,

21 including because the categories of documents to be produced are not specified with

22 reasonable particularity, and the request is so sweeping that its boundaries are

23 difficult to identify. Responding Party also objects to the definitions of "document"

24 as being overly broad as to scope and time, unduly burdensome, oppressive, and to

25 the extent that it impermissibly attempts to shift the cost of production of data to

26 Plaintiff in violation of Federal Rule of Civil Procedure 26(b). Subject to and

27 without waiving these objections, after a reasonable and diligent search and subject

28 to the terms of the parties' protective order in this matter, Responding Party will

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

produce responsive, non-privileged documents reflecting communications between Responding Party and her agent about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist."

Request for Production 69: "All COMMUNICATIONS between YOU and your manager(s) about SERVANT."

Plaintiff's Response to Request for Production 69: Verbatim as response to Request for Production 68.[13]

Request for Production 70: "All COMMUNICATIONS between YOU and Jane Lee about SERVANT."

Plaintiff's Response to Request for Production 70: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and Jane Lee about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist."

---

[13] This response's final line states that Responding Party will produce communications with her "agent" subject to the same caveats as her Response to Request No. 69.  Defendants assume Plaintiff intended to respond "manager" here to correspond to the Request.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Request for Production 71: "All COMMUNICATIONS between YOU and Ellen Jones about SERVANT."

Plaintiff's Response to Request for Production 71: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and Ellen Jones about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist."

Request for Production 72: "All COMMUNICATIONS between YOU and ICM Partners about SERVANT."

Plaintiff's Response to Request for Production 72: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and ICM Partners about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist."

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not address these requests in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement them.

These requests are relevant to this dispute because they seek documents that may reflect Plaintiff's knowledge of *Servant* and its scripts through her professional relationships, including whether she sought any opportunities related to the show through her agent(s) or manager(s).  Plaintiff's limitation of these requests to communications about "*Servant* relating to Plaintiff's allegations" excludes relevant communications that may not be explicitly related to "Plaintiff's allegations."  For

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

example, to the extent that Plaintiff attempted to be considered for a position relating to *Servant*, that would be highly pertinent information.  Accordingly, Defendants request that the Court order Plaintiff to produce all non-privileged documents related to *Servant* as referenced in the above Requests.

Plaintiff's Position: Plaintiff has provided adequate responses to these requests, agreeing to produce documents about *Servant* relating to Plaintiff's lawsuit allegations. Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

These demands further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

No further response is warranted to these requests and Plaintiff asks that the Court deny the motion to compel.

### k.    Requests for Production 73-74

Request for Production 73: "All DOCUMENTS, including COMMUNICATIONS, regarding all theatrical distributions of EMANUEL, including but not limited to all theaters, all screenings, and all film festivals where EMANUEL has ever been distributed.

Plaintiff's Response to Request for Production 73: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

applicable privilege or immunity. Responding Party objects on the ground that the

information sought is protected from disclosure by the right to privacy provided by

any statute and/or under the Constitution of the United States and/or State of

California. Responding Party objects on the ground that the information sought is

not sufficiently related to any of the claims, allegations, or defenses in this case; and

the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

vexatious seeking information that is neither relevant to this case, nor likely to lead

to the discovery of admissible evidence. In addition, any minimal probative value of

the requested information or documents is outweighed by the burden of gathering

and producing same. Responding Party objects on the ground that the request seeks

information containing trade secret or other confidential, competitively sensitive, or

proprietary business information or that would require Plaintiff to violate any

confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and

ambiguous. Responding Party further objects that the demand is overbroad and

unduly burdensome, including because the categories of documents to be produced

are not specified with reasonable particularity, and the request is so sweeping that

its boundaries are difficult to identify. Responding Party also objects to the

definitions of "document" as being overly broad as to scope and time, unduly

burdensome, oppressive, and to the extent that it impermissibly attempts to shift the

cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure

26(b)."

        <u>Request for Production 74</u>: "All DOCUMENTS, including

COMMUNICATIONS, regarding all non-theatrical distributions of EMANUEL,

including but not limited to all streaming services where EMANUEL has ever been

distributed."

        <u>Plaintiff's Response to Request for Production 74</u>: Verbatim as response to

Request for Production 73.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>Defendants' Position</u>: In Plaintiff's May 22, 2023 Response, Plaintiff did not address these requests in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol Decl. Ex. 6.

These requests seek documents related to the theatrical and non-theatrical distributions of Plaintiff's works.  These documents are essential to her theory of Defendants' access to Plaintiff's work as well as her claimed damages.  Plaintiff provides no other reasoning as to why she should not supplement.  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to these Requests.

<u>Plaintiff's Position</u>: The basis Defendants raise for receiving a further response to these requests is Defendants' alleged need to examine Plaintiff's "theory of Defendants' access to Plaintiff's work as well as her claimed damages." Plaintiff has agreed, however, to withdraw her claim for actual damages and only pursues Defendants' profits as damages. [Waller Decl., ¶ 29, Exhibit B.] Defendants offered no other rationale for pursuing a further response to these demands. The demands are grossly overly broad, seeking "all DOCUMENTS and COMMUNICATIONS" regarding theatrical and non-theatrical distributions of Plaintiff's film. Defendants offer no explanation of how such documents would inform the matters at issue here. The requests have no basis and are clearly a fishing expedition again, essentially asking for every piece of paper in any way related to distribution of Plaintiff's film.

Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).

These demands further do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Defendants' motion as to these demands should be denied.

## I.   Requests for Production 75-76

Request for Production 75: "All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations and/or pitches YOU have engaged in to develop EMANUEL into a television series."

Plaintiff's Response to Request for Production 75: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 76: "All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations and/or pitches YOU have engaged in regarding other adaptations and/or derivative works of EMANUEL."

Plaintiff's Response to Request for Production 76: Verbatim as response to Request for Production 75.

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not address these requests in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol Decl. Ex. 6.

These requests are clearly relevant to this dispute as they relate to Plaintiff's allegations that she was harmed by her purported inability to "develop[] Emanuel into a television series."  FAC ¶¶ 94, 100. Defendants are entitled to explore those allegations in discovery.  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to these Requests.

