1 | NICOLAS A. JAMPOL (State Bar No. 244867)
nicolasjampol@dwt.com
2 | CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
cydneyfreeman@dwt.com
3 | MEENAKSHI KRISHNAN (*pro hac vice*)
meenakshikrishnan@dwt.com
4 | SAMANTHA LACHMAN (State Bar No. 331969)
samlachman@dwt.com
5 | DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
6 | Los Angeles, California 90017-2566
Tel.:  (213) 633-6800; Fax:  (213) 633-6899
7 |
Attorneys for Defendants
8 | BLINDING EDGE PICTURES, INC.; UNCLE
GEORGE PRODUCTIONS, LLC; APPLE INC.;
9 | ESCAPE ARTISTS, INC. (erroneously sued as
ESCAPE ARTISTS LLC); DOLPHIN BLACK
10 | PRODUCTIONS; M. NIGHT SHYAMALAN;
TONY BASGALLOP; ASHWIN RAJAN;
11 | JASON BLUMENTHAL; TODD BLACK;
STEVE TISCH
12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

15 |

16 | FRANCESCA GREGORINI,                              Case No. 2:20-cv-00406-SSS-JC

17 |                     Plaintiff,               **DECLARATION OF NICOLAS A. JAMPOL IN SUPPORT OF DEFENDANTS' MOTION TO**
18 |        vs.                                  **COMPEL PLAINTIFF'S FURTHER INTERROGATORY RESPONSES**
19 | APPLE INC., a California corporation;       **AND PRODUCTION OF**
M. NIGHT SHYAMALAN, an                        **DOCUMENTS**
20 | individual, BLINDING EDGE
PICTURES, INC., a Pennsylvania
21 | corporation; UNCLE GEORGE
PRODUCTIONS, a Pennsylvania                    Date: June 27, 2023
22 | corporate; ESCAPE ARTISTS LLC, a              Time: 9:30 a.m.
California limited liability company;           Courtroom: 750
23 | DOLPHIN BLACK PRODUCTIONS, a
California corporation; TONY
24 | BASGALLOP, an individual; ASHWIN
RAJAN, an individual; JASON
25 | BLUMENTHAL, an individual; TODD
BLACK, an individual; STEVE TISCH,
26 | an individual; and DOES 1-10, inclusive,

27 |                     Defendants.

28 |

I, Nicolas A. Jampol, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and before this Court.  I am a partner in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing defendants Uncle George Productions, LLC ("Uncle George") and Blinding Edge Pictures, Inc. ("Blinding Edge") (together, "Defendants") in this matter.  The facts stated below are based on my own personal knowledge.

2.      On September 22, 2022, Uncle George served its first set of requests for production of documents, and both Uncle George and Blinding Edge served their first set of interrogatories, on Plaintiff Francesca Gregorini ("Plaintiff").

3.      On March 13 and 14, 2023 – after we granted numerous extensions – Plaintiff provided her discovery responses.  Attached as Exhibit 1 is a true and correct copy of Plaintiff's response to Uncle George's first set of requests for production; attached as Exhibit 2 is a true and correct copy of Plaintiff's response to Uncle George's first set of interrogatories; and attached as Exhibit 3 is a true and correct copy of Plaintiff's response to Blinding Edge's first set of interrogatories.

4.      On May 1, 2023, I sent Plaintiff's counsel a 16-page meet and confer letter identifying Defendants' concerns with certain of Plaintiff's discovery responses, and requesting a conference with counsel.  My letter repeatedly stated that Defendants were willing to meet and confer to clarify or narrow many of the interrogatories and requests.  Attached as Exhibit 4 is a true and correct copy of Defendants' meet and confer letter.

5.      On May 17, 2023, Plaintiff's counsel and I (along with two of my colleagues) participated in the Local Rule 37-1 prefiling conference.  During that conference, Plaintiff's counsel stated that due to personal and professional commitments, she had "barely reviewed" the letter nor discussed the letter in detail with her client.  (Later, when Plaintiff's counsel denied that she said this, I confirmed with both of my colleagues who were on the call with me, and we all had

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the same recollection regarding Plaintiff's comments.)  We agreed that for

efficiency's sake, Plaintiff's counsel would provide a written response to

Defendants' letter by May 22, 2023, including whether Plaintiff would supplement

her responses or not.  I also requested that to the extent Plaintiff's counsel believed

a request to be too broad or unclear, she provide a specific narrowing or clarifying

proposal so as to avoid motion practice.  Plaintiff's counsel also agreed that she

would produce certain documents by May 31, 2023.

6.      That same day, I followed up via email to memorialize the parties'

agreements.  I also requested that Plaintiff's May 31, 2023 production include not

only the limited set of documents that Plaintiff had already agreed to provide in her

discovery responses but also documents related to other disputed requests that are

"within the scope that [Plaintiff] believe[s] is reasonable, instead of withholding all

documents based on the objection."  Plaintiff's counsel never responded to that

request.  Attached as Exhibit 5 is a true and correct copy of this correspondence

with Plaintiff's counsel.

7.      On May 22, 2023, at 11:50 p.m., Plaintiff's counsel provided a five-

page written response to Defendants' May 1 letter.  For over 15 of the challenged

interrogatory responses and over 15 of the challenged requests for production,

Plaintiff flatly declined to supplement her responses without offering any narrowing

counter-proposal.  For a handful of those responses, Plaintiff agreed narrowly to

supplement, but only if Blinding Edge agreed to supplement its responses to

Plaintiff's requests for production.  As to two interrogatories and over 50 requests

for production, Plaintiff simply failed to address them at all, which Defendants take

to mean that Plaintiff declines to supplement, again without any offering any

proposal or willingness to further meet and confer.  Interspersed throughout the

letter, Plaintiff's counsel also identified alleged deficiencies in Blinding Edge's

responses to document requests.  Attached as Exhibit 6 is a true and correct copy of

Plaintiff's May 22 letter.

JAMPOL DECLARATION
4894-2491-8630v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

8.      As of the date of this declaration, Plaintiff has not produced any documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on the 26th day of May 2023, in Los Angeles, California.

*/s/ Nicolas A. Jampol*
Nicolas A. Jampol

4

JAMPOL DECLARATION
4894-2491-8630v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899