# EXHIBIT 1

1  **ERIKSON LAW GROUP**
2  David Alden Erikson (SBN 189838)
   david@daviderikson.com
3  Antoinette Waller (SBN 152895)
   antoinette@daviderikson.com
4  Jeffrey J. Miles (SBN 293869)
   jeff@daviderikson.com
5  200 North Larchmont Boulevard
   Los Angeles, California 90004
6  Telephone: 323.465.3100
   Facsimile: 323.465.3177
7  Attorneys for Plaintiff Francesca Gregorini

8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  FRANCESCA GREGORINI,                Case No. 2:20-cv-00406-SSS-JC
                                        Hon. Sunshine S. Sykes
13            Plaintiff,

14       v.

15  APPLE INC., a California corporation;   **PLAINTIFF'S RESPONSE TO**
    M. NIGHT SHYAMALAN, an                  **DEFENDANT UNCLE GEORGE**
16  individual, BLINDING EDGE              **PRODUCTIONS, LLC'S FIRST SET**
    PICTURES, INC., a Pennsylvania         **OF REQUESTS FOR**
17  corporation; UNCLE GEORGE             **PRODUCTION**
    PRODUCTIONS; a Pennsylvania
18  corporation; ESCAPE ARTISTS LLC,
    a California limited liability company;
19  DOLPHIN BLACK PRODUCTIONS,
    a California corporation; TONY
20  BASGALLOP, an individual; ASHWIN
    RAJAN, an individual; JASON
21  BLUMENTHAL, an individual; TODD
    BLACK, an individual; STEVE TISCH,
22  an individual; and DOES 1-10,
    inclusive
23
              Defendants.
24

25

26  PROPOUNDING PARTY:      Defendant Uncle George Productions, LLC

27  RESPONDING PARTY:       Plaintiff Francesca Gregorini

28  SET NO.:                One

Plaintiff Francesca Gregorini ("Plaintiff" or "Responding Party") hereby submits the following responses to Defendant Uncle George Productions, LLC's ("Defendant" or "Propounding Party") first set of requests for production.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.     These responses are made solely for the purpose of this action. Responding Party has not yet completed their investigation of the facts relating to this action, preparation for trial or associated discovery. As discovery proceeds, Responding Party may identify individuals who have knowledge concerning the subject matter of this action, or who participated in some capacity in events underlying (or related to) this action, and/or Responding Party may discover facts, information, evidence, documents, and things which are not set forth in these responses, but which may be responsive.

2.     The following responses are based on Responding Party's present knowledge, information and belief and are complete as to Responding Party's best knowledge at this time. More specifically, Responding Party has prepared these responses based on their good faith interpretation and understanding of the individual requests for production, but Responding Party reserves their right to correct any inadvertent errors or omissions. In addition, Responding Party's responses are based upon information they have been able to obtain pursuant to a reasonably diligent search for the requested information in the location(s) where Responding Party believes such information, if any, is normally maintained.

3.     Responding Party also reserves the right to conduct discovery with reference to, or to offer into evidence at the time of trial, all facts, evidence, documents, and things developed during discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents, and things in this response. In addition, Responding Party reserves the right to revise and further supplement these responses based upon any information, evidence, and

documentation, which may be discovered after the service of these responses as appropriate.

4.      To the extent that any request for production seeks information which is protected by the attorney-client privilege and/or attorney work product doctrine, Responding Party will not respond. Inadvertent identification or disclosure of privileged information or documents by Responding Party is not a waiver of any applicable privilege. Production of information and documents does not waive any objection, including, but not limited to relevancy, to the admission of such information or documents into evidence.

5.      Responding Party objects to this set of requests for production and to each individual request for production contained therein to the extent they purport to require disclosure of confidential and/or proprietary business information, the disclosure of which would be competitively harmful, and Responding Party will not produce such information except subject to the confidentiality order in this action.

6.      Responding party objects to any request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege, doctrine, or immunity. To the extent that any request may be construed as seeking such privileged or protected information, Responding Party hereby claims such privilege and invokes such protection. The fact that Responding Party does not specifically object to an individual request on the grounds that it seeks privileged or protected documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege or protection.

7.      Responding Party notes that their obligations regarding these responses are set forth by statute, not by the "Instructions" provided by Propounding Party.

8. Responding Party objects to Defendant's definition of "reborn doll" as vague and ambiguous.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

9.      Each of the following responses incorporates as though fully set forth the foregoing Preliminary Statement and General Objections ("General Objections").

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS, including COMMUNICATIONS, about EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 2**

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

1   All DOCUMENTS, including COMMUNICATIONS, relating to the

2   registration of the REGISTERED WORK with the U.S. Copyright Office, including

3   applications, registrations, and transfers.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

5   Responding Party incorporates the General Objections as if fully set forth here.

6   Responding Party objects on the grounds that the information sought is

7   protected from disclosure by the attorney work-product doctrine, the attorney-client

8   privilege, and/or another applicable privilege or immunity.

9   Responding Party objects on the ground that the information sought is protected

10   from disclosure by the right to privacy provided by any statute and/or under the

11   Constitution of the United States and/or State of California.

12   Responding Party objects on the ground that the information sought is not

13   sufficiently related to any of the claims, allegations, or defenses in this case; and the

14   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

15   vexatious seeking information that is neither relevant to this case, nor likely to lead to

16   the discovery of admissible evidence. In addition, any minimal probative value of the

17   requested information or documents is outweighed by the burden of gathering and

18   producing same.

