# EXHIBIT 3

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
 david@daviderikson.com
Antoinette Waller (SBN 152895)
 antoinette@daviderikson.com
Jeffrey J. Miles (SBN 293869)
 jeff@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | Hon. Sunshine S. Sykes |
| v. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive | **PLAINTIFF'S RESPONSE TO DEFENDANT BLINDING EDGE PICTURES, INC.'S FIRST SET OF INTERROGATORIES** |
| Defendants. | |

PROPOUNDING PARTY:      Defendant Blinding Edge Pictures, Inc.

RESPONDING PARTY:       Plaintiff Francesca Gregorini

SET NO.:                One

Plaintiff Francesca Gregorini ("Plaintiff" or "Responding Party") hereby submits the following responses to Defendant Blinding Edge Pictures, Inc.'s ("Defendant" or "Propounding Party") first set of Interrogatories.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.      These responses are made solely for the purpose of this action. Responding Party has not yet completed their investigation of the facts relating to this action, preparation for trial or associated discovery. As discovery proceeds, Responding Party may identify individuals who have knowledge concerning the subject matter of this action, or who participated in some capacity in events underlying (or related to) this action, and/or Responding Party may discover facts, information, evidence, documents, and things which are not set forth in these responses, but which may be responsive.

2.      The following responses are based on Responding Party's present knowledge, information and belief and are complete as to Responding Party's best knowledge at this time. More specifically, Responding Party has prepared these responses based on their good faith interpretation and understanding of the individual interrogatories, but Responding Party reserves their right to correct any inadvertent errors or omissions. In addition, Responding Party's responses are based upon information they have been able to obtain pursuant to a reasonably diligent search for the requested information in the location(s) where Responding Party believes such information, if any, is normally maintained.

3.      Responding Party also reserves the right to conduct discovery with reference to, or to offer into evidence at the time of trial, all facts, evidence, documents, and things developed during discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents, and things in this response. In addition, Responding Party reserves the right to revise and further supplement these responses based upon any information, evidence, and

RESPONSE TO INTERROGATORIES

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

documentation, which may be discovered after the service of these responses as appropriate.

4.     To the extent that any interrogatory seeks information which is protected by the attorney-client privilege and/or attorney work product doctrine, Responding Party will not respond. Inadvertent identification or disclosure of privileged information or documents by Responding Party is not a waiver of any applicable privilege. Production of information and documents does not waive any objection, including, but not limited to relevancy, to the admission of such information or documents into evidence.

5.     Responding Party objects to this set of interrogatories and to each individual interrogatory contained therein to the extent they purport to require disclosure of confidential and/or proprietary business information, the disclosure of which would be competitively harmful, and Responding Party will not produce such information except subject to a proper confidentiality order that, among other things, provides adequate protection for trade secret and other confidential information.

6.     Responding party objects to any interrogatory herein to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege, doctrine, or immunity. To the extent that any interrogatory may be construed as seeking such privileged or protected information, Responding Party hereby claims such privilege and invokes such protection. The fact that Responding Party does not specifically object to an individual interrogatory on the grounds that it seeks privileged or protected documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege or protection.

7.     Responding Party notes that their obligations regarding these responses are set forth by statute, not by the "Instructions" provided by Propounding Party.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

3                    RESPONSE TO INTERROGATORIES

8.    Each of the following responses incorporates as though fully set forth the foregoing Preliminary Statement and General Objections.

## RESPONSES

**INTERROGATORY NO. 1:**

Identify the amount of revenue generated from each streaming service on which EMANUEL was distributed.

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unlimited in time.

Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33.

**INTERROGATORY NO. 2:**

Identify all costs, revenues, and profits related to EMANUEL.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unlimited in time.

Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33.

**INTERROGATORY NO. 3:**

Identify all costs, revenues, and profits obtained by YOU related to EMANUEL.

**RESPONSE TO INTERROGATORY NO. 3**

1    Responding Party incorporates the General Objections as if fully set forth here.

2    Responding Party objects to this interrogatory on the grounds that it is

3 unlimited in time and so vague, ambiguous, and overbroad, as to be unintelligible.

