ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
　david@daviderikson.com
Antoinette Waller (SBN 152895)
　antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>　　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF ANTOINETTE WALLER IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FURTHER INTERROGATORY RESPONSES AND PRODUTION OF DOCUMENTS**<br><br>Date: June 27, 2023<br>Time: 9:30 a.m.<br>Courtroom.: 750 |

1　　　　　　　　　　　　　　　　　　　　DECLARATION

I, Antoinette Waller declare:

1. I am an attorney admitted to practice before all courts of the State of California and before this Court. I and my colleague David Erikson represent Plaintiff Francesca Gregorini in this action. I have first-hand, personal knowledge of the facts set forth in this Declaration, and if called to testify, could and would testify as follows.

2. Plaintiff filed this action in January 2020. Plaintiff first served discovery in March 2020. In contrast, for the first thirty-two months the action was pending, Defendants did not serve any discovery.

3. Plaintiff served requests for production of documents on each defendant in March and April 2020. Defendants responded to Plaintiff's requests for production of documents in April and May 2020. Defendants objected to every single request. Subject to the objections, Defendants agreed to produce several categories of documents. For multiple categories of documents, Defendants stood on objections, including objections that the discovery was "premature" since Defendants intended to seek to bifurcate liability and damages. Despite agreeing to produce documents in April and May of 2020, Defendants did not produce any documents until May 2023, three years after the discovery had been served.

4. On February 22, 2022, the action was remanded to this Court after the 9th Circuit Court of Appeals overturned Judge Walter's order granting Defendants' motion to dismiss.

5. As soon as the case was remanded, Plaintiff resumed her efforts to have Defendants produce documents they had promised to produce in April and May 2020. Defendants demurred. Defendants took the position that because they were

going to make a motion to bifurcate discovery and seek to bar any discovery by Plaintiff, they did not have to participate in discovery.

6. To date, Defendants still have not produced most of the documents requested over three years ago. Defendants have stated that they are going to produce additional documents. Defendants originally confirmed they would produce all their documents by May 2023. Despite these assurances, Defendants made only two minor productions in May 2023. Defendants have refused to state what documents have been produced and what documents are still pending to be produced. Defendants have not stated when the additional documents will be produced.

7. Despite Plaintiff's request for the documents over three years ago, Defendants have not produced documents concerning their revenue, costs, profits, or expenses.

8. The discovery cutoff in this action is July 14, 2023. That cutoff date was set in August 2022 (moved from July 10, 2023, set in May 2022).

9. Plaintiff has always been willing and evidenced her willingness to engage in fulsome discussions of discovery matters. Over the course of the three years that Plaintiff's discovery has been outstanding to Defendants, Plaintiff made repeated efforts to have Defendants produce their documents as promised. Defendants repeatedly failed to produce documents. Defendants continually stated that they were searching for documents and would produce documents at some point in the future.

10. Ultimately, because Defendants would not produce even the most non-controversial documents, Plaintiff was forced to bring a motion to compel production of initial disclosure documents Plaintiff had requested in her 2020

requests for production—documents that Uncle George had agreed to produce in May 2020. Plaintiff served her motion to compel on April 27, 2023. Defendants opposed Plaintiff's motion to compel. On May 26, 2023, the Court granted Plaintiff's motion to compel as to requests for production nos. ("RFP") 106-110 seeking Uncle George's initial disclosure documents. Uncle George has not yet produced documents in accord with the Court's May 26 Order. Defendant's deadline to supplement its responses and produce its initial disclosure documents is June 13, 2023.

11. Defendants did not serve any discovery on Plaintiff until September 22, 2022. On that date Defendants served 12 sets of discovery on Plaintiff consisting of dozens of interrogatories and hundreds of document requests ("Defendants discovery"). Defendants' discovery is wide-ranging and overwhelming. Defendants ask for essentially every bit of information and every document that has ever been generated concerning Plaintiff, her career, her movie, *The Truth About Emanuel*, the movie's earnings, revenue, costs, and profits, and Ms. Gregorini's film and television work before and after this lawsuit was filed.

12. Plaintiff is represented by David Erikson and Antoinette Waller, a two-attorney firm.

13. Plaintiff was working out of the country for the last several months of 2022. In addition, Plaintiff's counsel suffered personal and health crises during the early part of this year. Declarant's mother died suddenly and unexpectedly in January 2023. Plaintiff's lead counsel, David Erikson, is currently undergoing treatment for colon cancer. In the latter half of 2021 and into 2022, Mr. Erikson had surgery to remove his colon and underwent chemotherapy and radiation treatment.

