# EXHIBIT A

# Re: Gregorini/Servant - Meet and Confer Discussion

### Antoinette Waller

Thu 5/18/2023 3:18 PM

To:Jampol, Nicolas <NicolasJampol@dwt.com>;

Cc:David Erikson <david@daviderikson.com>; Freeman, Cydney <CydneyFreeman@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>; Lachman, Sam <SamLachman@dwt.com>; Melanie Wilbur <Melanie@daviderikson.com>;

Bcc:Antoinette Waller <Antoinette@daviderikson.com>;

Nick -

Respectfully, I disagree with your characterizations. I fully participated in the meet and confer with your team yesterday. I was prepared to go through the 100+ discovery requests individually if that is what you wanted. You stated at the outset of the meeting, before I even spoke, that you were not looking for that approach. I am not sure what you mean by "written responses" that you are now demanding, but as I've stated, I will have a letter responding to the issues raised in your letter by Monday.

Your second paragraph completely mischaracterizes our motion to compel. We filed a motion to compel on the basis that *three years after* Uncle George agreed to produce its initial disclosure documents in response to our client's requests for production seeking those documents, your client still had not produced the promised documents. You appear to take the position that your clients are unable to identify their own initial disclosure documents. That is an absurd and untenable argument.

Your clients did not serve requests for production seeking our client's initial disclosure documents. There is no equivalency.

Please explain your statement that "in terms of the six individuals you reference, their documents were produced with their entities." Are you saying that the individually named defendants (who have all served Ms. Gregorini with their own discovery and have responded individually to Ms. Gregorini's discovery) will not produce any documents individually?

We are trying and will continue to try to streamline this litigation and address issues that arise with flexibility and professionalism. We hope you will take the same approach.

Best,
Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Thursday, May 18, 2023 2:30:07 PM
**To:** Antoinette Waller
**Cc:** David Erikson; Freeman, Cydney; Krishnan, Meenakshi; Lachman, Sam; Melanie Wilbur
**Subject:** RE: Gregorini/Servant - Meet and Confer Discussion

Hi Antoinette,

Respectfully, you said that you "just barely" reviewed the letter, which we had sent more than two weeks prior to our meet and confer. I understand why that was the case, which is why I didn't complain or push back at all and simply asked for written responses, which you agreed was reasonable based on the circumstances. But that was the exact phrase you used. We had three people on the phone on our side to ensure nobody misremembered anything.

As for your contention about general objections, as we specifically discussed, we are not withholding any documents on the basis of general objections and have asked you to confirm the same. And the comment about abiding by the same standards is one that I would hope you would consider for yourself. You filed a motion to compel on the basis that documents identified in initial disclosures should be produced immediately, yet you didn't produce any documents immediately (unless you are taking the position that none of the documents identified in your initial disclosures are responsive to our requests). You claimed that you can't identify categories of documents in initial disclosures, yet you identified categories of documents. You claimed that you can't identify documents in initial disclosures that aren't in your possession, but that's what you did. And so on. You have pushed on documents yet haven't produced one single document on behalf of one single individual client. Lastly, in terms of the six individuals you reference, their documents were produced with their entities.

We look forward to your written responses to our letter by May 22. We hope that you come with good-faith proposals to resolve any disputes.
Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP

865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017

(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Thursday, May 18, 2023 9:33 AM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Freeman, Cydney <CydneyFreeman@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>; Lachman, Sam <SamLachman@dwt.com>; Melanie Wilbur <Melanie@daviderikson.com>
**Subject:** Re: Gregorini/Servant - Meet and Confer Discussion

[EXTERNAL]

Hi Nick -

Thanks for your email. As we've discussed, in addition to David and me, please include Melanie (cc'd here) on all correspondence on this matter.

A few points regarding yesterday's meeting. We discussed your 16-page meet/confer letter. The letter raises issues as regarding 100 individual discovery requests. I did not say that I hadn't reviewed your letter. To the contrary, I noted that I had reviewed the letter (dated May 1 and sent at 7:35 pm that evening). Given that David has been in the hospital and multiple other major ongoing events, I had not memorized each dispute raised in your letter or had an opportunity to discuss in detail with my client our response. As you know, your letter was the first time you had raised any issue with our client's discovery responses. You sent the letter four days after we had served you with the joint stipulation for our motion to compel Uncle George's production of documents on April 27. You stated during our meeting yesterday that you did not want to go through the letter point by point and that you would rather have us provide a high-level written response to the general issues addressed in the letter. I agreed to do that by Monday.

I noted during the meeting that your letter made demands about discovery responses that contradicted positions taken by your own clients in discovery. For example, your letter decries "general objections" as improper. And yet your clients asserted general objections in their discovery responses. You agreed that your clients would abide by and be subject to the same demands you make of our client. It is noteworthy that your clients have objected to and refused to produce documents in response to requests that are far less invasive and far more tailored than the discovery your clients served themselves. Your clients' objections to requests for production seeking their initial disclosure documents and claimed inability to produce their own initial disclosure documents over three years after they served their initial disclosures is instructive as to the lack of reciprocity in addressing discovery issues. Six of your clients have still not produced a single document despite agreeing to do so years ago.

We are working diligently to resolve any discovery disputes between our clients. We too are open to and remain willing and eager to address and settle such disputes informally.

Best,
Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Wednesday, May 17, 2023 3:56:46 PM
**To:** Antoinette Waller
**Cc:** David Erikson; Freeman, Cydney; Krishnan, Meenakshi; Lachman, Sam
**Subject:** Gregorini/Servant - Meet and Confer Discussion

Hi Antoinette,

Thanks for today's call regarding our May 1 meet-and-confer letter. Per our discussion, given that you haven't been able to review our letter and consider your responses, we agreed that you would provide us with a written response to our letter by May 22. As I mentioned, to the extent you believe an interrogatory or request is too broad or unclear, please provide a specific proposal to narrow or clarify the request. We would like to resolve as many of these as possible, hopefully all of them, but we are running out of time on discovery, so we may need to start the motion to compel process next week for any requests that we can't resolve. We are always open to conferring at any time to resolve as much as we possibly can and I'm hopeful that we can avoid a motion to compel altogether.

On the document front, you agreed to produce Plaintiff's documents by May 31. For document requests that you believe are overbroad, this production should also include documents that are within the scope that you believe is reasonable, instead of withholding all documents based on the objection. And again, hopefully we can resolve our disagreements on the requests identified in my letter and get the entirety of your production.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017

(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.