# EXHIBIT E

## Re: Gregorini v. Apple et al. - Rule 37-2 Joint Stipulation to Compel Plaintiff's Further Interrogatory Responses and Document Production

**Antoinette Waller**

Fri 6/2/2023 9:53 AM

To: Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>;

Cc: David Erikson <david@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>; Kayla Corrick <Kayla@daviderikson.com>; Freeman, Cydney <CydneyFreeman@dwt.com>; Antoinette Waller <Antoinette@daviderikson.com>;

Thanks for your email Nick.

I disagree with your assertions regarding the history of this case. By "aggressively litigating" you mean litigating. We waited for over three years to have defendants produce a single document. You have repeatedly refused to have open discussions about the defendants' productions, including what we could expect and when we could expect it. When we tried to shortcut some of the delay by asking for the easily producible documents, you took an wholly unreasonable position on producing your clients' initial disclosure documents pursuant to Ms. Gregorini's document requests. You refused to provide any information about the documents and argued that we were somehow responsible for your clients' alleged inability to identify their own disclosure documents.

What is the current status of defendants' document productions? You haven't told us. You said you were producing all documents by the end of last month but we haven't received any further production.

If you claim that some of the defendants "do not belong in this case," as you say you brought up "years" ago to David, you have not raised that in any direct way since the case was remanded.

After the case was remanded, you waited for seven months before serving any discovery. You ultimately served incredibly broad demands on Ms. Gregorini, well beyond any reasonable discovery. After receiving Ms. Gregorini's timely responses to the discovery, you waited for over seven weeks to claim any deficiencies. You have not addressed why you waited so long to bring up alleged shortcomings in the responses. When you finally did raise issues, you acted as if we had somehow been refusing or delaying meet and confer efforts. We were not aware of any issues with Ms. Gregorini's responses because you had not raised any issues with the responses. When you ultimately did raise issues in your 16 page letter, we were immediately responsive. But you assailed and demeaned our efforts.  Our client's withdraw of her claims for actual damages should have a significant impact on the discovery. And yet you refuse to even discuss it with us.

Your office sent the Joint Stipulation last Friday afternoon without notice or forewarning. We cannot prepare an opposition to the motion and also "provide proposals" for you to consider. Given the abbreviated deadline to serve our opposition, as we've explained, we must focus on getting that done. That's why I asked you to temporarily withdraw the Joint Stipulation and allow the parties to meet and confer further. You refused. We will present our arguments to the Court.

Best,
Antoinette

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Friday, June 2, 2023 9:11 AM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Melanie Wilbur; Kayla Corrick; Freeman, Cydney
**Subject:** RE: Gregorini v. Apple et al. - Rule 37-2 Joint Stipulation to Compel Plaintiff's Further Interrogatory Responses and Document Production

Antoinette,

I don't appreciate your email. We have bent over backwards to be reasonable in terms of the case schedule and have granted numerous extensions. It's disappointing that you are somehow suggesting that our desire to obtain documents or litigate this case, in which you sued eleven different defendants (some of whom, as I explained to David years ago, do not belong in this case), suggests that we're not sensitive to David's health concerns. We are, which is why we agreed to the elongated case schedule and granted extension after extension. You are aggressively litigating this case against us, and I don't appreciate the suggestion that we can't do the same.

If you are serious about wanting to resolve this discovery dispute, please provide some proposals. It's been a week since you've had the joint stipulation and we have yet to hear one proposal for a single one of the requests at issue. You stated in your prior email that you think we can resolve some or most of these disputes, but we have not received any suggestions from you on how to do so. If you actually believe we can resolve some of these issues, provide those proposals. And please produce the long-promised documents, which you said you would produce by May 31.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP

865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017

(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Thursday, June 1, 2023 7:32 PM
**To:** Jampol, Nicolas <NicolasJampol@dwt.com>; Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>; Kayla Corrick <Kayla@daviderikson.com>; Freeman, Cydney <CydneyFreeman@dwt.com>; Antoinette Waller <Antoinette@daviderikson.com>
**Subject:** Re: Gregorini v. Apple et al. - Rule 37-2 Joint Stipulation to Compel Plaintiff's Further Interrogatory Responses and Document Production

**[EXTERNAL]**

Nick -

We have repeatedly offered to meet and confer and extended every effort to discuss and resolve discovery disputes. Your constant insistence to the contrary does not change those facts. The purpose of the Rule 37 process is to enable the parties to find resolutions without the need for court intervention. You have thwarted that purpose.

You have been playing games of "gotcha". Without prior notice to us, you served the Joint Stipulation the Friday before a holiday weekend. You made no serious effort to resolve the disputes you first raised in May, seven weeks after you received our client's discovery responses. You know that David and I are two attorneys facing your scores of attorneys. You know that David has been in the hospital suffering complications from his ongoing

cancer treatment.

Given your refusal to conduct any meet and confer discussion, we will oppose the motion. We will provide our portions of the Joint Stipulation by tomorrow night. This will, as you anticipated, require our full attention and effort. It is unfortunate that you are unwilling to participate in a reasonable effort to resolve discovery issues. We will seek appropriate sanctions from the court. Please note that we will need to include our request for sanctions in the notice for the motion. Please provide us with the notice of motion which you did not include with your portion of the Joint Stipulation.

