# EXHIBIT G

NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
CAMILA PEDRAZA (State Bar No. 329984)
  camilapedraza@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
BLINDING EDGE PICTURES, INC.; UNCLE
GEORGE PRODUCTIONS, LLC; APPLE INC.;
ESCAPE ARTISTS, INC. (erroneously sued as
ESCAPE ARTISTS LLC); DOLPHIN BLACK
PRODUCTIONS; M. NIGHT SHYAMALAN;
TONY BASGALLOP; ASHWIN RAJAN;
JASON BLUMENTHAL; TODD BLACK;
STEVE TISCH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00406-JFW-JC<br><br>**DEFENDANT BLINDING EDGE PICTURES, INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE** |

1

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROPOUNDING PARTY:        Plaintiff FRANCESCA GREGORINI

RESPONDING PARTY:         Defendant BLINDING EDGE PICTURES, INC.

SET NUMBER:               One


Defendant Blinding Edge Pictures, Inc. ("Blinding Edge") responds to Plaintiff Francesca Gregorini's ("Plaintiff") first set of requests for production to Blinding Edge as follows:

### **Preliminary Statement**

The following responses and objections are based upon the facts and information now known to Blinding Edge, as well as its present analysis of the case, and may not in any way be deemed to be an admission or representation that further facts, documents, or witnesses having knowledge relevant to the subject matter of a discovery request does not exist.  As discovery in this action proceeds, Blinding Edge anticipates discovery of further facts, witnesses, and documents.  Blinding Edge expressly reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time in light of facts revealed through discovery and investigation.  Blinding Edge also reserves the right to provide further or different information in response to these requests.

### **General Objections**

1.      Blinding Edge objects to any request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege, doctrine, or immunity.  To the extent that any request may be construed as seeking such privileged or protected information, Blinding Edge hereby claims such privilege and invokes such protection.  The fact that Blinding Edge does not specifically object to an individual request on the grounds that it seeks privileged or protected documents shall not be deemed a waiver of the protection afforded by the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege or protection.

2.      Reasonable assumptions will be made, where possible, as to the intended meanings of each request.

3.      To the extent any request calls for the disclosure of confidential or proprietary business information and/or trade secrets, such material will be produced, if discoverable, subject to terms of a protective order entered in this action.

4.      Blinding Edge objects to Plaintiff's Instruction No. 1 regarding privileged communications, documents, and information, as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Blinding Edge to provide information about privileged communications, documents, and information beyond what is required by the applicable Federal Rules of Civil Procedure and Local Rules.  Blinding Edge will provide information regarding any privileged communications, documents, and information as required by the applicable rules.

5.      Blinding Edge objects to Plaintiff's Instruction No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Blinding Edge to take action beyond what is required by the applicable Federal Rules of Civil Procedure and Local Rules.  Blinding Edge will produce responsive, non-privileged documents in its possession, custody, or control.

6.      Blinding Edge objects to Plaintiff's Instruction Nos. 3 and 4 as vague and ambiguous.  For the purposes of these responses, Blinding Edge will interpret "and," "or," "any," and "all" using their ordinary and customary meaning.

7.      Blinding Edge objects to Plaintiff's Instruction No. 5 as vague and ambiguous.  Blinding Edge will interpret undefined words in Plaintiff's Requests for Production using their ordinary and customary meaning.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

8.      Blinding Edge objects to Plaintiff's definition of "Relating to" and "Relates to" as vague and ambiguous.  For the purposes of these responses, Blinding Edge will interpret these words using their ordinary and customary meaning.

9.      Blinding Edge objects to Plaintiff's definition of "You" and "Your" as overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.  For the purposes of these responses, Blinding Edge will consider the terms "You" and "Your" to refer only to Blinding Edge Pictures, Inc.

10.     Blinding Edge objects to Plaintiff's definition of "Dispute" as overbroad.

11.     Blinding Edge objects to Plaintiff's Definitions No. 12 and 13 as overbroad, lacking foundation, and assuming facts not in evidence.  Blinding Edge will interpret "Servant" as meaning the first season of the Apple TV+ series at issue in this litigation, and will interpret "The Episodes" as meaning Episodes 1-3 of "Servant."

