NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800; Fax: (213) 633-6899

Attorneys for Defendants

ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>—DISCOVERY MATTER—<br><br>**JOINT STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FURTHER PRODUCTION OF DOCUMENTS**<br><br>Discovery cutoff: November 17, 2023<br>Pretrial conference: May 24, 2024<br>Trial: June 10, 2024<br><br>Hearing Date: September 26, 2023<br>Time: 9:30am<br>Courtroom: 750<br><br>Complaint Filed: January 15, 2020 |

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

**TABLE OF CONTENTS**

I. INTRODUCTORY STATEMENTS ................................................................ 2
   A. Defendants' Introductory Statement ..................................................... 2
   B. Plaintiff's Introductory Statement ......................................................... 3

II. JOINT SPECIFICATION OF ISSUE IN DISPUTE ....................................... 5
   A. Defendants' Position and Authorities .................................................... 5
   B. Plaintiff's Position and Authorities ....................................................... 9
   C. Defendants' Requested Resolution ...................................................... 11
   D. Plaintiff's Requested Resolution ......................................................... 12

III. CASE SCHEDULE ........................................................................................ 12

1
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

**Davis Wright Tremaine** LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants Uncle George Productions, LLC ("Uncle George") and Blinding Edge Pictures, Inc. ("Blinding Edge") (together, "Defendants"), together with Plaintiff Francesca Gregorini ("Plaintiff"), submit the following Joint Stipulation pursuant to Local Rule 37 for Defendants' Motion to Compel Plaintiff's Further Production of Documents.

## I. INTRODUCTORY STATEMENTS

### A. Defendants' Introductory Statement

Defendants served discovery requests on Plaintiff nearly a year ago. Through months of negotiations, the parties have resolved their disagreements over the scope of Defendants' requests; the only remaining issue is *when* Plaintiff will produce her documents. Despite receiving numerous extensions and promising to produce in May, then June, then July, to date Plaintiff has made only two small document productions—and even those productions contain improperly produced, incomplete documents Plaintiff has yet to correct. With the bulk of her production outstanding, Plaintiff refused to provide any schedule for completion until the parties met and conferred over this motion in mid-August.[1]

Plaintiff now proposes to complete her production by September 18, but given her prior repeated failures to meet her own deadlines and the parties' impending November fact discovery cut off, there is not enough time for Defendants to wait and see if Plaintiff follows through with her latest proposed timeline. If Plaintiff completes her document production—including reproducing the incomplete documents she already improperly produced—by September 18 as

---

[1] Plaintiff's counsel David Erikson has been hospitalized portions of this year due to a battle with cancer. In light of his health and a death in the family of another of Plaintiff's attorneys, Defendants granted several extensions for Plaintiff's written discovery responses, ultimately giving Plaintiff six months to prepare and serve her written responses. Declaration of Cydney Swofford Freeman ("Freeman Decl.") ¶ 4. In June, Defendants further agreed to a four-month continuance of all upcoming scheduling deadlines due to Mr. Erikson's health, ECF Nos. 113-114, but with the close of fact discovery fast approaching, Defendants must move forward with discovery in this case.

2
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

promised, Defendants will withdraw this motion prior to the September 26 hearing. If not, Defendants ask the Court to compel Plaintiff to immediately complete her document production.[2]

### B. Plaintiff's Introductory Statement

Defendants bring this motion prospectively in the event Plaintiff fails to meet a future deadline to provide a supplemental document production agreed to this month. Plaintiff has spent hundreds of hours responding to Defendants' discovery and dozens of attorney hours meeting and conferring with Defendants and addressing their demands for every piece of paper and every scrap of information ever generated regarding Ms. Gregorini, her work, her life, or her movie, *The Truth About Emanuel*. Plaintiff has already produced thousands of pages of documents, including document productions on July 7 and July 28. On August 18, during a lengthy meet and confer session, Plaintiff made even more concessions and agreed to produce additional documents. Of course, it will take some time for Ms. Gregorini to gather the materials and for counsel to review the documents and prepare them for production. Plaintiff proposed to have the supplemental production done within a month of the meeting.[3]

Ms. Gregorini acted in good faith and reached the agreements she made with Defendants in an effort to avoid motion practice, to avoid waste of judicial resources, and to avoid incurring even more unnecessary legal fees. And yet, Defendants brought this motion anyway. Defendants concede that Plaintiff has met their demands insofar as the scope of documents Plaintiff will produce. Defendants' sole basis for this motion is as a "back up" to obtain an order compelling production in the event Defendants deem Plaintiff's future production somehow inadequate.

