# EXHIBIT 1

ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
S. Ryan Patterson (SBN 279474)
  ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>              Plaintiff,<br><br>       v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>              Defendants. | Case No. 2:20-cv-00406-JFW-JC<br>Hon. John F. Walter<br><br>**PLAINTIFF'S INITIAL DISCLOSURES** |

Plaintiff Francesca Gregorini ("Disclosing Party" or "Plaintiff") makes the following Initial Disclosures pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1).

## **PRELIMINARY STATEMENT**

Disclosing Party has not yet completed her investigation of the facts relating to this action or the claims and defenses raised by the pleadings, has not yet identified or interviewed all potential witnesses in this action, and has not yet identified or reviewed all documents that may be relevant to this action.

Disclosing Party bases these Initial Disclosures on the information currently known and available to her after an initial good faith investigation. Disclosing Party will supplement these Initial Disclosures as information becomes available. Accordingly, these Initial Disclosures are made without prejudice to Disclosing Party's right to amend, revise or supplement these Initial Disclosures later as warranted by the Federal Rules of Civil Procedure.

These Initial Disclosures are subject to all appropriate objections that would require the exclusion of any information contained herein if introduced as evidence in court. All such objections are reserved and may be interposed at the time of trial. No admissions of any nature whatever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Disclosing Party with respect to the admissibility or relevance of any document or fact referenced in these Initial Disclosures.

Disclosing Party reserves the right to continue her investigation and discovery of facts, witnesses, and documents that may reveal additional information about the issues in this action. Disclosing Party reserves the right at the time of trial to produce, refer to, and offer into evidence any additional documents, facts, and evidence from any source; and testimony from any witness which may be ascertained through her continued discovery and trial preparation, notwithstanding the reference to documents and information in these Initial Disclosures.

**1. Witnesses – FRCP 26(a)(1)(A)(i)**

Disclosing Party submits the following list of the names and contact information of individuals likely to have discoverable information that she may use to support her claims (unless solely for impeachment). This case is in the initial stages of fact discovery, and hence Disclosing Party reserves the right to identify additional witnesses as discovery progresses.

1. Plaintiff Francesca Gregorini may testify on the following subjects: creation and ownership of the infringed work; all claims and damages, including Plaintiff's copyrights, production, development, and distribution of *Emanuel*, as well as Defendants' infringing activity. Plaintiff may be contacted through Erikson Law Group.

2. Individual defendants M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, the "Individual Defendants") as well as corporate representatives of defendants Apple Inc., Blinding Edge Pictures, Inc., Uncle George Productions, Escape Artists LLC, and Dolphin Black Productions (collectively, the "Corporate Defendants") (the Individual Defendants and the Corporate Defendants, collectively "Defendants"), c/o Defendants' counsel. These witnesses may have information on the following subjects: Defendants' infringing conduct including Defendants' access to and infringement of *Emanuel*; Defendants' profits from their exploitation and use of the infringed work; Defendants' business operations; the willfulness of Defendants' infringement.

3. The Individual Defendants as well as corporate representatives of the Corporate Defendants, c/o Defendants' counsel. These witnesses may have information on the following subjects: The corporate entities' organization and corporate history; the relationships between and among the Defendants and participation in and knowledge of infringing conduct; the creation, development and exploitation of *Servant* including agreements between and among Defendants and third parties.

4. Apple representatives Ali Woodruff, Jamie Erlicht, Zack Van Amburg, c/o Defendants' counsel. These witnesses may have information on the following subjects: Plaintiff and her work; Defendants' appropriation and infringement of Plaintiff's work.

5. Joey Siracuse, WGA arbitrator. This witness may have information on the following subjects: Plaintiff's work, including *Emanuel*.

6. Olivia Blaustien, CAA TV Agent, and Chikira Bennett, assistant to Ms. Blaustien. These witnesses may have information on the following subjects: Plaintiff's work, including *Emanuel*, Plaintiff's submission to direct episodes of *Berlin Station*.

