# EXHIBIT 2

NICOLAS A. JAMPOL (State Bar No. 244867)
nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800; Fax: (213) 633-6899

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FRANCESCA GREGORINI,

Plaintiff,

vs.

APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,

Defendants.

Case No. 2:20-cv-00406-SSS-JC

**DEFENDANT UNCLE GEORGE PRODUCTIONS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF FRANCESCA GREGORINI (SET ONE)**

PROPOUNDING PARTY: Defendant Uncle George Productions, LLC

RESPONDING PARTY: Plaintiff Francesca Gregorini

SET NUMBER: One

Pursuant to Federal Rule of Civil Procedure 34, defendant Uncle George Productions, LLC demands that plaintiff Francesca Gregorini produce and permit

inspection and copying of the documents described below within thirty days from the date of this request. The place of inspection shall be the offices of Davis Wright Tremaine LLP, located at 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017.

**INSTRUCTIONS AND DEFINITIONS**

1. The terms "YOU" and "YOUR" refer to plaintiff Francesca Gregorini.

2. The term "YOUR COUNSEL" refers to YOUR attorneys in this case, including but not limited to David Alden Erikson, Antoinette Waller, and Jeffrey J. Miles.

3. The term "FAC" refers to the first amended complaint that YOU filed on March 10, 2020, in the United States District Court for the Central District of California, Case Number 2:20-cv-00406 (Dkt. 25).

4. The term "EMANUEL" refers to Plaintiff's 2013 feature film *The Truth About Emanuel*.

5. The term "SERVANT" refers to Defendants' television series *Servant*.

6. The term "EARLY SERVANT SCRIPT" refers to the SERVANT script as referenced in ¶ 94 of the FAC.

7. The term "LATER SERVANT SCRIPT" refers to the SERVANT script as referenced in ¶ 100 of the FAC.

8. The term "BERLIN STATION" refers to the television series as referenced in ¶ 52 of the FAC.

9. The term "REGISTERED WORK" refers to the version of EMANUEL at issue in this lawsuit, registered with the U.S. Copyright Office Reg. No. PA0002213169, as referenced in ¶ 85 of the FAC.

10. The term "REGISTERED SCRIPT" refers to the work *Emanuel and The Truth About Fishes*, registered with the U.S. Copyright Office Reg. No. PAu003590582.

11. The term "REBORN DOLL" refers to the term "'reborn' doll" as referenced in ¶ 4 of the FAC.

12. The term "PERSON" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity. "PERSONS" means more than one PERSON.

13. The terms "DOCUMENTS" or "DOCUMENT" means "writings," "originals," and "duplicates" as those terms are defined in Federal Rule of Evidence 1001. Without limiting the foregoing, these terms include all typed, printed, pictorial, or graphic matter, however produced or reproduced, of every kind or description, including, but not limited to, records, letters, correspondence, faxes, notes of any kind, minutes of any meetings, memoranda, intra- and inter-office communications, reports, written analyses, contracts (including, but not limited to, supplements, amendments, and modifications of such contracts), licenses, agreements, ledgers, books of account, vouchers, bank checks, invoices, receipts, working papers, statistical records, cost sheets, stenographers' notebooks, transcriptions, desk calendars, appointment books, diaries, time sheets or logs, telephone logs, maps, illustrations, diagrams, photographs, tape recordings (including, without limitation, tape recordings of telephone conversations), movies, films, videotapes, electronic or magnetic recordings, computer data, all other data or files maintained in email or other electronic data storage facilities, books, notes or recordings of any conversations, or anything similar to any of the foregoing, however denominated by YOU, as well as all copies, duplicates, and drafts of the foregoing.

14. The terms "COMMUNICATION" and "COMMUNICATIONS" mean any transmittal and/or receipt of information, whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, letters or memoranda, emails, text

messages, messages sent through any social media website (including but not limited to Facebook, Twitter, and Instagram), and other statements.

15. If YOUR answer is qualified in any way, please set forth the exact nature and extent of the qualification.

16. If YOU assert a privilege in response to any request for production, state the nature of the privilege(s) asserted, specify the ground(s) of the privilege, and provide all information responsive to the request which does not fall within YOUR claim of privilege. If an objection, other than a claim of privilege, is made to part of any request for production, please specify the part.

17. Documents originating in paper form shall be copied as they are kept in the normal course of business, and any titles, labels, or other descriptions on any box, folder, binder, file cabinet, or other container shall be copied as well.

