# EXHIBIT 3

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
 david@daviderikson.com
Antoinette Waller (SBN 152895)
 antoinette@daviderikson.com
Jeffrey J. Miles (SBN 293869)
 jeff@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | Hon. Sunshine S. Sykes |
| v. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive | **PLAINTIFF'S RESPONSE TO DEFENDANT UNCLE GEORGE PRODUCTIONS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| Defendants. | |

PROPOUNDING PARTY:      Defendant Uncle George Productions, LLC

RESPONDING PARTY:        Plaintiff Francesca Gregorini

SET NO.:                             One

Plaintiff Francesca Gregorini ("Plaintiff" or "Responding Party") hereby submits the following responses to Defendant Uncle George Productions, LLC's ("Defendant" or "Propounding Party") first set of requests for production.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.      These responses are made solely for the purpose of this action. Responding Party has not yet completed their investigation of the facts relating to this action, preparation for trial or associated discovery. As discovery proceeds, Responding Party may identify individuals who have knowledge concerning the subject matter of this action, or who participated in some capacity in events underlying (or related to) this action, and/or Responding Party may discover facts, information, evidence, documents, and things which are not set forth in these responses, but which may be responsive.

2.      The following responses are based on Responding Party's present knowledge, information and belief and are complete as to Responding Party's best knowledge at this time. More specifically, Responding Party has prepared these responses based on their good faith interpretation and understanding of the individual requests for production, but Responding Party reserves their right to correct any inadvertent errors or omissions. In addition, Responding Party's responses are based upon information they have been able to obtain pursuant to a reasonably diligent search for the requested information in the location(s) where Responding Party believes such information, if any, is normally maintained.

3.      Responding Party also reserves the right to conduct discovery with reference to, or to offer into evidence at the time of trial, all facts, evidence, documents, and things developed during discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents, and things in this response. In addition, Responding Party reserves the right to revise and further supplement these responses based upon any information, evidence, and

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

documentation, which may be discovered after the service of these responses as appropriate.

4.     To the extent that any request for production seeks information which is protected by the attorney-client privilege and/or attorney work product doctrine, Responding Party will not respond. Inadvertent identification or disclosure of privileged information or documents by Responding Party is not a waiver of any applicable privilege. Production of information and documents does not waive any objection, including, but not limited to relevancy, to the admission of such information or documents into evidence.

5.     Responding Party objects to this set of requests for production and to each individual request for production contained therein to the extent they purport to require disclosure of confidential and/or proprietary business information, the disclosure of which would be competitively harmful, and Responding Party will not produce such information except subject to the confidentiality order in this action.

6.     Responding party objects to any request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege, doctrine, or immunity. To the extent that any request may be construed as seeking such privileged or protected information, Responding Party hereby claims such privilege and invokes such protection. The fact that Responding Party does not specifically object to an individual request on the grounds that it seeks privileged or protected documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege or protection.

7.     Responding Party notes that their obligations regarding these responses are set forth by statute, not by the "Instructions" provided by Propounding Party.

8. Responding Party objects to Defendant's definition of "reborn doll" as vague and ambiguous.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

9.     Each of the following responses incorporates as though fully set forth the foregoing Preliminary Statement and General Objections ("General Objections").

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS, including COMMUNICATIONS, about EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 2**

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

1    All DOCUMENTS, including COMMUNICATIONS, relating to the

2  registration of the REGISTERED WORK with the U.S. Copyright Office, including

3  applications, registrations, and transfers.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

5    Responding Party incorporates the General Objections as if fully set forth here.

6    Responding Party objects on the grounds that the information sought is

7  protected from disclosure by the attorney work-product doctrine, the attorney-client

8  privilege, and/or another applicable privilege or immunity.

9    Responding Party objects on the ground that the information sought is protected

10  from disclosure by the right to privacy provided by any statute and/or under the

11  Constitution of the United States and/or State of California.

12    Responding Party objects on the ground that the information sought is not

13  sufficiently related to any of the claims, allegations, or defenses in this case; and the

14  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

15  vexatious seeking information that is neither relevant to this case, nor likely to lead to

16  the discovery of admissible evidence. In addition, any minimal probative value of the

17  requested information or documents is outweighed by the burden of gathering and

18  producing same.

19    Responding Party objects on the ground that the request seeks information

20  containing trade secret or other confidential, competitively sensitive, or proprietary

21  business information or that would require Plaintiff to violate any confidentiality

22  agreement or any court order pertaining to confidentiality.

23    Responding Party objects to this request on the grounds that it is vague and

24  ambiguous.

25    Responding Party objects to this request on the grounds that it seeks

26  information that is within the knowledge of Propounding Party and/or can be obtained

27  more easily, or as easily by Propounding Party as by Responding Party.

28

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

1  Responding Party objects to this request to the extent it includes general

2  instructions and definitions which render it improper, objectionable, and/or contrary to

3  discovery rules and statutes.

4  Responding Party further objects that the demand is overbroad and unduly

5  burdensome, including because the categories of documents to be produced are not

6  specified with reasonable particularity, and the request is so sweeping that its

7  boundaries are difficult to identify.

8  Responding Party also objects to the definitions of "document" as being overly

9  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

10  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

11  of Federal Rule of Civil Procedure 26(b).

12  Subject to and without waiving these objections, Responding Party will produce

13  a copy of U.S. Copyright Office Reg. No. PA0002213169.

14  **REQUEST FOR PRODUCTION NO. 3**

15  All DOCUMENTS, including COMMUNICATIONS, relating to the

16  registration of the REGISTERED SCRIPT with the U.S. Copyright Office, including

17  applications, registrations, and transfers.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

19  Responding Party incorporates the General Objections as if fully set forth here.

20  Responding Party objects on the grounds that the information sought is

21  protected from disclosure by the attorney work-product doctrine, the attorney-client

22  privilege, and/or another applicable privilege or immunity.

23  Responding Party objects on the ground that the information sought is protected

24  from disclosure by the right to privacy provided by any statute and/or under the

25  Constitution of the United States and/or State of California.

26  Responding Party objects on the ground that the information sought is not

27  sufficiently related to any of the claims, allegations, or defenses in this case; and the

28  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS, including COMMUNICATIONS, relating to the registration of EMANUEL with the U.S. Copyright Office Reg. No. PA0002353598 registered to copyright claimant "Well Go USA Ent."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS, including COMMUNICATIONS, relating to any and all additional copyright registrations for EMANUEL or any version thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

1   Responding Party objects to this request to the extent it includes general
2   instructions and definitions which render it improper, objectionable, and/or contrary to
3   discovery rules and statutes.

4   Responding Party further objects that the demand is overbroad and unduly
5   burdensome, including because the categories of documents to be produced are not
6   specified with reasonable particularity, and the request is so sweeping that its
7   boundaries are difficult to identify.

8   Responding Party also objects to the definitions of "document" as being overly
9   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
10  impermissibly attempts to shift the cost of production of data to Plaintiff in violation
11  of Federal Rule of Civil Procedure 26(b).

12  **REQUEST FOR PRODUCTION NO. 6**

13  All DOCUMENTS, including COMMUNICATIONS, submitted to or filed
14  with the U.S. Copyright Office regarding EMANUEL, including applications,
15  registrations, and transfers.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

17  Responding Party incorporates the General Objections as if fully set forth here.

18  Responding Party objects on the ground that the information sought is not
19  sufficiently related to any of the claims, allegations, or defenses in this case; and the
20  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
21  vexatious seeking information that is neither relevant to this case, nor likely to lead to
22  the discovery of admissible evidence. In addition, any minimal probative value of the
23  requested information or documents is outweighed by the burden of gathering and
24  producing same.

25  Responding Party objects to this request on the grounds that it seeks publicly
26  available information that can be obtained as easily by Propounding Party as by
27  Responding Party.

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

11      RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, Responding Party will produce a copy of U.S. Copyright Office Reg. No. PA0002213169, the copyright at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS, including COMMUNICATIONS, relating to any and all copyright transfers relating to EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

1  requested information or documents is outweighed by the burden of gathering and

2  producing same.

3       Responding Party objects on the ground that the request seeks information

4  containing trade secret or other confidential, competitively sensitive, or proprietary

5  business information or that would require Plaintiff to violate any confidentiality

6  agreement or any court order pertaining to confidentiality.

7       Responding Party objects to this request on the grounds that it is vague and

8  ambiguous.

9       Responding Party further objects that the demand is overbroad and unduly

10  burdensome, including because the categories of documents to be produced are not

11  specified with reasonable particularity, and the request is so sweeping that its

12  boundaries are difficult to identify.

13       Responding Party also objects to the definitions of "document" as being overly

14  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

15  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

16  of Federal Rule of Civil Procedure 26(b).

17  **REQUEST FOR PRODUCTION NO. 8**

18       All DOCUMENTS, including COMMUNICATIONS, relating to ownership of

19  any copyrights to EMANUEL, any version of EMANUEL, or any derivative thereof.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

21       Responding Party incorporates the General Objections as if fully set forth here.

22       Responding Party objects on the grounds that the information sought is

23  protected from disclosure by the attorney work-product doctrine, the attorney-client

24  privilege, and/or another applicable privilege or immunity.

25       Responding Party objects on the ground that the information sought is protected

26  from disclosure by the right to privacy provided by any statute and/or under the

27  Constitution of the United States and/or State of California.

28

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

13     RESPONSE TO REQUESTS FOR PRODUCTION

1  Responding Party objects on the ground that the request seeks information

2  containing trade secret or other confidential, competitively sensitive, or proprietary

3  business information or that would require Plaintiff to violate any confidentiality

4  agreement or any court order pertaining to confidentiality.

