ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>                    Plaintiff,<br><br>     v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>                    Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF ANTOINETTE WALLER IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S FURTHER PRODUTION OF DOCUMENTS**<br><br>Discovery cutoff:   November 17, 2023<br>Pretrial conference: May 24, 2024<br>Trial:                       June 10, 2024<br><br>Date: September 26, 2023<br>Time: 9:30 a.m.<br>Courtroom.: 750 |

I, Antoinette Waller declare:

1. I am an attorney admitted to practice before all courts of the State of California and before this Court. I, and my colleague David Erikson, represent Plaintiff Francesca Gregorini ("Plaintiff" or "Ms. Gregorini") in this action. I have first-hand, personal knowledge of the facts set forth in this Declaration, and if called to testify, could and would testify as follows.

2. Plaintiff filed this action in January 2020 and first served discovery in March 2020. In contrast, for the first thirty-two months the action was pending, Defendants did not serve any discovery.

3. Plaintiff served requests for production of documents on each defendant in March and April 2020. Defendants responded to Plaintiff's document requests in April and May 2020. Defendants objected to every single request. Subject to the objections, Defendants agreed to produce certain categories of documents. For multiple categories of documents, Defendants stood on objections, including objections that the discovery was "premature" since Defendants intended to seek to bifurcate liability and damages. Despite agreeing to produce documents in the spring of 2020, Defendants did not begin to produce documents until May 2023, three years after the discovery had been served.

4. On February 22, 2022, the action was remanded to this Court after the 9th Circuit Court of Appeals overturned Judge Walter's order granting Defendants' motion to dismiss.

5. As soon as the case was remanded, Plaintiff resumed her efforts to have Defendants produce documents they had promised to produce in April and May 2020. Defendants demurred. Defendants took the position that because they were going to make a motion to bifurcate discovery and seek to bar any discovery by

Plaintiff, they did not have to participate in discovery. Defendants did ultimately pursue a motion to bifurcate discovery and allow Defendants to bring a summary judgment motion while barring Plaintiff from obtaining discovery. The Court denied that motion.

6. To date, Defendants still have not produced documents Plaintiff requested over three years ago. Defendants have stated that they are going to produce additional documents soon. Defendants originally confirmed they would produce all their documents by May 2023. Despite these assurances, Defendants made only two minor productions by May 2023.

7. Throughout the three years this case has been pending, Defendants have steadfastly refused to meaningfully participate in discovery. Defendants asserted objections and refused to produce documents in response to numerous categories of documents. Defendants refused to produce any documents concerning their revenue, costs, profits, or expenses. Plaintiff has repeatedly and consistently attempted to obtain Defendants' compliance with their discovery obligations. Plaintiff's recent efforts include counsel's meet and confer letter to Defendants' counsel dated August 7, 2023. A true and correct copy of Plaintiff's August 7 discovery letter is attached hereto as Exhibit G.

8. The parties conducted a Local Rule 37 conference on August 18, 2023. Although Defendants present that conference as solely addressing alleged deficiencies in Plaintiff's discovery responses, the conference in fact equally focused on and discussed Defendants' discovery deficiencies including issues raised in my August 7, 2023, letter. During that conference Cydney Freeman, counsel for Defendants, confirmed that Defendants would provide supplemental responses to dozens of categories of document requests and would finally produce

the revenue, costs, and financial documents Plaintiff requested in March 2020. Despite Defendants' counsel's promises, as of the date of this declaration, Defendants have not provided supplemental responses and no additional documents have been produced.

9.   Plaintiff has already produced thousands of pages of documents, including document productions on July 7, 2023, and July 28, 2023. Plaintiff's document production to date includes documents bates numbered FG0001-FG4031. During the August 18 meet and confer session, Plaintiff made even more concessions and agreed to produce additional documents. Of course, it will take some time for Ms. Gregorini to gather the materials and for counsel to review the documents and prepare them for production. Before Defendants served this motion to compel, Plaintiff proposed to have the supplemental production done within a month of the meeting, by September 18. Having to respond to this motion to compel has delayed Plaintiff's ability to make the supplemental production. Plaintiff now estimates that the supplemental production will require one week further and will be completed by September 25, 2023.

10.   Defendants have never served document requests or discovery seeking Plaintiff's initial disclosure documents. During the parties' August 18, 2023, meet and confer session, Defendants' counsel Cydney Freeman stated an intention to serve document requests seeking Plaintiff's initial disclosure documents. Under Federal Rule of Civil Procedure Rule 34, any such request would require a minimum of thirty days before a response would be due. I agreed to produce initial disclosure documents by next month even though Defendants have never served requests for production or discovery seeking those documents. Defendants now pretend in this motion that Plaintiff has somehow delayed producing her initial

disclosure documents. But there is no discovery request seeking those documents and no basis whatever to compel the documents' production.

11. Plaintiff has fully cooperated throughout the discovery process. Ms. Gregorini has responded to hundreds of discovery requests from Defendants including eleven sets of interrogatories and hundreds of broadly worded requests for production of documents. Plaintiff's responses have all been timely. While Plaintiff obtained certain extensions for her initial responses, she served her responses without delay and within the time granted. Defendants waited over seven weeks after Plaintiff served her initial responses to raise any alleged concerns.

12. Plaintiff has always been willing and evidenced her willingness to engage in fulsome discussions of discovery matters. Over the course of the three years that Plaintiff's discovery has been outstanding to Defendants, Plaintiff made repeated efforts to have Defendants produce their documents as promised. Defendants repeatedly failed to produce documents. Defendants continually stated that they were searching for documents and would produce documents at some point in the future.

13. Ultimately, because Defendants would not produce even the most non-controversial documents, Plaintiff was forced to bring a motion to compel production of initial disclosure documents Plaintiff had requested in her 2020 requests for production—documents that defendant Uncle George had agreed to produce in May 2020. Plaintiff served her motion to compel on April 27, 2023. Defendants opposed Plaintiff's motion to compel. On May 26, 2023, the Court granted Plaintiff's motion to compel as to requests for production nos. ("RFP") 106-110 seeking Uncle George's initial disclosure documents.

14. Defendants did not serve any discovery on Plaintiff until September 22, 2022. On that date Defendants served 12 sets of discovery on Plaintiff consisting of dozens of interrogatories and hundreds of document requests ("Defendants' discovery"). Defendants' discovery is wide-ranging and overwhelming. Defendants ask for essentially every bit of information and every document that has ever been generated concerning Plaintiff, her career, her movie, *The Truth About Emanuel*, the movie's earnings, revenue, costs, and profits, and Ms. Gregorini's film and television work before and after this lawsuit was filed.

15. Plaintiff is represented by David Erikson and Antoinette Waller, a two-attorney firm. Our firm recently hired another associate, Ryan Patterson, who had previously worked with this office. Mr. Patterson started at Erikson Law Group this month.

16. Plaintiff was working out of the country for the last several months of 2022. In addition, Plaintiff's counsel suffered personal and health crises during the early part of this year. Plaintiff's lead counsel, David Erikson, is currently undergoing treatment for colon cancer. In the latter half of 2021 and into 2022, Mr. Erikson had surgery to remove his colon and underwent chemotherapy and radiation treatment. Mr. Erikson suffered a recurrence of cancer and was, again, undergoing chemotherapy treatment until May of this year. Mr. Erikson suffered a series of health setbacks this spring and summer and was hospitalized for long periods in May 2023, and from June 5 through June 23, 2023.

17. Due to the events described in the preceding paragraph, Plaintiff sought and received extensions to respond to Defendants' discovery. On March 13 and 14, 2023 Plaintiff timely provided her responses to the 12 sets of discovery served by Defendants.

18. For the seven weeks between March 13, 2023, when Plaintiff served her discovery responses, and May 1, 2023, Defendants made no quarrel with Plaintiff's discovery responses.

19. Plaintiff served her motion to compel further discovery responses from defendant Uncle George Productions on April 27, 2023. Four days later, late in the day on May 1, 2023, Defendants emailed a 16-page meet and confer letter ("Defendants' May Discovery Letter") to Plaintiff's counsel, raising issues with Plaintiff's responses to over 100 discovery requests. Prior to sending the May Discovery Letter, Defendants had not raised any issues with Plaintiff's discovery responses.

20. Before and after Defendants served their discovery on Plaintiff, Defendants did not themselves produce *any* of the documents they had promised to produce in April and May of 2020 in response to Plaintiff's documents demands. As of May 1, 2023, when they sent their meet and confer letter concerning Plaintiff's discovery responses, Defendants had not produced a single document.

21. In late spring and throughout the summer of 2023 Mr. Erikson had several medical emergencies. He spent weeks in the hospital. At that time Mr. Erikson was currently undergoing a new round of intensive chemotherapy to address a recurrence of cancer, which therapy was expected to remain intense and debilitating for at least two months. During May, Mr. Erikson was unexpectedly hospitalized for six days with a condition unrelated to chemotherapy but rather a complication of his cancer treatment. Since last year, Mr. Erikson has also had an ongoing health challenge of a serious digestive obstruction stemming from his prior cancer treatment. On June 5, 2023, Mr. Erikson was admitted to the hospital again, on an emergency basis. Mr. Erikson remained in the hospital for most of the month

of June. During that time, he underwent surgery to remove his gallbladder. I understand that Mr. Erikson was placed on a nasogastric tube (NG tube) and receives nutritional input through that method.

22. For many of the issues Defendants first raised in May 2023 regarding Plaintiff's discovery responses, Defendants' own parallel responses contradicted the position they took as to Plaintiff's discovery. For example, in April 2020, Plaintiff had propounded a request for production asking defendant Blinding Edge to produce "documents sufficient to show all revenue" it had received from *Servant*. Blinding Edge objected to the request and refused to provide a response. Blinding Edge stated:

> Blinding Edge incorporates its General Objections as if fully set forth here. Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous. Blinding Edge objects to this request as premature, as Blinding Edge will move to bifurcate discovery into separate liability and damages phases.

23. As part of the discovery disputes discussion, Plaintiff had agreed to forego her claims for actual damages and instead focus her damages recovery on Defendants' profits. To date, despite requesting the information in her discovery requests from three years ago, Defendants have not provided information regarding their profits.

24. On May 22, 2023, I sent a letter to Defendants' counsel responding to discovery issues they had raised. After I sent that letter, I did not hear anything from Defendants' counsel about the discovery issues. On Friday May 26, the Court granted Plaintiff's motion to compel as to RFPs 106-110 and ordered defendant Uncle George Productions to produce and identify its initial disclosure documents in response to those document requests. That same afternoon, without prior

forewarning or notice to Plaintiff's counsel, Defendants' counsel served a Joint Stipulation moving to compel Plaintiff's further responses to nearly 100 discovery requests. Defendants eventually took that motion to compel off calendar, but only after Plaintiff was forced to prepare opposition papers over a holiday weekend.

25. On Monday June 5, 2023, Plaintiff's counsel, David Erikson, was admitted again to the hospital on an emergency basis. Mr. Erikson remained in the hospital through June 23. He had surgery to remove his gallbladder on June 9.

26. Before and after Defendants served their discovery on Plaintiff, Defendants did not themselves produce *any* of the documents they had promised to produce in April and May of 2020 in response to Plaintiff's documents demands. As of May 1, 2023, when they sent their meet and confer letter concerning Plaintiff's discovery responses, Defendants had not produced a single document.

27. As of the date of this declaration, Defendants have not supplemented their responses to Plaintiff's document requests as Defendants' counsel promised they would; nor have Defendants produced the profit, cost, or revenue documents Plaintiff has been seeking since March of 2020.

28. In addition to obtaining documents from Plaintiff, Defendants have subpoenaed and obtained documents from third party witnesses including Plaintiff's film's distributor, Well Go USA Entertainment. Defendants have also pursued documents and deposition discovery from other witnesses, including Plaintiff's former agent.

29. Attached as Exhibit A hereto is a true and accurate copy of email communications exchanged between counsel following the May 17, 2023, discovery conference.

30. Attached as Exhibit B hereto is a true and accurate copy of my May 22, 2023, discovery letter to Defendants' counsel.

31. Attached as Exhibit C hereto is a true and accurate copy of email communications between counsel following Defendants' May 26, 2023, service of their Joint Stipulation.

32. Attached as Exhibit D hereto is a true and accurate copy of June 1, 2023, email communications between Plaintiff's and Defendants' counsel.

33. Attached as Exhibit E hereto is a true and accurate copy of May 26, 2023 through June 2, 2023 email communications between Plaintiff's and Defendants' counsel.

34. Attached as Exhibit F hereto is a true and accurate copy of a June 2, 2023, email communication from Defendants' counsel to Plaintiff's counsel.

35. Attached as Exhibit G hereto is a true and accurate copy of a August 7, 2023 letter from Plaintiff's counsel to Defendants' counsel.

36. Attached as Exhibit H hereto is a true and accurate copy of defendant Blinding Edge's response to Plaintiff's first set of requests for production of documents.

I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing facts are true and correct.

I am executing this Declaration on August 30, 2023, in Los Angeles, California.

                                                    /s/Antoinette Waller_____
                                                    ANTOINETTE WALLER