# EXHIBIT B

# ERIKSON LAW GROUP

Attorneys

200 N. Larchmont Blvd. Los Angeles CA 90004

Telephone (323) 465-3100 | Facsimile (323) 465-3177 | antoinette@daviderikson.com

May 22, 2023

VIA EMAIL

Nicolas Jampol
NicolasJampol@dwt.com
Meenakshi Krishnan
MeenakshiKrishman@dwt.com
Samantha Lachman
SamLachman@dwt.com

     Re:  Gregorini v Apple

Dear Nick, Meenu, and Sam,

     This letter follows our meet and confer conference held May 17, 2023, and responds to the issues raised in Nick's letter dated May 1, 2023 (the "DWT Letter").

     This letter also serves as a meet and confer request pursuant to Local Rule 37-1, for defendants' discovery responses identified herein (the "disputed discovery responses"). Please confirm a date within 10 days of the date of this letter, for the parties to meet and confer regarding the disputed discovery responses.

     The DWT Letter is 16 pages long and addresses over 100 discovery responses from twelve individual sets of discovery propounded by your clients. Prior to emailing the DWT Letter the evening of May 1, you had not raised any issues with my client's discovery responses which you had received seven weeks earlier.

     As we discussed, regarding general objections, both my client and your clients have agreed that no documents or information is being withheld based on general objections alone.

     In responding to defendants' discovery requests, we have generally taken the approach that privileged documents and information are not being requested. If any of the requests addressed in the DWT Letter were intended to seek privileged communications or materials, please specify the request(s) and state the basis for seeking such protected information.

     **Basis for Discovery**

     In responding to the twelve sets of discovery served by your clients, Ms. Gregorini provided responses and asserted objections consistent with the following approaches:

1

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).

"Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

**Blinding Edge Interrogatories, 1-18 (of 22)**

Blinding Edge complains about 18 of the 22 interrogatory responses. Blinding Edge has asserted no quarrel with Ms. Gregorini's responses to interrogatory numbers 19-22.

For interrogatory no. 1 Blinding Edge clarifies the timeframe for the interrogatory to be unlimited in time, i.e., spanning from *Emanuel's* initial distribution to the present. Blinding Edge's request is overly broad. Why are *Emanuel's* revenues, broken out by streaming service, from its first distribution to the present, relevant and proportional to the needs of this case? Ms. Gregorini may be willing to supplement this interrogatory to state the total amount of revenue generated from *Emanuel*, but there is no need or rationale for breaking out the revenue as demanded.

Startlingly, Blinding Edge cites to Plaintiff's request for production no. 29 ("RFP 29") as a reason justifying interrogatory no. 1 to Ms. Gregorini. [DWT Letter, at 2, fn. 1]. But Ms. Gregorini's document request to Blinding Edge was limited and distinct asking that Blinding Edge produce "documents sufficient to show" revenue Blinding Edge has received related to *Servant*. [*See* RFP 29.]

Most significantly, Blinding Edge objected to RFP 29, stating:

Blinding Edge incorporates its General Objections as if fully set forth here. Blinding Edge further objects to this request on the grounds that it is overbroad and vague and ambiguous. Blinding Edge objects to this request as premature, as Blinding Edge will move to bifurcate discovery into separate liability and damages phases.

Given that the motion to bifurcate discovery was denied last year and given Blinding Edge's assertion and acknowledgement that this is a proper request, please confirm that Blinding Edge will provide a supplemental response to RFP 29 and will produce the requested documents.

Based on a commitment from Blinding Edge to supplement its response to RFP 29 and provide the requested documents, Ms. Gregorini will agree to supplement her response to interrogatory no. 1 to state *Emanuel's* total revenue.

Ms. Gregorini declines to supplement interrogatory nos. 2-3 seeking all costs, revenues, and profits relating to *Emanuel*. Defendants have offered to treat these interrogatories as six separate interrogatories, although defendants do not specify how the two subject interrogatories

2

will be divided into six questions. The requests are grossly overly broad and do not seek relevant, proportional information as required by Rule 26. While *Servant's* revenues, costs and profits are a key element in and directly related to Ms. Gregorini's damages, *Emanuel's* profits, costs, and revenues are not similarly at issue. Indeed, defendants do not seek damages from Plaintiff.

 Interrogatory no. 4 is overly broad and compound and does not seek relevant, proportional information as required by Rule 26. The request references numerous paragraphs in the FAC and states the interrogatory is "including but not limited to" those paragraphs. Ms. Gregorini will nevertheless agree to supplement this response with the understanding that the interrogatory is limited to Ms. Gregorini's calculation of damages. As you know though, the key component of Ms. Gregorini's damages is the defendants' profits. Since defendants have not provided any information regarding their profits, it is impossible for Ms. Gregorini to calculate her damages at this point.

 As to Interrogatory no. 5, the name of the assistant is equally available to Mr. Basgallop. To the extent that information is known to her, Ms. Gregorini will nevertheless supplement this interrogatory to identify the assistant's name.

 For Interrogatory no. 6, Ms. Gregorini continues to assert her objections including that the interrogatory is overly broad and does not seek relevant, proportional information. The information is equally available to defendants. Still, to the extent Ms. Gregorini is aware of a specific response to the Berlin Station submission, Ms. Gregorini will supplement her response to identify the same.

 Interrogatories 9-16. These interrogatories are grossly overly broad and do not seek relevant, proportional information as required by Rule 26. Ms. Gregorini declines to supplement these interrogatories. Note, Ms. Gregorini agrees to withdraw her damage claims only to the extent that she claims damages to her business in the form of diversion of trade, loss of profits, or a dilution in the value of Plaintiff's rights and reputation.

 Interrogatory 17 is grossly overly broad and does not seek relevant, proportional information as required by Rule 26. Ms. Gregorini stands on her objections and will not supplement. Blinding Edge's comparison to Ms. Gregorini's requests for production nos. 53-87 is particularly ironic given Blinding Edge objected and refused to respond to the demands seeking broader categories of agreements, and only agreed to produce (subject to the objections) limited categories of executed agreements.

 Given Blinding Edge's position that all agreements in any way related to the parties are relevant, we ask that you agree to supplement Blinding Edge's responses and produce documents in response to requests for production request nos. 57-62 ("RFP 57-62") seeking agreements between Blinding Edge and the other co-defendants. According to Blinding Edge's own arguments such requests are "plainly within the scope of Rule 26(b)." [DWT Letter at 6.]

 Ms. Gregorini will not supplement the response to interrogatory no. 18. That the entity was dissolved and cancelled is a statement of fact.

3

### Tony Basgallop Interrogatory no. 6

Plaintiff will not supplement her response to interrogatory no. 6. The account as quoted appears vague and implausible.

### Uncle George Productions' Interrogatories

Plaintiff will not supplement her responses to interrogatory nos. 3, 12-13.

As to interrogatory no. 16, see above as regarding Blinding Edge interrogatory no. 5.

Plaintiff will not supplement her responses to interrogatory nos. 18, 20-21, except to the same extent as to Blinding Edge interrogatory no. 1 above.

### Uncle George Productions' Document Demands

Plaintiff declines to supplement her response to document request 1. The request is an improper catchall request that seeks every document and communication that in any way may relate to Emanuel. The request is grossly overly broad and does not seek relevant, proportional information as required by Rule 26.

Plaintiff will supplement her responses to document requests 2-11 to note that subject to and without waiving the objections, after a reasonable and diligent search, she will produce documents sufficient to determine *Emanuel's* copyright ownership that are in her possession, custody, or control, if any exist, subject to terms of the protective order entered in this action.

For document requests 12-13 and 15, see above response re Interrogatory 17 and discussion of Blinding Edge's responses to Plaintiff's requests for production 53-87. The same holds true for Uncle George Productions' response to document requests 53-87 to Uncle George Productions.

For document requests 44-54 seeking documents referencing each of the defendants, Plaintiff will supplement her responses to note that subject to and without waiving her objections, after a reasonable and diligent search, she will produce responsive, non-privileged documents reflecting communications with or about the named defendant relating to defenses raised by the defendant that are in her possession, custody, or control, if any exist, subject to terms of the protective order entered in this action.

For document requests 55-65, please refer to each of the defendant's response to Plaintiff's document request no. 1. Plaintiff has limited her responses in the same manner defendants limited theirs.

If a response is not otherwise addressed in this letter, Ms. Gregorini declines to supplement the response.

4

**Summary of Disputed Discovery Responses (Plaintiff's Local Rule 37-1 meet/confer request)**

For the disputed discovery responses, as addressed above, Plaintiff requests that defendant Blinding Edge agree to supplement requests for production: RFP 29, RFP 57-62.

For requests for production nos. 9-13, 15-25, 30-35. 37-42, 88-90, 96-98, 100, Blinding Edge responded with general objections only and a statement that it was "willing to meet and confer" as to the scope of the request. We refer defendant to your own arguments at p. 9 of the DWT Letter arguing that such general objections are improper:

> Blinding Edge's "boilerplate objections are deficient. See *Ecological Rts. Found. v. Hot Line Constr., Inc.*, 2022 WL 2101902, at *4 (C.D. Cal. Apr. 14, 2022) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper–especially when a party fails to submit any evidentiary declarations supporting such objections.") (citation omitted); *Belden v. Cnty. of San Bernardino*, 2020 WL 3129208, at *4 (C.D. Cal. June 12, 2020) (faulting party for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' privacy, and attorney-client privilege/work product protection") (citation omitted); . . . *Solomon v. Jacobson*, 2016 WL 6039184, at *2 (C.D. Cal. Apr. 1, 2016) (finding "nonspecific boilerplate" responses to requests for production "inadequate" under FRCP 34); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[B]oilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.").

Accordingly, please provide all documents responsive to the noted requests, or, for each of these requests for production we ask that Blinding Edge identify what portion or portions of the requests need clarification and why.

Be advised, absent an agreement from Blinding Edge that it will supplement each of the identified requests and produce documents in response to those requests, Plaintiff will move to compel further responses and production of documents from Blinding Edge.

Sincerely,

/s/*Antoinette Waller*

Antoinette Waller

5