NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800; Fax: (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>               Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>               Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>**—DISCOVERY MATTER—**<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFF'S FURTHER PRODUCTION OF DOCUMENTS**<br><br>Discovery cutoff:   November 17, 2023<br>Pretrial conference: May 24, 2024<br>Trial:                 June 10, 2024<br><br>Hearing Date:     September 26, 2023<br>Time:                9:30am<br>Courtroom:        750<br><br>Complaint Filed: January 15, 2020 |

Defendants Uncle George Productions, LLC ("Uncle George") and Blinding Edge Pictures, Inc. (Blinding Edge) (together, "Defendants") submit this Supplemental Memorandum pursuant to Local Rule 37-2 in support of Defendants' Motion to Compel Plaintiff's Further Production of Documents (ECF Nos. 116-117).

## I. INTRODUCTION

Plaintiff's portion of the joint stipulation proves why this motion is necessary. After months of broken promises to produce, Plaintiff yet again pushed back her production deadline from September 18 to September 25 (one day before the hearing on this motion). *See* ECF No. 117 at 10 & 10 n.8.[1] And since this motion was filed two weeks ago, Plaintiff still has yet to produce a single additional document, nor has she re-produced any of the deficient documents brought to her attention nearly two months ago. Supplemental Declaration of Cydney Swofford Freeman ("Freeman Supp. Decl.") ¶ 3. With the November 17 close of fact discovery swiftly approaching, Defendants cannot wait around to see whether Plaintiff fulfills this latest promise to produce documents responsive to Defendants' many outstanding requests for production.

Defendants simply want the documents that they requested *one year ago* and which Plaintiff has repeatedly promised (but failed) to produce. Defendants request that Plaintiff be ordered to immediately complete her document productions. Defendants also request that they be awarded their attorneys' fees and costs

---

[1] Plaintiff claims that this latest delay is because Defendants served this motion to compel "without advance warning or discussion" and "in contravention of the discovery statutes and local rules." ECF No. 117 at 10 n.8, 12. In reality, Defendants complied with the Local Rule 37 process *to the letter*. Beginning in May 2023, Defendants engaged in months-long discussions with Plaintiff regarding her document productions, Freeman Decl. ¶¶ 5-14 (ECF No. 117-1); served her with a Local Rule 37 meet and confer letter on August 8, *id.* ¶ 15 & Ex. 9 (ECF No. 117-10); and engaged in the Local Rule 37 meet and confer on August 18, Freeman Decl. ¶ 16, before serving a joint stipulation on August 23. ECF No. 117 at 3 n.2.

1

DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
4894-8894-5278v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

associated with this motion in light of Plaintiff's inordinate delays in fulfilling this most basic discovery obligation.

## II. PLAINTIFF MUST MAKE HER PROMISED PRODUCTIONS

Contrary to Plaintiff's argument in the joint stipulation, there *is* a pending dispute ripe for the Court's attention: Plaintiff's failure to produce the bulk of her documents and provide a firm completion date. *See Montgomery v. Wal-Mart Stores, Inc.*, 2015 WL 11233392, at *1 (S.D. Cal. June 26, 2015) (party did "not fully compl[y] with its discovery obligations" where it "strung [the opposing party's] counsel along with repeated unfulfilled promises to produce documents"). There is no question that Defendants cannot fully investigate and defend against Plaintiff's allegations without Plaintiff's documents. *See MySpace v. Wallace*, 2008 WL 1766714, at *4 (C.D. Cal. Apr. 15, 2008) (failure to produce documents "prejudices" another party's ability to diligently participate in litigation); *Alonzo v. City of Los Angeles*, 2015 WL 13919184, at *2 (C.D. Cal. July 24, 2015) ("A party's failure to produce documents in discovery is sufficient prejudice [to the opposing party].").

Defendants need Plaintiff's documents to litigate almost every aspect of this case: to depose Plaintiff; to explore the factual allegations central to Plaintiff's claims; to identify and potentially depose relevant third-party witnesses with knowledge of Plaintiff's claims; and to fully investigate their defenses. As just two examples, as explained in the parties' joint stipulation, Plaintiff has not produced *any* documents relating to her primary theory of access—a central element for her copyright infringement claim—nor has she produced any communications with the individual co-credited for her film's underlying story. ECF No. 117 at 8.

In the joint stipulation, Plaintiff does not dispute that she is obligated to produce the requested documents. Instead, she lays out a misleading history of the parties' discovery efforts in this case in an attempt to blame Defendants for her own delay. Plaintiff claims that Defendants stalled for more than "two and one-half

2

DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
4894-8894-5278v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  years before pursuing any discovery," ECF No. 117 at 9, without mentioning this
2  action was dismissed with prejudice for almost two years, from May 2020 to April
3  2022, or that promptly following the case's remand, Defendants filed a motion to
4  bifurcate discovery, which was denied on August 26, 2022.  ECF Nos. 39, 99.
5  Within a month of that denial, Defendants served the discovery requests at issue on
6  Plaintiff.  Freeman Decl. ¶ 3 & Ex. 2 (ECF Nos. 117-1, 117-3).

   Plaintiff's claim that Defendants have not diligently pursued discovery is
particularly disingenuous in that, out of sensitivity to Plaintiff's counsel's health as
well as a death in the family of another of Plaintiff's attorneys, Defendants granted
Plaintiff's repeated requests for numerous extensions on her discovery responses;
agreed to a four-month continuance of all case deadlines in June; and withdrew
their prior motion to compel Plaintiff's productions to permit additional (and largely
successful) negotiation on the disputed productions.  Freeman Decl. ¶ 4 (ECF No.
117-1); ECF Nos. 113-115.  Plaintiff cannot ask for extension after extension and
then claim Defendants have delayed the case.  Moreover, as Plaintiff acknowledges,
Defendants are pursuing what third-party discovery they can while awaiting
Plaintiff's document productions.  ECF No. 117 at 11 n.9.  Defendants' conduct
provides no grounds to deny this motion.[2]

   Defendants cannot wait any longer for Plaintiff's documents.  Defendants
seek immediate relief from the Court so that Defendants may investigate and defend
against Plaintiff's claims.

---

[2] Plaintiff also misleadingly emphasizes that Defendants agreed to produce certain additional documents during the parties' August 18 meet and confer—beyond the more than 11,000 documents they previously produced—but had not produced those documents by the time Plaintiff provided her portions of the joint stipulation.  ECF No. 117 at 10 n.7.  On August 18, Defendants agreed to produce additional documents by August 31, a deadline Defendants kept.  Freeman Supp. Decl. ¶ 2.

3

DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
4894-8894-5278v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III.  CONCLUSION

Defendants respectfully request that Plaintiff be ordered to immediately complete her document productions. Defendants also request that they be awarded their attorneys' fees and costs incurred in pursuing this motion to compel, which would not have been necessary had Plaintiff fulfilled her promises.

DATED: September 12, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

By:  */s/ Cydney Swofford Freeman*
         Cydney Swofford Freeman

Attorneys for Defendants

4

DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
4894-8894-5278v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899