ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
　david@daviderikson.com
Antoinette Waller (SBN 152895)
　antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING 180 DAY CONTINUANCE OF PRETRIAL DATES AND TRIAL DATE [DKT. 114]**<br><br>[Declarations of David Erikson and Antoinette Waller with Supporting Exhibits; and Proposed Order Filed Concurrently]<br><br>Discovery cutoff:　November 17, 2023<br>Pretrial conference:　May 24, 2024<br>Trial:　　　　　　　June 10, 2024 |

## I.     Introduction.

This is a copyright infringement action brought by Plaintiff Francesca Gregorini ("Plaintiff" or "Ms. Gregorini") following defendants' appropriation of Ms. Gregorini's feature film, *The Truth About Emanuel,* for the Apple TV+ television series, *Servant*. Defendants include corporate giant Apple Inc., executive producer and showrunner for the series M. Night Shyamalan, series creator and writer Tony Basgallop, Blinding Edge Pictures, Inc., Uncle George Productions LLC, Escape Artists LLC, Dolphin Black Productions, Ashwin Rajan, Jason Blumenthal, Steve Tisch, and Todd Black (collectively, "Apple" or "Defendants") who are each responsible for *Servant*. Plaintiff claims that *Servant* is a blatant copy of Plaintiff's film.

Ms. Gregorini seeks a 180-day continuance of all pretrial deadlines and the trial date in this matter. Plaintiff's request is due to the significant and complex discovery to be completed and the serious health condition of her lead trial attorney, David Erikson, who is battling colon cancer. Plaintiff requests the additional time to permit her to complete her investigation, prepare her claims and defenses, undertake the necessary depositions and discovery, and allow her counsel to participate in these efforts. Plaintiff has worked diligently to advance this case and prepare it for trial.

Trial is currently scheduled for June 10, 2024. The initial deadline for the parties to disclose experts and produce reports is October 20, 2023, with rebuttal expert disclosures due November 3, 2023. The current discovery cutoff is November 17, 2023.

The parties have sought one prior continuance. As the parties previously jointly stipulated and noted to the court in seeking that continuance, "this action involves voluminous and complicated discovery involving numerous parties and complex factual and legal issues". [Dkt. 113, at 3:4-5.]

## II. Good Cause.

Plaintiff seeks *ex parte* relief for two reasons.

First, Plaintiff's primary handling attorney on this matter, David Erikson, has recently suffered severe medical trauma and extended hospitalizations in his ongoing cancer treatment. Plaintiff has kept Defendants' counsel informed of Mr. Erikson's health condition. In recent months Mr. Erikson has endured multiple setbacks and challenges in his treatment and faced repeated emergency hospitalizations throughout the summer and into the fall. [Declaration of David Erikson ("Erikson Decl."), ¶¶ 3, 7-11, 13-15.] Mr. Erikson faces a new round of chemotherapy treatment (commenced this month) and extensive health challenges over the next several months. Mr. Erikson is and has been the main handling attorney on this matter and his illness has greatly impeded Plaintiff's prosecution of this case. [Id., ¶¶ 2-4, 13-16.] Mr. Erikson's accompanying declaration provides a detailed recitation of his health status.

Second, despite her persistent efforts, Plaintiff has yet to receive most discovery from Defendants. Plaintiff is unable to meet a crucial looming deadline—to submit expert reports—because she is still awaiting key documents in discovery, and reviewing newly produced documents, after endless delays and empty promises by Defendants to produce documents. Moreover, it is impossible to complete the necessary discovery, including party depositions, before the current November 17 discovery cutoff.

In March and April 2020, Plaintiff served document requests on each defendant. Plaintiff's requests included demands seeking the initial disclosure documents Defendants had identified in their April 2020 initial disclosures. After delaying for over three years to produce any documents whatever, Defendants began

their document productions just this summer.[1] Defendants failed to produce any documents to Plaintiff, including Defendants' initial disclosure documents, until after Plaintiff brought a motion to compel. While Defendants have now produced certain documents, their productions are woefully incomplete. Despite now providing a voluminous quantity of documents, Plaintiff's review of those documents has revealed the production is largely without substance. Only four of the eleven defendants have produced documents. Defendants claim that the other defendants produced documents as a group rather than individually.[2] The more detailed story of the parties' ongoing discovery disputes, including Defendants' repeated discovery failures and stonewalling, is included in paragraphs 6 to 24 of the Waller declaration.

---

[1] After initially being dismissed in June 2020, following Plaintiff's successful appeal, the case was remanded to this court in February 2022. During the 15 months that lapsed from February 2022 through May of 2023, Defendants repeatedly assured Plaintiff that Defendants were "working on" preparing their documents for production. Defendants nevertheless failed to produce any documents until May 2023, after Plaintiff brought a motion to compel. Even then, Defendants provided only limited material documents. Just this past month Defendants served supplemental responses to Plaintiff's document requests in which, for several key categories of documents, Defendants limit their production to documents "upon which" [Defendant] "intends to rely." Plaintiff continues her meet and confer efforts with Defendants and, unfortunately, anticipates having to bring multiple additional motions to compel soon. [Declaration of Antoinette Waller "Waller Decl.", ¶¶ 2-8. 13-14.]

[2] Defendants Apple, Mr. Basgallop, Blinding Edge, and Escape Artists have produced documents. Defendants claim that Mr. Shyamalan's, Mr. Rajan's, and Uncle George Production's documents (to the extent any exist) were produced through Blinding Edge; that Mr. Basgallop produced documents (to the extent any exist) on behalf of Dolphin Black; and that Messrs. Tisch, Blumenthal, and Black's documents (to the extent any exist) were produced through Escape Artists. Defendants provide no explanation or justification as to how they chose what defendants would produce documents and what defendants would merely have their documents "included" (without specification) in other defendants' productions. [Waller Decl., ¶ 27.]

Even as they have continually obstructed and delayed Ms. Gregorini's discovery, Defendants have time and again imposed egregious and improper discovery demands on Plaintiff. Plaintiff has responded to wide-ranging and boundless discovery from Defendants who have demanded decades of materials, including events and communications spanning more than fifteen years. Plaintiff has responded to twelve sets of written discovery consisting of hundreds of interrogatories and document demands. Plaintiff has produced over 128,000 pages of discovery materials. [Waller Decl., ¶¶ 11, 15.]

After initially identifying eight categories of witnesses, Defendants identified seventeen categories of witnesses in their amended initial disclosures served June 30, 2023, including dozens of individuals and five corporate entities whom Defendants state they expect to have testify at trial. [Waller Decl., ¶ 10.] For the business entities, Defendants identify multiple subject areas for which unnamed "persons most knowledgeable" will allegedly testify. Defendants also have a catchall category that states there are additional "witnesses to be identified" regarding the development of *Servant* that will testify at trial. [Id., and see Defendants' initial disclosures, Exhibit 1 to Waller Decl.]

To date, the parties have taken only two depositions—both of third-party witnesses. Dozens more depositions are needed, including the witnesses identified in Defendants' initial disclosures.[3]

---

[3] As Plaintiff has repeatedly advised Defendants, Plaintiff must be afforded the opportunity to obtain and review Defendants' documents before proceeding with the depositions. Even so, Plaintiff has asked Defendants for availability for their depositions. Defendants have not provided any availability for defendant Shyamalan within the discovery cutoff. For others, Defendants have provided only limited availability, stating for example that Mr. Basgallop has only five days of availability total, and that he is not available for deposition any time after November 3, prior to the discovery cutoff. [Waller Decl., ¶ 28.]

### III. Meet and Confer Efforts.

This application is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 4, 2023. Having previously raised the issue of a continuance in informal discussions, on September 29, Plaintiff formally sought Defendants' stipulation to continue pretrial and trial dates. Defendants have long known that Plaintiff sought a continuance of pretrial dates. Given the state of discovery, with Plaintiff awaiting Defendants' document productions, significant third-party discovery to be conducted, and numerous party and third-party depositions to be taken, Plaintiff understood and believed that Defendants were amenable and receptive to a continuance. Absent an agreed stipulation, Plaintiff requested that the parties meet and confer to discuss Plaintiff's continuance request pursuant to Rule 7-3 and this Court's standing order. Defendants' counsel advised that they would have to consult with their clients as to whether Defendants would stipulate to a continuance and provided proposed times to meet and confer. Plaintiff provided reasons warranting a continuance in writing prior to the meet and confer. [Waller Decl., ¶ 29.]

The parties conducted a meet and confer on October 4, the earliest date provided by Defendants. [Waller Decl., ¶ 30.] Plaintiff arranged for a conference call and provided dial in instructions.[4] Antoinette Waller participated on behalf of Plaintiff, and Cydney Swofford Freeman and Meenakshi Krishnan participated on behalf of Defendants. Plaintiff's counsel explained again the reasons for the continuance request including Mr. Erikson's health status and the enormous amount

---

[4] Defendants are represented by attorneys at Davis, Wright, Tremaine LLP. Numerous attorneys from that law firm have appeared in this action and Defendants routinely send a minimum of three attorneys to any case or court appearance in this matter. Defendants' counsel are located at various offices in and outside of California. One of Defendants' counsel participating in the meet and confer, Meenakshi Krishnan, resides in Washington, D.C. [Waller Decl., ¶31.]

of discovery that needed to be completed, including dozens of depositions. During the meet and confer discussion, Defendants' counsel did not voice any objection to the continuance or state any prejudice that they claimed would result from a continuance. Defendants' counsel stated they had no position on the continuance and would have to consult further with their clients before providing a position. The meet and confer discussion lasted less than fifteen minutes. [Waller Decl., ¶ 32.]

Following the Rule 7-3 conference, Plaintiff confirmed the meet and confer discussion in an email sent the same day. [Id.] On October 5, Defendants' counsel advised that they would not stipulate to and would oppose the continuance. On October 6, Plaintiff provided Defendants' counsel with a preliminary draft declaration of David Erikson in support of a continuance request. [Erikson Decl., ¶ 9; Waller Decl., ¶ 33.] That same day Defendants' counsel Nick Jampol stated that they were processing the information and would speak to their clients to confirm whether they might agree to a continuance. On October 9, Mr. Jampol advised that his clients still declined to support the continuance and would oppose. [Waller Decl., ¶ 33.] Other than a reference that the "case has been litigated for a long time, and our clients would like the opportunity to clear their names," Mr. Jampol did not provide any reasoning for rejecting a stipulation; and nor did Mr. Jampol provide any basis for any claim of alleged prejudice that may result from a continuance. [Id.]

### IV. The Court Has Discretion to Order a Continuance.

A trial court possesses "inherent power" to control its docket and calendar. *Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S.Ct. 163, 165-166 (1936). A district court's decision to deny or grant a continuance will be disturbed only upon the "clearest showing" of "actual and substantial prejudice to the complaining litigant." *Martel v. County of Los Angeles,* 56 F.3d 993, 995 (9th Cir. 1995). In exercising their broad discretion regarding continuances sought, courts consider four factors: (1) the movant's diligence in preparing for the date set for trial; (2) the likelihood that a continuance will address the need giving rise to the

motion for a continuance; (3) the extent to which a continuance will inconvenience the court and the opposing party, including its witnesses; and (4) whether the movant will suffer prejudice if the continuance is denied. *Lee v. United States*, 2018 WL 1281388, at *1 (D. Nev. Feb. 22, 2018), citing *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), amended, 764 F.2d 675 (9th Cir. 1985); see also *Danjaq v. Sony Corp.,* 263 F.3d 942, 961 (9th Cir. 2001).

Here, all these factors weigh heavily in Plaintiff's favor.

1. **Diligence**. There is no suggestion that Plaintiff has been anything less than diligent. Plaintiff served discovery in this action at the first opportunity to do so, in March 2020. Although Defendants had responded to Plaintiff's document requests in May 2020, Defendants had not produced any documents by the time their motion to dismiss the case was granted and judgment entered on June 10, 2020. When that dismissal was overturned on appeal, Apple commenced a campaign of asking for more and more time to produce their documents. While continuously promising the documents were forthcoming, Defendants did not produce a single document until this summer. Defendants served supplemental responses to Plaintiff's document requests within the last month. [Waller Decl., ¶ 13.] Plaintiff contends Defendants' document production remains woefully inadequate; through her counsel, Plaintiff is and has been engaging in extended meet and confer efforts to obtain Defendants' discovery. Plaintiff has already brought one motion to compel and anticipates having to bring additional such motions. [Id., ¶¶ 3-13.]

2. **Efficacy**. There is no question that the requested continuance will address the problem that led Plaintiff to bring this application. Mr. Erikson has been released from the hospital. He is gaining strength and is able to work on the matter on a daily basis. [Erikson Decl., ¶ 3.] In addition to Antoinette Waller, who has been working on this matter with Mr. Erikson, Mr. Erikson has recently hired an additional attorney, Ryan Patterson, who is also working on this matter. [Id.; Waller Decl., ¶ 20.] Further, one primary rationale for this application is that Ms. Gregorini cannot

make expert disclosures or complete discovery in this action without obtaining Defendants' documents and allowing for an analysis of those documents. A continuance will allow Plaintiff's counsel to proceed with moving to compel proper discovery responses and proceeding with depositions. The motion to compel process should be completed within the next two months.

3. **Hardships**. The balance of hardships tips markedly in Plaintiff's direction. The Defendants will suffer no hardships whatsoever, especially given that they have never shown any urgency to dispose of the case, and especially because discovery delays have generally been due to Defendants' failure to produce documents or properly respond to discovery (causing time consuming "meet and confer" conferences and time-consuming hearings with the magistrate). Plaintiff on the other hand, will suffer great hardship without Mr. Erikson's full attention and without the ability to obtain and review discovery documents before proceeding with depositions.

## V. Conclusion.

Good cause exists for the requested continuance based on Mr. Erikson's health status, and the necessary discovery that needs to be completed. Plaintiff therefore requests that the Court continue all pretrial dates and deadlines in this matter by 180 days (six months) as set out in the accompanying Proposed Order.

DATED: October 12, 2023                    ERIKSON LAW GROUP

                                           By:     */s/David Erikson*
                                                  David Erikson, Attorneys for Plaintiff