| | |
|---|---|
| 1 | NICOLAS A. JAMPOL (State Bar No. 244867) |
|  |   nicolasjampol@dwt.com |
| 2 | CYDNEY SWOFFORD FREEMAN (State Bar No. 315766) |
|  |   cydneyfreeman@dwt.com |
| 3 | MEENAKSHI KRISHNAN (*pro hac vice*) |
|  |   meenakshikrishnan@dwt.com |
| 4 | SAMANTHA LACHMAN (State Bar No. 331969) |
|  |   samlachman@dwt.com |
| 5 | DAVIS WRIGHT TREMAINE LLP |
|  | 865 South Figueroa Street, 24th Floor |
| 6 | Los Angeles, California 90017-2566 |
|  | Tel.: (213) 633-6800; Fax: (213) 633-6899 |
| 7 | |
|  | Attorneys for Defendants |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | **DECLARATION OF CYDNEY SWOFFORD FREEMAN IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION** |
| vs. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATION OF CYDNEY SWOFFORD FREEMAN

I, Cydney Swofford Freeman, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and before this Court. I am a counsel in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing Defendants Blinding Edge Pictures, Inc. ("Blinding Edge"), Uncle George Productions, LLC ("Uncle George"), Apple Inc. ("Apple"), Escape Artists, Inc. (erroneously sued as Escape Artists LLC) ("Escape Artists"), Dolphin Black Productions ("Dolphin Black"), M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") in this matter. The facts stated below are based on my own personal knowledge.

**Procedural Background**

2. On January 15, 2020, Plaintiff Francesca Gregorini ("Plaintiff") filed her complaint, ECF No. 1, and on March 10, 2020, filed her First Amended Complaint ("FAC"), ECF No. 25.

3. Between March 30, 2020 and April 20, 2020, Plaintiff served several sets of requests for production – which included over 600 document requests – on Defendants. Defendants provided written responses to all document requests on May 11 and May 20, 2020.

4. On April 8, 2020, Plaintiff and Defendants served their initial disclosures. Defendants identified Plaintiff, Sarah Thorp, persons most knowledgeable at several of the corporate Defendants, Mr. Basgallop, and Mr. Shyamalan as individuals likely to have discoverable information.

5. On May 28, 2020, this Court granted Defendants' motion to dismiss the FAC, ECF No. 39, and on July 21, 2020, granted Defendants' motion for attorneys' fees, ECF No. 52.

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

6. Plaintiff appealed both decisions to the Ninth Circuit, and for almost two years, the case was pending on appeal. The Ninth Circuit reversed, and on April 22, 2022, remanded the case. ECF Nos. 60-61.

7. Following remand, on May 25, 2022, Defendants filed a motion to bifurcate discovery. ECF No. 81.

8. While Defendants' motion to bifurcate was pending, the case was transferred to Judge Sykes on June 23, 2022. ECF No. 93.

9. On July 8, 2022, the parties filed their Joint Case Management Statement. ECF No. 97.

10. Knowing Defendants' document production would take a great deal of time and effort, Defendants began working with Defendants and e-discovery vendors to collect documents while the bifurcation motion was pending.

11. Defendants' motion to bifurcate was denied on August 26, 2022. ECF No. 99. That same day, the Court entered a Scheduling Order, setting a fact and expert discovery cut-off for July 14, 2023, with initial expert disclosures scheduled for June 16, 2023. ECF No. 100.

**Initial Discovery Following Denial of the Bifurcation Motion**

12. On September 22, 2022, Uncle George served requests for production, and each Defendant served interrogatories, on Plaintiff. That same day, Defendants also noticed Plaintiff's deposition for December 8, 2022.

13. When Defendants' bifurcation motion was denied, they immediately increased their efforts to collect and produce documents. In total, given Plaintiff's broad document requests, Defendants collected millions of documents from its eleven clients. We worked extensively with our clients and our e-discovery vendors to figure out how discovery could be conducted in a manner that was reasonable but still provided Plaintiff with the documents and information she sought. When early information from our vendors showed Defendants were on track to produce hundreds of thousands of documents, we worked with them to refine our protocols.

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Even with this refined protocol, Defendants' attorneys reviewed approximately 190,000 documents for potential production.

14. On October 13, 2022, Plaintiff's lead counsel David Erikson requested a two-month extension on responses to Defendants' written discovery requests. We agreed to the extension.

15. On November 9, 2022, the Court entered a stipulated protective order. ECF No. 103.

16. On December 14, 2022, we agreed with Plaintiff's counsel to meeting and conferring in January 2023 to decide on a reasonable discovery schedule for both sides.

17. On December 16, 2022, Mr. Erikson asked for an additional one-month extension. My co-counsel Nicolas Jampol agreed to the request and reminded Mr. Erikson that this would mean Plaintiff would have a total of four months to prepare written responses to Defendants' discovery requests.

18. On December 19, 2022, Mr. Erikson informed Defendants' counsel that "I have turned discovery over to Antoinette [Waller] from our office."

19. On December 20, 2022, Mr. Jampol informed Plaintiff's counsel that there are "hundreds of thousands of documents, from almost a dozen defendants, that are potentially responsive to your requests, which are being reviewed." Mr. Jampol also noted that "It is not an easy or quick (or cheap) process, and we are moving things along." Mr. Erikson responded to Mr. Jampol that "I always delegate discovery to someone other than me."

20. On January 12, 2023, Mr. Jampol and our colleague Meenakshi Krishnan briefly met and conferred with Plaintiff's counsel, Ms. Waller, but due to the passing of Plaintiff's counsel's mother, the parties did not confer in detail on discovery. I understand that during that call, Ms. Waller asked for an additional two months for Plaintiff to respond to Defendants' discovery requests. Due to Ms. Waller's family circumstances, we agreed to meet and confer further at a later date.

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

That same day, we granted the requested two-month extension, for a total of six months to provide written responses and objections to Defendants' discovery requests.

**Defendants' Document Productions**

21. On February 9, 2023, Mr. Jampol reached out to Plaintiff's counsel with a detailed summary of Defendants' review efforts to date and a proposal to clarify and potentially narrow the scope of Plaintiff's extensive, broad discovery requests. Mr. Jampol's letter noted that Defendants had narrowed over two million documents to 43,000 possibly responsive documents. In order to accelerate production and Plaintiff's review, Mr. Jampol identified several thematic categories of potentially responsive documents, such as "Agreements," "Scripts," "Casting," and "Staging," and proposed that Defendants produce reasonable narrowed categories of those documents for production, with examples. Mr. Jampol's email offered several proposals for numerous thematic categories of documents that they thought were reasonable for all parties and would ensure Plaintiff would receive the relevant documents without Defendants spending unnecessary time and money on less relevant (or irrelevant) documents.

22. On February 16, 2023, Ms. Waller rejected all of these proposals and provided no counter-proposal or suggestions.

23. On February 22, 2023, Mr. Jampol provided Ms. Waller with further details about the collection, search, and review of Defendants' documents and renewed their request that Plaintiff consider the several narrowing proposals. Between February 22 and April 27, 2023, when Plaintiff served a joint stipulation in connection with her motion to compel, Ms. Waller did not respond in any way to the February 22 letter or reach out to Defendants regarding discovery, and as this Court found, violated Local Rule 37 by failing to submit a meet and confer letter.

24. Because Plaintiff categorically rejected all of Defendants' proposals, Defendants were forced to proceed with a costly, time-consuming, and burdensome

5

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

review process on behalf of eleven individual and corporate defendants, ultimately producing 11,583 documents between February 27 and September 12, 2023:

- On February 27, Defendants produced the insurance policy applicable to this action.
- On May 4, Defendants produced 8,810 documents.
- On May 18, Defendants produced 1,133 documents.
- On June 16, Defendants produced 1,597 documents.
- On August 31, Defendants produced 32 documents.
- On September 12, Defendants produced 10 documents and completed their production.

25. Defendants produced documents with one of five Bates-stamps prefixes: "BE-GREGO" (documents produced from Blinding Edge, Uncle George, and the Blinding Edge individual defendants, Mr. Shyamalan and Mr. Rajan); "TB-GREGO" (documents produced from Mr. Basgallop and his corporate entity, Dolphin Black); "APL-GREGO" (documents produced from Apple); "EA-GREGO" (documents produced from Escape Artists and the Escape Artists individual defendants, Mr. Blumenthal, Mr. Black, and Mr. Tisch); and "O-GREGO" (documents produced from external sources, including publicly available sources). To avoid duplication, Defendants produced documents from the individual defendants from their corresponding corporate entities. For example, documents from Mr. Shyamalan or Mr. Rajan were produced from their corporate entity, Blinding Edge, as opposed to producing duplicates of the same documents from them personally and then also from Blinding Edge.

26. On several occasions, Defendants have explained how their documents were produced to Plaintiff, including:

- <u>May 19, 2023</u>: Defendants' counsel explained in an email, "As for the individuals, because your client sued numerous individuals along with their entities, we didn't double produce an individual defendant's documents from both that individual and that

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

6

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

individual's entity to avoid duplication."

- June 16, 2023: Defendants' counsel explained in an email, "As we have previously noted to you, so as to avoid duplicative productions, the documents for the individual Escape Artists and Blinding Edge defendants are being produced from their corporate entities. All documents contain Bates stamp prefixes denoting which defendant the document corresponds to."

- August 11, 2023: Defendants' counsel explained in a letter, "At the outset, as we have previously communicated, all Defendants have substantially completed their document productions. As we have also explained, to avoid duplication, we did not double produce an individual defendant's documents from both that individual and that individual's entity. That means, for purposes of your August 7 letter, Mr. Shyamalan's documents have been produced by Blinding Edge with the Bates stamp prefix 'BE-GREGO' (as have documents produced by Ashwin Rajan and Uncle George, if any); and Dolphin Black and Mr. Basgallop's documents have been produced by Mr. Basgallop with the Bates stamp prefix 'TB-GREGO.' Similarly, as to the other individual defendants, documents produced by Jason Blumenthal, Todd Black, and Steve Tisch, to the extent any responsive, non-privileged documents exist, have been produced by Escape Artists, Inc. with the Bates stamp prefix 'EA-GREGO.'"

- September 19, 2023: Defendants' counsel explained in each defendant's supplemental responses how their documents were produced. For example, for Mr. Shyamalan, Defendants' counsel explained: "To avoid duplication, an individual defendant's documents have not been produced twice from both that individual and that individual's entity. Mr. Shyamalan's documents have been produced by Blinding Edge Pictures, Inc. ('Blinding Edge') with the Bates stamp prefix 'BE-GREGO.'"

- October 11, 2023: Defendants' counsel explained in an email, "I'm not sure how to explain it differently than the many ways we already have. Though their documents' prefix reflects their relevant entity so as not to produce thousands of duplicates, all Defendants have completed their productions."

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

27. Defendants' counsel have also explained the corporate relationship between Uncle George and Blinding Edge several times, as early as May 4, 2023, and most recently on October 10. On May 4, 2023, in the parties' joint stipulation related to Plaintiff's motion to compel, Defendants explained, "Uncle George is a production entity that was created in connection with the *Servant* television series and is owned in part by Blinding Edge." ECF No. 105 at 2. On September 19, in Uncle George's supplemental responses, Defendants' counsel explained, "Uncle George is a production entity that was created in connection with *Servant* and is controlled by [Blinding Edge]. Uncle George does not have documents separate from Blinding Edge, which has produced documents with the Bates stamp prefix 'BE-GREGO.' The Bates stamp prefix 'UG-GREGO' has been used only for the insurance policy, under which Uncle George is the named insured." On October 10, I informed Ms. Waller, "Blinding Edge is the production company. Uncle George is a single-purpose entity created for *Servant*. There are many employees with Blinding Edge, as is reflected in Blinding Edge's document production."

28. On September 19, Defendants served their supplemental discovery responses. Those responses reflect agreements regarding Defendants' productions that were memorialized over email. For example, as I memorialized in a June 11 email to Plaintiff's counsel, for certain categories of agreements, the parties agreed that Blinding Edge would produce agreements related to Blinding Edge's profits or upon which Blinding Edge otherwise intends to rely. Other Defendants, where relevant, followed the same approach in their supplemental responses.

**Plaintiff's Document Productions**

29. On March 13 and 14, 2023—after Defendants granted nearly six months' worth of numerous extensions—Plaintiff provided her discovery responses. During this time, Plaintiff did not produce any documents.

30. During a May 17, 2023 meet and confer between Plaintiff's counsel, Ms. Waller, and my co-counsel Mr. Jampol and Ms. Krishnan, Ms. Waller stated

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that the first of Plaintiff's productions would be served by May 31. Plaintiff did not produce any documents on or before that date.

31. On June 21, 2023, Ms. Krishnan and I participated in a meet and confer with Ms. Waller regarding miscellaneous discovery disputes. During that meet and confer, Plaintiff's counsel stated that she was "trying" for an initial document production the following week.

32. A week later, on June 27, 2023, Ms. Krishnan and I participated in another meet and confer with Ms. Waller. During that meet and confer, Ms. Waller stated that they were "trying" to produce documents that week but "not promising," and that Plaintiff definitely would produce by the "next week."

33. On June 30, 2023, I emailed Ms. Waller, reminding her of the parties' meet and confer discussions and asking if Plaintiff would make her production that week. In her response, Ms. Waller, promised to produce documents by the following week.

34. On July 7, 2023, Plaintiff made her first production, which contained only 57 documents. In the production's accompanying cover email, Ms. Waller stated, "This is part of a rolling production. Subsequent phases will be produced next week." No document productions were made the following week.

35. On July 21, 2023, I emailed Ms. Waller to again request that Plaintiff produce the promised documents.

36. On July 25, 2023, having received no response, I asked Ms. Waller to "please provide a schedule for Plaintiff's remaining document productions in response to Uncle George's first set of RFPs by Friday 7/28." My email also stated that if Plaintiff's counsel "[did] not provide a schedule that accounts for substantive completion in the next two weeks, Defendants will be forced to resume the process of a motion to compel next week."

37. On July 28, 2023, Plaintiff served her second document production of 88 documents. In the production's accompanying cover email, Ms. Waller also

9
FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

stated that "[w]e anticipate at least one more phase in this production and that those documents will be produced next week [by August 4]."

38. On August 3, 2023, still not having received additional document productions, an anticipated production schedule, or re-productions of the deficient documents from Plaintiff's July 7 production, I once again emailed Plaintiff's counsel to confirm that Plaintiff's document production would be substantially complete by Friday, August 4 given prior representations, or else Defendants would move forward with a motion to compel. Plaintiff's counsel replied on August 4, only to state that she had been "out of pocket for the past two days and [was] working on other deadlines" that afternoon; while she stated that counsel was "working diligently with our client on the discovery matters and will continue to do so," she provided no updated production timeline.

39. Because almost eleven months had passed and Plaintiff had produced only 145 documents, on August 8, 2023, pursuant to Local Rule 37-1, I sent Plaintiff's counsel a meet and confer letter identifying concerns with Plaintiff's failure to produce documents and re-produce deficient documents, and requesting a conference with counsel.

40. On August 18, 2023, Ms. Krishnan and I participated in a Local Rule 37-1 prefiling conference with Plaintiff's counsel. During that conference, Plaintiff's counsel stated Plaintiff now needed another month, to September 18, 2023, to substantially complete her productions.

41. On August 31, 2023, in the joint stipulation filed by Defendants in support of their motion to compel, Plaintiff pushed her production date by another week, to September 25, the evening before the motion to compel hearing, and two days before the deposition of key third-party witness Sarah Thorp. ECF No. 117.

42. On September 25, 2023 at 7:42 P.M., Plaintiff sent a production of over 12,500 documents to Defendants, which based on Defendants' discovery

10

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

vendor's analysis and initial counsel review, appears to contain over 7,000 exact duplicates.

43. On September 26, 2023, in response to Defendants' motion to compel Plaintiff's further production of documents, the Court ordered Plaintiff to produce all responsive documents by October 10, 2023. ECF No. 120.

44. Furthermore, despite that Court Order, as of October 10, it did not appear that Plaintiff had produced all responsive documents. Specifically, through third-party subpoenas, Defendants received over 20 emails and attachments sent from or received by Plaintiff that were produced by third-parties Sarah Thorp and Olivia Blaustein, but were not produced by Plaintiff.

45. On October 10, 2023, I asked Ms. Waller to confirm that Plaintiff has produced all documents pursuant to the Court Order, and flagged that Defendants have "received various emails between third parties and your client that your client has yet to produce herself." Ms. Waller responded, "We have no idea what you mean when you claim 'various emails' between unidentified parties and Ms. Gregorini are allegedly produced by third parties." The next day, on October 11, I provided Ms. Waller a list of the missing documents with Bates stamps. I stated that the volume of missing documents "gives us concern regarding the nature and scope of your document collection and review process." Accordingly, I asked Ms. Waller to confirm that she or her colleagues were "personally involved in collecting and reviewing [Plaintiff's] documents," and that Plaintiff's counsel did not solely rely on Plaintiff to identify potentially relevant documents. As of this filing, Ms. Waller has not responded.

**Plaintiff's First Request for Continuance**

46. In June 2023, Ms. Waller informed me that over the last several months, Mr. Erikson had experienced serious health emergencies, including ongoing chemotherapy treatment for colon cancer, as well as a recent and continuing hospitalization. Ms. Waller informed me that Mr. Erikson was

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

hospitalized on an emergency basis for several days in May and that he was hospitalized again on June 5 and remained in the hospital.

47. On that basis, in addition to the discovery remaining for the parties to complete, Defendants agreed to Plaintiff's request for a four-month continuance, which was granted on June 12, 2023. ECF NO. 114.

48. The parties' Amended Scheduling Order entered a fact and expert discovery cut-off of November 17, 2023, with the parties' initial expert disclosures to be exchanged on October 20, 2023.

**Other Discovery**

49. Before and after the first discovery continuance, and all while completing a highly burdensome document review process, Defendants diligently pursued discovery in this case in order to meet the scheduled fact and expert discovery cutoff.

50. Over the last several months, Defendants have served several subpoenas for documents on third parties Well Go USA, Sarah Thorp, and Olivia Blaustein; amended their initial disclosures to list additional witnesses on June 30, 2023, including specific witnesses for each of the named corporate defendants; and amended them again to provide additional contact information and a few more witnesses on August 31, 2023; served supplemental discovery responses on behalf of all eleven Defendants, on September 19, 2023; and retained experts who have prepared reports to be served on the October 20 initial expert disclosure deadline. Defendants have also taken two third-party depositions, of Ms. Thorp on September 27, 2023 (which Ms. Waller attended), and Ms. Blaustein, on October 3, 2023 (which Ms. Waller's co-counsel, Ryan Patterson, attended), and served an amended notice for Plaintiff's deposition on October 20, 2023.

51. On September 20, 2023, Defendants served an amended notice for Plaintiff's deposition for October 20, 2023. Plaintiff's counsel did not acknowledge or respond to that email, and said nothing on the topic of Plaintiff's deposition for

12

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

two weeks, during which time Defendants' counsel and Plaintiff's counsel interacted at multiple depositions and Plaintiff's meet and confer for her *ex parte* application.

52. However, on October 4, 2023, Ms. Waller emailed Defendants' counsel asking for dates—for the first time—for the depositions of Mr. Rajan, Mr. Shyamalan, and Mr. Basgallop. In that email, Ms. Waller suddenly claimed that they were "looking into" the October 20 date and stated that they would only set a date for Plaintiff's deposition after receiving available dates for the depositions of Mr. Rajan, Mr. Shyamalan, and Mr. Basgallop.

53. On October 5, 2023, I informed Ms. Waller that Defendants' counsel asked Mr. Rajan, Mr. Shyamalan, and Mr. Basgallop for their deposition availability. I also reminded Ms. Waller that we noticed Plaintiff's October 20 deposition on September 20, and stated, "We are more than willing to work with you on a more convenient date, but it must be close in time to October 20. Given that two weeks have already passed since we noticed the deposition, please propose some dates that work for you by tomorrow, October 6. If we can't agree on another date soon, we'll need to move forward with October 20." Later that day, I informed Ms. Waller that Mr. Basgallop was available on October 26, October 27, and October 30 for his deposition.

54. That same day, Ms. Waller said, "Those three days do not work for us," and asked to provide "dates the first two weeks of November" for the depositions of Mr. Rajan, Mr. Basgallop, and Mr. Shyamalan, in that order.

55. On October 11, I provided several deposition dates for Mr. Basgallop and Mr. Rajan and informed Ms. Waller we were working to provide dates for Mr. Shyamalan as well. In that email, I also stated, "Ms. Gregorini's deposition remains noticed for October 20. We are happy to agree on another date close in time to October 20, but so far you have provided no alternative dates. Until we can agree on another date, the October 20 deposition remains calendared."

13

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

56. As of this filing, Ms. Waller has not confirmed Plaintiff's deposition date.

57. As of this filing, Plaintiff has not noticed any depositions.

**Plaintiff's Second Request for Continuance**

58. On Friday, September 29, 2023, at 5:57 P.M., Ms. Waller served Plaintiff's first set of interrogatories on Apple—the first set of interrogatories she has served in this case.

59. Approximately forty-five minutes later, Ms. Waller emailed Defendants' counsel, stating: "Plaintiff will request the Court extend all pretrial dates and deadlines in this matter by four months. Let us know if you will stipulate to the extension. If you decline to stipulate, we will proceed with an ex parte application next week." This email was the first time Plaintiff's counsel had raised the possibility of another continuance.

60. Shortly thereafter, Ms. Waller sent a follow-up email, proposing a Rule 7-3 meeting the following week.

61. On Monday, October 2, I asked Ms. Waller for the grounds for their motion.

62. On October 3, 2023, Ms. Waller replied with a lengthy email stating that the "grounds for a continuance are that the necessary discovery and pretrial matters cannot be completed by the current deadlines." In her email, Ms. Waller accused Defendants of "obstreperous and obstructionist conduct" that purportedly has "significantly delayed and thwarted discovery." Ms. Waller then made several specific allegations of discovery misconduct against Defendants purportedly underlying Plaintiff's request for a continuance, including:

    a. Defendants' identification of "17 categories of key witnesses in their initial disclosures including dozens of individuals and five business entities identifying unnamed 'persons most knowledgeable' expected to testify for defendants";

14
FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

  b. Purported "key materials" missing from Defendants, including "no documents from Mr. Shyamalan";

  c. Mr. Shyamalan's production of documents through Blinding Edge;

  d. Various Defendants' purported "retract[ion] and limit[ation] [of] prior promises to search for and produce relevant material," all of which "will be a matter of discovery motion practice";

  e. Reiteration of the resolved issue of Defendants' production of initial disclosure documents; and

  f. The "laborious task of wading through the glut of materials finally produced," with the anticipation of "further significant motion practice to obtain even the most basic material."

63. At the very end of Ms. Waller's email, she included one line about her co-counsel Mr. Erikson's health: "David's health has of course had an impact on discovery capabilities as well."

64. Because none of Plaintiff's allegations regarding Defendants' discovery efforts had any merit and mostly consisted of repeat allegations that we had responded to numerous times already, that same day, I stated that Defendants "disagree with your contentions"; that we would "need to discuss with our clients,"; and provided availability to meet and confer that week.

65. On October 4, my co-counsel Ms. Krishnan and I participated in a meet and confer with Ms. Waller, during which Ms. Waller doubled down on her email attributing the justification for the continuance to Defendants' discovery. Ms. Waller did not mention Mr. Erikson's health as a reason for the continuance at any point during the telephone call.

66. I told Ms. Waller that I needed to discuss this with our clients, and we would get back to her with a position shortly. Ms. Waller then informed Ms. Krishnan and me that if the parties could stipulate to a four-month continuance, then they would file a "fairly neutral" stipulation at Plaintiff's request. But if Defendants

15

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

would not stipulate, Plaintiff was planning to file an *ex parte* application that Friday, October 6, and Plaintiff's counsel would "list every" so-called "dirty deed" by Defendants.

67. At that same meet-and-confer, I also asked Ms. Waller when Plaintiff planned to amend her initial disclosures to include contact information, as she had promised to do several months prior when she asked Defendants to do the same (which they did, on August 31). Instead of providing a firm date, Ms. Waller incorrectly claimed that her amended disclosures contained most contact information and that she "expect[s] to get to that within the next couple weeks." She offered to provide the information for any witness Defendants needed "urgently," but otherwise refused to provide a set date to provide her amended initial disclosures as required by Rule 26.

68. The next day, on October 5, I informed Ms. Waller that Defendants fulfilled all of their discovery obligations and would not agree to stipulate to the continue the dates in this case. As I stated in my email, Defendants previously granted multiple extensions and a prior four-month continuance. I also stated that Plaintiff has "not diligently pursued discovery in that time, and instead resisted our efforts to obtain information and documents from your client."

69. That same day, Ms. Waller referred to my email as an "aggressive rejection of a stipulated continuance" and "my ad hominin [sic] attacks." Again, Ms. Waller claimed that "Defendants have consistently thwarted our efforts [at discovery] including by failing to produce discovery and refusing to meet and confer in good faith;" that Defendants "have taken every opportunity to increase the legal fees in this case, and cause as much hardship to [Plaintiff] as possible"; and that my response "further highlight[s] [D]efendants' record of intransigence." Attached as **Exhibit 1** are a true and correct copy of my September 29-October 5 emails with Ms. Waller.

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

70. The next afternoon, on Friday, October 6, Mr. Erikson emailed Defendants' counsel, stating that, "I'm putting together an up-to-the-minute declaration about my health status. Because [s]ome of it I just learned yesterday, I want to send you a very preliminary draft so there are no surprises." Mr. Erikson's draft declaration in support of Plaintiff's *ex parte* application described at length his health situation and new developments complicating his recovery, which, contrary to our call with Ms. Waller, were cited as a justification for the requested continuance. None of this information had been previously provided to Defendants' counsel in either Ms. Waller's several emails or our meet and confer regarding the continuance. Out of respect for Mr. Erikson's privacy, I am not repeating the specific medical information Mr. Erikson referenced, nor am I attaching these emails or Mr. Erikson's draft declaration.

71. Several hours later, my co-counsel Mr. Jampol responded to Mr. Erikson, stating that "[i]t's so good to hear from you and I'm so sorry to hear about all that you've been going through, truly." Mr. Jampol then said that this was new information for Defendants, as the previous basis for the requested continuance "was solely [Defendants'] purported discovery misdeeds, not [Mr. Erikson's] health." Mr. Jampol stated that Defendants' counsel would speak with their clients, but given that it was Friday afternoon, did not expect responses today. Mr. Jampol stated, "[I]f you need to file in the meantime, obviously you should do what you need to do. To the extent you want to discuss, I am always happy to find time for a conversation with you, including over the weekend."

72. The following Monday, on October 9, Mr. Jampol emailed Mr. Erikson that Defendants are "genuinely sympathetic, and we considered various ways we could agree to some permutation of a continuance, but the determination is that it would significantly prejudice our clients to push this out even further." Mr. Jampol stated that, "This case has been litigated for a long time, and our clients would like the opportunity to clear their names." Finally, Mr. Jampol offered, "If you had any

17

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

creative ideas that would help things on your end without causing any prejudice to our clients, we are open to having that conversation," but that, barring such ideas, Defendants would "respectfully oppose the motion."

73. Shortly thereafter, Mr. Erikson responded that Plaintiff would seek a six-month continuance, instead of the four-month continuance previously proposed. Plaintiff's counsel did not propose any ideas other than a four-month continuance of all dates without restriction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on the 13th day of October 2023, in Durham, North Carolina.

*Cydney Swofford Freeman*
———————————————
Cydney Swofford Freeman

18

FREEMAN DECLARATION
4865-2728-9222v.3 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899