NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800; Fax:  (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>                    Plaintiff,<br><br>          vs.<br><br>APPLE INC., a California corporation;<br>M. NIGHT SHYAMALAN, an<br>individual, BLINDING EDGE<br>PICTURES, INC., a Pennsylvania<br>corporation; UNCLE GEORGE<br>PRODUCTIONS, a Pennsylvania<br>corporate; ESCAPE ARTISTS LLC, a<br>California limited liability company;<br>DOLPHIN BLACK PRODUCTIONS, a<br>California corporation; TONY<br>BASGALLOP, an individual; ASHWIN<br>RAJAN, an individual; JASON<br>BLUMENTHAL, an individual; TODD<br>BLACK, an individual; STEVE TISCH,<br>an individual; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE SCHEDULE OF PRETRIAL AND TRIAL DATES**<br><br>Expert Disclosures: October 20, 2023<br>Discovery cutoff:    November 17, 2023<br>Pretrial conference: May 24, 2024<br>Trial:                       June 10, 2024 |

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................... 2

III.  PLAINTIFF DID NOT MEET AND CONFER REGARDING THE EXPERT DISCOVERY DEADLINES ........................................... 7

IV.  THE SCHEDULE SHOULD REMAIN INTACT ............................. 8

    A.  Plaintiff Has Not Diligently Litigated this Case. .................. 8

        1.  Plaintiff has not diligently pursued expert discovery. ............. 10

        2.  Plaintiff has not diligently pursued depositions. ...................... 11

        3.  Plaintiff cannot use Defendants' discovery conduct to mask her inaction. ................................................................... 11

        4.  Plaintiff does not explain why her lead discovery counsel cannot finish discovery. ........................................... 13

    B.  Plaintiff Has Not Shown that a Continuance Will Be Effective. ....... 14

    C.  Moving the Case Deadlines Prejudices Defendants and Inconveniences the Court. ................................................... 14

    D.  Any Prejudice to Plaintiff Is Her Own Doing. ................................ 16

V.  AT A MINIMUM, THE FACT AND EXPERT DISCOVERY CUTOFFS SHOULD REMAIN INTACT ................................................ 16

VI.  CONCLUSION ................................................................................. 17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Cases**

*First Intercontinental Bank v. AEHCC LLC*,
  2012 WL 12973690 (C.D. Cal. Dec. 19, 2012) .................................................. 15

*Gregorini v. Apple*,
  No. 20-55664 (9th Cir. Oct. 28, 2020)............................................................. 10

*In re Bellow*,
  544 F. App'x 732 (9th Cir. 2013) ........................................................................8

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ................................................................... 8, 9, 14

*Kim v. BMW of N. Am., LLC*,
  2020 WL 13064697 (C.D. Cal. June 24, 2020) ...................................................9

*Mission Power Engineering Co., v. Continental Cas. Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995) .....................................................................9

*Sadowski v. Hollywood Unlocked, Inc.*,
  2020 WL 10506032 (C.D. Cal. Dec. 8, 2020).............................................. 9, 10

*Salas v. Target Corp.*,
  2023 WL 6194115 (C.D. Cal. June 5, 2023) ................................................. 9, 10

*U.S. v. Croft*,
  124 F.3d 1109 (9th Cir. 1997) ...................................................................... 14, 16

*U.S. v. Flynt*,
  756 F.2d 1352 (9th Cir. 1985) ................................................................. 8, 14, 16

*Universal Life Church Monastery Storehouse v. King*,
  2020 WL 13864794 (W.D. Wash. March 25, 2020) ......................................... 10

*Valadez v. County of Los Angeles*,
  2022 WL 19914191 (C.D. Cal. Nov. 18, 2022) ........................................... 9, 10

**Rules**

Civil L.R. 7-3 ............................................................................7

Civil L.R. 7-10 ..........................................................................7

Fed. R. Civ. P. 16 ......................................................................8

Fed. R. Civ. P. 26 ......................................................................4

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants Blinding Edge Pictures, Inc. ("Blinding Edge"), Uncle George Productions, LLC ("Uncle George"), Apple Inc. ("Apple"), Escape Artists, Inc. (erroneously sued as Escape Artists LLC) ("Escape Artists"), Dolphin Black Productions ("Dolphin Black"), M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") submit this opposition to plaintiff Francesca Gregorini's motion to continue all deadlines in this matter.

## I.   INTRODUCTION

After years of litigation and numerous extensions and continuances—and with the deadline for expert disclosures passed, fact discovery closing in three weeks, and motions for summary judgment due in seven weeks—Plaintiff seeks an eleventh-hour extension of all dates by an additional six months. Plaintiff's justification for this request shifts back and forth from Defendants' alleged discovery deficiencies to the health of Plaintiff's lead counsel David Erikson. While Defendants are sympathetic regarding Mr. Erikson's health—which is why they agreed to so many extensions, including numerous extensions for Plaintiff's discovery responses and the prior four-month continuance of all dates—his colleague has been leading discovery for the last ten months and has simply failed to diligently prosecute this case. The law is clear that the failure to conduct needed discovery within the time allowed by the Court is not grounds for a last-minute continuance. Plaintiff should not be able to obtain endless extensions to conduct the discovery that her counsel has failed to do, and Defendants should not be forced to litigate this case in perpetuity.

Defendants respectfully request that Plaintiff's motion be denied. To the extent the Court is inclined to grant some continuance, Defendants request that the expert disclosure deadline (which has already passed) and discovery cutoffs remain in place, and then *post*-discovery dates, such as the dispositive motion deadline and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

pre-trial and trial dates, be continued.  That would enable the parties to complete discovery by the deadline while still providing Plaintiff significant relief.

## II.   FACTUAL BACKGROUND

This case was filed almost four years ago and has a lengthy factual history relevant to Plaintiff's motion to continue all case deadlines.  After Plaintiff filed her First Amended Complaint ("FAC") in March 2020, the parties engaged in limited initial discovery.  Plaintiff served more than 600 document requests on Defendants, to which Defendants timely responded, and both parties exchanged their initial disclosures.  Declaration of Cydney Swofford Freeman ("Freeman Decl.") ¶¶ 2-4.

Then, in May 2020, this Court granted Defendants' motions to dismiss and for attorneys' fees.  ECF No. 39.  Plaintiff appealed, and the case was pending before the Ninth Circuit for almost two years.  ECF Nos. 60-61.  Plaintiff's appeal primarily argued that this case required expert discovery as to whether the works at issue are substantially similar.  ECF No. 15.  The Court of Appeals agreed that expert discovery would "aid" the district court in assessing substantial similarity, and remanded the case in February 2022.  ECF Nos. 60-74.

Within a month of remand, Defendants filed a motion to bifurcate discovery, which Plaintiff opposed.  ECF Nos. 81, 88-89.  While that motion was pending, Defendants' counsel began collecting millions of documents from their eleven clients.  Freeman Decl. ¶¶ 10, 13.  On August 26, 2022, this Court denied Defendants' motion to bifurcate and entered a Scheduling Order setting a fact and expert discovery cutoff for July 14, 2023, with initial expert disclosures scheduled for June 16, 2023.  ECF Nos. 99-100.

Since then, the parties have been conducting discovery.  Defendants moved promptly and diligently, including by serving discovery requests and noticing Plaintiff's deposition in September 2022.  Freeman Decl. ¶ 12.  Throughout this period, Defendants' counsel worked extensively with Defendants and their e-discovery vendors to collect, search, and review Defendants' documents, and to

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

determine a reasonable and efficient way to provide Plaintiff the documents and information she sought. *Id.* ¶ 13. Defendants also engaged experts and began working on expert reports. *Id.* ¶ 10.

In mid-December 2022, at which point Defendants had already granted Plaintiff multiple extensions for her discovery responses, the parties agreed to meet and confer in January 2023 to determine a reasonable discovery schedule for both sides. *Id.* ¶¶ 14, 16-17. At this time, Mr. Erikson also informed Defendants' counsel that his colleague, Antoinette Waller, would be handling discovery in the case, and that he always "delegate[s] discovery to someone other than" himself. *Id.* ¶¶ 18-19. Prior to the parties' January 2023 meet and confer, Defendants' counsel informed Plaintiff's counsel that Defendants' collection, search, and review process was well underway, but that there were "hundreds of thousands of documents" potentially responsive to her broad requests. *Id.* ¶ 19.

Over the next two months, Defendants repeatedly tried to engage with Plaintiff to reach reasonable agreements on the scope of discovery to no avail. *Id.* ¶¶ 21-24. Instead, Ms. Waller rejected all of Defendants' detailed proposals and provided no counter-proposals. *Id.* ¶ 22. During this time, due to Ms. Waller's mother's passing, Defendants granted an additional two-month extension for Plaintiff's discovery responses. *Id.* ¶ 20. Because Plaintiff categorically rejected all of Defendants' proposals, Defendants were forced to proceed with a costly, time-consuming, and burdensome review process on behalf of eleven individual and corporate defendants, ultimately producing 11,583 documents between February 27 and September 12, 2023, the majority of which (11,541 documents, 99% of Defendants' total production) was produced by June 16, 2023. *Id.* ¶ 24.

Despite their much higher collection, search, and review burden than Plaintiff, Defendants produced the bulk of their documents long before Plaintiff produced a single document. Plaintiff repeatedly made, and broke, promises on her document productions, even though she only had to review the files of one

individual.  For example, Ms. Waller promised that Plaintiff's first production would be served by May 31, 2023, and then repeatedly moved that date several times, until Plaintiff made her first production of just 57 documents on July 7.  *Id.* ¶¶ 30-34.  Ms. Waller did not make her second production until July 28, 2023 and then produced only 88 more documents.  *Id.* ¶¶ 35-37.  After Defendants were forced to bring a motion to compel, Plaintiff finally produced more than 12,500 documents on September 25, 2023, the night before the hearing on Defendants' motion to compel.  *Id.* ¶¶ 38-42.  But even this production contains more than 7,000 exact duplicate documents.  *Id.* ¶ 42.

In June 2023, Plaintiff asked Defendants for a four-month continuance of all deadlines, to which Defendants agreed in light of Mr. Erikson's health.  *Id.* ¶¶ 46-48.  On June 12, more than four months ago, the Court entered the Amended Scheduling Order setting November 17 as the fact and expert discovery cutoff, with expert disclosures and reports due October 20.  ECF No. 114.

Before and after that continuance, Defendants have been diligently pursuing discovery.  For example, Defendants have propounded discovery requests; served several third-party subpoenas; amended their initial disclosures well in advance of the discovery cutoff; served supplemental discovery responses; and retained experts who prepared reports that Defendants served on the October 20 deadline.  *Id.* ¶¶ 50-52.  Defendants have also noticed several third-party depositions of Plaintiff's potential trial witnesses (even though Plaintiff's counsel did not make good on her promise to withdraw or provide contact information for her witnesses as required by Rule 26 until today), and deposed Sarah Thorp on September 27 (which Ms. Waller and Ms. Gregorini attended) and Olivia Blaustein on October 3 (which Ms. Waller's co-counsel, Ryan Patterson, attended).  *Id.* ¶ 50.  Defendants also served an amended notice for Plaintiff's deposition on October 20, and agreed to move that deposition to November 14, the earliest date Ms. Waller represented that she and Ms. Gregorini were available.  *Id.* ¶¶ 51-53, 55-56.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

By contrast, Plaintiff's counsel did not notice a single deposition prior to moving for an *ex parte* continuance, and to date, has not taken a single deposition. *Id.* ¶ 57.  Only on October 4 did Ms. Waller email Defendants' counsel asking for deposition dates for Mr. Rajan, Mr. Shyamalan, and Mr. Basgallop, which counsel promptly provided.  *Id.* ¶ 52.  Plaintiff has yet to notice any other depositions.

On September 29, forty-five minutes after serving Plaintiff's first set of interrogatories in this case, Ms. Waller informed Defendants' counsel *for the first time* that Plaintiff would be seeking another four-month continuance and asked Defendants to stipulate to the extension, without providing any grounds for the request.  *Id.* ¶¶ 61-62.  After Defendants' counsel asked for those grounds, Ms. Waller attributed the need to Defendants' "obstreperous and obstructionist conduct" and provided a long list of Defendants' purported discovery deficiencies (which Defendants dispute, and on which Ms. Waller has not moved to compel).  *Id.* ¶ 65. Ms. Waller's email included only a one-line reference to Mr. Erikson's health, and did not mention any need to continue the expert disclosure deadlines.  *Id.* ¶ 66.  The next week, on October 4, Defendants' counsel and Ms. Waller met and conferred, during which Ms. Waller again attributed the justification for the continuance entirely to Defendants' discovery and, contrary to Ms. Waller's representation, did not once mention Mr. Erikson's health as grounds or expert discovery.  *Id.* ¶ 68. During that meet and confer, Ms. Waller stated that Plaintiff would file an *ex parte* application on October 6, and if Defendants did not agree to stipulate, Plaintiff would "list" every so-called "dirty deed" by Defendants in her application.  *Id.* ¶ 69.

After speaking with their clients, Defendants' counsel informed Ms. Waller that Defendants would not agree to stipulate to another four-month continuance, given how long the case had been pending; the already extended discovery schedule; and Defendants' satisfaction of all discovery obligations.  *Id.* ¶ 71.  As Defendants' counsel explained, Defendants could not be expected to litigate this

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  case in perpetuity. *Id.* In response, Ms. Waller reiterated that the basis for the

2  continuance was Defendants' discovery conduct. *Id.* ¶ 72.

3      The next afternoon, Mr. Erikson sent Defendants' counsel a draft declaration

4  describing at length his health situation and new developments complicating his

5  recovery, which, contrary to Defendants' previous conversations and emails with

6  Ms. Waller, were now cited as a justification for the requested continuance. *Id.*

7  ¶ 73. Defendants' counsel alerted Mr. Erikson to the fact that this was "new

8  information" and that they would speak with their clients, but that in the meantime,

9  Defendants' counsel understood if Plaintiff needed to proceed with her *ex parte*

10 application. *Id.* ¶ 74. After the weekend, and after speaking with their clients,

11 Defendants' counsel emailed Mr. Erikson that Defendants are "genuinely

12 sympathetic, and we considered various ways we could agree to some permutation

13 of a continuance, but the determination is that it would significantly prejudice our

14 clients to push this out even further." *Id.* ¶ 75. Defendants' counsel offered, "If you

15 had any creative ideas that would help things on your end without causing any

16 prejudice to our clients, we are open to having that conversation," but that, barring

17 such ideas, Defendants would "respectfully oppose the motion." *Id.* Shortly

18 thereafter, Mr. Erikson responded that Plaintiff would actually seek a six-month

19 continuance instead of the four-month continuance previously discussed. *Id.* ¶ 76.

20 Plaintiff's counsel did not propose any other ideas to reach resolution. *Id.*

21      Despite initially informing Defendants that they planned to file their *ex parte*

22 application on October 6, Plaintiff waited until October 12, just over a week before

23 the parties' initial expert disclosure deadline, to do so. ECF No. 121. Defendants

24 opposed, ECF No. 122, and on October 20, the Court denied the application. ECF

25 No. 123. Shortly after receiving the order denying their *ex parte* application, Mr.

26 Erikson reached out to Defendants' counsel to meet and confer about a motion to

27 continue, which Mr. Erikson stated they intended to file the same day. Jampol

28 Decl. ¶ 2. The parties met and conferred that day. *Id.* ¶ 3. During the meet and

6

confer, Defendants' counsel Mr. Jampol stated that he believed that his clients would agree to extend all *post*-discovery deadlines, which would allow the parties to finish out discovery, but still provide Plaintiff's counsel at least several months to focus on his health. *Id.* On the call, Mr. Erikson stated that he appreciated that gesture. *Id.* Following the call, Mr. Jampol confirmed to Plaintiff's counsel by email that he obtained client approval to propose a three-month continuance of all post-discovery dates. *Id.* ¶ 4. Plaintiff's counsel did not respond to that email or provide any other response until the motion to continue was filed. *Id.*

Defendants timely served their expert disclosures and reports that same day, October 20. Freeman Decl. ¶ 58. Plaintiff did not serve any expert disclosures, and filed this motion at 11:59 p.m. that night. ECF No. 124. Six days later, Mr. Erikson emailed Defendants' counsel asking to discuss continuing depositions until after the November 17 cutoff. Jampol Decl. ¶ 5. Defendants offered to consider any specific proposal, but when Plaintiff's counsel proposed taking numerous additional (and currently unnoticed) depositions after the deadline, in addition to (currently unnoticed) expert depositions and Defendants' (noticed) third-party depositions, Defendants were unable to agree given the prejudice of so many depositions occurring after the cutoff. *Id.* ¶¶ 5-8.

### III.   PLAINTIFF DID NOT MEET AND CONFER REGARDING THE EXPERT DISCOVERY DEADLINES

Local Rule 7-3 requires moving parties to meet and confer with opposing counsel to discuss "the substance of the contemplated motion and any potential resolution" at least seven days prior to filing. *See also* ECF No. 123 ("Plaintiff may file a noticed motion, consistent with Local Rules 7-3 through 7-10, seeking her desired continuance."). While the parties met and conferred regarding much of Plaintiff's motion, neither Ms. Waller nor Mr. Erikson ever raised continuing expert discovery deadlines in any meet and confer. Freeman Decl. ¶¶ 66, 68; Jampol Decl. ¶ 3. Indeed, Plaintiff's own description of these teleconferences does not mention

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

expert discovery at all.  *See* Mot. at 7-9; Waller Decl. ¶¶ 29-30, 32-33.  The Court should deny Plaintiff's request to continue expert discovery deadlines on this basis alone, in addition to the substantive bases explained below.

## IV.   THE SCHEDULE SHOULD REMAIN INTACT

A party seeking to modify a case's scheduling order must show "good cause."  Fed. R. Civ. P. 16(b)(4).  In determining whether a party has shown "good cause," district courts are instructed to focus on the moving party's diligence; "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).  If the moving party "was not diligent, the inquiry should end."  *Id.*

In reviewing appeals of orders on continuances, the Ninth Circuit looks to the following four factors:

> (1) the extent of the [movant's] diligence in his efforts to ready his case prior to the date set for the hearing; (2) how likely it is that the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses; and (4) the extent to which the appellant might have suffered harm as a result of the district court's denial.

*See In re Bellow*, 544 F. App'x 732, 733 (9th Cir. 2013) (citing *U.S. v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)).  In this case, Plaintiff's counsel has not been diligent in conducting discovery, and the analysis should end there.  *See* Section IV.A; *Johnson*, 975 F.2d at 609.  But even considering the additional *Flynt* factors, Plaintiff still cannot show good cause to justify her requested continuance.  *See* Sections IV.B-IV.D.

## A.   Plaintiff Has Not Diligently Litigated this Case.

Plaintiff must show she has been diligent in prosecuting this case to justify good cause to modify the Court's scheduling order.  Courts *routinely* deny motions

8

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to continue discovery cutoffs where, like here, the moving party waited until the last minute to pursue discovery. For example, in *Salas v. Target Corp.*, the court denied plaintiff's motion to continue discovery deadlines because the plaintiff did not show diligence in pursuing discovery. 2023 WL 6194115, at *2 (C.D. Cal. June 5, 2023). The court emphasized that despite Salas "fram[ing]" his need due to Target's "obstruction and delay," the case history "contain[ed] instances of Salas moving slowly on critical issues," like waiting three weeks to notice an important witness's deposition after learning her name, failing to notice other discovery with sufficient time to move to compel if necessary, and filing belated motions to compel other depositions at the very close of fact discovery. *Id.* at *2-*3 (after the parties exchanged initial disclosures on September 22, 2022, "Salas did not need to wait until March 29, 2023, to raise these purported issues with the Court"). The Court held that Salas's failure to show diligence was "fatal to his motion." *Id.* at *3 (citing *Johnson*, 975 F.2d at 609).

In *Valadez v. County of Los Angeles*, the court denied the plaintiffs' *ex parte* application to amend the scheduling order where they "ha[d] not been diligent in pursuing discovery" and failed to notice depositions until right before the discovery cutoff. 2022 WL 19914191, at *2 (C.D. Cal. Nov. 18, 2022). And in *Sadowski v. Hollywood Unlocked, Inc.*, the court denied dueling *ex parte* requests to continue discovery deadlines where the plaintiff waited to notice depositions until just before the close of fact discovery and the defendants "waited to seek discovery until the eve of discovery cutoff, even though they had ample time to do so beforehand." 2020 WL 10506032, at *2 (C.D. Cal. Dec. 8, 2020). *See also Kim v. BMW of N. Am., LLC*, 2020 WL 13064697, at *1 (C.D. Cal. June 24, 2020) ("The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period.") (quoting *Mission Power Engineering Co., v. Continental Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995)).

Like the plaintiffs in *Salas*, *Valadez*, and *Sadowski*, Plaintiff failed to act diligently in discovery and waited until the last minute to request more time. This does not constitute the required level of diligence to support a continuance.

**1.  Plaintiff has not diligently pursued expert discovery.**

One of Plaintiff's primary arguments on appeal, years ago, was that she needed expert testimony (see Appellant's Opening Br., *Gregorini v. Apple*, No. 20-55664 (9th Cir. Oct. 28, 2020)), and the Ninth Circuit remanded the case in part to allow expert testimony on the issue of substantial similarity. ECF No. 60. Now, Plaintiff claims that a "primary rationale" for her application is that she could not meet the October 20 deadline to submit expert reports (Mot. at 10-11)—a deadline she has known about for months—and attempts to blame her failure on Defendants' purportedly lacking document productions. But this justification does not withstand scrutiny.

Initially, to the extent Plaintiff has retained a substantial similarity expert, such experts typically do not require any documents other than the works at issue, and Plaintiff's argument therefore cannot account for her failure to serve a substantial similarity expert report in a timely manner. Moreover, Plaintiff does not actually say whether she has retained any experts at all, much less prior to the expert disclosure deadline; which documents those experts may require; or which specific categories of Defendants' documents those experts purportedly lack to prepare their reports. In short, Plaintiff's conduct as to experts was anything but diligent. *See Universal Life Church Monastery Storehouse v. King*, 2020 WL 13864794, at *1 (W.D. Wash. March 25, 2020) (denying motion for extension of expert report deadline where defendant "ha[d] not shown that it was diligent in its efforts to obtain the discovery that its experts apparently deem necessary for their reports").

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 2. Plaintiff has not diligently pursued depositions.

To the extent that Plaintiff now claims she needs more time so that she can depose all of Defendants' initial disclosure witnesses, Plaintiff has known about most of these witnesses for months or even years: Defendants first provided their initial disclosures more than three years ago (which contained almost all of the corporate designations that Plaintiff now apparently takes issue with, but never raised before), and by August 31, amended them to include any additional witnesses and contact information. *Id.* ¶¶ 4, 50.[1]  At the very least, Plaintiff should have known whether she intended to depose the eleven individual and corporate defendants when she sued them almost four years ago.[2]  Nevertheless, when Plaintiff moved *ex parte* on October 12 for another continuance of all deadlines in this matter, she still had not noticed a single deposition; to date, she has noticed three party depositions and has not noticed any third-party depositions.  Freeman Decl. ¶¶ 52, 57.[3]

### 3. Plaintiff cannot use Defendants' discovery conduct to mask her inaction.

Plaintiff argues that she needs additional time for discovery because Defendants allegedly served incomplete document productions, and that not all

---

[1] Months ago, Plaintiff also agreed to amend her own initial disclosures—which list eighteen potential trial witnesses but contain no contact information—but did not do so until today.  Freeman Decl. ¶ 59.

[2] While Plaintiff points to the number of parties in this case, this fact stems from her decision to sue a laundry list of defendants, most of whom have no business being in this case.  Plaintiff cannot now use the burden imposed by her own litigation approach as an excuse to push the dates of this case out even further.

[3] Plaintiff's contention that "the parties" have engaged in third-party discovery is misleading.  Mot. at 6.  Defendants have taken multiple third-party depositions and have subpoenaed, received, and produced other third-party documents based on Plaintiff's initial disclosures.  Freeman Decl. ¶ 50.  Plaintiff has not conducted any third-party discovery to date.  *Id.* ¶ 57.

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants have produced documents.  Mot. at 4-5.  These contentions are incorrect.

Despite having to collect millions of documents on behalf of eleven individual and corporate defendants, and despite Plaintiff's refusal to meaningfully engage on ways to agree on a reasonable scope of discovery, Defendants still managed to complete 99% of their productions by June 16, nearly four months ago, and before Plaintiff—a single individual—produced a *single document*.  Freeman Decl. ¶¶ 24, 34.  Plaintiff cannot plausibly claim that Defendants' document productions delayed discovery when she has had almost all their documents for months.  In contrast, she did not produce the vast majority of her documents until less than a month ago, on September 25.  *Id.* ¶ 42.

As Defendants repeatedly have explained to Plaintiff over several months (and as early as May), Defendants have produced all documents.  *Id.* ¶¶ 24-27.  Defendants time and again informed Plaintiff that to avoid duplication, Defendants did not double-produce an individual defendant's documents from both that individual and that individual's corporate entity.  *Id.* ¶¶ 25-26.  As Plaintiff knows from those repeated explanations, Defendants produced documents with one of six Bates-stamp prefixes referencing the producing defendant and including individuals and entities connected to that defendant.[4]  *Id.*  Though Plaintiff repeatedly has

---

[4] Specifically, those prefixes are: "BE-GREGO" (documents produced from Blinding Edge, the Blinding Edge individual defendants Mr. Shyamalan and Mr. Rajan, and Uncle George, which is Blinding Edge's production entity for Servant and does not have documents separate from Blinding Edge); "TB-GREGO" (documents produced from Mr. Basgallop and his corporate entity, Dolphin Black); "APL-GREGO" (documents produced from Apple); "EA-GREGO" (documents produced from Escape Artists and the Escape Artists individual defendants, Mr. Blumenthal, Mr. Black, and Mr. Tisch); "UG-GREGO" (used solely for the relevant insurance policy, which is in Uncle George's name); and "O-GREGO" (documents produced from external sources, including publicly available sources).  Freeman Decl. ¶ 25.

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

inquired about the nature of Defendants' document productions—receiving the same explanation each time—she has not pursued any motion to compel on this issue in the intervening five months.  Nor have Defendants unilaterally "limited" their document productions; instead, the narrowing in Defendants' supplemental responses that Plaintiff broadly references reflects the parties' agreements reached after meet and confers and carefully memorialized over email.  *Id.* ¶ 28.  And despite alleging she intends to use any additional time to file motions to compel, Plaintiff fails to explain with any specificity what is missing from Defendants' productions or why she has not filed those motions in the last several months.  *See* Mot. at 10.  Plaintiff cannot obscure her lack of diligence by conjuring up untrue discovery deficiencies.

### 4.      Plaintiff does not explain why her lead discovery counsel cannot finish discovery.

In the alternative to Defendants' purported misdeeds, Plaintiff proffers that she cannot complete discovery due to her lead counsel's serious health issues.  Defendants are highly sympathetic to Plaintiff's counsel's health, which is why they have agreed to so many extensions and a prior four-month continuance.  But last year, Plaintiff's counsel expressly "turned discovery over" to his colleague, who has been leading that effort ever since, along with a third counsel.  Freeman Decl. ¶¶ 18-19.  Plaintiff's motion does not explain why her lead discovery counsel Ms. Waller—or her co-counsel Mr. Patterson, who first worked on this matter years ago—now cannot finish out just the last few weeks of fact and expert discovery, or why she did not move for a continuance well in advance of the expert and fact discovery cutoff.  Indeed, Ms. Waller and Mr. Patterson have been the ones to handle all depositions taken thus far by Defendants in this matter.[5]

_____

[5] Ms. Waller attended the deposition of Sarah Thorp, where she asserted objections and questioned the witnesses.  Mr. Patterson attended the deposition of Olivia Blaustein, at which he did the same.  In addition, while Plaintiff claims that

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The simple fact is that Plaintiff's counsel has not been diligent in prosecuting this action to date, and her actions do not rise to the level of "good cause" meriting another continuance in this matter.

## B.    Plaintiff Has Not Shown that a Continuance Will Be Effective.

As Plaintiff has not demonstrated diligence, "the inquiry should end" there. *Johnson*, 975 F.2d at 609.  But even if the Court finds Plaintiff to have been diligent, courts may also look to "how likely it is that the need for a continuance [will be] met if the continuance [is] granted"—*i.e.*, whether the continuance actually would resolve the alleged need. *See Flynt*, 756 F.2d at 1359.  Plaintiff previously sought and received a four-month continuance of all dates in this matter, arguing that she needed more time to conduct discovery and depose Defendants.  And four months later, she seeks another six months' extension without providing any specificity regarding what discovery she needs to do, nor any explanation as to why she could not have done that discovery previously.  The Court should deny her motion on this ground as well.  *See U.S. v. Croft*, 124 F.3d 1109, 1118 (9th Cir. 1997) (second factor cut against movant where "there was simply no end in sight").

## C.    Moving the Case Deadlines Prejudices Defendants and Inconveniences the Court.

Again, while diligence carries the day for motions to continue case deadlines, the third *Flynt* factor looks to "the extent to which the continuance [] inconvenience[s] the court and the opposing party, including its witnesses." 756 F.2d at 1359.  There can be no question that pushing out resolution of this case by another six months inconveniences both the Court, before which this case has been pending for nearly four years, and Defendants, who have litigated diligently and are entitled to have some finality.  Defendants should not be forced to litigate this case

---

Plaintiff's counsel hired Mr. Patterson in August 2023, he was on the caption filed in this matter in January 2020.

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in perpetuity based on vague expressions that Plaintiff "needs" more time despite receiving numerous extensions and a prior four-month continuance. Indeed, Plaintiffs' counsel has made it quite clear that any additional time will be used for discovery motions based on alleged conduct from months or even years ago, resulting in even more cost and burden to Defendants.

Defendants began to engage expert witnesses more than a year ago, and their experts have oriented their schedules around the current October 20 disclosure and November 3 rebuttal deadlines since they were put in place in June. *See* Freeman Decl. ¶¶ 10-11, 50; ECF No. 114 (scheduling order). On October 20, Defendants served their expert disclosures and reports as required by this Court's June order. Freeman Decl. ¶ 58. Extending expert discovery deadlines at this point prejudices Defendants by allowing Plaintiff and any experts additional time with Defendants' reports; indeed, Plaintiff's experts can craft even their initial reports around Defendants' reports, whereas they should be limited to only rebuttal reports at this point (assuming those reports are timely served by the November 3 deadline).

Moreover, Defendants made numerous other strategic decisions in this matter based on the current discovery deadlines, including which of Plaintiff's eighteen potential trial witnesses to depose and when to do so, and whether to move to compel on Plaintiff's many deficient discovery responses. Freeman Decl. ¶ 60. To reward Plaintiff's lack of diligence would unfairly prejudice Defendants' efforts based on Plaintiff's litigation tactics and representations. *See First Intercontinental Bank v. AEHCC LLC*, 2012 WL 12973690, at *1-*2 (C.D. Cal. Dec. 19, 2012) (denying defendants' motion to continue discovery cut-off and trial dates by seven and a half months where delay may "force[]" plaintiff "to take a different litigation

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

strategy" in a manner "unfair to Plaintiff, particularly given Moving Defendants' lack of diligence").[6]

### D.   Any Prejudice to Plaintiff Is Her Own Doing.

The final *Flynt* factor looks to whether the movant suffers harm as a result of the district court denying a continuance. 756 F.2d at 1359. This factor must be considered alongside the others, particularly diligence, and is not dispositive on its own. *See Croft*, 124 F.3d at 1118. Here, Plaintiff seems to suggest that only lead counsel could conduct depositions, but there is no explanation why Ms. Waller, his highly experienced colleague who has handled all discovery in this case, could not handle those, particularly given that she and a third counsel, Mr. Patterson (who has many years of experience on this matter), have handled both third-party depositions taken by Defendants to date. In other words, to the extent Plaintiff suffers from any harm as a result of the Court denying her request for a continuance, it will be due solely to her own failure to conduct discovery diligently.

## V.   AT A MINIMUM, THE FACT AND EXPERT DISCOVERY CUTOFFS SHOULD REMAIN INTACT

If this Court is inclined to amend the scheduling order again, Plaintiff's motion provides no basis for extending the expert discovery deadline or fact and expert discovery cutoff, particularly given that Plaintiff extensively argued about the need for expert discovery in connection with her appeal (and failed to meet and confer on this issue). Again, Defendants are sympathetic to Plaintiff's lead counsel's health and thus do not object if the Court extends deadlines other than the discovery cutoffs to allow lead counsel to more fully participate in summary

---

[6] Plaintiff incorrectly states that Defendants' counsel "did not offer any grounds to claim that [their] clients would be prejudiced by the continuance." Erikson Decl. ¶ 21. On the contrary, on their October 20 call, defense counsel provided several reasons Plaintiff's request prejudices Defendants, including Plaintiff's repeated baseless accusations regarding discovery and the unfairness from having to litigate in perpetuity. *See* Jampol Decl. ¶ 3.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

judgment and all other stages of the case.  But his colleague Ms. Waller has been leading all discovery to date, and there is no reason why she cannot finish out the final few weeks of discovery.  Defendants cannot agree to the time and expense associated with continuing the discovery deadlines another four to six months.

## VI.   CONCLUSION

Defendants respectfully request that Plaintiff's motion be denied, and that the Amended Schedule of Pretrial and Trial Dates (ECF No. 114) remain in effect.  At a minimum, Defendants respectfully request that the current fact and expert deadlines remain intact, as Plaintiff has let them pass without diligently prosecuting her case.

DATED: October 27, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

By:   */s/ Cydney Swofford Freeman*
Cydney Swofford Freeman

Attorneys for Defendants

17

OPPOSITION TO MOTION FOR CONTINUANCE
4886-9758-9386v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899