ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>        Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO CONTINUE SCHEDULE OF PRETRIAL AND TRIAL DATES [DKT. 114]**<br><br>**[Supplemental Declarations of David Erikson and Antoinette Waller with Supporting Exhibits Filed Concurrently]**<br><br>Discovery cutoff:   November 17, 2023<br>Pretrial conference: May 24, 2024<br>Trial:                        June 10, 2024<br><br>**Hearing Date: November 17, 2023**<br>**Time:  2:00 pm**<br>**Place:  Remotely via Zoom** |

## I. PLAINTIFF HAS PERSISTENTLY PURSUED DISCOVERY AND ATTEMPTED TO PREPARE HER CASE FOR TRIAL

Defendants make the dual arguments that "numerous" extensions and continuances have been granted and that Plaintiff's lack of diligence should preclude her from designating experts or obtaining discovery. But Plaintiff began her discovery pursuit from the first months this lawsuit was initiated and has consistently and diligently pursued her case. Plaintiff has never delayed the case; to the contrary, despite her lead trial counsel suffering from devastating and debilitating cancer treatments, Plaintiff refrained from seeking continuances and continued to participate fully and steadily in attempting to obtain discovery from Defendants and prepare her case for trial, including preparing for expert witness disclosure and discovery. Defendants, in contrast, have persistently obstructed and delayed Plaintiff's discovery efforts and sought to preclude Plaintiff from obtaining any discovery.

Despite Mr. Erikson's serious health condition, Plaintiff did not request or receive varied extensions. The parties have sought exactly one prior case extension in this matter. That extension was brought as a *Joint* Stipulation. It was based on Mr. Erikson's health in part, but largely on the parties' joint recognition that one month out from the then current discovery cutoff the parties were ill-prepared to conclude discovery. The parties had not taken or scheduled a single deposition. As Plaintiff had repeatedly made known to Defendants, it was crucial that Plaintiff be afforded the opportunity to obtain, ingest, and catalog the documents Plaintiff requested from Defendants before depositions commenced.

Plaintiff knew and Defendants knew that a further extension would be necessary, and that Plaintiff, in the position of David to Apple's Goliath, was at a severe disadvantage when her primary attorney was forced to focus in the short term on health issues and survival just as the discovery and expert deadlines loomed large.

## II. DEFENDANTS' OPPOSITION IS A STUDY IN CONTRADITIONS

In their zeal to disparage Plaintiff and preclude her from obtaining depositions or participating in expert discovery, Defendants offer a string of contradictory arguments. None of Defendants' arguments has merit.

Defendants' contradictory assertions include:

- Defendants argue Plaintiff pursued robust discovery including over 600 discovery demands to Defendants. But Defendants also argue, Plaintiff failed to pursue discovery and was not diligent. Declaration of Cydney Swofford Freeman in Support of Defendants' Opposition to Motion to Continue ("Freeman Decl.") ¶ 3; Defendants' Opposition ("Opp."), Section IV.A.

- Defendants argue Plaintiff's discovery was so onerous it took them 16 months of focused efforts from February 2022 when the case was remanded to June 2023 to locate and begin producing responsive documents. But Defendants also argue that once Defendants finally produced those tens of thousands of pages of documents in June, August and September 2023, Plaintiff should have immediately been able to review, catalog, and digest the documents such that she could instantly take and conclude depositions within weeks of the documents' belated production. Freeman Decl., ¶ 13; Opp. at 16:8-10.

- Defendants argue that even though most of the documents Defendants ultimately produced were nothing more than Defendants' own initial disclosure documents, that Defendants had identified in April 2020 as being ready for inspection as required under Federal Rule of Civil Procedure 26, Defendants should not be held accountable for the years' delay in producing those documents. Supplemental Declaration of Antoinette Waller ("Supp. Waller Decl."), ¶¶ 10, 12.

- Defendants argue that even though Defendants did not initiate any discovery whatsoever prior to September 2022, and did not even begin producing documents in response to Plaintiff's March and April 2020 document demands until the summer of 2023, Defendants' belated discovery should take precedence and Defendants should face no sanction for their dilatory discovery conduct. Freeman Decl., ¶¶ 12, 24.

- Defendants argue that Plaintiff's targeted and discreet discovery to Defendants is unduly burdensome and illegitimate. Defendants show no such concern for the twelve sets of discovery Defendants simultaneously served on Plaintiff propounding hundreds of document demands and interrogatories at once, after years of failing to serve any discovery at all. Id., ¶ 12.

- Defendants argue that even though they had identified their initial disclosure documents in April 2020, and promised to produce those documents in May 2020 in response to Plaintiff's document demands, it was reasonable for Defendants to withhold those documents from production through and until the time that Plaintiff was forced to bring a motion to compel Defendants' production of the documents. Defendants neglect to acknowledge that the Court granted Plaintiff's motion to compel and ordered Defendants to produce their initial disclosure documents. Waller Supp. Decl., ¶ 10.

- Defendants argue that Plaintiff's discovery requests are overbroad and onerous even though Defendants' ultimate document production consisted almost exclusively of Defendants' own initial disclosure documents. [Declaration of Antoinette Waller ("Waller Decl."), ¶ 9; Waller Supp. Decl., ¶ 10.]

- Defendants argue that even though Defendants had not taken or noticed a single deposition by June 2023, one month before the original discovery

cutoff, Defendants would have been ready and able to conclude discovery without the joint continuance the parties sought that month and to produce their expert disclosures by the then existing June 16, 2023, deadline. But Defendants also asserted and affirmed in the parties' joint stipulation signed June 8, 2023, that "this action involves voluminous and complicated discovery involving numerous parties and complex factual and legal issues". [Dkt. 113, at 3:4-5.]

- Defendants argue Plaintiff should be deprived of her lead trial counsel's participation in depositions and expert discovery because another attorney representing Plaintiff has also participated in the parties' written discovery battles. Defendants fail to acknowledge that they send no less than three attorneys to every event in this action and have had three attorneys simultaneously appear at each of the two depositions taken to date. Plaintiff should not be prejudiced because her attorney has fallen seriously ill.

- Defendants argue that Plaintiff has somehow been non-cooperative in deposition scheduling efforts even though Defendants have repeatedly unilaterally set and reset depositions over the past three weeks without ever consulting Plaintiff or seeking Plaintiff's or her counsel's availability. Waller Suppl. Decl. ¶ 13.

### III. DEFENDANTS SHOW NO JUSTIFICATION TO NEGATE MS. GREGORINI'S GOOD CAUSE ARGUMENTS

**A. Plaintiff's Counsel's Unexpected Health Challenges Present Good Cause for Continuance**

Following the filing of this motion on October 20, Plaintiff's primary handling attorney on this matter, David Erikson, has been presented with new health challenges, but has also restarted chemotherapy treatments and is preparing to return his full focus to this matter. Supplemental Declaration of David Erikson ("Erikson

Suppl. Decl."), ¶¶ 7-11.

Contrary to Defendants' assertions, Mr. Erikson has been working with expert witnesses and preparing expert reports and analyses. Mr. Erikson's health setbacks have greatly inhibited such preparation. Erikson Suppl. Decl. ¶¶ 14-15. If the requested continuance is granted, Plaintiff will have full expert reports ready for production. Id.

### B. Defendants' Dilatory and Intransigent Resistance to Discovery Warrants Granting the Requested Continuance

Years into this litigation, Plaintiff is still fighting to receive basic information from Defendants. In responding to Plaintiff's discovery Defendants have refused to provide substantive information. In addition to the document production issues discussed in the moving papers, and earlier here, Defendants have also failed to provide other types of discovery. For example, in response to Plaintiff's interrogatories seeking information concerning the introduction of a reborn doll into the *Servant* script, and identity of the persons and communications involving the creation, development, production, and revenues of *Servant*, defendant Apple produced essentially no information at all. Apple asserted boilerplate objections to every interrogatory. Plaintiff is currently meeting and conferring with Defendants on these discovery failures and anticipates having to pursue yet another motion to compel to obtain this information. Waller Suppl. Decl., ¶ 14.

### IV. THE REQUESTED CONTINUANCE IS WARRANTED

Plaintiff has demonstrated that she has been diligent in preparing for trial; that if the requested continuance is granted Plaintiff will be able to conclude her discovery and complete her expert disclosures; if no continuance is granted Plaintiff will be irreparably prejudiced by not being able to conduct discovery and by being deprived of expert witness testimony; and that there is minimal prejudice or inconvenience to Defendants for the delay. Under such circumstances, continuance is warranted. *Lee v. United States*, 2018 WL 1281388, at *1 (D. Nev. Feb. 22,

2018). *United States v. Kloehn*, 620 F.3d 1122, 1128 (9th Cir. 2010) (when Plaintiff has otherwise been diligent in prosecuting her case, denial of a trial continuance in the face of illness of a trial participant is unwarranted).

In opposition to this Motion Defendants state that while they continue to oppose any continuance of the discovery cutoff or expert disclosure deadlines, they may be amenable to continuing *only* the post-discovery and post-expert deadlines. Opp at Section V. But such continuance would provide no comfort or assistance to Plaintiff. If Plaintiff is deprived of discovery and expert support, there would be no reason to delay trial or allow further time for Defendants to pursue a summary judgment motion.

Since the outset of this case Defendants have argued that they should not be subjected to discovery and that they should be permitted to seek summary judgment while barring Plaintiff from investigating her claims or determining when and how Defendants' television series came to copy Plaintiff's work. Now, by having stalled and obstructed Plaintiff's discovery efforts and having the opportunity to benefit from Plaintiff's counsel's illness, Defendants hope to achieve that which they sought all along—foreclosing Plaintiff's pursuit of this lawsuit while also depriving Plaintiff of the benefit of discovery or expert analysis. Defendants should not be permitted to benefit in such fashion from their discovery obstructions and from Plaintiff's counsel's devastating and unanticipated illness.

## V.   CONCLUSION

A brief continuance of the discovery and expert disclosure deadlines and related delay of trial of this case will not cause undue prejudice. Ms. Gregorini should not suffer because of Defendants' obstreperous discovery tactics or because Ms. Gregorini's lead counsel became ill with cancer as this case progressed. Plaintiff therefore requests that the Court grant the motion and continue the discovery cutoff date, reopen the expert disclosure deadline, and otherwise continue pretrial dates and deadlines in this matter by 180 days (six months).

Respectfully submitted,

DATED: November 3, 2023           ERIKSON LAW GROUP

                                        By:     */s/David Erikson*
                                        David Erikson, Attorneys for Plaintiff