ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>          Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>**SUPPLEMENTAL DECLARATION OF ANTOINETTE WALLER IN SUPPORT OF PLAINTIFF'S MOTION TO CONTINUE SCHEDULE OF PRETRIAL AND TRIAL DATES [DKT. 114]**<br><br>Discovery cutoff:    November 17, 2023<br>Pretrial conference:  May 24, 2024<br>Trial:                      June 10, 2024<br><br>**Hearing Date:November 17, 2023<br>Time:  2:00 pm<br>Place:  Remotely via Zoom** |

I, Antoinette Waller declare:

1.      I am an attorney admitted to practice before all courts of the State of California and before this Court. I represent Plaintiff Francesca Gregorini ("Plaintiff" or "Ms. Gregorini") in this action. I submit this supplemental declaration in support of Ms. Gregorini's motion to continue dates. I have first-hand, personal knowledge of the facts set forth in this Declaration, and if called to testify, could and would testify as follows.

2.      Despite lead trial counsel David Erikson's unexpected cancer diagnosis, surgery, and treatment, prior to June 2023, Plaintiff had not sought any trial or pretrial continuance in this matter.

3.      Plaintiff diligently pursued discovery from the case's inception, serving targeted document requests at her first opportunity.

4.      During March and April 2020, to Defendants Apple, Shyamalan, Basgallop, Uncle George, Dolphin Black, and Blinding Edge, Plaintiff served two sets of requests for production. The document requests sought, among other key case materials and communications, Defendants' initial disclosure documents identified in Defendants' initial disclosures dated and served April 8, 2020. As to defendants Escape Artists, Tisch, Black, Rajan, Blumenthal, Plaintiff's document requests sought *only* Defendants' initial disclosure documents.

5.      In April 2020, Defendants served Joint Initial Disclosures such that all Defendants jointly stated and disclosed the documents they may rely on at trial as required to be disclosed under Federal Rule of Civil Procedure 26(a). Defendants' April 8, 2020, Initial Disclosures identified the following nine categories of documents (the "Initial Disclosure Documents") that Defendants stated they had in their possession, custody, or control and may rely on at trial: a) The episodes in

Servant's first season. b) Documents and communications relating to Mr. Basgallop's ideas and plans for Servant. c) Documents and communications relating to Servant's development and production. d) Emanuel; e) Documents and communications regarding the creation and copyright ownership of Emanuel; f) Documents and communications regarding Emanuel's release and distribution; g) Documents and communications, if any, regarding attempts to license, monetize, or adapt Emanuel; h) Documents and communications regarding Plaintiff's professional history and related earnings; i) Documents regarding other works that reflect elements over which Plaintiff claims ownership in this suit.

6.     This case was remanded to this court on February 22, 2022. Despite having over 15 months to produce their documents following the case remand, by May 2023, Defendants had not produced any documents in this action, including their Initial Disclosure Documents. The discovery cutoff at that time was July 17, 2023.

7.     Plaintiff engaged in extensive meet and confer efforts with Defendants attempting to have Defendants produce their documents including their Initial Disclosure Documents.

8.     Because of Defendants' intransigence and refusal to produce documents, Plaintiff was forced to file a motion to compel the Initial Disclosure Documents in May 2023. Defendants opposed Plaintiff's motion to compel and continued to resist producing their Initial Disclosure Documents. By May 5, 2023, when Plaintiff filed her motion to compel, Defendants had not produced a single document other than the subject insurance policy. And even as to the insurance policy, Defendants had delayed producing it until February 27, 2023, over a year after the case was remanded.

9.      While I played a significant role in the discovery meet and confer efforts during the early months of 2023 and through the Spring of this year, throughout that time Plaintiff's lead counsel, David Erikson, continued to participate in discovery. We always knew and intended that Mr. Erikson would play a lead role in depositions taken in this matter. Defendants counsel knew Mr. Erikson was involved and participating in discovery and continued to interact with Mr. Erikson on discovery issues. For example, on May 1, 2023, Defendants' counsel Nick Jampol, wrote a 16-page letter concerning discovery issues to Plaintiff's counsel. Mr. Jampol addressed the letter to Mr. Erikson and me, with the following salutation, "Dear David and Antoinette."

10.      On May 26, 2023, the Court ordered Defendants to produce and identify their Initial Disclosure Documents. (Dkt. 110). On June 13, just *one month* before the initial discovery cutoff in the matter, pursuant to the Court's order, Defendant Uncle George produced amended responses to plaintiff's first set of requests for production and identified the Initial Disclosure Documents. Defendants' identified thousands of pages of documents as their Initial Disclosure Documents (the bates numbers listing these documents is alone hundreds of pages. See Exhibit 3 to Waller Declaration in Support of Motion at ¶ 9. (Dkt. 124-2). Indeed, a significant percent of Defendants' entire document production in this matter consists of Defendants' Initial Disclosure Documents. Id. In other words, the documents that Defendants required years to identify and produce largely consisted of Defendants' own Initial Disclosure Documents.

11.      Plaintiff needed Defendants' document productions to prepare her case. Plaintiff, through her counsel, repeatedly advised Defendants, through their counsel, that Plaintiff could not prepare for depositions or prepare her claims and

defenses against Defendants, until Plaintiff had the opportunity to receive and review Defendants' documents including the Initial Disclosure Documents.

12. From the time Defendants first began producing documents in June 2023, Plaintiff has undertaken extensive efforts to review and analyze Defendants' documents. Despite Plaintiff having requested Defendants' revenue and profits documents in her original discovery requests in March and April 2020, Defendants did not produce any such documents until August 31, 2023, and September 12, 2023. At that time Defendants produced a small group of documents. Plaintiff disputes that Defendants have complied with their discovery obligations and disputes that Defendants have produced documents Plaintiff originally requested in March and April 2020. Plaintiff is currently continuing to pursue meet and confer efforts with Defendants counsel.

13. To date only two depositions have been taken in this case. The first deposition was taken on September 29, 2023. Another deposition was taken on October 3, 2023. Both those depositions were unilaterally set by Defendants' counsel with no input or advance notice to Plaintiff's counsel. Three attorneys from Defendants' counsel's offices attended both of those depositions. Since late September, Defendants have been unilaterally noticing depositions without any input from Plaintiff. On numerous occasions over the past several weeks Defendants have set (and rescheduled) depositions without any inquiry to Plaintiff (or even a head's up) that they would be setting the deposition. For example, Defendants unilaterally scheduled a deposition for non-party witness Rooney Mara for Monday November 6. Defendants gave Plaintiff no advance warning of this deposition before serving the deposition notice. Nor did Defendants seek to set the deposition in coordination with Plaintiff's or her counsel's calendar. Today,

November 3, late in the afternoon, zero court days before the Monday deposition, Defendants unilaterally reset the deposition for November 9 at 9:00 am.  Plaintiff's counsel is not available at that time.

14.     On October 30, 2023, defendant Apple Inc. served responses to Plaintiff's interrogatories. In contravention of Federal Rule of Civil Procedure 33(b), Apple failed to provide a client verification for the interrogatory responses. Apple asserted boilerplate objections in response to every interrogatory. Apple largely failed to provide any substantive information in the interrogatory responses. Upon receiving the discovery responses, I immediately wrote a meet and confer letter to Defendants' counsel under Local Rule 37-1 and sought a meet and confer conference. I proposed the conference occur on November 6.

15.     As of June 8, 2023, when the parties submitted their (sole prior) Joint Stipulation to Continue dates, Defendants had not taken a single deposition. Nor had Defendants scheduled any depositions. At that time the expert disclosure deadline was June 16, 2023, just a week later. Defendants had not even made their first document productions. Plaintiff had not had the opportunity to even begin her review of documents.

16.     Throughout May and June 2023 Plaintiff's lead trial counsel, David Erikson was repeatedly hospitalized following sudden health crises. I discussed Mr. Erikson's health situation many times with Defendants' counsel Ms. Freeman and explained to her the daunting challenges Mr. Erikson's illness placed on himself and on the Erikson Law Group practice. At that time, I was the only other attorney working with Mr. Erikson. I discussed with Ms. Freeman and other of Defendants' counsel on numerous occasions that Plaintiff would need to obtain all Defendants' documents and would need to have the opportunity to review and examine

Defendants' documents before proceeding with depositions. I also discussed with Ms. Freeman and other of Defendants' counsel that Plaintiff intended on taking her full complement of ten depositions once Defendants' document productions had been fulfilled and the documents reviewed.

17.    On August 31, 2023, Defendants served their second amended initial disclosures. Defendants' new initial disclosures increased the number of witnesses identified by Defendants to 22 categories. In all, in their August 31 initial disclosures Defendants identified multiple dozens of witnesses with relevant information that Defendants may use at trial including several corporate entities. Defendants also continued to include a catch all category of "[w]itnesses to be identified who may have discoverable information regarding the development of *Servant*." Id.


I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing facts are true and correct.

I am executing this Declaration on November 3, 2023, in Los Angeles, California.


*/s/Antoinette Waller* _____
ANTOINETTE WALLER