NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>                    Plaintiff,<br><br>     vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION AND TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR SAME**<br><br>Discovery Cutoff:   November 17, 2023 |

## *EX PARTE* APPLICATION

**PLEASE TAKE NOTICE** that defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") will and hereby do apply *ex parte* (a) to compel plaintiff Francesca Gregorini to appear for deposition based on her failure to appear for her properly noticed and agreed-upon deposition on November 14, 2023 and (b) for a modification of the scheduling order to allow Plaintiff's deposition to take place the week of November 27, 2023, which is after the current discovery cutoff. This Application is made pursuant to Local Rule 7-19 and this Court's procedures.

Defendants have good cause to bring this application on an *ex parte* basis for the following reasons:

1. After Defendants initially noticed Plaintiff's deposition more than one year ago, Plaintiff's counsel ultimately proposed and agreed to a date of November 14, 2023, just three days before the fact and expert discovery cutoff. Plaintiff failed to appear for that deposition. Because the cutoff is in two days, there is insufficient time for Defendants to pursue a noticed motion to compel her appearance.

2. Defendants have been diligent in their efforts to depose Plaintiff and are without fault in creating the situation necessitating this *ex parte* application. Defendants originally noticed Plaintiff's deposition in September 2022 and accommodated Plaintiff's request to delay her deposition until November 14, 2023.

3. Defendants will be irreparably prejudiced if Plaintiff is not compelled to comply with her obligation to be deposed.

Pursuant to Local Rule 7-19.1, on November 13, 2023, Defendants' counsel informed Plaintiff's counsel of the intent to file this Application should their client not appear for her November 14 deposition. Declaration of Nicolas A. Jampol ("Jampol Decl.") ¶¶ 2-3. The contact information for Plaintiff's counsel is: David

1
EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | Erikson, Antoinette Waller, and Ryan Patterson, 200 N. Larchmont Blvd., Los
2 | Angeles, CA 9004, (323) 465-3100, david@daviderikson.com,
3 | antoinette@daviderikson.com, ryan@daviderikson.com.  Plaintiff opposes this
4 | Application. *Id*.

5 |       This Application is based upon the accompanying Memorandum of Points
6 | and Authorities; the Declarations of Cydney Swofford Freeman and Nicolas A.
7 | Jampol filed concurrently; the complete papers, files, pleadings, and records on file
8 | in this action, as well as such further oral and documentary evidence that may be
9 | presented at any hearing on this Application.

11 | DATED: November 15, 2023        DAVIS WRIGHT TREMAINE LLP
12 |        NICOLAS A. JAMPOL
       CYDNEY SWOFFORD FREEMAN
13 |        MEENAKSHI KRISHNAN
       SAMANTHA LACHMAN

14 |        By:    /s/ Cydney Swofford Freeman

16 |        Attorneys for Defendants

2
EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The discovery cutoff in this action is in two days. Defendants noticed Plaintiff's deposition months ago (indeed, initially more than a year ago), and the parties agreed Plaintiff would appear for her deposition on November 14 – the only date offered by Plaintiff's counsel. But yesterday, November 14, Plaintiff did not appear. With the discovery cutoff this Friday, Defendants have no choice but to seek *ex parte* relief.

Plaintiff refuses to appear for deposition (or to produce her expert witnesses for deposition, along with two third-party witnesses represented by Plaintiff's counsel) based on her seeming certainty that the Court will grant her pending motion to continue all deadlines in this action. *See* Dkt. 124. But Plaintiff's pending motion does not give her the right to refuse to adhere to existing deadlines and discovery obligations. Defendants seek to compel Plaintiff's deposition and a modification to the scheduling order to allow Plaintiff's deposition—and only Plaintiff's deposition—to take place after the November 17 discovery cutoff.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Three days before her duly noticed October 20, 2023 deposition, Plaintiff refused to appear; Plaintiff's counsel claimed her earliest availability was November 14, 2023, only three days before the close of fact discovery. Defendants accommodated Plaintiff's request and re-noticed the deposition. Plaintiff did not appear for her deposition and did not provide any alternative date, much less one within the current discovery period. The parties' extensive communications regarding Plaintiff's deposition are laid out as Exhibits 89 through 97 to the Certificate of Non-Appearance. *See* Declaration of Cydney Swofford Freeman ("Freeman Decl.") ¶ 9 Ex. 1. In summary:

- Defendants originally noticed Plaintiff's deposition on September 22, 2022 and scheduled it for December 8, 2022. Declaration of Cydney Swofford

3
EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Freeman ("Freeman Decl.") ¶ 2.  As Plaintiff had not yet produced her documents as the date approached, Defendants took the deposition off-calendar pending Plaintiff's document productions.  *Id.*

- Nearly a year after they first noticed Plaintiff's deposition, Plaintiff still had not produced the vast majority of her responsive documents in this case. Freeman Decl. ¶ 3.  But with the November 17 discovery cutoff looming, on September 20, 2023, Defendants served an amended notice of deposition on Plaintiff for October 20.  *Id.*

- Two weeks later, on October 4, Plaintiff's counsel Antoinette Waller emailed Defendants' counsel asking for dates—for the first time—for three defendants' depositions.  In the same email, Ms. Waller claimed she was "looking into" the October 20 date and stated that Plaintiff would only appear for a deposition after scheduling the three depositions she requested.  *Id.* ¶ 4.  The following day, October 5, Defendants' counsel informed Ms. Waller that Defendants would provide the requested dates, and that as to Plaintiff's deposition, Defendants were "more than willing to work with [her] on a more convenient date, but it must be close in time to October 20."  *Id.* ¶ 5.

- On October 11, not having received a response regarding Plaintiff's deposition, Defendants' counsel reminded Ms. Waller that "Ms. Gregorini's deposition remains noticed for October 20.  *Id.* ¶ 6.  Counsel continued: "We are happy to agree on another date close in time to October 20, but so far you have provided no alternative dates."  *Id.*

- Plaintiff's counsel did not reply until October 17, 2023, three days before the scheduled deposition.  Ms. Waller then informed Defendants' counsel that "[w]e are unavailable October 20 and Ms. Gregorini's deposition will not move forward on that date.  We can discuss alternate dates.  Currently our only available dates prior to the current deadline are the week of November 14."  *Id.* ¶ 7. Defendants' counsel agreed to take the October 20 deposition off-calendar and re-

4
EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

notice it for November 14 if Ms. Waller would confirm that Plaintiff indeed would appear in Defendants' counsel's office on November 14. *Id.* Ms. Waller confirmed, and Defendants served an amended notice. *Id.*

- One week before the agreed upon deposition, on November 7, 2023, Ms. Waller notified Defendants' counsel that Plaintiff would not appear. Ms. Waller claimed this was due both to Plaintiff's counsel David Erikson's health and "other scheduling issues." *Id.* ¶ 8. (Plaintiff's counsel did not provide details as to what those "other scheduling issues" were.) Defendants' counsel responded that because the Court-ordered discovery cutoff was only three days later, the November 14 deposition needed to move forward. *Id.* Plaintiff's counsel did not reply. *Id.*

- On November 13, 2023, Defendants' counsel Nicolas A. Jampol and Meenakshi Krishnan met and conferred with Ms. Waller on Plaintiff's threatened motion to compel certain of Apple's responses to Plaintiff's interrogatories. Jampol Decl. ¶ 2. During that call, Defendants' counsel asked whether Plaintiff would appear at her deposition the next day, as agreed. *Id.* Ms. Waller said she would not. *Id.* Defendants' counsel explained that with the court-ordered discovery cutoff set for November 17, Defendants would have no choice but to seek relief from the Court if Plaintiff did not appear for her deposition. *Id.* Defendants' counsel memorialized their conversation with an email that same day, confirming that if Plaintiff did not appear on November 14, Defendants would file an *ex parte* application to compel her deposition the week of November 27 and to modify the scheduling order for the sole purpose of allowing the same. *Id.* ¶ 3. On November 14, 2023, Ms. Waller responded that Plaintiff would oppose the *ex parte* application and that neither she nor Ms. Gregorini were available the week of November 27. *Id.* ¶ 4.

5
EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- On November 14, 2023, Plaintiff failed to appear for her deposition. Freeman Decl. ¶ 9. Plaintiff has not moved for a protective order.[1]

### III.  *EX PARTE* RELIEF IS WARRANTED

A party seeking *ex parte* relief must establish that (1) its case "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendants' *ex parte* application satisfies this standard.

As to the first factor, the discovery cutoff in this case is November 17, 2023, only two days from now. Dkt. 114. Defendants accordingly cannot file a regularly noticed motion to compel Plaintiff's deposition prior to the cutoff. Without the benefit of Plaintiff's deposition, Defendants will be deprived of crucial evidence that is critical to their defense of this case.

As to the second factor—and most importantly—Defendants are not at fault for creating the urgency necessitating *ex parte* relief. As discussed above, Defendants first noticed Plaintiff's deposition more than a year ago and rescheduled the deposition to accommodate Plaintiff. Indeed, Plaintiff's counsel proposed November 14 for Plaintiff's deposition. And yet Plaintiff failed to appear as promised.

Accordingly, *ex parte* relief is justified and necessary in this case. *See, e.g., Edge Sys. LLC v. Ageless Serums LLC*, 2021 WL 7286039, at *1 (C.D. Cal. Nov. 15, 2021) (holding that a plaintiff "easily met the standard for *ex parte* relief" when a defendant failed to appear at a deposition eight days before the discovery cutoff

---

[1] Plaintiff's counsel similarly has refused to produce other witnesses they purport to control for depositions, including their expert witnesses and two fact witnesses named in Plaintiff's initial disclosures (Tatiana von Furstenberg and Barbara Bach Starkey). Given the current discovery cutoff, Defendants have not filed for *ex parte* relief on these grounds, but may seek appropriate evidentiary or other sanctions in the future through a duly noticed motion. Freeman Decl. ¶ 10.

6

EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

date); *King v. OCWEN Loan Servicing, LLC*, 2017 WL 11631991, at *2 (C.D. Cal. Mar. 27, 2017) (granting *ex parte* application to compel a deposition when a plaintiff refused to appear for a deposition scheduled on the last day before the discovery cutoff).

## IV. PLAINTIFF SHOULD BE COMPELLED TO APPEAR

A party's failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2); *Societe Civile Succession Guino v. Renoir*, 305 F. App'x 334, 338 (9th Cir. 2008), *as amended on denial of reh'g,* 2009 U.S. App. Lexis 6872 (9th Cir. Apr. 1, 2009). Here, Plaintiff has not argued that Defendants' deposition notice was improper, nor has she moved for a protective order. Instead, Plaintiff seems certain that the Court will grant her pending motion to continue all deadlines in this case (*see* Dkt. 124), including the fact discovery cutoff, and refuses to appear because she intends to appear at some unspecified later date. But as of this filing, the fact discovery cutoff remains November 17, 2023. *See* Dkt. 114. Accordingly, Defendants request that the Court (1) compel Plaintiff to appear for deposition in Defendants' counsel's office between November 27, 2023 and December 1, 2023; and (2) modify the scheduling order to allow for this deposition—and only this deposition—to take place after the cutoff.[2]

## V. LEAVE TO DEPOSE PLAINTIFF IS JUSTIFIED

Federal Rule of Civil Procedure 16(b)(4) provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

---

[2] Because Defendants' motion for summary judgment is currently due on or before December 15, 2023, Defendants need to conduct Plaintiff's deposition with sufficient time before that deadline.

7
EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1992). When determining whether to grant or deny a continuance for any purpose, courts consider four factors: (1) the movant's diligence in preparing the case for trial, (2) the need for a continuance, (3) whether the grant of a continuance will inconvenience the court and the opposing party, and (4) whether the movant will suffer harm as a result of denial. *United States v. 2.61 Acres of Land*, 791 F.2d 666, 671 (9th Cir. 1985). A district court has "wide discretion" over the time and place of depositions and to extend discovery deadlines. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Here, all four factors support leave for the sole purpose of deposing Plaintiff.

First, as explained above, Defendants have been diligent in attempting to depose Plaintiff. Defendants originally noticed Plaintiff's deposition on September 22, 2022 and scheduled it for December 8, 2022. Since then, Defendants have agreed to reschedule Plaintiff's deposition on multiple occasions. Indeed, just a few weeks ago, Defendants agreed to Plaintiff's counsel's proposal that Plaintiff appear for deposition on November 14. When Plaintiff did not appear for the deposition, Defendants did not delay in seeking *ex parte* relief.

Second, Defendants have a significant need for the limited modification to the scheduling order. Plaintiff's counsel selected the deposition date, Plaintiff was properly noticed for her deposition on that date, and then Plaintiff and her counsel failed to appear. Leave is necessary so that Defendants may depose Plaintiff before they file their motion for summary judgment.

Third, Plaintiff and this Court will not be inconvenienced by a limited modification solely to take Plaintiff's deposition after the cutoff. Regardless, prejudice to the party opposing modification is a "secondary consideration." *See Afshar v. City of Sacramento*, 2006 WL 1652672, at *2 (E.D. Cal. June 14, 2006) (granting motion to amend the scheduling order). *See also Galvan v. Duffie*, 2019 WL 6448958, at *4 (C.D. Cal. June 25, 2019) (reasoning that the defendant would

8

EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

not suffer substantial prejudice where the scope of the plaintiff's request was "narrow and for the sole purpose of completing" previously noticed depositions).

Fourth, Defendants will suffer significant harm if the modification is denied and they are unable to depose Plaintiff, who brought this action against eleven defendants and has refused to appear for a duly noticed deposition. *See Landes v. Skil Power Tools*, 2013 WL 6859837, at *5 (E.D. Cal. Dec. 30, 2013) (granting motion to modify scheduling order where "the potential injustice" to the movant should the court deny the motion warranted amendment).

## VI. CONCLUSION

Defendants respectfully request that the Court grant this application, compel Plaintiff to attend a deposition between November 27, 2023 and December 1, 2023, and modify the scheduling order to allow for such deposition.

DATED: November 15, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

By: /s/ *Cydney Swofford Freeman*

Attorneys for Defendants

9
EX PARTE APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION
4860-7850-5102v.9 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899