ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  david@daviderikson.com
Antoinette Waller (SBN 152895)
  antoinette@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Francesca Gregorini

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>      Plaintiff,<br><br>    v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>      Defendants. | Case No. 2:20-cv-00406-SSS-JC<br>Hon. Sunshine S. Sykes<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL PLAINTIFF'S DEPOSITION AND TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR SAME**<br><br>Discovery cutoff:  November 17, 2023<br>Pretrial conference:  May 24, 2024<br>Trial:  June 10, 2024 |

1  Plaintiff Francesca Gregorini submits this opposition to Defendants' *ex parte*
2  application to compel Ms. Gregorini's deposition and to modify the scheduling
3  order to "allow Plaintiff's deposition—and only Plaintiff's deposition—to take place
4  after the discovery cutoff, between November 27 and December 1." [Defendants'
5  Proposed Order, Dkt. 129-3].

6  Plaintiff's motion to continue schedule of pretrial and trial dates (the "Motion
7  to Continue") is pending and under submission before this Court. [Dkt. 124]. The
8  Court took the Motion to Continue under submission yesterday before Defendants
9  filed this *ex parte* application. [Order, Dkt. 28.] By her Motion to Continue, Plaintiff
10 seeks a six-month continuance of the discovery cutoff and expert witness disclosure
11 deadlines as well as all other pretrial dates and the trial date. The motion was
12 necessitated by Defendants' obstreperous and outrageous discovery conduct and
13 failure to fulfill their discovery obligations, and because of the calamitous and
14 devastating health crises being endured by Plaintiff's lead counsel, David Erikson,
15 who is battling colon cancer.

16 Plaintiff respectfully refers the Court to her papers filed in support of the
17 Motion to Continue, Dkt. 124 (Motion to Continue); Dkt. 124-1 (Declaration of
18 David Erikson), Dkt. 124-2 (Declaration of Antoinette Waller), Dkt. 126 (Reply
19 Supporting Motion to Continue), Dkt. 126-1 (Supplemental Declaration of
20 Antoinette Waller), Dkt. 126-2 (Supplemental Declaration of David Erikson), and
21 Dkt. 127 (Second Supplemental Declaration of David Erikson ("Erikson Suppl.
22 Decl.").

23 Plaintiff has not "refused to appear for a duly noticed deposition" as
24 Defendants disingenuously claim. [Application at 9:5-6]. After Ms. Gregorini filed
25 her Motion to Continue, Mr. Erikson was hospitalized on an emergency basis on
26 November 6. [Erikson Suppl. Decl., Dkt. 127, ¶ 5]. Mr. Erikson remains in the
27 hospital. He does not currently have a release date. [Id., ¶ 9.] When it became clear
28 that Mr. Erikson would need to stay in the hospital for some time, Plaintiff's counsel

advised Defendants' counsel in writing on November 7, that due to counsel's hospitalization and the overwhelming number of case issues and scheduling challenges Plaintiff and her counsel currently face, Plaintiff would be unable to appear on November 14 for her deposition, but that Plaintiff would appear after the cutoff on a mutually agreeable date. [Id., ¶ 10]. Defendants insisted that the deposition would go forward on November 14. But, as Plaintiff's counsel explained, given the chaos that resulted from Mr. Erikson's unexpected hospitalization it was simply not possible.

      Defendants thereafter filed this *ex parte* application demanding the deposition take place immediately after Thanksgiving. The three days demanded by Defendants are not feasible for Plaintiff or her counsel.

      Plaintiff is fully willing to appear for her deposition and to work out a mutually agreeable deposition schedule with Defendants. It is simply not possible, however, for the deposition to take place the days Defendants demand.

      Plaintiff respectfully requests that the Court deny Defendants' *ex parte* request.

DATED: November 16, 2023        ERIKSON LAW GROUP

                                    By:   */s/David Erikson*
                                             David Erikson, Attorneys for Plaintiff