NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
SAMANTHA LACHMAN (State Bar No. 331969)
  samlachman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566

Attorneys for Defendants

ROBINS KAPLAN LLP
Michael A. Geibelson (State Bar No. 179970)
  mgeibelson@RobinsKaplan.com
Patrick M. Arenz (*pro hac vice*)
  parenz@RobinsKaplan.com
Emily E. Niles (*pro hac vice*)
  eniles@RobinsKaplan.com
2121 Avenue of the Stars Suite 2800
Los Angeles, CA 90067

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>Referred to: Hon. Jacqueline Chooljian, United States Magistrate Judge<br><br>**—DISCOVERY MATTER—**<br><br>**JOINT STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH DISCOVERY ORDER AND FOR SANCTIONS**<br><br>Discovery cutoff:    May 17, 2024<br>Pretrial conference: November 22, 2024<br>Trial:                      December 9, 2024<br>Hearing Date:        May 14, 2024<br>Time:                     9:30 a.m.<br>Courtroom:           750 |

---

1

# TABLE OF CONTENTS

I.    INTRODUCTORY STATEMENTS ................................................................ 2

    A.    Defendants' Introductory Statement ................................................ 2

    B.    Plaintiff's Introductory Statement .................................................. 3

II.    JOINT SPECIFICATION OF ISSUES IN DISPUTE .................................. 6

    A.    Request for Production 10 ............................................................... 6

    B.    Requests for Production 17-20 ....................................................... 8

    C.    Requests for Production 23-24, 26, 74, 77 .................................... 17

    D.    Requests for Production 35-36 ...................................................... 26

    E.    Request for Production 37 ............................................................. 31

    F.    Request for Production 43 ............................................................. 34

    G.    Requests for Production 44-54 ...................................................... 36

    H.    Requests for Production 55-65 ...................................................... 55

    I.    Requests for Production 66-67 ...................................................... 65

    J.    Requests for Production 68-72 ...................................................... 69

    K.    Requests for Production 75-76 ...................................................... 74

    L.    Requests for Production 78-81 ...................................................... 79

    M.    Request for Production 82 ............................................................. 85

    N.    Request for Production 83 ............................................................. 89

    O.    Request for Production 85 ............................................................. 91

    P.    Request for Production 93 ............................................................. 94

    Q.    Defendants' Requested Resolution ................................................ 96

    R.    Plaintiff's Requested Resolution ................................................. 100

III.    CASE SCHEDULE ................................................................................. 103

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Defendants Uncle George Productions, LLC ("Uncle George") and Blinding Edge Pictures, Inc. ("Blinding Edge") (together, "Defendants"), together with Plaintiff Francesca Gregorini ("Plaintiff"), submit the following Joint Stipulation pursuant to Local Rule 37 for Defendants' Motion to Compel Compliance with Discovery Order and For Sanctions.

## I.    INTRODUCTORY STATEMENTS

### A.    Defendants' Introductory Statement

On September 26, 2023, Plaintiff's prior counsel told this Court that Plaintiff had produced all documents that she had agreed to produce. Declaration of Cydney Swofford Freeman ("Freeman Decl.") ¶ 11. This representation came after months of meeting and conferring with Defendants' counsel regarding Plaintiff's deficient prior productions. *Id.* Notwithstanding that representation, the Court issued an Order giving Plaintiff until October 10, 2023 to ensure she produced all documents. ECF No. 120. That date came and went without any additional productions.

Despite Plaintiff's counsel's representations and the Court Order, Plaintiff *still* has not produced key promised documents. This motion is not based on Defendants' speculation or vague suspicion about perceived gaps in Plaintiff's productions. Rather, *five* third-party witnesses to date have produced responsive communications with Plaintiff that she did not produce, and which Defendants would never have known about but for having subpoenaed those witnesses. These third-party productions overlap in years from which Plaintiff has produced *other* documents (dating back to 2009), making Plaintiff's production gaps all the more troubling. And Plaintiff repeatedly states in her supplemental responses that she has produced specific documents that are nowhere to be found in her production.

Over the course of several months – and across several sets of counsel[1] – Defendants have repeatedly raised these deficiencies, including on October 10,

---

[1] Plaintiff's second set of counsel substituted into this case on February 2, 2024. ECF No. 133. Plaintiff's third set of counsel substituted into the case on

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

2023, and February 5, February 15,  March 8, March 15, March 16, March 22,

March 25, and April 8, 2024.[2]  *See* Freeman Decl. ¶¶ 14, 18-28, 32.  Most recently,

Plaintiff's current counsel indicated that they were doing a supplemental collection,

but did not indicate whether or when a subsequent production would be

forthcoming.  *Id.* ¶¶ 30, 33.

Defendants can wait no longer for Plaintiff to remedy her noncompliance

with the Court Order.  This motion is made as a last resort prior to the discovery

cutoff to enforce Plaintiff's compliance with the Order and ensure that Defendants

have the documents to which they are entitled to fully investigate and defend

against Plaintiff's claims.  Given Plaintiff's violation of the Order, Defendants also

seek sanctions against Plaintiff and related relief under Rule 37(b).[3]

### B.    Plaintiff's Introductory Statement

Plaintiff has already produced over 12,000 documents in the face of

significant setbacks in prosecuting her copyright infringement case against

Defendants. The most unfortunate and significant setback was the death of her first

lead counsel: Mr. Erikson passed away in February 2024 after a course of

debilitating cancer symptoms and treatment that impacted him throughout the

discovery period. Dkts. 121-2 ¶¶ 3-20;124-1 ¶¶ 3-20; 126-2 ¶¶ 2, 7-13; 127 ¶¶ 3-14

(Erikson Decls.); Dkts. 117-11 ¶¶ 15-16, 21, 25; 121-1 ¶ 22; 124-2 ¶ 22 (Waller

Decls.); Niles Decl. ¶ 10, Ex. A. The Court extended certain deadlines, including

the deadline for completion of fact discovery, as a result. Dkt. 132. Plaintiff's

---

March 7, 2024.  ECF No. 135.  Plaintiff's fourth (and current) set of counsel
substituted into the case on March 21, 2024.  ECF No. 137.  While Plaintiff's
current counsel states they are still evaluating the issue, Defendants had to send this
joint stipulation on April 12 to ensure a pre-discovery cutoff hearing.
    [2] On November 17, 2023, in light of Plaintiff's prior counsel's illness, the
Court granted Plaintiff's motion for continuance and extended the pretrial and trial
schedule by six months.  ECF No. 132.  As soon as Plaintiff's second set of counsel
substituted into the case, Defendants renewed these issues, and continued pursuing
them with both her third and current set of counsel.  Freeman Decl. ¶¶ 18-33.
    [3] This joint stipulation was provided to Plaintiff's counsel on April 12, 2024.
All statements made by Defendants are as of that date.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

second counsel appeared in early February. Dkts. 133-34. That second counsel afterwards identified a conflict of interest, and Plaintiff again had to seek new counsel. Dkts. 135-36. Plaintiff's third counsel appeared for only a short time and really just to resolve the conflict. Plaintiff's fourth and current counsel appeared less than four weeks ago on March 21, 2024 and immediately began the significant undertaking of ingesting and evaluating the library of documents and discovery, in existence or exchanged dating back to 2019 in this case. Dkts. 137-142.

Plaintiff's current counsel met with Defendants' counsel on March 22, 2024, who previewed at a high level several document discovery concerns. Niles Decl. ¶ 2 But Plaintiff's counsel was still ingesting the case files from Plaintiff's prior counsel at that time. *Id.* The next week, Defendants' counsel forwarded its February 5 letter summarizing broad discovery disputes, including on 54 requests for production out of the 113 they had served. *Id.*

Plaintiff's current counsel has been investigating and working to resolve those issues ever since. *Id.* ¶ 2. That investigation was hampered, however, by the absence of prior counsel. *Id.* ¶ 3. Indeed, the Erikson Law Group office has closed. *Id.* No attorneys work there any longer. *Id.* Plaintiff's current counsel has tried to deduce prior document collection efforts based on the prior counsel's files, attempts to speak with a former attorney from the Erikson Law Group, information in Plaintiff's production database, and discussions with Plaintiff; although the reconstruction of the production of tens of thousands of pages of documents has been complicated by the manner in which it was transferred, i.e., without metadata. *Id.* ¶¶ 3-4. Plaintiff provided her prior counsel with complete access to her email accounts and physical and electronic records related to The Truth About Emanuel ("Emanuel") during this case. Gregorini Decl. ¶ 5. She does not know the specific actions prior counsel took to perform document collection or production. Gregorini Decl. ¶ 6. Nor was Plaintiff informed of the Court's prior discovery order. *Id.* ¶ 7. She trusted her prior counsel to conduct her case, including discovery, appropriately

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

and as required by the Court. *Id.* ¶ 6. Plaintiff's current counsel does not have a comprehensive history or record on the document collection or production process performed by prior counsel. Niles Decl. ¶ 5. But we do know that those efforts resulted in Plaintiff's production of 12,708 documents. *Id.* ¶ 6.

In comparison, eleven defendants have produced just 11,582 documents. *Id.* This is remarkable. Their work leading to Servant started in 2016 and continued into 2023 with the release of the final season of Servant. And it resulted in 40 episodes of the Servant television series. Yet in the same breath that Defendants questioned Plaintiff's discovery efforts, they refused to entertain "revisiting" their own. Niles Decl. ¶ 7, Ex. J. Defendants' counsel would not even disclose which custodians they collected documents from. *Id.* ¶ 7, Ex. J. They have produced no documents from Defendant Steve Tisch as the custodian. *Id.* ¶ 7. Still, they insisted that Plaintiff must simply accept their representation that "Defendants have produced all they are obligated, and promised, to provide." *Id.*, Ex. J. And Defendants took the position that "we just can't reopen the document collection and production process at the eleventh hour as to plaintiff's prior requests." *Id.* Yet that is exactly what they seek to do here, all while refusing to produce complete financial information on their profits, costs, viewership, and other basic information on the *Servant* television series. *Id.*

Despite these discovery asymmetries, Plaintiff's current counsel has diligently attempted to address Defendants' concerns and to resolve those issues before the discovery cut-off, and continues to work to do so. It undertook a recollection of documents. *Id.* ¶ 8. The process of document review and production is underway. *Id.* ¶. And Plaintiff anticipates making supplemental productions soon. *Id*. Defendants waited over six months after this dispute arose and until after Mr. Erikson's death and closure of his firm to bring this motion. Had Defendants acted sooner, Plaintiffs' prior counsel could have addressed this issue more comprehensively from personal knowledge. Instead, Defendants now seek to parlay

the tragic circumstances of Mr. Erikson's cancer and death into a litigation windfall
of severe sanctions, including dispositive evidentiary sanctions, untethered to the
specific document disputes. Plaintiff herself is blameless for any of the claimed
deficits in production. And the merits of her case should not be impaired by a
complex web of death and ethical conflicts that her current counsel is working
diligently to investigate and, to the extent necessary, remedy. Plaintiff respectfully
requests that the Court deny Defendants' motion and allow Plaintiff to complete its
supplemental document production within the fact discovery period.

## II.    JOINT SPECIFICATION OF ISSUES IN DISPUTE

Defendants' February 5, 2024 letter identifies concerns with Plaintiff's
production.  Freeman Decl. Ex. 6.  This section sets forth each request for
production in dispute, followed by Defendants' position and Plaintiff's position.[4]

### A.    Request for Production 10

Request for Production 10: All deposit copies submitted to the U.S. Copyright
Office in connection with the REGISTERED WORK.

Plaintiff's Response to Request for Production 10: Responding Party incorporates
the General Objections as if fully set forth here.

Responding Party objects that the demand is overbroad, vague, ambiguous,
burdensome, and harassing and not served for any legitimate purpose.

Plaintiff's Supplemental Response to Request for Production 10: Responding Party
incorporates the General Objections and the original response as if fully set forth
here.

Responding Party further objects to this request on the grounds that it is
overbroad and vague and ambiguous.

---

[4] Defendants' February 5, 2024 letter thematically groups the disputed
requests for production.  To facilitate the Court's review, the joint stipulation adopts
that same structure.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced deposit copies submitted to the U.S. Copyright Office in connection with the REGISTERED WORK that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, documents related to her copyright ownership, including deposit copies of *Emanuel*. These requests seek key information related to the copyright of Plaintiff's allegedly infringed work and versions thereof.  Copyright ownership documents are foundational to any copyright infringement claim as well as Plaintiff's ownership claims.  *See Indio Prod., Inc. v. Brybradan, Inc.*, 2016 WL 11744980, at *7 (C.D. Cal. Dec. 28, 2016) (defendants entitled to explore allegations related to plaintiff's copyright registrations and ownership through discovery).

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced deposit copies of *Emanuel* (or, for that matter, *Emanuel*'s copyright registration, application, or communications with the Copyright Office related to *Emanuel*, all of which Plaintiff also agreed to produce). *See New York Life Ins. Co. v. Galdamez*, 2017 WL 3722849, at *5 (C.D. Cal. July 27, 2017) (granting motion to compel and awarding monetary sanctions where party violated prior discovery orders directing the production of discovery) (Chooljian, M.J.), *report and recommendation adopted*, 2017 WL 3720626 (C.D. Cal. Aug. 17, 2017); *United States v. Manpow, L.L.C.*, 2023 WL 4291803, at *6 (C.D. Cal. May 16, 2023) (granting motion to compel compliance with discovery order where party failed to produce documents in contravention of prior order).

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

**Plaintiff's Position**: Plaintiff's prior counsel's supplemental discovery response indicates that they only agreed to produce materials in Plaintiff's possession, custody, or control. It is Plaintiff's current counsel's understanding that Plaintiff has not produced a deposit copy of the REGISTERED WORK—the only material called for by Request for Production 10—because she has none in her possession currently. Gregorini Decl. ¶ 8. "The Court . . . cannot order a party to produce documents that are not in its possession[,] custody or control." *Lexington Luminance LLC v. Feit Elec. Co., Inc.*, No. CV1810513PSGKSX, 2020 WL 10052406, at *10 (C.D. Cal. Aug. 10, 2020).

Defendants can access these materials through the Copyright Office too. Niles Decl. ¶ 11 ; Ex. B. And they could have requested them at any point during this litigation. *See also* Fed. R. Civ. P. 26 (including "the parties' relative access to relevant information" in the list of considerations on the scope of discovery); *Crane v. Rodriguez*, No. 215CV0208TLNKJNP, 2017 WL 4679815, at *3 (E.D. Cal. Oct. 18, 2017) ("In addition, this court will not order defendants to produce documents that are equally accessible to plaintiff . . .."). Even so, Plaintiff's current counsel has requested materials from the Copyright Office on an expedited basis, including a deposit copy of the REGISTERED WORK. Plaintiff will produce the deposit copy upon its receipt from the Copyright Office. This dispute does not warrant a motion to compel and certainly not the extraordinary relief Defendants seek.

## B.    Requests for Production 17-20

Request for Production 17: All DOCUMENTS, including COMMUNICATIONS, about the creation of EMANUEL.

Plaintiff's Response to Request for Production 17: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 17: Responding Party incorporates the General Objections and the original response as if fully set forth here.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  Responding Party further objects to this request on the grounds that it is
2  overbroad and vague and ambiguous.

3  Responding Party additionally objects to the request to the extent it seeks
4  information protected from disclosure by the attorney work-product doctrine, the
5  attorney-client privilege, and/or another applicable privilege or immunity.

6  Subject to and without waiving these objections, after a reasonable and
7  diligent search, Responding Party has produced responsive, non-privileged
8  documents about the creation of *Emanuel* that are in her possession, custody, or
9  control, subject to the terms of the protective order entered in this action.

10 Request for Production 18: All DOCUMENTS, including COMMUNICATIONS,
11 about the inspiration(s) for EMANUEL.

12 Plaintiff's Response to Request for Production 18: Responding Party incorporates
13 the General Objections as if fully set forth here.

14 Responding Party objects on the grounds that the information sought is
15 protected from disclosure by the attorney work-product doctrine, the attorney-client
16 privilege, and/or another applicable privilege or immunity.

17 Responding Party objects on the ground that the information sought is
18 protected from disclosure by the right to privacy provided by any statute and/or
19 under the Constitution of the United States and/or State of California.

20 Responding Party objects on the ground that the information sought is not
21 sufficiently related to any of the claims, allegations, or defenses in this case; and the
22 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
23 vexatious seeking information that is neither relevant to this case, nor likely to lead
24 to the discovery of admissible evidence. In addition, any minimal probative value of
25 the requested information or documents is outweighed by the burden of gathering
26 and producing same.

27 Responding Party objects on the ground that the request seeks information
28 containing trade secret or other confidential, competitively sensitive, or proprietary

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 18: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 19: All DOCUMENTS, including COMMUNICATIONS, about the writing of EMANUEL.

Plaintiff's Response to Request for Production 19: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Plaintiff's Supplemental Response to Request for Production 19: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 20: All DOCUMENTS, including COMMUNICATIONS, about the development of EMANUEL.

Plaintiff's Response to Request for Production 20: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of

1  the requested information or documents is outweighed by the burden of gathering

2  and producing same.

3      Responding Party objects on the ground that the request seeks information

4  containing trade secret or other confidential, competitively sensitive, or proprietary

5  business information or that would require Plaintiff to violate any confidentiality

6  agreement or any court order pertaining to confidentiality.

7      Responding Party objects to this request on the grounds that it is vague and

8  ambiguous.

9      Responding Party further objects that the demand is overbroad and unduly

10  burdensome, including because the categories of documents to be produced are not

11  specified with reasonable particularity, and the request is so sweeping that its

12  boundaries are difficult to identify.

13      Responding Party also objects to the definitions of "document" as being

14  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

15  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

16  violation of Federal Rule of Civil Procedure 26(b).

17  Plaintiff's Supplemental Response to Request for Production 20: Responding Party

18  incorporates the General Objections and the original response as if fully set forth

19  here.

20      Responding Party further objects to this request on the grounds that it is

21  overbroad and vague and ambiguous.

22      Responding Party additionally objects to the request to the extent it seeks

23  information protected from disclosure by the attorney work-product doctrine, the

24  attorney-client privilege, and/or another applicable privilege or immunity. Subject

25  to and without waiving these objections, after a reasonable and diligent search,

26      Responding Party has produced responsive, non-privileged documents that

27  are in her possession, custody, or control, subject to the terms of the protective

28  order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, documents related to the "creation" (RFP 17), "inspiration(s)" (RFP 18), "writing" (RFP 19), and "development" (RFP 20) of *Emanuel*.  These requests seek key information related to the creation and development of Plaintiff's work at issue in this lawsuit, *Emanuel*.

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced all documents responsive to this request.  *See New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.  For example, Sarah Thorp (who received a story credit on *Emanuel*) produced several responsive communications with Plaintiff about *Emanuel*'s creation and story that Plaintiff did not.  Freeman Decl. ¶ 19 & Ex. 6.  Likewise, John Hindman, Plaintiff's script consultant, and Antony Langdon, *Emanuel*'s editor, produced emails, script notes, and other creative notes with Plaintiff related to *Emanuel* that Plaintiff did not.  Freeman Decl. ¶ 29.

**Plaintiff's Position**: Defendants' speculation does not establish entitlement to any relief. They predict that more responsive documents exist because different witnesses have produced differing sets of documents. But "mere suspicion that additional documents exist does not justify a motion to compel." *MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK SSX, 2011 WL 4550287, at *2 (C.D. Cal. Oct. 3, 2011). Indeed, Ms. Thorp's deposition testimony showed that Ms. Gregorini produced some documents that Ms. Thorp did not, and vice versa. Niles Decl. ¶ 12, Ex. C at 106:2-106:23 and 121:5-121:24. It is not surprising that different individuals may have different documents. *MGA Entm't,* 2011 WL 4550287, at *2. (denying motion to compel because the argument "that documents produced by third parties suggest that Defendants have additional responsive documents" did not prove a production deficiency). This is especially true here because their work on The Truth About Emanuel dates back well over a decade to communications from 2009. It would be strange for any individual to have a perfect

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

collection of emails dating that far, a decade before Ms. Gregorini learned about Servant and before any duty to preserve documents arose in conjunction with this litigation. Defendants have also been incorrect in their observations about Plaintiff's document production in response to these requests too. Their discovery correspondence alleged that Plaintiff has produced no notes from Mr. Hindman. *See* Freeman Decl., Ex. 6 at 2. But that is not true. Plaintiff's July 2023 production included handwritten notes dated 12/5 with Mr. Hindman's name on them. Niles Decl. ¶ 13, Ex. D.

Defendants' demand for "all documents" is also unwarranted. The document requests themselves are also overbroad. "RFPs which broadly request all relevant documents" are "routinely reject[ed]." *Hernandez*, 2018 WL 10561972, at *7; *see K'napp v. Adams*, 2014 WL 950353, at *6 (E.D. Cal. Mar. 11, 2014) (finding requests for "any and all documents related to the allegations" were "unquestionably overbroad"); *W Holding Co. v. Chartis Ins. Co. of Puerto Rico*, 2013 WL 6001087, at *3 (D.P.R. Nov. 12, 2013) (generic request for "all documents related to the facts and allegations in the Complaint" posed an "undue burden").

Defendants' motion also fails to prove a deficiency warranting the extreme sanctions requested against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her prior counsel access to her emails and documents relating to her work on The Truth About Emanuel. Gregorini Decl. ¶ 5. Courts do not "grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015). Plaintiff's current counsel anticipates making supplemental productions based on its

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

re-collection of documents, and any additional non-privileged documents relating to the "creation" (RFP 17), "inspiration(s)" (RFP 18), "writing" (RFP 19), and "development" (RFP 20) of *Emanuel* will be produced.

**C.    Requests for Production 23-24, 26, 74, 77**

Request for Production 23: All DOCUMENTS, including COMMUNICATIONS, about the distribution of EMANUEL.

Plaintiff's Response to Request for Production 23: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 23: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 24: All DOCUMENTS, including COMMUNICATIONS, about the promotion of EMANUEL.

Plaintiff's Response to Request for Production 24: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 24: Responding Party incorporates the General Objections and the original response as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  Responding Party further objects to this request on the grounds that it is

2  overbroad and vague and ambiguous.

3  Responding Party additionally objects to the request to the extent it seeks

4  information protected from disclosure by the attorney work-product doctrine, the

5  attorney-client privilege, and/or another applicable privilege or immunity.

6  Subject to and without waiving these objections, after a reasonable and

7  diligent search, Responding Party has produced responsive, non-privileged

8  documents that are in her possession, custody, or control, subject to the terms of the

9  protective order entered in this action.

10  Request for Production 26: All DOCUMENTS, including COMMUNICATIONS,

11  about the release of EMANUEL.

12  Plaintiff's Response to Request for Production 26: Responding Party incorporates

13  the General Objections as if fully set forth here.

14  Responding Party objects on the grounds that the information sought is

15  protected from disclosure by the attorney work-product doctrine, the attorney-client

16  privilege, and/or another applicable privilege or immunity.

17  Responding Party objects on the ground that the information sought is

18  protected from disclosure by the right to privacy provided by any statute and/or

19  under the Constitution of the United States and/or State of California.

20  Responding Party objects on the ground that the information sought is not

21  sufficiently related to any of the claims, allegations, or defenses in this case; and the

22  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

23  vexatious seeking information that is neither relevant to this case, nor likely to lead

24  to the discovery of admissible evidence. In addition, any minimal probative value of

25  the requested information or documents is outweighed by the burden of gathering

26  and producing same.

27  Responding Party objects on the ground that the request seeks information

28  containing trade secret or other confidential, competitively sensitive, or proprietary

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

<u>Plaintiff's Supplemental Response to Request for Production 26</u>: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Request for Production 74: All DOCUMENTS, including COMMUNICATIONS, regarding all non-theatrical distributions of EMANUEL, including but not limited to all streaming services where EMANUEL has ever been distributed.

Plaintiff's Response to Request for Production 74: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 74: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous.

Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents constituting agreements relating to non-theatrical distributions of *Emanuel* that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 77: All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations YOU have engaged in regarding licenses of EMANUEL.

Plaintiff's Response to Request for Production 77: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 77: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents constituting agreements related to *Emanuel's* theatrical and non-theatrical distribution that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, documents related to the "distribution" (RFP 23), "promotion" (RFP 24), and "release" (RFP 26) of *Emanuel*, as well as "agreements related to *Emanuel*'s theatrical and non-theatrical distribution" (RFPs 74, 77). These requests seek key information related to Plaintiff's allegations regarding access. *See* FAC ¶ 51.

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced all documents responsive to this request. *See New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.

**Plaintiff's Position**:

Plaintiff agreed to produce documents within her possession, custody, or control in response to RFPs 23-24, 26, 74, and 77. Defendants' prior communications complained about a lack of documentation relating to festivals. Freeman Decl. Ex. 6 at 2. But communications about film festival submissions and screenings would have been primarily directed to other individuals involved in The Truth About Emanuel, not Ms. Gregorini. *See Lexington Luminance LLC v. Feit Elec. Co., Inc.*, No. CV1810513PSGKSX, 2020 WL 10052406, at *10 (C.D. Cal. Aug. 10, 2020) ("The Court . . . cannot order a party to produce documents that are not in its possession custody or control."). Defendants' speculation about the scope of Plaintiff's production to date does not establish entitlement to any relief. They simply predict that more responsive documents exist. But "mere suspicion that

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

additional documents exist does not justify a motion to compel." *MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK SSX, 2011 WL 4550287, at *2 (C.D. Cal. Oct. 3, 2011).

Defendants' motion also fails to prove a deficiency warranting the extreme sanctions requested against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her prior counsel access to her emails and documents relating to her work on The Truth About Emanuel. Gregorini Decl. ¶ 5. Courts do not "grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015). Plaintiff's current counsel anticipates making supplemental productions based on its re-collection of documents, and any additional non-privileged documents related to the "distribution" (RFP 23), "promotion" (RFP 24), and "release" (RFP 26) of *Emanuel*, as well as "agreements related to *Emanuel*'s theatrical and non-theatrical distribution" (RFPs 74, 77) will be produced.

### D.    Requests for Production 35-36

Request for Production 35: All COMMUNICATIONS between YOU and Sarah Thorpe.

Plaintiff's Response to Request for Production 35: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1   the requested information or documents is outweighed by the burden of gathering
2   and producing same.

3        Responding Party objects on the ground that the request seeks information
4   containing trade secret or other confidential, competitively sensitive, or proprietary
5   business information or that would require Plaintiff to violate any confidentiality
6   agreement or any court order pertaining to confidentiality.

7        Responding Party objects to this request on the grounds that it is vague and
8   ambiguous.

9        Responding Party further objects that the demand is overbroad and unduly
10  burdensome, including because the categories of documents to be produced are not
11  specified with reasonable particularity, and the request is so sweeping that its
12  boundaries are difficult to identify.

13       Responding Party also objects to the definitions of "document" as being
14  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent
15  that it impermissibly attempts to shift the cost of production of data to Plaintiff in
16  violation of Federal Rule of Civil Procedure 26(b).

17  Plaintiff's Supplemental Response to Request for Production 35: Responding Party
18  incorporates the General Objections and the original response as if fully set forth
19  here.

20       Responding Party further objects to this request on the grounds that it is
21  overbroad and vague and ambiguous. Responding Party additionally objects to the
22  request to the extent it seeks information protected from disclosure by the attorney
23  work-product doctrine, the attorney-client privilege, and/or another applicable
24  privilege or immunity.

25       Subject to and without waiving these objections, after a reasonable and
26  diligent search, Responding Party has produced responsive, non-privileged
27  documents constituting communications between herself and Sarah Thorp regarding
28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  *Emanuel* or *Servant* that are in her possession, custody, or control, subject to the

2  terms of the protective order entered in this action.

3  Request for Production 36: All DOCUMENTS, including COMMUNICATIONS,

4  with or about Sarah Thorpe, relating to EMANUEL.

5  Plaintiff's Response to Request for Production 36: Responding Party incorporates

6  the General Objections as if fully set forth here.

7      Responding Party objects that the demand appears duplicative and intended

8  to harass and burden Responding Party rather than for any legitimate discovery

9  purpose. See, e.g., Request for Production no. 35. Responding Party incorporates

10  her objections to Request for Production no. 35 as if fully set forth here.

11      Responding Party objects on the ground that the information sought is not

12  sufficiently related to any of the claims, allegations, or defenses in this case; and the

13  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

14  vexatious seeking information that is neither relevant to this case, nor likely to lead

15  to the discovery of admissible evidence. In addition, any minimal probative value of

16  the requested information or documents is outweighed by the burden of gathering

17  and producing same.

18      Responding Party objects on the ground that the request seeks information

19  containing trade secret or other confidential, competitively sensitive, or proprietary

20  business information or that would require Plaintiff to violate any confidentiality

21  agreement or any court order pertaining to confidentiality.

22      Responding Party objects to this request on the grounds that it is vague and

23  ambiguous.

24      Responding Party further objects that the demand is overbroad and unduly

25  burdensome, including because the categories of documents to be produced are not

26  specified with reasonable particularity, and the request is so sweeping that its

27  boundaries are difficult to identify.

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 36: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents with or about Sarah Thorp relating to *Emanuel* that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, documents related to "communications between herself and Sarah Thorp regarding *Emanuel* or *Servant*" (RFP 35) and "documents with or about Sarah Thorp relating to *Emanuel*" (RFP 36). These requests seek key information regarding the person credited as *Emanuel*'s co-story author (Thorp); they relate to Plaintiff's purported copyright ownership of *Emanuel* and involve potentially dispositive information on that issue.

Despite Plaintiff's prior counsel representations and the Court Order, Plaintiff still has not produced all documents responsive to these requests. *See New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6. In particular, Plaintiff has not produced at least several important communications with Ms.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Thorp related to *Emanuel*'s creation, inspiration, and story that were produced by Ms. Thorp and which are highly relevant to Plaintiff's claims of sole ownership over *Emanuel*.  Freeman Decl. ¶ 19 & Ex. 6.

**Plaintiff's Position**:

Defendants do not establish entitlement to any relief. Ms. Thorp's deposition testimony showed that Ms. Gregorini produced some documents that Ms. Thorp did not, and vice versa. Niles Decl. ¶ 12, Ex. C at 106:2-106:23 and 121:5-121:24. It is not surprising that different individuals may have different documents. *MGA Entm't,* 2011 WL 4550287, at *2. (denying motion to compel because the argument "that documents produced by third parties suggest that Defendants have additional responsive documents" did not prove a production deficiency). This is especially true here because their work on The Truth About Emanuel dates back well over a decade to communications from 2009. It would be strange for any individual to have a perfect collection of emails dating that far, a decade before Ms. Gregorini learned about Servant and before any duty to preserve documents arose in conjunction with this litigation. Defendants' "mere suspicion that additional documents exist does not justify a motion to compel." *MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK SSX, 2011 WL 4550287, at *2 (C.D. Cal. Oct. 3, 2011).

Nor does Defendants' motion prove a deficiency warranting the extreme sanctions requested against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her prior counsel access to documents relating to her work on The Truth About Emanuel. Gregorini Decl. ¶ 5. Courts do not "grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015). Plaintiff's current counsel anticipates making supplemental productions based on its re-collection of documents, and any additional non-privileged "communications between herself and Sarah Thorp regarding *Emanuel* or *Servant*" (RFP 35) and "documents with or about Sarah Thorp relating to *Emanuel*" (RFP 36) will be produced.

**E.    Request for Production 37**

Request for Production 37: All DOCUMENTS, including COMMUNICATIONS, with or about Tatiana Von Furstenberg, relating to EMANUEL.

Plaintiff's Response to Request for Production 37: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 37: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents with or about Tatiana Von Furstenberg relating to *Emanuel* that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, "documents with or about" Tatiana von Furstenberg, an *Emanuel* producer and investor in the film. Ms. von Furstenberg is named in Plaintiff's amended initial disclosures with apparent knowledge of Plaintiff's "work and background," as well as *Emanuel*. Freeman Decl. ¶ 15 & Ex. 5. These requests seek key communications with a person closely involved with *Emanuel* and with Plaintiff, related to the film's creation, development, production, and distribution.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced all documents responsive to this request. *See New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.

**Plaintiff's Position**:

Defendants cannot expand its discovery requests through this motion to compel. It's discovery request does not ask for all "'documents with or about' Tatiana von Furstenberg" as phrased above. Nor was there any such agreement for Plaintiff to produce all "'documents with or about' Tatiana von Furstenberg." Indeed, that would be an incredibly broad request. Instead, prior correspondence drafted by Defendants' counsel indicates that "Plaintiff agreed to produce communications with or about Tatiana von Furstenberg relating to *Emanuel*." Niles Decl. ¶ 16, Ex. G at 2. Defendant cannot complain that Plaintiff has not produced documents outside the scope of its original request as it now seeks to rewrite them here.

Nor does Defendants' speculation establish entitlement to any relief. "[M]ere suspicion that additional documents exist does not justify a motion to compel." *MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK SSX, 2011 WL 4550287, at *2 (C.D. Cal. Oct. 3, 2011). Ms. Furstenberg's involvement in the Truth About Emanuel was limited to providing funding to complete the movie post-production and she received producer credit as a result. Niles Decl. ¶ 15, Ex. F. at 50:15-21. A search of Plaintiff's production shows 1,305 documents responsive to the search terms "Tatiana AND Emanuel." Niles Decl. ¶ 9.

Defendants' motion also fails to prove a deficiency warranting the extreme sanctions requested against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her prior counsel access to emails and documents relating to her work on The Truth About Emanuel. Gregorini Decl. ¶ 5. Courts do not "grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced." *Moran v.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

*Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015). Plaintiff's current counsel anticipates making supplemental productions based on its re-collection of documents, and any additional non-privileged communication with or about Tatiana von Furstenberg relating to *Emanuel* will be produced.

### F.    Request for Production 43

Request for Production 43: All DOCUMENTS, including COMMUNICATIONS, about REBORN DOLLS.

Plaintiff's Response to Request for Production 43: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 43: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents about Reborn Dolls that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, documents about "reborn dolls," lifelike dolls used in real life by grieving mothers. This request seeks information related to a key allegedly infringed element in this lawsuit (mentioned over 50 times in Plaintiff's FAC). *See* FAC ¶¶ 4, 8, 12, 43, 71-72, 78, 81, 90.

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced all documents responsive to this request. *See New*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  *York Life*, 2017 WL 3722849, at \*5; *Manpow*, 2023 WL 4291803, at \*6.  Plaintiff

2  has produced only minimal communications about this topic.

3  **Plaintiff's Position**:

4        Defendants' statement does not establish entitlement to any relief. Their

5  "mere suspicion that additional documents exist does not justify a motion to

6  compel." *MGA Entm't, Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK SSX, 2011

7  WL 4550287, at \*2 (C.D. Cal. Oct. 3, 2011). Plaintiff gave her prior counsel access

8  to her emails and documents relating to her work on The Truth About Emanuel.

9  Gregorini Decl. ¶ 5. Defendants' motion fails to prove a deficiency or warrant

10  sanctions against Plaintiff for Plaintiff's prior counsel's discovery conduct. This

11  request has nothing to do with the requested relief. And courts do not "grant

12  motions to compel based solely on speculation that the responding party has

13  incorrectly asserted that all responsive documents have been produced." *Moran v.*

14  *Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at \*2 (C.D. Cal. Jan. 4,

15  2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL

16  6080923, at \*3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No.

17  1:13-CV-1345-AWI-JLT, 2015 WL 402071, at \*6–7 (E.D. Cal. Jan. 29, 2015).

18  Plaintiff's current counsel anticipates making supplemental productions based on its

19  re-collection of documents, and any additional non-privileged documents regarding

20  "reborn dolls" will be produced.

21        **G.    Requests for Production 44-54**

22  Request for Production 44: All DOCUMENTS, including COMMUNICATIONS,

23  referencing Apple Inc.

24  Plaintiff's Response to Request for Production 44: Responding Party incorporates

25  the General Objections as if fully set forth here.

26        Responding Party objects on the grounds that the information sought is

27  protected from disclosure by the attorney work-product doctrine, the attorney-client

28  privilege, and/or another applicable privilege or immunity.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 44: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents referencing defendant Apple relating to claims made by Responding Party or defenses raised by Apple in this lawsuit that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 45: All DOCUMENTS, including COMMUNICATIONS, referencing M. Night Shyamalan.

Plaintiff's Response to Request for Production 45: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 45: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents referencing defendant M. Night Shyamalan relating to claims made by Responding Party or defenses raised by Mr. Shyamalan in this lawsuit that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 46: All DOCUMENTS, including COMMUNICATIONS, referencing Blinding Edge Pictures, Inc.

Plaintiff's Response to Request for Production 46: Responding Party incorporates the General Objections as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 46: Responding Party incorporates the General Objections and the original response as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents referencing defendant Blinding Edge Pictures, Inc. relating to claims made by Responding Party or defenses raised by that defendant in this lawsuit that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 47: All DOCUMENTS, including COMMUNICATIONS, referencing Uncle George Productions.

Plaintiff's Response to Request for Production 47: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  business information or that would require Plaintiff to violate any confidentiality
2  agreement or any court order pertaining to confidentiality.

3      Responding Party objects to this request on the grounds that it is vague and
4  ambiguous.

5      Responding Party further objects that the demand is overbroad and unduly
6  burdensome, including because the categories of documents to be produced are not
7  specified with reasonable particularity, and the request is so sweeping that its
8  boundaries are difficult to identify.

9      Responding Party also objects to the definitions of "document" as being
10 overly broad as to scope and time, unduly burdensome, oppressive, and to the extent
11 that it impermissibly attempts to shift the cost of production of data to Plaintiff in
12 violation of Federal Rule of Civil Procedure 26(b).

13 Plaintiff's Supplemental Response to Request for Production 47: Responding Party
14 incorporates the General Objections and the original response as if fully set forth
15 here.

16     Responding Party further objects to this request on the grounds that it is
17 overbroad and vague and ambiguous. Responding Party additionally objects to the
18 request to the extent it seeks information protected from disclosure by the attorney
19 work-product doctrine, the attorney-client privilege, and/or another applicable
20 privilege or immunity.

21     Subject to and without waiving these objections, after a reasonable and
22 diligent search, Responding Party has produced responsive, non-privileged
23 documents referencing defendant Uncle George Productions relating to claims
24 made by Responding Party or defenses raised by that defendant in this lawsuit that
25 are in her possession, custody, or control, subject to the terms of the protective
26 order entered in this action.

27

28

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Request for Production 48: All DOCUMENTS, including COMMUNICATIONS, referencing Escape Artists LLC.

Plaintiff's Response to Request for Production 48: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1    Plaintiff's Supplemental Response to Request for Production 48: Responding Party
2    incorporates the General Objections and the original response as if fully set forth
3    here.

4        Responding Party further objects to this request on the grounds that it is
5    overbroad and vague and ambiguous. Responding Party additionally objects to the
6    request to the extent it seeks information protected from disclosure by the attorney
7    work-product doctrine, the attorney-client privilege, and/or another applicable
8    privilege or immunity.

9        Subject to and without waiving these objections, after a reasonable and
10   diligent search, Responding Party has produced responsive, non-privileged
11   documents referencing defendant Escape Artists LLC relating to claims made by
12   Responding Party or defenses raised by that defendant in this lawsuit that are in her
13   possession, custody, or control, subject to the terms of the protective order entered
14   in this action.

15   Request for Production 49: All DOCUMENTS, including COMMUNICATIONS,
16   referencing Dolphin Black Productions.

17   Plaintiff's Response to Request for Production 49: Responding Party incorporates
18   the General Objections as if fully set forth here.

19       Responding Party objects on the grounds that the information sought is
20   protected from disclosure by the attorney work-product doctrine, the attorney-client
21   privilege, and/or another applicable privilege or immunity.

22       Responding Party objects on the ground that the information sought is not
23   sufficiently related to any of the claims, allegations, or defenses in this case; and the
24   request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
25   vexatious seeking information that is neither relevant to this case, nor likely to lead
26   to the discovery of admissible evidence. In addition, any minimal probative value of
27   the requested information or documents is outweighed by the burden of gathering
28   and producing same.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1   Responding Party objects on the ground that the request seeks information

2   containing trade secret or other confidential, competitively sensitive, or proprietary

3   business information or that would require Plaintiff to violate any confidentiality

4   agreement or any court order pertaining to confidentiality.

5   Responding Party objects to this request on the grounds that it is vague and

6   ambiguous.

7   Responding Party further objects that the demand is overbroad and unduly

8   burdensome, including because the categories of documents to be produced are not

9   specified with reasonable particularity, and the request is so sweeping that its

10   boundaries are difficult to identify.

11   Responding Party also objects to the definitions of "document" as being

12   overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

13   that it impermissibly attempts to shift the cost of production of data to Plaintiff in

14   violation of Federal Rule of Civil Procedure 26(b).

15   Plaintiff's Supplemental Response to Request for Production 49: Responding Party

16   incorporates the General Objections and the original response as if fully set forth

17   here.

18   Responding Party further objects to this request on the grounds that it is

19   overbroad and vague and ambiguous. Responding Party additionally objects to the

20   request to the extent it seeks information protected from disclosure by the attorney

21   work-product doctrine, the attorney-client privilege, and/or another applicable

22   privilege or immunity.

23   Subject to and without waiving these objections, after a reasonable and

24   diligent search, Responding Party has produced responsive, non-privileged

25   documents referencing defendant Dolphin Black Productions relating to claims

26   made by Responding Party or defenses raised by that defendant in this lawsuit that

27   are in her possession, custody, or control, subject to the terms of the protective

28   order entered in this action.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

<u>Request for Production 50</u>: All DOCUMENTS, including COMMUNICATIONS, referencing Tony Basgallop.

<u>Plaintiff's Response to Request for Production 50</u>: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  Plaintiff's Supplemental Response to Request for Production 50: Responding Party
2  incorporates the General Objections and the original response as if fully set forth
3  here.

4        Responding Party further objects to this request on the grounds that it is
5  overbroad and vague and ambiguous. Responding Party additionally objects to the
6  request to the extent it seeks information protected from disclosure by the attorney
7  work-product doctrine, the attorney-client privilege, and/or another applicable
8  privilege or immunity.

9        Subject to and without waiving these objections, after a reasonable and
10 diligent search, Responding Party has produced responsive, non-privileged
11 documents referencing defendant Tony Basgallop relating to claims made by
12 Responding Party or defenses raised by that defendant in this lawsuit that are in her
13 possession, custody, or control, subject to the terms of the protective order entered
14 in this action.

15 Request for Production 51: All DOCUMENTS, including COMMUNICATIONS,
16 referencing Ashwin Rajan.

17 Plaintiff's Response to Request for Production 51: Responding Party incorporates
18 the General Objections as if fully set forth here.

19       Responding Party objects on the grounds that the information sought is
20 protected from disclosure by the attorney work-product doctrine, the attorney-client
21 privilege, and/or another applicable privilege or immunity.

22       Responding Party objects on the ground that the information sought is not
23 sufficiently related to any of the claims, allegations, or defenses in this case; and the
24 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
25 vexatious seeking information that is neither relevant to this case, nor likely to lead
26 to the discovery of admissible evidence. In addition, any minimal probative value of
27 the requested information or documents is outweighed by the burden of gathering
28 and producing same.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1   Responding Party objects on the ground that the request seeks information

2   containing trade secret or other confidential, competitively sensitive, or proprietary

3   business information or that would require Plaintiff to violate any confidentiality

4   agreement or any court order pertaining to confidentiality.

5   Responding Party objects to this request on the grounds that it is vague and

6   ambiguous.

7   Responding Party further objects that the demand is overbroad and unduly

8   burdensome, including because the categories of documents to be produced are not

9   specified with reasonable particularity, and the request is so sweeping that its

10  boundaries are difficult to identify.

11  Responding Party also objects to the definitions of "document" as being

12  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

13  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

14  violation of Federal Rule of Civil Procedure 26(b).

15  Plaintiff's Supplemental Response to Request for Production 51: Responding Party

16  incorporates the General Objections and the original response as if fully set forth

17  here.

18  Responding Party further objects to this request on the grounds that it is

19  overbroad and vague and ambiguous. Responding Party additionally objects to the

20  request to the extent it seeks information protected from disclosure by the attorney

21  work-product doctrine, the attorney-client privilege, and/or another applicable

22  privilege or immunity.

23  Subject to and without waiving these objections, after a reasonable and

24  diligent search, Responding Party has produced responsive, non-privileged

25  documents referencing Ashwin Rajan relating to claims made by Responding Party

26  or defenses raised by that defendant in this lawsuit that are in her possession,

27  custody, or control, subject to the terms of the protective order entered in this

28  action.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Request for Production 52: All DOCUMENTS, including COMMUNICATIONS, referencing Jason Blumenthal.

Plaintiff's Response to Request for Production 52: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  <u>Plaintiff's Supplemental Response to Request for Production 52</u>: Responding Party
2  incorporates the General Objections and the original response as if fully set forth
3  here.

4   Responding Party further objects to this request on the grounds that it is
5  overbroad and vague and ambiguous. Responding Party additionally objects to the
6  request to the extent it seeks information protected from disclosure by the attorney
7  work-product doctrine, the attorney-client privilege, and/or another applicable
8  privilege or immunity.

9   Subject to and without waiving these objections, after a reasonable and
10 diligent search, Responding Party has produced responsive, non-privileged
11 documents referencing defendant Jason Blumenthal relating to claims made by
12 Responding Party or defenses raised by that defendant in this lawsuit that are in her
13 possession, custody, or control, subject to the terms of the protective order entered
14 in this action.

15 <u>Request for Production 53</u>: All DOCUMENTS, including COMMUNICATIONS,
16 referencing Todd Black.

17 <u>Plaintiff's Response to Request for Production 53</u>: Responding Party incorporates
18 the General Objections as if fully set forth here.

19  Responding Party objects on the grounds that the information sought is
20 protected from disclosure by the attorney work-product doctrine, the attorney-client
21 privilege, and/or another applicable privilege or immunity.

22  Responding Party objects on the ground that the information sought is not
23 sufficiently related to any of the claims, allegations, or defenses in this case; and the
24 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
25 vexatious seeking information that is neither relevant to this case, nor likely to lead
26 to the discovery of admissible evidence. In addition, any minimal probative value of
27 the requested information or documents is outweighed by the burden of gathering
28 and producing same.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 53: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents referencing defendant Todd Black relating to claims made by Responding Party or defenses raised by that defendant in this lawsuit that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1 | Request for Production 54: All DOCUMENTS, including COMMUNICATIONS,

2 | referencing Steve Tisch.

3 | Plaintiff's Response to Request for Production 54: Responding Party incorporates

4 | the General Objections as if fully set forth here.

5 |     Responding Party objects on the grounds that the information sought is

6 | protected from disclosure by the attorney work-product doctrine, the attorney-client

7 | privilege, and/or another applicable privilege or immunity.

8 |     Responding Party objects on the ground that the information sought is not

9 | sufficiently related to any of the claims, allegations, or defenses in this case; and the

10 | request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

11 | vexatious seeking information that is neither relevant to this case, nor likely to lead

12 | to the discovery of admissible evidence. In addition, any minimal probative value of

13 | the requested information or documents is outweighed by the burden of gathering

14 | and producing same.

15 |     Responding Party objects on the ground that the request seeks information

16 | containing trade secret or other confidential, competitively sensitive, or proprietary

17 | business information or that would require Plaintiff to violate any confidentiality

18 | agreement or any court order pertaining to confidentiality.

19 |     Responding Party objects to this request on the grounds that it is vague and

20 | ambiguous.

21 |     Responding Party further objects that the demand is overbroad and unduly

22 | burdensome, including because the categories of documents to be produced are not

23 | specified with reasonable particularity, and the request is so sweeping that its

24 | boundaries are difficult to identify.

25 |     Responding Party also objects to the definitions of "document" as being

26 | overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

27 | that it impermissibly attempts to shift the cost of production of data to Plaintiff in

28 | violation of Federal Rule of Civil Procedure 26(b).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Plaintiff's Supplemental Response to Request for Production 54: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents referencing defendant Steve Tisch relating to claims made by Responding Party or defenses raised by that defendant in this lawsuit that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, documents referencing defendants Apple (RFP 44), M. Night Shyamalan (RFP 45), Blinding Edge (RFP 46), Uncle George (RFP 47), Escape Artists (RFP 48), Dolphin Black Productions (RFP 49), Tony Basgallop (RFP 50), Ashwin Rajan (RFP 51), Jason Blumenthal (RFP 52), Todd Black (RFP 53), and Steve Tisch (RFP 54) "relating to claims made by [Plaintiff] or defenses raised by [each Defendant] in this lawsuit." These requests seek clearly relevant information related to Plaintiff's communications about each of the eleven defendants related to claims and defenses in this lawsuit. Such communications, if they exist, would encompass, for example, Plaintiff's non-privileged communications about *Servant*, this lawsuit, and each of the Defendants as related to Plaintiff's allegations.

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced any documents responsive to this request. *See New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1     **Plaintiff's Position**: Defendants again impermissibly seek to rewrite and expand

2     their discovery request here to include any communication about Servant or this

3     lawsuit. And they incorrectly assert that no responsive documents have been

4     produced. *See* Niles Decl. ¶ 14, Ex. E. Plaintiff agreed to produce, documents

5     referencing Defendants Apple (RFP 44), M. Night Shyamalan (RFP 45), Blinding

6     Edge (RFP 46), Uncle George (RFP 47), Escape Artists (RFP 48), Dolphin Black

7     Productions (RFP 49), Tony Basgallop (RFP 50), Ashwin Rajan (RFP 51), Jason

8     Blumenthal (RFP 52), Todd Black (RFP 53), and Steve Tisch (RFP 54) "relating to

9     claims made by [Plaintiff] or defenses raised by [each Defendant] in this lawsuit."

10          Defendants' motion also fails to prove a deficiency or warrant sanctions

11     against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her

12     prior counsel access to her email and files for purposes of document collection in

13     this case. Gregorini Decl. ¶ 5. Courts do not "grant motions to compel based solely

14     on speculation that the responding party has incorrectly asserted that all responsive

15     documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX,

16     2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v.*

17     *Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18,

18     2016); *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL

19     402071, at *6–7 (E.D. Cal. Jan. 29, 2015). Plaintiff's current counsel anticipates

20     making supplemental productions based on its re-collection of documents, and any

21     additional non-privileged responsive documents referencing defendants Apple (RFP

22     44), M. Night Shyamalan (RFP 45), Blinding Edge (RFP 46), Uncle George (RFP

23     47), Escape Artists (RFP 48), Dolphin Black Productions (RFP 49), Tony Basgallop

24     (RFP 50), Ashwin Rajan (RFP 51), Jason Blumenthal (RFP 52), Todd Black (RFP

25     53), and Steve Tisch (RFP 54) "relating to claims made by [Plaintiff] or defenses

26     raised by [each Defendant] in this lawsuit" will be produced.

27

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

### H.    Requests for Production 55-65

Request for Production 55: All COMMUNICATIONS with Apple Inc.

Plaintiff's Response to Request for Production 55: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Apple Inc. relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

Request for Production 56: All COMMUNICATIONS with M. Night Shyamalan.

Plaintiff's Response to Request for Production 56: Responding Party incorporates the General Objections as if fully set forth here. Responding Party objects to this request on the grounds that it is vague and ambiguous.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and M. Night Shyamalan relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

Request for Production 57: All COMMUNICATIONS with Blinding Edge Pictures, Inc.

Plaintiff's Response to Request for Production 57: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  specified with reasonable particularity, and the request is so sweeping that its

2  boundaries are difficult to identify.

3       Responding Party also objects to the definitions of "document" as being

4  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

5  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

6  violation of Federal Rule of Civil Procedure 26(b).

7       Subject to and without waiving these objections, after a reasonable and

8  diligent search and subject to the terms of the parties' protective order in this

9  matter, Responding Party will produce responsive, non-privileged documents

10  reflecting communications between Plaintiff and Blinding Edge Pictures, Inc.

11  relating to Plaintiff's allegations in the First Amended Complaint that are in

12  Plaintiff's possession, custody, or control, if any exist.

13  Request for Production 58: All COMMUNICATIONS with Uncle George

14  Productions.

15  Plaintiff's Response to Request for Production 58: Responding Party incorporates

16  the General Objections as if fully set forth here.

17       Responding Party objects to this request on the grounds that it is vague and

18  ambiguous.

19       Responding Party objects to this request on the grounds that it seeks

20  information that is within the knowledge of Propounding Party and/or can be

21  obtained more easily, or as easily by Propounding Party as by Responding Party.

22       Responding Party further objects that the demand is overbroad and unduly

23  burdensome, including because the categories of documents to be produced are not

24  specified with reasonable particularity, and the request is so sweeping that its

25  boundaries are difficult to identify.

26       Responding Party also objects to the definitions of "document" as being

27  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

28

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Propounding Party relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

Request for Production 59: All COMMUNICATIONS with Escape Artists LLC.

Plaintiff's Response to Request for Production 59: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Escape Artists LLC relating to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1 Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's

2 possession, custody, or control, if any exist.

3 Request for Production 60: All COMMUNICATIONS with Dolphin Black

4 Productions.

5 Plaintiff's Response to Request for Production 60: Responding Party incorporates

6 the General Objections as if fully set forth here.

7 Responding Party objects to this request on the grounds that it is vague and

8 ambiguous.

9 Responding Party objects to this request on the grounds that it seeks

10 information that is within the knowledge of Defendants and/or can be obtained

11 more easily, or as easily by Defendants as by Responding Party.

12 Responding Party further objects that the demand is overbroad and unduly

13 burdensome, including because the categories of documents to be produced are not

14 specified with reasonable particularity, and the request is so sweeping that its

15 boundaries are difficult to identify.

16 Responding Party also objects to the definitions of "document" as being

17 overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

18 that it impermissibly attempts to shift the cost of production of data to Plaintiff in

19 violation of Federal Rule of Civil Procedure 26(b).

20 Subject to and without waiving these objections, after a reasonable and

21 diligent search and subject to the terms of the parties' protective order in this

22 matter, Responding Party will produce responsive, non-privileged documents

23 reflecting communications between Plaintiff and Dolphin Black Productions

24 relating to Plaintiff's allegations in the First Amended Complaint that are in

25 Plaintiff's possession, custody, or control, if any exist.

26 Request for Production 61: All COMMUNICATIONS with Tony Basgallop.

27 Plaintiff's Response to Request for Production 61: Responding Party incorporates

28 the General Objections as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Tony Basgallop relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

Request for Production 62: All COMMUNICATIONS with Ashwin Rajan.

Plaintiff's Response to Request for Production 62: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Plaintiff and Ashwin Rajan relating to Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's possession, custody, or control, if any exist.

Request for Production 63: All COMMUNICATIONS with Jason Blumenthal.

Plaintiff's Response to Request for Production 63: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Defendants and/or can be obtained more easily, or as easily by Defendants as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

2  violation of Federal Rule of Civil Procedure 26(b).

3      Subject to and without waiving these objections, after a reasonable and

4  diligent search and subject to the terms of the parties' protective order in this

5  matter, Responding Party will produce responsive, non-privileged documents

6  reflecting communications between Plaintiff and Jason Blumenthal relating to

7  Plaintiff's allegations in the First Amended Complaint that are in Plaintiff's

8  possession, custody, or control, if any exist.

9  Request for Production 64: All COMMUNICATIONS with Todd Black.

10 Plaintiff's Response to Request for Production 64: Responding Party incorporates

11 the General Objections as if fully set forth here.

12     Responding Party objects to this request on the grounds that it is vague and

13 ambiguous.

14     Responding Party objects to this request on the grounds that it seeks

15 information that is within the knowledge of Defendants and/or can be obtained

16 more easily, or as easily by Defendants as by Responding Party.

17     Responding Party further objects that the demand is overbroad and unduly

18 burdensome, including because the categories of documents to be produced are not

19 specified with reasonable particularity, and the request is so sweeping that its

20 boundaries are difficult to identify.

21     Responding Party also objects to the definitions of "document" as being

22 overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

23 that it impermissibly attempts to shift the cost of production of data to Plaintiff in

24 violation of Federal Rule of Civil Procedure 26(b).

25     Subject to and without waiving these objections, after a reasonable and

26 diligent search and subject to the terms of the parties' protective order in this

27 matter, Responding Party will produce responsive, non-privileged documents

28 reflecting communications between Plaintiff and Todd Black relating to Plaintiff's

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  allegations in the First Amended Complaint that are in Plaintiff's possession,

2  custody, or control, if any exist.

3  Request for Production 65: All COMMUNICATIONS with Steve Tisch.

4  Plaintiff's Response to Request for Production 65: Responding Party incorporates

5  the General Objections as if fully set forth here.

6         Responding Party objects to this request on the grounds that it is vague and

7  ambiguous.

8         Responding Party objects to this request on the grounds that it seeks

9  information that is within the knowledge of Defendants and/or can be obtained

10  more easily, or as easily by Defendants as by Responding Party.

11         Responding Party further objects that the demand is overbroad and unduly

12  burdensome, including because the categories of documents to be produced are not

13  specified with reasonable particularity, and the request is so sweeping that its

14  boundaries are difficult to identify.

15         Responding Party also objects to the definitions of "document" as being

16  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

17  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

18  violation of Federal Rule of Civil Procedure 26(b).

19         Subject to and without waiving these objections, after a reasonable and

20  diligent search and subject to the terms of the parties' protective order in this

21  matter, Responding Party will produce responsive, non-privileged documents

22  reflecting communications between Plaintiff and Steve Tisch relating to Plaintiff's

23  allegations in the First Amended Complaint that are in Plaintiff's possession,

24  custody, or control, if any exist.

25  **Defendants' Position**: Defendants requested, and Plaintiff agreed to produce,

26  documents reflecting "communications" with defendants Apple (RFP 44), M. Night

27  Shyamalan (RFP 45), Blinding Edge (RFP 46), Uncle George (RFP 47), Escape

28  Artists (RFP 48), Dolphin Black Productions (RFP 49), Tony Basgallop (RFP 50),

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  Ashwin Rajan (RFP 51), Jason Blumenthal (RFP 52), Todd Black (RFP 53), and

2  Steve Tisch (RFP 54) "relating to Plaintiff's allegations in the First Amended

3  Complaint."  These requests seek clearly relevant information related to Plaintiff's

4  communications with each of the eleven defendants relating to her allegations in

5  this lawsuit.  Such communications, if they exist, would encompass, for example,

6  Plaintiff's non-privileged communications about *Servant*, this lawsuit, and each of

7  the Defendants as related to Plaintiff's allegations.

8       Despite Plaintiff's prior counsel's representations and the Court Order,

9  Plaintiff still has not produced any documents responsive to these requests.  *See*

10  *New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.

11

12

13  **Plaintiff's Position**:

14       Plaintiff's prior counsel's supplemental discovery responses indicates that

15  they only agreed to produce materials in Plaintiff's possession, custody, or control.

16  It is Plaintiff's current counsel's understanding that Plaintiff has not produced any

17  responsive document because she has not had any direct communications with

18  Defendants herself. Gregorini Decl. ¶ 9. "The Court . . . cannot order a party to

19  produce documents that are not in its possession custody or control." *Lexington*

20  *Luminance LLC v. Feit Elec. Co., Inc.*, No. CV1810513PSGKSX, 2020 WL

21  10052406, at *10 (C.D. Cal. Aug. 10, 2020).

22       Defendants' motion also fails to prove a deficiency or warrant sanctions

23  against Plaintiff for Plaintiff's prior counsel's discovery conduct. Defendants do not

24  even appear to believe this category of documents is important such that it warrants

25  the wide-reaching sanctions they request. Indeed, while they asked Ms. Gregorini

26  about various categories of documents during her recent deposition, this was not

27  one of them. Niles Decl. ¶ 15, Ex. F at 39:20-42:17; 78:12-83:9; 149:12-152:1.

28  Plaintiff gave her prior counsel access to her email purposes of document collection

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

in this case. Gregorini Decl. ¶ 5. Courts do not "grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015). Plaintiff's current counsel anticipates making supplemental productions based on its re-collection of documents, and any responsive "communications" between Plaintiff and defendants Apple (RFP 44), M. Night Shyamalan (RFP 45), Blinding Edge (RFP 46), Uncle George (RFP 47), Escape Artists (RFP 48), Dolphin Black Productions (RFP 49), Tony Basgallop (RFP 50), Ashwin Rajan (RFP 51), Jason Blumenthal (RFP 52), Todd Black (RFP 53), and Steve Tisch (RFP 54) will be produced.

## I.    Requests for Production 66-67

<u>Request for Production 66</u>: All COMMUNICATIONS between YOU and your agent(s) about EMANUEL.

<u>Plaintiff's Response to Request for Production 66</u>: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

<u>Plaintiff's Supplemental Response to Request for Production 66</u>: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents about *Emanuel* relating to claims made by Responding Party or defenses

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  raised by defendants in this lawsuit that are in her possession, custody, or control,

2  subject to the terms of the protective order entered in this action.

3  Request for Production 67: All COMMUNICATIONS between YOU and your

4  manager(s) about EMANUEL.

5  Plaintiff's Response to Request for Production 67: Responding Party incorporates

6  the General Objections as if fully set forth here.

7      Responding Party objects on the ground that the information sought is

8  protected from disclosure by the right to privacy provided by any statute and/or

9  under the Constitution of the United States and/or State of California.

10     Responding Party objects on the ground that the information sought is not

11 sufficiently related to any of the claims, allegations, or defenses in this case; and the

12 request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

13 vexatious seeking information that is neither relevant to this case, nor likely to lead

14 to the discovery of admissible evidence. In addition, any minimal probative value of

15 the requested information or documents is outweighed by the burden of gathering

16 and producing same.

17     Responding Party objects on the ground that the request seeks information

18 containing trade secret or other confidential, competitively sensitive, or proprietary

19 business information or that would require Plaintiff to violate any confidentiality

20 agreement or any court order pertaining to confidentiality.

21     Responding Party objects to this request on the grounds that it is vague and

22 ambiguous.

23     Responding Party further objects that the demand is overbroad and unduly

24 burdensome, including because the categories of documents to be produced are not

25 specified with reasonable particularity, and the request is so sweeping that its

26 boundaries are difficult to identify.

27     Responding Party also objects to the definitions of "document" as being

28 overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1 that it impermissibly attempts to shift the cost of production of data to Plaintiff in

2 violation of Federal Rule of Civil Procedure 26(b).

3 <u>Plaintiff's Supplemental Response to Request for Production 67</u>: Responding Party

4 incorporates the General Objections and the original response as if fully set forth

5 here.

6      Responding Party further objects to this request on the grounds that it is

7 overbroad and vague and ambiguous. Responding Party additionally objects to the

8 request to the extent it seeks information protected from disclosure by the attorney

9 work-product doctrine, the attorney-client privilege, and/or another applicable

10 privilege or immunity.

11      Subject to and without waiving these objections, after a reasonable and

12 diligent search, Responding Party has produced responsive, non-privileged

13 documents about *Emanuel* relating to claims made by Responding Party or defenses

14 raised by defendants in this lawsuit that are in her possession, custody, or control,

15 subject to the terms of the protective order entered in this action.

16 **Defendants' Position**: Defendants requested, and Plaintiff agreed to produce,

17 documents about "*Emanuel* relating to claims made by [Plaintiff] or defenses raised

18 by defendants in this lawsuit" in response to requests for communications with her

19 agent(s) and manager(s) about *Emanuel*.  These requests seek key information

20 related to Plaintiff's communications with her team related to *Emanuel* and

21 Plaintiff's allegations regarding access, *see* FAC ¶ 52.

22      Despite Plaintiff's prior counsel's representations and the Court Order,

23 Plaintiff still has not produced all documents responsive to these requests.  *See New*

24 *York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.  In

25 particular, as revealed in third-party productions, Plaintiff did not produce key

26 emails that she sent to her former agents Olivia Blaustein, Ellen Jones, and other

27 ICM Partners agents about this lawsuit.  Freeman Decl. ¶ 19 & Ex. 6.  Plaintiff has

28 produced only two emails with her UK-based agent, Cynthia Okoye, and no

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

communications at all with her manager David Unger or agent Christina Bazdekis, all of whom she names as potential witnesses in her amended initial disclosures. *Id.* ¶¶ 15, 19 & Exs. 5-6.

**Plaintiff's Position**: Defendants' motion fails to prove a deficiency or warrant sanctions against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her prior counsel access to her email and files relating to The Truth About Emanuel. Gregorini Decl. ¶ 5. Courts do not "grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015). Plaintiff's current counsel anticipates making supplemental productions based on its re-collection of documents, and any additional communications between Plaintiff and her agents about Emanuel relating to claims made by Plaintiff or defenses raised by defendants in this lawsuit in response to requests for communications with her agent(s) and manager(s) will be produced.

## J.    Requests for Production 68-72

Request for Production 68: All COMMUNICATIONS between YOU and your agent(s) about SERVANT.

Plaintiff's Response to Request for Production 68: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  specified with reasonable particularity, and the request is so sweeping that its

2  boundaries are difficult to identify.

3       Responding Party also objects to the definitions of "document" as being

4  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

5  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

6  violation of Federal Rule of Civil Procedure 26(b).

7       Subject to and without waiving these objections, after a reasonable and

8  diligent search and subject to the terms of the parties' protective order in this

9  matter, Responding Party will produce responsive, non-privileged documents

10 reflecting communications between Responding Party and her agent about *Servant*

11 relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or

12 control, if any exist.

13 Request for Production 69: All COMMUNICATIONS between YOU and your

14 manager(s) about SERVANT.

15 Plaintiff's Response to Request for Production 69: Responding Party incorporates

16 the General Objections as if fully set forth here.

17      Responding Party objects to this request on the grounds that it is vague and

18 ambiguous.

19      Responding Party further objects that the demand is overbroad and unduly

20 burdensome, including because the categories of documents to be produced are not

21 specified with reasonable particularity, and the request is so sweeping that its

22 boundaries are difficult to identify.

23      Responding Party also objects to the definitions of "document" as being

24 overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

25 that it impermissibly attempts to shift the cost of production of data to Plaintiff in

26 violation of Federal Rule of Civil Procedure 26(b).

27      Subject to and without waiving these objections, after a reasonable and

28 diligent search and subject to the terms of the parties' protective order in this

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1   matter, Responding Party will produce responsive, non-privileged documents

2   reflecting communications between Responding Party and her agent about *Servant*

3   relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or

4   control, if any exist.

5   Request for Production 70: All COMMUNICATIONS between YOU and Jane Lee

6   about SERVANT.

7   Plaintiff's Response to Request for Production 70: Responding Party incorporates

8   the General Objections as if fully set forth here.

9       Responding Party objects to this request on the grounds that it is vague and

10  ambiguous.

11      Responding Party further objects that the demand is overbroad and unduly

12  burdensome, including because the categories of documents to be produced are not

13  specified with reasonable particularity, and the request is so sweeping that its

14  boundaries are difficult to identify.

15      Responding Party also objects to the definitions of "document" as being

16  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

17  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

18  violation of Federal Rule of Civil Procedure 26(b).

19      Subject to and without waiving these objections, after a reasonable and

20  diligent search and subject to the terms of the parties' protective order in this

21  matter, Responding Party will produce responsive, non-privileged documents

22  reflecting communications between Responding Party and Jane Lee about *Servant*

23  relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or

24  control, if any exist.

25  Request for Production 71: All COMMUNICATIONS between YOU and Ellen

26  Jones about SERVANT.

27  Plaintiff's Response to Request for Production 71: Responding Party incorporates

28  the General Objections as if fully set forth here.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents reflecting communications between Responding Party and Ellen Jones about *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession, custody, or control, if any exist.

Request for Production 72: All COMMUNICATIONS between YOU and ICM Partners about SERVANT.

Plaintiff's Response to Request for Production 72: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1    that it impermissibly attempts to shift the cost of production of data to Plaintiff in
2    violation of Federal Rule of Civil Procedure 26(b).

3          Subject to and without waiving these objections, after a reasonable and
4    diligent search and subject to the terms of the parties' protective order in this
5    matter, Responding Party will produce responsive, non-privileged documents
6    reflecting communications between Responding Party and ICM Partners about
7    *Servant* relating to Plaintiff's allegations herein that are in Plaintiff's possession,
8    custody, or control, if any exist.

9    **Defendants' Position**: Defendants requested, and Plaintiff agreed to produce,
10   communications with her agent (RFP 68), manager (RFP 69), agent Jane Lee (RFP
11   70), her former agent Ellen Jones (RFP 71), and her former agency ICM Partners
12   (RFP 72) "about *Servant* relating to [Plaintiff's] allegations." These requests seek
13   key information related to Plaintiff's communications with her team related to
14   *Servant* and this lawsuit.

15         Despite Plaintiff's prior counsel's representations and the Court Order,
16   Plaintiff still has not produced all documents responsive to these requests. *See New*
17   *York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6. For
18   example, at minimum Plaintiff did not produce emails *regarding this lawsuit* that
19   she sent to her former agents at the talent agency specifically named in the requests.
20   Freeman Decl. ¶ 19 & Ex. 6. Though Plaintiff did not supplement her responses to
21   indicate whether she had produced these documents or whether none were located,
22   these third-party productions reveal that responsive communications clearly exist.

23   **Plaintiff's Position**: Defendants' motion fails to prove a deficiency or warrant
24   sanctions against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff
25   gave her prior counsel access to her emails and files relating to The Truth About
26   Emanuel. Gregorini Decl. ¶ 5. She does not know who the Jane Lee referred to in
27   RFP 70 is. Gregorini Decl. ¶ 10. Nor do Courts "grant motions to compel based
28   solely on speculation that the responding party has incorrectly asserted that all

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  responsive documents have been produced." *Moran v. Pak*, No.

2  SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017)

3  (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL

4  6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No.

5  1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015).

6  Plaintiff's current counsel anticipates making supplemental productions based on its

7  re-collection of documents, and to the extent there are additional responsive

8  communications between Plaintiff and her agent (RFP 68), manager (RFP 69),

9  agent Jane Lee (RFP 70), her former agent Ellen Jones (RFP 71), and her former

10  agency ICM Partners (RFP 72) "about *Servant* relating to [Plaintiff's] allegations"

11  they will be produced.

12    **K.    Requests for Production 75-76**

13  Request for Production 75: All DOCUMENTS, including COMMUNICATIONS,

14  about any and all negotiations and/or pitches YOU have engaged in to develop

15  EMANUEL into a television series.

16  Plaintiff's Response to Request for Production 75: Responding Party incorporates

17  the General Objections as if fully set forth here.

18      Responding Party objects on the grounds that the information sought is

19  protected from disclosure by the attorney work-product doctrine, the attorney-client

20  privilege, and/or another applicable privilege or immunity.

21      Responding Party objects on the ground that the information sought is

22  protected from disclosure by the right to privacy provided by any statute and/or

23  under the Constitution of the United States and/or State of California.

24      Responding Party objects on the ground that the information sought is not

25  sufficiently related to any of the claims, allegations, or defenses in this case; and the

26  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

27  vexatious seeking information that is neither relevant to this case, nor likely to lead

28  to the discovery of admissible evidence. In addition, any minimal probative value of

74

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1   the requested information or documents is outweighed by the burden of gathering

2   and producing same.

3          Responding Party objects on the ground that the request seeks information

4   containing trade secret or other confidential, competitively sensitive, or proprietary

5   business information or that would require Plaintiff to violate any confidentiality

6   agreement or any court order pertaining to confidentiality.

7          Responding Party objects to this request on the grounds that it is vague and

8   ambiguous.

9          Responding Party further objects that the demand is overbroad and unduly

10  burdensome, including because the categories of documents to be produced are not

11  specified with reasonable particularity, and the request is so sweeping that its

12  boundaries are difficult to identify.

13         Responding Party also objects to the definitions of "document" as being

14  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

15  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

16  violation of Federal Rule of Civil Procedure 26(b).

17  Plaintiff's Supplemental Response to Request for Production 75: Responding Party

18  incorporates the General Objections and the original response as if fully set forth

19  here.

20         Responding Party further objects to this request on the grounds that it is

21  overbroad and vague and ambiguous. Responding Party additionally objects to the

22  request to the extent it seeks information protected from disclosure by the attorney

23  work-product doctrine, the attorney-client privilege, and/or another applicable

24  privilege or immunity.

25         Subject to and without waiving these objections, after a reasonable and

26  diligent search, Responding Party has produced responsive, non-privileged

27  documents about negotiations or pitches Plaintiff engaged in to develop *Emanuel* as

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

a television series that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 76: All DOCUMENTS, including COMMUNICATIONS, about any and all negotiations and/or pitches YOU have engaged in regarding other adaptations and/or derivative works of EMANUEL.

Plaintiff's Response to Request for Production 76: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  specified with reasonable particularity, and the request is so sweeping that its

2  boundaries are difficult to identify.

3       Responding Party also objects to the definitions of "document" as being

4  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

5  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

6  violation of Federal Rule of Civil Procedure 26(b).

7  Plaintiff's Supplemental Response to Request for Production 76: Responding Party

8  incorporates the General Objections and the original response as if fully set forth

9  here.

10      Responding Party further objects to this request on the grounds that it is

11 overbroad and vague and ambiguous. Responding Party additionally objects to the

12 request to the extent it seeks information protected from disclosure by the attorney

13 work-product doctrine, the attorney-client privilege, and/or another applicable

14 privilege or immunity.

15      Subject to and without waiving these objections, after a reasonable and

16 diligent search, Responding Party has produced responsive, non-privileged

17 documents about negotiations or pitches Plaintiff engaged in regarding other

18 adaptations or derivative works of *Emanuel* that are in her possession, custody, or

19 control, subject to the terms of the protective order entered in this action.

20 **Defendants' Position**: Defendants requested, and Plaintiff agreed to produce,

21 documents about "negotiations or pitches [Plaintiff] engaged in" to "develop

22 *Emanuel* as a television series" (RFP 75) and "other adaptations or derivative works

23 of *Emanuel*" (RFP 76).  These requests seek information related to Plaintiff's

24 purported attempts to develop and adapt her film, as referenced in the FAC.  *See*

25 FAC ¶ 19.

26      Despite Plaintiff's prior counsel's representations and the Court Order,

27 Plaintiff still has not produced any documents responsive to this request.  *See New*

28 *York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  **Plaintiff's Position**: Plaintiff's prior counsel's supplemental discovery responses
2  indicate that they only agreed to produce certain responsive materials in Plaintiff's
3  possession, custody, or control. But it does not appear that Defendants even believe
4  this category of documents is important. While they asked Ms. Gregorini about the
5  existence of various categories of documents during her recent deposition, this was
6  not one of them. Niles Decl. ¶ 15, Ex. F at 39:20-42:17; 78:12-83:9; 149:12-152:1.
7  And it is Plaintiff's current counsel's understanding that Plaintiff has no documents
8  relating to negotiations or pitches Plaintiff engaged in to develop Emanuel as a
9  television series. Gregorini Decl. ¶ 11. "The Court . . . cannot order a party to
10 produce documents that are not in its possession custody or control." *Lexington*
11 *Luminance LLC v. Feit Elec. Co., Inc.*, No. CV1810513PSGKSX, 2020 WL
12 10052406, at *10 (C.D. Cal. Aug. 10, 2020).

13      Defendants' motion fails to prove a deficiency or warrant sanctions against
14 Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her prior
15 counsel access to her emails and files relating to The Truth About Emanuel.
16 Gregorini Decl. ¶ 5. Nor do Courts "grant motions to compel based solely on
17 speculation that the responding party has incorrectly asserted that all responsive
18 documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX,
19 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v.*
20 *Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18,
21 2016); *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL
22 402071, at *6–7 (E.D. Cal. Jan. 29, 2015). Plaintiff's current counsel anticipates
23 making supplemental productions based on its re-collection of documents, and to
24 the extent there are responsive documents about "negotiations or pitches [Plaintiff]
25 engaged in" to "develop *Emanuel* as a television series" (RFP 75) and "other
26 adaptations or derivative works of *Emanuel*" (RFP 76) they will be produced.

27
28

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

**L.    Requests for Production 78-81**

Request for Production 78: All DOCUMENTS, including COMMUNICATIONS, referring to or about SERVANT.

Plaintiff's Response to Request for Production 78: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects that the demand appears duplicative and intended to harass and burden Responding Party rather than for any legitimate discovery purpose.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 78: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, and with defendants' specific narrowing of the request to documents dated prior to the date of Plaintiff's complaint, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 79: All DOCUMENTS, including COMMUNICATIONS, about the EARLY SERVANT SCRIPT, *see* FAC ¶ 94.

Plaintiff's Response to Request for Production 79: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 79: Responding Party incorporates the General Objections and the original response as if fully set forth here.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, and with defendants' specific narrowing of the request to documents dated prior to the date of Plaintiff's complaint, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

Request for Production 80: All DOCUMENTS, including COMMUNICATIONS, about the LATER SERVANT SCRIPT, see FAC ¶ 100.

Plaintiff's Response to Request for Production 80: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  Plaintiff's Supplemental Response to Request for Production 80: Responding Party

2  incorporates the General Objections and the original response as if fully set forth

3  here.

4      Responding Party further objects to this request on the grounds that it is

5  overbroad and vague and ambiguous. Responding Party additionally objects to the

6  request to the extent it seeks information protected from disclosure by the attorney

7  work-product doctrine, the attorney-client privilege, and/or another applicable

8  privilege or immunity.

9      Subject to and without waiving these objections, and with defendants'

10  specific narrowing of the request to documents dated prior to the date of Plaintiff's

11  complaint, after a reasonable and diligent search, Responding Party has produced

12  responsive, non-privileged documents that are in her possession, custody, or

13  control, subject to the terms of the protective order entered in this action.

14  Request for Production 81: All COMMUNICATIONS attaching or discussing any

15  script of SERVANT.

16  Plaintiff's Response to Request for Production 81: Responding Party incorporates

17  the General Objections as if fully set forth here.

18      Responding Party objects on the grounds that the information sought is

19  protected from disclosure by the attorney work-product doctrine, the attorney-

20  client privilege, and/or another applicable privilege or immunity.

21      Responding Party objects on the ground that the information sought is

22  protected from disclosure by the right to privacy provided by any statute and/or

23  under the Constitution of the United States and/or State of California.

24      Responding Party objects on the ground that the information sought is not

25  sufficiently related to any of the claims, allegations, or defenses in this case; and the

26  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and

27  vexatious seeking information that is neither relevant to this case, nor likely to lead

28  to the discovery of admissible evidence. In addition, any minimal probative value of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 81: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, and with defendants' specific narrowing of the request to documents dated prior to the date of Plaintiff's complaint, after a reasonable and diligent search, Responding Party has produced

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  responsive, non-privileged documents that are in her possession, custody, or

2  control, subject to the terms of the protective order entered in this action.

3  **Defendants' Position**: Defendants requested, and Plaintiff agreed to produce,

4  documents prior to the date of her complaint in response to requests regarding

5  "*Servant*" (RFP 78), the "Early *Servant* Script" (RFP 79), the "Later *Servant* Script"

6  (RFP 80), and "communications attaching or discussing any script of *Servant*" (RFP

7  81). These requests seek information related to Plaintiff's claims related to *Servant*,

8  and are particularly important given that Plaintiff maintains three separate claims

9  related to *Servant*, the "Early *Servant* Script," and the "Later *Servant* Script."  FAC

10 ¶¶ 83-104.

11         Despite Plaintiff's prior counsel's representations and the Court Order,

12 Plaintiff still has not produced documents responsive to this request.  *See New York*

13 *Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.  Plaintiff has

14 produced only one document responsive to the term "*Servant*."  Freeman Decl. ¶ 19

15 & Ex. 6.  In fact, Plaintiff's former agent produced a communication with Plaintiff

16 about *Servant* that Plaintiff did not produce.  *Id*.  Nor has Plaintiff provided any

17 documents supporting her separate claims against the so-called "Early *Servant*

18 Script" and "Later *Servant* Script," how she procured those scripts, or even the

19 purported specific scripts at issue.  FAC ¶¶ 83-104.

20         **Plaintiff's Position**: Defendants' motion cannot expand its discovery

21 requests through this motion to compel. Prior correspondence, which was drafted by

22 Defendants' counsel, indicates that "Plaintiff agreed to produce documents

23 responsive to these requests regarding Servant scripts with the Defendants'

24 agreement to limit the request to documents/communications dated prior to the

25 filing of Plaintiff's complaint." Freeman Decl. Ex. 6 at 3. Defendants' motion fails

26 to prove a deficiency or warrant sanctions against Plaintiff for Plaintiff's prior

27 counsel's discovery conduct. Plaintiff gave her prior counsel access to her emails

28 and files. Gregorini Decl. ¶ 5. And Plaintiff answered questions about this at her

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  deposition. Niles Decl. ¶ 15, Ex. F at 255:9-257:14. Courts do not "grant motions to
2  compel based solely on speculation that the responding party has incorrectly
3  asserted that all responsive documents have been produced." *Moran v. Pak*, No.
4  SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017)
5  (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL
6  6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No.
7  1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015).
8       Even so, Defendants' demand for "all documents" is also unwarranted. The
9  document requests themselves are also overbroad. "RFPs which broadly request all
10 relevant documents" are "routinely reject[ed]." *Hernandez*, 2018 WL 10561972, at
11 *7; *see K'napp v. Adams*, 2014 WL 950353, at *6 (E.D. Cal. Mar. 11, 2014)
12 (finding requests for "any and all documents related to the allegations" were
13 "unquestionably overbroad"); *W Holding Co. v. Chartis Ins. Co. of Puerto Rico*,
14 2013 WL 6001087, at *3 (D.P.R. Nov. 12, 2013) (generic request for "all
15 documents related to the facts and allegations in the Complaint" posed an "undue
16 burden").
17      Plaintiff's current counsel anticipates making supplemental productions
18 based on its re-collection of documents, and to the extent there are non-privileged
19 responsive pre-litigation documents relating to the "*Servant*" (RFP 78), the "Early
20 *Servant* Script" (RFP 79), the "Later *Servant* Script" (RFP 80), and
21 "communications attaching or discussing any script of *Servant*" (RFP 81) they will
22 be produced.
23      **M.    Request for Production 82**
24 <u>Request for Production 82</u>: All DOCUMENTS, including COMMUNICATIONS,
25 about BERLIN STATION, see FAC ¶ 52.
26 <u>Plaintiff's Response to Request for Production 82</u>: Responding Party incorporates
27 the General Objections as if fully set forth here.
28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Responding Party objects on the ground that the information sought is protected from disclosure by the right to privacy provided by any statute and/or under the Constitution of the United States and/or State of California.

Responding Party objects on the ground that the information sought is not sufficiently related to any of the claims, allegations, or defenses in this case; and the request is overbroad, unduly burdensome, oppressive, harassing, annoying, and vexatious seeking information that is neither relevant to this case, nor likely to lead to the discovery of admissible evidence. In addition, any minimal probative value of the requested information or documents is outweighed by the burden of gathering and producing same.

Responding Party objects on the ground that the request seeks information containing trade secret or other confidential, competitively sensitive, or proprietary business information or that would require Plaintiff to violate any confidentiality agreement or any court order pertaining to confidentiality.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

<u>Plaintiff's Supplemental Response to Request for Production 82</u>: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Responding Party further objects to this request on the grounds that it is overbroad and vague and ambiguous. Responding Party additionally objects to the request to the extent it seeks information protected from disclosure by the attorney work-product doctrine, the attorney-client privilege, and/or another applicable privilege or immunity.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents relating to her submission to direct episodes of *Berlin Station* that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, documents "relating to her submission to direct episodes of *Berlin Station*." This request seeks key information related to Plaintiff's allegations of access based on the television series *Berlin Station*. *See* FAC ¶ 52.

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced all documents responsive to this request. *See New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6. Plaintiff has produced only one document referencing *Berlin Station*. Freeman Decl. ¶ 19 & Ex. 6. However, her former agent, Olivia Blaustein, produced a document related to *Berlin Station* that Plaintiff received but did not produce. *Id.*

**Plaintiff's Position**: Plaintiff's agency submitted Ms. Gregorini to direct episodes of *Berlin Station*, but she did not complete that submission directly herself. Niles Decl. ¶ 15, Ex. F at 141:7–145:3. Plaintiff's prior counsel's supplemental discovery response indicates that they only agreed to produce materials in Plaintiff's possession, custody, or control. "The Court . . . cannot order a party to produce

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

documents that are not in its possession custody or control." *Lexington Luminance LLC v. Feit Elec. Co., Inc.*, No. CV1810513PSGKSX, 2020 WL 10052406, at *10 (C.D. Cal. Aug. 10, 2020). Nor do Courts "grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015).

Defendants' demand for "all documents" is unwarranted too. The document requests themselves are also overbroad. "RFPs which broadly request all relevant documents" are "routinely reject[ed]." *Hernandez*, 2018 WL 10561972, at *7; *see K'napp v. Adams*, 2014 WL 950353, at *6 (E.D. Cal. Mar. 11, 2014) (finding requests for "any and all documents related to the allegations" were "unquestionably overbroad"); *W Holding Co. v. Chartis Ins. Co. of Puerto Rico*, 2013 WL 6001087, at *3 (D.P.R. Nov. 12, 2013) (generic request for "all documents related to the facts and allegations in the Complaint" posed an "undue burden").

Defendants' motion fails to prove a deficiency or warrant sanctions against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her prior counsel access to her emails and files. Gregorini Decl. ¶ 5. Plaintiff's current counsel anticipates making supplemental productions based on its re-collection of documents, and to the extent there are non-privileged responsive documents and communications related to her submission to direct episodes of *Berlin Station* they will be produced.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

## N.    Request for Production 83

Request for Production 83: All DOCUMENTS, including COMMUNICATIONS, supporting YOUR contention in ¶ 51 of the FAC that "Defendants had access to [EMANUEL] continually since 2013."

Plaintiff's Response to Request for Production 83: Responding Party incorporates the General Objections as if fully set forth here.

Responding Party objects to this request on the grounds that it is vague and ambiguous.

Responding Party objects to this request on the grounds that it seeks information that is within the knowledge of Propounding Party and/or can be obtained more easily, or as easily by Propounding Party as by Responding Party.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Subject to and without waiving these objections, after a reasonable and diligent search and subject to the terms of the parties' protective order in this matter, Responding Party will produce responsive, non-privileged documents supporting her contention in ¶51 of the First Amended Complaint that Defendants had access to *Emanuel* continually since 2013 that are in Plaintiff's possession, custody, or control, if any exist.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, documents "supporting her contention in ¶ 51 of the First Amended Complaint that Defendants had access to *Emanuel* continually since 2013," if any exist.  These

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1 | requests seek key information related to Plaintiff's allegations of access.  *See* FAC
2 | ¶ 51.
3 |      Despite Plaintiff's prior counsel's representations and the Court Order,
4 | Plaintiff still has not produced all documents responsive to this request.  *See New*
5 | *York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.
6 | **Plaintiff's Position**: Plaintiff agreed to produce "non-privileged documents
7 | supporting her contention in ¶51 of the First Amended Complaint that Defendants
8 | had access to *Emanuel* continually since 2013 that are in Plaintiff's possession,
9 | custody, or control, if any exist." But Plaintiff need not search for, collect, and
10 | produce "all documents" on this subject that might possibly exist. Indeed, it's
11 | unclear how many or to what extent Defendants believe those documents should be
12 | in Plaintiff's possession since it is about Defendants' access. Even so, Defendants'
13 | demand for "all documents" is also unwarranted. The document requests
14 | themselves are also overbroad. "RFPs which broadly request all relevant
15 | documents" are "routinely reject[ed]." *Hernandez*, 2018 WL 10561972, at *7; *see*
16 | *K'napp v. Adams*, 2014 WL 950353, at *6 (E.D. Cal. Mar. 11, 2014) (finding
17 | requests for "any and all documents related to the allegations" were
18 | "unquestionably overbroad"); *W Holding Co. v. Chartis Ins. Co. of Puerto Rico*,
19 | 2013 WL 6001087, at *3 (D.P.R. Nov. 12, 2013) (generic request for "all
20 | documents related to the facts and allegations in the Complaint" posed an "undue
21 | burden").
22 |      This motion is particularly inappropriate in view of the admission that
23 | Plaintiff's film, The Truth About Emanuel, has been available to the public on
24 | Apple's iTunes store since 2013. Niles Decl., ¶ 17, Ex. H at RFA 6. Thus,
25 | Defendants cannot credibly dispute their ability to access the film since that date.
26 | And documentation on that is within Defendants possession, custody, and control.
27 |      Defendants' motion fails to prove a deficiency or warrant sanctions against
28 | Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her prior

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  counsel access to her email and files. Gregorini Decl. ¶ 5. Courts do not "grant
2  motions to compel based solely on speculation that the responding party has
3  incorrectly asserted that all responsive documents have been produced." *Moran v.*
4  *Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4,
5  2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL
6  6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No.
7  1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015).
8  Plaintiff's current counsel anticipates making supplemental productions, including
9  based its re-collection of documents, and any additional non-privileged documents
10 in Plaintiff's possession, custody, and control that she relies on to support the
11 contention in ¶51 of the First Amended Complaint that Defendants had access to
12 *Emanuel* continually since 2013 will be produced.

### O.    Request for Production 85

14 Request for Production 85: All DOCUMENTS, including COMMUNICATIONS,
15 supporting YOUR contention in ¶ 52 of the FAC that "Mr. Basgallop has had
16 specific access to [EMANUEL]."

17 Plaintiff's Response to Request for Production 85: Responding Party incorporates
18 the General Objections as if fully set forth here.

19      Responding Party objects on the grounds that the information sought is
20 protected from disclosure by the attorney work-product doctrine, the attorney-client
21 privilege, and/or another applicable privilege or immunity.

22      Responding Party objects to this request on the grounds that it is vague and
23 ambiguous.

24      Responding Party objects to this request on the grounds that it seeks
25 information that is within the knowledge of Propounding Party and/or can be
26 obtained more easily, or as easily by Propounding Party as by Responding Party.

27      Responding Party has not fully completed investigation and discovery of the
28 facts relating to this action. Because these efforts are ongoing and expected to yield

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1  more documents and information in the future, which may establish entirely new

2  factual conclusions and legal contentions, this response is given without prejudice

3  to Responding Party's right to make substantial additions and/or changes.

4  Responding Party notes that Propounding Party has not produced discovery to

5  Plaintiff despite serving responses to Plaintiff's requests for production nearly three

6  years ago stating and confirming that Propounding Party would produce requested

7  information to Plaintiff including Propounding Party's initial disclosure documents.

8  Propounding Party's failure to produce discovery as promised impedes and

9  interferes with Plaintiff's ability to respond.

10      Responding Party further objects that the demand is overbroad and unduly

11  burdensome, including because the categories of documents to be produced are not

12  specified with reasonable particularity, and the request is so sweeping that its

13  boundaries are difficult to identify.

14      Responding Party also objects to the definitions of "document" as being

15  overly broad as to scope and time, unduly burdensome, oppressive, and to the extent

16  that it impermissibly attempts to shift the cost of production of data to Plaintiff in

17  violation of Federal Rule of Civil Procedure 26(b).

18      Subject to and without waiving these objections, after a reasonable and

19  diligent search and subject to the terms of the parties' protective order in this

20  matter, Responding Party will produce responsive, non-privileged documents

21  supporting the contention in ¶ 52 of the First Amended Complaint that Tony

22  Basgallop has had specific access to *Emanuel* that are in Plaintiff's possession,

23  custody, or control, if any exist.

24  **Defendants' Position**: Defendants requested, and Plaintiff agreed to produce,

25  documents "supporting the contention in ¶ 52 of the First Amended Complaint that

26  Tony Basgallop "has had specific access to *Emanuel*," if any exist.  These requests

27  seek key information related to Plaintiff's allegations of access relating to the

28  television series *Berlin Station*.  *See* FAC ¶ 52.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced all documents responsive to this request. *See New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6. Plaintiff has produced only one document referencing *Berlin Station*. Freeman Decl. ¶ 19 & Ex. 6. However, her former agent, Olivia Blaustein, produced a document related to *Berlin Station* that Plaintiff received but did not produce. *Id*

**Plaintiff's Position**: Plaintiff's prior counsel's supplemental discovery response indicates that they only agreed to produce materials in Plaintiff's possession, custody, or control. Plaintiff's agency submitted Plaintiff to direct episodes of *Berlin Station* that Mr. Basgallop worked on, but she did not complete that submission directly herself. Niles Decl. ¶ 15, Ex. F at 141:7–145:3. Yet, Defendants have subpoenaed documents and a deposition from Ms. Gregorini's representatives, Olivia Blaustein, on this subject. Niles Decl. ¶ 18, Ex. I at 27:15-36:12. "The Court . . . cannot order a party to produce documents that are not in its possession custody or control." *Lexington Luminance LLC v. Feit Elec. Co., Inc.*, No. CV1810513PSGKSX, 2020 WL 10052406, at *10 (C.D. Cal. Aug. 10, 2020).

Defendants' demand for "all documents" is also unwarranted. The document requests themselves are also overbroad. "RFPs which broadly request all relevant documents" are "routinely reject[ed]." *Hernandez*, 2018 WL 10561972, at *7; *see K'napp v. Adams*, 2014 WL 950353, at *6 (E.D. Cal. Mar. 11, 2014) (finding requests for "any and all documents related to the allegations" were "unquestionably overbroad"); *W Holding Co. v. Chartis Ins. Co. of Puerto Rico*, 2013 WL 6001087, at *3 (D.P.R. Nov. 12, 2013) (generic request for "all documents related to the facts and allegations in the Complaint" posed an "undue burden").

Nor do Courts "grant motions to compel based solely on speculation that the responding party has incorrectly asserted that all responsive documents have been produced." *Moran v. Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
ANGELES, CALIFORNIA 90017-2566

1  *2 (C.D. Cal. Jan. 4, 2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-
2  BEN (BLM), 2016 WL 6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. &*
3  *Training Corp.*, No. 1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal.
4  Jan. 29, 2015). Defendants' motion fails to prove a deficiency or warrant sanctions
5  against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff gave her
6  prior counsel access to her email and files. Gregorini Decl. ¶ 5. Plaintiff's current
7  counsel anticipates making supplemental productions based on its re-collection of
8  documents, and to the extent there are non-privileged responsive documents and
9  communications related to Plaintiff's submission to direct episodes of *Berlin Station*
10 they will be produced.

11  ### P.    Request for Production 93

12  Request for Production 93: All non-privileged COMMUNICATIONS between
13  YOU and any news, entertainment, or third-party media about this lawsuit,
14  including but not limited to YOUR statements referenced in Sophie Gilbert, "The
15  Filmmaker Who Says M. Night Shyamalan Stole Her Movie," *The Atlantic* (Jan. 15,
16  2020), https://www.theatlantic.com/entertainment/archive/2020/01/servant-the-
17  truth-about-emanuel-lawsuit-apple-m-night-shyamalan/604936/.

18  Plaintiff's Response to Request for Production 93: Responding Party incorporates
19  the General Objections as if fully set forth here.

20      Responding Party objects on the ground that the information sought is not
21  sufficiently related to any of the claims, allegations, or defenses in this case; and the
22  request is overbroad, unduly burdensome, oppressive, harassing, annoying, and
23  vexatious seeking information that is neither relevant to this case, nor likely to lead
24  to the discovery of admissible evidence. In addition, any minimal probative value of
25  the requested information or documents is outweighed by the burden of gathering
26  and producing same.

27

28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Responding Party objects to this demand on the grounds that it is vague and ambiguous; the demand further is incomplete and improperly requires reference to other documents to be understood.

Responding Party further objects that the demand is overbroad and unduly burdensome, including because the categories of documents to be produced are not specified with reasonable particularity, and the request is so sweeping that its boundaries are difficult to identify.

Responding Party also objects to the definitions of "document" as being overly broad as to scope and time, unduly burdensome, oppressive, and to the extent that it impermissibly attempts to shift the cost of production of data to Plaintiff in violation of Federal Rule of Civil Procedure 26(b).

Plaintiff's Supplemental Response to Request for Production 93: Responding Party incorporates the General Objections and the original response as if fully set forth here.

Subject to and without waiving these objections, after a reasonable and diligent search, Responding Party has produced responsive, non-privileged documents that are in her possession, custody, or control, subject to the terms of the protective order entered in this action.

**Defendants' Position**: Defendants requested, and Plaintiff agreed to produce, communications between herself and any third-party media about this lawsuit, including but not limited to *The Atlantic* writer, Sophie Gilbert, who published an article about this lawsuit the same day it was filed. These requests seek key information related to Plaintiff's communications with third parties, including Ms. Gilbert, about this lawsuit.

Despite Plaintiff's prior counsel's representations and the Court Order, Plaintiff still has not produced documents responsive to this request. *See New York Life*, 2017 WL 3722849, at *5; *Manpow*, 2023 WL 4291803, at *6.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

1   **Plaintiff's Position**: Defendants' motion fails to prove a deficiency or warrant

2   sanctions against Plaintiff for Plaintiff's prior counsel's discovery conduct. Plaintiff

3   gave her prior counsel access to her email and files. Gregorini Decl. ¶ 5. Courts do

4   not "grant motions to compel based solely on speculation that the responding party

5   has incorrectly asserted that all responsive documents have been produced." *Moran*

6   *v. Pak*, No. SACV1600705CJCDFMX, 2017 WL 11632943, at *2 (C.D. Cal. Jan. 4,

7   2017) (citing *HCC Life Ins. Co. v. Conroy*, No. 15CV2897-BEN (BLM), 2016 WL

8   6080923, at *3 (S.D. Cal. Oct. 18, 2016); *Aluya v. Mgmt. & Training Corp.*, No.

9   1:13-CV-1345-AWI-JLT, 2015 WL 402071, at *6–7 (E.D. Cal. Jan. 29, 2015).

10   Plaintiff's current counsel anticipates making supplemental productions based on its

11   re-collection of documents, and to the extent there are responsive non-privileged

12   communications between Plaintiff and any third-party media about this lawsuit they

13   will be produced.

14         **Q.**    **Defendants' Requested Resolution**

15        More than six months after prior counsel's representation on the record that

16   Plaintiff's productions were complete, as well as the Court Order, Plaintiff has yet

17   to comply.  She has not produced key categories of documents related to

18   foundational elements of her claim, including the creation of *Emanuel*; copyright

19   ownership of *Emanuel*; her alleged theories of access; *Servant* and her allegations

20   about *Servant*; and this lawsuit.  Every production from a third-party witness

21   subpoenaed by Defendants has turned up new documents Plaintiff failed to produce,

22   underscoring the significant gaps in Plaintiff's production.  Indeed, some of those

23   documents are potentially case-dispositive, and never would have been discovered

24   but for document productions from subpoenaed third-party witnesses.

25        The adequacy of Plaintiffs' entire document search, collection, and

26   production has been cast into doubt.  Prior counsel's role in the collection review

27   and production of Plaintiff's documents remains opaque, including whether Plaintiff

28   even retained a discovery vendor (unlike Defendants, who over a year ago provided

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Plaintiff with a detailed description of their collection and review process, ECF No. 105-3 ¶¶ 10, 12 & ECF Nos. 105-2, 105-4).  *See Optrics Inc. v. Barracuda Networks Inc.*, 2021 WL 411349, at *7 (N.D. Cal. Feb. 4, 2021) ("A client-led search," without a "proficient e-discovery vendor … where [a party] ha[s] no experience with electronic discovery, was not reasonable" and "would almost certainly have missed responsive data" and awarding monetary sanctions); *Salinas v. Cornwell Quality Tools Co.*, 2020 WL 8028616, at *6 (C.D. Cal. Oct. 29, 2020) (ordering party to explain "in detail its ESI search methodology and document preservation efforts and protocols" to determine whether the Court should order Plaintiff's retention of a vendor).  With the close of fact discovery looming and third-party subpoenas routinely revealing Plaintiff's unproduced documents that support Defendants' defenses, Plaintiff's failure to comply prejudices Defendants' ability to defend against Plaintiff's suit.  *See, e.g.*, *MySpace v. Wallace*, 2008 WL 1766714, at *4 (C.D. Cal. Apr. 15, 2008) (failure to produce documents prejudices another party's ability to diligently participate in litigation); *see also Alonzo v. City of Los Angeles*, 2015 WL 13919184, at *2 (C.D. Cal. July 24, 2015) (finding sufficient prejudice to defendant where plaintiff "failed to produce documents . . . necessary for [d]efendant to adequately litigate this case").

Plaintiff's failure to comply with the Court Order is sanctionable under Fed. R. Civ. P. 37(b), which "empowers the court to take remedial action if a party 'fails to obey an order to provide or permit discovery.'"  *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) (quoting Fed. R. Civ. P. 37(b)(2)(A)); *AECOM Energy & Constr., Inc. v. Ripley*, 2018 WL 4762782, at *5, 10 (C.D. Cal. Sept. 7, 2018) (discovery orders may not be treated as "mere suggestions" and awarding fees and costs to party seeking to obtain previously court-ordered discovery). Failure to comply with a court order compelling production of documents is "by definition … in violation of a discovery order" for purposes of Rule 37.  *Teixeira v. BMW of N. Am., LLC*, 2023 WL 4291804, at *3 (C.D. Cal. June 8, 2023); *see Am.*

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

*Career Coll. Inc. v. Medina*, 673 F. Supp. 3d 1139, 1148 (C.D. Cal. 2023) (awarding monetary sanctions in light of parties' "lack of compliance" and "disregard[]" of prior discovery orders); *United States v. Manpow, L.L.C.*, 2023 WL 4291803, at *6 (C.D. Cal. May 16, 2023) (similar).  Sanctions under this provision include requiring "the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure" (Fed. R. Civ. P. 37(b)(2)(C)), directing that "facts be taken as established for the purposes of the action, as the prevailing party claims" (Fed. R. Civ. P. 37(b)(2)(A)(i)), or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" (Fed. R. Civ. P. 37(b)(2)(A)(ii)).

Importantly, Plaintiff cannot claim that her failure to comply with the Court Order is substantially justified.  Defendants repeatedly raised these issues for months without resolution with Plaintiff's prior counsel, Antoinette Waller, who was leading discovery between December 2022 until February 2024.  Freeman Decl. ¶ 11; *see* ECF No. 125-2 ¶ 18.  Though Defendants have been sensitive to Plaintiff's other prior counsel's illness (which is why they did not continue to re-raise these issues with Plaintiff's prior counsel between November 2023 and February 2024), Plaintiff still has failed to provide any explanation as to why her production remains fundamentally flawed.  And although Defendants have raised the issue with Plaintiff's subsequent sets of counsel, the issue remains unresolved.  While Plaintiff's current counsel informed Defendants that they are engaged in a supplemental collection, Defendants do not know the scope or the result of that collection at this point.   Freeman Decl. ¶¶ 30-33.

Therefore, Defendants respectfully request that the Court:

1.    Direct Plaintiff to comply with the September 26, 2023 Court Order and produce all responsive documents within a week of the Order on this motion;

2.    Order Plaintiff or her counsel to provide a sworn declaration explaining Plaintiff's ESI search methodology and document collection, review,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

and production efforts and protocols, including specific information about the keywords and repositories that were searched;

3.    Direct Plaintiff to provide supplemental responses to each and every request in Uncle George's first set of requests for production, indicating whether all documents have been produced or none were located, as well as a privilege log;

4.    Order Plaintiff to appear for a deposition, for a period to be determined, to provide testimony on any topics reasonably relating to information or documents in any productions made following her April 11 deposition;

5.    Award monetary sanctions in the form of Defendants' reasonable attorney fees and costs incurred in trying to obtain Plaintiff's documents from February 2, 2024 to the present, including fees expended in connection with discovery communications, preparation of meet and confer letters, preparation for and participation in meet and confers, and preparation of this motion, all to be submitted to the Court via declaration within 30 days of the Court's Order on this motion;

6.    Grant the following evidentiary sanctions:

    a.    Preclude Plaintiff from relying on her theory of access related to widespread dissemination, FAC ¶ 51, given Plaintiff's failure to produce key documents on that topic;

    b.    Preclude Plaintiff from relying on her theory of access related to *Berlin Station*, FAC ¶ 52, given Plaintiff's failure to produce key documents on that topic;

    c.    Preclude Plaintiff's claims as to the "Early *Servant* Script," FAC ¶¶ 93-98, given Plaintiff's failure to produce any documents regarding that claim;

    d.    Preclude Plaintiff's claims as to the "Later *Servant* Script," FAC ¶ 99-104, given Plaintiff's failure to produce any documents regarding that claim;

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

e.    Additional adverse evidentiary findings to be determined at a subsequent time, dependent on documents produced in response to this motion;

7.    Issue an order of contempt should Plaintiff not comply as directed;

8.    Further relief under Fed. R. Civ. P. 37(b) as the Court may deem appropriate.

## R.    Plaintiff's Requested Resolution

Plaintiff respectfully requests that the Court deny Defendants motion. Plaintiff made her emails and files available to her prior counsel at the Erikson Law Group for purpose of discovery in this case. Plaintiff's prior lead counsel and his firm the Erikson Law Group were responsible for coordinating document collection and production on Plaintiff's behalf. Unfortunately, Mr. Erikson passed away in early 2024. Defendants waited months after that to even bring this motion. Unfortunately, due to these circumstances, the comprehensive history of Plaintiff's document collection and production cannot be discerned by Plaintiff's current counsel. Thus, Plaintiff's current counsel has undertaken a re-collection of documents to ensure complete production of the disputed documents. It anticipates making supplemental productions of documents. And it will do so expeditiously before the fact discovery cut-off.

Defendants have not proven that the extreme remedies it requests are warranted under the circumstances here. Indeed, what they seek is essentially dispositive sanctions. But such sanctions may be imposed only upon a finding that the party's disobedient conduct was "willful, in bad faith, or the fault of the party." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 512 (C.D. Cal. 2022); *MPK, Inc. v. Bernardaud N.A., Inc.*, No. CV 19-00422-DMG-JEM, 2020 WL 5217147, at *2 (C.D. Cal. June 4, 2020). This standard is met with a showing of "'disobedient conduct not shown to be outside the control" of the noncompliant

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

party." *Sec. & Exch. Comm'n v. Hong*, No. CV2004080MCSRAOX, 2021 WL 4803497, at *4 (C.D. Cal. Sept. 17, 2021). Indeed, "when it has been established that failure to comply [with a pretrial order] has been due to inability, and not to willfulness, bad faith, or any fault of [the disobedient party]," such sanctions are improper. *United States v. Kinetic Concepts, Inc.*, No. CV0801885BROAGRX, 2017 WL 8948062, at *5 (C.D. Cal. Aug. 21, 2017). The Court must then consider five other factors too. *Id.* Defendants address none of these issues other than to acknowledge Mr. Erikson's medical issues and their impact on this litigation, which was certainly out of Plaintiff's control.[5] These circumstances do not warrant the relief Defendants seek.

Nor does Defendants' requested relief meet the requirements that a Rule 37 evidentiary sanctions be just and specifically related to the claim at issue in the discovery order. *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 518 (C.D. Cal. 2022). Defendants have proven neither here. Plaintiff has not impeded compliance with her discovery obligations. Indeed, Plaintiff has produced over 12,000 documents to date. She sat for a seven-hour deposition. In contrast, eleven Defendants have only produced 11,000 documents based on two million documents originally collected. Dkt. 105-3 ¶9. This statistic alone calls Defendants' discovery tactics and the sufficiency of their document productions into question. Defendants have shown no prejudice either. Despite Defendants' complaints, the parties have already served expert reports, subject to the ability to reserve based on the Court's extension.  Defendants fail to show that any of their defenses has been hampered by these issues as discovery continues today. And their eleventh-hour motion that they lay in wait for six months to file should be rejected.

---

[5] Mr. Erickson even missed deadline to serve expert reports due to his illness. And that the Court recognized the extenuating circumstances and the impact on this case in and granted an extension to the case schedule. Dkt. 132.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

Plaintiff should not be punished for representations by her prior counsel regarding the completeness of her document productions. *See, e.g., Vecron Exim Ltd. v. Clinton Lee Stokes, III*, No. CV1702944CASRAOX, 2018 WL 3830916, at *3 (C.D. Cal. July 19, 2018) (denying terminating sanctions against the party when the party itself did not willfully or in bad faith disobey the Order and the fault remained with the prior attorney); *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 315 (C.D. Cal. 2020) (denying evidentiary sanctions against the party when there was no evidence that the party "is to blame for the discovery wrongdoing of his attorney."); *Infanzon v. Allstate Ins. Co.,* 335 F.R.D. 305, 315 (C.D. Cal. 2020) (denying monetary sanctions against the party and instead holding counsel personally liable for the fees incurred by opposing party).Whether and to what extent Plaintiff's prior counsel's document collection or production efforts were deficient is unknown. Defendants' mere speculation does not warrant any relief. There is no evidence that the Erikson Law Group did not do a reasonable search using search terms as parties often do, and like Defendants apparently did here.

There is no evidence of any bad faith or fault by Plaintiff personally in any document production deficiency either. But "sanctions are appropriate only in extreme circumstances and where the violation is due to willfulness, bad faith, or fault of the party." *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 315 (C.D. Cal. 2020) (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Only "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *Tacori Enterprises v. Beverlly Jewellery Co.*, 253 F.R.D. 577, 582 (C.D. Cal. 2008). But Plaintiff has and continues to provide her emails and files to her counsel to complete discovery within the fact discovery period. Broad evidentiary sanctions are not just under such circumstances. *See Vecron Exim Ltd. v. Clinton Lee Stokes, III*, No. CV1702944CASRAOX, 2018 WL 3830916, at *3 (C.D. Cal. July 19, 2018) (denying sanctions because there was no direct evidence of bad faith or willful behavior during discovery); *Glob. Master Int'l Grp., Inc. v. Esmond Nat.,*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

*Inc.,* No. 219CV10360RGKPLA, 2021 WL 1324435, at *2 (C.D. Cal. Mar. 12, 2021) (denying Rule 37 sanctions of any type when finding the parties' violation not in bad faith); *Voice Int'l, Inc. v. Oppenheimer Cine Rental, LLC,* No. 215CV08830JAKKSX, 2016 WL 6674989, at *4 (C.D. Cal. May 3, 2016) (denying monetary sanctions when finding no evidence of willfulness, bad faith, or fault). Defendants sanctions requests are untethered to the discovery sought, the discovery Plaintiff has provided, and discovery that Defendant has otherwise obtained. Fact discovery is open. And Plaintiff and her current counsel are working diligently to comply with her production obligations before it closes. Thus, Plaintiff requests that the Court deny Defendants' motion in full.

### III.   CASE SCHEDULE

In accordance with Local Rule 37-2.1, a copy of the November 17, 2023 order establishing the amended case schedule (ECF No. 132) is attached to this joint stipulation.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

DATED: April 22, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

By: */s/ Cydney Swofford Freeman*
Cydney Swofford Freeman

Attorneys for Defendants

DATED: April 22, 2024

ROBINS KAPLAN LLP

By: */s/ Emily E. Niles*
Emily E. Niles

Attorneys for Plaintiff

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

# FILER'S ATTESTATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I attest that all signatories listed and on whose behalf this filing is submitted concur in the filing's content and have authorized this filing.

DATED: April 22, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
SAMANTHA LACHMAN

By: /s/ *Cydney Swofford Freeman*
Cydney Swofford Freeman

Attorneys for Defendants

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
ANGELES, CALIFORNIA 90017-2566

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:20-cv-00406-SSS-JCx | Date | November 17, 2023 |
|---|---|---|---|
| Title | *Francesca Gregorini v. Apple, Inc., et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    ORDER EXTENDING PRETRIAL AND TRIAL SCHEDULE [Dkt. 124], VACATING HEARING, AND DENYING AS MOOT DEFENDANTS' EX PARTE REQUEST [Dkt. 129]**

The Court is in receipt of Plaintiff's motion to continue the current schedule of discovery, pretrial, and trial dates [Dkt. 124]. The motion is fully briefed. [Opp. (Dkt. 125); Reply (Dkt. 126)].

Plaintiff indicates that a six-month continuance is necessary because (1) Plaintiff's counsel is undergoing treatment for cancer and has therefore been unable to fully participate in discovery and trial preparation; and (2) Defendants have refused to timely and adequately respond to Plaintiff's discovery requests.

The Court finds that Plaintiff's counsel's severe health issues, and his resulting inability to participate fully in the instant litigation [*see* Waller Decl. (Dkt. 124-1)] supply good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). The Court therefore **GRANTS** the motion and continues all remaining deadlines for an additional one hundred and eighty (180) days according to the revised schedule set forth below. The hearing previously set for November 17, 2023 is hereby **VACATED**. In light of this order, Defendants' ex parte motion to

continue scheduling deadlines is **DENIED AS MOOT**.  To the extent Defendants seek a court order compelling Plaintiff to appear at deposition, such relief is properly sought before the assigned magistrate and not this Court.

However, the Court notes that this is the second time that Mr. Erikson's medical difficulties have necessitated a lengthy continuance of established case deadlines.  [*See* Dkt. 113; Dkt. 114].  The Court will not grant any further such extensions.  Therefore, Plaintiff and her counsel are strongly advised to identify alternative counsel, or otherwise to ensure that this matter can move forward regardless of Mr. Erikson's participation.

**IT IS SO ORDERED.**

| Case No.: | 2:20-cv-00406-SSS-JC | Case Name: | *Francesca Gregorini v. Apple Inc. et al.* |
|---|---|---|---|

| **Trial and Final Pretrial Conference Dates**<br>**Note: Trial shall begin on Mondays at 9:00 a.m.**<br>**Final Pretrial Conference shall be on Fridays at 1:00 p.m.** | **Court Order** |
|---|---|
| Trial | **Mon, 12/09/2024**<br>☒ Jury Trial<br>☐ Bench Trial<br>Estimated Duration: 3 Days |
| Final Pretrial Conference ("FPTC") [L.R. 16] | **Fri, 11/22/2024** |

| **Event**<br>**<u>Note</u>: All deadlines shall be on Fridays.**<br>**Hearings shall be on Fridays at 2:00 p.m.** | **Court Order** |
|---|---|
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties | CLOSED |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motions) | Fri, 05/17/2024 |
| Expert Disclosure (Initial) | Fri, 05/24/2024 |
| Expert Disclosure (Rebuttal) | Fri, 06/07/2024 |
| Expert Discovery Cut-Off | Fri, 06/21/2024 |
| Last Date to <u>Hear</u> Motions<br>• Rule 56 Motions are due at least 7 weeks before hearing; Rule 56 Opposition due at least 5 weeks before hearing; Rule 56 Reply due at least 4 weeks before hearing.<br>• Briefing deadlines for all other motions are pursuant to L.R. 6-1, 7-9, 7-10. | Fri, 09/06/2024 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | Fri, 09/27/2024 |
|  | ☐ 1. Magistrate Judge<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation |
| Deadline to File Motions in Limine | Fri, 10/11/2024 |
| Deadline for Oppositions to Motions in Limine | Fri, 10/25/2024 |
| <u>Trial Filings</u> (first round)<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | Fri, 10/25/2024 |
| <u>Trial Filings</u> (second round)<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | Fri, 11/08/2024 |
| Hearing on Motions in Limine | Fri, 11/15/2024 |