**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone:   310 552 0130
Facsimile:    310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | *Hon. Sunshine S. Sykes* |
| v. | **PLAINTIFF FRANCESCA GREGORINI'S *EX PARTE* MOTION TO COMPEL PRODUCTION OF DEFENDANTS' FINANCIAL INFORMATION FOR SEASONS 2-4 OF SERVANT** |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual; BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | **[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Discovery cutoff: May 17, 2024<br>Pretrial conference: November 22, 2024<br>Trial: December 9, 2024 |
| Defendants. | |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

94915850.1

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ....................................................................................................3

BACKGROUND .....................................................................................................3

ARGUMENT...........................................................................................................5

    I.    Financial information for Seasons 2-4 of *Servant* is relevant to Plaintiff's claim for indirect profits from Defendant's copyright infringement. ...................................................................................................5

    II.   Neither Defendants' expansive objections nor their desire to limit their financial liability justify wholesale withholding of financial information. ...................................................................................................9

    III.   Good cause exists for the Court to grant this *ex parte* request. ................11

CONCLUSION......................................................................................................13

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

PLAINTIFF'S EX PARTE MOTION TO COMPEL PRODUCTION OF DEFENDANTS' FINANCIAL INFORMATION FOR SEASONS 2-4 OF SERVANT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfred v. Walt Disney Co.*,
  Case No.: CV 18-8074-CBM-ASx (C.D. Cal. May 13, 2022) ...................6, 7, 8

*Burns v. Imagine Films Entm't, Inc.*,
  164 F.R.D. 589 (W.D.N.Y. 1996) ...............................................6, 7, 8

*C.B. v. Moreno Valley Unified Sch. Dist.*,
  No. 5:21-CV-00194-JGB-SP, 2023 WL 6782902 (C.D. Cal. Aug.
  16, 2023) ...................................................................... 12

*Cervantes v. Zimmerman*,
  2020 U.S. Dist. LEXIS 1498 (S.D. Cal., Jan. 6, 2020) ...................... 11

*Charter Sch. Cap., Inc. v. Charter Asset Mgmt. Fund, LP*,
  No. CV 14-3385-GW, 2015 WL 12655550 (C.D. Cal. Mar. 9,
  2015) ......................................................................... 6, 7

*Griffo v. Oculus VR, Inc.*,
  No. SACV151228DOCMRWX, 2018 WL 6265067 (C.D. Cal.
  Sept. 18, 2018) ................................................................. 6

*Hendricks v. DreamWorks, LLC*,
  2007 WL 9705916 (C.D. Cal. Nov. 20, 2007) ................................. 6, 8

*in re Intermagnetics America, Inc.*,
  101 B.R. 191 (C.D. Cal. 1989) ................................................ 11

*Mari Ann Sartor, et al. v. Cnty. of Riverside, et al.*,
  No. 522CV1410JGBSPX, 2024 WL 1136333 (C.D. Cal. Feb. 15,
  2024) ....................................................................... 11, 12

*Marti v. Baires*,
  No. 1:08-CV-00653-AWI, 2012 WL 2029720 (E.D. Cal. June 5,
  2012) .......................................................................... 9

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995) ............................................ 11

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

94915850.1

*N.A. v. Elizarov*,
    No. 521CV00616JWHSPX, 2023 WL 4295138 (C.D. Cal. May 26,
    2023) ................................................................................................. 11

*Polar Bear Prods., Inc. v. Timex Corp.*,
    384 F.3d 700 (9th Cir. 2004) ........................................................... 5, 6

*Sys. Am., Inc. v. Rockwell Software, Inc.*,
    2007 WL 1593219 (N.D. Cal. June 1, 2007) ....................................... 7

*Thompson v. Riverside Cnty. Sheriff Dep't*,
    No. 519CV00122ABSHK, 2020 WL 4037167 (C.D. Cal. June 2,
    2020) ............................................................................................ 11, 12

*Ultra Int'l Music Publishing v. Phan*,
    2015 WL 13919167 (C.D. Cal. Apr. 1, 2015) ...................................... 7

*Vargas v. Cty. of L.A.*,
    2020 WL 4032671 (C.D. Cal. May 11, 2020) .................................... 11

**Court Rules**

Fed. R. Civ. P. 26(b) .................................................................................. 11

L.R. 6-1 ..................................................................................................... 12

L.R. 7-19 ................................................................................................. 1, 2

L.R. 37-1 ..................................................................................................... 1

L.R. 37-3 ................................................................................................... 12

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

94915850.1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Francesca Gregorini hereby applies *ex parte* for an Order compelling Defendants to produce the requested financial information on Seasons 2-4 of *Servant.* As set forth in the accompanying Memorandum of Points and Authorities, the basis for this Motion is that Defendants have refused to produce documents on Seasons 2-4 of *Servant*, including the requested financial information. This Motion is based upon this Notice, the concurrently filed Memorandum, the concurrently filed Declaration of Emily E. Niles and the exhibits attached thereto, and on such other oral or documentary evidence as may be presented at any hearing on this Motion. Plaintiff will lodge a proposed order along with this Motion.

*Ex parte* relief is appropriate here because there is not enough time to comply with L.R. 37-1, through no fault of Plaintiff. Defendants' refusal to produce this information came to a head shortly before the fact discovery deadline when Defendants served their discovery responses at 9:15 pm PT on Friday, May 10, 2024, leaving insufficient time to create, exchange, and submit a joint stipulation as required under L.R. 37-1.

Plaintiff tried to resolve this issue without Court intervention. Plaintiff preemptively raised these issues related to Defendants' failure to produce financial information for Seasons 2-4 of *Servant* during an in-person meet and confer with Defendants' counsel on May 1, 2024. Defendants' responses to Plaintiff's requests were not yet due, and thus, Defendants' counsel declined to present a firm position on what Defendants' response to the requests would be at that time. In compliance with L.R. 7-19, Plaintiff's counsel orally contacted counsel for Defendants on Monday, May 13, 2024, and followed up in writing, to let them know the anticipated date and substance of this proposed *ex parte* motion. Defendants

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

94915850.1

- 1 -

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

1  confirmed that they intend to oppose this motion.

2  　　As required by L.R. 7-19, the names, addresses, telephone numbers, and

3  e-mail addresses of counsel for Defendants are:

4  　　Nicolas A. Jampol
   　　5870 West Jefferson Blvd., Suite H
5  　　Los Angeles, CA 90016
   　　Telephone: (213) 633-8651
6  　　nicolasjampol@dwt.com

7  　　Cydney Swofford Freeman
   　　865 South Figueroa Street, Suite 2400
8  　　Los Angeles, CA  90017-2566
   　　Telephone: (213) 633-8612
9  　　cydneyfreeman@dwt.com

10 　　Meenakshi Krishnan
   　　1301 K Street NW  Suite 500 East
11 　　Washington, D.C.  20005
   　　Telephone: (202) 973-4239
12 　　meenakshikrishnan@dwt.com

13 　　Samantha Lachman
   　　865 South Figueroa Street  Suite 2400
14 　　Los Angeles, CA  90017-2566
   　　Telephone: (213) 633-8611
15 　　samlachman@dwt.com

16

17

18

19

20

21

22

23

24

25

26

27　　　　　　　　　　　　　　　- 2 -

28

Robins Kaplan LLP
Attorneys at Law
Los Angeles

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

1

**Introduction**

2          Ms. Gregorini moves the Court for an Order compelling the Defendants to

3   produce financial information on Seasons 2-4 of *Servant*. This information is

4   relevant to Ms. Gregorini's claim for damages from Defendants' copyright

5   infringement. Episodes 1-3 of Season 1 of *Servant* are the focus of Defendants'

6   infringing conduct. But Ms. Gregorini is entitled to claim damages beyond just that

7   limited set of episodes. Indeed, copyright law provides for Ms. Gregorini to pursue

8   the indirect profits Defendants received from their infringement. Here, Defendants

9   built on their infringement of Ms. Gregorini's film in episodes 1-3 of Season 1 of

10  *Servant* to create and profit from the entire *Servant* television series, including

11  Seasons 2-4. Defendants should not be permitted to limit their financial exposure

12  by simply stonewalling the disclosure of financial information during discovery.

13  None of Defendants' objections to the requests for financial information—including

14  that they "assume[] facts that are not in evidence"—justify withholding such highly

15  relevant information. Thus, Ms. Gregorini respectfully asks the Court to grant this

16  *ex parte* motion to compel Defendants' production of financial information for

17  Seasons 2-4 of *Servant* so that Ms. Gregorini may seek full compensation for

18  Defendants' infringement, including their indirect profits.[1]

19

**Background**

20

21  [1] There are 11 defendants in this case. The applicable requests for production to
    each Defendant are as follows: RFP Nos. 145 and 156 to Defendant Apple (Ex. 1);

22  RFP Nos. 123 and 125 to Defendant Ashwin Rajan (Ex. 2); RFP Nos. 124 and 126
    to Defendant Tony Basgallop (Ex. 3); RFP Nos. 123 and 131 to Defendant Blinding

23  Edge Pictures (Ex. 4); RFP Nos. 124 and 126 to Defendant Dolphin Black
    Productions (Ex. 5); RFP Nos. 124 and 129 to Defendant Escape Artists (Ex. 6);

24  RFP Nos. 123 and 125 to Defendant Jason Blumenthal (Ex. 7); RFP Nos. 124 and
    126 to Defendant M. Night Shyamalan (Ex. 8); RFP Nos. 123 and 125 to Defendant

25  Steve Tisch (Ex. 9); RFP Nos. 123 and 125 to Defendant Todd Black (Ex. 10); Nos.
    124 and 125 on Defendant Uncle George Productions (Ex. 11); Exhibits cited in

26  this Memorandum are attached to the Declaration of Emily E. Niles submitted in
    support of this Motion.

27

28

- 3 -

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

94915850.1

1    *Servant* is a television series released through Apple TV+. The series

2    "follows a Philadelphia couple in mourning after an unspeakable tragedy creates a

3    rift in their marriage and opens the door for a mysterious force to enter their

4    home."[2] The series builds on the characters, plot, setting, and other attributes of

5    episodes 1-3 across a total of four seasons. Indeed, it is a serial show where the plot

6    unfolds in sequence. ███████████████████ In comparison, episodic

7    shows are intended for each episode to be watched individually in any order. *Id.* at

8    146:13-22. Ms. Gregorini filed this litigation in 2020 after Defendants released

9    Season 1 of *Servant*. Dkt. 1 (Complaint). Since then, Defendants released Season 2

10   in 2021, Season 3 in 2022, and Season 4 in 2023. Ex. 25. Seasons 2-4 of *Servant*

11   would not exist but for Defendants' infringement in creating and releasing episodes

12   1-3 of *Servant*. ████████████████████████████████

13   ████████████████████████████████████████

14   ███████████

15       Defendants renewed *Servant* year after year, expanding their revenue and

16   profits on the series. But they failed to produce financials on each subsequent

17   season. *See* Ex. 26 at 4; Exs. 13-23. Indeed, at the first meet and confer with

18   Plaintiff's current counsel at the end of March, Defendants said they had produced

19   all they had agreed to and refused Ms. Gregorini's request for this information. Ex.

20   27. Thus, shortly after Ms. Gregorini's current counsel appeared in this case, they

21   served requests seeking for Defendants to complete their production of financials

22   on Seasons 2-4 of *Servant*, including the following:

23       (1) "Documents sufficient to show all gross revenues and profits YOU

24   received related to Seasons 2-4 of the television series Servant, on a season-by-

25

26   [2] *Servant*, APPLE TV+,
     https://tv.apple.com/us/show/servant/umc.cmc.4y25wuby7pck9o6vaubbbk7gb (last
27   visited May 14, 2024).

28                                              PLAINTIFF'S EX PARTE MOTION TO
                                                COMPEL PRODUCTION OF
     ROBINS KAPLAN LLP          - 4 -          DEFENDANTS' FINANCIAL
     ATTORNEYS AT LAW                           INFORMATION FOR SEASONS 2-4 OF
     LOS ANGELES                                SERVANT
     94915850.1

season basis" and

    (2) "Documents sufficient to show a detailed summary of any costs and

expenses associated with Seasons 2-4 of the television series Servant, on a season-

by-season basis." Exs. 1-11.

    Defendants did not hold back on their objections to these requests. On May

10, 2024, Defendants served their responses with both General Objections a host of

specific objections, including:

> on the grounds that it is overbroad, vague and ambiguous, unduly
> burdensome, lacks foundation, assumes facts that are not in evidence,
> seeks information not reasonably calculated to lead to the discovery of
> admissible evidence, and is not proportional to the needs of the case
> because it seeks documents beyond the scope of Plaintiff's claims
> and/or Defendants' defenses, as Plaintiff's claims are limited to
> Episodes 1-3 of Season 1 of the Apple TV+ series *Servant* (as Plaintiff
> has repeatedly argued to both the District Court and the Ninth Circuit
> Court of Appeals). Apple further objects to this request to the extent
> that it calls for the disclosure of confidential or proprietary business
> information and/or trade secrets. Apple further objects to this request to
> the extent it seeks information that is protected by the attorney-client
> privilege, attorney work product doctrine, or common-interest
> privilege.

*See* Exs. 13-23. But the requested financial information is readily accessible to

Defendants. ████████████████████████████████████████████████

████████████████ Discovery is ongoing as the parties have continued conducting

numerous depositions over the past several weeks. Both parties have continued to

supplement their document productions. Ex. 34. Fact discovery is set to close on

May 17, 2024. Opening expert reports are due just one week later on May 24, 2024.

Dkt. 132. It is essential that Defendants be compelled to produce the information

now.

## Argument

**I.      Financial information for Seasons 2-4 of *Servant* is relevant to
Plaintiff's claim for indirect profits from Defendants' copyright infringement.**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

94915850.1

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

1    Copyright law also allows Ms. Gregorini to pursue Defendants' indirect
2   profits stemming from their infringement. Indirect profits require evidence of a
3   causal nexus between the infringement and the gross revenue. *Polar Bear Prods.,*
4   *Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004). This causal nexus may
5   extend to sequels and follow-on works regardless of whether only the original work
6   infringed, in three ways. First, even when the sequel may not be itself an infringing
7   work, interest in the first infringing work may elevate the public's interest in the
8   sequel, so that some profits from the sequel may be "indirectly attributable to the
9   infringement of the plaintiff's screenplays." *Hendricks v. DreamWorks, LLC*, 2007
10   WL 9705916, at *3 (C.D. Cal. Nov. 20, 2007) (citing *Burns v. Imagine Films*
11   *Entm't, Inc.,* 164 F.R.D. 589, 592 (W.D.N.Y. 1996)). Second, even if the later work
12   "contained no infringing materials, it would not exist but for the success of the
13   motion picture that purportedly was based on the screenplays[.]" *Charter Sch. Cap.,*
14   *Inc. v. Charter Asset Mgmt. Fund, LP*, No. CV 14-3385-GW (PLAX), 2015 WL
15   12655550, at *3 (C.D. Cal. Mar. 9, 2015) (same). Third, sequels may "contain the
16   same main characters and other key elements from the original film." *Alfred v. Walt*
17   *Disney Co.*, Case No.: CV 18-8074-CBM-ASx (C.D. Cal. May 13, 2022), Dkt. 243.
18   Ex. 24 at 6. This standard is satisfied even if the infringing material constitutes a
19   fraction of the total work, if that material "strikes at the core of the product being
20   promoted." *Griffo v. Oculus VR, Inc.*, No. SACV151228DOCMRWX, 2018 WL
21   6265067, at *11 (C.D. Cal. Sept. 18, 2018). To prove entitlement to indirect profits,
22   Ms. Gregorini need only show a "causal nexus" in one of these manners between
23   her film, *The Truth About Emanuel*, (as embodied in the infringing episodes 1-3 of
24   Season 1 of *Servant*) and the source of profits (here, the subsequent Seasons 2-4 of
25   *Servant*) to recover indirect profits. *See Polar Bear Prods., Inc.*, 384 F.3d at 710,
26   712. Yet Ms. Gregorini need not prove her indirect profits at this stage. The burden

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

94915850.1

- 6 -

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

1   to obtain financial discovery is much lower.

2          Indeed, a plaintiff need not prove their case to be entitled to discovery.

3   Instead, only "sufficient *possibility* of a causal nexus" is necessary to justify

4   discovery on indirect profits. *Charter Sch. Capital, Inc.*, No. CV 14-3385-GW

5   (PLAX), 2015 WL 12655550, at *3 (emphasis added). And Ms. Gregorini is

6   "entitled to 'explore that issue further through the discovery process.'" *Id.* (quoting

7   *Sys. Am., Inc. v. Rockwell Software, Inc.,* 2007 WL 1593219, at *1 (N.D. Cal. June

8   1, 2007)). "[T]he question of whether or not plaintiff 'will be able to *prove* a

9   sufficient nexus to recover indirect profits'" is "a question for another day." *Id.*

10  (quoting *Sys. Am.*, 2007 WL 1593219, at *1); *see also Ultra Int'l Music Publishing

11  v. Phan*, 2015 WL 13919167, at *2 (C.D. Cal. Apr. 1, 2015) (distinguishing proof

12  of nexus from discoverability of documents based on possibility of nexus). Thus,

13  courts regularly order discovery on indirect profits from follow-on works. *Burns*,

14  164 F.R.D. at 592 (W.D.N.Y. 1996) (granting motion to compel information about

15  profits attributable to the alleged infringement of plaintiffs' screenplays through the

16  operation of a theme park attraction—otherwise not infringing—that was based on

17  those screenplays when the theme park would not have existed without the

18  infringing work); *Alfred*, Case No.: CV 18-8074-CBM-ASx, Dkt. 243. Ex. 24 at 6.

19  (granting motion to compel information attributable to the alleged infringement of

20  plaintiffs' screenplays when the sequels to the infringing film contained the same

21  main characters and key elements from the original film). Compelling discovery

22  requires only a minimal showing. *Charter Sch. Cap., Inc.*, No. CV 14-3385-GW

23  (PLAX), 2015 WL 12655550, at *3 (permitting discovery into indirect profits even

24  when causal nexus may not stand up at trial); *Sys. Am., Inc.*, No. C 03-02232 JF RS,

25  2007 WL 1593219, at *1 (permitting discovery into indirect profits even when the

26  moving party may not "ultimately be able to *prove* a sufficient nexus"). Ms.

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

94915850.1

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

Gregorini satisfies the low threshold here.

Ms. Gregorini's claim for indirect profits from Seasons 2-4 of *Servant* is supported by sufficient possibility of a causal nexus. The first three episodes of Season 1 of *Servant* established and elevated the public's interest in the latter episodes and seasons. Just as a first film can elevate the public's interest in amusement parks and later films, as in *Alfred* and *Burns*, so do initial episodes of a first season elevate the public's interest in later episodes and seasons. And like in *Alfred*, the same main characters carry from episodes 1-3 of Season 1 of *Servant* through the series: Leanne, Dorothy, Sean, Julian, Jericho. Were it not for these first three episodes, the rest of Season 1 and Seasons 2-4 of *Servant* would not exist. Indeed, Defendants' fact witnesses have testified as to the connection and relationship between the first three episodes and the remainder of the show. Niles Decl. ¶ 3. Ms. Gregorini expects expert discovery to confirm the relationship too. And so, profits from the sequel episodes and seasons may be "indirectly attributable to the infringement of the plaintiff's" work. *Hendricks*, 2007 WL 9705916, at *3.

Defendants' deposition testimony supports the existence of a causal nexus here. Defendant Basgallop understood the term *Servant* to refer to █████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Similarly, Taylor Latham, a producer on *Servant*, testified ██████████████

█████████████████████████████████████████████████████████████

PLAINTIFF'S EX PARTE MOTION TO COMPEL PRODUCTION OF DEFENDANTS' FINANCIAL INFORMATION FOR SEASONS 2-4 OF SERVANT



Likewise, when asked whether Seasons 2-4 would have happened without the first three episodes of *Servant*, Matt Cherniss, Senior Director of Scripted Programming at Apple TV+, testified that:

The evidence of a causal nexus between the infringing episodes 1-3 of Season 1 of *Servant* (embodying Ms. Gregorini's work, *The Truth About Emanuel*) and the later seasons far exceed the minimal showing of a possibility of causal nexus required to justify discovery into Defendants' financial information on Seasons 2-4 of *Servant*. At a minimum, Ms. Gregorini should have the chance to develop the record on indirect profits so she can present this theory on the merits.

## II.     Neither Defendants' expansive objections nor their desire to limit their financial liability justify wholesale withholding of financial information.

Defendants raise a plethora of objections to the requests for revenue, profit,

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

94915850.1

PLAINTIFF'S EX PARTE MOTION TO COMPEL PRODUCTION OF DEFENDANTS' FINANCIAL INFORMATION FOR SEASONS 2-4 OF SERVANT

and cost information for Seasons 2-4 of *Servant*. Indeed, they raise nearly every objection under the sun. *See* Exs. 13-23. The Court should overrule Defendants' boilerplate objections. "[B]oilerplate objections do *not* suffice and there is no ground upon which to reasonably argue otherwise." *Marti v. Baires*, No. 1:08-CV-00653-AWI, 2012 WL 2029720, at *5 (E.D. Cal. June 5, 2012).

The heart of Defendants' objections laid with an incorrect premise. Defendant's objections are primarily based on the idea that "Plaintiff's claims are limited to Episodes 1-3 of Season 1 of the Apple TV+ series *Servant*." So Defendants insist that Ms. Gregorini has self-limited her claim to damages in this case to only direct profits from episodes 1-3 of Season 1 of *Servant.* But that has not occurred. Ms. Gregorini's First Amended Complaint explicitly requests actual damages incurred because of the infringement and for Defendants' direct and indirect profits arising from that infringement. Dkt. 25 ¶ 91. During this litigation, Defendants have continued to expand the *Servant* series into Seasons 2-4. And Ms. Gregorini's claim for indirect damages has continued to expand just the same.

Defendants' counsel has also insisted that there is some "agreement" or "course of conduct" during this litigation that they were operating upon that prohibited any discovery into Seasons 2-4. But when pressed for evidence of such an agreement between the parties, Defendants have failed to present any such agreement. Niles Decl. ¶ 2. Ms. Gregorini made no such representation in her pleadings. Nor was there an agreement between the parties to limit Ms. Gregorini's claim for damages in that manner. Indeed, Defendants raised no such agreement in their response to Plaintiff's original request for revenue information before the later seasons were released during the course of this litigation. Ex. 26. Defendants also agreed to provide a 30(b)(6) witness to testify on Topic 4 – "Apple's decision to renew and produce Servant for seasons 2 through 4." Ex. 33. Despite repeated

Robins Kaplan LLP
Attorneys at Law
Los Angeles

94915850.1

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

requests and opportunities, Defendants counsel have produced no agreement between the parties limiting Ms. Gregorini's entitlement to discovery or damages to episodes 1-3 of *Servant*. Niles. Decl. ¶ 2. Indeed, none exists. Defendants instead simply seek to unilaterally cap their financial exposure. That strategy does not substantiate any of Defendants' objections. Those objections should be overruled.

The remaining objections should be overruled too. Defendants also objected to this discovery because it contains "confidential or proprietary business information and/or trade secrets." Exs. 13-23. But a protective order exists in this case to address that very objection. Indeed, courts routinely overrule this objection when—as here—a protective order exists to protect highly confidential information. *See, e.g.*, *Vargas v. Cty. of L.A.*, 2020 WL 4032671, at *3 (C.D. Cal. May 11, 2020) (Sagar, M.J.) ("Confidentiality, however, is not a valid objection under Rule 26(b)," particularly when the "Court [has] entered the parties' agreed Protective Order . . . thus protecting confidential, proprietary, or private information from improper public disclosure." (citations omitted)). Nor can Defendants shield their financial information from disclosure based on the attorney-client privilege, attorney work product doctrine, or common-interest privilege. Thus, the Court should overrule Defendants' objections and compel them to produce the requested financial information on Seasons 2-4 of *Servant*.

### III. Good cause exists for the Court to grant this *ex parte* request.

*Ex parte* relief is appropriate under the *Mission Power* standard when: (1) the moving party's "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mari Ann Sartor, et al. v. Cnty. of Riverside, et al. Additional Party Names: Robert Carrasco, Roy Eugene Jackson*,

Robins Kaplan LLP
ATTORNEYS AT LAW
LOS ANGELES

94915850.1

- 11 -

PLAINTIFF'S EX PARTE MOTION TO
COMPEL PRODUCTION OF
DEFENDANTS' FINANCIAL
INFORMATION FOR SEASONS 2-4 OF
SERVANT

No. 522CV1410JGBSPX, 2024 WL 1136333, at *2 (C.D. Cal. Feb. 15, 2024) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). *Ex parte* relief is also justified when "there is danger that notice to the other party may result in the destruction of evidence of the party's flight" or "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion[.]" *Cervantes v. Zimmerman*, 2020 U.S. Dist. LEXIS 1498 at *3 (S.D. Cal., Jan. 6, 2020) (citing *in re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)) (internal citations omitted). The moving party need not be blameless in the delay of production to be entitled to *ex parte* relief. *Thompson v. Riverside Cnty. Sheriff Dep't*, No. 519CV00122ABSHK, 2020 WL 4037167, at *9 (C.D. Cal. June 2, 2020).

Ms. Gregorini's case will be irreparably prejudiced if this Motion is heard according to normal procedures because at this stage no party can notice any matters for hearing before the discovery cut off. Dkt. 132.  Courts may grant *ex parte* relief when the moving party cannot notice its motion through joint stipulation procedures before the close of fact discovery. *Mari Ann Sartor, et al.*, No. 522CV1410JGBSPX, 2024 WL 1136333, at *2; *N.A. v. Elizarov*, No. 521CV00616JWHSPX, 2023 WL 4295138, at *1 (C.D. Cal. May 26, 2023). Discovery motions by joint stipulation must be filed 21 days prior to a hearing date, and otherwise motions must be filed 28 days prior to a hearing date. L.R. 6-1, 37-3." *Mari Ann Sartor, et al.*, No. 522CV1410JGBSPX, 2024 WL 1136333, at *2. Here, any joint stipulation must have been filed 21 days before the close of fact discovery of May 17, 2024. Dkt. 132. But Defendants did not even respond to the requests before then. Indeed, they just responded last Friday at 9:15 pm PT. *Mari Ann Sartor, et al.*, No. 522CV1410JGBSPX, 2024 WL 1136333, at *2.

Ms. Gregorini is also not at fault for this scheduling issue for several reasons.

Robins Kaplan LLP
Attorneys at Law
Los Angeles

94915850.1

PLAINTIFF'S EX PARTE MOTION TO COMPEL PRODUCTION OF DEFENDANTS' FINANCIAL INFORMATION FOR SEASONS 2-4 OF SERVANT

She has made extensive discovery efforts despite the tragic circumstances that occurred during her prior counsel's representation. Current counsel, having joined weeks ago, has been working diligently to digest the record and wrap up fact discovery; meanwhile, Defendants continue to produce supplementary documentation as well. Dkt. 151-1 ¶ 4. Continued efforts in discovery dissipate any blame against the moving party. *Thompson*, No. 519CV00122ABSHK, 2020 WL 4037167, at *6, 8-9 (citations omitted); *C.B. v. Moreno Valley Unified Sch. Dist.*, No. 5:21-CV-00194-JGB-SP, 2023 WL 6782902, at *3 (C.D. Cal. Aug. 16, 2023). Ms. Gregorini's current counsel has been diligently pursuing complete discovery from Defendants, including informal discussions followed by formal discovery requests. Ms. Gregorini should be given the opportunity to pursue complete relief, including on Seasons 2-4 of *Servant*.

## Conclusion

Ms. Gregorini respectfully requests that the Court grant this *ex parte* motion and compel Defendants to produce responsive financial documents on Seasons 2-4 of *Servant*.

Dated: May 15, 2024                    ROBINS KAPLAN LLP


By: */s/ Emily E. Niles*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
       Emily E. Niles

Attorneys for Plaintiff
Francesca Gregorini

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

94915850.1

- 13 -

PLAINTIFF'S EX PARTE MOTION TO COMPEL PRODUCTION OF DEFENDANTS' FINANCIAL INFORMATION FOR SEASONS 2-4 OF SERVANT

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
2121 Avenue of the Stars
Suite 2800
Los Angeles, California  90067
Telephone:  310 552 0130
Facsimile:   310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | *Hon. Sunshine S. Sykes* |
| v. | **L.R. 11-6.1 CERTIFICATE OF COMPLIANCE** |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | Discovery cutoff: May 17, 2024<br>Pretrial conference: November 22, 2024<br>Trial: December 9, 2024 |
| Defendants. | |

1        The undersigned, counsel of record for Plaintiff Francesca Gregorini,

2   certifies that this brief contains 3,819 words, which complies with the word limit of

3   L.R. 11-6.1.

4

5   Dated: May 14, 2024            ROBINS KAPLAN LLP

6

7              By: */s/ Emily E. Niles*
                  Emily E. Niles

8              Attorneys for Plaintiff
Francesca Gregorini

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28