UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 16, 2024 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     (IN CHAMBERS)

### ORDER DENYING EX PARTE APPLICATION (DOCKET NO. 158)

Pending before the Court is Plaintiff's Ex Parte Motion to Compel Production of Defendants' Financial Information for Seasons 2-4 of Servant ("Ex Parte Application"), filed on May 14, 2024, which essentially requests that the Court order Defendants to produce documents responsive to specified document requests ("Document Requests" or "RFP").[1] (Docket No. 158). On May 15, 2024, Defendants filed an opposition to the Ex Parte Application. (Docket No. 163).

A party seeking ex parte relief must demonstrate: (1) the moving party is without fault in creating the crisis that requires ex parte relief or the crisis occurred as a result of excusable neglect; and (2) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The fact discovery cut-off in this action – after having been extended multiple times – is currently this Friday, May 17, 2024.[2] (Docket Nos. 100, 113-14, 132). The "fact discovery cut-off is the

---

[1]More specifically, the Ex Parte Application seeks an order compelling the following Defendants to produce documents responsive to the following Document Requests: (1) Defendant Apple – RFP Nos. 145 and 156; (2) Defendant Ashwin Rajan – RFP Nos. 123 and 125; (3) Defendant Tony Basgallop – RFP Nos. 124 and 126; (4) Defendant Blinding Edge Pictures – RFP Nos. 123 and 131; (5) Defendant Dolphin Black Productions – RFP Nos. 124 and 126; (6) Defendant Escape Artists – RFP Nos. 124 and 129; (7) Defendant Jason Blumenthal – RFP Nos. 123 and 125; (8) Defendant M. Night Shyamalan – RFP Nos. 124 and 126; (9) Defendant Steve Tisch – RFP Nos. 123 and 125; (10) Defendant Todd Black – RFP Nos. 123 and 125; and (11) Defendant Uncle George Productions – RFP Nos. 124 and 125.

[2]Two extensions of the discovery cut-off were predicated at least in part on the serious illness of one of Plaintiff's original attorneys (who has since passed away), though at least one other of Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00406-SSS-JC | Date | May 16, 2024 |
|---|---|---|---|
| Title | Francesca Gregorini v. Apple, Inc., et al. | | |

date by which all fact discovery is to be completed, including resolution of all discovery motions." (See District Judge's Form Order Setting Scheduling Conference, ¶ I.m, accessible via www.cacd.uscourts.gov/honorable-sunshine-s-sykes). The parties have been authorized to take discovery in this action since at least as early as the Fall of 2022.³ (Docket No. 100). Plaintiff did not serve the Document Requests until April 10, 2024, rendering responses thereto due May 10, 2024 – a week before the current fact discovery cut-off and a point at which it was already too late to file a regularly noticed motion to compel in accordance with the requisite governing procedures set out in Local Rules 37-1, et seq.

Plaintiff does not explain why – through at least one of the attorneys who represented her over the past two years – she could not have served the Document Requests in issue early enough so that responses were due well before the expiration of the fact discovery cut-off and with sufficient time to permit a regularly noticed motion to be filed in accordance with the governing rules if such responses were not satisfactory and asserted deficiencies could not be resolved through the meet and confer process. In short, Plaintiff fails to demonstrate that she is without fault in creating the "crisis" that requires ex parte relief or that the "crisis" occurred as a result of excusable neglect.

Accordingly, Plaintiff's Ex Parte Application is denied.⁴

IT IS SO ORDERED.

---

original attorneys was still actively working on the case. (See Docket Nos. 113-14, 132, 144-10). Plaintiff's original attorneys substituted out in February 2024, and since that time, Plaintiff has been represented by three other sets of counsel. (Docket Nos. 133-39). Plaintiff's current counsel initially appeared in this case on March 21, 2024. (Docket No. 137).

³Plaintiff filed this action on January 15, 2020, but the then-assigned District Judge dismissed it in May 2020, and the Ninth Circuit reversed such decision and subsequently issued its mandate in April 2022. (Docket Nos. 39, 61). On August 26, 2022, the District Judge issued its first scheduling order in which the Court set an initial fact discovery cut-off of July 14, 2023. (Docket No. 100).

⁴Although not the basis of this Order, the Court notes that the Ex Parte Application also fails to comply with Local Rule 7-19.1 which requires the applicant's attorney to advise the Court in writing and *under oath* of efforts to contact other counsel to advise of the date and substance of the proposed ex parte application and whether any other counsel, after such advice, opposes the application.