NICOLAS A. JAMPOL (State Bar No. 244867)
nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
meenakshikrishnan@dwt.com
CARL MAZUREK (*pro hac vice*)
carlmazurek@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800; Fax: (213) 633-6899

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FRANCESCA GREGORINI,

Plaintiff,

vs.

APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,

Defendants.

Case No. 2:20-cv-00406-SSS-JC

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Date: August 30, 2024
Time: 2:00 p.m.
Dept.: Courtroom 2

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. PLAINTIFF'S COPYRIGHT REGISTRATION IS INVALID ..... 1

III. PLAINTIFF HAS NOT ESTABLISHED ACCESS ..... 2

- A. *Emanuel* Was Not Widely Distributed ..... 2
- B. Plaintiff Failed to Show Direct Access ..... 3

IV. THE WORKS ARE NOT SUBSTANTIALLY SIMILAR ..... 4

- A. The Ninth Circuit's Decision Does Not Preclude Summary Judgment ..... 4
- B. Plaintiff Fails to Apply the Extrinsic Test ..... 4
- C. Román's Expert Report Does Not Preclude Summary Judgment ..... 5
- D. Plaintiff Has Not Established Selection and Arrangement ..... 6

V. *SERVANT* WAS INDEPENDENTLY CREATED ..... 7

VI. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE SCRIPTS ..... 8

VII. PLAINTIFF HAS NOT ESTABLISHED SECONDARY LIABILITY ..... 9

VIII. PLAINTIFF HAS NOT ESTABLISHED CAUSAL NEXUS ..... 9

IX. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfred v. Walt Disney*,
2021 WL 6882322 (C.D. Cal. Dec. 16, 2021) ... 6, 10

*Alfred v. Walt Disney*,
821 F. App'x 727 (9th Cir. 2020) ... 7

*Alfred v. Walt Disney*,
No. 18-8074, Dkt. 243 (C.D. Cal. May 13, 2022) ... 10

*Apple v. Microsoft Corp.*,
35 F.3d 1435 (9th Cir. 1994) ... 5

*Bernal v. Paradigm Talent & Literary Agency*,
788 F. Supp. 2d 1043 (C.D. Cal. 2010) ... 3, 5, 7

*Bethea v. Burnett*,
2005 WL 1720631 (C.D. Cal. June 28, 2005) ... 7

*Burns v. Imagine Films*,
164 F.R.D. 589 (W.D.N.Y. 1996) ... 10

*Burns v. Imagine Films*,
2001 WL 34059379 (W.D.N.Y. Aug. 23, 2001) ... 10

*Cavalier v. Random House*,
297 F.3d 815 (9th Cir. 2002) ... 4

*Cope v. Warner Rec.*,
2023 WL 11827959 (C.D. Cal. June 5, 2023) (Sykes, J.) ... 2

*Corbello v. Valli*,
974 F.3d 965 (9th Cir. 2020) ... 7

*Divine Dharma Meditation v. Inst. of Latent Energy Stud.*,
2016 WL 7486286 (C.D. Cal. May 25, 2016) ... 5

*Far Out Prods. v. Oskar*,
247 F.3d 986 (9th Cir. 2001) ... 8

*Fun With Phonics v. LeapFrog Enterprises*,
2010 WL 11404474 (C.D. Cal. Sept. 10, 2010) .................................................. 8

*Gable v. NBC*,
727 F. Supp. 2d 815 (C.D. Cal. 2010),
*aff'd* 438 F. App'x 587 (9th Cir. 2011)............................................................ 5

*Gray v. Perry*,
2020 WL 1275221 (C.D. Cal. Mar. 16, 2020)................................................. 2, 8

*Gregorini v. Apple*,
2022 WL 522307 (9th Cir. Feb. 22, 2022) .................................................. 3, 4, 6

*Hendricks v. DreamWorks*,
2007 WL 9705916 (C.D. Cal. Nov. 20, 2007).................................................... 10

*Irish Rover v. Sims*,
2023 WL 4317054 (C.D. Cal. June 30, 2023) ................................................. 3, 6

*Johannsongs-Publ'g v. Lovland*,
2020 WL 2315805 (C.D. Cal. Apr. 3, 2020),
*aff'd* 2021 WL 5564626 (9th Cir. Nov. 29, 2021)............................................... 5

*Kaseberg v. Conaco*,
260 F. Supp. 3d 1229 (S.D. Cal. 2017)............................................................... 8

*Metcalf v. Bochco*,
294 F.3d 1069 (9th Cir. 2002) .......................................................................... 6

*Perfect 10 v. Giganews*,
847 F.3d 657 (9th Cir. 2017) ............................................................................ 9

*Polar Bear Prods. v. Timex*,
384 F.3d 700 (9th Cir. 2004) .......................................................................... 10

*Rice v. Fox Broad. Co.*,
330 F.3d 1170 (9th Cir. 2003) ...................................................................... 5, 7

*Skidmore v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) ...................................................................... 6, 7

*Smith v. Weeknd*,
2020 WL 4932074 (C.D. Cal. July 22, 2020),
*aff'd sub nom. Clover v. Tesfaye*,
2021 WL 4705512 (9th Cir. Oct. 8, 2021)........................................................5

*Stabile v. Paul Smith Ltd.*,
137 F. Supp. 3d 1173 (C.D. Cal. 2015) ..........................................................7, 8

*Swirsky v. Carey*,
376 F.3d 841 (9th Cir. 2004) ......................................................................4, 5, 6

*UMG Recordings v. Shelter Cap. Partners*,
718 F.3d 1006 (9th Cir. 2013) ..........................................................................9

*W. Sur. Co. v. Bank of S. Oregon*,
257 F.3d 933 (9th Cir. 2001) ............................................................................1

*Walker v. Viacom Int'l*,
2008 WL 2050964 (N.D. Cal. May 13, 2008).................................................7, 8

*Yonay v. Paramount Pictures*,
2024 WL 2107721 (C.D. Cal. Apr. 5, 2024) .....................................................5

**Rules**

Federal Rule of Civil Procedure 56..................................................................8

Federal Rule of Evidence 702 .......................................................................6, 9

## I. INTRODUCTION

The opposition finally lays bare Plaintiff's lack of any support for her accusations that the creators of the supernatural thriller *Servant* conspired to copy every aspect of her niche independent film. Plaintiff does not dispute she stole her friend Sarah Thorp's story on which *Emanuel* is based and then lied about it to the Copyright Office. She relies on speculation to attempt to show Defendants had access to her film despite meager viewership numbers and irrelevant alleged connections. She fails to engage with the Ninth Circuit's extrinsic test, instead believing that any expert report, no matter how deficient, is sufficient to survive summary judgment. And she fails to dispute any evidence demonstrating that *Servant* was independently created, relying instead on her own unsupported suspicions. The *undisputed evidence* in this case shows Plaintiff cannot prevail on any of her claims as a matter of law, and Defendants are entitled to summary judgment on the multiple grounds set forth in their motion.

## II. PLAINTIFF'S COPYRIGHT REGISTRATION IS INVALID

Plaintiff does not dispute (a) she stole Thorp's story, (b) *Emanuel* is based on that story, (c) Thorp owns 100% of the copyright in that story, (d) Plaintiff knowingly misrepresented the story was a work for hire, and (e) the Copyright Office relied on this misrepresentation. SUF217, 221-225. Plaintiff's attempts to manufacture disputed facts are not sufficient to defeat summary judgment.

***First***, Plaintiff's argument that she did not disclose Thorp's story because it was not copyrightable contradicts her agreement that Thorp owned 100% of the copyright to Thorp's story. SUF213-217. Plaintiff cannot create a disputed fact by contradicting her own agreement with Thorp. *W. Sur. Co. v. Bank of S. Oregon*, 257 F.3d 933, 937 (9th Cir. 2001) (no factual dispute where contemporaneous evidence "directly contradicted" claim). Moreover, contrary to Plaintiff's contention that Thorp's story was not fixed in a tangible medium, Thorp wrote multiple scripts *before* she pitched the story to Plaintiff. Opp. at 5; RSUF356.

***Second***, while Plaintiff contends she did not defraud the Copyright Office because Thorp acknowledged Plaintiff's ownership of *Emanuel*, Plaintiff expressly agreed ownership did not extend to Thorp's story. SUF210-218. Plaintiff knew Thorp's story was not a work for hire, and when the Copyright Office wrote to Plaintiff about the application's authorship statement, she falsely responded that all contributions were works for hire. SUF219-226. Based on that misrepresentation, the Copyright Office issued the registration. SUF221-225. None of these facts are disputed, and Defendants are thus entitled to summary judgment on this ground.[1]

## III. PLAINTIFF HAS NOT ESTABLISHED ACCESS

Plaintiff does not dispute the facts regarding *Emanuel*'s distribution or lack of a connection with someone who contributed allegedly infringing content to *Servant*.

### A. *Emanuel* Was Not Widely Distributed

Plaintiff does not contest the evidence reflecting a meager distribution of *Emanuel*, and her reliance on film festivals and online availability does not create a triable issue. Plaintiff fails to proffer any facts regarding how many people saw *Emanuel* at festivals or demonstrating the film's purported renown. Opp. at 8. In fact, Plaintiff's *own industry expert* never heard of *Emanuel* before this case. Dkt. 197 at 5. While widespread dissemination may be established by "saturation," Plaintiff still must proffer supporting *facts*, which she failed to do. *See* SUF236-240; *Cope v. Warner Rec.*, 2023 WL 11827959, at *4 (C.D. Cal. June 5, 2023) (Sykes, J.) (insufficient facts about saturation). *See also* Opp. at 8 (citing cases that all rely on concrete numbers showing the circulation of the work). The film's mere availability on various platforms does not create a triable issue.[2] *See* Mot. at 11-12.

---

[1] Plaintiff contends Thorp's story "is materially different from what Ms. Gregorini conceived and developed into *Emanuel*," Opp. at 5, but (a) Plaintiff's own similarity expert gave the opposite testimony; and (b) Plaintiff's contemporaneous description of Thorp's story plainly reveals it is found within *Emanuel*. SUF204-205, 209.

[2] Plaintiff also contends there is no "threshold commercial success requirement," Opp. at 9, relying on *Gray*, but in that case there were *four million views* of plaintiff's work, a far cry from Plaintiff's evidence here. 2018 WL 3954008, at *4.

**B. Plaintiff Failed to Show Direct Access**

The undisputed evidence shows no direct access to *Emanuel* by anyone who contributed any allegedly infringing elements to *Servant*.

**Basgallop**: Plaintiff contends Basgallop had access to *Emanuel* because her agent allegedly pitched her (by email) to direct certain episodes of the unrelated television series *Berlin Station*. Opp. at 11. But she provides no *evidence* that actually happened. SUF246-53. Basgallop was a writer and co-producer on the series, but Plaintiff does not contest the evidence that Basgallop had no role in assessing potential directors. SUF254. Nor does Plaintiff dispute this allegedly took place *after* Basgallop wrote Episodes 1 and 2 in any event. SUF158. Plaintiff herself testified she does not believe Basgallop accessed Emanuel in connection with his role on *Berlin Station*. SUF255.[3]

**Apple**: Even crediting Plaintiff's alleged connections with various Apple executives, they are irrelevant because Episodes 1-3 of *Servant* were written before January 2018 when Apple became involved. Opp. at 10-11; SUF172; *see Bernal*, 788 F. Supp. 2d at 1054-55 (summary judgment for defendants where work was substantially completed before access). Plaintiff contends "*Servant* evolved significantly" after being pitched to Apple, but she provides no evidence that any Apple executives contributed any allegedly infringing elements to *Servant*. To the contrary, Plaintiff concedes in *her own complaint* that the *Servant* scripts contained all allegedly infringing elements before Apple's involvement. *See* Opp. at 10; Mot. at 12-13.[4] Again, Plaintiff cannot create disputed facts by contradicting herself.[5]

---

[3] Plaintiff's arguments that Basgallop had access to *Emanuel* because he reads, watches movies, or lived in certain cities is rank speculation. *See* Opp. at 8-10. This is also true for the allegation that Shyamalan had access because he encouraged others to attend film festivals. *See* Opp. at 8. Plaintiff's own industry expert did not think Shyamalan had seen *Emanuel*. SUF256.

[4] Plaintiff relies on *Irish Rover v. Sims,* 2023 WL 4317054, at *6 (C.D. Cal. June 30, 2023) to argue she need only show a connection between *any* defendant and her work, but there the defendant who accessed plaintiff's work created the "world" of the allegedly infringing work.

[5] Plaintiff contends that because the works are "strikingly similar," she need not establish access. Opp. at 12, 20. But Plaintiff cannot establish striking similarity, either. *See* Section IV.

## IV. THE WORKS ARE NOT SUBSTANTIALLY SIMILAR

Courts in the Ninth Circuit regularly grant summary judgment for lack of substantial similarity. *See* Mot. at 13-18. Plaintiff ignores the *extensive* differences between the works and simply contends that her expert's opinions preclude summary judgment. But she *and* her expert fail to properly apply the required extrinsic test. This failure does not grant her a free pass to trial.

### A. The Ninth Circuit's Decision Does Not Preclude Summary Judgment

While Plaintiff contends the Ninth Circuit's prior reversal precludes summary judgment, the court only found that "reasonable minds could differ" on substantial similarity "at this early stage of the case"—i.e., *on a motion to dismiss*. *Gregorini v. Apple*, 2022 WL 522307, at *1 (9th Cir. Feb. 22, 2022). In fact, the court noted expert testimony "would aid the court in objectively evaluating similarities"—*not* that this case must go to a jury. *Id.* The record now shows Basgallop wrote numerous of the allegedly copied elements *years* before *Emanuel*, Plaintiff does not own the underlying story on which *Emanuel* is based, and numerous of the alleged similarities are *scenes a faire* or otherwise unprotectable. This Court can and should now find the works are not substantially similar as a matter of law.

### B. Plaintiff Fails to Apply the Extrinsic Test

Courts must "filter out and disregard the non-protectible elements" before assessing substantial similarity. *Cavalier v. Random House*, 297 F.3d 815, 822 (9th Cir. 2002); *see also* Mot. at 14. Plaintiff's opposition fails to do any filtering, even of indisputably unprotectable elements. *See* Opp. at 12-19. Her failure to filter out elements in Thorp's story is especially problematic because Plaintiff argues elsewhere that such elements are unprotectable. *See* Opp. at 5; *supra* Section II.

While Plaintiff contends that determinations of protectability are solely for the jury, courts in the Ninth Circuit *require* the filtering process before assessing substantial similarity of works' *protectable elements*. *See* Mot. at 14; *cf.* Opp. at 18. Plaintiff relies on *Swirsky v. Carey*, 376 F.3d 841, 850 (9th Cir. 2004), but there, the

court found the district court erred in relying on factually unsupported and contested expert opinions. *See* Opp. at 18. Plaintiff also relies on *Divine Dharma Meditation v. Inst. of Latent Energy Stud.*, 2016 WL 7486286, at *5 (C.D. Cal. May 25, 2016), but that case addressed *originality*, a distinct legal concept. *See* Opp. at 18.[6] Plaintiff does not contest any specific aspects of Defendants' *scenes a faire* evidence and arguments—she simply refuses to engage with the analysis.

**C. Román's Expert Report Does Not Preclude Summary Judgment**

Courts *routinely* grant summary judgment for lack of substantial similarity even where the plaintiff has proffered an expert witness. Plaintiff's invocations of a "battle of the experts" do not defeat summary judgment. In *Johannsongs-Publ'g v. Lovland*, 2020 WL 2315805 (C.D. Cal. Apr. 3, 2020), the court granted summary judgment where, as here, the plaintiff's expert "fail[ed] to describe reliable principles and methodology, fail[ed] to apply such principles and methodology to the facts, and fail[ed] to properly apply the extrinsic test[.]" *Id.* at *7, *aff'd* 2021 WL 5564626, at *1 (9th Cir. Nov. 29, 2021). *See also Yonay v. Paramount Pictures*, 2024 WL 2107721, at *3-4 (C.D. Cal. Apr. 5, 2024) (granting summary judgment despite expert testimony from plaintiff); *Gable v. NBC*, 727 F. Supp. 2d 815, 836-837 (C.D. Cal. 2010) (same), *aff'd* 438 F. App'x 587 (9th Cir. 2011). And courts routinely grant summary judgment even where the plaintiff's expert is not excluded. *See, e.g., Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1179 (9th Cir. 2003); *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1062 (C.D. Cal. 2010); *Smith v. Weeknd*, 2020 WL 4932074 at *6 (C.D. Cal. July 22, 2020), *aff'd sub nom. Clover v. Tesfaye*, 2021 WL 4705512 (9th Cir. Oct. 8, 2021).

Plaintiff relies on three cases to support her argument that dueling experts preclude summary judgment, yet they do not support that outcome here. Opp. at 13.

---

[6] Plaintiff conflates originality and protectability based on *Swirsky*, but there, defendant argued a musical measure was not sufficiently original to merit protection, an argument "wholly apart from the *scenes a faire* doctrine." 376 F.3d at 851.; *see also Apple v. Microsoft Corp.*, 35 F.3d 1435, 1444-1445 (9th Cir. 1994) (considering *scenes a faire* and originality separately).

In both *Alfred v. Walt Disney*, 2021 WL 6882322 (C.D. Cal. Dec. 16, 2021) and *Irish Rover*, 2023 WL 4317054, the court simply determined those particular expert opinions precluded summary judgment. More importantly, those cases predate the amendment to Federal Rule of Evidence 702, which clarified that "critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology" are *not* questions of "weight." Fed. R. Evid. 702, advisory comm. n.1 to 2023 amendment. The amendment confirms the reasoning of both cases—that arguments regarding experts' flawed methodology go solely to "weight"—is inconsistent with Rule 702. *See Alfred*, 2021 WL 6882322, at *3 (arguments about expert's methodology "go to the weight"). And in *Swirsky*, the court simply found plaintiff's expert properly opined on the extrinsic test. 376 F.3d at 846-847.[7]

Allowing the parties to develop which elements were protectable was one of the reasons the Ninth Circuit allowed discovery. *Gregorini*, 2022 WL 522307, at *1. Plaintiff failed to develop that record, and she cannot survive summary judgment merely by submitting an expert report. The undisputed facts show the works are not substantially similar in their protectable elements.

**D. Plaintiff Has Not Established Selection and Arrangement**

Plaintiff has not shown any "particular way in which the artistic elements form a coherent pattern, synthesis, or design" sufficient to establish a copyright, nor has she shown how *Servant* copied any such selection and arrangement, meaning she cannot prevail on her selection and arrangement theory. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020); Mot. at 18. She relies entirely on *Metcalf v. Bochco*, 294 F.3d 1069 (9th Cir. 2002), but that case relied on the now-defunct inverse ratio rule. In *Metcalf*, plaintiff survived summary judgment based on defendants' concession of access and *extensive* similarities between the works,

---

[7] Plaintiff also contends the "mere presence" of an element in prior art is irrelevant, but Defendants' prior art discussion is relevant not to show "mere presence," it is to establish that numerous allegedly similar elements are commonplace in film and television. Opp. at 18.

neither of which are applicable here. *See Skidmore*, 952 F.3d at 1069 (overruling inverse ratio rule). Regardless, the Ninth Circuit has not found infringement of the "selection and arrangement" of elements in *any* case involving a film, television show, or other literary work since then. *See, e.g.*, *Corbello v. Valli*, 974 F.3d 965, 974 n.2 (9th Cir. 2020) (rejecting selection and arrangement); *Rice*, 330 F.3d at 1178-1179 (same); *Bernal*, 788 F. Supp. 2d at 1063 (same). Plaintiff also cites *Alfred v. Walt Disney*, 821 F. App'x 727, 729 (9th Cir. 2020), but there the Ninth Circuit merely held the district court should have analyzed the *possibility* of selection and arrangement at the motion-to-dismiss stage. Plaintiff's reliance on various unprotectable elements without any discussion or analysis of how they were selected and arranged is not sufficient to survive summary judgment.

## V. *SERVANT* WAS INDEPENDENTLY CREATED

The undisputed record shows that *Servant* is the result of over a decade of independent creation, most of which took place long before *Emanuel*. SUF76-197. Plaintiff does not dispute Basgallop created *Servant* and *numerous* allegedly infringing elements pre-*Emanuel*, as corroborated by uncontested scripts and notes, as well as testimony from non-defendant witnesses. *See* SUF76-143 & PSUF76-143. Even as to the elements created after 2013, Plaintiff does not point to any evidence disputing that (a) over a number of years, Basgallop iterated on and added other elements, like a reborn doll, as corroborated by other witnesses; and (b) multiple individuals independently created *Servant*'s cinematography, set design, lighting, music, and other elements, as separately corroborated by contemporaneous documents like storyboards, lookbooks, prior art, and other preexisting creative inspirations. SUF145-197 & PSUF145-197. Despite her unsupported hunch that Defendants copied *Emanuel*, Plaintiff does not have any supporting *facts*.

Courts routinely decide independent creation at summary judgment. *See Stabile v. Paul Smith Ltd.*, 137 F. Supp. 3d 1173, 1191 (C.D. Cal. 2015); *Walker v. Viacom Int'l*, 2008 WL 2050964, at *9 (N.D. Cal. May 13, 2008); *Bethea v.*

*Burnett*, 2005 WL 1720631, at *16 (C.D. Cal. June 28, 2005). Plaintiff argues Defendants' evidence is "self-serving" or requires credibility determinations, but she does not dispute any of the *facts* supporting independent creation. *See* Opp. at 19. *See Far Out Prods. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (plaintiff "may not simply question the credibility of the movant to foreclose summary judgment" and instead must "set forth specific facts" showing a genuine triable issue).

Defendants rely on unrebutted testimony, corroborated by disinterested witnesses and undisputed documentary evidence, including notes and scripts. *See* Mot. at 19-21; *see Stabile*, 137 F. Supp. 3d at 1191 ("strong record of independent creation" based on "substantial and uncontroverted evidence" even where defendants' "design process 'changed substantially'" after plaintiff's work); *Walker*, 2008 WL 2050964, at *9 (summary judgment on "extensive and undisputed" evidence), *aff'd*, 362 F. App'x 858 (9th Cir. 2010); SUF76-197.

Plaintiff relies on several cases for the unremarkable proposition that in *some* cases, disputed or unsupported testimony *may* require credibility determinations, Opp. at 19, but each of those cases addresses circumstances very different than here. *See Gray v. Perry*, 2020 WL 1275221, at *14 (C.D. Cal. Mar. 16, 2020) (testimony lacked corroboration); *Fun With Phonics v. LeapFrog Enterprises*, 2010 WL 11404474, at *9 (C.D. Cal. Sept. 10, 2010) (defendant's work entirely post-dated plaintiff's work with no "proof of [] prior composition"); *Kaseberg v. Conaco*, 260 F. Supp. 3d 1229, 1248 (S.D. Cal. 2017) (defendants' evidence rested heavily on bare attestations that they did not review the plaintiff's work).

Plaintiff does not dispute Defendants' extensive, years-long record of independent creation other than her purported disbelief. Because Rule 56 does not allow trials based on unfounded suspicion, Defendants' motion should be granted.

## VI. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE SCRIPTS

Plaintiff does not address her failure to establish either that the "early" and "later" scripts of Episodes 1-3 infringe *Emanuel*, or that they contain *any* allegedly

infringing elements that are not in the series. Opp. at 20-21. Her bare repetition of the pleadings, without evidence, does not create a triable issue on these claims.

## VII. PLAINTIFF HAS NOT ESTABLISHED SECONDARY LIABILITY

Plaintiff's opposition confirms she has no actual theory of secondary liability against any Defendant. She admits those claims are "in the alternative" and says every Defendant except Steve Tisch is "contributorily or vicariously liable." Opp. at 21. But Plaintiff has not proffered specific facts satisfying the required elements to establish secondary infringement. *See* Mot. at 21-22. Instead, she treats Defendants as a monolith and merely assumes each to be secondarily liable because they were allegedly associated with *Servant* in some way. *See* Opp. at 21.

Plaintiff's only more specific allegation regarding Apple's purported involvement fails because she cannot connect such involvement to the alleged infringement. Opp. at 21. By Plaintiff's own assertion, the alleged similarities were in *Servant* scripts before Apple's involvement. SUF171-172; FAC ¶¶ 95, 101. Apple is not secondarily liable merely because of distribution. *Perfect 10 v. Giganews*, 847 F.3d 657, 674 (9th Cir. 2017) (for vicarious infringement, requiring "evidence that customers were drawn to [defendant's] services because of the infringing [] material"); *UMG Recordings v. Shelter Cap. Partners*, 718 F.3d 1006, 1021 (9th Cir. 2013) (operator "cannot be liable for contributory infringement" merely because its system "allows for the exchange of copyrighted material").

Finally, Plaintiff again invokes "credibility determinations" regarding each Defendant's role on *Servant*, despite the undisputed record. Opp. at 21. Plaintiff can no longer delay proffering factual support for her secondary liability theories. Defendants are entitled to summary judgment on these claims as well.

## VIII. PLAINTIFF HAS NOT ESTABLISHED CAUSAL NEXUS

Plaintiff cannot survive summary judgment on causal nexus based on the mere fact that she submitted an expert opinion. Opp. at 22; Fed. R. Evid. 702. Neither she nor her experts proffer any *evidence* that profits from *Servant* Episodes

4-40 share a causal nexus with the alleged infringement in Episodes 1-3. While Plaintiff contends that Episodes 4-40 "continue elements, story arc, and characters" from Episodes 1-3, a plaintiff cannot merely show that the works whose profits she seeks are *creatively* linked to the alleged infringement; she must instead "establish[] a causal nexus between the infringement and the *profits* sought." *Polar Bear Prods. v. Timex*, 384 F.3d 700, 713 (9th Cir. 2004) (emphasis added); *see also Hendricks v. DreamWorks*, 2007 WL 9705916, at *3 (C.D. Cal. Nov. 20, 2007) (excluding profits evidence from a non-infringing film because there was no established causal nexus between the alleged infringement and the film's profits despite having the same plot and characters). *Alfred v. Walt Disney*, No. 18-8074, Dkt. 243 (C.D. Cal. May 13, 2022), is not to the contrary; that decision is about *discovery* into indirect profits—a far lower bar than the showing required to survive summary judgment, as *Plaintiff* herself previously argued. Opp. at 22-23; Dkt. 158 at 7-8.

Plaintiff also mistakenly contends that indirect profits are available if they come from works that would not have existed "but for" the alleged infringement, Opp. at 22-23, but she relies on one out-of-circuit case that merely held, like *Alfred*, that the plaintiff was entitled to *discovery* on causal nexus. *See Burns v. Imagine Films*, 164 F.R.D. 589 (W.D.N.Y. 1996). Notably, the *Burns* court subsequently held the causal nexus between indirect profits and the alleged infringement was *not* sufficient to survive summary judgment. *See Burns v. Imagine Films*, 2001 WL 34059379, at *4-5 (W.D.N.Y. Aug. 23, 2001).

Plaintiff has thus failed to demonstrate a causal nexus between profits from Episodes 4-40 and Defendants' alleged infringement as a matter of law.

## IX. CONCLUSION

Plaintiff has not genuinely disputed *any* of the material facts necessary for this Court to find that Defendants are entitled to summary judgment. Defendants respectfully request this Court grant summary judgment in their favor on each of the independent grounds set forth in their motion.

DATED: August 2, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
CARL MAZUREK

By: /s/ Cydney Swofford Freeman
Cydney Swofford Freeman

Attorneys for Defendants