GUNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:20-cv-00406-SSS-JCx | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Francesca Gregorini v. Apple, Inc., et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S UNOPPOSED APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL [DKT. 181]**

Before the Court is Defendants' Unopposed Application for Leave to File certain documents and portions of documents Under Seal ("Application"). [Dkt. 181]. Defendants attached the redacted versions of the documents to their Application and submitted their unredacted versions to the Court [Dkt. 182]. Defendants also attached declarations of Cydney Swofford Freeman, counsel for Defendants, and Jesse Koehler, counsel for Defendant Apple, Inc., in support of Defendants' Application. [Dkt. 182, 182-1].

### I. LEGAL STANDARD

In the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). When a party seeks to seal a document that is attached to a motion that is more than tangentially related to the merits of the case, it must establish a compelling reason to do so. *Ctr. for Auto Safety*, 809 F.3d at 1096–97,

1101. That is, the party must overcome the strong presumption of access by articulating compelling reasons to seal the document supported by "specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03). When the document is attached to a motion that is unrelated or only tangentially related to the merits of the case, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Foltz*, 331 F.3d at 1135).

## II. DISCUSSION

Here, the Defendants seek summary judgment in their favor. [Dkt. 180]. The Motion for summary judgment is a dispositive motion that concerns the merits of the case. Thus, the Court considers Defendants' Motion to Seal under the compelling reason standard. *See Morawski v.Lightstorm Ent., Inc., 2013 No. 11-10294-MMM, 2013 WL 12122289,*at 1*. "More than good cause, indeed, 'compelling reasons' are required to seal documents used in dispositive motions such as motions for summary judgment, just as compelling reasons would be needed to justify a closure of a courtroom during trial." *In re LDK Solar Secs. Litig.*, No. C 07–05182 WHA, 2010 WL 724809, *1 (N.D. Cal. Mar. 1, 2010) (*citing Kamakana*, 447 F.3d at 1179). "Otherwise ... public access to the work of the courts will be unduly compromised." *Id.*

The party seeking to file documents under seal bears the burden of overcoming this strong presumption by articulating compelling reasons supported by specific facts. *Foltz v. State Farm Mutual Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). Under this standard, the party requesting to file under seal must identify "an overriding right or interest" that would be endangered if the documents are made public and must demonstrate that the sealing or redactions requested are narrowly tailored to protect that interest. *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir.1990).

Defendants seek to file portions of the exhibits under seal because they contain commercially sensitive and confidential business information that could "cause economic harm or competitive disadvantage regarding the development of [projects] like Servant." [Dkt. 181]. Courts have found applications to seal exhibits meet the compelling reasons standard in similar circumstances. *See Opulent Treasures v. Ya Ya Creations*, 682 F.Supp.3d 815, 827 (C.D. Cal. 2023) (holding that "[a] litigant's need to protect [proprietary business information whose

public dissemination could damage the parties' competitive standing] provides a compelling reason to file under seal"), *see also Bauer Bros. v. Nike*, 2012 WL 18998338, at *2 (S.D.Cal. May 24, 2012) (granting Nike's application to seal because "public disclosure of Nike's confidential business materials…could result in improper use by business competitors seeking to replicate Nike's business practices").

Here, Defendants do not provide the Court with unredacted versions of Exhibits 42, 45, and 46. [Dkt. 181-18, 19, 20]. As such, the Court is unable to determine whether compelling reasons exist to grant the application to seal. As to those exhibits, the application is **DENIED**.

Defendants also fail to demonstrate compelling reasons why Exhibit 68 should be redacted in its entirety and full pages of Exhibit 72 should be as well. [Dkt. 182-23, 27]. Exhibit 68 contains screenshots of websites that are available to the public. [Dkt. 182-23]. Some portions of Exhibit 72 that are redacted contain testimony that are unrelated to "commercially sensitive" or "confidential business information." [Dkt. 182-27]. These redactions are overly broad to protect Defendants' "competitive disadvantage" and do not meet the "narrowly tailored" standard. Accordingly, the application as to those exhibits is **DENIED**.

Further, Defendants fail to show how portions of their Motion for Summary Judgment and Statement of Uncontroverted Facts and Conclusions of Law in Support of their Motion meet the compelling reasons standard. [Dkt. 182-2 at 20, 23, 24, 29, 32, 182-3 at 31, 32, 35]. While some of the redacted portions in these documents contain commercially sensitive information, these portions do not and some of this redacted information is publicly available. *Id*. As such, Defendants fail to show compelling reasons as to why the application should be granted. Accordingly, the application as to these exhibits is **DENIED**.

The Court finds that Defendants' remaining exhibits contain information whose disclosure could cause them "economic harm or competitive disadvantage" regarding their development of future projects like Servant. [Dkt. 181]. These exhibits and their redacted portions contain commercially sensitive and confidential business information regarding the production of films and tv series similar to Servant. [Dkt. 182]. This Court has previously found this type of information to meet the compelling reasons standard. *See Opulent Treasures supra*. As such, the Court finds that Defendants have met their burden and their application as to the remaining exhibits is **GRANTED**.

### III. CONCLUSION

Accordingly, the Court **DENIES** Defendants' Application as to Exhibits 42, 45, 46, 68, 72 in their entirety and as to pages 20, 23, 24, 29, 32 of Defendants' Motion for Summary Judgment [Dkt. 182-2] and pages 31, 32, and 35 of Defendants' Statement of Uncontroverted Facts [Dkt. 182-3]. Defendants' Application as to all other documents is **GRANTED**. [Dkt. 181].

**IT IS SO ORDERED.**