**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Francesca Gregorini,

Plaintiff,

v.

APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,

Defendants.

Case No. 2:20-cv-00406-SSS-JC

**PLAINTIFF FRANCESCA GREGORINI'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE EXPERT TESTIMONY BY BOB GALE ABOUT PRIOR ART**

Date: November 15, 2024
Time: 2:00 P.M.
Dept.: Courtroom 2

**PLEASE TAKE NOTICE** that on November 15, 2024, at 2:00 p.m. or as soon as may be heard in Courtroom 2 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiff Francesca Gregorini will and hereby moves in limine for an order excluding expert testimony of Michael Robert Gale.

This Motion is made on the grounds that Mr. Gale's reports and testimony fail to meet the standards set forth in Rule 702 of the Federal Rules of Evidence. First, Mr. Gale's expert reports and testimony regarding prior art are unreliable and unhelpful because prior art is not relevant in copyright cases. Second, Mr. Gale's expert reports and testimony on prior art are unreliable and unhelpful because they do not apply prior art to support a *scene-a-faires* defense. Third, Mr. Gale's expert reports and testimony's references to prior art about baseball movies, "Twin Films," and his *Wizard of Oz/Star Wars* comparison are irrelevant to this case.

The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Patrick M. Arenz and the exhibits attached thereto, and on such other oral or documentary evidence as may be presented at any hearing on this Motion. Plaintiff will lodge a proposed order along with this Motion.

This Motion is made following the Local Rule 7-3 conference of counsel, which took place on October 4, 2024 on 11:00 a.m. PT. Patrick Arenz, Emily Niles, and Annie Huang, counsel for Plaintiff, and Nicolas Jampol and Cydney Freeman, counsel for Defendants, participated in the conference. The conference lasted for about 45 minutes to an hour. Counsel addressed each of the party's motions in limine.

Dated: October 11, 2024

**ROBINS KAPLAN LLP**

By: */s/ Patrick M. Arenz*
Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................ 1
BACKGROUND ........................................ 1
ARGUMENT ........................................ 3
I. Prior art is generally irrelevant in copyright infringement cases. ........ 4
II. Mr. Gale does not apply the prior art to prove *scenes-a-faire*. ........ 6
III. Mr. Gale's references to prior art about baseball movies, "Twin Films," and his Wizard of Oz/Star Wars comparison have nothing to do with this case. ........ 8
CONCLUSION ........................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cavalier v. Random House, Inc.*,
297 F.3d 815 (9th Cir. 2002) .......... 7

*Desire, LLC v. Manna Textiles, Inc.*,
986 F.3d 1253 (9th Cir. 2021) .......... 4

*Ets-Hokin v. Skyy Spirits, Inc.*,
225 F.3d 1068 (9th Cir. 2000) .......... 6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) .......... 4, 5, 6

*Gable v. National Broad. Co.*,
727 F. Supp. 815 (C.D. Cal. 2010) .......... 7

*Infodek, Inc. v. Meredith-Webb Printing Co.*,
830 F. Supp. 614 (N.D. Ga. 1993) .......... 4, 5

*Kim Seng Co. v. J&A Importers, Inc.*,
810 F. Supp. 2d 1046 (C.D. Cal. 2011) .......... 6

*Lester v. U2 Ltd.*,
No. 706612, 2009 WL 10673938 (C.D. Cal. Apr. 10, 2009) .......... 4, 5

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
523 F.3d 1051 (9th Cir. 2008) .......... 8

*Skidmore as Trustee for Randy Craig Wolfe Tr. v. Led Zeppelin*,
952 F.3d 1051, 1067 (9th Cir. 2020) .......... 7

*Rice v. Fox Broad. Co.*,
330 F.3d 1170, 1175 (9th Cir. 2003) .......... 7

*Swirsky v. Carey*,
376 F.3d 841 (9th Cir. 2004) .......... 5

*Woodall v. Walt Disney Co.*,
2024 WL 3191230 (C.D. Cal. May 22, 2024) .......... 6

**Statutes**

17 U.S.C. § 102 ........ 4

35 U.S.C. §§ 102-103 ........ 4

**Court Rules**

Fed. R. Evid.
401 ........ 8
402 ........ 3, 6
403 ........ 3, 6, 8
702 ........ 3, 6

## INTRODUCTION

The Court should preclude the Defendants and their expert, Robert Gale, from offering evidence and testimony about prior art works. Prior art is a concept relevant to patent cases to evaluate a patent claim. An element in a patent claim that exists in the prior art may preclude an inventor from obtaining a patent for that claim. Not so under copyright law. Even when two works are similar, an artist may still obtain a copyright for an original work if she did not copy someone else. And Defendants may not absolve their copyright infringement simply by showing that the elements they copied from one work happen to be similar to elements from another work they were unaware of.

Defendants and Mr. Gale do not follow this law. Instead, Mr. Gale submitted multiple expert reports covering dozens of prior art works that he found from Google searches. Under his analysis, if he could locate in a prior art work a relevant element in the two works for this case, then that element could not serve as a basis for substantial similarity. To show just how far he will stretch, Mr. Gale even referenced an Australian news channel's segment on grief therapy as a lead example. Mr. Gale also went on a tangent about completely unrelated works (over 200 in total) that have no bearing whatsoever to *The Truth About Emanuel* or *Servant*, so he could pontificate about topics like the derivative nature of stories in general, ideas versus expressions, and "coincidence" in general. The Court should exclude this evidence about prior art works.

## BACKGROUND

Plaintiff Francesca Gregorini wrote, directed, and produced the film *The Truth About Emanuel*. After its widespread dissemination in 2013, the Defendants released the *Servant* television series to launch Apple TV+ in 2019. Ms. Gregorini sued the Defendants for copyright infringement soon after.

Robert Gale is Defendants' liability expert. Defendants disclosed him as their expert and produced his reports. The format for his reports is unusual because he included a 42-page main report and a 43-page "supplement" report at the same time. Exs. P, Q. Mr. Gale provided this explanation for his strange format:

> The purpose was to have a shorter main report. Sometimes judges can be intimidated or just annoyed by reports that are excessively long. So the idea here was to put the most essential stuff into the main report, which is why there's sort of a CliffsNotes section of the prior art at the beginning, in the overview section. And then to include the supplement which would include more details on the prior art, more of my biographical information, more of what I would call some boilerplate about substantial similarity and independent creation.

Ex. G at 145:19-146:6.

A predominant focus in both his main report and supplement is prior art. For instance, Mr. Gale meanders through excerpts from 24 nonfiction and fiction works, ranging from an Australian news channel's story about grief therapy to *Pinocchio* to several horror movies, among others. Ex. P at 9-13; Ex. Q at 9-34. Yet Mr. Gale did not even review all these works, and instead copied descriptions from the internet for some. Ex. G at 141:19-23, 146:7-13. Mr. Gale also discussed story arcs in baseball films. Ex. Q at 4-5. He also copied a chart from Wikipedia about "Twin Films" (films about a general topic, like "thrillers set on airplanes," released in the same year or two). Ex. G at 207:19-21; Ex. H. And he compared similar elements in *The Wizard of Oz* and *Star Wars*, as is his generic practice. Ex. I; Ex. G at 210:9-19. These generic sections about "the derivative nature of stories," "ideas vs. expression of ideas," and "similarities from the language of storytelling," do not make a single reference *Emanuel* or *Servant*. *See generally* Ex. Q at 3-9.

What is *not* a predominant focus in both his main report and supplement is *scenes-a-faire*. While that legal term of art is sprinkled throughout, Mr. Gale has

little to say about *scenes-a-faire* in *Emanuel* and *Servant*. Here are the only excerpts from his report that address the concept from the two works in dispute:

> Certain sequences of events are required. For example, in a linear (non-flashback) story, the sequence boy-meets-girl, boy-loses-girl, boy-gets-girl, can't be any other way. It would make no sense for the characters to meet at the end. So this sort of thing is scenes-a-faire.
>
> ***
>
> In this case, the sitter/nanny has to meet her employer before beginning the job; we expect the employer to have certain ground rules and establish them up front. Yet in TAE, the rules are flexible, informal, and can easily vary because Emanuel's baby-sitting job is part-time. In Servant, the Turners explain the ground rules right away, just as we would expect, and, unlike in TAE, there is a booklet of 'duties and responsibilities' in Leanne's room. Leanne's is a full-time job. Similarly, the caregiver needs to meet the baby near the beginning so that she can do her job. This too is *scenes-a-faire*.

Ex. P at 20-21.

> "Previously, I have shown that the ideas of babysitting a doll or being a nanny to a doll predated the defendants' series, and that the existence of reborn dolls is an established fact. I also concluded that given a delusional mother who believes her reborn doll to be real, it would naturally flow that she would hire a baby-sitter or nanny to assist with her maternal duties; therefore, this would be *scenes-a-faire*. So these ideas cannot be considered elements of original expression, although their specific expression can be.

Ex. P at 36.

Mr. Gale offers no other substantive opinions about *scenes-a-faire* in his report.

## ARGUMENT

The Court should preclude Mr. Gale—and in turn Defendants—from offering evidence about prior art. To start, prior art is generally irrelevant to copyright infringement cases. Fed. R. Evid. 402. Yet even if the prior art had any marginal relevance, the extensive prior art that Mr. Gale disclosed will distract the jury from the core dispute and disrupt the trial from a streamlined presentation. The Court

should exclude it under Rule 403 as well. And for these reasons, testimony about prior art is not reliable or helpful to the jury. Fed. R. Evid. 702.

**I. Prior art is generally irrelevant in copyright infringement cases.**

Prior art is relevant in patent law. An inventor, for instance, may only obtain a patent if her invention is novel and non-obvious over the prior art. 35 U.S.C. §§ 102-103. Based on these requirements, the identification and analysis of prior art is relevant and routine in patent prosecution and litigation. But in copyright law, the Supreme Court has held that "novelty is not required" under the originality standard. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 358 (1991); *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1261 (9th Cir. 2021) ("That the Subject Design may not be novel is immaterial to the question whether it is 'original.'"); *see also* 17 U.S.C. § 102.

Both the Ninth Circuit and district courts have often rejected defendants' efforts to inject prior art into copyright cases as a result:

- *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1261 & n.3 (9th Cir. 2021): the Ninth Circuit rejected defendant's "prior art" argument because "[t]he 'similarity' of one design to another has no bearing on whether [copyright owner] 'independently created' the subject design." *Id.* at 1260. As a result, the Ninth Circuit affirmed the district court's exclusion of proffered testimony comparing the copyrighted work with other works in the public realm.[1]

- *Lester v. U2 Ltd.*, No. 706612, 2009 WL 10673938, at *3 (C.D. Cal. Apr. 10, 2009): "the existence of prior art that is substantially similar to a copyrighted work does not defeat copyright protection" and that "the search for **prior art** that frequently goes into challenging a patent **plays no role** in copyright cases." (emphasis added)

- *Infodek, Inc. v. Meredith-Webb Printing Co.*, 830 F. Supp. 614, 622–23 (N.D. Ga. 1993): the court rejected the infringer's "prior art" arguments because the novelty standard in patent law is different from the originality requirement in copyright law.

[1] *Id.* n.3 ("Because we conclude that Young's proffered testimony did not bear on the Subject Design's originality, we also conclude that the district court did not abuse its discretion in excluding those portions of Young's testimony comparing the Subject Design to other floral designs in the public realm.")

Thus, Mr. Gale's intent to testify about dozens of prior art shows and films has no relevance to the jury's determination about *Emanuel*'s originality or *Servant*'s substantial similarity.

Mr. Gale's application of the prior art only makes his anticipated testimony worse. Again, copyright law only requires original expression. Original expression requires "extremely low" creativity; "even a slight amount will suffice." *Feist*, 499 U.S. at 345. The jury then decides whether a later work is substantially similar to the original expression in the copyrighted work. *See, e.g.*, *Swirsky v. Carey*, 376 F.3d 841, 851 (9th Cir. 2004). As the courts in *Desire*, *Lester*, and *Infodek* explain, whether prior art is similar to the copyright owner's work is irrelevant.

Yet Mr. Gale conceded at his deposition that he did not follow this standard. To start, even though the Supreme Court held that "novelty is not required" for originality in *Feist*, Mr. Gale believes that it is:

> Q. Would you agree that originality requires novelty?
>
> A. **Generally, yes**, but there's also a school of thought that says that arranging – selection and arrangement of unprotectable elements is eligible for copyright protection as well.

Ex. G at 116:21-117:3 (emphasis added) (objection omitted).

This misunderstanding tainted his analysis too. According to Mr. Gale, if any element existed in any prior art, then it "necessarily" was independently created and could not factor into a substantial similarity analysis:

> Q. What is the impact of prior art on your substantial similarity analysis?
>
> A. The impact is to say **if particular elements can be found in prior art**, prior to the plaintiff's work -- I mean, prior to the defendant's work, we would **necessarily assume** that that these **were created independently**. Or if they were from works prior to the plaintiff's work, ***most definitely*** **they didn't rely on the existence of the plaintiff's work for their existence**.

*Id.* at 134:15-24 (emphasis added).

Mr. Gale also freely admits that he does not know, and it would not matter to him, whether the Defendants even viewed or considered the prior art. *See id.* at 164:15-24 (responding "No, I don't know that. I don't know if they were or not" when asked if the prior art works (including nonfiction works) inspired the Defendants at all); Ex. Q at 9 ("I am not suggesting that anyone plagiarized anything from the [prior art] works in this section; undoubtedly there are many which were not even seen by either plaintiff or defendants, which demonstrates the validity of independent creation."). But this is *not* the correct legal standard. *See, e.g.*, *Feist*, 499 U.S. at 345 ("Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying."); *see also Desire*, 986 F.3d at 1261. The Court should preclude Mr. Gale from misleading the jury about the incorrect role that prior art has under copyright law in this case. *See* Fed. R. Evid. 402, 403, 702.

## II. Mr. Gale does not apply the prior art to prove *scenes-a-faire*.

The Defendants have offered no authority to date that prior art is relevant in copyright cases, or that Mr. Gale's misapplication of it is correct. Rather, the Defendants only rely on a one-sentence reference in *Woodall v. Walt Disney Co.* to suggest that prior art may be relevant to *scenes-a-faire*. 2024 WL 3191230, at *2 (C.D. Cal. May 22, 2024). Even if this unpublished case applied, it still would not save Mr. Gale's tainted analysis because he has no *scenes-a-faire* opinion that depends on the prior art that could pass Rule 702's scrutiny.

*Scenes-a-faire* is a narrow doctrine. By definition, the term means "scenes which 'must' be done." *Kim Seng Co. v. J&A Importers, Inc.*, 810 F. Supp. 2d 1046, 1057 (C.D. Cal. 2011). The doctrine is an affirmative defense, not a barrier to copyrightability. *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000). And for Defendants to meet their burden on this defense, they must show

that the expression is "indispensable" to an idea, or one that "necessarily" flows from a basic plot premise. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1175 (9th Cir. 2003), *overruled on different grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1067 (9th Cir. 2020); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002). Defendants also must prove that the *scenes-a-faire* element is standard "in a particular genre," like "a saloon shoot-out might be a standard element in an action film set in the old west." *Gable v. National Broad. Co.*, 727 F. Supp. 815, 837 (C.D. Cal. 2010). None of Mr. Gale's opinions relies on prior art to meet this standard.

Mr. Gale reaches only two conclusions about *scenes-a-faire* when discussing *Emanuel* or *Servant*. First, Mr. Gale concludes that the sequence of events leading to the mother and nanny/caretaker meeting is *scenes-a-faire*. Ex. P at 20-21 ("the sitter/nanny has to meet her employer before beginning the job; we expect the employer to have certain ground rules and establish them up front" and "the caregiver needs to meet the baby near the beginning so that she can do her job. This too is scenes-a-faire."). Nothing in this opinion relies on or references prior art.

Second, Mr. Gale stated that "I also concluded that given a delusional mother who believes her reborn doll to be real, it would naturally flow that she would hire a baby-sitter or nanny to assist with her maternal duties; therefore, this would be *scenes-a-faire*." Ex. P at 36. Yet Mr. Gale identifies no prior art where this expression *ever* occurred, let alone an "indispensable" or necessary standard in the genre. Put simply, not one prior art reference in Mr. Gale's report depicts a delusional mother who hires a baby-sitter or nanny to care for a reborn doll she believes is real. In fact, Mr. Gale even fails to identify any prior work that involves a delusional mother who takes care of a reborn doll, believing the doll is real. The Defendants have no credible contention that the prior art Mr. Gale extensively describes is relevant to his conclusory references to *scenes-a-faire*.

**III. Mr. Gale's references to prior art about baseball movies, "Twin Films," and his Wizard of Oz/Star Wars comparison have nothing to do with this case.**

The Court should also preclude Mr. Gale from discussing prior art to pontificate about "the derivative nature of stories," the idea/expression dichotomy, and generic "similarities from the language of storytelling." Ex. Q at 3-8; *see, e.g.*, *id.* at 2 ("The character of Batman was based on elements of Zorro, which was based on elements of The Scarlet Pimpernel, which was based on elements of Robin Hood."). Relevant evidence has any tendency to make a fact "of consequence in determining the action" more or less probable than it would be without the evidence. Fed. R. Evid. 401. And even relevant evidence is inadmissible when that relevance is substantially outweighed by juror confusion, a waste of time, or unfair prejudice. Fed. R. Evid. 403. Mr. Gale's efforts to inject scores of prior art references, ranging from *Aliens* to *Romeo and Juliet* to *The Wizard of Oz*, among over 200 prior art works in total, fails these threshold admissibility standards. Exs. Q at 3-8, H at 1-6.

The Court should preclude Mr. Gale from testifying on these generic subjects. This Court will instruct the jury on the law. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("instructing the jury as to the applicable law is the distinct and exclusive province of the court") (citations omitted). Mr. Gale is neither a lawyer nor is it his providence to explain the law to the jury. *Id.* ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"). The jury should then weigh competing evidence about *Emanuel* and *Servant* to make its factual determination based on this Court's instructions.

None of Mr. Gale's testimony on these "boilerplate" subjects will aid those factual determination. Indeed, none of his discussion on these generic subjects even

reference *Emanuel* or *Servant*. *See generally* Ex. Q at 3-8. Rather, Mr. Gale includes these discussions in every case regardless of genre. For instance, Mr. Gale conceded that he attaches the chart he copied from Wikipedia about "Twin Films," purportedly to discuss "coincidence" in the film industry in general, to every expert report he submits. The same is true for his vague comparison between *The Wizard of Oz* and *Star Wars*. Ex. G at 209:15-210:19. That these discussions have nothing to do with *Emanuel* and *Servant* confirms they should have nothing to do with this trial over those works.

## CONCLUSION

This trial is about the Defendants' copying of *Emanuel* in their television series *Servant*. The Court should preclude Defendants and Mr. Gale from derailing it about scores of prior art works. Neither these prior art works, nor Mr. Gale's testimony about them, is relevant or reliable evidence for the jury to reach its verdict. The Court should preclude Defendants and Mr. Gale from offering evidence about the prior art works in his expert reports.

Dated: October 11, 2024

**ROBINS KAPLAN LLP**

By: */s/ Patrick M. Arenz*
Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Francesca Gregorini,

Plaintiff,

v.

APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,

Defendants.

Case No. 2:20-cv-00406-SSS-JC

**CERTIFICATE OF COMPLIANCE**

Date: November 15, 2024
Time: 2:00 P.M.
Dept.: Courtroom 2

The undersigned, counsel of record for Plaintiff Francesca Gregorini, certifies that this brief contains 9 pages, which complies with the page limit set by court order dated August 26, 2022.

Dated: October 11, 2024

ROBINS KAPLAN LLP

By: */s/ Patrick M. Arenz*
Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini