**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone:  310 552 0130
Facsimile:   310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**PLAINTIFF FRANCESCA GREGORINI'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO MEDIA COVERAGE OF THE LITIGATION AND REACTIONS TO THAT PRESS**<br><br>Date:　　November 15, 2024<br>Time:　　2:00 P.M.<br>Dept.:　　Courtroom 2 |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO MEDIA COVERAGE AND REACTIONS

**PLEASE TAKE NOTICE** that on November 15, 2024, at 2:00 p.m. or as soon as may be heard in Courtroom 2 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiff Francesca Gregorini will and hereby moves in limine for an order excluding evidence and arguments relating to media coverage of the litigation and reactions to that press from trial.

This motion is made on the grounds that any evidence or arguments about the media's coverage and reactions from the parties or third parties to that press are irrelevant and thus inadmissible under Federal Rules of Evidence 401 and 402. Any potential probative value of such evidence and arguments is far outweighed by the substantial risk of unfair prejudice, confusing the issues, and wasting time under Federal Rule of Evidence 403.

The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Patrick M. Arenz and the exhibits attached thereto, and on such other oral or documentary evidence as may be presented at any hearing on this Motion. Plaintiff will lodge a proposed order along with this Motion.

This Motion is made following the Local Rule 7-3 conference of counsel, which took place on October 4, 2024, at 11:00 a.m. PT. Patrick Arenz, Emily Niles, and Annie Huang, counsel for Plaintiff, and Nicolas Jampol and Cydney Freeman, counsel for Defendants, participated in the conference. The conference lasted about 45 minutes to an hour. Counsel addressed each of the party's motions in limine.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO MEDIA COVERAGE AND REACTIONS

| | |
|---|---|
| Dated: October 11, 2024 | ROBINS KAPLAN LLP<br><br>By: */s/ Patrick M. Arenz*<br>    Patrick M. Arenz<br><br>Attorneys for Plaintiff<br>Francesca Gregorini |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO MEDIA COVERAGE AND REACTIONS

## INTRODUCTION

This litigation has garnered significant media attention. But the media's interest has no bearing on any issue for trial. Nor do any discussions by the parties and third parties about that media coverage. Indeed, media commentary and responses to it are inadmissible on several grounds, including under Federal Rules of Evidence 402 and 403. At core, the jury should decide this case on the evidence giving rise to the parties' disputes in the litigation, not what the press or parties have said about the litigation after it was filed. Plaintiff Francesca Gregorini thus requests that the Court exclude evidence or arguments about the media coverage about this litigation and any discussions relating to that press.

## FACTUAL BACKGROUND

The media immediately reacted when Ms. Gregorini sued Defendants for copying *The Truth About Emanuel*. It was noteworthy not least because Hollywood players like M. Night Shyamalan and Apple TV were involved. Many publications covered the lawsuit, for example: Reuters, Yahoo, Deadline, The Atlantic, Variety, Bloomberg Law, and Law360, among others. *See, e.g.,* Ex. R. This press coverage generated public interest and was on the parties' radars too.

Both parties produced communications about this press too. For Ms. Gregorini, the overall subject matter of this litigation—seeing her work appropriated by others without attribution—invoked various emotions. As media contacted Ms. Gregorini, she responded to several requests for an interview or comment. Ex. S. She also shared the news with family, friends, and professional connections—pointing them to publications where they could read more about the case. Exs. R, T. These communications were often emotional, as Ms. Gregorini shared links to more information about this challenging conflict with those closest to her and asked for their support too.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO MEDIA COVERAGE AND REACTIONS

Defendants' documented reaction to news about the litigation was colder and more muted. Their corporate public relations teams sprang into action to handle the media response to the lawsuit. Exs. U, V, W, X. Defendants monitored the press and its sentiment, gathering tweets about the litigation favorable to Defendants or unfavorable to Ms. Gregorini. Ex. Y. Defendants' public relations team otherwise immunized the relevant individuals from discussing the litigation with the press or others. Exs. Z, AA, BB, CC.

## ARGUMENT

The Court should preclude evidence on the press coverage of this litigation and other communications about it for three reasons. First, it has no relevance. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. And only relevant evidence is admissible. Fed. R. Evid. 402. Courts regularly exclude evidence about media coverage of a case. *See, e.g., Fernandez v. Taser Int'l, Inc.*, No. C06-4371, 2008 WL 4775779, at *5 (N.D. Cal. Oct. 27, 2008) (granting "the motion for Exclusion of Newspaper Articles, other Media Coverage of Statements and Testimony of Same); *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-CV-545-29, 2004 WL 4054843, at *16-17 (M.D. Fla. July 22, 2004) (granting a motion in limine to "preclude evidence concerning newspaper articles, television reports and other medial material involving this case"). So too here. The relevant evidence for the jury is to decide whether Defendants infringed Ms. Gregorini's copyright in *The Truth About Emanuel*. Put differently, the jury should focus on the factual disputes that led to the lawsuit. What the media or parties said about the lawsuit after it was filed is irrelevant.

Second, the Court should exclude this evidence under Rule 403 even if somehow marginally relevant. Relevant evidence may be excluded "if its probative

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO MEDIA COVERAGE AND REACTIONS

value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time[.]" Fed. R. Evid. 403. And that is often the case with respect to evidence of media attention about litigation—courts guard trial from undue influence of media that risks unfair prejudicing the parties or confusing the jury.

- *Rauda v. City of Los Angeles*, No. CV08-3128, 2010 WL 11549632, at *11–12 (C.D. Cal. Feb. 22, 2010) ("The Court finds that the probative value of evidence relating to media coverage on this case is substantially outweighed by undue prejudice, in that such evidence may confuse the jury and may otherwise be inadmissable. Accordingly, the Court GRANTS defendant's motion to exclude evidence of media coverage.")
- *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10-CV-83, 2014 WL 1818586, at *2–3 (S.D. Ohio May 7, 2014) (discussing the Court's previous rulings excluding "evidence of media coverage of this case" because it was "irrelevant and prejudicial")
- *Thompson v. Hamp*, No. 3:14-CV-00274, 2017 WL 1393589, at *1 (N.D. Miss. Apr. 18, 2017) (granting a "motion in limine is to exclude any news media references offered as evidence" because "the probative value of the evidence is outweighed by the danger of unfair prejudice").

The same result is warranted here.

This evidence will lead to unnecessary digressions that will disrupt an otherwise streamlined trial. At minimum, Defendants' cherry-picked presentation of any unfavorable media reports highlighted by their public relations press monitoring system (*see, e.g.,* Ex. Y) would require Ms. Gregorini to present counter-evidence about other more favorable press and provide context for her comments about the press. These tangents will only waste time and delay trial, and risk confusing the jury about what factual determinations they are tasked with

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO MEDIA COVERAGE AND REACTIONS

deciding. Thus, the Court should exclude press coverage and discussions about it under Rule 403.

## CONCLUSION

The jury should not hear evidence about the media's coverage of this litigation or the parties' related communications on that press. The jury should focus on the factual disputes that they will be asked to decide on their verdict form, which already involve a full record of evidence that led up to the filing of the complaint. What the press or the parties have said about the litigation after that point will not aid the jury in reaching their verdict on these issues. The Court should grant Ms. Gregorini's motion.

Dated: October 11, 2024                    ROBINS KAPLAN LLP


                                           By: */s/ Patrick M. Arenz*
                                               Patrick M. Arenz

                                               Attorneys for Plaintiff
                                               Francesca Gregorini

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

PLAINTIFF'S NOTICE OF MOTION AND
MOTION IN LIMINE NO. 4 TO EXCLUDE
EVIDENCE AND ARGUMENTS RELATING
TO MEDIA COVERAGE AND REACTIONS

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | **CERTIFICATE OF COMPLIANCE** |
| v. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | Date:    November 15, 2024<br>Time:    2:00 P.M.<br>Dept.:    Courtroom 2 |
| Defendants. | |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Francesca Gregorini, certifies that this brief contains 5 pages, which complies with the page limit set by court order dated August 26, 2022.

Dated: October 11, 2024                    ROBINS KAPLAN LLP


                                           By: */s/ Patrick M. Arenz*
                                                Patrick M. Arenz

                                           Attorneys for Plaintiff
                                           Francesca Gregorini