**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Prateek N. Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual; BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**PLAINTIFF FRANCESCA GREGORINI'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENTS ABOUT DISCOVERY SANCTIONS AGAINST MS. GREGORINI AND RELATED DISCOVERY MOTIONS**<br><br>Date:        November 15, 2024<br>Time:        2:00 P.M.<br>Dept.:        Courtroom 2 |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENTS
ABOUT DISCOVERY SANCTIONS

**PLEASE TAKE NOTICE** that on November 15, 2024, at 2:00 p.m. or as soon as may be heard in Courtroom 2 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiff Francesca Gregorini will and hereby moves in limine for an order excluding evidence and arguments about discovery sanctions against Ms. Gregorini or the related discovery motions from trial.

This motion is made on the grounds that any evidence or arguments over the discovery sanctions against Ms. Gregorini or underlying discovery disputes are irrelevant and thus inadmissible under Federal Rules of Evidence 401 and 402. Any potential probative value of such evidence and arguments is far outweighed by the substantial risk of unfair prejudice to Plaintiff, confusion of issues, in addition to being a waste of time and delaying the proceedings under Federal Rule of Evidence 403.

The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Patrick M. Arenz and the exhibits attached thereto, and on such other oral or documentary evidence as may be presented at any hearing on this Motion. Plaintiff will lodge a proposed order along with this Motion.

This Motion is made following the Local Rule 7-3 conference of counsel, which took place on October 4, 2024, at 11:00 a.m. PT. Patrick Arenz, Emily Niles, and Annie Huang, counsel for Plaintiff, and Nicolas Jampol and Cydney Freeman, counsel for Defendants, participated in the conference. The conference lasted about 45 minutes to an hour. Counsel addressed each of the party's motions in limine.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENTS
ABOUT DISCOVERY SANCTIONS

Dated: October 11, 2024                    ROBINS KAPLAN LLP


By: */s/ Patrick M. Arenz*
    Patrick M. Arenz

    Attorneys for Plaintiff
    Francesca Gregorini

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENTS
ABOUT DISCOVERY SANCTIONS

**INTRODUCTION**

Plaintiff Francesca Gregorini moves to preclude Defendants from presenting any evidence or arguments referencing discovery sanctions against her at trial. Neither the discovery sanctions nor the details of any related motion are relevant to any of the parties' claims or defenses. Instead, discussion of sanctions at trial would unfairly prejudice Ms. Gregorini, confuse the issues, mislead the jury, and waste time. Ms. Gregorini thus requests that the Court preclude Defendants from referencing the discovery sanctions or related discovery motions against her at trial.

**FACTUAL BACKGROUND**

A series of unusual and unfortunate circumstances involving Ms. Gregorini's prior counsel impacted this litigation. *See* Dkt. 132. His significant health issues affected a variety of discovery disputes and resulted in motions practice. *See, e.g.*, Dkts. 116, 129. In one of those motions, Defendants sought to compel Ms. Gregorini to produce documents responsive to a host of document requests. Dkt. 116. Ms. Gregorini's prior counsel agreed to produce certain documents, and the Court entered an order in September 2023 setting a deadline for that production. *See* Dkt. 120. Just two weeks later, however, Plaintiff's prior counsel moved to continue all deadlines because lead counsel, Mr. Erikson, was suffering from colon cancer. Dkts. 121, 124. The Court extended the case schedule as a result. Dkt. 132. Discovery continued, but Mr. Erikson's illness continued to impact his ability to prosecute the case and participate in discovery. Dkts. 121-2, 124-1, 127. His condition declined over the course of months while the discovery clock ran. Sadly, Mr. Erikson passed away in February 2024. *See* Dkt. 144-20 ¶ 4.

Ms. Gregorini had to obtain new counsel in late March 2024. Dkts. 133-142. As her current counsel got up to speed on the case, Defendants informed them of disputes over Plaintiff's lack of production of documents in response to dozens of document requests at issue in the earlier motion. Her current counsel immediately

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENTS
ABOUT DISCOVERY SANCTIONS

began evaluating outstanding discovery issues and working with Ms. Gregorini to complete her document production. Dkt. 144-9. Unfortunately, Ms. Gregorini had not been aware of the prior discovery order or her prior counsel's agreements about her document production. Dkt. 144-20.

While Ms. Gregorini and her counsel were working to complete document production Defendants filed a follow-on motion to compel Ms. Gregorini's compliance with the prior discovery order requiring document production. Dkt. 143. They also sought an order finding Ms. Gregorini in contempt and seeking broad discovery, evidentiary, and monetary sanctions against Ms. Gregorini personally. *See* Dkt. 144 at 99-100. As a result of the prior counsel's agreements to produce documents, and the timing of Ms. Gregorini's completion of production with her current counsel, the Court granted-in-part and denied-in-part Defendants' motion. Dkt. 155. Ms. Gregorini was ordered to complete production of certain documents, to sit for and pay the costs of her second deposition, produce a privilege log, and pay Defendants' reasonable attorney's fees for filing their motion. *Id.* The Court denied Defendants' request for more severe sanctions. *Id.* And Defendants agreed with the Court's decision. Dkt. 184 at 20:8-9.

Mr. Gregorini completed her document production and fulfilled the other requirements of the Court's discovery order. *See* Dkt. 184 at 11:20-14:18; 19:20-20:10. While the course of this discovery dispute was anything but straightforward, the parties moved forward to complete fact discovery, expert discovery, and dispositive motions consistent with the scheduling order.

## ARGUMENT

The Court should preclude any reference to discovery sanctions against Ms. Gregorini at trial under Federal Rules of Evidence 402 and 403. To start, the discovery sanctions are not relevant to any claim or defense at trial. "Evidence is relevant if (a) it has any tendency to make a fact more probable or less probable than

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENTS
ABOUT DISCOVERY SANCTIONS

it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts generally exclude evidence and argument about discovery sanctions from trial:

- *Pellegrini v. Gooder*, No. CV 11-6908, 2012 WL 12893745, at *1 (C.D. Cal. Dec. 6, 2012) (granting "Defendants' Motion in Limine No. 2 to exclude all references to the sanction previously imposed on the Defendants with regard to discovery disclosures" because it was "not relevant");

- *Green v. Baca*, 226 F.R.D. 624, 642 (C.D. Cal. 2005), order clarified, No. CV 02-204744, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) (excluding references to discovery violations without evidence of intentional wrongdoing as irrelevant and unfairly prejudicial);

- *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F. Supp. 3d 1327, 1331 (D. Colo. 2020) (excluding references to discovery sanctions because they were not relevant to any claim);

- *United States v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2023 WL 36174, at *8 (D. Minn. Jan. 4, 2023) (excluding evidence of past evidentiary sanctions as irrelevant).

Here, the jury will decide whether Defendants infringed Ms. Gregorini's copyright in *The Truth About Emanuel*. But the complicated saga of Ms. Gregorini's discovery efforts and Defendants' motions does not affect that issue. Indeed, no information on the timing of Ms. Gregorini's document production, her prior counsel's discovery efforts or illness, or the related discovery sanctions will aid the jury in determining any fact of consequence. Information about the discovery sanctions against Ms. Gregorini is irrelevant and thus inadmissible under Rule 402.

Nor could evidence of the discovery sanctions withstand the balancing analysis of Rule 403. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues,

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENTS
ABOUT DISCOVERY SANCTIONS

misleading the jury, undue delay, [or] wasting time[.]" Fed. R. Evid. 403. Injecting discussions of discovery sanctions against Ms. Gregorini into trial presents substantial danger on all those fronts.

Mention of discovery sanctions would risk significantly prejudicing the jury against Ms. Gregorini. Indeed, courts preclude reference to discovery sanctions that were meant "to put the parties back on as level a playing field as possible, not to afford one party a possible leg up at trial." *RCHFU,* 445 F. Supp. 3d at 1332; *Fluor Corp. v. Zurich Am. Ins.,* No. 4:16CV00429, 2021 WL 3021973, at *6 (E.D. Mo. July 16, 2021) (explaining that "[a]ny limited probative value of additional evidence and argument [about discovery sanctions] is outweighed by the risk of unfair prejudice"). Allowing discussion of sanctions would be an additional sanction that is not warranted under these circumstances. *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 216CV08962, 2019 WL 266970, at *6 (C.D. Cal. Jan. 15, 2019) (excluding references and evidence of the magistrate judge's discovery order imposing monetary sanctions for spoliation of evidence because it "would be improper to provide an additional remedy, in addition to the sanction awarded by the Magistrate Judge.").

Discussion of discovery sanctions also risks confusing the jury and wasting time at trial. *See Green,* 226 F.R.D. at 642 (excluding references to discovery violations without evidence of intentional wrongdoing as irrelevant and unfairly prejudicial). Indeed, any mention of the sanctions would need to be unpacked with an explanation of Ms. Gregorini's efforts over the course of discovery, as well as the unfortunate medical issues of her prior counsel that led to his death. Such a digression would result in mini retrials covering discovery processes that the jury would likely not understand, let alone need not decide. That would only confuse the jury, waste time, and delay the proceeding. As a result, any probative value of mentioning

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENTS
ABOUT DISCOVERY SANCTIONS

discovery sanctions is far outweighed by the risk of confusing and distracting the jury and unfairly prejudicing Ms. Gregorini.

## CONCLUSION

The issue for the jury to decide is whether Defendants infringed Ms. Gregorini's copyright in her film, *The Truth About Emanuel*. Nothing about that question turns on the outcome of Defendants' motion to compel Ms. Gregorini's document production or associated discovery sanctions. Ms. Gregorini thus requests that the Court preclude Defendants from presenting any evidence or arguments at trial relating the discovery sanctions and associated motions against her.

Dated: October 11, 2024                    ROBINS KAPLAN LLP


                                           By: */s/ Patrick M. Arenz*
                                           Patrick M. Arenz

                                           Attorneys for Plaintiff
                                           Francesca Gregorini

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

PLAINTIFF'S MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE AND ARGUMENTS
ABOUT DISCOVERY SANCTIONS

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | **CERTIFICATE OF COMPLIANCE** |
| v. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual; BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | Date:    November 15, 2024 Time:    2:00 P.M. Dept.:    Courtroom 2 |
| Defendants. | |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

The undersigned, counsel of record for Plaintiff Francesca Gregorini, certifies that this brief contains 5 pages, which complies with the page limit set by court order dated August 26, 2022.

Dated: October 11, 2024                                    ROBINS KAPLAN LLP


By: */s/ Patrick M. Arenz*
                                                          Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini