NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
CARL MAZUREK (*pro hac vice*)
  carlmazurek@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual; BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:20-cv-00406-SSS-JC <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2 REGARDING EXPERT TESTIMONY ABOUT PRIOR ART** <br><br> Date: November 15, 2024 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 2 |

## I. INTRODUCTION

Plaintiff seeks to prevent Defendants' substantial similarity expert Bob Gale from testifying about the numerous other works that have explored similar concepts and themes as Plaintiff's film *The Truth About Emanuel* ("*Emanuel*"). Plaintiff concedes that preexisting works are relevant to the substantial similarity analysis under well-established Ninth Circuit law, but seeks to exclude any evidence of them seemingly because Gale uses the term "prior art." At trial, Gale will explore decades of various works to demonstrate that many of the alleged similarities between *Emanuel* and *Servant* are based on unprotectable elements. For example, Defendants will show that a parent caring for a doll as if it were a real child has been explored in countless works since at least the 1883 novel *The Adventures of Pinocchio.* While the specific *expression* of that concept can be protectable, the premise itself is not, as Defendants intend to show.

Defendants should be permitted to demonstrate that many of the elements that Plaintiff claims were copied from *Emanuel* are unprotectable ideas, *scenes a faire*, generic elements, or facts. This analysis requires an assessment of preexisting works—or "prior art." This motion should be denied.

## II. PREEXISTING WORKS ARE HIGHLY RELEVANT TO THE SUBSTANTIAL SIMILARITY ANALYSIS

Gale will offer testimony about preexisting works that is highly relevant under the Ninth Circuit's extrinsic test, which requires filtering out unprotectable elements such as ideas, *scenes a faire*, generic elements, and facts. *See Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (similarities based on unprotectable elements must be filtered out prior to analysis under extrinsic test). Indeed, courts regularly look to prior works to assess whether claimed similarities are based on unprotectable elements. *See, e.g.*, *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1065 (C.D. Cal. 2010) (element unprotectable where it appeared in "[c]lassic movies such as *Sunset Boulevard*, as

well as contemporary favorites such as *American Beauty*"); *Basile v. Warner Bros. Ent.*, 2016 WL 5867432, at *6-7 (C.D. Cal. Jan. 4, 2016) (elements unprotectable where they were also found in *Star Wars* and in Superman films); *Evans v. McCoy-Harris*, 2019 WL 4284504, at *3 (C.D. Cal. May 9, 2019) (element unprotectable where it could be found in recent works including *Game of Thrones*, *The Marvelous Mrs. Maisel*, and *Superbad*); *Milano v. NBC Universal*, 584 F. Supp. 2d 1288, 1296 n. 5 (C.D. Cal. 2008) ("element [that] can be found in the prior art in 'Survivor' and 'The Weakest Link'" unprotectable).[1]

In light of these principles, motions to exclude substantial similarity expert opinions for relying on previous works are routinely denied. *See*, *e.g.*, *Woodall v. Walt Disney Co.*, 2024 WL 3191230, at *2 (C.D. Cal. May 22, 2024) (denying motion to exclude expert opinion that "referenced other works in opining that the alleged similarities in the parties' works identified by Plaintiff include unprotectable elements" and observing that "[c]ourts have found expert testimony regarding prior works would be helpful in determining whether certain elements are familiar stock scenes or scenes a faire which are not protectable"); *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1177 (N.D. Cal. 2014) (denying motion to exclude expert report that "cites to many previously published works to show that plot features, settings, and characters in [plaintiff's work] are not new or original as plaintiff suggests, but reflect themes that have appeared numerous times in the past").

Plaintiff does not cite a single case that rejects the validity of looking to preexisting works to determine whether elements of works are unprotectable —

---

[1] It is not clear whether Plaintiff's motion also seeks to preclude Gale from relying on works such as news reporting and documentaries to establish that certain elements are factual, and thus unprotectable. To the extent Plaintiff requests such relief, the motion should be denied as reliance on such works to identify unprotectable factual elements that must be filtered out of the substantial similarity analysis is entirely proper. *See*, *e.g.*, *Novak v. Warner Bros.*, 2008 WL 11411639, at *2-3 (C.D. Cal. Oct. 20, 2008) (considering reporting and documentary works to determine which elements of works were factual, and therefore unprotectable), *aff'd* 387 F. App'x 747 (9th Cir. 2010).

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2
4883-2802-6354v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

much less one that excludes an expert's testimony on that basis. Mot. at 4-6. Instead, she presses various criticisms of Gale's opinions that are more appropriate for cross-examination than the exclusion of his testimony. Gale's opinions are based on well-established and reliable principles, which Defendants should be allowed to present to the jury.

### A. Gale's Opinions Are Based on Reliable Principles

Defendants intend to offer testimony from Gale that many of the alleged similarities between the works are commonplace elements found in many prior works and thus unprotectable.[2] In his reports, for example, he opined that many elements Plaintiff claimed were copied from *Emanuel* are commonplace, having been explored in numerous other preexisting works. *See*, *e.g.*, Dkt. No. 272-15 ("Gale Rpt.") at 7, 10-13, 17,19, 29, 33, 36, 37; Dkt. No. 272-16 ("Gale Supplement") at 37, 40-41; Dkt. No. 240-17 ("Gale Rebuttal") at 4, 14, 16. He cited to the prior art described in his Supplement to support his determination that other elements were *scenes a faire*. *See* Gale Rpt. at 36, 37; Gale Supplement at 20 n.24, 41; Gale Rebuttal at 4, 16. And he relied on numerous articles and other reporting in concluding that using reborn dolls as a form of grief therapy is a real and widespread phenomenon. *See*, *e.g.*, Gale Rpt. at 28-29, 36; Gale Supplement at 10-13, 38; Gale Rebuttal at 16.[3]

These opinions are based on the Ninth Circuit's extrinsic test, which requires filtering out unprotectable elements such as ideas, *scenes a faire*, generic elements,

---

[2] Plaintiff's similarity expert did *not* assess preexisting works, even those specifically identified by Gale. Plaintiff's decision not to rebut Gale's opinions does not mean Gale should be precluded from presenting those opinions.

[3] Plaintiff suggests that Gale's testimony regarding prior art is unreliable because he did not review all prior art cited in his reports. Mot. at 2. In reality, Gale testified he watched the particularly relevant ones, some many times. *See*, *e.g.*, Ex. 2 at 165:19-166:25; 171:14-172:12. Of the over-200 works that Gale cited in his reports, there were only 10 that he testified he did not watch. And even for those, he reviewed the trailers. *See id.* at 151-155:15; 160:18-163:3; 165:4-24; 168:2-170:21; 171:14-172:21; 178:2-12.

3
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2
4883-2802-6354v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and facts. Importantly, other than criticizing his reliance on preexisting works, Plaintiff does not challenge Gale's analysis.

### B. Plaintiff's Motion Is Based on a Misapplication of *Scenes a Faire*

Plaintiff adopts an overly narrow interpretation of *scenes a faire* and then seeks to use that interpretation to preclude Gale's analysis of preexisting works. To begin with, this argument does not provide a basis for excluding Gale's testimony regarding preexisting works because Gale does not rely on such works only to identify *scenes a faire*; as explained above, he also uses them to identify generic and factual elements. *See supra*. But in any event, Plaintiff's argument runs contrary to established law. Contrary to her assertion, *scenes a faire* are not limited to elements that are absolutely indispensable or necessary to a particular genre or premise. *See* Mot. at 6-7. Rather, the concept also encompasses elements that *flow naturally* from a premise or genre. *See Cavalier*, 297 F.3d at 823 (*scenes a faire* are "situations and incidents that flow necessarily or naturally from a basic plot premise"). Gale analyzed numerous preexisting works in opining that many allegedly copied elements from *Emanuel* are *scenes a faire* in that they flow naturally from unprotectable ideas or a genre. These opinions were guided by Gale's analysis of these preexisting works, many of which featured similar elements as in *Emanuel*.

Plaintiff's motion does not actually dispute that prior art may be relevant to determining whether allegedly infringing elements are *scenes a faire*. Instead, she objects that Gale did not identify any works that are almost identical to those at issue in this case to support his conclusions. Mot. at 7 (criticizing Gale for failing to identify any "prior art reference [that] depicts a delusional mother who hires a baby-sitter or nanny to care for a reborn doll she believes is real"). Here again, Plaintiff does not point to a single instance of a court excluding expert testimony on a similar basis, and her argument boils down to a disagreement with Gale's

4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2
4883-2802-6354v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

conclusions that certain elements constitute *scenes a faire*. But disagreement with an expert's conclusions is not a basis for exclusion.

### C. Gale Should Be Entitled to Provide Context for His Opinions

It is both normal and appropriate for an expert to provide context for their opinions. In his reports, Gale references prior works to illustrate a number of concepts relating to his assessment of substantial similarity. For example, Gale discusses baseball films to demonstrate how similarities between works are not indicative of copying where they relate to common or expected elements that flow naturally from the genre. Gale Supplement at 4-5. He also provides a list of "twin films," explaining how these examples demonstrate that works' shared premises likewise are not necessarily indicative of one work having copied the other. *Id.* at 8; Dkt. No. 272-8. And he provides a comparison between *The Wizard of Oz* and *Star Wars* to show how plaintiffs can use a combination of abstraction and strategic word choice to create seemingly extensive "similarities" between very different works. *Id.* at 6, 35; Dkt. No. 272-9. Each of these examples is important context that will allow the jury to determine whether copying of protectable expression has occurred.

Plaintiff asks the Court to exclude Gale's testimony because his discussions of other works are "boilerplate" and do not directly reference *Emanuel* or *Servant*. Mot. at 8-9. But Gale's expert report is replete with references to both works. Moreover, Plaintiff does not provide a single example of a court excluding expert testimony because it refers to works other than the ones at issue to provide contextual information about the expert's analysis. To the contrary, for almost a century, courts have regularly discussed works other than those at issue in this way to illustrate the distinction between protectable and unprotectable elements. *See, e.g.*, *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930) (Shakespeare's *Twelfth Night*); *Reed-Union Corp. v. Turtle Wax, Inc.*, 77 F.3d 909, 914 (7th Cir. 1996) (Shakespeare's *Romeo and Juliet*); *Dunn v. Brown*, 517 F.

5
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2
4883-2802-6354v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Supp. 2d 541, 546 (D. Mass. 2007) (works by Hemingway, Melville, Hardy, Tolstoy, Joyce, and Dickens).  And at least one court specifically found Gale's comparison of *The Wizard of Oz* and *Star Wars* to be helpful in illuminating the way in which dissimilar works can be made to sound similar.  *See Dubay v. King*, 366 F. Supp. 3d 1330, 1343 (M.D. Fla. 2019), *aff'd*, 844 F. App'x 257 (11th Cir. 2021).

Plaintiff also criticizes the contextual information in Gale's report by suggesting it will cause juror confusion, waste time, create unfair prejudice, or constitute improper legal opinion.  Mot. at 8.  But she does not provide any support for any of these arguments.  Experts are entitled to explain complicated concepts in easy-to-understand ways, which is something that *helps* the jury understand the analysis.  And Gale's explanations do not constitute legal argument at all, but instead draw on his personal experience to provide the context for his opinions.[4]  This is entirely appropriate.

## D.  Gale's Use of the Term "Prior Art" Does Not Render His Analysis Unreliable

In conducting his detailed analysis of preexisting works, Gale sometimes refers to those works as "prior art."  Plaintiff seizes on Gale's use of this term to argue that it is a patent-law concept that has no application in a copyright case.  Mot. at 4.  But Gale is not referring to "prior art" in the patent sense—i.e., the argument that an invention is not patentable because it is not sufficiently distinct from prior inventions.  Indeed, Plaintiff ignores multiple copyright infringement cases where courts and experts have used this term in describing preexisting works.  *See, e.g.*, *Sound & Color, LLC v. Smith*, 2023 WL 6629205, at *11 (C.D. Cal. Sept. 6, 2023); *Smith v. Weeknd*, 2020 WL 4932074, at *6 (C.D. Cal. July 22, 2020), *aff'd*

---

[4] Notably, Plaintiff criticizes Gale for allegedly offering an improper legal opinion, but elsewhere suggests Gale *failed* to provide a legal analysis in connection with his opinions regarding *scenes a faire*.  *See* Mot. at 6-7.

6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2
4883-2802-6354v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*sub nom. Clover v. Tesfaye*, 2021 WL 4705512 (9th Cir. Oct. 8, 2021). As required by this Circuit's extrinsic test, Gale cites to previous works to show that specific elements of *Emanuel* are commonplace or otherwise unprotectable. Plaintiff's objection amounts to a confusion over terminology rather than a disagreement with Gale's analysis and provides no basis to exclude his testimony.[5]

### E. Gale Properly Assessed Whether Elements Were Commonplace

As part of his assessment as to which alleged similarities were based on unprotectable elements, Gale also opined that certain elements were commonplace. Once again attempting to seize on Gale's word choice rather than the substance of Gale's opinions, Plaintiff contends that Gale's use of the word "novel" renders his analysis suspect because copyright protection does not require novelty. Mot. at 5. But Gale specifically explained he was using the word "novel" as a shorthand for elements that were not "a stock element, conventional, [or] grows out of *scenes a faire*," which are unprotectable as a matter of law. *See* Ex. 2 at 234:2-12. He testified that certain stock or conventional elements appeared in numerous works and were generic.[6] This is entirely consistent with the extrinsic test, which requires the filtering out of such unprotectable elements. Moreover, Plaintiff does not

---

[5] Plaintiff takes a snippet of Gale's deposition testimony out of context to suggest that he assumed any element of *Servant* that existed in prior art could not factor into a substantial similarity analysis. *See* Mot. at 5. But the quoted passage says nothing of the sort; he merely states that if one work predates another, the earlier work cannot have copied from the later one.

[6] *See, e.g.*, Gale Rpt. at 7 ("mysterious stranger" concept unprotectable, citing to eleven works); *id.* at 10 (reborn doll not original, citing to seven works); *id.* at 11 (people treating dolls as real babies unprotectable, citing to seven works; *cf. id.* at 17, referring back to discussion on p. 11); *id.* at 12-13 (babysitter or nanny who is not what she seems and/or who has her own agenda unprotectable, citing to nine works); *id.* at 13 (babysitter or nanny who uncovers secret about her employer unprotectable, citing to three works); *id.* at 19 (women loaning clothes to friends or proteges not original, citing to five works); Gale Supplement at 35 (teenaged babysitters or nannies that have brown hair, blue eyes, and are attractive unprotectable; *cf. id.* at 19, 20, 21, 23, 28, 30, 31, 32, 33, identifying nine works in which a nanny or babysitter shares one or more of those characteristics); *id.* at 20 n.24, 41 (wooden staircases unprotectable *scenes a faire* for Victorian houses and haunted house tales; *cf. id.* at 20-23, 26, 28-34 identifying twelve works featuring wooden staircases).

7
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2
4883-2802-6354v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

identify a single element that she contends Gale improperly filtered out based on an alleged misapplication of "novelty." As with "prior art," Gale's word choice of "novel" does not render his assessment of preexisting works unreliable.

### III.   CONCLUSION

Under well-established Ninth Circuit precedent, preexisting works are relevant to the extrinsic test in that they can shed light on what elements are protectable or unprotectable. Plaintiff's motion to prevent Defendants' substantial similarity expert from providing this testimony should be denied.

DATED: October 25, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
CARL MAZUREK

By:   /s/ Nicolas A. Jampol
      Nicolas A. Jampol

Attorneys for Defendants

8
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #2
4883-2802-6354v.1 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899