NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
CARL MAZUREK (*pro hac vice*)
  carlmazurek@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800
Fax:  (213) 633-6899

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>              Plaintiff,<br><br>    vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual; BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4 REGARDING THE MEDIA**<br><br>Date:     November 15, 2024<br>Time:    2:00 p.m.<br>Dept.:    Courtroom 2 |

## I. INTRODUCTION

Plaintiff's motion to exclude all evidence of "media coverage about this litigation" is another attempt to prevent the jury from hearing evidence that Plaintiff made false statements about the origin of her film *The Truth About Emanuel* ("*Emanuel*"). As Defendants explained during the parties' meet and confer, they do not intend to rely generally on independent third-party reporting about the case, but instead intend to focus on Plaintiff's own false statements to the press about the origin of *Emanuel*. As explained in Defendants' oppositions to Plaintiff's motion in limine #3 and #5, Defendants do intend to present evidence that Plaintiff consistently misrepresented the origin of *Emanuel* to the Copyright Office, Defendants, and the press.

In particular, Defendants will show that one of Plaintiff's many misstatements about the origin of *Emanuel* was to *The Atlantic*, which repeated Plaintiff's false assertion that it was Plaintiff who created the story. In reality, it was Plaintiff's former friend Sarah Thorp who created the story on which *Emanuel* is based, as Plaintiff herself admitted. Evidence of Plaintiff's false statements to the media and others about the origin and ownership of *Emanuel* goes to the heart of Defendants' arguments concerning Plaintiff's invalid copyright registration, her unclean hands, and her credibility as a witness.

Defendants should be permitted to present this evidence of Plaintiff's misrepresentations because they are material to Defendants' defenses in this case.

## II. DEFENDANTS SHOULD BE PERMITTED TO PRESENT EVIDENCE OF PLAINTIFF'S PRIOR STATEMENTS

Plaintiff's misstatements about the origin of *Emanuel* are highly relevant to several of Defendants' defenses and to Plaintiff's credibility more broadly. Moreover, while this evidence is harmful to Plaintiff, it is not *unfairly prejudicial*. It is admissible, highly relevant, and should be allowed.

1
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4
4858-4889-9056v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### A. Plaintiff's Misrepresentations Are Highly Relevant

Plaintiff's misrepresentations to the media and other individuals in connection with her attempts to promote her lawsuit against Defendants are relevant to show Plaintiff's pattern of deception regarding the origin of *Emanuel*. This evidence supports Defendants' argument that Plaintiff has unclean hands in that she pretended she created the story underlying *Emanuel* and accused Defendants of copying that story, when, in fact, it was Plaintiff who took that story from Thorp and has since tried to cover it up. It also bears directly on Plaintiff's credibility in that it demonstrates that she is willing to misrepresent and mislead as to foundational information about the allegedly infringed work in this case.

In her attempt to make her motion seem like a routine motion in limine to exclude media coverage, Plaintiff falsely contends that the media "reacted" when she filed this lawsuit and that "[a]s media contacted Ms. Gregorini, she responded to several requests for an interview or comment." Dkt. No. 270 at 2. In reality, Plaintiff did more than merely "respond" to media requests—she orchestrated them. Defendants intend to show that *The Atlantic* did not "react" to her lawsuit, it reported on an interview that Plaintiff and her public-relations firm coordinated so that it could come out on the same day as the filing of the complaint. And in that interview with *The Atlantic*, Plaintiff pushed the false narrative that *she* created the story on which *Emanuel* is based. *See* Dkt. No. 272-18 ("*The Atlantic* Article") (writing that Plaintiff "pulled the story from her own grief over her inability to conceive a child"). Plaintiff knew, however, that it was Thorp who actually created the story on which *Emanuel* is based. This evidence is highly relevant to Plaintiff's misstatements to the Copyright Office, her credibility, and Defendants' unclean hands defense.

Plaintiff mischaracterizes the cases she relies on for the proposition that courts "regularly exclude evidence about media coverage of a case." Dkt. No. 270 at 5. In *Fernandez v. Taser International*, the court perfunctorily granted a motion

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4
4858-4889-9056v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in limine to exclude evidence of media coverage because it was an *unopposed* request. 2008 WL 4775779, at *2, *5 (N.D. Cal. Oct. 27, 2008). Plaintiff's reliance on *Miller ex rel. Miller v. Ford Motor Co.,* is also unavailing. There, the court granted a motion in limine precluding evidence of general media coverage of the case, partly because it was irrelevant and plaintiff did not "seek to admit specific items" from this media coverage. 2004 WL 4054843, at *16-17 (M.D. Fla. July 22, 2004). Unlike *Miller*, Plaintiff's misrepresentations about the origin of *Emanuel* are highly relevant and Defendants seek to present specific evidence regarding *The Atlantic* article and communications about Plaintiff's attempts to garner coverage based on a false version of events. *See, e.g.*, Dkt. No. 272-17 ("Exhibit R"); Dkt. No. 272-24 ("Exhibit Y") (communications reflecting Plaintiff's attempts to garner attention for the lawsuit by asking her personal and professional network to publicly post prewritten misleading statements about *Emanuel*).

While Defendants are not seeking to introduce independent reporting about this case, Plaintiff's misrepresentations to the media *are* highly relevant and should be allowed.[1]

### B.   This Evidence Is Not Unfairly Prejudicial

Plaintiff also contends that evidence about her misrepresentations to the media would be unfairly prejudicial, but she provides no meaningful explanation for why evidence of Plaintiff's prior statements would be *unfair*. Dkt. No. 270 at 3; *see Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 946 (C.D. Cal. 2014) (explaining that "'[u]nfair prejudice' as used in Rule 403 is not to be equated with testimony [or evidence] simply adverse to the opposing party. Virtually all evidence is prejudicial, or it isn't material. The prejudice must be

---

[1] Plaintiff vaguely references Defendants' reaction to the litigation as "colder and more muted," Dkt. No. 270 at 3, which simply means that, unlike Plaintiff, Defendants did not make public statements about the litigation, and certainly did not make *false* statements about the litigation.

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4
4858-4889-9056v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

'unfair.'") (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977)) (second alteration added). What would be unfair in this case is to prevent the jury from hearing about Plaintiff's consistent pattern of knowingly misrepresenting the origin of *Emanuel*, particularly to the extent Plaintiff intends to testify regarding this topic at trial.

Plaintiff relies on *Rauda v. City of Los Angeles*, Dkt. No. 270 at 4, but that case supports Defendants' position that a party's false or inconsistent statements to the media can be introduced at trial. 2010 WL 11549632, at *11-12 (C.D. Cal. Feb. 22, 2010). While the court granted defendants' motion in limine to preclude plaintiff from presenting news articles about the case, the *Rauda* court found that "evidence regarding quotes made by the LAPD through the media is admissible for impeachment purposes in the event inconsistent statements are made at trial." *Id.* Plaintiff's reliance on *Miami Valley Fair Housing Center v. Connor Group*, 2014 WL 1818586 (S.D. Ohio May 7, 2014), and *Thompson v. Hamp*, 2017 WL 1393589 (N.D. Miss. Apr. 18, 2017), fares no better since, unlike here, the opposing party in both cases sought to broadly introduce evidence of news coverage about the litigation as opposed to statements made by a party to the media concerning facts at issue in the case. *See* Dkt. No. 270 at 4.

Plaintiff's purported concern that this evidence will lead to "unnecessary digressions" because Plaintiff will have to "present counter-evidence" is misplaced. Dkt. No. 270 at 4. Beyond the fact that presenting evidence and counter-evidence is the purpose of trial, to the extent Plaintiff has an innocent explanation as to why she falsely claimed to have created the story on which *Emanuel* is based, she likely will want to provide that explanation. Moreover, as explained at multiple meet-and-confers with Plaintiff's counsel, Defendants do not seek to introduce a "cherry-picked presentation of unfavorable media reports" (Dkt. No. 270 at 4), but rather the evidence showing Plaintiff's false statements to the media.

4
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4
4858-4889-9056v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III. CONCLUSION

Plaintiff's misrepresentations to the media and their reporting on those misrepresentations are highly relevant and not unfairly prejudicial. Plaintiff's motion should be denied.

DATED: October 25, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
CARL MAZUREK

By: /s/ Nicolas A. Jampol
       Nicolas A. Jampol

5
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #4
4858-4889-9056v.2 0113237-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899