NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
CARL MAZUREK (*pro hac vice*)
  carlmazurek@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>    Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #5 REGARDING DISCOVERY SANCTIONS**<br><br>Date:    November 15, 2024<br>Time:    2:00 p.m.<br>Dept.:   Courtroom 2 |

## I.   INTRODUCTION

Plaintiff's motion to preclude Defendants from even "referencing" discovery sanctions in this case is another attempt to conceal evidence about her misconduct regarding her former friend Sarah Thorp. Even though Plaintiff privately agreed that *The Truth About Emanuel* ("*Emanuel*") is based on a story created by Thorp, Plaintiff has done everything she can to misrepresent and mislead about the origin of *Emanuel*. This includes Plaintiff's conduct in discovery, during which Plaintiff failed to produce a single document with or about Thorp until Defendants obtained those documents directly from Thorp. Even worse, Plaintiff continued to withhold responsive documents about Thorp until the Magistrate Judge ordered Plaintiff to produce them and awarded Defendants their attorneys' fees for having to bring a motion to compel Plaintiff's compliance with her discovery obligations. Dkt. 155. Evidence about Plaintiff's improper withholding of documents represents one of multiple different ways that Plaintiff attempted to conceal Thorp's contributions to *Emanuel*. This pattern of concealment is highly relevant to Defendants' defenses, including that Plaintiff's misrepresentations about Thorp to the Copyright Office render her registration invalid and that Plaintiff has unclean hands.

Plaintiff's motion vaguely requests the exclusion of all evidence about any discovery sanction (and related motions) without actually identifying any particular sanction at issue. Plaintiff cannot use a vague request like this to prevent Defendants from showing how Plaintiff misrepresented the origin of her work during discovery. Defendants do not intend to proffer evidence of Plaintiff's discovery conduct in general, apart from the specific misconduct that is relevant to Defendants' defenses in this case. In particular, Defendants intend to show that Plaintiff made false allegations in her complaint and interrogatory responses regarding the origin of *Emanuel*, and that Plaintiff concealed documents about Thorp until the Court ordered Plaintiff to disclose them. Plaintiff's motion should be denied.

1

## II. PLAINTIFF'S EFFORTS TO CONCEAL THORP DURING DISCOVERY IS RELEVANT

Plaintiff's discovery misconduct and resulting sanction are relevant to her efforts to conceal Thorp's contributions to *Emanuel* and to Plaintiff's credibility. Plaintiff repeatedly failed to produce relevant communications with Thorp in response to multiple discovery requests (while claiming she had done so), and issued sworn discovery responses falsely stating that Plaintiff alone came up with the idea for *Emanuel*. It was only after Plaintiff learned Defendants had subpoenaed and received documents from Thorp directly that Plaintiff finally produced her own communications with Thorp. And even then, Plaintiff continued to improperly withhold certain documents regarding Thorp for months, until the Magistrate Judge ordered Plaintiff to produce all responsive documents. Dkt. 155.

As explained in Defendants' opposition to Plaintiff's Motion in Limine #3, filed concurrently with this opposition, Plaintiff's misrepresentations regarding Thorp are highly relevant to multiple of Defendants' defenses. Plaintiff's improper withholding of responsive documents about Thorp highlights the lengths to which Plaintiff has gone to conceal the origin of *Emanuel*. It also bears directly on Plaintiff's credibility. *See, e.g.*, *Sephora USA, Inc. v. J.B. Hunt Transp.*, 2013 WL 5592912, at *4 (N.D. Cal. Oct. 10, 2013) ("credibility determinations are the traditional province of the jury").

Plaintiff's request to exclude any and all references to any sanction for Plaintiff's discovery misconduct is unwarranted. Depending on the case, a party's conduct during the discovery process can certainly be relevant, and in those circumstances courts routinely deny requests for "blanket" exclusions like the one that Plaintiff seeks here. *See, e.g.*, *Stone Brewing Co. v. Millercoors LLC*, 2021 WL 63139, at *6 (S.D. Cal. Jan. 7, 2021) ("[C]ourts in this Circuit have found that evidence of discovery disputes and misconduct 'may be probative of willfulness, and as such, a broad limitation is unwarranted' in a motion in limine."); *Corning*

2
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #5
4856-7677-9502v.2 0113237-000003

*Optical Commc'ns Wireless v. Solid, Inc.*, 2015 WL 5569095, at *2 (N.D. Cal. Sept. 22, 2015) (denying motion in limine to exclude evidence of discovery disputes and misconduct).  This is precisely the case here, where Plaintiff's numerous representations about the origin of *Emanuel* are directly contradicted by discovery she failed to timely disclose, highlighting Plaintiff's efforts to conceal Thorp's contributions to *Emanuel*.

Plaintiff cites several cases where courts granted motions in limine to exclude evidence of discovery sanctions from trial, but those cases presented unique circumstances not present here.  *See Pellegrini v. Gooder*, 2012 WL 12893745, at *1 (C.D. Cal. Dec. 6, 2012) (granting motion where "Plaintiff has not identified how this evidence is relevant"); *Green v. Baca*, 226 F.R.D. 624, 642 (C.D. Cal. 2005) (final ruling regarding discovery sanctions not yet issued), *order clarified*, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005); *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F. Supp. 3d 1327, 1332 (D. Colo. 2020) ("discovery violations were not made in bad faith" and "do not demonstrate continued or repeated bad behavior"); *United States v. Cameron-Ehlen Grp., Inc.*, 2023 WL 36174, at *8 (D. Minn. Jan. 4, 2023) (defendants did not oppose the United States' motion to exclude evidence of discovery sanctions).

The unique facts and circumstance of *this* case require that Defendants be allowed to use relevant evidence of Plaintiff's discovery misconduct, in particular that Plaintiff concealed Thorp's contributions throughout discovery until the Court ordered otherwise (and, in connection with that order, sanctioned Plaintiff).

## III. EVIDENCE ABOUT PLAINTIFF'S DISCOVERY CONDUCT IS NOT UNFAIRLY PREJUDICIAL OR CONFUSING

The probative value of the relevant evidence discussed above is not substantially outweighed by any risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time."  Fed. R. Evid. 403.  "'Relevant evidence is inherently prejudicial; but it is only unfair prejudice,

substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.'" *Marez v. Bassett*, 2011 WL 13213813, at *1 (C.D. Cal. Oct. 3, 2011) (citation omitted). Here, Defendants do not seek to indiscriminately "[i]nject[] discussions of discovery sanctions" against Plaintiff into trial, or to "double sanction" Plaintiff, as her motion suggests. Dkt. 271 at 4. Rather, Plaintiff's discovery conduct is highly relevant to specific arguments that the parties intend to make at trial, and which the jury should be allowed to hear.

## IV. CONCLUSION

Plaintiff's discovery conduct is relevant and admissible. The Court should deny this motion.[1]

DATED: October 25, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
CARL MAZUREK

By:  /s/ Nicolas A. Jampol
         Nicolas A. Jampol

Attorneys for Defendants

---

[1] While not expressly argued in Plaintiff's motion, Plaintiff has made clear that she intends to seek the exclusion of evidence that the Magistrate Judge rejected her attempt to obtain discovery regarding her previously abandoned indirect profits theory including financial documents about Seasons 2-4 of Defendants' series *Servant*. Dkt. 155; *see also* Dkt. 180 (Defendants' Motion for Summary Judgment); Dkt. 273 (Defendants' Motion in Limine #1). While the Magistrate Judge's order was not a sanction, and thus not at issue in this motion, Defendants raise this point to ensure that any order on this motion is not broader than the relief Plaintiff seeks.