Plaintiff's Position: Defendants' motion should be denied. These demands appear to be the document request corollaries to interrogatory nos. 9 and 10. They seek all documents, including communications, regarding all/any "negotiations and or/pitches" and "discussions and/or negotiations" regarding developing *Emanuel* into a television series and/or "regarding other adaptations and/or derivative works"

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  of *Emanuel*. Such information is highly sensitive and confidential. Discovery is

2  broad. It is not unlimited. "Parties may obtain discovery regarding any

3  nonprivileged matter that is relevant to any party's claim or defense and

4  proportional to the needs of the case, considering the importance of the issues at

5  stake in the action, the amount in controversy, the parties' relative access to relevant

6  information, the parties' resources, the importance of the discovery in resolving the

7  issues, and whether the burden or expense of the proposed discovery outweighs its

8  likely benefit." Fed. R. Civ. P. 26(b)(1).

9       These demands further do not advance the purposes of discovery. "Generally,

10  the purpose of discovery is to remove surprise from trial preparation so the parties

11  can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco*

12  *Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

13       The only basis Defendants raise for receiving a further response to these

14  demands is Defendants' alleged need to examine the harm to Plaintiff by her

15  inability to develop *Emanuel* into a television series. Plaintiff has agreed, however,

16  to withdraw her claim for actual damages and so any such alleged harm to Plaintiff

17  is no longer at issue. [Waller Decl., ¶ 29, Exhibit B.] Other than pursuing an

18  analysis of Plaintiff's actual damages, Defendants offer no other rationale for

19  seeking a further response to these demands. Defendants' motion should be denied.

20       **m.**    **Request for Production 77**

21       <u>Request for Production 77</u>: "All DOCUMENTS, including

22  COMMUNICATIONS, about any and all negotiations YOU have engaged in

23  regarding licenses of EMANUEL."

24       <u>Plaintiff's Response to Request for Production 77</u>: "Responding Party

25  incorporates the General Objections as if fully set forth here. Responding Party

26  objects on the grounds that the information sought is protected from disclosure by

27  the attorney work-product doctrine, the attorney-client privilege, and/or another

28  applicable privilege or immunity. Responding Party objects on the ground that the

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

     <u>Defendants' Position</u>: In Plaintiff's May 22, 2023 Response, Plaintiff did not address this request in her response.  Accordingly, Defendants assume Plaintiff declines to supplement it.  Jampol Decl. Ex. 6.

     This request is clearly relevant to this dispute as it relates to licenses of the allegedly infringed work, which bear on, among other issues, Plaintiff's monetization of her work.  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to this Request.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    **Plaintiff's Position**: Defendants' motion should be denied. This request
2    appears to be the document corollary to interrogatory no 10 seeking all documents,
3    including communications regarding all/any "discussions and/or negotiations"
4    regarding licensing *Emanuel*. Such information is highly sensitive and confidential.
5    Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any
6    nonprivileged matter that is relevant to any party's claim or defense and
7    proportional to the needs of the case, considering the importance of the issues at
8    stake in the action, the amount in controversy, the parties' relative access to relevant
9    information, the parties' resources, the importance of the discovery in resolving the
10   issues, and whether the burden or expense of the proposed discovery outweighs its
11   likely benefit." Fed. R. Civ. P. 26(b)(1).

12   This demand further does not advance the purposes of discovery. "Generally,
13   the purpose of discovery is to remove surprise from trial preparation so the parties
14   can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco*
15   *Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

16   The only basis Defendants raise for receiving a further response to this
17   demand is it "relates to licenses" which Defendants say bear on "Plaintiff's
18   monetization of her work." But Defendants are seeking documents and
19   communications regarding *negotiations* for licenses.[14] Plaintiff's "monetization" of
20   her work is not at issue here. Certainly, any negotiations for potential licenses for
21   her work is not at issue. There is no legitimate rationale for seeking such
22   documents. Defendants' motion should be denied.

23
24
25
26
27

28   [14] In other requests Defendants sought all documents regarding any agreement or license of *Emanuel*.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

n.     **Request for Production 78**

Request for Production 78: "All DOCUMENTS, including COMMUNICATIONS, referring to or about SERVANT."

Plaintiff's Response to Request for Production 78: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not address this request in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement it.  Jampol Decl. Ex. 6.

Defendants are entitled to explore in discovery, among other issues, the nature and substance of Plaintiff's knowledge and communications regarding the work at issue in this dispute.  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to this Request.

Plaintiff's Position: This appears to be a "catchall" request seeking any document that references *Servant*. But Plaintiff has already responded to requests

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

for documents seeking communications regarding *Servant*. [See e.g., RFP Nos. 44-54, 68-72.] The request is further unlimited in time. Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The demand does not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

During the truncated meet and confer exchanges, Plaintiff expressed willingness to supplement this response, if Defendants would limit the request to non-privileged documents created before this lawsuit was filed. Without any such limitations, however, Defendants' motion should be denied.

### o.    Requests for Production 79-81

Request for Production 79: "All DOCUMENTS, including COMMUNICATIONS, about the EARLY SERVANT SCRIPT, *see* FAC ¶ 94."

Plaintiff's Response to Request for Production 79: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  request is so sweeping that its boundaries are difficult to identify. Responding Party

2  also objects to the definitions of "document" as being overly broad as to scope and

3  time, unduly burdensome, oppressive, and to the extent that it impermissibly

4  attempts to shift the cost of production of data to Plaintiff in violation of Federal

5  Rule of Civil Procedure 26(b)."

6  <u>Request for Production 80</u>: "All DOCUMENTS, including

7  COMMUNICATIONS, about the LATER SERVANT SCRIPT, *see* FAC ¶ 100."

8  <u>Plaintiff's Response to Request for Production 80</u>: Verbatim as response to

9  Request for Production 79.

10  <u>Request for Production 81</u>: "All COMMUNICATIONS attaching or

11  discussing any script of SERVANT."

12  <u>Plaintiff's Response to Request for Production 81</u>: Verbatim as response to

13  Request for Production 79.

14  <u>Defendants' Position</u>: In Plaintiff's May 22, 2023 Response, Plaintiff did not

15  address these requests in her response, nor did she offer any narrowing proposals.

16  Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol

17  Decl. Ex. 6.

18  These requests are clearly relevant to this dispute as they relate to Plaintiff's

19  allegations in her FAC ¶¶ 94, 100 about scripts of Defendants' allegedly infringing

20  work.  Further, Defendants are entitled to explore in discovery, among other issues,

21  the timing of Plaintiff's access to these scripts as well as the nature of her

22  communications regarding them.  Defendants request that the Court order Plaintiff

23  to produce all non-privileged documents responsive to these Requests.

24  <u>Plaintiff's Position</u>: These demands are grossly overly broad and do not seek

25  relevant, proportional information. They appear to be "catchall" requests seeking

26  any document that references the *Servant* scripts. But Plaintiff has already

27  responded to requests for documents seeking communications regarding *Servant*.

28  [See e.g., RFP Nos. 44-54, 68-72.] The requests are further not limited in time.

Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The demands do not advance the purposes of discovery. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Despite the requests' overbreadth, as a compromise, Plaintiff is willing to supplement the responses to produce relevant, non-privileged communications with third parties concerning the *Servant* scripts created before the lawsuit was filed.

### p.      Request for Production 82

Request for Production 82: "All DOCUMENTS, including COMMUNICATIONS, about BERLIN STATION, *see* FAC ¶ 52."

Plaintiff's Response to Request for Production 82: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity. Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

    Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not address this request in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement it.  Jampol Decl. Ex. 6.

    This request is clearly relevant to this dispute as it relates to Plaintiff's theory of Tony Basgallop's alleged access to EMANUEL, as described in Plaintiff's response to Tony Basgallop's Interrogatory No. 1 as well as in the FAC ⁋ 52. Defendants would be willing to narrow this Request to documents related to Plaintiff's pitch for and/or potential to direct *Berlin Station* episodes, as referenced in FAC ⁋ 52.  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to this Request, as narrowed by Defendants.

    Plaintiff's Position: Plaintiff has properly objected to this demand seeking all documents about a television series that is not at issue here. Information concerning

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  any job submission Plaintiff may have made is highly sensitive and confidential.

2  Defendants' motion should be denied. Plaintiff has agreed to produce documents

3  regarding any submission Plaintiff claims was made to Tony Basgallop (or any of

4  the Defendants) for Plaintiff to direct episodes of *Berlin Station*. That should be

5  enough. Discovery is broad. It is not unlimited. "Parties may obtain discovery

6  regarding any nonprivileged matter that is relevant to any party's claim or defense

7  and proportional to the needs of the case, considering the importance of the issues at

8  stake in the action, the amount in controversy, the parties' relative access to relevant

9  information, the parties' resources, the importance of the discovery in resolving the

10  issues, and whether the burden or expense of the proposed discovery outweighs its

11  likely benefit." Fed. R. Civ. P. 26(b)(1).

12       This demand furthers does not advance the purposes of discovery.

13  "Generally, the purpose of discovery is to remove surprise from trial preparation so

14  the parties can obtain evidence necessary to evaluate and resolve their dispute."

15  *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

16       **q.       Request for Production 84**

17       Request for Production 84: "All DOCUMENTS, including

18  COMMUNICATIONS, supporting YOUR contention in ¶ 51 of the FAC that

19  "[EMANUEL] was widely disseminated to the public beginning in 2013."

20       Plaintiff's Response to Request for Production 84: Responding Party

21  incorporates the General Objections as if fully set forth here. Responding Party

22  objects to this request on the grounds that it is vague and ambiguous. Responding

23  Party objects to this request to the extent it includes general instructions and

24  definitions which render it improper, objectionable, and/or contrary to discovery

25  rules and statutes; Responding Party objects to this request as premature to the

26  extent it seeks documents and information that are the subject of expert discovery.

27  Responding Party further objects that the demand is overbroad and unduly

28  burdensome, including because the categories of documents to be produced are not

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

specified with reasonable particularity, and the request is so sweeping that its
boundaries are difficult to identify. Responding Party also objects to the definitions
of "document" as being overly broad as to scope and time, unduly burdensome,
oppressive, and to the extent that it impermissibly attempts to shift the cost of
production of data to Plaintiff in violation of Federal Rule of Civil Procedure
26(b)."

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not
address this request in her response, nor did she offer any narrowing proposals.
Accordingly, Defendants assume Plaintiff declines to supplement it.  Jampol Decl.
Ex. 6.

This request is clearly relevant to this dispute as it relates to a key contention
made by Ms. Gregorini in the FAC ¶ 51 in support of her theory of access, i.e., that
*Emanuel* was "widely disseminated to the public beginning in 2013."  Defendants
request that the Court order Plaintiff to produce all non-privileged documents
responsive to this Request.

Plaintiff's Position: To the extent Plaintiff did not address this request in her
May 22 letter it was an oversight. Defendants did not specifically raise this request
during the parties' truncated meet and confer efforts. Plaintiff agrees to provide a
supplemental response to produce responsive non-privileged documents in her
possession, custody, or control, if any, supporting her contention that *Emanuel* was
widely distributed to the public beginning in 2013.

### r.  Request for Production 93

Request for Production 93: All non-privileged COMMUNICATIONS
between YOU and any news, entertainment, or third-party media about this lawsuit,
including but not limited to YOUR statements referenced in Sophie Gilbert, "The
Filmmaker Who Says M. Night Shyamalan Stole Her Movie," *The Atlantic* (Jan. 15,
2020), https://www.theatlantic.com/entertainment/archive/2020/01/servant-the-
truth-about-emanuel-lawsuit-apple-m-night-shyamalan/604936/."

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Plaintiff's Response to Request for Production 93**: "Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same. Responding Party objects to this demand on the grounds that it is vague and ambiguous; the demand further is incomplete and improperly requires reference to other documents to be understood. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

**Defendants' Position**: In Plaintiff's May 22, 2023 Response, Plaintiff did not address this request in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement it.  Jampol Decl. Ex. 6.

This request is clearly relevant to this dispute as Plaintiff specifically references *The Atlantic* article in her complaint (FAC ¶17) and Defendants are entitled to explore that allegation in discovery.  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to this Request.

**Plaintiff's Position**: To the extent Plaintiff did not address this request in her May 22 letter it was an oversight. Defendants did not specifically raise this request

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

during the parties' truncated meet and confer efforts. Plaintiff agrees to provide a supplemental response to this request.

### s.   Request for Production 97

Request for Production 97: "All DOCUMENTS, including COMMUNICATIONS, relating to all profits earned in connection with EMANUEL."

Plaintiff's Response to Request for Production 97: Verbatim as response to Request for Production 95.

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not address this request in her response, nor did she offer any narrowing proposals. Accordingly, Defendants assume Plaintiff declines to supplement them.  Jampol Decl. Ex. 6.

This request is clearly relevant to this dispute as it relates to profits pertaining to Plaintiff's allegedly infringed work, and therefore Plaintiff's alleged actual damages.  Defendants request that the Court order Plaintiff to produce all non-privileged documents responsive to this Request.

Plaintiff's Position: Plaintiff stands on her objections that these interrogatories seek information that is not susceptible to discovery and are overly broad, burdensome, and harassing. The only basis Defendants raise for receiving a further response to these interrogatories is Defendants' alleged need to examine Plaintiff's "actual damages."  Plaintiff has agreed, however, to withdraw her claim for actual damages. [Waller Decl., ¶ 29, Exhibit B.] Defendants offered no other rationale for pursuing a further response to these interrogatories. Defendants' motion should be denied.

Discovery is broad. It is not unlimited. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  information, the parties' resources, the importance of the discovery in resolving the

2  issues, and whether the burden or expense of the proposed discovery outweighs its

3  likely benefit." Fed. R. Civ. P. 26(b)(1).

4       These requests further do not advance the purposes of discovery. "Generally,

5  the purpose of discovery is to remove surprise from trial preparation so the parties

6  can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco*

7  *Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

8      **t.**    **Requests for Production 99-104**

9      <u>Request for Production 99</u>: "All DOCUMENTS, including

10  COMMUNICATIONS, relating to any opportunities for YOU to direct any

11  television, film, theatrical, commercial or other project since the release of

12  EMANUEL until the release of SERVANT."

13      <u>Plaintiff's Response to Request for Production 99</u>: "Responding Party

14  incorporates the General Objections as if fully set forth here. Responding Party

15  objects on the grounds that the information sought is protected from disclosure by

16  the attorney work-product doctrine, the attorney-client privilege, and/or another

17  applicable privilege or immunity. Responding Party objects on the ground that the

18  information sought is protected from disclosure by the right to privacy provided by

19  any statute and/or under the Constitution of the United States and/or State of

20  California. Responding Party objects on the ground that the information sought is

21  not sufficiently related to any of the claims, allegations, or defenses in this case; and

22  the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

23  vexatious seeking information that is neither relevant to this case, nor likely to lead

24  to the discovery of admissible evidence. In addition, any minimal probative value of

25  the requested information or documents is outweighed by the burden of gathering

26  and producing same. Responding Party objects on the ground that the request seeks

27  information containing trade secret or other confidential, competitively sensitive, or

28  proprietary business information or that would require Plaintiff to violate any

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

confidentiality agreement or any court order pertaining to confidentiality. Responding Party objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify. Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b)."

Request for Production 100: "All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to direct any television, film, theatrical, commercial or other project since the release of SERVANT."

Plaintiff's Response to Request for Production 100: Verbatim as response to Request for Production 99.

Request for Production 101: "All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to write for any television, film, theatrical, commercial or other project since the release of EMANUEL until the release of SERVANT."

Plaintiff's Response to Request for Production 101: Verbatim as response to Request for Production 99.

Request for Production 102: "All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to write for any television, film, theatrical, commercial or other project since the release of SERVANT."

Plaintiff's Response to Request for Production 102: Verbatim as response to Request for Production 99.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Request for Production 103: "All DOCUMENTS, including
COMMUNICATIONS, relating to any opportunities for YOU to produce any
television, film, theatrical, commercial or other project since the release of
SERVANT."

Plaintiff's Response to Request for Production 103: Verbatim as response to
Request for Production 99.

Request for Production 104: "All DOCUMENTS, including
COMMUNICATIONS, relating to any opportunities for YOU to produce any
television, film, theatrical, commercial or other project since the release of
EMANUEL until the release of SERVANT."

Plaintiff's Response to Request for Production 104: Verbatim as response to
Request for Production 99.

Defendants' Position: In Plaintiff's May 22, 2023 Response, Plaintiff did not
address these requests in her response, nor did she offer any narrowing proposals.
Accordingly, Defendants assume Plaintiff declines to supplement them. Jampol
Decl. Ex. 6.

These requests are clearly relevant to this dispute as Defendants are entitled
to explore Plaintiff's damages claims in discovery. Defendants are willing to
narrow these requests to documents sufficient to show and/or identify any
opportunities for Plaintiff to direct, write, and produce any television, film,
theatrical, commercial, or other project in the two periods between the release of
*Emanuel* and the release of *Servant* and after the release of *Servant*; and documents
sufficient to show total payments for any such roles.

Plaintiff's Position: After serving the Joint Stipulation, Defendants agreed to
withdraw their motion as to Requests for Production Nos. 99-104. [Waller Decl., ¶
33, Ex. F.] These discovery requests are therefore not under consideration by the
Court and may be disregarded. Based on Defendants' representation that these
requests are withdrawn, Plaintiff does not address them here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
(213) 633-6800
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

C. **Defendants' Requested Resolution**

Close to one month before the end of fact discovery, Plaintiff has yet to produce a single document.  Defendants request that Plaintiff be ordered to immediately supplement her responses to all interrogatories identified above, as well as produce all documents to the requests for production as identified above. Those supplementary responses and production should be served no later than one week after the Court so orders.  Defendants further request that the parties set a date for the deposition of Francesca Gregorini.  Finally, Defendants request that the Court order a monetary award to Defendants requiring that Plaintiff pay all attorney fees incurred by Defendants in pursuing this motion to compel.

D. **Plaintiff's Requested Resolution**

Defendants waited seven months *after* this case was remanded to this Court to serve any discovery whatsoever. Defendants then served twelve sets of discovery including dozens of interrogatories and hundreds of document demands. Defendants' discovery was so broad as to essentially demand Plaintiff reveal every bit of information and produce every document that has ever existed concerning Plaintiff, her work, and her life. After receiving certain extensions, Plaintiff timely responded to the discovery. Defendants then waited an additional *seven weeks* before raising any concerns regarding Plaintiff's responses. [Waller Decl., ¶ 15.]

Plaintiff acted diligently and immediately in responding to the alleged deficiencies Defendants ultimately raised. But Defendants were not interested in resolving any actual discovery dispute. Instead, four days after Plaintiff responded in writing to Defendants' raised concerns and offered to supplement her responses and work to resolve the disputes, Defendants served this motion to compel. [Id., ¶¶ 28, 30.] Defendants served their motion on the Friday afternoon before a holiday weekend without further notice to or discussion with Plaintiff. Defendants insisted on moving forward with the motion to compel even as they acknowledged some of the requests should be withdrawn.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants refused to engage in any discussion with Plaintiff about her proposals to resolve the disputes prior to serving the motion. Defendants' conduct is untoward and not in keeping with the goal of discovery, "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Defendants should not be rewarded for failing to engage in any good faith effort to resolve discovery disputes. Plaintiff requests that the Court deny Defendants' motion in total and order a monetary award to Plaintiff requiring that Defendants pay all attorney fees incurred by Plaintiff in opposing this motion to compel.

### III.    CASE SCHEDULE

In accordance with Local Rule 37-2.1, a copy of the order establishing the case schedule (ECF No. 100) is attached to this joint stipulation.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  DATED: June 6, 2023

2

3

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

4  By: /s/ *Nicolas A. Jampol*

5          Nicolas A. Jampol

6  Attorneys for Defendants

7  DATED: June 6, 2023

8

ERIKSON LAW GROUP

9  By:    /s/ *Antoinette Waller*

10          Antoinette Waller

11  Attorneys for Plaintiff Francesca Gregorini

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

91

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# FILER'S ATTESTATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I attest that all signatories listed and on whose behalf this filing is submitted concur in the filing's content and have authorized this filing.


DATED: June 6, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

By: /s/ Nicolas A. Jampol
     Nicolas A. Jampol

Attorneys for Defendants

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4869-4433-5464v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANCESCA GREGORINI,

               Plaintiff,

     v.

APPLE INC., ET AL.,

               Defendants.

Case No. 2:20-cv-00406-SSS-JCx

**CIVIL TRIAL ORDER**

-1-

# I. Schedule

## A. Scheduling Order

The Scheduling Order governing this action is set forth in the Schedule of Pretrial and Trial Dates chart below. The box in the upper right-hand corner of the chart states whether the trial will be by jury or the Court. If the parties[1] seek to set additional dates, they may file a Stipulation and Proposed Order. This may be appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

The parties should refer to the Court's Civil Standing Order for requirements regarding specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to Chambers, alternative dispute resolution, and other matters pertaining to all cases. A copy of the Court's Civil Standing Order is available on Judge Sykes' webpage at https://www.cacd.uscourts.gov/honorable-sunshine-s-sykes. Both the Court and all counsel bear responsibility for the progress of this litigation.

"Counsel," as used in this Order, includes parties appearing pro se.[2]

All emailed submissions to Chambers referred to in this Order must be in Microsoft Word ("Word") format and emailed to SSS_Chambers@cacd.uscourts.gov.

---

[1] The term "parties" includes unrepresented parties—that is parties without attorneys, also referred to as "pro se litigants"—as well as counsel for represented parties.

[2] This Court does not exempt pro se litigants from compliance with the Federal Rules of Civil Procedure, the applicable Local Civil Rules of the Central District of California ("Local Rules"), and this Court's standing orders and online procedures and schedules. *See* Local Rules 1-3 and 83-2.2.3.

# DISTRICT JUDGE SUNSHINE SYKES
# SCHEDULE OF PRETRIAL AND TRIAL DATES

| **Case No.:** 2:20-cv-00406-SSS-JC | **Case Name:** *Francesca Gregorini v. Apple Inc. et al.* |
|---|---|

| **Trial and Final Pretrial Conference Dates**<br>**Note:** Trial shall begin on Mondays at 9:00 a.m.<br>**Final Pretrial Conference shall be on Fridays at 1:00 p.m.** | **Court Order** |
|---|---|
| Trial | **Mon, 01/08/2024**<br><br>☒ Jury Trial<br>☐ Bench Trial<br>Estimated Duration: 3 Days |
| Final Pretrial Conference ("FPTC") [L.R. 16] | **Fri, 12/15/2023** |

| **Event**<br>**Note: All deadlines shall be on Fridays.**<br>**Hearings shall be on Fridays at 2:00 p.m.** | **Court Order** |
|---|---|
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties | CLOSED |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motions) | Fri, 07/14/2023 |
| Expert Disclosure (Initial) | Fri, 06/16/2023 |
| Expert Disclosure (Rebuttal) | Fri, 06/30/2023 |
| Expert Discovery Cut-Off | Fri, 07/14/2023 |
| Last Date to <u>Hear</u> Motions<br>• Rule 56 Motions are due at least 7 weeks before hearing; Rule 56 Opposition due at least 5 weeks before hearing; Rule 56 Reply due at least 4 weeks before hearing.<br>• Briefing deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | Fri, 09/29/2023 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | Fri, 10/20/2023<br><br>☐ 1. Magistrate Judge<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation |
| Deadline to File Motions in Limine | Fri, 11/03/2023 |
| Deadline for Oppositions to Motions in Limine | Fri, 11/17/2023 |
| Trial Filings (first round)<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | Fri, 11/17/2023 |
| Trial Filings (second round)<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only) | Fri, 12/01/2023 |

| • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | |
|---|---|
| Hearing on Motions in Limine | Fri, 12/01/2023 |

**B.**     **Final Pretrial Conference/Proposed Final Pretrial Conference Order**

The Court has set a Final Pretrial Conference ("FPTC") pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-8.  The Court requires strict compliance with Federal Rules of Civil Procedure 16 and 26, and Local Rule 16.  Each party appearing in this action must be represented at the FPTC by lead trial counsel.[3]  The parties should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulation to undisputed facts, and qualification of experts by admitted resumes.

A proposed Final Pretrial Conference Order ("Proposed FPTCO") shall be filed and emailed to Chambers at least two (2) weeks before the FPTC.  A template for the Proposed FPTCO is available on Judge Sykes' webpage.  The parties **must** use this template.

In specifying the surviving pleadings under Section 1 of the Proposed FPTCO, the parties are to state which claims or counterclaims have been dismissed or abandoned (*e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed.").  Additionally, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, the parties are to specify to which party or parties each claim or counterclaim is directed.

The parties must attempt to agree on and set forth as many uncontested facts as possible.  The Court will read the uncontested facts to the jury at the start of trial.  A carefully drafted and comprehensively stated stipulation of facts will shorten the trial

---

[3]  The Court has a strong commitment to fostering the development of new and diverse lawyers in the legal community.  Consequently, the Court strongly encourages litigants to provide opportunities for less experienced lawyers or lawyers whose identities and/or backgrounds further the diversity of the legal profession to participate in trial and in the FPTC, particularly where they contributed significantly to the underlying issue or prepared the witness.  Of course, the ultimate decision of who speaks on behalf of the client is for the client and not the Court.

and generally increase the jury's understanding of the case.

In drafting the factual issues in dispute, the parties should list the ultimate facts in dispute and should not argue the sufficiency of the evidence to prove or disprove each fact. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

Issues of law should state legal issues on which the Court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

## II. <u>Trial Preparation</u>

The parties must comply with Local Rule 16. Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person six (6) weeks in advance to prepare for the FPTC. The parties must comply with Local Rule 16-2, except where the requirements set forth in this Order differ from or supplement those contained in Local Rule 16. The Court may take the FPTC and trial off calendar or impose other sanctions for failure to comply with these requirements.

### A. **Requirements for Pretrial Documents**

**All pretrial documents**, including any amended documents**, shall be filed and emailed** to Chambers the day they are due.

#### 1. **Motions in Limine**

Motions in limine (including *Daubert* motions) shall be scheduled for hearing (2) weeks before the FPTC. The Court may rule orally instead of in writing. Motions in limine and oppositions must not exceed ten (10) pages in length. The parties are limited to five (5) motions each unless the Court grants leave to file additional motions.

Before filing a motion in limine, the parties must meet and confer to determine whether the opposing party intends to introduce the disputed evidence and attempt to reach an agreement that would obviate the need for the motion. Motions in limine should address specific issues (*e.g.*, not "to exclude all hearsay"). Motions in limine

should not be disguised motions for summary adjudication of issues.

The Mandatory Chambers Copy of all motions in limine and associated exhibits must be provided in a three-ring binder. Plaintiffs' and Defendants' motions should be placed together in a single 3-inch binder if possible; if these materials do not fit easily into a 3-inch binder, the parties may submit separate binders. In either case, each motion should be tabbed and accompanied by the corresponding Memorandum of Opposition.

### 2. Withdrawal of and Non-Opposition to Pretrial Motions

Per Local Rule 7-16, any moving party who intends to withdraw its motion prior to the hearing date, or any opposing party who no longer intends to oppose a motion, must promptly file and serve a notice of withdrawal of the motion or opposition. Failure to comply with this notification requirement may result in sanctions against the offending counsel or party.

### 3. Witness Lists

Witness Lists must be in the format specified in Local Rule 16-5, and must identify all potential witnesses, including for each witness: (1) a brief description of the testimony; (2) the reasons the testimony is unique and not redundant; and (3) a time estimate in hours for direct and cross-examination. The parties must use the template posted on Judge Sykes' webpage.

Any Amended Witness List must be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

### 4. Joint Exhibit List

The Joint Exhibit List must be in the format specified in Local Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections. The parties must use the template posted on Judge Sykes' webpage. Any Amended Joint Exhibit List must be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

### 5.      Case-Specific Glossary

The parties must provide a case-specific glossary for the Court Reporter that includes applicable medical, scientific, or technical terms, slang, case names likely to be cited, street/city/country names, all parties/agents/departments/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology.

### 6.      Jury Instructions (Jury Trials Only)

The parties must make every effort to agree upon jury instructions before submitting proposals to the Court.  The Court expects the parties to agree on the substantial majority of instructions, particularly when pattern or model jury instructions exist and provide a statement of applicable law.  The parties shall meet and confer regarding jury instructions according to the following schedule:

- Five (5) weeks before the FPTC: The parties shall exchange proposed general and special jury instructions.
- Four (4) weeks before the FPTC: The parties shall exchange any objections to the instructions.
- Three (3) weeks before the FPTC: The parties shall meet and confer with the goal of reaching agreement on one set of Joint Proposed Jury Instructions.
- Two (2) weeks before the FPTC: The parties shall file and email to Chambers clean and redline sets of: (1) their Joint Agreed Upon Proposed Jury Instructions; and (2) their Disputed Jury Instructions.  The redline sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction.  Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially.  If there are excessive or frivolous disagreements over jury instructions, the Court will order the parties to meet and confer immediately until they substantially

narrow their disagreements.

<u>Sources</u>: When the *Manual of Model Jury Instructions for the Ninth Circuit*[4] provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of the case. Where California law applies, the parties should use the current edition of the *Judicial Council of California Civil Jury Instructions*[5] ("CACI"). If neither applies, the parties should consult the current edition of O'Malley, et al., *Federal Jury Practice and Instructions*. The parties may submit alternatives to these instructions only if there is a reasoned argument that they do not properly state the law or are incomplete. The Court seldom gives instructions derived solely from case law.

<u>Format</u>: Each requested instruction shall: (1) cite the authority or source of the instruction; (2) be set forth in full; (3) be on a separate page; (4) be numbered; (5) cover only one subject or principle of law; and (6) not repeat principles of law contained in any other requested instruction. If a standard instruction has blanks or offers options (*e.g.*, for gender[6]), the parties must fill in the blanks or make the appropriate selections in their proposed instructions.

<u>Index</u>: All proposed jury instructions must have an index that includes the number, title, source, and page number for each instruction, as illustrated below:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Trademark-Defined (15.U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

---

[4] The Manual of Model Jury Instructions for the Ninth Circuit may be found on the Ninth Circuit's website at https://www.ce9.uscourts.gov/jury-instructions/model-civil.

[5] The CACI may be found on the California Court website at https://www.courts.ca.gov/partners/317.htm.

[6] Per the Court's Civil Standing Order, litigants and counsel may indicate their honorifics by filing a letter, adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

Counsel also shall list the instructions in the order they will be given and indicate whether the instruction shall be read before opening statements, during trial, or before closing arguments.

During the trial and before closing argument, the Court will meet with the parties to finalize the instructions.  At that time, the parties will have an opportunity to make an oral record concerning their objections.  Each member of the jury will be given their own copy of the instructions during deliberations.  Accordingly, counsel must email Chambers a "clean" set of all instructions in Word format, containing only the text of each instruction, set forth in full on each page, with the caption "Instruction No. __" (eliminating the title and source of the instruction, supporting authority, etc.).

### 7.    Joint Verdict Forms (Jury Trials Only)

The parties shall make every effort to agree on a general or special verdict form before submitting proposals to the Court.  If the parties are unable to agree on a verdict form, the parties shall file and email to Chambers one document titled "Competing Verdict Forms" which shall include: (1) the parties' respective proposed verdict form; (2) a redline of any disputed language; and (3) the factual or legal basis for each party's respective position.  The Court may opt to use a general verdict form if the parties are unable to agree on a special verdict form.

### 8.    Joint Statement of the Case (Jury Trials Only)

The parties shall file and email to Chambers a Joint Statement of the Case for the Court to read to the prospective jurors before commencement of voir dire.  The joint statement should be brief, neutral, and not more than one page in length.

### 9.    Proposed Voir Dire Questions (Jury Trials Only)

The Court will conduct the voir dire.  Generally, a jury in a civil action will consist of eight (8) jurors.  In most cases, the Court will question all prospective jurors on the jury panel.  The Court asks prospective jurors basic biographical questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.) and questions going to their ability to be fair and impartial and carry out the

duties required, and may ask additional case-specific questions.  The parties may file and email to Chambers any proposed case-specific voir dire questions for the Court's consideration.  If the Court considers the questions proper, it will pose the questions to the prospective jurors.

Each side has three (3) peremptory challenges.  All challenges for cause and all *Batson* challenges shall be made at side bar or otherwise outside the prospective jurors' presence.  The Court will not necessarily accept a stipulation to a challenge for cause.  After all challenges have been exercised, the remaining jurors in the eight (8) lowest numbered seats will be the jury.

### 10. Proposed Findings of Fact and Conclusions of Law (Bench Trials Only)

For any trial requiring findings of fact and conclusions of law, each party shall file and email to Chambers its Proposed Findings of Fact and Conclusions of Law in the format specified in Local Rule 52-3.

The parties may file and email to Chambers Supplemental Proposed Findings of Fact and Conclusions of Law during the trial.  Once trial concludes, the Court may order the parties to file and email to Chambers Revised Proposed Findings of Fact and Conclusions of Law.

### 11. Declarations of Direct Testimony (Bench Trials Only)

When ordered by the Court in a particular case, each party shall file and email to Chambers declarations containing the direct testimony of each witness whom that party intends to call at trial.  If such declarations are filed, each party shall file and email to Chambers any evidentiary objections to the declarations submitted by any other party.  Such objections shall be submitted in the following three-column format: (1) the left column should contain a verbatim quote of each statement objected to (including page and line number); (2) the middle column should set forth a concise legal objection (*e.g.*, hearsay, lacks foundation, etc.) with a citation to the corresponding Federal Rule of Evidence or, where applicable, a case citation; and (3)

-10-

the right column should provide space for the Court's ruling on the objection. The Court anticipates issuing its ruling on the objections during the FPTC.

**B.     Trial Exhibits**

Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders. The parties shall submit to the Court three (3) sets of binders: one (1) binder with the original set of trial exhibits, and two (2) binders with copies of trial exhibits. The original set of exhibits shall be for use by the jury during its deliberations, and the two sets of copies are for the Court. **The parties must prepare additional copies of exhibits for their own use and for use by witnesses**. The parties must review the exhibit list and exhibit binders with the Courtroom Deputy Clerk ("CRD") before the admitted exhibits will be given to the jury.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side. Exhibits shall be numbered sequentially as 1, 2, 3, etc., **not** 1.1, 1.2, etc. *See* Local Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers shall not duplicate Plaintiff's numbers. The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

The **original exhibits** shall bear the official exhibit tags (yellow tags for Plaintiff's exhibits and blue tags for Defendant's exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag. Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the Central District of California's website.

The **copies of exhibits** must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side.

In addition to the three (3) sets of binders mentioned above, the parties must also submit to the Court a USB flash drive containing .pdf versions of all exhibits. The USB flash drive must be delivered to Judge Sykes' "Courtesy Box" located

outside of Courtroom 2 on the 2nd floor at the United States District Court, 3470 12th Street, Riverside, California 92501, no later than 12:00 p.m. (noon) on Friday, three (3) days before the start of trial. Plaintiff's exhibits must be placed in a separate folder from Defendant's exhibits, and the document file names **must** include the exhibit number and a brief description of the document (*e.g.*, "Ex. 1 – Smith Declaration.pdf" or "Ex. 105 – Letter Dated 1-5-20.pdf").

The Court provides audio/visual equipment for use during trial. The parties are encouraged to use it. More information is available at http://www.cacd.uscourts.gov/clerk-services/courtroom-technology. If counsel wishes to arrange for the use of additional equipment beyond what is ordinarily available in the courtroom, counsel shall email Chambers at least one (1) week before trial so that the necessary arrangements may be made.

The Court does not permit exhibits to be "published" to the jurors before they are admitted into evidence. Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom.

Weapons used as exhibits must remain in the custody of a law enforcement agent during the pendency of the trial. It shall be the responsibility of the agent to produce any such items for court, secure them at night, and guard them at all times while in the courtroom. The party using any such exhibit must notify the United States Marshals Service well in advance if weapons or contraband are to be brought into the courthouse.

If electronic equipment must be brought into the courtroom for trial, counsel shall make prior arrangements with the Court Security. Notice must be given to the CRD at SSS_Chambers@cacd.uscourts.gov no later than four (4) days before trial.

The parties must meet and confer no later than ten (10) days before trial to stipulate as much as possible to foundation, waiver of the best evidence rule, and exhibits that may be received into evidence at the start of the trial. All such exhibits should be noted as admitted on the Court and CRD's copy of the exhibit list.

-12-

### III. Materials to Present on First Day of Trial

The parties must present the following materials to the CRD on the first day of trial:

1. The **three sets of binders** described above, with one (1) original set of trial exhibits for the jury, and two (2) copies of trial exhibits for the Court.

2. Any **excerpts of deposition transcripts** to be used at trial, either as evidence or for impeachment.  These lodged depositions are for the Court's use.  **The parties must use their own copies during trial.**

### IV. Court Reporter

Any party requesting special court reporter services for any hearing shall notify Court Reporting Services at least two (2) weeks before the hearing date.[7]

### V. Daily Schedule for Jury Trials

Trial days are generally Monday through Thursday, from 9:00 a.m. to 4:30 p.m. with two ten-minute breaks and a one-and-a-half hour lunch break.  Fridays are usually reserved for the Court's calendar.  As a result, trial will not be held on Fridays unless the jury is deliberating or the Court's calendar allows trial to proceed.  The exact dates and times of trial proceedings will be determined at the Final Pretrial Conference and on a case-by-case basis.  The Court may consider the expected length of trial, the witnesses and evidence to be presented, and the availability of counsel and the parties.

On the first day of trial, the parties must appear at 8:30 a.m. to discuss preliminary matters with the Court.  Thereafter, legal and administrative matters will be addressed between 8:30 a.m. and 9:00 a.m. or 1:00 p.m. and 1:30 p.m.  All counsel are urged to anticipate matters that may need to be addressed outside of the presence

---

[7] Additional information regarding Court Reporting Services may be found on the Central District of California's website at http://www.cacd.uscourts.gov/court-reporting-services.

-13-

of the jury and to raise them during this period, during breaks, or at the end of the day. The Court does not make jurors wait while counsel discuss matters that should or could have been addressed at other times. Counsel are urged to consider any unusual substantive or evidentiary issues that may arise, and to advise the Court of such issues. Short briefs addressing such disputed issues are welcome.

Before trial begins, and as soon as the information becomes available to counsel, counsel should advise the Court of any concerns or accommodations that are requested for parties or witnesses. During trial, if there are any matters to be discussed outside the presence of the jury, counsel shall advise the CRD of the request. The Court discourages sidebars during trial unless the issue cannot be resolved at an upcoming break.

The Court will call a jury panel only when it is satisfied the case is ready for trial. Jury selection usually takes only a few hours. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

## VI.  Conduct of Attorneys and Parties

### A.  Meeting and Conferring Throughout Trial

The parties **must** continue to meet and confer on all issues that arise during trial. The Court will not rule on any such issue unless the parties have attempted to resolve it first.

### B.  Opening Statements, Witness Examinations, and Summation

Counsel shall not discuss the law or argue the case in opening statements. Counsel must use the lectern. Counsel should not consume jury time by writing out words and drawing charts or diagrams. All such aids must be prepared in advance. When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and witness examinations.

### C.  Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make

speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection.  If counsel wishes to argue an objection further, counsel must seek permission from the Court.

**D.     Closing Arguments and Post-Trial Briefs (Bench Trials Only)**

For an overview and review of the evidence presented during trial, the Court will rely on the parties' closing arguments.  In delivering closing arguments, the parties shall use their respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports their proposed findings. The Court will not accept post-trial briefs unless it finds that circumstances warrant additional briefing and such briefing is specifically authorized.

**E.     General Decorum While in Session**

1.     Counsel must not approach the CRD, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.

2.     Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.[8]

3.     Counsel must address all remarks to the Court.  Counsel must not address the CRD, the Court Reporter, persons in the audience, or opposing counsel.  Any request to re-read questions or answers shall be addressed to the Court.  Counsel must ask the Court's permission to speak with opposing counsel.

4.     Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen

---

[8]  Any party who is unable to rise, by reason of disability or otherwise, should inform the Court in advance.

-15-

(14).

5. Counsel must address or refer to witnesses, counsel, parties, and court personnel by their surnames, pronouns, and honorifics, unless leave to do otherwise is granted.

6. Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

7. Counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

8. Counsel must refrain from interrupting any other person in the courtroom when someone else is speaking.

9. Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel shall instruct their clients and witnesses not to engage in such conduct.

10. Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

11. Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

12. Bottled water is permitted in the courtroom. Food and other beverages are not permitted. Cell phones must be silenced or may be confiscated.

**F.  Promptness**

1. The Court expects the parties, counsel, and witnesses to be

punctual. Once the parties and their counsel are engaged in trial, the trial must be their priority. The Court will not delay progress of the trial or inconvenience jurors.

2. If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

3. The parties must notify the CRD in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.

4. No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

5. The Court generally will accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

**G.  Exhibits**

1. No document shall be placed before a witness unless a copy has first been provided to the Court and opposing counsel. The Court does not permit exhibits to be "published" to the jury by passing them up and down the jury box. Exhibits may be displayed briefly using the screen in the courtroom unless the process becomes too time-consuming.

2. Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

3. Counsel are responsible for any exhibits they secure from the CRD and must return them before leaving the courtroom.

4. Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

5. Counsel must inform the CRD of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

6. When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same.

7. Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. All demonstrative aids must be prepared fully in advance of the day's trial session.

8. Counsel are required to seek to admit any items of evidence whose admissibility has not yet been stipulated to while the witness authenticating the exhibit is on the stand, so that any issues or concerns that arise may be addressed immediately.

**H. Depositions**

1. In using deposition testimony of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

   a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends and allow time for any objection. Counsel may then read the portions of the deposition into the record.

   b. If counsel wishes to ask the witness further questions on the

subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently.  Then, counsel either may ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask further questions.  **Counsel should have available for the Court and the witness extra copies of the deposition transcript for this purpose.**

2.  Where a witness is absent and the witness's testimony is to be offered by deposition, counsel may either:

a.  have an individual sit on the witness stand and read the testimony of the witness while the examining lawyer asks the questions; or

b.  have counsel read both the questions and the answers.

## I.  Using Numerous Answers to Interrogatories and Requests for Admission

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy discovery responses, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted.  **Copies of this new document must be provided to the Court and the opposing party.**

## J.  Advance Notice of Unusual or Difficult Issues

If any party anticipates that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, that party **must** give the Court advance notice.  The parties must notify the CRD immediately of any unexpected legal issue that could not have been foreseen and addressed in advance.  To the extent such issue needs to be addressed outside the jury's presence, the relevant party must inform the CRD before jurors are excused for the day to minimize the time

Rev. 7/21/22

-19-

jurors are kept waiting.  The Court expects all parties to work diligently to minimize delays and avoid keeping jurors waiting.

### K.    Continuances of Pretrial and Trial Dates

Requests for continuances of pretrial or trial dates must be by motion, stipulation, or application and must be supported by a declaration setting forth the reasons for the request.  The declaration must include a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance, dating back to the filing of the complaint, stating the steps the parties have taken to advance the litigation, demonstrating why the remaining steps could not have been performed within the applicable deadlines, and stating whether any previous requests for continuances have been made and whether these requests were granted or denied by the Court.  The Court will not grant requests to continue pretrial or trial dates absent this detailed showing.  General statements are insufficient to establish good cause.

If the parties jointly request a continuance, the request should clearly state that the government and defendant(s) agree.  If the case is complex, one or more parties require additional time to prepare for trial, or other circumstances apply necessitating a continuance, the request should so state and describe in detail.

A list of counsel's upcoming scheduled trials in other actions will not support a showing of good cause absent the following information regarding each such action listed: (1) the case name, case number, court where the action is pending, and the initials of the district judge or name of the state court judge assigned to each action; (2) the age of the action; (3) the nature of the offense(s) charged and complexity of the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the number of continuances previously granted; (7) the parties' trial readiness; (8) the estimated likelihood a future continuance will be requested; and (9) the likelihood the trial will proceed on the scheduled date.

1   Any request for continuance of trial must be filed no later than one (1) week
2   prior to the Final Pretrial Conference.  Requests extending dates set by the Court are
3   not effective unless approved by the Court.
4   **IT IS SO ORDERED.**
5
6   Dated: August 26, 2022
7   _____
8   SUNSHINE S. SYKES
    United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28