19   Responding Party objects on the ground that the request seeks information

20   containing trade secret or other confidential, competitively sensitive, or proprietary

21   business information or that would require Plaintiff to violate any confidentiality

22   agreement or any court order pertaining to confidentiality.

23   Responding Party objects to this request on the grounds that it is vague and

24   ambiguous.

25   Responding Party objects to this request on the grounds that it seeks

26   information that is within the knowledge of Propounding Party and/or can be obtained

27   more easily, or as easily by Propounding Party as by Responding Party.

28

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, Responding Party will produce a copy of U.S. Copyright Office Reg. No. PA0002213169.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS, including COMMUNICATIONS, relating to the registration of the REGISTERED SCRIPT with the U.S. Copyright Office, including applications, registrations, and transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

1  vexatious seeking information that is neither relevant to this case, nor likely to lead to

2  the discovery of admissible evidence. In addition, any minimal probative value of the

3  requested information or documents is outweighed by the burden of gathering and

4  producing same.

5        Responding Party objects on the ground that the request seeks information

6  containing trade secret or other confidential, competitively sensitive, or proprietary

7  business information or that would require Plaintiff to violate any confidentiality

8  agreement or any court order pertaining to confidentiality.

9        Responding Party objects to this request on the grounds that it is vague and

10 ambiguous.

11       Responding Party objects to this request on the grounds that it seeks

12 information that is within the knowledge of Propounding Party and/or can be obtained

13 more easily, or as easily by Propounding Party as by Responding Party.

14       Responding Party objects to this request to the extent it includes general

15 instructions and definitions which render it improper, objectionable, and/or contrary to

16 discovery rules and statutes.

17       Responding Party further objects that the demand is overbroad and unduly

18 burdensome, including because the categories of documents to be produced are not

19 specified with reasonable particularity, and the request is so sweeping that its

20 boundaries are difficult to identify.

21       Responding Party also objects to the definitions of "document" as being overly

22 broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

23 impermissibly attempts to shift the cost of production of data to Plaintiff in violation

24 of Federal Rule of Civil Procedure 26(b).

25 **REQUEST FOR PRODUCTION NO. 4**

26       All DOCUMENTS, including COMMUNICATIONS, relating to the

27 registration of EMANUEL with the U.S. Copyright Office Reg. No. PA0002353598

28 registered to copyright claimant "Well Go USA Ent."

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS, including COMMUNICATIONS, relating to any and all additional copyright registrations for EMANUEL or any version thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS, including COMMUNICATIONS, submitted to or filed with the U.S. Copyright Office regarding EMANUEL, including applications, registrations, and transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects to this request on the grounds that it seeks publicly available information that can be obtained as easily by Propounding Party as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, Responding Party will produce a copy of U.S. Copyright Office Reg. No. PA0002213169, the copyright at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS, including COMMUNICATIONS, relating to any and all copyright transfers relating to EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS, including COMMUNICATIONS, relating to ownership of any copyrights to EMANUEL, any version of EMANUEL, or any derivative thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1    Responding Party objects on the ground that the request seeks information

2    containing trade secret or other confidential, competitively sensitive, or proprietary

3    business information or that would require Plaintiff to violate any confidentiality

4    agreement or any court order pertaining to confidentiality.

5    Responding Party objects to this request on the grounds that it is vague and

6    ambiguous.

7    Responding Party objects to this request on the grounds that it seeks

8    information that is within the knowledge of Propounding Party and/or can be obtained

9    more easily, or as easily by Propounding Party as by Responding Party, including

10   with regard to documents and communications concerning Defendant's infringing

11   works as described in the First Amended Complaint herein.

12   Responding Party has not fully completed investigation and discovery of the

13   facts relating to this action. Because these efforts are ongoing and expected to yield

14   more documents and information in the future, which may establish entirely new

15   factual conclusions and legal contentions, this response is given without prejudice to

16   Responding Party's right to make substantial additions and/or changes. Responding

17   Party notes that Propounding Party has not produced discovery to Plaintiff despite

18   serving responses to Plaintiff's requests for production nearly three years ago stating

19   and confirming that Propounding Party would produce requested information to

20   Plaintiff including Propounding Party's initial disclosure documents. Propounding

21   Party's failure to produce discovery as promised impedes and interferes with

22   Plaintiff's ability to respond.

23   Responding Party further objects that the demand is overbroad and unduly

24   burdensome, including because the categories of documents to be produced are not

25   specified with reasonable particularity, and the request is so sweeping that its

26   boundaries are difficult to identify.

27   Responding Party also objects to the definitions of "document" as being overly

28   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

14    RESPONSE TO REQUESTS FOR PRODUCTION

impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS, including COMMUNICATIONS, regarding deposit copies for any copyright registration of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 10**

All deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED WORK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects that the demand is overbroad, vague, ambiguous, burdensome, and harassing and not served for any legitimate purpose.

**REQUEST FOR PRODUCTION NO. 11**

All deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED SCRIPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects that the demand is overbroad, vague, ambiguous, burdensome, and harassing and not served for any legitimate purpose.

**REQUEST FOR PRODUCTION NO. 12**

All agreements relating to EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS relating to agreements, including licenses, referencing EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 14**

All COMMUNICATIONS between YOU and Well Go USA Entertainment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand is overly broad, vague, ambiguous, burdensome, and harassing.

Responding Party objects that the demand seeks documents that are neither relevant nor likely to lead to the discovery of relevant evidence.

Subject to and without waiving these objections, Responding Party responds that after a reasonable and diligent search, Responding Party is not aware of any such documents.

**REQUEST FOR PRODUCTION NO. 15**

All agreements between YOU and Well Go USA Entertainment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1    Responding Party objects on the ground that the request seeks information

2    containing trade secret or other confidential, competitively sensitive, or proprietary

3    business information or that would require Plaintiff to violate any confidentiality

4    agreement or any court order pertaining to confidentiality.

5    Responding Party objects to this request on the grounds that it is vague and

6    ambiguous.

7    Responding Party further objects that the demand is overbroad and unduly

8    burdensome, including because the categories of documents to be produced are not

9    specified with reasonable particularity, and the request is so sweeping that its

10   boundaries are difficult to identify.

11   Responding Party also objects to the definitions of "document" as being overly

12   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

13   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

14   of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 16**

16   All DOCUMENTS, including COMMUNICATIONS, regarding Well Go USA

17   Entertainment and EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

19   Responding Party incorporates the General Objections as if fully set forth here.

20   Responding Party objects on the grounds that the information sought is

21   protected from disclosure by the attorney work-product doctrine, the attorney-client

22   privilege, and/or another applicable privilege or immunity.

23   Responding Party objects on the ground that the information sought is protected

24   from disclosure by the right to privacy provided by any statute and/or under the

25   Constitution of the United States and/or State of California.

26   Responding Party objects on the ground that the information sought is not

27   sufficiently related to any of the claims, allegations, or defenses in this case; and the

28   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS, including COMMUNICATIONS, about the creation of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS, including COMMUNICATIONS, about the inspiration(s) for EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS, including COMMUNICATIONS, about the writing of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 20**

All DOCUMENTS, including COMMUNICATIONS, about the development of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS, including COMMUNICATIONS, about the production of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 22**

All DOCUMENTS, including COMMUNICATIONS, about the post-production of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

1   Responding Party objects on the ground that the information sought is not

2   sufficiently related to any of the claims, allegations, or defenses in this case; and the

3   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

4   vexatious seeking information that is neither relevant to this case, nor likely to lead to

5   the discovery of admissible evidence. In addition, any minimal probative value of the

6   requested information or documents is outweighed by the burden of gathering and

7   producing same.

8   Responding Party objects on the ground that the request seeks information

9   containing trade secret or other confidential, competitively sensitive, or proprietary

10   business information or that would require Plaintiff to violate any confidentiality

11   agreement or any court order pertaining to confidentiality.

12   Responding Party objects to this request on the grounds that it is vague and

13   ambiguous.

14   Responding Party further objects that the demand is overbroad and unduly

15   burdensome, including because the categories of documents to be produced are not

16   specified with reasonable particularity, and the request is so sweeping that its

17   boundaries are difficult to identify.

18   Responding Party also objects to the definitions of "document" as being overly

19   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

20   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

21   of Federal Rule of Civil Procedure 26(b).

22

23   **REQUEST FOR PRODUCTION NO. 23**

24   All DOCUMENTS, including COMMUNICATIONS, about the distribution of

25   EMANUEL.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

27   Responding Party incorporates the General Objections as if fully set forth here.

28

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 24**

1  All DOCUMENTS, including COMMUNICATIONS, about the promotion of

2  EMANUEL.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

4  Responding Party incorporates the General Objections as if fully set forth here.

5  Responding Party objects on the grounds that the information sought is

6  protected from disclosure by the attorney work-product doctrine, the attorney-client

7  privilege, and/or another applicable privilege or immunity.

8  Responding Party objects on the ground that the information sought is protected

9  from disclosure by the right to privacy provided by any statute and/or under the

10  Constitution of the United States and/or State of California.

11  Responding Party objects on the ground that the information sought is not

12  sufficiently related to any of the claims, allegations, or defenses in this case; and the

13  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

14  vexatious seeking information that is neither relevant to this case, nor likely to lead to

15  the discovery of admissible evidence. In addition, any minimal probative value of the

16  requested information or documents is outweighed by the burden of gathering and

17  producing same.

18  Responding Party objects on the ground that the request seeks information

19  containing trade secret or other confidential, competitively sensitive, or proprietary

20  business information or that would require Plaintiff to violate any confidentiality

21  agreement or any court order pertaining to confidentiality.

22  Responding Party objects to this request on the grounds that it is vague and

23  ambiguous.

24  Responding Party further objects that the demand is overbroad and unduly

25  burdensome, including because the categories of documents to be produced are not

26  specified with reasonable particularity, and the request is so sweeping that its

27  boundaries are difficult to identify.

28



Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS, including COMMUNICATIONS, about the marketing of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS, including COMMUNICATIONS, about the release of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS, including COMMUNICATIONS, about the financing of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS, including COMMUNICATIONS, about any themes in EMANUEL referenced in ¶¶ 63-67 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about allegations as to themes in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 29**

All DOCUMENTS, including COMMUNICATIONS, about any settings in EMANUEL referenced in ¶¶ 63-65, 68 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about allegations as to settings in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 30**

All DOCUMENTS, including COMMUNICATIONS, about any characters in EMANUEL referenced in ¶¶ 63-65, 69-77 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about allegations as to characters in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 31**

All DOCUMENTS, including COMMUNICATIONS, about any plots in EMANUEL referenced in ¶¶ 63-65, 78-79 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about allegations regarding plots in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 32**

All DOCUMENTS, including COMMUNICATIONS, about any sequences of events in EMANUEL referenced in ¶¶ 63-65, 78-79 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about sequences of events in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 33**

All DOCUMENTS, including COMMUNICATIONS, about any mood and pace in EMANUEL referenced in ¶¶ 63-65, 80 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about mood and pace in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 34**

All DOCUMENTS, including COMMUNICATIONS, about any dialogue in EMANUEL referenced in ¶¶ 63-65, 81 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about dialogue in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 35**

All COMMUNICATIONS between YOU and Sarah Thorpe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS, including COMMUNICATIONS, with or about Sarah Thorpe, relating to EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose. See, e.g., Request for Production no. 35. Responding Party incorporates her objections to Request for Production no. 35 as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 37**

All DOCUMENTS, including COMMUNICATIONS, with or about Tatiana Von Furstenberg, relating to EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 38**

All agreements between YOU and Sarah Thorpe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose. See, e.g., Request for Production nos. 35 and 36.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 39**

All agreements between YOU and Tatiana Von Furstenberg.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose. See, e.g., Request for Production no. 37. Responding Party incorporates her objections to Request for Production no. 35 as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

**REQUEST FOR PRODUCTION NO. 40**

All agreements between YOU and Emanuel Film LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS relating to the organization of Emanuel Film LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO.41**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 42**

All DOCUMENTS relating to the dissolution of Emanuel Film LLC, as referenced in ¶ 85 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, Responding Party will produce a copy of the Certificate of Cancellation filed with the California Secretary of State and obtainable from the Secretary of State website showing the dissolution of Emanuel Film LLC.

**REQUEST FOR PRODUCTION NO. 43**

All DOCUMENTS, including COMMUNICATIONS, about REBORN DOLLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 44**

All DOCUMENTS, including COMMUNICATIONS, referencing Apple Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1    Responding Party objects to this request on the grounds that it is vague and

2  ambiguous.

3    Responding Party further objects that the demand is overbroad and unduly

4  burdensome, including because the categories of documents to be produced are not

5  specified with reasonable particularity, and the request is so sweeping that its

6  boundaries are difficult to identify.

7    Responding Party also objects to the definitions of "document" as being overly

8  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

9  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

10  of Federal Rule of Civil Procedure 26(b).

11  **REQUEST FOR PRODUCTION NO. 45**

12    All DOCUMENTS, including COMMUNICATIONS, referencing M. Night

13  Shyamalan.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

15    Responding Party incorporates the General Objections as if fully set forth here.

16    Responding Party objects on the grounds that the information sought is

17  protected from disclosure by the attorney work-product doctrine, the attorney-client

18  privilege, and/or another applicable privilege or immunity.

19    Responding Party objects on the ground that the information sought is not

20  sufficiently related to any of the claims, allegations, or defenses in this case; and the

21  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

22  vexatious seeking information that is neither relevant to this case, nor likely to lead to

23  the discovery of admissible evidence. In addition, any minimal probative value of the

24  requested information or documents is outweighed by the burden of gathering and

25  producing same.

26    Responding Party objects on the ground that the request seeks information

27  containing trade secret or other confidential, competitively sensitive, or proprietary

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS, including COMMUNICATIONS, referencing Blinding Edge Pictures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

1    Responding Party objects on the ground that the request seeks information

2    containing trade secret or other confidential, competitively sensitive, or proprietary

3    business information or that would require Plaintiff to violate any confidentiality

4    agreement or any court order pertaining to confidentiality.

5    Responding Party objects to this request on the grounds that it is vague and

6    ambiguous.

7    Responding Party further objects that the demand is overbroad and unduly

8    burdensome, including because the categories of documents to be produced are not

9    specified with reasonable particularity, and the request is so sweeping that its

10   boundaries are difficult to identify.

11   Responding Party also objects to the definitions of "document" as being overly

12   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

13   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

14   of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 47**

16   All DOCUMENTS, including COMMUNICATIONS, referencing Uncle

17   George Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

19   Responding Party incorporates the General Objections as if fully set forth here.

20   Responding Party objects on the grounds that the information sought is

21   protected from disclosure by the attorney work-product doctrine, the attorney-client

22   privilege, and/or another applicable privilege or immunity.

23   Responding Party objects on the ground that the information sought is not

24   sufficiently related to any of the claims, allegations, or defenses in this case; and the

25   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

26   vexatious seeking information that is neither relevant to this case, nor likely to lead to

27   the discovery of admissible evidence. In addition, any minimal probative value of the

28

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 48**

All DOCUMENTS, including COMMUNICATIONS, referencing Escape Artists LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 49**

All DOCUMENTS, including COMMUNICATIONS, referencing Dolphin Black Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 50**

All DOCUMENTS, including COMMUNICATIONS, referencing Tony Basgallop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS, including COMMUNICATIONS, referencing Ashwin Rajan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 52**

All DOCUMENTS, including COMMUNICATIONS, referencing Jason Blumenthal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 53**

All DOCUMENTS, including COMMUNICATIONS, referencing Todd Black.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Responding Party incorporates the General Objections as if fully set forth here.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 54**

All DOCUMENTS, including COMMUNICATIONS, referencing Steve Tisch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 55**

All COMMUNICATIONS with Apple Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Responding Party incorporates the General Objections as if fully set forth here.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

62      RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Apple Inc. relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 56**

All COMMUNICATIONS with M. Night Shyamalan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and M. Night Shyamalan relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 57**

All COMMUNICATIONS with Blinding Edge Pictures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Blinding Edge Pictures, Inc. relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 58**

All COMMUNICATIONS with Uncle George Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

1     Subject to and without waiving these objections, after a reasonable and diligent

2  search and subject to the terms of the parties' protective order in this matter,

3  Responding Party will produce responsive, non-privileged documents reflecting

4  communications between Plaintiff and Propounding Party relating to Plaintiff's

5  allegations in the First Amended Complaint that are in Plaintiff's possession, custody,

6  or control, if any exist.

7  **REQUEST FOR PRODUCTION NO. 59**

8     All COMMUNICATIONS with Escape Artists LLC.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

10     Responding Party incorporates the General Objections as if fully set forth here.

11     Responding Party objects to this request on the grounds that it is vague and

12  ambiguous.

13     Responding Party objects to this request on the grounds that it seeks

14  information that is within the knowledge of Defendants and/or can be obtained more

15  easily, or as easily by Defendants as by Responding Party.

16     Responding Party further objects that the demand is overbroad and unduly

17  burdensome, including because the categories of documents to be produced are not

18  specified with reasonable particularity, and the request is so sweeping that its

19  boundaries are difficult to identify.

20     Responding Party also objects to the definitions of "document" as being overly

21  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

22  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

23  of Federal Rule of Civil Procedure 26(b).

24     Subject to and without waiving these objections, after a reasonable and diligent

25  search and subject to the terms of the parties' protective order in this matter,

26  Responding Party will produce responsive, non-privileged documents reflecting

27  communications between Plaintiff and Escape Artists LLC relating to Plaintiff's

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 60**

All COMMUNICATIONS with Dolphin Black Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Dolphin Black Productions relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 61**

All COMMUNICATIONS with Tony Basgallop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

1   Responding Party incorporates the General Objections as if fully set forth here.

2   Responding Party objects to this request on the grounds that it is vague and
3   ambiguous.

4   Responding Party objects to this request on the grounds that it seeks
5   information that is within the knowledge of Defendants and/or can be obtained more
6   easily, or as easily by Defendants as by Responding Party.

7   Responding Party further objects that the demand is overbroad and unduly
8   burdensome, including because the categories of documents to be produced are not
9   specified with reasonable particularity, and the request is so sweeping that its
10  boundaries are difficult to identify.

11  Responding Party also objects to the definitions of "document" as being overly
12  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
13  impermissibly attempts to shift the cost of production of data to Plaintiff in violation
14  of Federal Rule of Civil Procedure 26(b).

15  Subject to and without waiving these objections, after a reasonable and diligent
16  search and subject to the terms of the parties' protective order in this matter,
17  Responding Party will produce responsive, non-privileged documents reflecting
18  communications between Plaintiff and Tony Basgallop relating to Plaintiff's
19  allegations in the First Amended Complaint that are in Plaintiff's possession, custody,
20  or control, if any exist.

21  **REQUEST FOR PRODUCTION NO. 62**

22  All COMMUNICATIONS with Ashwin Rajan.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

24  Responding Party incorporates the General Objections as if fully set forth here.

25  Responding Party objects to this request on the grounds that it is vague and
26  ambiguous.

27

28

1    Responding Party objects to this request on the grounds that it seeks

2  information that is within the knowledge of Defendants and/or can be obtained more

3  easily, or as easily by Defendants as by Responding Party.

4    Responding Party further objects that the demand is overbroad and unduly

5  burdensome, including because the categories of documents to be produced are not

6  specified with reasonable particularity, and the request is so sweeping that its

7  boundaries are difficult to identify.

8    Responding Party also objects to the definitions of "document" as being overly

9  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

10  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

11  of Federal Rule of Civil Procedure 26(b).

12    Subject to and without waiving these objections, after a reasonable and diligent

13  search and subject to the terms of the parties' protective order in this matter,

14  Responding Party will produce responsive, non-privileged documents reflecting

15  communications between Plaintiff and Ashwin Rajan relating to Plaintiff's allegations

16  in the First Amended Complaint that are in Plaintiff's possession, custody, or control,

17  if any exist.

18  **REQUEST FOR PRODUCTION NO. 63**

19    All COMMUNICATIONS with Jason Blumenthal.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

21    Responding Party incorporates the General Objections as if fully set forth here.

22    Responding Party objects to this request on the grounds that it is vague and

23  ambiguous.

24    Responding Party objects to this request on the grounds that it seeks

25  information that is within the knowledge of Defendants and/or can be obtained more

26  easily, or as easily by Defendants as by Responding Party.

27    Responding Party further objects that the demand is overbroad and unduly

28  burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Jason Blumenthal relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 64**

All COMMUNICATIONS with Todd Black.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Todd Black relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 65**

All COMMUNICATIONS with Steve Tisch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting

communications between Plaintiff and Steve Tisch relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 66**

All COMMUNICATIONS between YOU and your agent(s) about EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 67**

All COMMUNICATIONS between YOU and your manager(s) about EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 68**

All COMMUNICATIONS between YOU and your agent(s) about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and her agent about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 69**

All COMMUNICATIONS between YOU and your manager(s) about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and her agent about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 70**

All COMMUNICATIONS between YOU and Jane Lee about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and Jane Lee about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 71**

All COMMUNICATIONS between YOU and Ellen Jones about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter,

Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and Ellen Jones about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 72**

All COMMUNICATIONS between YOU and ICM Partners about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and ICM Partners about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 73**

All DOCUMENTS, including COMMUNICATIONS, regarding all theatrical distributions of EMANUEL, including but not limited to all theaters, all screenings, and all film festivals where EMANUEL has ever been distributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

1   requested information or documents is outweighed by the burden of gathering and

2   producing same.

3       Responding Party objects on the ground that the request seeks information

4   containing trade secret or other confidential, competitively sensitive, or proprietary

5   business information or that would require Plaintiff to violate any confidentiality

6   agreement or any court order pertaining to confidentiality.

7       Responding Party objects to this request on the grounds that it is vague and

8   ambiguous.

9       Responding Party further objects that the demand is overbroad and unduly

10  burdensome, including because the categories of documents to be produced are not

11  specified with reasonable particularity, and the request is so sweeping that its

12  boundaries are difficult to identify.

13      Responding Party also objects to the definitions of "document" as being overly

14  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

15  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

16  of Federal Rule of Civil Procedure 26(b).

17  **REQUEST FOR PRODUCTION NO. 74**

18      All DOCUMENTS, including COMMUNICATIONS, regarding all non-

19  theatrical distributions of EMANUEL, including but not limited to all streaming

20  services where EMANUEL has ever been distributed.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74**

22      Responding Party incorporates the General Objections as if fully set forth here.

23      Responding Party objects on the grounds that the information sought is

24  protected from disclosure by the attorney work-product doctrine, the attorney-client

25  privilege, and/or another applicable privilege or immunity.

26      Responding Party objects on the ground that the information sought is protected

27  from disclosure by the right to privacy provided by any statute and/or under the

28  Constitution of the United States and/or State of California.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 75**

All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations and/or pitches YOU have engaged in to develop EMANUEL into a television series.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 76**

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations and/or pitches YOU have engaged in regarding other adaptations and/or derivative works of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 77**

All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations YOU have engaged in regarding licenses of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 78**

All DOCUMENTS, including COMMUNICATIONS, referring to or about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 79**

All DOCUMENTS, including COMMUNICATIONS, about the EARLY SERVANT SCRIPT, *see* FAC ¶ 94.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 80**

All DOCUMENTS, including COMMUNICATIONS, about the LATER SERVANT SCRIPT, *see* FAC ¶ 100.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 81**

All COMMUNICATIONS attaching or discussing any script of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 82**

All DOCUMENTS, including COMMUNICATIONS, about BERLIN STATION, *see* FAC ¶ 52.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 83**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 51 of the FAC that "Defendants had access to [EMANUEL] continually since 2013."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

1   Responding Party further objects that the demand is overbroad and unduly

2   burdensome, including because the categories of documents to be produced are not

3   specified with reasonable particularity, and the request is so sweeping that its

4   boundaries are difficult to identify.

5   Responding Party also objects to the definitions of "document" as being overly

6   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

7   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

8   of Federal Rule of Civil Procedure 26(b).

9   Subject to and without waiving these objections, after a reasonable and diligent

10  search and subject to the terms of the parties' protective order in this matter,

11  Responding Party will produce responsive, non-privileged documents supporting her

12  contention in ¶51 of the First Amended Complaint that Defendants had access to

13  *Emanuel* continually since 2013 that are in Plaintiff's possession, custody, or control,

14  if any exist.

15  **REQUEST FOR PRODUCTION NO. 84**

16  All DOCUMENTS, including COMMUNICATIONS, supporting YOUR

17  contention in ¶ 51 of the FAC that "[EMANUEL] was widely disseminated to the

18  public beginning in 2013."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

20  Responding Party incorporates the General Objections as if fully set forth here.

21  Responding Party objects to this request on the grounds that it is vague and

22  ambiguous.

23  Responding Party objects to this request to the extent it includes general

24  instructions and definitions which render it improper, objectionable, and/or contrary to

25  discovery rules and statutes; Responding Party objects to this request as premature to

26  the extent it seeks documents and information that are the subject of expert discovery.

27  Responding Party further objects that the demand is overbroad and unduly

28  burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 85**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 52 of the FAC that "Mr. Basgallop has had specific access to [EMANUEL]."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to

Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting the contention in ¶ 52 of the First Amended Complaint that Tony Basgallop has had specific access to *Emanuel* that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 86**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 62 of the FAC that "Mr. Basgallop and Mr. Blumenthal showed this content [EMANUEL] to Mr. Shyamalan in their successful attempt to interest him in the show [SERVANT] – resulting in a deal to develop the series together."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to the demand as it misstates and mischaracterizes the First Amended Complaint.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1    Responding Party objects to this request on the grounds that it seeks

2    information that is within the knowledge of Propounding Party and/or can be obtained

3    more easily, or as easily by Propounding Party as by Responding Party.

4    Responding Party has not fully completed investigation and discovery of the

5    facts relating to this action. Because these efforts are ongoing and expected to yield

6    more documents and information in the future, which may establish entirely new

7    factual conclusions and legal contentions, this response is given without prejudice to

8    Responding Party's right to make substantial additions and/or changes. Responding

9    Party notes that Propounding Party has not produced discovery to Plaintiff despite

10   serving responses to Plaintiff's requests for production nearly three years ago stating

11   and confirming that Propounding Party would produce requested information to

12   Plaintiff including Propounding Party's initial disclosure documents. Propounding

13   Party's failure to produce discovery as promised impedes and interferes with

14   Plaintiff's ability to respond.

15   Responding Party further objects that the demand is overbroad and unduly

16   burdensome, including because the categories of documents to be produced are not

17   specified with reasonable particularity, and the request is so sweeping that its

18   boundaries are difficult to identify.

19   Responding Party also objects to the definitions of "document" as being overly

20   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

21   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

22   of Federal Rule of Civil Procedure 26(b).

23   Subject to and without waiving these objections, after a reasonable and diligent

24   search and subject to the terms of the parties' protective order in this matter,

25   Responding Party will produce responsive, non-privileged documents reflecting news

26   reports and interviews supporting Plaintiff's contention on information and belief as

27   stated in ¶ 62 of the First Amended Complaint that Mr. Basgallop and Mr. Blumenthal

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

showed content to Mr. Shyamalan to interest him in *Servant* that are in Plaintiff's

possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 87**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR

contention in ¶ 62 of the FAC that "Mr. Shyamalan and the other Defendants

presented scripts only to those first three episodes in shopping the series [SERVANT],

including to Apple—resulting in a deal to stream the series on Apple TV+."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to the demand as it misstates and mischaracterizes the First

Amended Complaint.

Responding Party objects to this request on the grounds that it is vague and

ambiguous.

Responding Party objects to this request on the grounds that it seeks

information that is within the knowledge of Propounding Party and/or can be obtained

more easily, or as easily by Propounding Party as by Responding Party.

Responding Party objects to this request to the extent it includes general

instructions and definitions which render it improper, objectionable, and/or contrary to

discovery rules and statutes; Responding Party objects to this request as premature to

the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the

facts relating to this action. Because these efforts are ongoing and expected to yield

more documents and information in the future, which may establish entirely new

factual conclusions and legal contentions, this response is given without prejudice to

Responding Party's right to make substantial additions and/or changes. Responding

Party notes that Propounding Party has not produced discovery to Plaintiff despite

serving responses to Plaintiff's requests for production nearly three years ago stating

and confirming that Propounding Party would produce requested information to

Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting news reports and interviews supporting Plaintiff's contention on information and belief as stated in ¶ 62 of the First Amended Complaint that Mr. Shyamalan and the other Defendants presented scripts only to the first three episodes of *Servant* in shopping the series that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 86 of the FAC that "Defendants had access to Plaintiff's work [EMANUEL], as described above (including its premier at Sundance and nationwide release)."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1      Responding Party objects to this request on the grounds that it is vague and

2  ambiguous.

3

4      Responding Party has not fully completed investigation and discovery of the

5  facts relating to this action. Because these efforts are ongoing and expected to yield

6  more documents and information in the future, which may establish entirely new

7  factual conclusions and legal contentions, this response is given without prejudice to

8  Responding Party's right to make substantial additions and/or changes. Responding

9  Party notes that Propounding Party has not produced discovery to Plaintiff despite

10  serving responses to Plaintiff's requests for production nearly three years ago stating

11  and confirming that Propounding Party would produce requested information to

12  Plaintiff including Propounding Party's initial disclosure documents. Propounding

13  Party's failure to produce discovery as promised impedes and interferes with

14  Plaintiff's ability to respond.

15      Responding Party further objects that the demand is overbroad and unduly

16  burdensome, including because the categories of documents to be produced are not

17  specified with reasonable particularity, and the request is so sweeping that its

18  boundaries are difficult to identify.

19      Responding Party also objects to the definitions of "document" as being overly

20  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

21  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

22  of Federal Rule of Civil Procedure 26(b).

23      Subject to and without waiving these objections, after a reasonable and diligent

24  search and subject to the terms of the parties' protective order in this matter,

25  Responding Party will produce responsive, non-privileged documents supporting

26  Plaintiff's contention as described in ¶ 86 of the First Amended Complaint that

27  Defendants had access to *Emanuel* that are in Plaintiff's possession, custody, or

28  control, if any exist.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

**REQUEST FOR PRODUCTION NO. 89**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 63 of the FAC that "[SERVANT] is substantially similar to [EMANUEL]."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting Plaintiff's contention in ¶ 63 of the First Amended Complaint that *Servant* is substantially similar to *Emanuel* in its themes, setting, characters, plot, sequence of events, mood, pace, and dialogue, that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 90**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 63 of the FAC that "the unique selection and arrangement of these elements—which is substantially similar in [EMANUEL] and [SERVANT]—make it a statistical certainty that Defendants copied [EMANUEL] in making [SERVANT][.]"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90**

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to the demand as it misstates and mischaracterizes the First Amended Complaint.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting the contentions in ¶ 63 of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

**REQUEST FOR PRODUCTION NO. 91**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 106 of the FAC that "Each Defendant is contributorily liable for the infringements alleged herein because each Defendant knowingly induced, participated in, aided and abetted, and profited from the production of and/or subsequent sales of the infringing work."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

1    Responding Party further objects that the demand is overbroad and unduly

2    burdensome, including because the categories of documents to be produced are not

3    specified with reasonable particularity, and the request is so sweeping that its

4    boundaries are difficult to identify.

5    Responding Party also objects to the definitions of "document" as being overly

6    broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

7    impermissibly attempts to shift the cost of production of data to Plaintiff in violation

8    of Federal Rule of Civil Procedure 26(b).

9    Subject to and without waiving these objections, after a reasonable and diligent

10   search and subject to the terms of the parties' protective order in this matter,

11   Responding Party will produce responsive, non-privileged documents supporting the

12   contentions in ¶ 106 of the First Amended Complaint that are in Plaintiff's possession,

13   custody, or control, if any exist.

14   **REQUEST FOR PRODUCTION NO. 92**

15   All DOCUMENTS, including COMMUNICATIONS, supporting YOUR

16   contention in ¶ 107 of the FAC that "Each Defendant is vicariously liable for the

17   infringements alleged herein because each Defendant had the right and ability to

18   supervise the infringing conduct, including the practical ability to do so, and because

19   each Defendant had a direct financial interest in the infringing conduct."

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

21   Responding Party incorporates the General Objections as if fully set forth here.

22   Responding Party objects on the grounds that the information sought is

23   protected from disclosure by the attorney work-product doctrine, the attorney-client

24   privilege, and/or another applicable privilege or immunity.

25   Responding Party objects to this request on the grounds that it is vague and

26   ambiguous.

27   Responding Party objects to this request to the extent it includes general

28   instructions and definitions which render it improper, objectionable, and/or contrary to

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting the contentions in ¶ 107 of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.


**REQUEST FOR PRODUCTION NO. 93**

All non-privileged COMMUNICATIONS between YOU and any news, entertainment, or third-party media about this lawsuit, including but not limited to YOUR statements referenced in Sophie Gilbert, "The Filmmaker Who Says M. Night Shyamalan Stole Her Movie," *The Atlantic* (Jan. 15, 2020), https://www.theatlantic.com/entertainment/archive/2020/01/servant-the-truth-about-emanuel-lawsuit-apple-m-night-shyamalan/604936/.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects to this demand on the grounds that it is vague and ambiguous; the demand further is incomplete and improperly requires reference to other documents to be understood.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 94**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR calculation of damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents that are in Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 95**

All DOCUMENTS, including COMMUNICATIONS, relating to all expenses incurred in connection with EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

1  requested information or documents is outweighed by the burden of gathering and

2  producing same.

3        Responding Party objects on the ground that the request seeks information

4  containing trade secret or other confidential, competitively sensitive, or proprietary

5  business information or that would require Plaintiff to violate any confidentiality

6  agreement or any court order pertaining to confidentiality.

7        Responding Party objects to this request on the grounds that it is vague and

8  ambiguous.

9        Responding Party further objects that the demand is overbroad and unduly

10  burdensome, including because the categories of documents to be produced are not

11  specified with reasonable particularity, and the request is so sweeping that its

12  boundaries are difficult to identify.

13        Responding Party also objects to the definitions of "document" as being overly

14  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

15  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

16  of Federal Rule of Civil Procedure 26(b).

17  **REQUEST FOR PRODUCTION NO. 96**

18        All DOCUMENTS, including COMMUNICATIONS, relating to all revenues

19  earned in connection with EMANUEL.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96**

21        Responding Party incorporates the General Objections as if fully set forth here.

22        Responding Party objects on the grounds that the information sought is

23  protected from disclosure by the attorney work-product doctrine, the attorney-client

24  privilege, and/or another applicable privilege or immunity.

25        Responding Party objects on the ground that the information sought is protected

26  from disclosure by the right to privacy provided by any statute and/or under the

27  Constitution of the United States and/or State of California.

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 97**

All DOCUMENTS, including COMMUNICATIONS, relating to all profits earned in connection with EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 98**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶¶ 90, 97, and 103 that "By reason of Defendants' acts of copyright infringement, Plaintiff has suffered, and will continue to suffer substantial damages to her business in the form of diversion of trade, loss of profits, and a dilution in the value of Plaintiff's rights and reputation, all in amounts that are not yet ascertainable, but not less than the jurisdictional minimum of this Court."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting the damages as set out in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 99**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to direct any television, film, theatrical, commercial or other project since the release of EMANUEL until the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 100**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to direct any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

1 requested information or documents is outweighed by the burden of gathering and

2 producing same.

3      Responding Party objects on the ground that the request seeks information

4 containing trade secret or other confidential, competitively sensitive, or proprietary

5 business information or that would require Plaintiff to violate any confidentiality

6 agreement or any court order pertaining to confidentiality.

7      Responding Party objects to this request on the grounds that it is vague and

8 ambiguous.

9      Responding Party further objects that the demand is overbroad and unduly

10 burdensome, including because the categories of documents to be produced are not

11 specified with reasonable particularity, and the request is so sweeping that its

12 boundaries are difficult to identify.

13      Responding Party also objects to the definitions of "document" as being overly

14 broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

15 impermissibly attempts to shift the cost of production of data to Plaintiff in violation

16 of Federal Rule of Civil Procedure 26(b).

17 **REQUEST FOR PRODUCTION NO. 101**

18      All DOCUMENTS, including COMMUNICATIONS, relating to any

19 opportunities for YOU to write for any television, film, theatrical, commercial or

20 other project since the release of EMANUEL until the release of SERVANT.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 101**

22      Responding Party incorporates the General Objections as if fully set forth here.

23      Responding Party objects on the grounds that the information sought is

24 protected from disclosure by the attorney work-product doctrine, the attorney-client

25 privilege, and/or another applicable privilege or immunity.

26      Responding Party objects on the ground that the information sought is protected

27 from disclosure by the right to privacy provided by any statute and/or under the

28 Constitution of the United States and/or State of California.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 102**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to write for any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102**

Responding Party incorporates the General Objections as if fully set forth here.



ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 103**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to produce any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 104**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to produce any television, film, theatrical, commercial or other project since the release of EMANUEL until the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 105**

All DOCUMENTS, including COMMUNICATIONS, relating to any negotiations YOU, YOUR agents, or YOUR managers have engaged in regarding YOUR role in any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 106**

All DOCUMENTS, including COMMUNICATIONS, relating to any payment YOU have received for YOUR role in any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.



ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 107**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "The Dropout."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 108**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Killing Eve."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

121        RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 109**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Chambers."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 110**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Electric Dreams."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 111**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Humans."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 112**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "The Hypnotist's Love Story."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 113**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the forthcoming film "Hurricanna."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).


DATED: March 13, 2023                    ERIKSON LAW GROUP

                                By:      */s/David Erikson*
                                         David Erikson, Attorneys for Plaintiff