4    Responding Party objects to this interrogatory on the grounds that it contains

5 subparts, is compound, conjunctive, or disjunctive and causes or may cause the

6 number of interrogatories to exceed the amount allowed under Federal Rule of Civil

7 Procedure Rule 33.

8 **INTERROGATORY NO. 4:**

9    Describe how YOU calculated the damages that YOU allege, including but not

10 limited to as referenced in ¶¶ 90-91, 97-98, and 103-104 of the FAC.

11 **RESPONSE TO INTERROGATORY NO. 4**

12    Responding Party incorporates the General Objections as if fully set forth here.

13    Responding Party objects to this interrogatory on the grounds that it is vague,

14 ambiguous, overbroad, and unlimited in time.

15    Responding Party objects to this interrogatory on the grounds that it is not full

16 and complete in and of itself and requires reference to other documents.

17    Responding Party objects to this interrogatory on the grounds that it contains

18 subparts, is compound, conjunctive, or disjunctive and causes or may cause the

19 number of interrogatories to exceed the amount allowed under Federal Rule of Civil

20 Procedure Rule 33.

21 **INTERROGATORY NO. 5:**

22    Describe YOUR alleged submission to Tony Basgallop and other executives for

23 BERLIN STATION, as referenced in ¶ 52 of the FAC, including but not limited to

24 date of submission, senders, recipients, and contents of the submission.

25 **RESPONSE TO INTERROGATORY NO. 5**

26    Responding Party incorporates the General Objections as if fully set forth here.

27    Responding Party objects to this interrogatory on the grounds that it is vague,

28 ambiguous, and overbroad.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO INTERROGATORIES

1   Responding Party objects to this interrogatory on grounds it is not full and

2   complete in and of itself and requires reference to other documents.

3   Responding Party objects to this interrogatory on the grounds that it contains

4   subparts, is compound, conjunctive, or disjunctive and causes or may cause the

5   number of interrogatories to exceed the amount allowed under Federal Rule of Civil

6   Procedure Rule 33.

7   Subject to and without waiving these objections, Responding Party responds as

8   follows: In or about March 2017 Olivia Blaustein, an agent at CAA, had an assistant

9   that sent *Emanuel* to producers of *Berlin Station*, including Tony Basgallop (co-

10  executive producer), to showcase Ms. Gregorini's talent for the purpose of being

11  hired.

12  **INTERROGATORY NO. 6:**

13  Identify any response(s) received to YOUR alleged submission to Tony

14  Basgallop and other executives for BERLIN STATION, as referenced in ¶ 52 of the

15  FAC, including but not limited to date of response, senders, recipients, and contents of

16  the response.

17  **RESPONSE TO INTERROGATORY NO. 6**

18  Responding Party incorporates the General Objections as if fully set forth here.

19  Responding Party objects to this interrogatory on the grounds that it is vague,

20  ambiguous, and overbroad.

21  Responding Party objects to this interrogatory on grounds it is not full and

22  complete in and of itself and requires reference to other documents.

23  Responding Party objects to this interrogatory on the grounds that it contains

24  subparts, is compound, conjunctive, or disjunctive and causes or may cause the

25  number of interrogatories to exceed the amount allowed under Federal Rule of Civil

26  Procedure Rule 33.

27  **INTERROGATORY NO. 7:**

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

6                    RESPONSE TO INTERROGATORIES

1      Explain the circumstances by which YOU obtained access to the EARLY

2  SERVANT SCRIPT, including by what means and when YOU obtained access to the

3  EARLY SERVANT SCRIPT.

4  **RESPONSE TO INTERROGATORY NO. 7**

5      Responding Party incorporates the General Objections as if fully set forth here.

6      Responding Party objects to this interrogatory on the grounds that it is vague,

7  ambiguous, and overbroad.

8      Responding Party objects to this interrogatory as it assumes facts and appears to

9  seek confidential or privileged information.

10      Responding Party objects to this interrogatory on the grounds that it contains

11  subparts, is compound, conjunctive, or disjunctive and causes or may cause the

12  number of interrogatories to exceed the amount allowed under Federal Rule of Civil

13  Procedure Rule 33.

14  **INTERROGATORY NO. 8:**

15      Explain the circumstances by which YOU obtained access to the LATER

16  SERVANT SCRIPT, including by what means and when YOU obtained access to the

17  LATER SERVANT SCRIPT.

18  **RESPONSE TO INTERROGATORY NO. 8**

19      Responding Party incorporates the General Objections as if fully set forth here.

20      Responding Party objects to this interrogatory on the grounds that it is vague,

21  ambiguous, and overbroad.

22      Responding Party objects to this interrogatory as it assumes facts and appears to

23  seek confidential or privileged information.

24      Responding Party objects to this interrogatory on the grounds that it contains

25  subparts, is compound, conjunctive, or disjunctive and causes or may cause the

26  number of interrogatories to exceed the amount allowed under Federal Rule of Civil

27  Procedure Rule 33.

28


ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 9:**

Describe all negotiations and/or pitches YOU have engaged in to develop EMANUEL into a television series.

**RESPONSE TO INTERROGATORY NO. 9**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and unlimited in time and scope.

Responding Party objects to this interrogatory as it appears to seek confidential or privileged information.

Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33.

**INTERROGATORY NO. 10:**

Describe all discussions and/or negotiations YOU have engaged in to option or license EMANUEL to any party.

**RESPONSE TO INTERROGATORY NO. 10**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad.

Responding Party objects to this interrogatory as it seeks confidential and privileged information.

Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33.


ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 11:**

Describe all negotiations YOU have engaged in to write, direct, or produce television, film, theatrical, commercial, or other project, including but not limited to the television series "The Dropout," since the release of EMANUEL until the release of SERVANT.

**RESPONSE TO INTERROGATORY NO. 11**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

1  Responding Party objects to this interrogatory on the grounds that it is vague
2  and ambiguous.

3  **INTERROGATORY NO. 12:**

4  Describe all negotiations YOU have engaged in to write, direct, or produce any
5  television, film, theatrical, commercial, or other project, including but not limited to
6  the television series "The Dropout," since the release of SERVANT.

7  **RESPONSE TO INTERROGATORY NO. 12**

8  Responding Party incorporates the General Objections as if fully set forth here.

9  Responding Party objects on the grounds that the information sought is
10 protected from disclosure by the attorney work-product doctrine, the attorney-client
11 privilege, and/or another applicable privilege or immunity.

12 Responding Party objects on the ground that the information sought is protected
13 from disclosure by the right to privacy provided by any statute and/or under the
14 Constitution of the United States and/or State of California.

15 Responding Party objects to this interrogatory on the grounds that it contains
16 subparts, is compound, conjunctive, or disjunctive and causes or may cause the
17 number of interrogatories to exceed the amount allowed under Federal Rule of Civil
18 Procedure Rule 33.

19 Responding Party objects on the ground that the information sought is not
20 sufficiently related to any of the claims, allegations, or defenses in this case; and the
21 interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and
22 vexatious seeking information that is neither relevant to this case, nor likely to lead to
23 the discovery of admissible evidence. In addition, any minimal probative value of the
24 requested information is outweighed by the burden of gathering and producing same.

25 Responding Party objects on the ground that the request seeks information
26 containing trade secret or other confidential, competitively sensitive, or proprietary
27 business information or that would require Plaintiff to violate any confidentiality
28 agreement or any court order pertaining to confidentiality.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO INTERROGATORIES

1  Responding Party objects to this interrogatory on the grounds that it is vague

2  and ambiguous.

3  **INTERROGATORY NO. 13:**

4  Identify all agreements YOU have entered into to write, direct, or produce any

5  television, film, theatrical, commercial, or other project, including but not limited to

6  the television series "The Dropout," since the release of EMANUEL until the release

7  of SERVANT.

8  **RESPONSE TO INTERROGATORY NO. 13**

9  Responding Party incorporates the General Objections as if fully set forth here.

10  Responding Party objects on the grounds that the information sought is

11  protected from disclosure by the attorney work-product doctrine, the attorney-client

12  privilege, and/or another applicable privilege or immunity.

13  Responding Party objects on the ground that the information sought is protected

14  from disclosure by the right to privacy provided by any statute and/or under the

15  Constitution of the United States and/or State of California.

16  Responding Party objects to this interrogatory on the grounds that it contains

17  subparts, is compound, conjunctive, or disjunctive and causes or may cause the

18  number of interrogatories to exceed the amount allowed under Federal Rule of Civil

19  Procedure Rule 33.

20  Responding Party objects on the ground that the information sought is not

21  sufficiently related to any of the claims, allegations, or defenses in this case; and the

22  interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and

23  vexatious seeking information that is neither relevant to this case, nor likely to lead to

24  the discovery of admissible evidence. In addition, any minimal probative value of the

25  requested information is outweighed by the burden of gathering and producing same.

26  Responding Party objects on the ground that the request seeks information

27  containing trade secret or other confidential, competitively sensitive, or proprietary

28

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this interrogatory on the grounds that it is vague and ambiguous.

**INTERROGATORY NO. 14:**

Identify all agreements YOU have entered into to write, direct, or produce any television, film, theatrical, commercial, or other project, including but not limited to the television series "The Dropout," since the release of SERVANT.

**RESPONSE TO INTERROGATORY NO. 14**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this interrogatory on the grounds that it is vague and ambiguous.

**INTERROGATORY NO. 15:**

Identify all revenues, and profits obtained by YOU in connection with any television, film, theatrical, commercial, or other project since the release of EMANUEL until the release of SERVANT.

**RESPONSE TO INTERROGATORY NO. 15**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this interrogatory on the grounds that it is vague and ambiguous.

**INTERROGATORY NO. 16:**

Identify all revenues, and profits obtained by YOU in connection with any television, film, theatrical, commercial, or other project since the release of SERVANT.

**RESPONSE TO INTERROGATORY NO. 16**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects to this interrogatory on the grounds that it contains subparts, is compound, conjunctive, or disjunctive and causes or may cause the number of interrogatories to exceed the amount allowed under Federal Rule of Civil Procedure Rule 33.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

1  business information or that would require Plaintiff to violate any confidentiality
2  agreement or any court order pertaining to confidentiality.

3       Responding Party objects to this interrogatory on the grounds that it is vague
4  and ambiguous.

5  **INTERROGATORY NO. 17:**

6       Identify all agreements relating to EMANUEL, including the date(s) that any
7  agreements went into effect, the payment and other terms of the agreements, and other
8  details of any agreements relating to EMANUEL.

9  **RESPONSE TO INTERROGATORY NO. 17**

10      Responding Party incorporates the General Objections as if fully set forth here.

11      Responding Party objects on the grounds that the information sought is
12 protected from disclosure by the attorney work-product doctrine, the attorney-client
13 privilege, and/or another applicable privilege or immunity.

14      Responding Party objects on the ground that the information sought is protected
15 from disclosure by the right to privacy provided by any statute and/or under the
16 Constitution of the United States and/or State of California.

17      Responding Party objects to this interrogatory on the grounds that it contains
18 subparts, is compound, conjunctive, or disjunctive and causes or may cause the
19 number of interrogatories to exceed the amount allowed under Federal Rule of Civil
20 Procedure Rule 33.

21      Responding Party objects on the ground that the information sought is not
22 sufficiently related to any of the claims, allegations, or defenses in this case; and the
23 interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and
24 vexatious seeking information that is not likely to lead to the discovery of admissible
25 evidence. In addition, any minimal probative value of the requested information is
26 outweighed by the burden of gathering and producing same.

27      Responding Party objects on the ground that the request seeks information
28 containing trade secret or other confidential, competitively sensitive, or proprietary

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO INTERROGATORIES

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this interrogatory on the grounds that it is vague and ambiguous.

**INTERROGATORY NO. 18:**

Explain why Emanuel Film LLC was "dissolved and cancelled," as referenced in ¶ 85 of the FAC.

**RESPONSE TO INTERROGATORY NO. 18**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objections on the grounds the interrogatory is not full and complete in and of itself and requires reference to other documents.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the interrogatory is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this interrogatory on the grounds that it is vague and ambiguous.

**INTERROGATORY NO. 19:**

RESPONSE TO INTERROGATORIES

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

State all facts to support YOUR contention that defendant Blinding Edge Pictures, Inc. had access to EMANUEL prior to its alleged involvement in SERVANT, as referenced in ¶ 51 of the FAC.

**RESPONSE TO INTERROGATORY NO. 19**

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad and is not full and complete in and of itself.

Subject to and without waiving these objections Responding Party responds as follows: Defendant had a reasonable opportunity to view Plaintiff's work before *Servant* was created because, among other things, Plaintiff's work was widely disseminated prior to *Servant's* creation. In addition, the similarities between Plaintiff's work and *Servant* are so striking that it is highly likely the works were not created independent of one another. *Emanuel* premiered in Dramatic Competition at the 2013 Sundance Film Festival and was selected to showcase at Sundance UK later that same year. The film went on to screen at many other film festivals in the U.S and around the world, including, without limitation, Marfa Film Festival, Brooklyn Film Festival, and Bend Film Festival. The film was released in U.S. theaters on January 10, 2014. Ms. Gregorini earned a nomination at the Sundance Film Festival for the 2013 Grand Jury Prize – Dramatic and earned the Best Feature Director prize at the 2013 L.A. Femme Film Festival. The film earned awards at the 2013 Ashland Independent Film Festival and 2013 Brooklyn Film Festival. Since 2014, *Emanuel* has been available for purchase or rental on defendant Apple's own iTunes as well as multiple additional streaming services and platforms.

**INTERROGATORY NO. 20:**

State all facts to support YOUR contention that defendant Blinding Edge Pictures, Inc. is directly liable for the alleged infringement.

**RESPONSE TO INTERROGATORY NO. 20**



ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO INTERROGATORIES

1    Responding Party incorporates the General Objections as if fully set forth here.

2  Responding Party objects to this interrogatory on the grounds that it is vague,

3  ambiguous, and overbroad. The interrogatory is likewise not full and complete in and

4  of itself.

5    Responding Party objects to this interrogatory as Responding Party has not

6  fully completed investigation and discovery of the facts relating to this action.

7  Because these efforts are ongoing and expected to yield more documents and

8  information in the future, which may establish entirely new factual conclusions and

9  legal contentions, this response is given without prejudice to Responding Party's right

10  to make substantial additions and/or changes. Responding Party notes that

11  Propounding Party has not produced discovery to Plaintiff despite serving responses

12  to Plaintiff's requests for production nearly three years ago stating and confirming that

13  Propounding Party would produce requested discovery to Plaintiff including

14  Propounding Party's initial disclosure documents. Propounding Party's failure to

15  produce discovery as promised impedes and interferes with Plaintiff's ability to

16  respond.

17    Subject to and without waiving these objections Responding Party responds as

18  follows: Defendants, including Propounding Party, with full knowledge of Plaintiff's

19  rights, infringed Plaintiff's copyrights by preparing an unauthorized derivative work;

20  and by producing, distributing, streaming, and transmitting Episodes 1 through 3, of

21  Season 1, of the television show entitled "Servant." *Servant* is an unauthorized

22  derivative work of, and substantially similar to, *Emanuel*. All such acts were

23  performed by Defendants without the permission, license, or consent of Plaintiff.

24  **INTERROGATORY NO. 21:**

25    State all facts to support YOUR contention that defendant Blinding Edge

26  Pictures, Inc. is contributorily liable for the alleged infringement.

27  **RESPONSE TO INTERROGATORY NO. 21**

28



18                    RESPONSE TO INTERROGATORIES

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. The interrogatory is likewise not full and complete in and of itself.

Responding Party objects to this interrogatory as Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested discovery to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Subject to and without waiving these objections Responding Party responds as follows: Propounding Party is contributorily liable for the infringements alleged because Propounding Party knowingly induced, participated in, aided and abetted, and profited from the production of and subsequent sales of the infringing work.

**INTERROGATORY NO. 22:**

State all facts to support YOUR contention that defendant Blinding Edge Pictures, Inc. is vicariously liable for the alleged infringement.

**RESPONSE TO INTERROGATORY NO. 22**

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. The interrogatory is likewise not full and complete in and of itself.

Responding Party objects to this interrogatory as Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested discovery to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Subject to and without waiving these objections Responding Party responds as follows: Propounding Party is vicariously liable for the infringements alleged because it had the right and ability to supervise the infringing conduct, including the practical ability to do so, and because it had a direct financial interest in the infringing conduct.

DATED: March 14, 2023                          ERIKSON LAW GROUP

                                               By:      /s/David Erikson
                                                        David Erikson, Attorneys for Plaintiff