Mr. Erikson suffered a recurrence of cancer and is, again, undergoing chemotherapy treatment.

14. Due to the events described in the preceding paragraph, Plaintiff sought and received extensions to respond to Defendants' discovery. On March 13 and 14, 2023 Plaintiff timely provided her responses to the 12 sets of discovery served by Defendants.

15. For the seven weeks between March 13, 2023, when Plaintiff served her discovery responses, and May 1, 2023, Defendants made no quarrel with Plaintiff's discovery responses.

16. Plaintiff served her motion to compel further discovery responses from defendant Uncle George Productions on April 27, 2023. Four days later, late in the day on May 1, 2023, Defendants emailed a 16-page meet and confer letter ("Defendants' May Discovery Letter") to Plaintiff's counsel, raising issues with Plaintiff's responses to over 100 discovery requests. Prior to sending the May Discovery Letter, Defendants had not raised any issues with Plaintiff's discovery responses.

17. Before and after Defendants served their discovery on Plaintiff, Defendants did not themselves produce *any* of the documents they had promised to produce in April and May of 2020 in response to Plaintiff's documents demands. As of May 1, 2023, when they sent their meet and confer letter concerning Plaintiff's discovery responses, Defendants had not produced a single document.

18. In May 2023 Mr. Erikson had several medical emergencies. He spent multiple days in the hospital. Mr. Erikson is currently undergoing a new round of intensive chemotherapy to address a recurrence of cancer, which therapy is expected to remain intense and debilitating for the next eight weeks. Mr. Erikson

advises that this round of chemotherapy has turned out to be unexpectedly debilitating. During the past month Mr. Erikson was unexpectedly hospitalized for six days with a condition unrelated to the chemotherapy, but rather a complication of his cancer treatment. Since last year, Mr. Erikson has also had an ongoing health challenge of a serious digestive obstruction stemming from his prior cancer treatment. On June 5, 2023, Mr. Erikson was admitted to the hospital again, on an emergency basis. Mr. Erikson remains in the hospital.

19. Plaintiff's counsel responded promptly to Defendants' May Discovery Letter. The parties conducted a meet and confer conference as regarding Plaintiff's discovery responses on May 17, 2023. The undersigned participated on behalf of Plaintiff. Nick Jampol, Meenakshi Krishnan, and Samantha Lachman participated on behalf of Defendants. At the time I participated in the conference I was prepared and willing to discuss the discovery disputes Defendants had just raised. The conference was limited to a discussion of the newly raised disputes by Defendants as to Plaintiff's discovery responses. Defendants evidenced no willingness to discuss the ongoing disputes as to Defendants' discovery responses.

20. For many of the issues Defendants first raised in May 2023 regarding Plaintiff's discovery responses, Defendants' own parallel responses contradicted the position they took as to Plaintiff's discovery. For example, in April 2020, Plaintiff had propounded a request for production asking defendant Blinding Edge to produce "documents sufficient to show all revenue" it had received from *Servant*. Blinding Edge objected to the request and refused to provide a response. Blinding Edge stated:

> Blinding Edge incorporates its General Objections as if fully set forth here. Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous. Blinding Edge objects to this request as

premature, as Blinding Edge will move to bifurcate discovery into separate liability and damages phases.

Blinding Edge's response to RFP 29 (see Exhibit G attached hereto).

22. In May 2023 Mr. Erikson had several medical emergencies. He spent multiple days in the hospital.

23. In Defendants May Discovery Letter concerning Plaintiff's discovery responses, Defendants cited Plaintiff's RFP 29 to Blinding Edge and noted that since Plaintiff had asked Defendants for information on Defendants' revenue, Plaintiff should be willing to provide detailed and extensive revenue information for her film. When Plaintiff responded and noted that Defendants had themselves objected to producing revenue information and had not produced the information Plaintiff requested three years earlier, Defendants' counsel refused to discuss Defendants' discovery responses.

24. Plaintiff has attempted to schedule discovery conferences to discuss the outstanding issues with Defendants' discovery responses. The parties are set to confer on Wednesday, June 7 to discuss some of those issues.

25. At the outset of the May 17 conference, Mr. Jampol stated that he did not think it would be a useful approach to discuss each disputed discovery request although he was willing to do so. He suggested that instead of that approach, Plaintiff's counsel provide a "higher level" written response to the issues Defendants raised. Plaintiff's counsel agreed.

26. During the May 17 discovery conference, I stated that because of current events, including Mr. Erikson's emergency hospitalization, and the press of business, including the filing of our motion to compel Uncle George's production of its initial disclosure documents, I had not had the opportunity to perform a systematic analysis of the plethora of issues raised in Defendants' May Discovery

Letter or address the letter in detail with my client. I was nevertheless prepared and willing to participate and did fully participate in the meet and confer discussion.

27. We agreed during the May 17 conference that I would send a written response to Defendants' May Discovery Letter on Monday May 22. Several times during the May 17 conference, Mr. Jampol stated that he was not looking for a response letter dense with case analysis or elaborate discussion of the discovery disputes. I understood that Defendants were looking for an overview response to the issues they had newly raised and an indication as to whether Plaintiff was willing to supplement her discovery responses. During the May 17 discussion and in multiple communications afterwards, I stated Plaintiff's eagerness to resolve any discovery disputes and work cooperatively with Defendants' counsel to achieve expeditious resolutions of any such disputes.

28. As agreed, I sent a written response to Defendants' May Discovery Letter on May 22. I offered to supplement many of the responses. I anticipated that Defendants' counsel would contact me after reviewing the letter and engage in additional meet and confer discussions to see if the parties could reach agreement as to the discovery disputes.

29. As part of the discovery disputes discussion, Plaintiff had agreed to forego her claims for actual damages and instead focus her damages recovery on Defendants' profits. To date, despite requesting the information in her discovery requests from three years ago, Defendants have not provided information regarding their profits.

30. After I sent my letter on May 22, I did not hear anything from Defendants' counsel about the discovery issues. On Friday May 26, the Court granted Plaintiff's motion to compel as to RFPs 106-110 and ordered defendant

Uncle George Productions to produce and identify its initial disclosure documents in response to those document requests. That same afternoon, without prior forewarning or notice to me, Defendants' counsel served a Joint Stipulation moving to compel Plaintiff's further responses to nearly 100 discovery requests.

31. Prior to serving their motion to compel, Defendants had not responded to my May 22 letter and had not offered any further discussion or comment regarding the disputes Defendants first raised in their May Discovery Letter.

32. Plaintiff requested that Defendants temporarily withdraw or suspend their motion to compel while the parties made a full-scale effort to resolve—or at least narrow the disputes Defendants had just raised. Defendants refused to withdraw their motion and insisted that Plaintiff provide her portion of the Joint Stipulation so that Defendants could set the motion for hearing on June 27, 2023.

33. While refusing to withdraw or temporarily suspend the motion to compel, Defendants' counsel belatedly offered some new proposals to limit or narrow the parties' disputes. Defendants withdrew eleven of the disputed requests. On Friday June 2, Defendants withdrew interrogatory nos. 13-16 and requests for production nos. 99-104 from the motion. On Saturday June 3, Defendants withdrew interrogatory no. 4 from the motion. Because Defendants have confirmed they are no longer pursuing the motion to compel as to the noted interrogatories and requests for production, Plaintiff does not provide a response to the portions of the motion addressing those requests.

34. On Monday June 5, 2023, Plaintiff's counsel, David Erikson, was admitted again to the hospital on an emergency basis.

35. Attached as Exhibit A hereto is a true and accurate copy of email communications exchanged between counsel following the May 17 discovery

conference.

36. Attached as Exhibit B hereto is a true and accurate copy of my May 22, 2023, discovery letter to Defendants' counsel.

37. Attached as Exhibit C hereto is a true and accurate copy of email communications between counsel following Defendants' May 26 service of their Joint Stipulation.

38. Attached as Exhibit D hereto is a true and accurate copy of June 1 email communications between Plaintiff's and Defendants' counsel.

39. Attached as Exhibit E hereto is a true and accurate copy of June 2 email communications between Plaintiff's and Defendants' counsel.

40. Attached as Exhibit F hereto is a true and accurate copy of Mr. Jampol's June 2 email withdrawing the motion to compel as to 10 of the discovery requests cited in Defendants' motion. Defendants withdrew the motion as to Interrogatory Nos. 13-16; and RFP Nos. 99-104. Mr. Jampol also later agreed to withdraw the motion as to Interrogatory No. 4.

41. Attached as exhibit G hereto is a true and accurate copy of Defendant Blinding Edge's responses to Plaintiff's request for production, set one.

I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing facts are true and correct.

I am executing this Declaration on June 5, 2023, in Los Angeles, California.

                                      */s/Antoinette Waller*    
                                      ANTOINETTE WALLER