Best,

Antoinette

---

**From:** Jampol, Nicolas <NicolasJampol@dwt.com>
**Sent:** Thursday, June 1, 2023 1:16 PM
**To:** Antoinette Waller; Krishnan, Meenakshi
**Cc:** David Erikson; Melanie Wilbur; Kayla Corrick; Freeman, Cydney
**Subject:** RE: Gregorini v. Apple et al. - Rule 37-2 Joint Stipulation to Compel Plaintiff's Further Interrogatory Responses and Document Production

Antoinette,

I disagree that you've been amenable to working cooperatively on discovery issues, which is why we had to prepare the stipulation. After waiting six months for written responses, you refused to provide information and documents on even the most foundational issues in a copyright case, and then refused to meaningfully engage with our attempts to meet and confer on your responses. In particular, you declined to supplement numerous discovery responses without any explanation, entirely ignored various requests, and failed to provide narrowing proposals for most of the requests you claimed were overbroad or ambiguous. I also note that you promised to provide documents by yesterday, but we didn't see anything come through.

That being said, we would love to eliminate or narrow the scope of our motion to compel, and agree that most of these should be resolvable without burdening the Court. Accordingly, please let us know which responses you will supplement and by what date you will do so. If you have particular proposals to narrow or clarify any requests, please provide them. To avoid any misunderstandings, please provide those in writing. But we will not be withdrawing the motion in the hopes that you now engage in the meet and confer process. Please provide your portion of the stipulation back by tomorrow per the rules. If we are able to reach an agreement on any of the requests at issue, we will notify the Court of that in our supplemental filing.

We are not trying to score points, but instead attempting to get the information and documents that we are entitled to receive and that you are obligated to provide.

Thanks,
Nick.

**Nicolas Jampol** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
(213) 633-8651 | nicolasjampol@dwt.com | www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Antoinette Waller <Antoinette@daviderikson.com>
**Sent:** Wednesday, May 31, 2023 5:45 PM
**To:** Krishnan, Meenakshi <meenakshikrishnan@dwt.com>; Jampol, Nicolas <NicolasJampol@dwt.com>
**Cc:** David Erikson <david@daviderikson.com>; Melanie Wilbur <Melanie@daviderikson.com>; Antoinette Waller <Antoinette@daviderikson.com>; Kayla Corrick <Kayla@daviderikson.com>
**Subject:** Re: Gregorini v. Apple et al. - Rule 37-2 Joint Stipulation to Compel Plaintiff's Further Interrogatory Responses and Document Production

**[EXTERNAL]**

Dear Nick and Meenu –

We were shocked to receive your 67-page Joint Stipulation late Friday afternoon of the holiday weekend. As you know, we have been and remain ready and amenable to work cooperatively to address any issues regarding discovery matters. Your Joint Stipulation mischaracterizes our meet and confer efforts and ignores our repeated stated willingness to work to informally resolve any disputes regarding our client's discovery responses.

Defendants waited over seven weeks to raise any issue with Ms. Gregorini's responses served in March. You sent your initial meet and confer letter raising disputes with more than 100 responses only this month. You also waited until after we were forced to pursue our motion to compel Uncle George's production of initial disclosure documents in compliance with its responses to Ms. Gregorini's requests for production.

We endeavored to meet and confer to address your concerns regarding our client's discovery responses, including by responding in writing to your meet and confer letter as you requested. On Friday, shortly after the Court granted our motion to compel, you served your Joint Stipulation without even acknowledging our letter and without providing any opportunity for further comments or discussion.

We propose that you agree to withdraw the Joint Stipulation for the time being, and the parties hold a joint meet/confer session tomorrow afternoon or Friday to discuss all outstanding discovery issues, including the parties' document productions and supplemental responses. We believe many, if not most of the issues can be resolved by the parties informally without the need for court intervention. The meeting would also include the issues as to Blinding Edge's discovery deficiencies as outlined in my May 22 letter.

If you are unwilling to withdraw the Joint Stipulation served May 26, we will have to delay the meeting on Blinding Edge's discovery deficiencies until next week so that we may focus on preparing our opposition to the Joint Stipulation.

When the whole story is told, it becomes transparent that defendants are more interested in scoring points than in moving efficiently towards the truth. Especially given the broader context, I don't know why you think the magistrate is not going to be able to see that.

Please advise by no later than 10:00 am tomorrow whether you are willing to withdraw the Joint Stipulation and conduct a further meet and confer session this week. We also ask that you respond to David's May 26 inquiry about agreeing to extend the expert witness disclosure deadlines.

Best,

Antoinette

**From:** Krishnan, Meenakshi <meenakshikrishnan@dwt.com>
**Sent:** Friday, May 26, 2023 3:07:35 PM
**To:** Antoinette Waller; David Erikson; Melanie Wilbur
**Cc:** Jampol, Nicolas
**Subject:** Gregorini v. Apple et al. - Rule 37-2 Joint Stipulation to Compel Plaintiff's Further Interrogatory Responses and Document Production

Hi Antoinette, David, and Melanie,

Please find attached Defendants Uncle George and Blinding Edge's portion of a Local Rule 37-2 joint stipulation to compel Plaintiff's further interrogatory responses and production of documents. Per Local Rule 37-2.2, please provide Plaintiff's portion of the joint stipulation and any supporting declaration and exhibits within seven days. We have set the motion to compel hearing for June 27, 2023. The combined document will be filed no later than June 6, 2023, which is twenty-one days prior to the June 27 hearing per Local Rule 37-3.

Thanks and have a nice holiday weekend.

Best,
Meenu

**Meenakshi Krishnan** | Davis Wright Tremaine LLP
Associate

1301 K Street NW, Suite 500 East | Washington, D.C. 20005

Tel: (202) 510-5204 | Fax: (202) 973-4439

Email: meenakshikrishnan@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.