12.     These general objections are incorporated into each response set forth below as though set forth there in full.  Blinding Edge's objections to each individual request are submitted without prejudice to, and without in any respect limiting or waiving, any of the General Objections.

**Specific Objections and Responses**

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged Documents reflecting or evidencing Communications concerning Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents reflecting communications with or about Plaintiff relating to Plaintiff's allegations that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 2:**

Non-privileged Documents reflecting or evidencing Communications concerning *Emanuel*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents reflecting communications about *Emanuel* relating to Plaintiff's allegations that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify the Person(s) involved in Apple's decision to include *Servant* as part of Apple TV+'s streaming service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Apple incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents sufficient to identify individuals primarily responsible for the decision to include

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Servant* as part of Apple TV+, that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify the Person(s) involved in the decision-making by which Apple came to produce and stream (or otherwise broadcast) *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, lacking foundation, and assuming facts that are not in evidence.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents sufficient to identify individuals primarily responsible for the decision to include *Servant* as part of Apple TV+, that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Documents reflecting or evidencing Communications between You and any third-party concerning *Emanuel*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.  Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents reflecting communications with a third-party about *Emanuel* that are in its

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 6:**

Documents reflecting or evidencing Communications between You and any third-party concerning Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.  Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents reflecting communications with a third-party about Plaintiff relating to Plaintiff's allegations that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 7:**

Communications between You and Creative Artists Agency (or "CAA") Relating to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative.  Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents reflecting communications with a third-party about Plaintiff relating to Plaintiff's

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 allegations that are in its possession, custody, or control, if any exist, subject to

2 terms of a protective order entered in this action.

3 **REQUEST FOR PRODUCTION NO. 8:**

4 Communications between You and Catherine Wolf that Relate to Plaintiff

5 and/or *Emanuel*.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

7 Blinding Edge incorporates its General Objections as if fully set forth here.

8 Blinding Edge further objects to this request on the grounds that it is

9 duplicative.

10 Subject to and without waiving these objections, after a reasonable and

11 diligent search, Blinding Edge will produce responsive, non-privileged documents

12 reflecting communications with Ms. Wolf about *Emanuel* or Plaintiff relating to

13 Plaintiff's allegations that are in its possession, custody, or control, if any exist,

14 subject to terms of a protective order entered in this action.

15 **REQUEST FOR PRODUCTION NO. 9:**

16 Communications between You and Catherine Wolf that Relate to *The*

17 *Episodes*.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19 Blinding Edge incorporates its General Objections as if fully set forth here.

20 Blinding Edge further objects to this request on the grounds that is

21 duplicative, overbroad, unduly burdensome, vague and ambiguous, not proportional

22 to the needs of the case, and seeking information that is not reasonably calculated to

23 lead to the discovery of admissible evidence.

24 Subject to and without waiving these objections, Blinding Edge is willing to

25 meet and confer to clarify the scope of this request.

26 **REQUEST FOR PRODUCTION NO. 10:**

27 Communications between You and Catherine Wolf that Relate to the Scripts

28 and/or *Servant*.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that is overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 11:**

Communications between You and Naaman Marshall and/or Scott G. Anderson that Relate to Plaintiff and/or *Emanuel*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged communications that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 12:**

Communications between You and Naaman Marshall and/or Scott G. Anderson that Relate to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that is duplicative, overbroad, unduly burdensome, vague and ambiguous, not proportional

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  to the needs of the case, and seeking information that is not reasonably calculated to

2  lead to the discovery of admissible evidence.

3      Subject to and without waiving these objections, Blinding Edge is willing to

4  meet and confer to clarify the scope of this request.

5  **REQUEST FOR PRODUCTION NO. 13:**

6      Communications between You and Naaman Marshall and/or Scott G.

7  Anderson that Relate to the Scripts and/or *Servant*.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9      Blinding Edge incorporates its General Objections as if fully set forth here.

10      Blinding Edge further objects to this request on the grounds that is overbroad,

11  unduly burdensome, vague and ambiguous, not proportional to the needs of the

12  case, and seeking information that is not reasonably calculated to lead to the

13  discovery of admissible evidence.  Blinding Edge objects to this request to the

14  extent it seeks information that is protected by the attorney-client privilege, attorney

15  work-product doctrine, or common-interest privilege.

16      Subject to and without waiving these objections, Blinding Edge is willing to

17  meet and confer to clarify the scope of this request.

18  **REQUEST FOR PRODUCTION NO. 14:**

19      Communications between You and Douglas Aibel and/or Stephanie Holbrook

20  that Relate to Plaintiff and/or *Emanuel*.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

22      Blinding Edge incorporates its General Objections as if fully set forth here.

23      Blinding Edge further objects to this request on the grounds that it is

24  duplicative.

25      Subject to and without waiving these objections, after a reasonable and

26  diligent search, Blinding Edge will produce responsive, non-privileged

27  communications that are in its possession, custody, or control, if any exist, subject

28  to terms of a protective order entered in this action.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 15:**

Communications between You and Douglas Aibel and/or Stephanie Holbrook that Relate to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that is duplicative, overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 16:**

Communications between You and Douglas Aibel and/or Stephanie Holbrook that Relate to the Scripts and/or *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents that Relate to the casting process for *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Blinding Edge incorporates its General Objections as if fully set forth here.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 18:**

The "show bible," or other reference document used to communicate and/or record information on characters, settings, and other elements for *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 19:**

Documents that Relate to the "show bible," or other reference document used to communicate and/or record information on characters, settings, and other elements for *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 20:**

Communications that Relate to the "show bible," or other reference document used to communicate and/or record information on characters, settings, and other elements for *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 21:**

Communications with Pam Fuller and/or Jordan M. Sloane that Relate to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 22:**

Communications with Pam Fuller and/or Jordan M. Sloane that Relate to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Blinding Edge incorporates its General Objections as if fully set forth here.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Related to any pitch deck, or other materials created for the purpose of developing *Servant* or soliciting interest in *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Related to any treatment, synopsis, or other summary of Servant created for the purpose of developing *Servant* or soliciting interest in *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**REQUEST FOR PRODUCTION NO. 25:**

Documents that Relate to the script, including, but not limited to, drafts, for the pilot episode of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous. Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 26:**

Other than as to Plaintiff, Documents Relating to any accusation, claim, assertion, or suggestion that You infringed the work of another Person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

**REQUEST FOR PRODUCTION NO. 27:**

Other than as to Plaintiff, all cease and desist letters, demand letters, or complaints regarding Your infringement or alleged infringement of any work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Blinding Edge incorporates its General Objections as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify the parties involved in any Dispute accusing You of copyright infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to show all revenue You have received Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous.  Blinding Edge objects to this request as premature, as Blinding Edge will move to bifurcate discovery into separate liability and damages phases.

**REQUEST FOR PRODUCTION NO. 30:**

Documents constituting any version of the Scripts, including, without limitation, drafts of the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Blinding Edge incorporates its General Objections as if fully set forth here.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Blinding Edge further objects to this request on the grounds that it is

2  overbroad, unduly burdensome, and not proportional to the needs of the case.

3  Blinding Edge objects to this request to the extent it seeks information that is

4  protected by the attorney-client privilege, attorney work-product doctrine, or

5  common-interest privilege.

6  Subject to and without waiving these objections, Blinding Edge is willing to

7  meet and confer to clarify the scope of this request.

8  **REQUEST FOR PRODUCTION NO. 31:**

9  Documents constituting any version of *The Episodes Scripts*, including,

10  without limitation, drafts of *The Episodes Scripts*.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

12  Blinding Edge incorporates its General Objections as if fully set forth here.

13  Blinding Edge further objects to this request on the grounds that it is

14  duplicative, overbroad, unduly burdensome, and not proportional to the needs of the

15  case. Blinding Edge objects to this request to the extent it seeks information that is

16  protected by the attorney-client privilege, attorney work-product doctrine, or

17  common-interest privilege.

18  Subject to and without waiving these objections, Blinding Edge is willing to

19  meet and confer to clarify the scope of this request.

20  **REQUEST FOR PRODUCTION NO. 32:**

21  Communications between You and any Person concerning the creation of the

22  Scripts.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

24  Blinding Edge incorporates its General Objections as if fully set forth here.

25  Blinding Edge further objects to this request on the grounds that it is

26  overbroad, vague and ambiguous, unduly burdensome, and not proportional to the

27  needs of the case.

28

17

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Subject to and without waiving these objections, Blinding Edge is willing to

2  meet and confer to clarify the scope of this request.

3  **REQUEST FOR PRODUCTION NO. 33:**

4  Communications between You and any Person concerning the creation of *The*

5  *Episodes Scripts*.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

7  Blinding Edge incorporates its General Objections as if fully set forth here.

8  Blinding Edge further objects to this request on the grounds that it is

9  duplicative, overbroad, vague and ambiguous, unduly burdensome, and not

10  proportional to the needs of the case.

11  Subject to and without waiving these objections, Blinding Edge is willing to

12  meet and confer to clarify the scope of this request.

13  **REQUEST FOR PRODUCTION NO. 34:**

14  Documents Relating to the development of the Scripts.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

16  Blinding Edge incorporates its General Objections as if fully set forth here.

17  Blinding Edge further objects to this request on the grounds that it is

18  overbroad, vague and ambiguous, unduly burdensome, and not proportional to the

19  needs of the case.

20  Subject to and without waiving these objections, Blinding Edge is willing to

21  meet and confer to clarify the scope of this request.

22  **REQUEST FOR PRODUCTION NO. 35:**

23  Documents Relating to the development of *The Episodes Scripts*.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

25  Blinding Edge incorporates its General Objections as if fully set forth here.

26  Blinding Edge further objects to this request on the grounds that it is

27  duplicative, overbroad, vague and ambiguous, unduly burdensome, and not

28  proportional to the needs of the case.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Subject to and without waiving these objections, Blinding Edge is willing to
2  meet and confer to clarify the scope of this request.

3  **REQUEST FOR PRODUCTION NO. 36:**

4  Documents supporting YOUR contention that You created *Servant*.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

6  Blinding Edge incorporates its General Objections as if fully set forth here.

7  Blinding Edge further objects to this request on the grounds that it lacks
8  foundation and assumes facts that are not in evidence.

9  Subject to and without waiving these objections, after a reasonable and
10 diligent search, Blinding Edge will produce documents supporting the contention
11 that Mr. Basgallop wrote *Servant* that are in its possession, custody, or control, if
12 any exist, subject to terms of a protective order entered in this action.

13 **REQUEST FOR PRODUCTION NO. 37:**

14 Documents reflecting or otherwise evidencing how *Servant* came to be
15 created.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

17 Blinding Edge incorporates its General Objections as if fully set forth here.

18 Blinding Edge further objects to this request on the grounds that it is
19 overbroad, vague and ambiguous, unduly burdensome, and not proportional to the
20 needs of the case.

21 Subject to and without waiving these objections, Blinding Edge is willing to
22 meet and confer to clarify the scope of this request.

23 **REQUEST FOR PRODUCTION NO. 38:**

24 Documents Relating to Your inspiration for *Servant*.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

26 Blinding Edge incorporates its General Objections as if fully set forth here.

27 Blinding Edge further objects to this request on the grounds that it is
28 overbroad and vague and ambiguous.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Subject to and without waiving these objections, Blinding Edge is willing to

2  meet and confer to clarify the scope of this request.

3  **REQUEST FOR PRODUCTION NO. 39:**

4  Documents Relating to or otherwise reflecting the background and process

5  for the creation of *Servant*.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

7  Blinding Edge incorporates its General Objections as if fully set forth here.

8  Blinding Edge further objects to this request on the grounds that it is

9  unintelligible, overbroad, vague and ambiguous.

10  Subject to and without waiving these objections, Blinding Edge is willing to

11  meet and confer to clarify the scope of this request.

12  **REQUEST FOR PRODUCTION NO. 40:**

13  Documents Relating to or otherwise reflecting the development of the

14  Scripts.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

16  Blinding Edge incorporates its General Objections as if fully set forth here.

17  Blinding Edge further objects to this request on the grounds that it is

18  overbroad, vague and ambiguous, unduly burdensome, and not proportional to the

19  needs of the case.  Blinding Edge objects to this request to the extent it seeks

20  information that is protected by the attorney-client privilege, attorney work-product

21  doctrine, or common-interest privilege.

22  Subject to and without waiving these objections, Blinding Edge is willing to

23  meet and confer to clarify the scope of this request.

24  **REQUEST FOR PRODUCTION NO. 41:**

25  Documents reflecting or evidencing Your knowledge of *Emanuel*.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

27  Blinding Edge incorporates its General Objections as if fully set forth here.

28

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is duplicative and vague and ambiguous.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents reflecting or evidencing Your access to *Emanuel*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, vague and ambiguous, and seeking or requiring a legal conclusion.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 43:**

Documents evidencing Your ownership of the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is vague and ambiguous, lacking foundation, and assuming facts that are not in evidence. Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 44:**

Documents evidencing Your ownership of *The Episode Scripts*.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, vague and ambiguous, lacking foundation, and assuming facts that are not in evidence. Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 45:**

Documents evidencing Your ownership of *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, vague and ambiguous, lacking foundation, and assuming facts that are not in evidence. Blinding Edge objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 46:**

Documents evidencing Your ownership of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Blinding Edge incorporates its General Objections as if fully set forth here.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is vague
and ambiguous, lacking foundation, and assuming facts that are not in evidence.
Blinding Edge objects to this request to the extent it seeks information that is
protected by the attorney-client privilege, attorney work-product doctrine, or
common-interest privilege.

Subject to and without waiving these objections, after a reasonable and
diligent search, Blinding Edge will produce documents sufficient to determine
*Servant*'s copyright ownership that are in its possession, custody, or control, if any
exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 47:**

Documents evidencing any transfer or assignment of Your interest in the
Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is
duplicative, overbroad, and vague and ambiguous.  Blinding Edge objects to this
request to the extent it seeks information that is protected by the attorney-client
privilege, attorney work-product doctrine, or common-interest privilege.

Subject to and without waiving these objections, after a reasonable and
diligent search, Blinding Edge will produce documents sufficient to determine
*Servant*'s copyright ownership that are in its possession, custody, or control, if any
exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 48:**

Documents evidencing any transfer or assignment of Your interest in The
Episode Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Blinding Edge incorporates its General Objections as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Blinding Edge further objects to this request on the grounds that it is

2    duplicative, overbroad, and vague and ambiguous.  Blinding Edge objects to this

3    request to the extent it seeks information that is protected by the attorney-client

4    privilege, attorney work-product doctrine, or common-interest privilege.

5    Subject to and without waiving these objections, after a reasonable and

6    diligent search, Blinding Edge will produce documents sufficient to determine

7    *Servant*'s copyright ownership that are in its possession, custody, or control, if any

8    exist, subject to terms of a protective order entered in this action.

9    **REQUEST FOR PRODUCTION NO. 49:**

10   Documents evidencing any transfer or assignment of Your interest in *The*

11   *Episodes*.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

13   Blinding Edge incorporates its General Objections as if fully set forth here.

14   Blinding Edge further objects to this request on the grounds that it is

15   duplicative, overbroad, and vague and ambiguous.  Blinding Edge objects to this

16   request to the extent it seeks information that is protected by the attorney-client

17   privilege, attorney work-product doctrine, or common-interest privilege.

18   Subject to and without waiving these objections, after a reasonable and

19   diligent search, Blinding Edge will produce documents sufficient to determine

20   *Servant*'s copyright ownership that are in its possession, custody, or control, if any

21   exist, subject to terms of a protective order entered in this action.

22   **REQUEST FOR PRODUCTION NO. 50:**

23   Documents evidencing any transfer or assignment of Your interest in *Servant*.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

25   Blinding Edge incorporates its General Objections as if fully set forth here.

26   Blinding Edge further objects to this request on the grounds that it is

27   duplicative, overbroad, and vague and ambiguous.  Blinding Edge objects to this

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 request to the extent it seeks information that is protected by the attorney-client

2 privilege, attorney work-product doctrine, or common-interest privilege.

3       Subject to and without waiving these objections, after a reasonable and

4 diligent search, Blinding Edge will produce documents sufficient to determine

5 *Servant*'s copyright ownership that are in its possession, custody, or control, if any

6 exist, subject to terms of a protective order entered in this action.

7 **REQUEST FOR PRODUCTION NO. 51:**

8       Documents Related to any registration of the Scripts, including, but not

9 limited to, drafts, with the Writers' Guild of America (or WGA).

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

11       Blinding Edge incorporates its General Objections as if fully set forth here.

12       Blinding Edge further objects to this request on the grounds that it is

13 overbroad and vague and ambiguous.

14       Subject to and without waiving these objections, after a reasonable and

15 diligent search, Blinding Edge will produce documents related to *Servant*'s

16 registration with the Writers' Guild of America that are in its possession, custody,

17 or control, if any exist, subject to terms of a protective order entered in this action.

18 **REQUEST FOR PRODUCTION NO. 52:**

19       Documents Related to any registration or preregistration of *Servant*, or any

20 portion thereof (including, but not limited to, the Scripts and *The Episodes*) with the

21 United States Copyright Office.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

23       Blinding Edge incorporates its General Objections as if fully set forth here.

24       Blinding Edge further objects to this request on the grounds that it is

25 duplicative, overbroad, and vague and ambiguous.  Blinding Edge objects to this

26 request to the extent it seeks information that is protected by the attorney-client

27 privilege, attorney work-product doctrine, or common-interest privilege.

28

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce documents sufficient to determine *Servant*'s copyright ownership that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 53:**

All agreements Related to *Servant*, to which You are a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements regarding *Servant* to which it is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 54:**

All agreements Related to *The Episodes*, to which You are a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements regarding *Servant* to which it is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 55:**

All agreements Related to the Scripts, to which You are a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Blinding Edge incorporates its General Objections as if fully set forth here.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements regarding *Servant* to which it is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 56:**

All agreements Related to *The Episode Scripts*, to which You are a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements regarding *Servant* to which it is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 57:**

All agreements between You and Tony Basgallop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 58:**

All agreements between You and Apple Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Blinding Edge incorporates its General Objections as if fully set forth here.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 59:**

All agreements between You and Apple TV+.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 60:**

All agreements between You and Uncle George Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 61:**

All agreements between You and Escape Artists LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 62:**

All agreements between You and Dolphin Black Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 63:**

All agreements between You and Tony Basgallop Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Tony Basgallop regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 64:**

All agreements between You and Apple Inc. Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Apple Inc. regarding

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 65:**

All agreements between You and Apple TV+ Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with "Apple TV+" regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 66:**

All agreements between You and Uncle George Productions Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Uncle George Productions regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 67:**

All agreements between You and Escape Artists LLC Related to *Servant*.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Escape Artists LLC regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 68:**

All agreements between You and Dolphin Black Productions Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Dolphin Black Productions regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 69:**

All agreements between You and Tony Basgallop Related to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Subject to and without waiving these objections, after a reasonable and
2 diligent search, Blinding Edge will produce executed agreements with Tony
3 Basgallop regarding *Servant* to which Blinding Edge is a party and that are in its
4 possession, custody, or control, if any exist, subject to terms of a protective order
5 entered in this action.

6 **REQUEST FOR PRODUCTION NO. 70:**

7    All agreements between You and Apple Inc. Related to *The Episodes*.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

9    Blinding Edge incorporates its General Objections as if fully set forth here.

10    Blinding Edge further objects to this request on the grounds that it is
11 duplicative, overbroad, and vague and ambiguous.

12    Subject to and without waiving these objections, after a reasonable and diligent
13 search, Blinding Edge will produce executed agreements with Apple Inc. regarding
14 *Servant* to which Blinding Edge is a party and that are in its possession, custody, or
15 control, if any exist, subject to terms of a protective order entered in this action.

16 **REQUEST FOR PRODUCTION NO. 71:**

17    All agreements between You and Apple TV+ Related to *The Episodes*.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

19    Blinding Edge incorporates its General Objections as if fully set forth here.

20    Blinding Edge further objects to this request on the grounds that it is
21 duplicative, overbroad, and vague and ambiguous.

22    Subject to and without waiving these objections, after a reasonable and diligent
23 search, Blinding Edge will produce executed agreements with "Apple TV+" regarding
24 *Servant* to which Blinding Edge is a party and that are in its possession, custody, or
25 control, if any exist, subject to terms of a protective order entered in this action.

26 **EQUEST FOR PRODUCTION NO. 72:**

27    All agreements between You and Uncle George Productions Related to *The*
28 *Episodes*.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Uncle George Productions regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 73:**

All agreements between You and Escape Artists LLC Related to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Escape Artists LLC regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 74:**

All agreements between You and Dolphin Black Productions Related to *The Episodes*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   Subject to and without waiving these objections, after a reasonable and

2 diligent search, Blinding Edge will produce executed agreements with Dolphin

3 Black Productions regarding *Servant* to which Blinding Edge is a party and that are

4 in its possession, custody, or control, if any exist, subject to terms of a protective

5 order entered in this action.

6 **REQUEST FOR PRODUCTION NO. 75:**

7   All agreements between You and Tony Basgallop Related to the Scripts.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

9   Blinding Edge incorporates its General Objections as if fully set forth here.

10   Blinding Edge further objects to this request on the grounds that it is

11 duplicative, overbroad, and vague and ambiguous.

12   Subject to and without waiving these objections, after a reasonable and

13 diligent search, Blinding Edge will produce executed agreements with Tony

14 Basgallop regarding *Servant* to which Blinding Edge is a party and that are in its

15 possession, custody, or control, if any exist, subject to terms of a protective order

16 entered in this action.

17 **REQUEST FOR PRODUCTION NO. 76:**

18   All agreements between You and Apple Inc. Related to the Scripts.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

20   Blinding Edge incorporates its General Objections as if fully set forth here.

21   Blinding Edge further objects to this request on the grounds that it is

22 duplicative, overbroad, and vague and ambiguous.

23   Subject to and without waiving these objections, after a reasonable and diligent

24 search, Blinding Edge will produce executed agreements with Apple Inc. regarding

25 *Servant* to which Blinding Edge is a party and that are in its possession, custody, or

26 control, if any exist, subject to terms of a protective order entered in this action.

27 **REQUEST FOR PRODUCTION NO. 77:**

28   All agreements between You and Apple TV+ Related to the Scripts.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with "Apple TV+" regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 78:**

All agreements between You and Uncle George Productions Related to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Uncle George Productions regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 79:**

All agreements between You and Escape Artists LLC Related to the Scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Escape

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Artists LLC regarding *Servant* to which Blinding Edge is a party and that are in its

2  possession, custody, or control, if any exist, subject to terms of a protective order

3  entered in this action.

4  **REQUEST FOR PRODUCTION NO. 80:**

5      All agreements between You and Dolphin Black Productions Related to the

6  Scripts.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

8      Blinding Edge incorporates its General Objections as if fully set forth here.

9      Blinding Edge further objects to this request on the grounds that it is

10 duplicative, overbroad, and vague and ambiguous.

11     Subject to and without waiving these objections, after a reasonable and

12 diligent search, Blinding Edge will produce executed agreements with Dolphin

13 Black Productions regarding *Servant* to which Blinding Edge is a party and that are

14 in its possession, custody, or control, if any exist, subject to terms of a protective

15 order entered in this action.

16 **REQUEST FOR PRODUCTION NO. 81:**

17     All agreements between You and Tony Basgallop Related to *The Episode*

18 *Scripts*.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

20     Blinding Edge incorporates its General Objections as if fully set forth here.

21     Blinding Edge further objects to this request on the grounds that it is

22 duplicative, overbroad, and vague and ambiguous.

23     Subject to and without waiving these objections, after a reasonable and diligent

24 search, Blinding Edge will produce executed agreements with Tony Basgallop

25 regarding *Servant* to which Blinding Edge is a party and that are in its possession,

26 custody, or control, if any exist, subject to terms of a protective order entered in this

27 action.

28

36

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  **REQUEST FOR PRODUCTION NO. 82:**

2      All agreements between You and Apple Inc. Related to *The Episode Scripts*.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

4      Blinding Edge incorporates its General Objections as if fully set forth here.

5      Blinding Edge further objects to this request on the grounds that it is

6  duplicative, overbroad, and vague and ambiguous.

7      Subject to and without waiving these objections, after a reasonable and

8  diligent search, Blinding Edge will produce executed agreements with Apple Inc.

9  regarding *Servant* to which Blinding Edge is a party and that are in its possession,

10  custody, or control, if any exist, subject to terms of a protective order entered in this

11  action.

12  **REQUEST FOR PRODUCTION NO. 83:**

13      All agreements between You and Apple TV+ Related to *The Episode Scripts*.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

15      Blinding Edge incorporates its General Objections as if fully set forth here.

16      Blinding Edge further objects to this request on the grounds that it is

17  duplicative, overbroad, and vague and ambiguous.

18      Subject to and without waiving these objections, after a reasonable and diligent

19  search, Blinding Edge will produce executed agreements with "Apple TV+" regarding

20  *Servant* to which Blinding Edge is a party and that are in its possession, custody, or

21  control, if any exist, subject to terms of a protective order entered in this action.

22

23

24  **REQUEST FOR PRODUCTION NO. 84:**

25      All agreements between You and Uncle George Productions Related to *The*

26  *Episode Scripts*.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

28      Blinding Edge incorporates its General Objections as if fully set forth here.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Uncle George Productions regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 85:**

All agreements between You and Escape Artists LLC Related to *The Episode Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Escape Artists LLC regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 86:**

All agreements between You and Dolphin Black Productions Related to *The Episode Scripts*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed agreements with Dolphin

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Black Productions regarding *Servant* to which Blinding Edge is a party and that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 87:**

All option purchase agreements Related to *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, vague and ambiguous, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce executed option purchase agreements regarding *Servant* that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents Relating to any candidate log line or other short summary of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is duplicative, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 89:**

All Documents Relating to creative decisions about the trailer for *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Blinding Edge incorporates its General Objections as if fully set forth here.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 90:**

The scripts for Season 2 of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents reflecting synopses of Season 2 of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents reflecting synopses of any episode or portion of Season 2 of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Blinding Edge incorporates its General Objections as if fully set forth here.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Blinding Edge further objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, seeking information that is not reasonably calculated to lead to the discovery of admissible evidence, and calling for the disclosure of confidential or proprietary business information and/or trade secrets.

**REQUEST FOR PRODUCTION NO. 93:**

Communications with any third party Relating to water imagery in *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 94:**

Communications with any third party Relating to the scene in episode 1 of *Servant* where Leanne is in a bathtub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 95:**

Communications with any third party Relating to the scene in episode 3 of *Servant* where Leanne directs Tobe to get a bottle of wine.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents discussing the identified scene that are in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 96:**

Communications with any third party Relating to retaining ambiguity regarding any matter in *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is unintelligible, overbroad, and vague and ambiguous.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 97:**

Documents Relating to the *Servant* character Leanne's feelings about her mother.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents Relating to the *Servant* character Leanne's feeling about her parents' deaths.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents supporting the assertion at page 12, lines 18 and 19 in Your Motion to Dismiss, filed on March 24, 2020:  "From the beginning of the series, Leanne is portrayed as possibly other-worldly."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Subject to and without waiving these objections, after a reasonable and diligent search, Blinding Edge will produce responsive, non-privileged documents in its possession, custody, or control, if any exist, subject to terms of a protective order entered in this action.

**REQUEST FOR PRODUCTION NO. 100:**

Communications that Relate to the advertising and/or promotion of *Servant*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Blinding Edge incorporates its General Objections as if fully set forth here.

Blinding Edge further objects to this request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Blinding Edge is willing to meet and confer to clarify the scope of this request.

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: May 11, 2020

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
DIANA PALACIOS
CYDNEY SWOFFORD FREEMAN
CAMILA PEDRAZA

By:  /s/ Nicolas A. Jampol
Nicolas A. Jampol

Attorneys for Defendants

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1
2

<u>PROOF OF SERVICE</u>

3
4
5
6

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

7

On May 11, 2020, I served the following document(s):

8
9
10

**DEFENDANT BLINDING EDGE PICTURES, INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**

11

on the interested parties in this action as stated below:

12
13
14
15
16
17
18

David A Erikson, Esq.                          Attorneys for Plaintiff,
 (david@daviderikson.com)              Francesca Gregorini
Antoinette S Waller, Esq.
 (antoinette@daviderikson.com)
S. Ryan Patterson, Esq.
 (ryan@daviderikson.com)
Erikson Law Group
200 North Larchmont Boulevard
Los Angeles, CA 90004
323-465-3100
Fax: 323-465-3177

19
20

I caused such documents to be transmitted via electronic mail to the offices of the addressee(s) at the party's or their representative's electronic mail address(es).

21
22

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

23

Executed on May 11, 2020, at Los Angeles, California.

24
25
26

| Cydney Swofford Freeman | /s/ Cydney Swofford Freeman |
| --- | --- |
| Print Name | Signature |

27
28

RESPONSE OF BLINDING EDGE PICTURES TO PLF'S RFP, SET ONE
4834-7217-2731v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899