---

[2] This joint stipulation was provided to Plaintiff's counsel on August 23, 2023. All statements made by Defendants are as of that date.

[3] Plaintiff sets out the background and timing of her document productions in the accompanying declaration of counsel. Plaintiff's document production to date includes documents bates numbered FG0001-FG4031. Declaration of Antoinette Waller ("Waller Decl.") ¶ 9.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

There is no legal support to bring a motion on the grounds that a document production that will occur in the future might not occur and if it does not, then the moving party hopes the court will order that an undefined production should occur.

During the parties' August 18 meet and confer session, Ms. Gregorini's counsel generously agreed to produce initial disclosure documents even though Defendants *have never served* document requests or discovery seeking those documents. Waller Decl. ¶ 10. Under Federal Rule of Civil Procedure Rule 34, any such request would require a minimum of thirty days before a response would be due. Defendants now pretend in this motion that Plaintiff has somehow delayed producing her initial disclosure documents. But there is no discovery request seeking those documents and no basis whatever to compel the documents' production. Nevertheless, Plaintiff will have produced the initial disclosure documents *before the hearing on this motion*.

Plaintiff has fully cooperated throughout the discovery process. Ms. Gregorini has responded to hundreds of discovery requests from Defendants including eleven sets of interrogatories and hundreds of individual document demands. Waller Decl., ¶ 11. Plaintiff's responses have all been timely. While Plaintiff obtained certain extensions for her initial responses, she served her responses without delay and within the time granted. *Id.*

In contrast, Defendants have delayed and obfuscated discovery since the case's inception. Plaintiff served initials sets of document requests, including requests seeking Defendants' initial disclosure documents during the early stages of the lawsuit in March and April 2020. Three years later, in May 2023, Defendants had not produced a single document and refused to produce their initial disclosure documents. Plaintiff was forced to file a motion to compel before Defendants produced any documents. *Id.* ¶¶ 12, 13.

Defendants bring this motion not for a legitimate purpose, but to harass Plaintiff, and impede and delay her trial preparation efforts, all while exponentially

4

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

increasing Plaintiff's legal fees. There is no pending dispute for the Court to determine; the motion should be denied.

## II.     JOINT SPECIFICATION OF ISSUE IN DISPUTE

### A.     Defendants' Position and Authorities

The parties have reached agreement on the substance of Defendants' requests for production to Plaintiff; at this point, they only disagree on the timing of any required productions. To date, Plaintiff has produced 145 documents in two small productions, along with promises to fix errors made in those productions and to provide many additional documents. This motion is made nearly a year after Plaintiff received Defendants' requests and after months of Plaintiff's counsel's broken promises to provide timely productions:

- On September 22, 2022, Uncle George served its first set of requests for production of documents on Plaintiff. Freeman Decl. ¶ 3 & Ex. 2. Defendants granted numerous extensions to Plaintiff's deadline to provide written responses, and Plaintiff served her response to the requests for production on March 13, 2023. *Id.* ¶ 4 & Ex. 3.
- On May 17, 2023, Plaintiff's counsel stated during a meet and confer that the first of Plaintiff's productions would be served by May 31. No document production was made by that date. *Id.* ¶ 5 & Ex. 4.
- On June 21, 2023, during the parties' meet and confer regarding other discovery disputes not at issue in this Motion, Plaintiff's counsel stated that she was "trying" for an initial document production the following week. *Id.* ¶ 6. A week later, during the parties' June 27 meet and confer, Plaintiff's counsel stated that they were "trying" but "not promising" to produce documents that week, and that Plaintiff definitely would produce by the "next week." *Id.* ¶ 7. On June 30, Defendants' counsel emailed Plaintiff's counsel, reminding her of the parties' meet and confer discussions and asking if Plaintiff would make her production that week. *Id.* ¶ 8 & Ex. 5. In her

5
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

response, Plaintiff's counsel promised to produce documents by the following week. *Id.*

- On July 7, 2023, Plaintiff made her first production, which contained only 57 documents. *Id.* ¶ 9. That day, Plaintiff's counsel stated, "This is part of a rolling production. Subsequent phases will be produced next week." *Id.* ¶ 9 & Ex. 6. No document productions were made the following week. *Id.* ¶ 9.

- On July 21, Defendants' counsel emailed Plaintiff's counsel to again request that Plaintiff produce the promised documents. *Id.* ¶ 10 & Ex. 6. That same day, Defendants' counsel also raised that Plaintiff's sole production contained several inappropriately truncated email chains and asked that they be re-produced by July 28, 2023. *Id.* ¶ 11.

- On July 25, 2023, having received no response, Defendants' counsel asked Plaintiff's counsel to "please provide a schedule for Plaintiff's remaining document productions in response to Uncle George's first set of RFPs by Friday 7/28." *Id.* ¶ 12 & Ex. 7. The email stated that if Plaintiff's counsel "[did] not provide a schedule that accounts for substantive completion in the next two weeks, Defendants will be forced to resume the process of a motion to compel next week." *Id.*

- On July 28, 2023, Plaintiff served her second document production of 88 documents. *Id.* ¶ 13. In the production's accompanying cover email, Plaintiff's counsel also stated that "[w]e anticipate at least one more phase in this production and that those documents will be produced next week [by August 4]." *Id.* ¶ 13 & Ex. 8. Plaintiff's counsel also stated, "We are following up on the email chains you cite as incomplete in your July 21 email and will get back to you shortly as to those emails. We will ensure that all responsive email chains are produced in full." *Id.* ¶ 13 & Ex. 8.

- On August 3, 2023, still not having received additional document productions or anticipated production schedule, as promised, nor any re-productions of

6
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the deficient documents from Plaintiff's July 7 production, as promised, Defendants' counsel asked Plaintiff's counsel to confirm that Plaintiff's document production would be substantially complete by Friday, August 4 given prior representations, or else Defendants would move forward with a motion to compel. *Id.* ¶ 14 & Ex. 7. Plaintiff's counsel replied on August 4, only to state that she had been "out of pocket for the past two days and [was] working on other deadlines" that afternoon; while she stated that counsel was "working diligently with our client on the discovery matters and will continue to do so," she provided no updated production timeline. *Id.* ¶ 14 & Ex. 7.

- On August 8, 2023, pursuant to Local Rule 37-1, Defendants' counsel sent Plaintiff's counsel a meet and confer letter identifying concerns with Plaintiff's failure to produce documents and re-produce deficient documents, and requesting a conference with counsel. *Id.* ¶ 15 & Ex. 9.[4]

- On August 18, 2023, Defendants' counsel and Plaintiff's counsel participated in a Local Rule 37-1 prefiling conference. *Id.* ¶ 16. During that conference, Plaintiff's counsel stated Plaintiff now needed a full additional month, to September 18, 2023, to substantially complete her productions, including re-producing the deficient documents. *Id.* ¶ 16.[5]

- As of August 23, 2023, Plaintiff has not made any additional document productions. *Id.* ¶ 17.

Plaintiff's failure to timely produce the requested documents—or even her own initial disclosure documents—prejudices Defendants' ability to defend against Plaintiff's suit. *See, e.g.*, *MySpace v. Wallace*, 2008 WL 1766714, at *4 (C.D. Cal. Apr. 15, 2008) (failure to produce documents "prejudices" another party's ability to

---

[4] The letter also addressed certain issues with Plaintiff's discovery responses that since have been resolved. Freeman Decl. ¶ 15.

[5] Plaintiff's counsel further represented that her production would include any documents identified in her initial disclosures, and Defendants agreed not to serve requests for production specific to Plaintiff's initial disclosures based on that representation. Freeman Decl. ¶ 16.

7
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

diligently participate in litigation); *see also Alonzo v. City of Los Angeles*, 2015 WL 13919184, at *2 (C.D. Cal. July 24, 2015) (finding sufficient prejudice to defendant where plaintiff "failed to produce documents . . . necessary for [d]efendant to adequately litigate this case"). With the close of fact discovery looming, Defendants need Plaintiff's documents in order to depose Plaintiff; to identify relevant third-party witnesses with knowledge of Plaintiff's claims; and to fully investigate their defenses. For example, Plaintiff claims Defendants accessed her film through her submission to direct episodes of the television series *Berlin Station*—a fact key to a central element of Plaintiff's copyright infringement case—but to date, Plaintiff has produced no documents evidencing who might have received this submission or what this submission contained. And Plaintiff's film includes a co-story credit for Sarah Thorp, but, to date, Plaintiff has not produced any communications with Ms. Thorp. The parties agree that Defendants' requests seek these (and many other) documents and that Plaintiff will produce them, where they exist. They disagree only on when that production must happen.

Plaintiff's minimal productions are especially surprising in light of her repeated argument in this litigation that a party must have initial disclosure documents in hand at the time of those disclosures. *See* ECF Nos. 105 & 108. But Plaintiff still has not produced several categories of documents that she represented more than three years ago were in her possession, custody, or control, including, for example, "materials establishing and supporting Defendants' infringing activity including documents and communications concerning *Servant*"; "Defendants' interviews and media related to *Servant*"; "materials establishing and supporting Defendants' knowledge and information regarding Plaintiff's work"; and "correspondence to or from Defendants regarding the subject matter of this case." Freeman Decl. ¶ 2 & Ex. 1. And she has produced only minimal information related to her initial disclosure category of "materials establishing and supporting

8
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's intellectual property and copyright at issue in this litigation, including the creation, development and distribution of *Emanuel*." *Id.* Ex. 1.

Despite nearly a year's notice of Defendants' requests for production and despite rigorously pursuing offensive discovery against Defendants, as of August 23, 2023, Plaintiff has produced only 145 documents in this case. Defendants hope Plaintiff keeps her latest production deadline of September 18 and will withdraw this motion if so. But if not, Defendants ask the Court to order Plaintiff to immediately complete her document productions in response to Defendants' requests so that Defendants may investigate and defend against Plaintiff's claims.

### B.   Plaintiff's Position and Authorities

Defendants' recitation of the parties' discovery history is misleading and lacking. Most importantly, Defendants are the base cause of any delay in discovery. For example, Defendants delayed for over two and one-half years before pursuing any discovery. Defendants waited over seven weeks after Plaintiff served her discovery responses before Defendants raised any issue with the responses. Waller Decl., ¶¶ 11, 18. Plaintiff responded immediately and cooperatively as soon as Defendants raised discovery concerns. *Id.* ¶¶ 11, 12.

Despite supremely challenging health issues facing her counsel, all Plaintiff's discovery responses have been timely. Over the recent past, Plaintiff's lead counsel, David Erikson, has been battling colon cancer. He has undergone surgery to remove his colon, suffered through chemotherapy and radiation treatment, and had a recurrence of cancer. Mr. Erikson was hospitalized throughout May and June of this year. Waller Decl., ¶¶ 16, 21, 25. He had his gallbladder removed in June. *Id.* Although he is now home from the hospital, Mr. Erikson continues to endure debilitating effects from cancer, related and unrelated illness, and hospitalizations.

9
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Id.* ¶¶ 16, 21. Mr. Erikson's health condition has negatively impacted Plaintiff's ability to complete her document production over the summer.[6]

Since serving her discovery responses in March, Plaintiff has made two document productions, on July 7 and July 28, producing over 4,000 pages of documents, native files, and film materials. *Id.* ¶ 9. Plaintiff's counsel's meet and confer discussions with Defendants culminated in an August 18 meeting during which the parties reached agreements to produce further documents.[7] Plaintiff is undertaking a supplemental production of documents which Plaintiff anticipates will be completed by September 25.[8]

"Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted). While discovery is broad, it is not without limit. *Rowland v. Paris Las Vegas*, No. 13CV2630-GPC DHB, 2015 WL 4742502, at *1 (S.D. Cal. Aug. 11, 2015) (finding "relevancy is not without 'ultimate and necessary boundaries" (citation omitted).)

As the *Rowland* court determined:

---

[6] In June 2023, the parties stipulated to extend trial and pretrial deadlines. Dkt. No. 113. The Court granted the parties' stipulation. The discovery cutoff in this matter is not until November 17, 2023. Dkt. No. 114.

[7] In addition to Plaintiff's agreement to supplement certain discovery responses, during that same August 18 meet and confer session, Defendants agreed to supplement their responses to Plaintiff's document requests and to produce multiple categories of documents Defendants had previously objected to producing. Waller Decl., ¶ 8. Those categories include Defendants' profits, costs, and revenue documents which Defendants had previously refused to produce. *Id.* ¶ 7. As of the date of this Joint Stipulation, Defendants have yet to produce any such documents even though the documents were requested over three-and one-half years ago. *Id.* ¶¶ 23, 27.

[8] During the August 18 meeting, Plaintiff's counsel proposed to have her supplemental production completed by September 18. This proposal anticipated that Plaintiff would not have to oppose a motion to compel. Defendants served this motion to compel on August 23 without advance warning or discussion. Having to respond to the motion has set the supplemental production timeline back and Plaintiff now anticipates completing the supplemental production by September 25. Waller Decl., ¶ 9.

10
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

> [D]istrict courts have broad discretion to determine relevancy for discovery purposes. District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.' Fed.R.Civ.P. 26(b)(2)(C)(I).

*Rowland*, 2015 WL 4742502, at *1; *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (same).[9]

The ultimate question in this case is whether *Servant* is "substantially similar" to *Emanuel*. Plaintiff will have to show that Defendants copied original elements from her work. She may show this by proving by a preponderance of the evidence that Defendants had access to her work and that there are substantial similarities between *Servant* and original elements of *Emanuel*. *Three Boys Music v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000) ("By establishing reasonable access and substantial similarity, a copyright plaintiff creates a presumption of copying. The burden shifts to the defendant to rebut that presumption through proof of independent creation." (citing *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 721 (9th Cir. 1976))).

Plaintiff has made every effort to cooperate in discovery and will continue to do so. There is no dispute pending that requires this Court's intervention.

### C.   Defendants' Requested Resolution

If this motion reaches a hearing, it is because Plaintiff yet again failed to produce documents by the date she provided. Defendants request that Plaintiff be ordered to immediately complete her document productions in response to

---

[9] In addition to obtaining documents from Plaintiff, Defendants have subpoenaed and obtained documents from third party witnesses including Plaintiff's film's distributor, Well Go USA Entertainment. Defendants have also pursued documents and deposition discovery from other witnesses, including Plaintiff's former agent. Waller Decl., ¶ 28.

11
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants' requests for production. Given Plaintiff's inordinate delays, Defendants also request that they be awarded their attorneys' fees and costs for the significant time their counsel has spent attempting to persuade Plaintiff to fulfill her most basic obligation of producing responsive documents.

### D. Plaintiff's Requested Resolution

Defendants brought this motion without basis and in contravention of the discovery statutes and local rules. When Defendants served this motion there was no pending dispute warranting judicial relief. Throughout this case, Defendants have embarked upon a "scorched earth" litigation strategy causing Plaintiff to incur unnecessary legal fees at every turn (including serving a prior motion to compel over a holiday weekend that was taken off calendar after Plaintiff provided her opposition). All the while, Defendants flout the rules and fail to fulfil their own discovery obligations. Plaintiff requests that the motion be denied. Given Defendants' improper conduct and premature pursuit of this motion, Plaintiff also requests that she be awarded her attorneys' fees and costs for the significant time her counsel has spent attempting to persuade Defendants to act reasonably and cooperatively, follow the discovery statutes and rules, and to abide by this court's discovery mandates.

### III. CASE SCHEDULE

In accordance with Local Rule 37-2.1, a copy of the order establishing the amended case schedule (ECF No. 114) is attached to this joint stipulation.

12
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 1 | DATED: August 31, 2023 | DAVIS WRIGHT TREMAINE LLP |
| 2 | | NICOLAS A. JAMPOL |
| 3 | | CYDNEY SWOFFORD FREEMAN |
| | | MEENAKSHI KRISHNAN |
| | | SAMANTHA LACHMAN |
| 4 | | By: /s/ *Cydney Swofford Freeman* |
| 5 | | Cydney Swofford Freeman |
| 6 | | Attorneys for Defendants |
| 7 | DATED: August 31, 2023 | ERIKSON LAW GROUP |
| 9 | | By: /s/ *Antoinette Waller* |
| 10 | | Antoinette Waller |
| 11 | | Attorneys for Plaintiff |

13

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I attest that all signatories listed and on whose behalf this filing is submitted concur in the filing's content and have authorized this filing.

DATED: August 31, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

By: /s/ *Cydney Swofford Freeman*
Cydney Swofford Freeman

Attorneys for Defendants

14
JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL
4856-2227-8005v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>               Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>               Defendants. | Case No. 2:20-cv-00406-SSS-JCx<br><br>**ORDER GRANTING JOINT STIPULATION TO CONTINUE SCHEDULE OF PRETRIAL AND TRIAL DATES [Dkt. 100]**<br><br>**NOTE CHANGES MADE BY COURT** |

1

On August 26, 2022, the Court issued its Civil Trial Order setting pretrial and trial dates in this action.

In light of Plaintiff's counsel's ongoing health condition, as well as the discovery remaining for the parties to complete, the parties have agreed to request a continuance of all pretrial and trial deadlines in this action.

The Court, having considered the parties' Stipulation to Continue the Schedule of Pretrial and Trial Dates and finding good cause, hereby GRANTS the Stipulation. The new deadlines are set forth in the Scheduling Order chart filed with this Order.

All deadlines established by the prior Civil Trial Order [Dkt. 100] are hereby **VACATED.**

**IT IS SO ORDERED.**

Dated: June 12, 2023

_____
SUNSHINE S. SYKES
United States District Judge

2

# DISTRICT JUDGE SUNSHINE SYKES
# AMENDED SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: 2:20-cv-00406-SSS-JC | Case Name: | *Francesca Gregorini v. Apple Inc. et al.* | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** <br> **Note:** Trial shall begin on Mondays at 9:00 a.m. Final Pretrial Conference shall be on Fridays at 1:00 p.m. | | **Original Date** | **Time Computation**[1] | **Amended Date** |
| Trial | | Monday, 01/08/2024 <br> ☒ Jury Trial <br> ☐ Bench Trial <br> Estimated Duration: 3 Days | Monday at 9:00 a.m. | Mon, 06/10/2024 <br> ☒ Jury Trial <br> ☐ Bench Trial <br> Estimated Duration: 3 Days |
| Final Pretrial Conference ("FPTC") [L.R. 16] | | Fri, 12/15/2023 | Friday at 1:00pm at least 17 days before trial | Fri, 05/24/2024 |
| **Event** <br> **Note:** All deadlines shall be on Fridays. Hearings shall be on Fridays at 2:00 p.m. | | **Original Date** | **Time Computation** | **Amended Date** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties | | CLOSED | 6 weeks after Scheduling Conference | CLOSED |
| Fact Discovery Cut-Off <br> (no later than deadline for filing dispositive motions) | | Fri, 07/14/2023 | 27 weeks before FPTC | Fri, 11/17/2023 |
| Expert Disclosure (Initial) | | Fri, 06/16/2023 | 26 weeks before FPTC | Fri, 10/20/2023 |
| Expert Disclosure (Rebuttal) | | Fri, 06/30/2023 | 24 weeks before FPTC | Fri, 11/03/2023 |
| Expert Discovery Cut-Off | | Fri, 07/14/2023 | 22 weeks before FPTC | Fri, 11/17/2023 |
| Last Date to <u>Hear</u> Motions <br> • Rule 56 Motions are due at least 7 weeks before hearing; Rule 56 Opposition due at least 5 weeks before hearing; Rule 56 Reply due at least 4 weeks before hearing. <br> • Briefing deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | | Fri, 09/29/2023 | 11 weeks before FPTC | Fri, 2/2/2024 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | | Fri, 10/20/2023 <br> ☐ 1. Magistrate Judge <br> ☐ 2. Court Mediation Panel <br> ☒ 3. Private Mediation | 8 weeks before FPTC | Fri, 2/23/2024 <br> ☐ 1. Magistrate Judge <br> ☐ 2. Court Mediation Panel <br> ☒ 3. Private Mediation |

---

[1] Any date the parties propose, absent good cause, should be consistent with the Court's preferred timeline.

| Deadline to File Motions in Limine | Fri, 11/03/2023 | **6 weeks before FPTC** | Fri, 4/12/2024 |
|---|---|---|---|
| Deadline for Oppositions to Motions in Limine | Fri, 11/17/2023 | **4 weeks before FPTC** | Fri, 4/26/2024 |
| <u>Trial Filings (first round)</u><br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | Fri, 11/17/2023 | **4 weeks before FPTC** | Fri, 4/26/2024 |
| <u>Trial Filings (second round)</u><br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | Fri, 12/01/2023 | **2 weeks before FPTC** | Fri, 5/10/2024 |
| Hearing on Motions in Limine | Fri, 12/01/2023 | **1 week before FPTC** | Fri, 5/17/24 |