7. Tatiana von Furstenberg, c/o Plaintiff's counsel. This witness may have information on the following subjects: Plaintiff's work and background; creation, development, production and distribution of *Emanuel*.

8. Antony Langdon, editor of *Emanuel*. This witness may have information on the following subjects: Creation, development and production of *Emanuel*. Comparisons between *Emanuel* and *Servant*.

9. Rooney Mara, actor. This witness may have information on the following subjects: Inspiration and writing process for *Emanuel*.

10. Kaya Scodelario, Alfred Molina, Jimmi Simpson, Aneurin Barnard, Frances O'Connor, *Emanuel* actors. These witnesses may have information on the following subjects: *Emanuel* creative process and production.

11. Polly Morgan, director of photography for *Emanuel*. This witness may have information on the following subjects: *Emanuel* creative process and production.

12. David Unger, Plaintiff's Manager; Ellen Jones and Christina Bazdekis – Agents at ICM; Cynthia Okoye, UK Agent at Curtis Brown. These witnesses may have information on the following subjects: Plaintiff's work and career.

13. Barbara Bach Starkey, c/o Plaintiff's counsel. This witness may have information on the following subjects: Plaintiff's background and career.
14. Kim Peirce. This witness may have information on the following subjects: Plaintiff's background and career.
15. Participants on *Servant* including Mike Gioulakis; Jarin Blaschke; Douglas Aibel; Stephanie Holbrook, Stephanie Holbrook Casting, holbrookcasting.com, 212-624-5863, contactholbrook@gmail.com; Naaman Marshall, Scott G. Anderson, Pam Fuller, Jordan M. Sloane. These witnesses may have information on the following subjects: The creative process, development, and/or production of *Servant*.
16. Ryan Geffert, assistant to Mr. Basgallop; Catherine Wolf, assistant to Mr. Night; Nate Atwood, assistant to Mr. Blumenthal. These witnesses may have information on the following subjects: The relationships between and among the Defendants, Defendants' knowledge of and access to Plaintiff's work; and Defendants' infringing conduct.

Disclosing Party may also call each witness identified by Defendants. Plaintiff may call additional witnesses, not disclosed herein, as experts pursuant to Rule 26(a)(2). Any such witnesses will be identified subsequently according to any expert disclosure schedule set by the Court.

**2. Documents – FRCP 26(a)(1)(A)(ii)**

At this time Plaintiff identifies the following categories of documents in her possession, custody, or control that may be used to support her claims:

1. Materials establishing and supporting Plaintiff's intellectual property and copyright at issue in this litigation, including the creation, development and distribution of *Emanuel*.
2. Materials establishing and supporting Defendants' infringing activity including documents and communications concerning *Servant*, Defendants' interviews and media related to *Servant*.

3. Materials establishing and supporting Defendants' knowledge and information regarding Plaintiff's work.

4. Correspondence to or from Defendants regarding the subject matter of this case.

**3. Damages – FRCP 26(a)(1)(A)(iii)**

A computation of each category of damages claimed by the Disclosing party: Plaintiff claims her actual damages and all profits resulting from Defendants' infringing activities, trebled where warranted. Plaintiff further seeks recovery of her attorneys' fees and costs. The precise amounts of Plaintiff's damages are currently unknown to Plaintiff. To the extent permissible, Plaintiff may also seek statutory damages. Plaintiff's investigation is ongoing, and discovery has just begun in this matter. Plaintiff has and will undertake efforts to refine and adduce her damages.

**4. Insurance – FRCP 26(a)(1)(A)(iv)**:

For inspection and copying as under Rule 34, any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment: Disclosing Party is presently unaware of any applicable insurance policies.

Plaintiff reserves the right to supplement these disclosures in accord with FRCP 26.

DATED: April 8, 2020        ERIKSON LAW GROUP

By: _____/s/_____.
DAVID A. ERIKSON
Attorneys for Plaintiff Francesca Gregorini