18. Electronically stored information ("ESI") shall be produced in reasonably useable form, including specifically an ability to search the content of the documents produced.

19. ESI shall be converted to images produced, together with requested metadata. Spreadsheets (e.g., Excel documents) shall be produced in native file format.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, including COMMUNICATIONS, about EMANUEL.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, including COMMUNICATIONS, relating to the registration of the REGISTERED WORK with the U.S. Copyright Office, including applications, registrations, and transfers.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including COMMUNICATIONS, relating to the registration of the REGISTERED SCRIPT with the U.S. Copyright Office, including applications, registrations, and transfers.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including COMMUNICATIONS, relating to the registration of EMANUEL with the U.S. Copyright Office Reg. No. PA0002353598 registered to copyright claimant "Well Go USA Ent."

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, including COMMUNICATIONS, relating to any and all additional copyright registrations for EMANUEL or any version thereof.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, including COMMUNICATIONS, submitted to or filed with the U.S. Copyright Office regarding EMANUEL, including applications, registrations, and transfers.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, including COMMUNICATIONS, relating to any and all copyright transfers relating to EMANUEL.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, including COMMUNICATIONS, relating to ownership of any copyrights to EMANUEL, any version of EMANUEL, or any derivative thereof.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS, including COMMUNICATIONS, regarding deposit copies for any copyright registration of EMANUEL.

**REQUEST FOR PRODUCTION NO. 10:**

All deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED WORK.

**REQUEST FOR PRODUCTION NO. 11:**

All deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED SCRIPT.

**REQUEST FOR PRODUCTION NO. 12:**

All agreements relating to EMANUEL.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS relating to agreements, including licenses, referencing EMANUEL.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between YOU and Well Go USA Entertainment.

**REQUEST FOR PRODUCTION NO. 15:**

All agreements between YOU and Well Go USA Entertainment.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS, including COMMUNICATIONS, regarding Well Go USA Entertainment and EMANUEL.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS, including COMMUNICATIONS, about the creation of EMANUEL.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including COMMUNICATIONS, about the inspiration(s) for EMANUEL.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, including COMMUNICATIONS, about the writing of EMANUEL.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including COMMUNICATIONS, about the development of EMANUEL.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, including COMMUNICATIONS, about the production of EMANUEL.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS, including COMMUNICATIONS, about the post-production of EMANUEL.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS, including COMMUNICATIONS, about the distribution of EMANUEL.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS, including COMMUNICATIONS, about the promotion of EMANUEL.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, including COMMUNICATIONS, about the marketing of EMANUEL.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS, including COMMUNICATIONS, about the release of EMANUEL.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, including COMMUNICATIONS, about the financing of EMANUEL.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS, including COMMUNICATIONS, about any themes in EMANUEL referenced in ¶¶ 63-67 of the FAC.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS, including COMMUNICATIONS, about any settings in EMANUEL referenced in ¶¶ 63-65, 68 of the FAC.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS, including COMMUNICATIONS, about any characters in EMANUEL referenced in ¶¶ 63-65, 69-77 of the FAC.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS, including COMMUNICATIONS, about any plots in EMANUEL referenced in ¶¶ 63-65, 78-79 of the FAC.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS, including COMMUNICATIONS, about any sequences of events in EMANUEL referenced in ¶¶ 63-65, 78-79 of the FAC.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS, including COMMUNICATIONS, about any mood and pace in EMANUEL referenced in ¶¶ 63-65, 80 of the FAC.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS, including COMMUNICATIONS, about any dialogue in EMANUEL referenced in ¶¶ 63-65, 81 of the FAC.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and Sarah Thorpe.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS, including COMMUNICATIONS, with or about Sarah Thorpe, relating to EMANUEL.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS, including COMMUNICATIONS, with or about Tatiana Von Furstenberg, relating to EMANUEL.

**REQUEST FOR PRODUCTION NO. 38:**

All agreements between YOU and Sarah Thorpe.

**REQUEST FOR PRODUCTION NO. 39:**

All agreements between YOU and Tatiana Von Furstenberg.

**REQUEST FOR PRODUCTION NO. 40:**

All agreements between YOU and Emanuel Film LLC.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS relating to the organization of Emanuel Film LLC.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS relating to the dissolution of Emanuel Film LLC, as referenced in ¶ 85 of the FAC.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS, including COMMUNICATIONS, about REBORN DOLLS.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, including COMMUNICATIONS, referencing Apple Inc.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including COMMUNICATIONS, referencing M. Night Shyamalan.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including COMMUNICATIONS, referencing Blinding Edge Pictures, Inc.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, including COMMUNICATIONS, referencing Uncle George Productions.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, including COMMUNICATIONS, referencing Escape Artists LLC.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS, including COMMUNICATIONS, referencing Dolphin Black Productions.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including COMMUNICATIONS, referencing Tony Basgallop.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS, including COMMUNICATIONS, referencing Ashwin Rajan.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS, including COMMUNICATIONS, referencing Jason Blumenthal.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS, including COMMUNICATIONS, referencing Todd Black.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS, including COMMUNICATIONS, referencing Steve Tisch.

**REQUEST FOR PRODUCTION NO. 55:**

All COMMUNICATIONS with Apple Inc.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS with M. Night Shyamalan.

**REQUEST FOR PRODUCTION NO. 57:**

All COMMUNICATIONS with Blinding Edge Pictures, Inc.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS with Uncle George Productions.

**REQUEST FOR PRODUCTION NO. 59:**

All COMMUNICATIONS with Escape Artists LLC.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS with Dolphin Black Productions.

**REQUEST FOR PRODUCTION NO. 61:**

All COMMUNICATIONS with Tony Basgallop.

**REQUEST FOR PRODUCTION NO. 62:**

All COMMUNICATIONS with Ashwin Rajan.

**REQUEST FOR PRODUCTION NO. 63:**

All COMMUNICATIONS with Jason Blumenthal.

**REQUEST FOR PRODUCTION NO. 64:**

All COMMUNICATIONS with Todd Black.

**REQUEST FOR PRODUCTION NO. 65:**

All COMMUNICATIONS with Steve Tisch.

**REQUEST FOR PRODUCTION NO. 66:**

All COMMUNICATIONS between YOU and your agent(s) about EMANUEL.

**REQUEST FOR PRODUCTION NO. 67:**

All COMMUNICATIONS between YOU and your manager(s) about EMANUEL.

**REQUEST FOR PRODUCTION NO. 68:**

All COMMUNICATIONS between YOU and your agent(s) about SERVANT.

**REQUEST FOR PRODUCTION NO. 69:**

All COMMUNICATIONS between YOU and your manager(s) about SERVANT.

**REQUEST FOR PRODUCTION NO. 70:**

All COMMUNICATIONS between YOU and Jane Lee about SERVANT.

**REQUEST FOR PRODUCTION NO. 71:**

All COMMUNICATIONS between YOU and Ellen Jones about SERVANT.

**REQUEST FOR PRODUCTION NO. 72:**

All COMMUNICATIONS between YOU and ICM Partners about SERVANT.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS, including COMMUNICATIONS, regarding all theatrical distributions of EMANUEL, including but not limited to all theaters, all screenings, and all film festivals where EMANUEL has ever been distributed.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS, including COMMUNICATIONS, regarding all non-theatrical distributions of EMANUEL, including but not limited to all streaming services where EMANUEL has ever been distributed.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations and/or pitches YOU have engaged in to develop EMANUEL into a television series.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations and/or pitches YOU have engaged in regarding other adaptations and/or derivative works of EMANUEL.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations YOU have engaged in regarding licenses of EMANUEL.

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS, including COMMUNICATIONS, referring to or about SERVANT.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS, including COMMUNICATIONS, about the EARLY SERVANT SCRIPT, *see* FAC ¶ 94.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS, including COMMUNICATIONS, about the LATER SERVANT SCRIPT, *see* FAC ¶ 100.

**REQUEST FOR PRODUCTION NO. 81:**

All COMMUNICATIONS attaching or discussing any script of SERVANT.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS, including COMMUNICATIONS, about BERLIN STATION, *see* FAC ¶ 52.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 51 of the FAC that "Defendants had access to [EMANUEL] continually since 2013."

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 51 of the FAC that "[EMANUEL] was widely disseminated to the public beginning in 2013."

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 52 of the FAC that "Mr. Basgallop has had specific access to [EMANUEL]."

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 62 of the FAC that "Mr. Basgallop and Mr. Blumenthal showed this content [EMANUEL] to Mr. Shyamalan in their successful attempt to interest him in the show [SERVANT] – resulting in a deal to develop the series together."

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 62 of the FAC that "Mr. Shyamalan and the other Defendants

presented scripts only to those first three episodes in shopping the series [SERVANT], including to Apple—resulting in a deal to stream the series on Apple TV+."

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 86 of the FAC that "Defendants had access to Plaintiff's work [EMANUEL], as described above (including its premier at Sundance and nationwide release)."

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 63 of the FAC that "[SERVANT] is substantially similar to [EMANUEL]."

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 63 of the FAC that "the unique selection and arrangement of these elements—which is substantially similar in [EMANUEL] and [SERVANT]—make it a statistical certainty that Defendants copied [EMANUEL] in making [SERVANT][.]"

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 106 of the FAC that "Each Defendant is contributorily liable for the infringements alleged herein because each Defendant knowingly induced, participated in, aided and abetted, and profited from the production of and/or subsequent sales of the infringing work."

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 107 of the FAC that "Each Defendant is vicariously liable for the infringements alleged herein because each Defendant had the right and ability to

supervise the infringing conduct, including the practical ability to do so, and because each Defendant had a direct financial interest in the infringing conduct."

**REQUEST FOR PRODUCTION NO. 93:**

All non-privileged COMMUNICATIONS between YOU and any news, entertainment, or third-party media about this lawsuit, including but not limited to YOUR statements referenced in Sophie Gilbert, "The Filmmaker Who Says M. Night Shyamalan Stole Her Movie," *The Atlantic* (Jan. 15, 2020), https://www.theatlantic.com/entertainment/archive/2020/01/servant-the-truth-about-emanuel-lawsuit-apple-m-night-shyamalan/604936/.

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR calculation of damages.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS, including COMMUNICATIONS, relating to all expenses incurred in connection with EMANUEL.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS, including COMMUNICATIONS, relating to all revenues earned in connection with EMANUEL.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS, including COMMUNICATIONS, relating to all profits earned in connection with EMANUEL.

**REQUEST FOR PRODUCTION NO. 98:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶¶ 90, 97, and 103 that "By reason of Defendants' acts of copyright infringement, Plaintiff has suffered, and will continue to suffer substantial damages to her business in the form of diversion of trade, loss of profits, and a dilution in the value of Plaintiff's rights and reputation, all in amounts that are not yet ascertainable, but not less than the jurisdictional minimum of this Court."

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to direct any television, film, theatrical, commercial or other project since the release of EMANUEL until the release of SERVANT.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to direct any television, film, theatrical, commercial or other project since the release of SERVANT.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to write for any television, film, theatrical, commercial or other project since the release of EMANUEL until the release of SERVANT.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to write for any television, film, theatrical, commercial or other project since the release of SERVANT.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to produce any television, film, theatrical, commercial or other project since the release of SERVANT.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to produce any television, film, theatrical, commercial or other project since the release of EMANUEL until the release of SERVANT.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS, including COMMUNICATIONS, relating to any negotiations YOU, YOUR agents, or YOUR managers have engaged in regarding

YOUR role in any television, film, theatrical, commercial or other project since the release of SERVANT.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS, including COMMUNICATIONS, relating to any payment YOU have received for YOUR role in any television, film, theatrical, commercial or other project since the release of SERVANT.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "The Dropout."

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Killing Eve."

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Chambers."

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Electric Dreams."

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Humans."

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "The Hypnotist's Love Story."

**REQUEST FOR PRODUCTION NO. 113:**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the forthcoming film "Hurricanna."

DATED: September 22, 2022

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEEKNAKSHI KRISHNAN
SAMANTHA LACHMAN

By: /s/ Nicolas A. Jampol
Nicolas A. Jampol

Attorneys for Defendants

18

DEFENDANT UNCLE GEORGE PRODUCTIONS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)

4855-5113-0157v.2 0113237-000003

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On September 22, 2022, I served the foregoing document(s) described as:

**DEFENDANT UNCLE GEORGE PRODUCTIONS, LLC'S REQUESTS FOR PRODUCTION TO PLAINTIFF FRANCESCA GREGORINI (SET ONE)**

on the interested parties in this action as stated below:

David Alden Erikson
Antoinette Waller
Jeffrey J. Miles
Erikson Law Group
200 North Larchmont Boulevard
Los Angeles, California 90004
Email: david@daviderikson.com
Email: antoinette@daviderikson.com
Email: jeff@daviderikson.com
Email: melanie@daviderikson.com

Tel.: 323.465.3100
Fax: 323.465.3177

☒ (BY ELECTRONIC MAIL) I caused such documents to be transmitted via electronic mail to the offices of the addressee(s) at the listed electronic mail address(es).

Executed on September 22, 2022 at Los Angeles, California.

☒ Federal I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Vicky Isensee | /s/ Vicky Isensee |
|---|---|
| Print Name | Signature |