5  Responding Party objects to this request on the grounds that it is vague and

6  ambiguous.

7  Responding Party objects to this request on the grounds that it seeks

8  information that is within the knowledge of Propounding Party and/or can be obtained

9  more easily, or as easily by Propounding Party as by Responding Party, including

10  with regard to documents and communications concerning Defendant's infringing

11  works as described in the First Amended Complaint herein.

12  Responding Party has not fully completed investigation and discovery of the

13  facts relating to this action. Because these efforts are ongoing and expected to yield

14  more documents and information in the future, which may establish entirely new

15  factual conclusions and legal contentions, this response is given without prejudice to

16  Responding Party's right to make substantial additions and/or changes. Responding

17  Party notes that Propounding Party has not produced discovery to Plaintiff despite

18  serving responses to Plaintiff's requests for production nearly three years ago stating

19  and confirming that Propounding Party would produce requested information to

20  Plaintiff including Propounding Party's initial disclosure documents. Propounding

21  Party's failure to produce discovery as promised impedes and interferes with

22  Plaintiff's ability to respond.

23  Responding Party further objects that the demand is overbroad and unduly

24  burdensome, including because the categories of documents to be produced are not

25  specified with reasonable particularity, and the request is so sweeping that its

26  boundaries are difficult to identify.

27  Responding Party also objects to the definitions of "document" as being overly

28  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

14        RESPONSE TO REQUESTS FOR PRODUCTION

1   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

2   of Federal Rule of Civil Procedure 26(b).

3   **REQUEST FOR PRODUCTION NO. 9**

4       All DOCUMENTS, including COMMUNICATIONS, regarding deposit copies

5   for any copyright registration of EMANUEL.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

7       Responding Party incorporates the General Objections as if fully set forth here.

8       Responding Party objects on the grounds that the information sought is

9   protected from disclosure by the attorney work-product doctrine, the attorney-client

10  privilege, and/or another applicable privilege or immunity.

11      Responding Party objects on the ground that the information sought is protected

12  from disclosure by the right to privacy provided by any statute and/or under the

13  Constitution of the United States and/or State of California.

14      Responding Party objects on the ground that the information sought is not

15  sufficiently related to any of the claims, allegations, or defenses in this case; and the

16  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

17  vexatious seeking information that is neither relevant to this case, nor likely to lead to

18  the discovery of admissible evidence. In addition, any minimal probative value of the

19  requested information or documents is outweighed by the burden of gathering and

20  producing same.

21      Responding Party objects on the ground that the request seeks information

22  containing trade secret or other confidential, competitively sensitive, or proprietary

23  business information or that would require Plaintiff to violate any confidentiality

24  agreement or any court order pertaining to confidentiality.

25      Responding Party objects to this request on the grounds that it is vague and

26  ambiguous.

27      Responding Party further objects that the demand is overbroad and unduly

28  burdensome, including because the categories of documents to be produced are not

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

15   RESPONSE TO REQUESTS FOR PRODUCTION

1   specified with reasonable particularity, and the request is so sweeping that its

2   boundaries are difficult to identify.

3        Responding Party also objects to the definitions of "document" as being overly

4   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

5   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

6   of Federal Rule of Civil Procedure 26(b).

7   **REQUEST FOR PRODUCTION NO. 10**

8        All deposit copies submitted to the U.S. Copyright Office in connection with

9   the REGISTERED WORK.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

11        Responding Party incorporates the General Objections as if fully set forth here.

12   Responding Party objects that the demand is overbroad, vague, ambiguous,

13   burdensome, and harassing and not served for any legitimate purpose.

14   **REQUEST FOR PRODUCTION NO. 11**

15        All deposit copies submitted to the U.S. Copyright Office in connection with

16   the REGISTERED SCRIPT.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

18        Responding Party incorporates the General Objections as if fully set forth here.

19   Responding Party objects that the demand is overbroad, vague, ambiguous,

20   burdensome, and harassing and not served for any legitimate purpose.

21   **REQUEST FOR PRODUCTION NO. 12**

22        All agreements relating to EMANUEL.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

24        Responding Party incorporates the General Objections as if fully set forth here.

25        Responding Party objects on the grounds that the information sought is

26   protected from disclosure by the attorney work-product doctrine, the attorney-client

27   privilege, and/or another applicable privilege or immunity.

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

16    RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS relating to agreements, including licenses, referencing EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 14**

All COMMUNICATIONS between YOU and Well Go USA Entertainment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand is overly broad, vague, ambiguous, burdensome, and harassing.

Responding Party objects that the demand seeks documents that are neither relevant nor likely to lead to the discovery of relevant evidence.

Subject to and without waiving these objections, Responding Party responds that after a reasonable and diligent search, Responding Party is not aware of any such documents.

**REQUEST FOR PRODUCTION NO. 15**

All agreements between YOU and Well Go USA Entertainment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

1   Responding Party objects on the ground that the request seeks information

2   containing trade secret or other confidential, competitively sensitive, or proprietary

3   business information or that would require Plaintiff to violate any confidentiality

4   agreement or any court order pertaining to confidentiality.

5   Responding Party objects to this request on the grounds that it is vague and

6   ambiguous.

7   Responding Party further objects that the demand is overbroad and unduly

8   burdensome, including because the categories of documents to be produced are not

9   specified with reasonable particularity, and the request is so sweeping that its

10  boundaries are difficult to identify.

11  Responding Party also objects to the definitions of "document" as being overly

12  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

13  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

14  of Federal Rule of Civil Procedure 26(b).

15  **REQUEST FOR PRODUCTION NO. 16**

16  All DOCUMENTS, including COMMUNICATIONS, regarding Well Go USA

17  Entertainment and EMANUEL.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

19  Responding Party incorporates the General Objections as if fully set forth here.

20  Responding Party objects on the grounds that the information sought is

21  protected from disclosure by the attorney work-product doctrine, the attorney-client

22  privilege, and/or another applicable privilege or immunity.

23  Responding Party objects on the ground that the information sought is protected

24  from disclosure by the right to privacy provided by any statute and/or under the

25  Constitution of the United States and/or State of California.

26  Responding Party objects on the ground that the information sought is not

27  sufficiently related to any of the claims, allegations, or defenses in this case; and the

28  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS, including COMMUNICATIONS, about the creation of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

21        RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS, including COMMUNICATIONS, about the inspiration(s) for EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

1    Responding Party incorporates the General Objections as if fully set forth here.

2    Responding Party objects on the grounds that the information sought is
3    protected from disclosure by the attorney work-product doctrine, the attorney-client
4    privilege, and/or another applicable privilege or immunity.

5    Responding Party objects on the ground that the information sought is protected
6    from disclosure by the right to privacy provided by any statute and/or under the
7    Constitution of the United States and/or State of California.

8    Responding Party objects on the ground that the information sought is not
9    sufficiently related to any of the claims, allegations, or defenses in this case; and the
10   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
11   vexatious seeking information that is neither relevant to this case, nor likely to lead to
12   the discovery of admissible evidence. In addition, any minimal probative value of the
13   requested information or documents is outweighed by the burden of gathering and
14   producing same.

15   Responding Party objects on the ground that the request seeks information
16   containing trade secret or other confidential, competitively sensitive, or proprietary
17   business information or that would require Plaintiff to violate any confidentiality
18   agreement or any court order pertaining to confidentiality.

19   Responding Party objects to this request on the grounds that it is vague and
20   ambiguous.

21   Responding Party further objects that the demand is overbroad and unduly
22   burdensome, including because the categories of documents to be produced are not
23   specified with reasonable particularity, and the request is so sweeping that its
24   boundaries are difficult to identify.

25   Responding Party also objects to the definitions of "document" as being overly
26   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
27   impermissibly attempts to shift the cost of production of data to Plaintiff in violation
28   of Federal Rule of Civil Procedure 26(b).

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS, including COMMUNICATIONS, about the writing of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 20**

All DOCUMENTS, including COMMUNICATIONS, about the development of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

1  business information or that would require Plaintiff to violate any confidentiality

2  agreement or any court order pertaining to confidentiality.

3          Responding Party objects to this request on the grounds that it is vague and

4  ambiguous.

5          Responding Party further objects that the demand is overbroad and unduly

6  burdensome, including because the categories of documents to be produced are not

7  specified with reasonable particularity, and the request is so sweeping that its

8  boundaries are difficult to identify.

9          Responding Party also objects to the definitions of "document" as being overly

10 broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

11 impermissibly attempts to shift the cost of production of data to Plaintiff in violation

12 of Federal Rule of Civil Procedure 26(b).

13 **REQUEST FOR PRODUCTION NO. 21**

14         All DOCUMENTS, including COMMUNICATIONS, about the production of

15 EMANUEL.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

17         Responding Party incorporates the General Objections as if fully set forth here.

18         Responding Party objects on the grounds that the information sought is

19 protected from disclosure by the attorney work-product doctrine, the attorney-client

20 privilege, and/or another applicable privilege or immunity.

21         Responding Party objects on the ground that the information sought is protected

22 from disclosure by the right to privacy provided by any statute and/or under the

23 Constitution of the United States and/or State of California.

24         Responding Party objects on the ground that the information sought is not

25 sufficiently related to any of the claims, allegations, or defenses in this case; and the

26 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

27 vexatious seeking information that is neither relevant to this case, nor likely to lead to

28 the discovery of admissible evidence. In addition, any minimal probative value of the

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 22**

All DOCUMENTS, including COMMUNICATIONS, about the post-production of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

1  Responding Party objects on the ground that the information sought is not
2  sufficiently related to any of the claims, allegations, or defenses in this case; and the
3  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
4  vexatious seeking information that is neither relevant to this case, nor likely to lead to
5  the discovery of admissible evidence. In addition, any minimal probative value of the
6  requested information or documents is outweighed by the burden of gathering and
7  producing same.

8  Responding Party objects on the ground that the request seeks information
9  containing trade secret or other confidential, competitively sensitive, or proprietary
10 business information or that would require Plaintiff to violate any confidentiality
11 agreement or any court order pertaining to confidentiality.

12 Responding Party objects to this request on the grounds that it is vague and
13 ambiguous.

14 Responding Party further objects that the demand is overbroad and unduly
15 burdensome, including because the categories of documents to be produced are not
16 specified with reasonable particularity, and the request is so sweeping that its
17 boundaries are difficult to identify.

18 Responding Party also objects to the definitions of "document" as being overly
19 broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
20 impermissibly attempts to shift the cost of production of data to Plaintiff in violation
21 of Federal Rule of Civil Procedure 26(b).

22

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS, including COMMUNICATIONS, about the distribution of
EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Responding Party incorporates the General Objections as if fully set forth here.

1        Responding Party objects on the grounds that the information sought is

2   protected from disclosure by the attorney work-product doctrine, the attorney-client

3   privilege, and/or another applicable privilege or immunity.

4        Responding Party objects on the ground that the information sought is protected

5   from disclosure by the right to privacy provided by any statute and/or under the

6   Constitution of the United States and/or State of California.

7        Responding Party objects on the ground that the information sought is not

8   sufficiently related to any of the claims, allegations, or defenses in this case; and the

9   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

10  vexatious seeking information that is neither relevant to this case, nor likely to lead to

11  the discovery of admissible evidence. In addition, any minimal probative value of the

12  requested information or documents is outweighed by the burden of gathering and

13  producing same.

14       Responding Party objects on the ground that the request seeks information

15  containing trade secret or other confidential, competitively sensitive, or proprietary

16  business information or that would require Plaintiff to violate any confidentiality

17  agreement or any court order pertaining to confidentiality.

18       Responding Party objects to this request on the grounds that it is vague and

19  ambiguous.

20       Responding Party further objects that the demand is overbroad and unduly

21  burdensome, including because the categories of documents to be produced are not

22  specified with reasonable particularity, and the request is so sweeping that its

23  boundaries are difficult to identify.

24       Responding Party also objects to the definitions of "document" as being overly

25  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

26  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

27  of Federal Rule of Civil Procedure 26(b).

28  **REQUEST FOR PRODUCTION NO. 24**

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

29   RESPONSE TO REQUESTS FOR PRODUCTION

1       All DOCUMENTS, including COMMUNICATIONS, about the promotion of
2   EMANUEL.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

4       Responding Party incorporates the General Objections as if fully set forth here.

5       Responding Party objects on the grounds that the information sought is
6   protected from disclosure by the attorney work-product doctrine, the attorney-client
7   privilege, and/or another applicable privilege or immunity.

8       Responding Party objects on the ground that the information sought is protected
9   from disclosure by the right to privacy provided by any statute and/or under the
10  Constitution of the United States and/or State of California.

11      Responding Party objects on the ground that the information sought is not
12  sufficiently related to any of the claims, allegations, or defenses in this case; and the
13  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
14  vexatious seeking information that is neither relevant to this case, nor likely to lead to
15  the discovery of admissible evidence. In addition, any minimal probative value of the
16  requested information or documents is outweighed by the burden of gathering and
17  producing same.

18      Responding Party objects on the ground that the request seeks information
19  containing trade secret or other confidential, competitively sensitive, or proprietary
20  business information or that would require Plaintiff to violate any confidentiality
21  agreement or any court order pertaining to confidentiality.

22      Responding Party objects to this request on the grounds that it is vague and
23  ambiguous.

24      Responding Party further objects that the demand is overbroad and unduly
25  burdensome, including because the categories of documents to be produced are not
26  specified with reasonable particularity, and the request is so sweeping that its
27  boundaries are difficult to identify.

28

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS, including COMMUNICATIONS, about the marketing of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS, including COMMUNICATIONS, about the release of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS, including COMMUNICATIONS, about the financing of EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS, including COMMUNICATIONS, about any themes in EMANUEL referenced in ¶¶ 63-67 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

1      Responding Party objects on the ground that the request seeks information

2 containing trade secret or other confidential, competitively sensitive, or proprietary

3 business information or that would require Plaintiff to violate any confidentiality

4 agreement or any court order pertaining to confidentiality.

5      Responding Party objects to this request on the grounds that it is vague and

6 ambiguous.

7      Responding Party objects to this request on the grounds that it seeks

8 information that is within the knowledge of Propounding Party and/or can be obtained

9 more easily, or as easily by Propounding Party as by Responding Party.

10      Responding Party objects to this request to the extent it includes general

11 instructions and definitions which render it improper, objectionable, and/or contrary to

12 discovery rules and statutes; Responding Party objects to this request as premature to

13 the extent it seeks documents and information that are the subject of expert discovery.

14      Responding Party has not fully completed investigation and discovery of the

15 facts relating to this action. Because these efforts are ongoing and expected to yield

16 more documents and information in the future, which may establish entirely new

17 factual conclusions and legal contentions, this response is given without prejudice to

18 Responding Party's right to make substantial additions and/or changes. Responding

19 Party notes that Propounding Party has not produced discovery to Plaintiff despite

20 serving responses to Plaintiff's requests for production nearly three years ago stating

21 and confirming that Propounding Party would produce requested information to

22 Plaintiff including Propounding Party's initial disclosure documents. Propounding

23 Party's failure to produce discovery as promised impedes and interferes with

24 Plaintiff's ability to respond.

25      Responding Party further objects that the demand is overbroad and unduly

26 burdensome, including because the categories of documents to be produced are not

27 specified with reasonable particularity, and the request is so sweeping that its

28 boundaries are difficult to identify.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

35    RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about allegations as to themes in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 29**

All DOCUMENTS, including COMMUNICATIONS, about any settings in EMANUEL referenced in ¶¶ 63-65, 68 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about allegations as to settings in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 30**

All DOCUMENTS, including COMMUNICATIONS, about any characters in EMANUEL referenced in ¶¶ 63-65, 69-77 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about allegations as to characters in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 31**

All DOCUMENTS, including COMMUNICATIONS, about any plots in EMANUEL referenced in ¶¶ 63-65, 78-79 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about allegations regarding plots in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 32**

All DOCUMENTS, including COMMUNICATIONS, about any sequences of events in EMANUEL referenced in ¶¶ 63-65, 78-79 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about sequences of events in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 33**

All DOCUMENTS, including COMMUNICATIONS, about any mood and pace in EMANUEL referenced in ¶¶ 63-65, 80 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about mood and pace in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 34**

All DOCUMENTS, including COMMUNICATIONS, about any dialogue in EMANUEL referenced in ¶¶ 63-65, 81 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search, and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents about dialogue in *Emanuel* as referenced in the noted paragraphs of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 35**

All COMMUNICATIONS between YOU and Sarah Thorpe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

1  specified with reasonable particularity, and the request is so sweeping that its

2  boundaries are difficult to identify.

3      Responding Party also objects to the definitions of "document" as being overly

4  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

5  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

6  of Federal Rule of Civil Procedure 26(b).

7  **REQUEST FOR PRODUCTION NO. 36**

8      All DOCUMENTS, including COMMUNICATIONS, with or about Sarah

9  Thorpe, relating to EMANUEL.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

11     Responding Party incorporates the General Objections as if fully set forth here.

12     Responding Party objects that the demand appears duplicative and intended to

13 harass and burden Responding Party rather than for any legitimate discovery purpose.

14 See, e.g., Request for Production no. 35. Responding Party incorporates her objections

15 to Request for Production no. 35 as if fully set forth here.

16     Responding Party objects on the ground that the information sought is not

17 sufficiently related to any of the claims, allegations, or defenses in this case; and the

18 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

19 vexatious seeking information that is neither relevant to this case, nor likely to lead to

20 the discovery of admissible evidence. In addition, any minimal probative value of the

21 requested information or documents is outweighed by the burden of gathering and

22 producing same.

23     Responding Party objects on the ground that the request seeks information

24 containing trade secret or other confidential, competitively sensitive, or proprietary

25 business information or that would require Plaintiff to violate any confidentiality

26 agreement or any court order pertaining to confidentiality.

27     Responding Party objects to this request on the grounds that it is vague and

28 ambiguous.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

43    RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 37**

All DOCUMENTS, including COMMUNICATIONS, with or about Tatiana Von Furstenberg, relating to EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

1   Responding Party objects to this request on the grounds that it is vague and

2   ambiguous.

3   Responding Party further objects that the demand is overbroad and unduly

4   burdensome, including because the categories of documents to be produced are not

5   specified with reasonable particularity, and the request is so sweeping that its

6   boundaries are difficult to identify.

7   Responding Party also objects to the definitions of "document" as being overly

8   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

9   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

10  of Federal Rule of Civil Procedure 26(b).

11  **REQUEST FOR PRODUCTION NO. 38**

12  All agreements between YOU and Sarah Thorpe.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

14  Responding Party incorporates the General Objections as if fully set forth here.

15  Responding Party objects that the demand appears duplicative and intended to

16  harass and burden Responding Party rather than for any legitimate discovery purpose.

17  See, e.g., Request for Production nos. 35 and 36.

18  Responding Party objects on the ground that the information sought is not

19  sufficiently related to any of the claims, allegations, or defenses in this case; and the

20  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

21  vexatious seeking information that is neither relevant to this case, nor likely to lead to

22  the discovery of admissible evidence. In addition, any minimal probative value of the

23  requested information or documents is outweighed by the burden of gathering and

24  producing same.

25  Responding Party objects on the ground that the request seeks information

26  containing trade secret or other confidential, competitively sensitive, or proprietary

27  business information or that would require Plaintiff to violate any confidentiality

28  agreement or any court order pertaining to confidentiality.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 39**

All agreements between YOU and Tatiana Von Furstenberg.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose. See, e.g., Request for Production no. 37. Responding Party incorporates her objections to Request for Production no. 35 as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

**REQUEST FOR PRODUCTION NO. 40**

All agreements between YOU and Emanuel Film LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

1  specified with reasonable particularity, and the request is so sweeping that its
2  boundaries are difficult to identify.

3  **REQUEST FOR PRODUCTION NO. 41**

4      All DOCUMENTS relating to the organization of Emanuel Film LLC.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO.41**

6      Responding Party incorporates the General Objections as if fully set forth here.

7      Responding Party objects on the grounds that the information sought is
8  protected from disclosure by the attorney work-product doctrine, the attorney-client
9  privilege, and/or another applicable privilege or immunity.

10      Responding Party objects on the ground that the information sought is not
11  sufficiently related to any of the claims, allegations, or defenses in this case; and the
12  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
13  vexatious seeking information that is neither relevant to this case, nor likely to lead to
14  the discovery of admissible evidence. In addition, any minimal probative value of the
15  requested information or documents is outweighed by the burden of gathering and
16  producing same.

17      Responding Party objects on the ground that the request seeks information
18  containing trade secret or other confidential, competitively sensitive, or proprietary
19  business information or that would require Plaintiff to violate any confidentiality
20  agreement or any court order pertaining to confidentiality.

21      Responding Party objects to this request on the grounds that it is vague and
22  ambiguous.

23      Responding Party further objects that the demand is overbroad and unduly
24  burdensome, including because the categories of documents to be produced are not
25  specified with reasonable particularity, and the request is so sweeping that its
26  boundaries are difficult to identify.

27      Responding Party also objects to the definitions of "document" as being overly
28  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

48    RESPONSE TO REQUESTS FOR PRODUCTION

1    impermissibly attempts to shift the cost of production of data to Plaintiff in violation

2    of Federal Rule of Civil Procedure 26(b).

3    **REQUEST FOR PRODUCTION NO. 42**

4        All DOCUMENTS relating to the dissolution of Emanuel Film LLC, as

5    referenced in ¶ 85 of the FAC.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

7        Responding Party incorporates the General Objections as if fully set forth here.

8        Responding Party objects on the grounds that the information sought is

9    protected from disclosure by the attorney work-product doctrine, the attorney-client

10   privilege, and/or another applicable privilege or immunity.

11       Responding Party objects on the ground that the information sought is not

12   sufficiently related to any of the claims, allegations, or defenses in this case; and the

13   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

14   vexatious seeking information that is neither relevant to this case, nor likely to lead to

15   the discovery of admissible evidence. In addition, any minimal probative value of the

16   requested information or documents is outweighed by the burden of gathering and

17   producing same.

18       Responding Party objects on the ground that the request seeks information

19   containing trade secret or other confidential, competitively sensitive, or proprietary

20   business information or that would require Plaintiff to violate any confidentiality

21   agreement or any court order pertaining to confidentiality.

22       Responding Party objects to this request on the grounds that it is vague and

23   ambiguous.

24       Responding Party further objects that the demand is overbroad and unduly

25   burdensome, including because the categories of documents to be produced are not

26   specified with reasonable particularity, and the request is so sweeping that its

27   boundaries are difficult to identify.

28


ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, Responding Party will produce a copy of the Certificate of Cancellation filed with the California Secretary of State and obtainable from the Secretary of State website showing the dissolution of Emanuel Film LLC.

**REQUEST FOR PRODUCTION NO. 43**

All DOCUMENTS, including COMMUNICATIONS, about REBORN DOLLS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 44**

All DOCUMENTS, including COMMUNICATIONS, referencing Apple Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

51      RESPONSE TO REQUESTS FOR PRODUCTION

1   Responding Party objects to this request on the grounds that it is vague and

2   ambiguous.

3   Responding Party further objects that the demand is overbroad and unduly

4   burdensome, including because the categories of documents to be produced are not

5   specified with reasonable particularity, and the request is so sweeping that its

6   boundaries are difficult to identify.

7   Responding Party also objects to the definitions of "document" as being overly

8   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

9   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

10  of Federal Rule of Civil Procedure 26(b).

11  **REQUEST FOR PRODUCTION NO. 45**

12  All DOCUMENTS, including COMMUNICATIONS, referencing M. Night

13  Shyamalan.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

15  Responding Party incorporates the General Objections as if fully set forth here.

16  Responding Party objects on the grounds that the information sought is

17  protected from disclosure by the attorney work-product doctrine, the attorney-client

18  privilege, and/or another applicable privilege or immunity.

19  Responding Party objects on the ground that the information sought is not

20  sufficiently related to any of the claims, allegations, or defenses in this case; and the

21  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

22  vexatious seeking information that is neither relevant to this case, nor likely to lead to

23  the discovery of admissible evidence. In addition, any minimal probative value of the

24  requested information or documents is outweighed by the burden of gathering and

25  producing same.

26  Responding Party objects on the ground that the request seeks information

27  containing trade secret or other confidential, competitively sensitive, or proprietary

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS, including COMMUNICATIONS, referencing Blinding Edge Pictures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

1   Responding Party objects on the ground that the request seeks information

2   containing trade secret or other confidential, competitively sensitive, or proprietary

3   business information or that would require Plaintiff to violate any confidentiality

4   agreement or any court order pertaining to confidentiality.

5   Responding Party objects to this request on the grounds that it is vague and

6   ambiguous.

7   Responding Party further objects that the demand is overbroad and unduly

8   burdensome, including because the categories of documents to be produced are not

9   specified with reasonable particularity, and the request is so sweeping that its

10   boundaries are difficult to identify.

11   Responding Party also objects to the definitions of "document" as being overly

12   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

13   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

14   of Federal Rule of Civil Procedure 26(b).

15   **REQUEST FOR PRODUCTION NO. 47**

16   All DOCUMENTS, including COMMUNICATIONS, referencing Uncle

17   George Productions.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

19   Responding Party incorporates the General Objections as if fully set forth here.

20   Responding Party objects on the grounds that the information sought is

21   protected from disclosure by the attorney work-product doctrine, the attorney-client

22   privilege, and/or another applicable privilege or immunity.

23   Responding Party objects on the ground that the information sought is not

24   sufficiently related to any of the claims, allegations, or defenses in this case; and the

25   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

26   vexatious seeking information that is neither relevant to this case, nor likely to lead to

27   the discovery of admissible evidence. In addition, any minimal probative value of the

28   

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1    requested information or documents is outweighed by the burden of gathering and

2    producing same.

3          Responding Party objects on the ground that the request seeks information

4    containing trade secret or other confidential, competitively sensitive, or proprietary

5    business information or that would require Plaintiff to violate any confidentiality

6    agreement or any court order pertaining to confidentiality.

7          Responding Party objects to this request on the grounds that it is vague and

8    ambiguous.

9          Responding Party further objects that the demand is overbroad and unduly

10   burdensome, including because the categories of documents to be produced are not

11   specified with reasonable particularity, and the request is so sweeping that its

12   boundaries are difficult to identify.

13         Responding Party also objects to the definitions of "document" as being overly

14   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

15   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

16   of Federal Rule of Civil Procedure 26(b).

17   **REQUEST FOR PRODUCTION NO. 48**

18         All DOCUMENTS, including COMMUNICATIONS, referencing Escape

19   Artists LLC.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

21         Responding Party incorporates the General Objections as if fully set forth here.

22         Responding Party objects on the grounds that the information sought is

23   protected from disclosure by the attorney work-product doctrine, the attorney-client

24   privilege, and/or another applicable privilege or immunity.

25         Responding Party objects on the ground that the information sought is not

26   sufficiently related to any of the claims, allegations, or defenses in this case; and the

27   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

28   vexatious seeking information that is neither relevant to this case, nor likely to lead to

the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 49**

All DOCUMENTS, including COMMUNICATIONS, referencing Dolphin Black Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 50**

All DOCUMENTS, including COMMUNICATIONS, referencing Tony Basgallop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the

request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS, including COMMUNICATIONS, referencing Ashwin Rajan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 52**

All DOCUMENTS, including COMMUNICATIONS, referencing Jason Blumenthal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Responding Party incorporates the General Objections as if fully set forth here.

1   Responding Party objects on the grounds that the information sought is

2   protected from disclosure by the attorney work-product doctrine, the attorney-client

3   privilege, and/or another applicable privilege or immunity.

4   Responding Party objects on the ground that the information sought is not

5   sufficiently related to any of the claims, allegations, or defenses in this case; and the

6   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

7   vexatious seeking information that is neither relevant to this case, nor likely to lead to

8   the discovery of admissible evidence. In addition, any minimal probative value of the

9   requested information or documents is outweighed by the burden of gathering and

10  producing same.

11  Responding Party objects on the ground that the request seeks information

12  containing trade secret or other confidential, competitively sensitive, or proprietary

13  business information or that would require Plaintiff to violate any confidentiality

14  agreement or any court order pertaining to confidentiality.

15  Responding Party objects to this request on the grounds that it is vague and

16  ambiguous.

17  Responding Party further objects that the demand is overbroad and unduly

18  burdensome, including because the categories of documents to be produced are not

19  specified with reasonable particularity, and the request is so sweeping that its

20  boundaries are difficult to identify.

21  Responding Party also objects to the definitions of "document" as being overly

22  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

23  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

24  of Federal Rule of Civil Procedure 26(b).

25  **REQUEST FOR PRODUCTION NO. 53**

26  All DOCUMENTS, including COMMUNICATIONS, referencing Todd Black.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

28  Responding Party incorporates the General Objections as if fully set forth here.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 54**

All DOCUMENTS, including COMMUNICATIONS, referencing Steve Tisch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 55**

All COMMUNICATIONS with Apple Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Responding Party incorporates the General Objections as if fully set forth here.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Apple Inc. relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 56**

All COMMUNICATIONS with M. Night Shyamalan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and M. Night Shyamalan relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 57**

All COMMUNICATIONS with Blinding Edge Pictures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

64       RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Blinding Edge Pictures, Inc. relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 58**

All COMMUNICATIONS with Uncle George Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

1    Subject to and without waiving these objections, after a reasonable and diligent

2    search and subject to the terms of the parties' protective order in this matter,

3    Responding Party will produce responsive, non-privileged documents reflecting

4    communications between Plaintiff and Propounding Party relating to Plaintiff's

5    allegations in the First Amended Complaint that are in Plaintiff's possession, custody,

6    or control, if any exist.

7    **REQUEST FOR PRODUCTION NO. 59**

8    All COMMUNICATIONS with Escape Artists LLC.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

10   Responding Party incorporates the General Objections as if fully set forth here.

11   Responding Party objects to this request on the grounds that it is vague and

12   ambiguous.

13   Responding Party objects to this request on the grounds that it seeks

14   information that is within the knowledge of Defendants and/or can be obtained more

15   easily, or as easily by Defendants as by Responding Party.

16   Responding Party further objects that the demand is overbroad and unduly

17   burdensome, including because the categories of documents to be produced are not

18   specified with reasonable particularity, and the request is so sweeping that its

19   boundaries are difficult to identify.

20   Responding Party also objects to the definitions of "document" as being overly

21   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

22   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

23   of Federal Rule of Civil Procedure 26(b).

24   Subject to and without waiving these objections, after a reasonable and diligent

25   search and subject to the terms of the parties' protective order in this matter,

26   Responding Party will produce responsive, non-privileged documents reflecting

27   communications between Plaintiff and Escape Artists LLC relating to Plaintiff's

28

allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 60**

All COMMUNICATIONS with Dolphin Black Productions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Dolphin Black Productions relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 61**

All COMMUNICATIONS with Tony Basgallop.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Tony Basgallop relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 62**

All COMMUNICATIONS with Ashwin Rajan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

1   Responding Party objects to this request on the grounds that it seeks

2   information that is within the knowledge of Defendants and/or can be obtained more

3   easily, or as easily by Defendants as by Responding Party.

4   Responding Party further objects that the demand is overbroad and unduly

5   burdensome, including because the categories of documents to be produced are not

6   specified with reasonable particularity, and the request is so sweeping that its

7   boundaries are difficult to identify.

8   Responding Party also objects to the definitions of "document" as being overly

9   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

10   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

11   of Federal Rule of Civil Procedure 26(b).

12   Subject to and without waiving these objections, after a reasonable and diligent

13   search and subject to the terms of the parties' protective order in this matter,

14   Responding Party will produce responsive, non-privileged documents reflecting

15   communications between Plaintiff and Ashwin Rajan relating to Plaintiff's allegations

16   in the First Amended Complaint that are in Plaintiff's possession, custody, or control,

17   if any exist.

18   **REQUEST FOR PRODUCTION NO. 63**

19   All COMMUNICATIONS with Jason Blumenthal.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

21   Responding Party incorporates the General Objections as if fully set forth here.

22   Responding Party objects to this request on the grounds that it is vague and

23   ambiguous.

24   Responding Party objects to this request on the grounds that it seeks

25   information that is within the knowledge of Defendants and/or can be obtained more

26   easily, or as easily by Defendants as by Responding Party.

27   Responding Party further objects that the demand is overbroad and unduly

28   burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Jason Blumenthal relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 64**

All COMMUNICATIONS with Todd Black.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Todd Black relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 65**

All COMMUNICATIONS with Steve Tisch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting

communications between Plaintiff and Steve Tisch relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 66**

All COMMUNICATIONS between YOU and your agent(s) about EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 67**

All COMMUNICATIONS between YOU and your manager(s) about EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 68**

All COMMUNICATIONS between YOU and your agent(s) about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and her agent about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 69**

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

1   All COMMUNICATIONS between YOU and your manager(s) about
2   SERVANT.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

4   Responding Party incorporates the General Objections as if fully set forth here.

5   Responding Party objects to this request on the grounds that it is vague and
6   ambiguous.

7   Responding Party further objects that the demand is overbroad and unduly
8   burdensome, including because the categories of documents to be produced are not
9   specified with reasonable particularity, and the request is so sweeping that its
10   boundaries are difficult to identify.

11   Responding Party also objects to the definitions of "document" as being overly
12   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
13   impermissibly attempts to shift the cost of production of data to Plaintiff in violation
14   of Federal Rule of Civil Procedure 26(b).

15   Subject to and without waiving these objections, after a reasonable and diligent
16   search and subject to the terms of the parties' protective order in this matter,
17   Responding Party will produce responsive, non-privileged documents reflecting
18   communications between Responding Party and her agent about *Servant* relating to
19   Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if
20   any exist.

21   **REQUEST FOR PRODUCTION NO. 70**

22   All COMMUNICATIONS between YOU and Jane Lee about SERVANT.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

24   Responding Party incorporates the General Objections as if fully set forth here.

25   Responding Party objects to this request on the grounds that it is vague and
26   ambiguous.

27   Responding Party further objects that the demand is overbroad and unduly
28   burdensome, including because the categories of documents to be produced are not

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and Jane Lee about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 71**

All COMMUNICATIONS between YOU and Ellen Jones about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter,

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and Ellen Jones about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 72**

All COMMUNICATIONS between YOU and ICM Partners about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and ICM Partners about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 73**

All DOCUMENTS, including COMMUNICATIONS, regarding all theatrical distributions of EMANUEL, including but not limited to all theaters, all screenings, and all film festivals where EMANUEL has ever been distributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and
producing same.

Responding Party objects on the ground that the request seeks information
containing trade secret or other confidential, competitively sensitive, or proprietary
business information or that would require Plaintiff to violate any confidentiality
agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and
ambiguous.

Responding Party further objects that the demand is overbroad and unduly
burdensome, including because the categories of documents to be produced are not
specified with reasonable particularity, and the request is so sweeping that its
boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly
broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
impermissibly attempts to shift the cost of production of data to Plaintiff in violation
of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 74**

All DOCUMENTS, including COMMUNICATIONS, regarding all non-
theatrical distributions of EMANUEL, including but not limited to all streaming
services where EMANUEL has ever been distributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is
protected from disclosure by the attorney work-product doctrine, the attorney-client
privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected
from disclosure by the right to privacy provided by any statute and/or under the
Constitution of the United States and/or State of California.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 75**

All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations and/or pitches YOU have engaged in to develop EMANUEL into a television series.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**

Responding Party incorporates the General Objections as if fully set forth here.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 76**

E R I K S O N
L A W   G R O U P
ATTORNEYS
LOS ANGELES CA

RESPONSE TO REQUESTS FOR PRODUCTION

1    All DOCUMENTS, including COMMUNICATIONS, about any and all

2 negotiations and/or pitches YOU have engaged in regarding other adaptations and/or

3 derivative works of EMANUEL.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 76**

5    Responding Party incorporates the General Objections as if fully set forth here.

6    Responding Party objects on the grounds that the information sought is

7 protected from disclosure by the attorney work-product doctrine, the attorney-client

8 privilege, and/or another applicable privilege or immunity.

9    Responding Party objects on the ground that the information sought is protected

10 from disclosure by the right to privacy provided by any statute and/or under the

11 Constitution of the United States and/or State of California.

12    Responding Party objects on the ground that the information sought is not

13 sufficiently related to any of the claims, allegations, or defenses in this case; and the

14 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

15 vexatious seeking information that is neither relevant to this case, nor likely to lead to

16 the discovery of admissible evidence. In addition, any minimal probative value of the

17 requested information or documents is outweighed by the burden of gathering and

18 producing same.

19    Responding Party objects on the ground that the request seeks information

20 containing trade secret or other confidential, competitively sensitive, or proprietary

21 business information or that would require Plaintiff to violate any confidentiality

22 agreement or any court order pertaining to confidentiality.

23    Responding Party objects to this request on the grounds that it is vague and

24 ambiguous.

25    Responding Party further objects that the demand is overbroad and unduly

26 burdensome, including because the categories of documents to be produced are not

27 specified with reasonable particularity, and the request is so sweeping that its

28 boundaries are difficult to identify.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1   Responding Party also objects to the definitions of "document" as being overly

2   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

3   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

4   of Federal Rule of Civil Procedure 26(b).

5   **REQUEST FOR PRODUCTION NO. 77**

6   All DOCUMENTS, including COMMUNICATIONS, about any and all

7   negotiations YOU have engaged in regarding licenses of EMANUEL.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77**

9   Responding Party incorporates the General Objections as if fully set forth here.

10   Responding Party objects on the grounds that the information sought is

11   protected from disclosure by the attorney work-product doctrine, the attorney-client

12   privilege, and/or another applicable privilege or immunity.

13   Responding Party objects on the ground that the information sought is protected

14   from disclosure by the right to privacy provided by any statute and/or under the

15   Constitution of the United States and/or State of California.

16   Responding Party objects on the ground that the information sought is not

17   sufficiently related to any of the claims, allegations, or defenses in this case; and the

18   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

19   vexatious seeking information that is neither relevant to this case, nor likely to lead to

20   the discovery of admissible evidence. In addition, any minimal probative value of the

21   requested information or documents is outweighed by the burden of gathering and

22   producing same.

23   Responding Party objects on the ground that the request seeks information

24   containing trade secret or other confidential, competitively sensitive, or proprietary

25   business information or that would require Plaintiff to violate any confidentiality

26   agreement or any court order pertaining to confidentiality.

27   Responding Party objects to this request on the grounds that it is vague and

28   ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 78**

All DOCUMENTS, including COMMUNICATIONS, referring to or about SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

**REQUEST FOR PRODUCTION NO. 79**

All DOCUMENTS, including COMMUNICATIONS, about the EARLY SERVANT SCRIPT, *see* FAC ¶ 94.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 80**

All DOCUMENTS, including COMMUNICATIONS, about the LATER SERVANT SCRIPT, *see* FAC ¶ 100.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 81**

All COMMUNICATIONS attaching or discussing any script of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 82**

All DOCUMENTS, including COMMUNICATIONS, about BERLIN STATION, *see* FAC ¶ 52.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 83**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 51 of the FAC that "Defendants had access to [EMANUEL] continually since 2013."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting her contention in ¶51 of the First Amended Complaint that Defendants had access to *Emanuel* continually since 2013 that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 84**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 51 of the FAC that "[EMANUEL] was widely disseminated to the public beginning in 2013."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

1  specified with reasonable particularity, and the request is so sweeping that its

2  boundaries are difficult to identify.

3     Responding Party also objects to the definitions of "document" as being overly

4  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

5  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

6  of Federal Rule of Civil Procedure 26(b).

7  **REQUEST FOR PRODUCTION NO. 85**

8     All DOCUMENTS, including COMMUNICATIONS, supporting YOUR

9  contention in ¶ 52 of the FAC that "Mr. Basgallop has had specific access to

10  [EMANUEL]."

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85**

12     Responding Party incorporates the General Objections as if fully set forth here.

13     Responding Party objects on the grounds that the information sought is

14  protected from disclosure by the attorney work-product doctrine, the attorney-client

15  privilege, and/or another applicable privilege or immunity.

16     Responding Party objects to this request on the grounds that it is vague and

17  ambiguous.

18     Responding Party objects to this request on the grounds that it seeks

19  information that is within the knowledge of Propounding Party and/or can be obtained

20  more easily, or as easily by Propounding Party as by Responding Party.

21     Responding Party has not fully completed investigation and discovery of the

22  facts relating to this action. Because these efforts are ongoing and expected to yield

23  more documents and information in the future, which may establish entirely new

24  factual conclusions and legal contentions, this response is given without prejudice to

25  Responding Party's right to make substantial additions and/or changes. Responding

26  Party notes that Propounding Party has not produced discovery to Plaintiff despite

27  serving responses to Plaintiff's requests for production nearly three years ago stating

28  and confirming that Propounding Party would produce requested information to

Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting the contention in ¶ 52 of the First Amended Complaint that Tony Basgallop has had specific access to *Emanuel* that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 86**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 62 of the FAC that "Mr. Basgallop and Mr. Blumenthal showed this content [EMANUEL] to Mr. Shyamalan in their successful attempt to interest him in the show [SERVANT] – resulting in a deal to develop the series together."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to the demand as it misstates and mischaracterizes the First Amended Complaint.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting news reports and interviews supporting Plaintiff's contention on information and belief as stated in ¶ 62 of the First Amended Complaint that Mr. Basgallop and Mr. Blumenthal

1  showed content to Mr. Shyamalan to interest him in *Servant* that are in Plaintiff's

2  possession, custody, or control, if any exist.

3  **REQUEST FOR PRODUCTION NO. 87**

4      All DOCUMENTS, including COMMUNICATIONS, supporting YOUR

5  contention in ¶ 62 of the FAC that "Mr. Shyamalan and the other Defendants

6  presented scripts only to those first three episodes in shopping the series [SERVANT],

7  including to Apple—resulting in a deal to stream the series on Apple TV+."

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87**

9      Responding Party incorporates the General Objections as if fully set forth here.

10 Responding Party objects to the demand as it misstates and mischaracterizes the First

11 Amended Complaint.

12     Responding Party objects to this request on the grounds that it is vague and

13 ambiguous.

14     Responding Party objects to this request on the grounds that it seeks

15 information that is within the knowledge of Propounding Party and/or can be obtained

16 more easily, or as easily by Propounding Party as by Responding Party.

17     Responding Party objects to this request to the extent it includes general

18 instructions and definitions which render it improper, objectionable, and/or contrary to

19 discovery rules and statutes; Responding Party objects to this request as premature to

20 the extent it seeks documents and information that are the subject of expert discovery.

21     Responding Party has not fully completed investigation and discovery of the

22 facts relating to this action. Because these efforts are ongoing and expected to yield

23 more documents and information in the future, which may establish entirely new

24 factual conclusions and legal contentions, this response is given without prejudice to

25 Responding Party's right to make substantial additions and/or changes. Responding

26 Party notes that Propounding Party has not produced discovery to Plaintiff despite

27 serving responses to Plaintiff's requests for production nearly three years ago stating

28 and confirming that Propounding Party would produce requested information to

Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting news reports and interviews supporting Plaintiff's contention on information and belief as stated in ¶ 62 of the First Amended Complaint that Mr. Shyamalan and the other Defendants presented scripts only to the first three episodes of *Servant* in shopping the series that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 86 of the FAC that "Defendants had access to Plaintiff's work [EMANUEL], as described above (including its premier at Sundance and nationwide release)."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

1   Responding Party objects to this request on the grounds that it is vague and

2   ambiguous.

3

4   Responding Party has not fully completed investigation and discovery of the

5   facts relating to this action. Because these efforts are ongoing and expected to yield

6   more documents and information in the future, which may establish entirely new

7   factual conclusions and legal contentions, this response is given without prejudice to

8   Responding Party's right to make substantial additions and/or changes. Responding

9   Party notes that Propounding Party has not produced discovery to Plaintiff despite

10  serving responses to Plaintiff's requests for production nearly three years ago stating

11  and confirming that Propounding Party would produce requested information to

12  Plaintiff including Propounding Party's initial disclosure documents. Propounding

13  Party's failure to produce discovery as promised impedes and interferes with

14  Plaintiff's ability to respond.

15  Responding Party further objects that the demand is overbroad and unduly

16  burdensome, including because the categories of documents to be produced are not

17  specified with reasonable particularity, and the request is so sweeping that its

18  boundaries are difficult to identify.

19  Responding Party also objects to the definitions of "document" as being overly

20  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

21  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

22  of Federal Rule of Civil Procedure 26(b).

23  Subject to and without waiving these objections, after a reasonable and diligent

24  search and subject to the terms of the parties' protective order in this matter,

25  Responding Party will produce responsive, non-privileged documents supporting

26  Plaintiff's contention as described in ¶ 86 of the First Amended Complaint that

27  Defendants had access to *Emanuel* that are in Plaintiff's possession, custody, or

28  control, if any exist.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

95      RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 89**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 63 of the FAC that "[SERVANT] is substantially similar to [EMANUEL]."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting Plaintiff's contention in ¶ 63 of the First Amended Complaint that *Servant* is substantially similar to *Emanuel* in its themes, setting, characters, plot, sequence of events, mood, pace, and dialogue, that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 90**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 63 of the FAC that "the unique selection and arrangement of these elements—which is substantially similar in [EMANUEL] and [SERVANT]—make it a statistical certainty that Defendants copied [EMANUEL] in making [SERVANT][.]"

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90**

Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to the demand as it misstates and mischaracterizes the First Amended Complaint.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

1    Responding Party objects to this request to the extent it includes general

2  instructions and definitions which render it improper, objectionable, and/or contrary to

3  discovery rules and statutes; Responding Party objects to this request as premature to

4  the extent it seeks documents and information that are the subject of expert discovery.

5    Responding Party has not fully completed investigation and discovery of the

6  facts relating to this action. Because these efforts are ongoing and expected to yield

7  more documents and information in the future, which may establish entirely new

8  factual conclusions and legal contentions, this response is given without prejudice to

9  Responding Party's right to make substantial additions and/or changes. Responding

10  Party notes that Propounding Party has not produced discovery to Plaintiff despite

11  serving responses to Plaintiff's requests for production nearly three years ago stating

12  and confirming that Propounding Party would produce requested information to

13  Plaintiff including Propounding Party's initial disclosure documents. Propounding

14  Party's failure to produce discovery as promised impedes and interferes with

15  Plaintiff's ability to respond.

16    Responding Party further objects that the demand is overbroad and unduly

17  burdensome, including because the categories of documents to be produced are not

18  specified with reasonable particularity, and the request is so sweeping that its

19  boundaries are difficult to identify.

20    Responding Party also objects to the definitions of "document" as being overly

21  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

22  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

23  of Federal Rule of Civil Procedure 26(b).

24    Subject to and without waiving these objections, after a reasonable and diligent

25  search and subject to the terms of the parties' protective order in this matter,

26  Responding Party will produce responsive, non-privileged documents supporting the

27  contentions in ¶ 63 of the First Amended Complaint that are in Plaintiff's possession,

28  custody, or control, if any exist.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

**REQUEST FOR PRODUCTION NO. 91**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 106 of the FAC that "Each Defendant is contributorily liable for the infringements alleged herein because each Defendant knowingly induced, participated in, aided and abetted, and profited from the production of and/or subsequent sales of the infringing work."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting the contentions in ¶ 106 of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

**REQUEST FOR PRODUCTION NO. 92**

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 107 of the FAC that "Each Defendant is vicariously liable for the infringements alleged herein because each Defendant had the right and ability to supervise the infringing conduct, including the practical ability to do so, and because each Defendant had a direct financial interest in the infringing conduct."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to

discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting the contentions in ¶ 107 of the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

## REQUEST FOR PRODUCTION NO. 93

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

All non-privileged COMMUNICATIONS between YOU and any news, entertainment, or third-party media about this lawsuit, including but not limited to YOUR statements referenced in Sophie Gilbert, "The Filmmaker Who Says M. Night Shyamalan Stole Her Movie," *The Atlantic* (Jan. 15, 2020), https://www.theatlantic.com/entertainment/archive/2020/01/servant-the-truth-about-emanuel-lawsuit-apple-m-night-shyamalan/604936/.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects to this demand on the grounds that it is vague and ambiguous; the demand further is incomplete and improperly requires reference to other documents to be understood.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 94**

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

All DOCUMENTS, including COMMUNICATIONS, supporting YOUR calculation of damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents that are in Plaintiff's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 95**

All DOCUMENTS, including COMMUNICATIONS, relating to all expenses incurred in connection with EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 96**

All DOCUMENTS, including COMMUNICATIONS, relating to all revenues earned in connection with EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

105      RESPONSE TO REQUESTS FOR PRODUCTION

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 97**

All DOCUMENTS, including COMMUNICATIONS, relating to all profits earned in connection with EMANUEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

1  impermissibly attempts to shift the cost of production of data to Plaintiff in violation

2  of Federal Rule of Civil Procedure 26(b).

3  **REQUEST FOR PRODUCTION NO. 98**

4       All DOCUMENTS, including COMMUNICATIONS, supporting YOUR

5  contention in ¶¶ 90, 97, and 103 that "By reason of Defendants' acts of copyright

6  infringement, Plaintiff has suffered, and will continue to suffer substantial damages to

7  her business in the form of diversion of trade, loss of profits, and a dilution in the

8  value of Plaintiff's rights and reputation, all in amounts that are not yet ascertainable,

9  but not less than the jurisdictional minimum of this Court."

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98**

11       Responding Party incorporates the General Objections as if fully set forth here.

12       Responding Party objects on the grounds that the information sought is

13  protected from disclosure by the attorney work-product doctrine, the attorney-client

14  privilege, and/or another applicable privilege or immunity.

15       Responding Party objects on the ground that the information sought is protected

16  from disclosure by the right to privacy provided by any statute and/or under the

17  Constitution of the United States and/or State of California.

18       Responding Party objects on the ground that the information sought is not

19  sufficiently related to any of the claims, allegations, or defenses in this case; and the

20  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

21  vexatious seeking information that is neither relevant to this case, nor likely to lead to

22  the discovery of admissible evidence. In addition, any minimal probative value of the

23  requested information or documents is outweighed by the burden of gathering and

24  producing same.

25       Responding Party objects on the ground that the request seeks information

26  containing trade secret or other confidential, competitively sensitive, or proprietary

27  business information or that would require Plaintiff to violate any confidentiality

28  agreement or any court order pertaining to confidentiality.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party objects to this request to the extent it includes general instructions and definitions which render it improper, objectionable, and/or contrary to discovery rules and statutes; Responding Party objects to this request as premature to the extent it seeks documents and information that are the subject of expert discovery.

Responding Party has not fully completed investigation and discovery of the facts relating to this action. Because these efforts are ongoing and expected to yield more documents and information in the future, which may establish entirely new factual conclusions and legal contentions, this response is given without prejudice to Responding Party's right to make substantial additions and/or changes. Responding Party notes that Propounding Party has not produced discovery to Plaintiff despite serving responses to Plaintiff's requests for production nearly three years ago stating and confirming that Propounding Party would produce requested information to Plaintiff including Propounding Party's initial disclosure documents. Propounding Party's failure to produce discovery as promised impedes and interferes with Plaintiff's ability to respond.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

1    Subject to and without waiving these objections, after a reasonable and diligent

2  search and subject to the terms of the parties' protective order in this matter,

3  Responding Party will produce responsive, non-privileged documents supporting the

4  damages as set out in the noted paragraphs of the First Amended Complaint that are in

5  Plaintiff's possession, custody, or control, if any exist.

6  **REQUEST FOR PRODUCTION NO. 99**

7    All DOCUMENTS, including COMMUNICATIONS, relating to any

8  opportunities for YOU to direct any television, film, theatrical, commercial or other

9  project since the release of EMANUEL until the release of SERVANT.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 99**

11   Responding Party incorporates the General Objections as if fully set forth here.

12   Responding Party objects on the grounds that the information sought is

13 protected from disclosure by the attorney work-product doctrine, the attorney-client

14 privilege, and/or another applicable privilege or immunity.

15   Responding Party objects on the ground that the information sought is protected

16 from disclosure by the right to privacy provided by any statute and/or under the

17 Constitution of the United States and/or State of California.

18   Responding Party objects on the ground that the information sought is not

19 sufficiently related to any of the claims, allegations, or defenses in this case; and the

20 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

21 vexatious seeking information that is neither relevant to this case, nor likely to lead to

22 the discovery of admissible evidence. In addition, any minimal probative value of the

23 requested information or documents is outweighed by the burden of gathering and

24 producing same.

25   Responding Party objects on the ground that the request seeks information

26 containing trade secret or other confidential, competitively sensitive, or proprietary

27 business information or that would require Plaintiff to violate any confidentiality

28 agreement or any court order pertaining to confidentiality.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 100**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to direct any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the

requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 101**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to write for any television, film, theatrical, commercial or other project since the release of EMANUEL until the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 102**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to write for any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 103**

All DOCUMENTS, including COMMUNICATIONS, relating to any opportunities for YOU to produce any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

115      RESPONSE TO REQUESTS FOR PRODUCTION

1  Responding Party also objects to the definitions of "document" as being overly
2  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
3  impermissibly attempts to shift the cost of production of data to Plaintiff in violation
4  of Federal Rule of Civil Procedure 26(b).

5  **REQUEST FOR PRODUCTION NO. 104**

6  All DOCUMENTS, including COMMUNICATIONS, relating to any
7  opportunities for YOU to produce any television, film, theatrical, commercial or other
8  project since the release of EMANUEL until the release of SERVANT.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104**

10  Responding Party incorporates the General Objections as if fully set forth here.

11  Responding Party objects on the grounds that the information sought is
12  protected from disclosure by the attorney work-product doctrine, the attorney-client
13  privilege, and/or another applicable privilege or immunity.

14  Responding Party objects on the ground that the information sought is protected
15  from disclosure by the right to privacy provided by any statute and/or under the
16  Constitution of the United States and/or State of California.

17  Responding Party objects on the ground that the information sought is not
18  sufficiently related to any of the claims, allegations, or defenses in this case; and the
19  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
20  vexatious seeking information that is neither relevant to this case, nor likely to lead to
21  the discovery of admissible evidence. In addition, any minimal probative value of the
22  requested information or documents is outweighed by the burden of gathering and
23  producing same.

24  Responding Party objects on the ground that the request seeks information
25  containing trade secret or other confidential, competitively sensitive, or proprietary
26  business information or that would require Plaintiff to violate any confidentiality
27  agreement or any court order pertaining to confidentiality.

28

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

1   Responding Party objects to this request on the grounds that it is vague and
2   ambiguous.

3   Responding Party further objects that the demand is overbroad and unduly
4   burdensome, including because the categories of documents to be produced are not
5   specified with reasonable particularity, and the request is so sweeping that its
6   boundaries are difficult to identify.

7   Responding Party also objects to the definitions of "document" as being overly
8   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
9   impermissibly attempts to shift the cost of production of data to Plaintiff in violation
10  of Federal Rule of Civil Procedure 26(b).

11  **REQUEST FOR PRODUCTION NO. 105**

12  All DOCUMENTS, including COMMUNICATIONS, relating to any
13  negotiations YOU, YOUR agents, or YOUR managers have engaged in regarding
14  YOUR role in any television, film, theatrical, commercial or other project since the
15  release of SERVANT.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105**

17  Responding Party incorporates the General Objections as if fully set forth here.

18  Responding Party objects on the grounds that the information sought is
19  protected from disclosure by the attorney work-product doctrine, the attorney-client
20  privilege, and/or another applicable privilege or immunity.

21  Responding Party objects on the ground that the information sought is protected
22  from disclosure by the right to privacy provided by any statute and/or under the
23  Constitution of the United States and/or State of California.

24  Responding Party objects on the ground that the information sought is not
25  sufficiently related to any of the claims, allegations, or defenses in this case; and the
26  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
27  vexatious seeking information that is neither relevant to this case, nor likely to lead to
28  the discovery of admissible evidence. In addition, any minimal probative value of the

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

117   RESPONSE TO REQUESTS FOR PRODUCTION

1  requested information or documents is outweighed by the burden of gathering and

2  producing same.

3       Responding Party objects on the ground that the request seeks information

4  containing trade secret or other confidential, competitively sensitive, or proprietary

5  business information or that would require Plaintiff to violate any confidentiality

6  agreement or any court order pertaining to confidentiality.

7       Responding Party objects to this request on the grounds that it is vague and

8  ambiguous.

9       Responding Party objects to this request on the grounds that it seeks

10  information that is within the knowledge of Propounding Party and/or can be obtained

11  more easily, or as easily by Propounding Party as by Responding Party.

12       Responding Party has not fully completed investigation and discovery of the

13  facts relating to this action. Because these efforts are ongoing and expected to yield

14  more documents and information in the future, which may establish entirely new

15  factual conclusions and legal contentions, this response is given without prejudice to

16  Responding Party's right to make substantial additions and/or changes. Responding

17  Party notes that Propounding Party has not produced discovery to Plaintiff despite

18  serving responses to Plaintiff's requests for production nearly three years ago stating

19  and confirming that Propounding Party would produce requested information to

20  Plaintiff including Propounding Party's initial disclosure documents. Propounding

21  Party's failure to produce discovery as promised impedes and interferes with

22  Plaintiff's ability to respond.

23       Responding Party further objects that the demand is overbroad and unduly

24  burdensome, including because the categories of documents to be produced are not

25  specified with reasonable particularity, and the request is so sweeping that its

26  boundaries are difficult to identify.

27       Responding Party also objects to the definitions of "document" as being overly

28  broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

118       RESPONSE TO REQUESTS FOR PRODUCTION

impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 106**

All DOCUMENTS, including COMMUNICATIONS, relating to any payment YOU have received for YOUR role in any television, film, theatrical, commercial or other project since the release of SERVANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1    Responding Party objects to this request on the grounds that it seeks

2 information that is within the knowledge of Propounding Party and/or can be obtained

3 more easily, or as easily by Propounding Party as by Responding Party.

4    Responding Party objects to this request to the extent it includes general

5 instructions and definitions which render it improper, objectionable, and/or contrary to

6 discovery rules and statutes; Responding Party objects to this request as premature to

7 the extent it seeks documents and information that are the subject of expert discovery.

8    Responding Party further objects that the demand is overbroad and unduly

9 burdensome, including because the categories of documents to be produced are not

10 specified with reasonable particularity, and the request is so sweeping that its

11 boundaries are difficult to identify.

12    Responding Party also objects to the definitions of "document" as being overly

13 broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

14 impermissibly attempts to shift the cost of production of data to Plaintiff in violation

15 of Federal Rule of Civil Procedure 26(b).

16 **REQUEST FOR PRODUCTION NO. 107**

17    All DOCUMENTS, including COMMUNICATIONS, about YOUR role,

18 including compensation, on the television series "The Dropout."

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 107**

20    Responding Party incorporates the General Objections as if fully set forth here.

21    Responding Party objects on the grounds that the information sought is

22 protected from disclosure by the attorney work-product doctrine, the attorney-client

23 privilege, and/or another applicable privilege or immunity.

24    Responding Party objects on the ground that the information sought is protected

25 from disclosure by the right to privacy provided by any statute and/or under the

26 Constitution of the United States and/or State of California.

27    Responding Party objects on the ground that the information sought is not

28 sufficiently related to any of the claims, allegations, or defenses in this case; and the

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

2   vexatious seeking information that is neither relevant to this case, nor likely to lead to

3   the discovery of admissible evidence. In addition, any minimal probative value of the

4   requested information or documents is outweighed by the burden of gathering and

5   producing same.

6   Responding Party objects on the ground that the request seeks information

7   containing trade secret or other confidential, competitively sensitive, or proprietary

8   business information or that would require Plaintiff to violate any confidentiality

9   agreement or any court order pertaining to confidentiality.

10   Responding Party objects to this request on the grounds that it is vague and

11   ambiguous.

12   Responding Party further objects that the demand is overbroad and unduly

13   burdensome, including because the categories of documents to be produced are not

14   specified with reasonable particularity, and the request is so sweeping that its

15   boundaries are difficult to identify.

16   Responding Party also objects to the definitions of "document" as being overly

17   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

18   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

19   of Federal Rule of Civil Procedure 26(b).

20   **REQUEST FOR PRODUCTION NO. 108**

21   All DOCUMENTS, including COMMUNICATIONS, about YOUR role,

22   including compensation, on the television series "Killing Eve."

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 108**

24   Responding Party incorporates the General Objections as if fully set forth here.

25   Responding Party objects on the grounds that the information sought is

26   protected from disclosure by the attorney work-product doctrine, the attorney-client

27   privilege, and/or another applicable privilege or immunity.

28

ERIKSON LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 109**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Chambers."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109**

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 110**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Electric Dreams."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

**REQUEST FOR PRODUCTION NO. 111**

All DOCUMENTS, including COMMUNICATIONS, about YOUR role, including compensation, on the television series "Humans."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111**

Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

1   Responding Party further objects that the demand is overbroad and unduly

2   burdensome, including because the categories of documents to be produced are not

3   specified with reasonable particularity, and the request is so sweeping that its

4   boundaries are difficult to identify.

5   Responding Party also objects to the definitions of "document" as being overly

6   broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

7   impermissibly attempts to shift the cost of production of data to Plaintiff in violation

8   of Federal Rule of Civil Procedure 26(b).

9   **REQUEST FOR PRODUCTION NO. 112**

10   All DOCUMENTS, including COMMUNICATIONS, about YOUR role,

11   including compensation, on the television series "The Hypnotist's Love Story."

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 112**

13   Responding Party incorporates the General Objections as if fully set forth here.

14   Responding Party objects on the grounds that the information sought is

15   protected from disclosure by the attorney work-product doctrine, the attorney-client

16   privilege, and/or another applicable privilege or immunity.

17   Responding Party objects on the ground that the information sought is protected

18   from disclosure by the right to privacy provided by any statute and/or under the

19   Constitution of the United States and/or State of California.

20   Responding Party objects on the ground that the information sought is not

21   sufficiently related to any of the claims, allegations, or defenses in this case; and the

22   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

23   vexatious seeking information that is neither relevant to this case, nor likely to lead to

24   the discovery of admissible evidence. In addition, any minimal probative value of the

25   requested information or documents is outweighed by the burden of gathering and

26   producing same.

27   Responding Party objects on the ground that the request seeks information

28   containing trade secret or other confidential, competitively sensitive, or proprietary

1  business information or that would require Plaintiff to violate any confidentiality
2  agreement or any court order pertaining to confidentiality.

3       Responding Party objects to this request on the grounds that it is vague and
4  ambiguous.

5       Responding Party further objects that the demand is overbroad and unduly
6  burdensome, including because the categories of documents to be produced are not
7  specified with reasonable particularity, and the request is so sweeping that its
8  boundaries are difficult to identify.

9       Responding Party also objects to the definitions of "document" as being overly
10 broad as to scope and time, unduly burdensome, oppressive, and to the extent that it
11 impermissibly attempts to shift the cost of production of data to Plaintiff in violation
12 of Federal Rule of Civil Procedure 26(b).

13 **REQUEST FOR PRODUCTION NO. 113**

14      All DOCUMENTS, including COMMUNICATIONS, about YOUR role,
15 including compensation, on the forthcoming film "Hurricanna."

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 113**

17      Responding Party incorporates the General Objections as if fully set forth here.

18      Responding Party objects on the grounds that the information sought is
19 protected from disclosure by the attorney work-product doctrine, the attorney-client
20 privilege, and/or another applicable privilege or immunity.

21      Responding Party objects on the ground that the information sought is protected
22 from disclosure by the right to privacy provided by any statute and/or under the
23 Constitution of the United States and/or State of California.

24      Responding Party objects on the ground that the information sought is not
25 sufficiently related to any of the claims, allegations, or defenses in this case; and the
26 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
27 vexatious seeking information that is neither relevant to this case, nor likely to lead to
28 the discovery of admissible evidence. In addition, any minimal probative value of the

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

1  requested information or documents is outweighed by the burden of gathering and

2  producing same.

3       Responding Party objects on the ground that the request seeks information

4  containing trade secret or other confidential, competitively sensitive, or proprietary

5  business information or that would require Plaintiff to violate any confidentiality

6  agreement or any court order pertaining to confidentiality.

7       Responding Party objects to this request on the grounds that it is vague and

8  ambiguous.

9       Responding Party further objects that the demand is overbroad and unduly

10 burdensome, including because the categories of documents to be produced are not

11 specified with reasonable particularity, and the request is so sweeping that its

12 boundaries are difficult to identify.

13      Responding Party also objects to the definitions of "document" as being overly

14 broad as to scope and time, unduly burdensome, oppressive, and to the extent that it

15 impermissibly attempts to shift the cost of production of data to Plaintiff in violation

16 of Federal Rule of Civil Procedure 26(b).

17

18 DATED: March 13, 2023                ERIKSON LAW GROUP

19

20                              By:    _/s/David Erikson_____
21                                     David Erikson, Attorneys for Plaintiff

22

23

24

25

26

27

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA