NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
CARL MAZUREK (*pro hac vice*)
  carlmazurek@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| vs. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | Pretrial conference:  November 22, 2024<br>Trial:                       December 9, 2024 |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................... 1

II.  CLAIMS AND DEFENSES ........................................................... 2

    A.  Plaintiff's Claims ................................................................. 2

        1.  Claim 1: Direct Copyright Infringement Regarding Episodes 1-3 of *Servant* (against all Defendants) .................... 2

        2.  Claim 2: Direct Copyright Infringement Regarding "Early *Servant* Script" (against Tony Basgallop and Jason Blumenthal) ................................................................ 8

        3.  Claim 3: Direct Copyright Infringement Regarding "Later *Servant* Script" (against all Defendants except Apple) ............. 9

        4.  Claim 4: Contributory and Vicarious Copyright Infringement Regarding Episodes 1-3 of *Servant* (against all Defendants) ........................................................... 10

        5.  Damages (against all Defendants) ........................................ 12

    B.  Defendants' Affirmative Defenses ....................................... 13

        1.  Tenth Affirmative Defense: Independent Creation ................. 13

        2.  Sixteenth Affirmative Defense: Unclean Hands ................... 14

    C.  Anticipated Evidentiary Issues ........................................... 15

    D.  Identification of Issues of Law .......................................... 18

        1.  Burden of Proof .................................................................. 18

        2.  Damages ............................................................................ 19

        3.  Legal Issues Raised by Pending Motions .............................. 19

        4.  Plaintiff's Requested Remedy of Defendants' Profits Is Triable to the Court ......................................................... 21

III.  BIFURCATION ........................................................................ 23

IV.  PLAINTIFF HAS REQUESTED A JURY TRIAL .......................... 25

V.  DEFENDANTS' ATTORNEYS' FEES ARE POTENTIALLY RECOVERABLE ....................................................................... 25

VI.  ABANDONED CLAIMS OR ISSUES ......................................... 25

VII.  OTHER PENDING MOTIONS .................................................. 26

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Art Attacks Ink v. MGA Ent.*,
  581 F.3d 1138 (9th Cir. 2009) ............................................................................. 3

*Bates v. United Parcel Service*,
  204 F.R.D. 440 (N.D. Cal. Nov. 1, 2001) ........................................................ 24

*Christian v. Mattel*,
  286 F.3d 1118 (9th Cir. 2002) .......................................................................... 21

*Danjaq v. Sony*,
  263 F.3d 942 (9th Cir. 2001) ...................................................................... 21, 22

*Daubert v. Merrell Dow Pharm.*,
  509 U.S. 579 (1993) ......................................................................... 15, 16, 20

*Dos Santos v. Telemundo Comm's Grp.*,
  2012 WL 9503003 (C.D. Cal. Dec. 19, 2012) .................................................. 25

*Fahmy v. Jay-Z*,
  2015 U.S. Dist. LEXIS 139298 (C.D. Cal. Oct. 9, 2015) ..................... 22, 23, 24

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ............................................................................................. 2

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
  778 F.3d 1059 (9th Cir. 2015), *cert. denied*, 577 U.S. 957 (2015) .................. 22

*Fuddruckers v. Doc's B.R. Others*,
  826 F.2d 837 (9th Cir. 1987) ........................................................................... 14

*Gable v. Land Rover N. Am., Inc.*,
  2011 WL 3563097 (C.D. Cal. July 25, 2011) ................................................... 23

*Gilbert-Daniels v. Lions Gate Ent.*,
  2023 WL 8948288 (C.D. Cal. Dec. 7, 2023) ...................................................... 4

*Loomis v. Cornish*,
  836 F.3d 991 (9th Cir. 2016) .............................................................................. 4

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*M2 Software, Inc. v. Madacy Entm't*,
    421 F.3d 1073 (9th Cir. 2005) .......................................................................... 23

*Mackie v. Rieser*,
    296 F.3d 909 (9th Cir. 2002) ........................................................................... 12

*MDY Indus. v. Blizzard Ent.*,
    629 F.3d 928 (9th Cir. 2010), *as amended on denial of reh'g* (Feb. 17,
    2011) ..................................................................................................................... 10

*Metro-Goldwyn-Mayer Studios v. Grokster*,
    545 U.S. 913 (2005) ........................................................................................... 11

*Perfect 10 v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ........................................................................... 10

*Petrella v. MGM, Inc.*,
    572 U.S. 663 (2014) ........................................................................................... 22

*Polar Bear Prods. v. Timex Corp.*,
    384 F.3d 700 (9th Cir. 2004) ................................................ 12, 19, 20, 21

*Pom Wonderful v. Welch Foods*,
    2010 WL 4794235 (C.D. Cal. Nov. 18, 2010), *aff'd*, 468 F. App'x 688
    (9th Cir. 2012) .................................................................................................... 24

*Rearden LLC v. Walt Disney Co.*,
    2023 WL 9187385 (N.D. Cal. Dec. 14, 2023) .............................................. 22

*Rentmeester v. Nike, Inc.*,
    883 F.3d 1111 (9th Cir. 2018) ................................................................... 5, 13

*Satava v. Lowry*,
    323 F.3d 805 (9th Cir. 2003) ............................................................................. 4

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
    952 F.3d 1051 (9th Cir. 2020) ...................................................................... 3, 4

*Unicolors v. H&M Hennes & Mauritz*,
    52 F.4th 1054 (9th Cir. 2022) ........................................................................... 3

*Williams v. Gaye*,
    895 F.3d 1106 (9th Cir. 2018) ........................................................................... 4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Zahedi v. Miramax, LLC*,
    2021 WL 3260603 (C.D. Cal. Mar. 24, 2021) ........................................ 23

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ............................................................. 23

**Statutes**

17 U.S.C. § 410 ............................................................................................. 5

17 U.S.C. § 411 ............................................................................................. 3

17 U.S.C. § 504 ............................................................................. 12, 19, 21

17 U.S.C. § 505 ........................................................................................... 25

**Rules**

Fed. R. Civ. P. 42 ........................................................................................ 23

Fed. R. Evid. 401 .................................................................................. 15, 16

Fed. R. Evid. 402 .................................................................................. 15, 16

Fed. R. Evid. 403 .................................................................................. 15, 16

Fed. R. Evid. 408 ........................................................................................ 18

Fed. R. Evid. 702 .................................................................................. 15, 16

**Constitutional Provisions**

U.S. Const. amend. VII ............................................................................... 22

**Other Authorities**

Manual of Model Civil Jury Instructions for the Ninth Circuit (2017)
    § 17.1 ............................................................................................... 5, 13
    § 17.18 ................................................................................................... 3
    § 17.20 ................................................................................................. 11
    § 17.21 ................................................................................................. 10
    § 17.32 ........................................................................................... 12, 19
    § 17.34 ................................................................................................. 12
    § 17.5 ..................................................................................................... 2
    § 17.6 ..................................................................................................... 3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4, defendants Blinding Edge Pictures, Inc. ("Blinding Edge"), Uncle George Productions, LLC ("Uncle George"), Apple Inc. ("Apple"), Escape Artists, Inc. (erroneously sued as Escape Artists LLC) ("Escape Artists"), Dolphin Black Productions ("Dolphin Black"), M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") submit the following memorandum of contentions of fact and law.

## I.    INTRODUCTION

Plaintiff Francesca Gregorini alleges that Episodes 1-3 of Defendants' television series *Servant* infringe her purported copyright to the 2013 film *The Truth About Emanuel* ("*Emanuel*"). More than four years ago, the District Court dismissed Plaintiff's lawsuit on the grounds that the works were not substantially similar as a matter of law. Dkt. 39. While the Ninth Circuit reversed that decision to allow Plaintiff an opportunity to conduct discovery, neither expert nor fact discovery uncovered any evidence supporting Plaintiff's wide-ranging accusations against Defendants. In reality, the creators of *Servant* never had access to *Emanuel*, and they created *Servant* without any knowledge of or reliance on *Emanuel*. Indeed, Tony Basgallop began to write versions of what became *Servant* almost a decade before *Emanuel* was conceived.

Defendants intend to establish that Plaintiff's direct and secondary copyright infringement claims against the eleven Defendants fail for multiple independent reasons, including Plaintiff's lack of a valid copyright registration due to her knowing material misstatements to the Copyright Office regarding the origin of *Emanuel*; Plaintiff's failure to establish that the creators of *Servant* had access to *Emanuel*; the absence of substantial similarity between the works at issue; Plaintiff's failure to establish her secondary liability theories; and Plaintiff's failure to establish entitlement to any direct or indirect profits received by Defendants. In

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

addition, Defendants will prove their independent creation of *Servant*, as well as Plaintiff's unclean hands.

At the parties' Local Rule 16-2 conference, Plaintiff's counsel suggested that Plaintiff plans to narrow her case before trial, for example, by dropping certain of the eleven defendants and/or claims. Plaintiff has not yet provided any further information regarding this alleged narrowing in advance of this memorandum, requiring Defendants to address each claim as pled in her First Amended Complaint ("FAC").[1]

## II.    CLAIMS AND DEFENSES

### A.    Plaintiff's Claims

Plaintiff's FAC, Dkt. 25, alleges the following claims:

#### 1.    Claim 1: Direct Copyright Infringement Regarding Episodes 1-3 of *Servant* (against all Defendants)

**Summary**: Plaintiff claims all Defendants infringed her copyright in *Emanuel* (Registration No. PA 2-213-169) by "preparing an unauthorized derivative work" in Episodes 1-3 of *Servant*, and by "producing, distributing, streaming, and transmitting" those episodes.

**Elements**: To prevail on this claim, Plaintiff must prove by a preponderance of the evidence that:

1.  Plaintiff owns a valid copyright; and
2.  Each Defendant copied protected expression from the copyrighted work.

Ninth Circuit Manual of Model Jury Instructions § 17.5 (2017, last updated June 2024) ("Ninth Circuit Jury Instructions"); *see also Feist Publ'ns, Inc. v. Rural Tel.*

---

[1] Defendants moved to continue the Final Pretrial Conference and trial to January 24 and February 10, 2025, respectively. Dkt. 289. That motion is set for hearing on November 15, 2024. *Id.*

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Serv. Co.,* 499 U.S. 340, 361 (1991); *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).

The first prong, ownership, requires Plaintiff to prove by a preponderance of evidence that:

1. Plaintiff's work is original; and
2. Plaintiff is the author or creator of the work and/or received a transfer of the copyright.

Ninth Circuit Jury Instructions § 17.6.

Only parties with valid copyright registrations may initiate infringement lawsuits. 17 U.S.C. § 411(a). A registration is invalid where "(1) the registrant submitted a registration application containing inaccuracies, (2) the registrant knew that the application failed to comply with the requisite legal requirements, and (3) the inaccuracies in question were material to the registration decision by the Register of Copyrights." *Unicolors v. H&M Hennes & Mauritz*, 52 F.4th 1054, 1067 (9th Cir. 2022).

The second prong, copying of protected expression, has two distinct components: "copying" and "unlawful appropriation." *Skidmore*, 952 F.3d at 1064.

For the "copying" component: in the absence of direct evidence of copying, which is the case here, Plaintiff must prove copying circumstantially by a preponderance of evidence that:

1. Each Defendant had access to the allegedly infringed work, here *Emanuel*, and;
2. The works share similarities probative of copying.

*Id.*

For access, Plaintiff must show that each Defendant who contributed allegedly infringing content to *Servant* had a "reasonable opportunity" to view *Emanuel*. Ninth Circuit Jury Instructions § 17.18; *Art Attacks Ink v. MGA Ent.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Demonstrating "merely a bare possibility" of

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

access does not suffice. *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). Where Plaintiff cannot demonstrate direct evidence of access, she can circumstantially prove access by either (a) establishing a chain of events linking *Emanuel* and the creators of *Servant* Episodes 1-3; or (b) showing that *Emanuel* has been widely disseminated. *Id.* at 995.

For "similarities probative of copying," this type of "probative or striking" similarity shows that similarities are due to "copying rather than … coincidence, independent creation, or prior common source." *Gilbert-Daniels v. Lions Gate Ent.*, 2023 WL 8948288, at *8 (C.D. Cal. Dec. 7, 2023) (quoting *Skidmore*, 952 F.3d at 1064). This analysis is "distinct" from the substantial similarity analysis relevant to unlawful appropriation. *Id.*

In addition to "copying," Plaintiff must show Defendants "unlawfully appropriat[ed]" her work. To do so, she must demonstrate that *Emanuel* and Episodes 1-3 of *Servant* share "*substantial* similarities … in protectable expression." *Skidmore*, 952 F.3d at 1064 (emphasis in original). Plaintiff must satisfy both an "extrinsic test" and an "intrinsic test" to support a substantial similarity finding. *Id.* The "extrinsic test" compares the "objective similarities of specific expressive elements in the two works," such as plot, themes, dialogue, mood, setting, pace, characters, and sequence of events. *Id.* Only substantial similarity in "protectable expression" suffices. *Id.* If the extrinsic test is satisfied, Plaintiff must then prevail on the intrinsic test. The intrinsic test is a subjective comparison that focuses on whether the "ordinary, reasonable person" would find the "total concept and feel of the works to be substantially similar." *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018) (citation omitted). A combination of unprotectable elements is only eligible for copyright protection if those elements are "numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Independent creation is a "complete defense to copyright infringement" that
requires Defendants to show they created the allegedly infringing works
"independently, without knowledge of or exposure to the plaintiff's work."
*Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018); *see also* Ninth
Circuit Jury Instructions § 17.1 ("There is no copyright infringement when [the
defendants independently created the challenged work].").

**Key Evidence in Opposition to Claim**: Defendants will introduce the
following categories of evidence establishing that *Servant* Episodes 1-3 does not
infringe *Emanuel*:

- *Ownership*: Discovery revealed that Plaintiff misappropriated a story
conceived of by her close friend Sarah Thorp to write *Emanuel*. Following a
dispute between Plaintiff and Thorp, they agreed that *Emanuel* was based on
Thorp's story, Thorp retained full ownership of that story, and Plaintiff would
receive a non-exclusive license to use the story in *Emanuel* in exchange for a "story
by" credit for Thorp. Despite this private agreement, Plaintiff made knowingly
false representations to the Copyright Office, rendering her registration invalid.[2]
Evidence will include: Plaintiff's copyright application and registration for *Emanuel*
in which she states *Emanuel* is not based on any existing work; Plaintiff's
correspondence with the U.S. Copyright Office regarding *Emanuel*'s authorship
misrepresenting that all parts were works for hire; communications between
Plaintiff and Sarah Thorp regarding the story owned by Thorp on which *Emanuel*
was based; draft and executed agreements between Plaintiff and Thorp regarding
the ownership of *Emanuel* and Thorp's story; Plaintiff's responses to interrogatories
regarding *Emanuel*'s creation and copyright; Plaintiff's efforts to conceal

---

[2] *Emanuel*, Registration No. PA 2-213-169, has a first publication date of
January 10, 2014 and a registration date of November 20, 2019. Because Plaintiff's
registration was issued more than five years after publication, her certificate is not
entitled to any presumption of validity. 17 U.S.C. § 410(c).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Emanuel*'s origin; testimony from Thorp regarding her story and related draft and executed agreements with Plaintiff; testimony from Plaintiff regarding *Emanuel*'s authorship, Thorp's story, draft and executed agreements with Thorp, and her copyright registration; and testimony from Plaintiff's proffered substantial similarity expert, David Román, regarding the elements of Thorp's story present in *Emanuel*.

- *Access*: Documentary and testimonial evidence demonstrating that Defendants did not have access to Plaintiff's works, including, but not limited to: theatrical box office receipts for *Emanuel*; iTunes transactional information for *Emanuel*; communications and testimony from Plaintiff and potentially Olivia Blaustein and/or Ashley Holland regarding Plaintiff's purported director submission to *Berlin Station*; testimony from Basgallop, Richard Gold, and Brad Winters regarding the *Berlin Station* director selection process; testimony from Plaintiff's proffered industry expert Ellen Pittleman regarding M. Night Shyamalan's likely lack of exposure to *Emanuel* and its minimal reach; testimony from Defendants' industry expert Marci Wiseman regarding *Emanuel*'s minimal reach and Defendants' lack of exposure; communications and scripts reflecting the dates of creation of and dissemination of *Servant* Episodes 1-3 of Season 1; communications and testimony reflecting each Defendant's respective role, if any, in creating *Servant* Episodes 1-3 of Season 1; testimony from Defendants regarding their lack of access to *Emanuel*; and an absence of documentary evidence that Defendants ever viewed or discussed *Emanuel*.

- *Substantial Similarity*: Documentary and testimonial evidence demonstrating that Episodes 1-3 of *Servant* are not substantially similar to *Emanuel*, including, but not limited to: the works at issue; testimony from Defendants and others who worked on elements of *Servant* regarding the content of Episodes 1-3 of *Servant* and the sources of inspiration for various elements, as well as Shyamalan's use of the allegedly infringing cinematographic techniques in prior films;

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

documentary and testimonial evidence regarding unprotectable elements that cannot be claimed by Plaintiff; documentary and testimonial evidence regarding elements in the work that are ideas and concepts, stock and generic elements, facts, and *scenes-a-faire*; testimony of Defendants' substantial similarity expert Bob Gale regarding the works' lack of substantial similarity, application of the extrinsic test, ideas and concepts, stock and generic elements, facts, and *scenes-a-faire*, comparison of the works' plots, sequences of events, characters, dialogue, themes, setting, moods, and paces, and the selection and arrangement of elements; testimony from Plaintiff's proffered substantial similarity expert, David Román, regarding the elements of Thorp's story present in *Emanuel*; and an absence of documentary or testimonial evidence demonstrating that certain Defendants contributed any allegedly infringing elements in Episodes 1-3 of *Servant*.[3]

- *Independent Creation*: Documentary and testimonial evidence demonstrating that Defendants independently created *Servant* Episodes 1-3, including but not limited to: Basgallop's notes and early scripts creating many of the allegedly infringing elements years before *Emanuel*'s 2013 premiere; testimony and communications from Basgallop and/or Taylor Latham (co-executive producer on Season 1 of *Servant* and president of television at Escape Artists), and potentially Liz Lewin (a former script editor who worked with Basgallop), Jessica Sykes (Basgallop's former UK agent), and/or Blumenthal regarding Basgallop's independent creation of *Servant*; testimony and documentary evidence from Shyamalan, Ashwin Rajan, others who worked on elements of *Servant* (potentially including Naaman Marshall, *Servant*'s production designer), and other Defendants regarding the independent creation of *Servant*, including but not limited to its cinematography, lighting, production design, and music; and Shyamalan's prior

---

[3] For example, despite discovery confirming that Mr. Black and Mr. Tisch had no involvement in *Servant*'s creative development, Plaintiff maintains her infringement claims against them.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

work containing many of the allegedly infringing cinematographic techniques and camera angles.

### 2. Claim 2: Direct Copyright Infringement Regarding "Early *Servant* Script" (against Tony Basgallop and Jason Blumenthal)

**Summary**: Plaintiff claims Basgallop and Blumenthal infringed Plaintiff's copyright in *Emanuel* (Registration No. PA 2-213-169) by preparing an unauthorized derivative work in authoring and distributing scripts that became Episodes 1-3 of *Servant* (defined by Plaintiff in her FAC as the "Early *Servant* Script"), which were provided to Shyamalan in the course of *Servant*'s development.[4]  Plaintiff seeks Basgallop and Blumenthal's profits directly or indirectly attributable to such infringement.

**Elements**: To prevail on her claim for direct copyright infringement against Basgallop and Blumenthal regarding whatever scripts Plaintiff refers to as the "Early *Servant* Script," Plaintiff must prove the same elements as set forth *supra* Section II.A.1, here as to Basgallop and Blumenthal and as to the unspecified "Early *Servant* Script."

**Key Evidence in Opposition to Claim**: Defendants will introduce the same categories of evidence as set forth *supra* Section II.A.1, establishing that Basgallop and Blumenthal did not infringe *Emanuel* with respect to any specific scripts that Plaintiff may identify in connection with this claim.  Additionally, Defendants will offer evidence demonstrating that Blumenthal played no role in any allegedly infringing elements in any specific scripts Plaintiff identifies.

---

[4] Shyamalan received several draft scripts in the course of *Servant*'s development.  Despite nearly five years of litigation, Plaintiff still has not identified any specific script(s) at issue for this cause of action.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**3.      Claim 3: Direct Copyright Infringement Regarding "Later *Servant* Script" (against all Defendants except Apple)**

**Summary**: Plaintiff claims Shyamalan, Blinding Edge, Uncle George, Escape Artists, Dolphin Black, Basgallop, Rajan, Blumenthal, Black, and Tisch infringed Plaintiff's copyright in *Emanuel* (Registration No. PA 2-213-169) by preparing an unauthorized derivative work in authoring and distributing scripts that became Episodes 1-3 of *Servant* (defined by Plaintiff in her FAC as the "Later *Servant* Script"), which were disseminated to Apple in the course of *Servant*'s development.[5]

**Elements**: To prevail on this claim, Plaintiff must prove the same elements as set forth *supra* Section II.A.1, here as to Shyamalan, Blinding Edge, Uncle George, Escape Artists, Dolphin Black, Basgallop, Rajan, Blumenthal, Black, and Tisch, and as to the unspecified "Later *Servant* Script."

**Key Evidence in Opposition to Claim**:  Defendants will introduce the same categories of evidence as set forth *supra* Section II.A.1, establishing that Shyamalan, Blinding Edge, Uncle George, Escape Artists, Dolphin Black, Basgallop, Rajan, Blumenthal, Black, and Tisch did not infringe *Emanuel* with respect to any specific scripts that Plaintiff may identify in connection with this claim.  Additionally, Defendants will offer evidence that several Defendants, including Blumenthal, Black, and Tisch, played no role in any allegedly infringing elements in any specific scripts Plaintiff identifies.

---

[5] Like Shyamalan, Apple received several draft scripts in the course of *Servant*'s pre-production and production process, and Plaintiff has never identified which specific script(s) are at issue in this claim.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 4. Claim 4: Contributory and Vicarious Copyright Infringement Regarding Episodes 1-3 of *Servant* (against all Defendants)

**Summary**: Plaintiff claims Defendants are contributorily and vicariously liable for infringing Plaintiff's copyright in *Emanuel* (Registration No. PA 2-213-169).

**Elements**:

- *Contributory Infringement*: To prevail on a claim for contributory infringement, Plaintiff must prove:

    1. Direct infringement;

    2. Each Defendant alleged to be liable for contributory infringement knew or had reason to know of the infringing activity of the allegedly infringing defendant; and

    3. Each Defendant alleged to be liable for contributory infringement intentionally induced, caused, or materially contributed to another defendant's allegedly infringing activity.

Ninth Circuit Jury Instructions § 17.21; *MDY Indus. v. Blizzard Ent.*, 629 F.3d 928, 937 (9th Cir. 2010), *as amended on denial of reh'g* (Feb. 17, 2011); *Perfect 10 v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007).

- *Vicarious Infringement*: To prevail on a claim for vicarious infringement, Plaintiff must prove:

    1. Direct infringement;

    2. Each Defendant alleged to be liable for vicarious infringement directly benefited financially from the infringing activity of the allegedly infringing defendant;

    3. Each Defendant alleged to be liable for vicarious infringement had the right and ability to supervise or control the infringing activity of the allegedly infringing defendant; and

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4. Each defendant alleged to be liable for vicarious infringement failed to exercise that right and ability to supervise and control the infringing activity of the allegedly infringing defendant.

Ninth Circuit Jury Instructions § 17.20; *Metro-Goldwyn-Mayer Studios v. Grokster*, 545 U.S. 913, 931 n.9 (2005).

**Key Evidence in Opposition to Claim**: Because Plaintiff must first show direct infringement to succeed on her contributory and vicarious infringement claims, Defendants will rely on their evidence against Plaintiff's direct infringement claims in rebutting the secondary liability claims. *See supra* Section II.A.1. Additionally, five years into this case, Plaintiff still has not identified which Defendants she alleges are contributorily or vicariously liable, as opposed to directly liable, or what evidence supports those claims. Defendants will introduce the following categories of evidence establishing they did not contributorily or vicariously infringe *Emanuel*:

- *Contributory Infringement*: To the extent there is any direct infringement found by any Defendant, Defendants will introduce documentary and testimonial evidence that the other Defendants did not know or have reason to know of allegedly infringing activity and did not induce, cause, or materially contribute to any such infringement, including but not limited to: testimony from Defendants about the creation, development, and production of Episodes 1-3 of *Servant*; communications and testimony reflecting each Defendant's respective role, if any, in creating *Servant* Episodes 1-3 of Season 1; and evidence demonstrating that certain Defendants did not contribute to any allegedly infringing elements in Episodes 1-3 of *Servant*.

- *Vicarious Infringement*: To the extent there is any direct infringement found by any Defendant, Defendants will introduce documentary and testimonial evidence that the other Defendants did not directly financially benefit from any such alleged infringement, have the right and ability to supervise or control the allegedly

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

infringing activity, or fail to exercise that right and ability, including but, not limited to: testimony from Defendants about the creation, development, and production of Episodes 1-3 of *Servant*; communications and testimony reflecting each Defendant's respective role, if any, in creating *Servant* Episodes 1-3 of Season 1; and evidence demonstrating that certain Defendants did not contribute any allegedly infringing elements in Episodes 1-3 of *Servant*.

### 5.   Damages (against all Defendants)

**Summary**: Plaintiff seeks Defendants' direct profits from *Servant* Episodes 1-3 and Defendants' indirect profits from Episodes 4-40.  Plaintiff has abandoned actual damages, *see infra* Section VI, and is not entitled to punitive damages or attorneys' fees.

**Elements**:

- *Direct Profits*: If Plaintiff prevails on establishing infringement, Plaintiff must prove, through non-speculative evidence, that any profits sought are attributable to the infringement.  Plaintiff must present proof of Defendants' gross revenue of the allegedly infringing work, and Defendants must prove their deductible expenses and the elements of profit attributable to factors other than the copyrighted work.  Plaintiff must prove damages by a preponderance of the evidence.  17 U.S.C. § 504(b); Ninth Circuit Jury Instructions § 17.32.

- *Indirect Profits*: If Plaintiff prevails on establishing infringement, Plaintiff must prove, through non-speculative evidence, a causal nexus between each Defendant's infringement and profits generated by non-infringing works. *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004); *Mackie v. Rieser*, 296 F.3d 909, 915-16 (9th Cir. 2002); Ninth Circuit Jury Instructions § 17.34; 17 U.S.C. § 504(b).

**Key Evidence in Opposition to Claim**: Defendants will introduce the following categories of evidence concerning the potential measure of damages (if any), as well as responding to any evidence submitted by Plaintiff concerning

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

damages, including but not limited to: testimony of Defendants' damages expert, Dana Trexler, as well as Defendants and their representatives; Defendants' financial documents; evidence regarding profits from the show not being attributable to the allegedly infringing elements; the premiere date for *Servant*'s first three episodes and Plaintiff's response to Defendants' statement of uncontroverted material facts regarding the same; the date of Plaintiff's copyright registration for *Emanuel*; and evidence demonstrating that certain Defendants, including Black and Tisch, played no role in any alleged infringement.

## B.    Defendants' Affirmative Defenses

Defendants have pled and intend to pursue the below affirmative defenses. Pursuant to Local Rule 16-4 and Appendix A, however, Defendants do not include those defenses on which Plaintiff bears the burden of proof.  Plaintiff bears the burden of proving a valid copyright registration; ownership; access; substantial similarity; originality and protectability of allegedly infringed expression; secondary liability; attorneys' fees; damages; and a causal relationship between the alleged infringement and any profits sought.

### 1.    Tenth Affirmative Defense: Independent Creation

**Summary**: Plaintiff's claims are barred because Episodes 1-3 of *Servant* were created independently of *Emanuel*.[6]

**Elements**:  To prove independent creation, which is a "complete defense to copyright infringement," Defendants will establish that they created Episodes 1-3 of *Servant* "independently, without knowledge of or exposure to the plaintiff's work." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018); *see also* Ninth Circuit Jury Instructions § 17.1 ("There is no copyright infringement when [the defendants independently created the challenged work].").

---

[6] Independent creation is also a defense because it establishes that Defendants did not engage in any copying, which is a required element to establish copyright infringement in the first instance.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Key Evidence in Support of Defense**: To establish that Defendants independently created Episodes 1-3 of *Servant*, Defendants will introduce documentary and testimonial evidence including but not limited to: Basgallop's notes and early scripts creating many of the allegedly infringing elements as early as 2005, years before *Emanuel*'s 2013 premiere; testimony and communications from Basgallop and/or Latham, and possibly Lewin, Sykes, and Blumenthal regarding Basgallop's independent creation of *Servant*; testimony and documentary evidence from Shyamalan, Rajan, and/or others who worked on elements of *Servant* (potentially including Marshall), and other Defendants regarding Defendants' independent creation of *Servant*, including but not limited to its cinematography, lighting, production design, and music; and Shyamalan's prior work containing many of the allegedly infringing cinematographic techniques and camera angles.

## 2. Sixteenth Affirmative Defense: Unclean Hands

**Summary**: Plaintiff's claims are barred because her repeated obfuscation of *Emanuel*'s origin—in her applications to and correspondence with the Copyright Office, filings before this Court, sworn discovery responses, and in numerous public interviews regarding *Emanuel*—renders her hands unclean.

**Elements**: To prove Plaintiff's unclean hands, Defendants will prove:

      1.  Plaintiff's conduct is inequitable; and

      2.  Plaintiff's conduct relates to the subject matter of her claims.

*Fuddruckers v. Doc's B.R. Others*, 826 F.2d 837, 847 (9th Cir. 1987).

**Key Evidence in Support of Defense**: Defendants will introduce the following evidence establishing Plaintiff's unclean hands, including, but not limited to: Plaintiff's copyright application and registration for *Emanuel* misrepresenting whether the work was entirely original; Plaintiff's correspondence with the U.S. Copyright Office misrepresenting that co-story by author Sarah Thorp's contributions to *Emanuel* were done as a work for hire; communications between Plaintiff and Thorp regarding Thorp's story on which *Emanuel* was based; draft and

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

executed agreements between Plaintiff and Thorp regarding the ownership of
*Emanuel* and Thorp's story; testimony from Thorp regarding her story and related
draft and executed agreements with Plaintiff; testimony from Plaintiff regarding
*Emanuel*'s authorship, Thorp's story, draft and executed agreements with Thorp,
and her copyright registration; Plaintiff's statements before this Court and in her
sworn discovery responses misrepresenting *Emanuel*'s origin and creation;
Plaintiff's attempts to conceal Ms. Thorp and her contributions to *Emanuel*; and
Plaintiff's public interviews and press statements misrepresenting *Emanuel*'s origin
and creation.

## C.    Anticipated Evidentiary Issues

On July 26 and October 11, 2024, the parties filed their respective *Daubert*
motions and motions in limine.  Dkts. 196-198, 273, 275 (Defendants' motions);
Dkts. 267-271 (Plaintiff's motions).  Defendants are presently aware of the
following evidentiary issues, which include those raised in Defendants' pending
*Daubert* motions (set to be heard November 1) and the parties' motions in limine
(set to be heard on November 15).

**Defendants' Motion to Exclude David Román (Dkt. 196)**: Whether
Plaintiff may offer the expert reports and testimony of her proffered substantial
similarity expert David Román.  Defendants contend that evidence is irrelevant
under Federal Rules of Evidence 401 and 402; unreliable, unhelpful, and properly
excluded under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm.*,
509 U.S. 579 (1993); and also properly excluded under Federal Rule of Evidence
403.

**Defendants' Motion to Exclude Ellen Pittleman (Dkt. 197)**: Whether
Plaintiff may offer the expert reports and testimony of her proffered entertainment
industry expert Ellen Pittleman.  Defendants contend that evidence is irrelevant
under Federal Rules of Evidence 401 and 402; unreliable, unhelpful, and properly

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

excluded under Federal Rule of Evidence 702 and *Daubert*; and also properly excluded under Federal Rule of Evidence 403.

**Defendants' Motion to Exclude Dominic Persechini (Dkt. 198)**: Whether Plaintiff may offer the expert reports and testimony of her proffered damages expert Dominic Persechini. Defendants contend that evidence is irrelevant under Federal Rules of Evidence 401 and 402; unreliable, unhelpful, and properly excluded under Federal Rule of Evidence 702 and *Daubert*; and also properly excluded under Federal Rule of Evidence 403.

**Defendants' Motion in Limine No. 1 (Dkt. 273)**: Whether Plaintiff may present evidence or argument regarding any profits from Episodes 4-40 of *Servant*. Defendants contend that evidence is irrelevant under Federal Rules of Evidence 401 and 402; properly excluded under Federal Rule of Evidence 403 as prejudicial to Defendants, significantly risking misleading the jury and wasting trial time; and contrary to Plaintiff's agreement not to pursue profits from *Servant* Seasons 2-4.

**Defendants' Motion in Limine No. 2 (Dkt. 275)**: Whether Plaintiff may rely on *Servant* elements predating *Emanuel* to establish substantial similarity. Defendants contend that evidence is irrelevant under Federal Rules of Evidence 401 and 402 and properly excluded under Federal Rule of Evidence 403 as unduly prejudicial, with a significant risk of confusing the issues or misleading the jury.

**Plaintiff's Motion in Limine No. 1 (Dkt. 267)**: Whether Defendants may offer the expert reports and testimony of their expert Dana Trexler on apportionment of profits. Defendants contend that Trexler's testimony about profit allocation is reliable, helpful, and admissible under Federal Rule of Evidence 702.

**Plaintiff's Motion in Limine No. 2 (Dkt. 268)**: Whether Defendants may offer the expert reports and testimony of their expert Bob Gale on prior art. Defendants contend that Gale's testimony about prior art is reliable, helpful, and admissible under Federal Rule of Evidence 702.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Plaintiff's Motion in Limine No. 3 (Dkt. 269)**: Whether Defendants may offer evidence and arguments related to the dispute between Plaintiff and Sarah Thorp regarding Plaintiff's misappropriation of Thorp's story given *Emanuel* is based on that story and Thorp retained ownership over that story. Defendants contend that such evidence and arguments relate to the creation, ownership, and protectability of *Emanuel* are highly relevant to several issues in this case and properly admissible at trial.

**Plaintiff's Motion in Limine No. 4 (Dkt. 270)**: Whether Defendants may offer evidence and arguments related to Plaintiff's misstatements to the media and others about the origin of *Emanuel*. Defendants contend that such evidence and arguments, as related to Plaintiff's false statements to the press regarding the origin and ownership of *Emanuel*, are relevant to Plaintiff's ownership, Plaintiff's credibility, and Defendants' unclean hands defense and properly admissible at trial.

**Plaintiff's Motion in Limine No. 5 (Dkt. 271)**: Whether Defendants may offer evidence and arguments about discovery sanctions against Plaintiff. Defendants contend that evidence and arguments related to Plaintiff's willful concealment of Thorp's involvement and the true origins and ownership of *Emanuel* are properly admissible at trial.

**Other Anticipated Evidentiary Issues**

Defendants also contend that the following evidence should be deemed inadmissible:

- Any evidence concerning alleged similarities not identified in the FAC, Plaintiff's interrogatory responses, or by Plaintiff's experts.
- Any evidence concerning alleged similarities with versions of *Emanuel* other than the version identified in the FAC and deposited with the Copyright Office with Registration No. PA 2-213-169.
- Any evidence regarding profits associated with Episodes 4-40 of *Servant*.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Any evidence as to past claims, theoretical claims, and settlements against any Defendant apart from this litigation.

- Any testimony regarding Plaintiff's purported actual damages, in light of Plaintiff's abandonment of actual damages, *see infra* Section VI.

- Any evidence consisting of cherry-picked, misleading, out-of-context clips from both *Emanuel* and Episodes 1-3 of *Servant*, including but not limited to any visual comparisons prepared by Antony Langdon in connection with this litigation.

- Any evidence relating only to claims dismissed in connection with this Court's forthcoming ruling on Defendants' motion for summary judgment, Dkt. 180, if any.

- Evidence of witness compensation unrelated to this case.

- Evidence of Apple's foreign operations and/or activities.

- All references to negotiations, correspondence, or other communications subject to FRE 408.

- All references to any Defendant's wealth or revenues unrelated to *Servant*.

## D.    Identification of Issues of Law

Defendants are presently aware of the following issues of law.

### 1.    Burden of Proof

Plaintiff bears the burden of proving direct infringement, or of establishing that (i) Plaintiff is the owner of a valid copyright in *Emanuel*; and (ii) each Defendant copied protected elements of Plaintiff's work.  *See supra* Section II.A.1. Plaintiff also bears the burden of proving secondary liability, or of establishing that each Defendant is contributorily or vicariously liable.  *See supra* Section II.A.4. Defendants contend that Plaintiff cannot meet her burden of proving any of her infringement claims, whether direct or secondary.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**2.    Damages**

To the extent Plaintiff seeks Defendants' direct profits attributable to the infringement, she must prove Defendants' gross revenue, and Defendants must prove their deductible expenses and the elements of profit attributable to factors other than the copyrighted work.  17 U.S.C. § 504(b); Ninth Circuit Jury Instructions § 17.32.  Defendants contend that Plaintiff is not entitled to 100% of any profits received by Defendants related to Episodes 1-3 of *Servant* Season 1, as she and her damages expert, Dominic Persechini, claim.

To the extent Plaintiff seeks Defendants' indirect profits from Episodes 4-40 of *Servant*, or any broader Apple TV+ revenues, she must establish a "causal nexus" between the indirect profits and the alleged infringement.  *Polar Bear Prods.*, 384 F.3d at 711.  This requires Plaintiff to demonstrate that any profits generated by Episodes 4-40 of *Servant*, or by Apple TV+ generally, share a causal relationship with the alleged infringement in Episodes 1-3.  Defendants contend that Plaintiff cannot establish this causal nexus, and therefore her claim to indirect profits must fail.  *See* Dkts. 180 at 22-23; 273 at 1-3.

**3.    Legal Issues Raised by Pending Motions**

Defendants' pending motion for summary judgment (set for hearing on November 1) raise the following legal issues:

- Plaintiff's failure to establish a valid copyright registration;
- Plaintiff's failure to establish Defendants' access to *Emanuel*;
- Plaintiff's failure to establish substantial similarity under the extrinsic test, or by any selection and arrangement theory;
- Plaintiff's failure to rebut Defendants' independent creation defense;
- Plaintiff's failure to establish secondary liability against any Defendant;
- Plaintiff's failure to plead or prove her "Early" and "Later" *Servant* script claims; and

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Plaintiff's failure to establish entitlement to Defendants' indirect profits.

Defendants' pending *Daubert* motions and motions in limine raise the following legal issues:

- Plaintiff's proffered expert, David Román, does not properly examine the works at issue under the extrinsic test because he failed to (a) filter out unprotectable elements from his analysis; (b) consider other relevant works; (c) address admitted dissimilarities between the works at issue; and (d) apply selection and arrangement principles by including any explanation as to how the works combine elements into a coherent synthesis in a similar manner.  He also fails to properly apply the causal nexus test regarding Plaintiff's claimed entitlement to indirect profits from Episodes 4-40 of *Servant*.  *See Polar Bear Prods.*, 384 F.3d at 711.

- Plaintiff's proffered expert, Ellen Pittleman, fails to apply the proper tests for copyright access, specifically: (a) as to Plaintiff's access theories regarding widespread dissemination, Pittleman fails to differentiate between the film's mere availability and widespread dissemination under applicable law; (b) as to Plaintiff's access theories regarding various alleged chains-of-events, Pittleman theorizes that mere speculation as to the possibility of access constitutes direct access for copyright purposes.  Pittleman also fails to properly apply the causal nexus test regarding Plaintiff's claimed entitlement to indirect profits from Episodes 4-40 of *Servant*.  *See Polar Bear Prods.*, 384 F.3d at 711.

- Plaintiff's proffered expert, Dominic Persechini, fails to properly apply the causal nexus test regarding Plaintiff's claimed entitlement to indirect profits from Episodes 4-40 of *Servant*.  *See Polar Bear Prods.*,

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

384 F.3d at 711.  Next, he incorrectly argues that all profits from Episodes 1-3 of *Servant* are attributable to the alleged infringement, which is unsupportable as a matter of law.  Finally, he incorrectly argues that certain Apple costs are not deductible, though they are deductible under prevailing copyright damages principles.

- To the extent Plaintiff intends to seek entitlement to indirect profits from Episodes 4-40 at trial, Plaintiff has not shown a causal nexus between profits from those episodes for which she seeks indirect profits and the alleged infringement in Episodes 1-3.  *See Polar Bear Prods.*, 384 F.3d at 711.

- To the extent Plaintiff intends to establish substantial similarity based on elements predating the release of *Emanuel*, she cannot do so under copyright law.  *See Christian v. Mattel*, 286 F.3d 1118, 1128 (9th Cir. 2002) ("By simple logic, it is impossible to *copy* something that does not exist.").

### 4.    Plaintiff's Requested Remedy of Defendants' Profits Is Triable to the Court

Plaintiff may also seek to establish that she has a right to a jury trial as to her claimed remedy of Defendants' direct and indirect profits from the alleged infringement.  17 U.S.C. § 504.  She does not.  Any trial as to Defendants' profits should be heard before the Court, not a jury.[7]

---

[7] Defendants understand that Plaintiff will request that Defendants' unclean hands and copyright invalidity defenses be tried to the Court, not the jury.  First, while Plaintiff's unclean hands also is an equitable defense, unlike damages, the unclean hands evidence is "intertwined" with Defendants' other defenses and thus appropriately tried alongside them.  *Danjaq*, 263 F.3d at 962.  *See also* Dkt. 292 at 5-7.  Second, Plaintiff affirmatively bears the burden to prove a valid copyright registration, which is appropriately tried with the rest of her case in chief.  If the Defendants' unclean hands and copyright invalidity defenses are tried to the Court, then the entire case should be tried to the Court.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"The Seventh Amendment guarantees a litigant's right to a jury trial on 'suits at common law.'" *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074-75 (9th Cir. 2015), *cert. denied*, 577 U.S. 957 (2015) (*quoting* U.S. Const. amend. VII.). "'Suits at common law' include statutory claims that are legal (as opposed to equitable)." *Fifty-Six Hope*, 778 F.3d at 1075 (parenthetical in original). To determine whether a particular claim invokes the right to a jury trial, courts must primarily determine whether the claim is "legal or equitable in nature" *Id.* (citation omitted). Equitable issues are triable to the court, not the jury. *Danjaq v. Sony*, 263 F.3d 942, 962 (9th Cir. 2001).

The Supreme Court has held that an award of a defendant's profits under the Copyright Act is equitable. *Petrella v. MGM, Inc.*, 572 U.S. 663, 668 n.1 (2014); *see also Fahmy v. Jay-Z*, 2015 U.S. Dist. LEXIS 139298 at *4 (C.D. Cal. Oct. 9, 2015) ("[I]n light of *Petrella*, it appears that the appropriate course is to treat the award of profits [under the Copyright Act] as an equitable remedy… Therefore, the Court will calculate the amount [of] profits, if any, pursuant to 504(b)"); *Rearden LLC v. Walt Disney Co.*, 2023 WL 9187385 at *1-2 (N.D. Cal. Dec. 14, 2023) (finding that the plaintiff "does not have the right to a jury on its disgorgement of profits claim" and granting a motion "to strike [the] jury demand with regard to its claim for disgorgement of profits"). *Petrella* therefore "places recovery of defendant's profits squarely on the equitable side of the ledger." 3 Nimmer on Copyright § 12.06(B)(3)(d)(i); *see also Fifty-Six Hope,* 778 F.3d at 1075 (holding that under the analogous provision of the Lanham Act, "[a] claim for disgorgement of profits under [15 U.S.C.] § 1117(a) is equitable, not legal," and there is no right to jury trial of profits).

Accordingly, Plaintiff's claim for Defendants' profits is triable to the Court, not a jury.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### III.    BIFURCATION

Defendants request bifurcation of trial into liability and damages phases, which each involve discrete issues and evidence. Bifurcation would serve efficiency before the Court and the jury by focusing trial first on potentially dispositive issues. Bifurcation also would not prejudice Plaintiff in any manner, while avoiding significant risk of prejudice to Defendants.

Federal Rule of Civil Procedure 42(b) grants the Court "broad discretion 'to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues.'" *Zahedi v. Miramax, LLC*, 2021 WL 3260603, at *1 (C.D. Cal. Mar. 24, 2021) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). Bifurcation is "particularly appropriate" when "resolution of a claim or issue might dispose of the entire case." *Zahedi*, 2021 WL 3260603, at *1 (citation omitted). Among those factors a court considers when determining whether to bifurcate a trial include: "avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." *Gable v. Land Rover N. Am., Inc.*, 2011 WL 3563097, at *6 (C.D. Cal. July 25, 2011). Bifurcation is routinely used to separate liability and damages at trial. *See, e.g.*, *Gable*, 2011 WL 3563097, at *7; *Fahmy v. Jay-Z*, No. 2:07-cv-05715, Dkt. 626 (Sept. 24, 2015); *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005) (affirming decision to bifurcate liability and damages).

Here, bifurcating trial into liability and damages phases is appropriate for several reasons.

*First*, the liability and damages portions of the trial involve "separate and distinct issues." *Fahmy*, Dkt. 626 at 39. Liability centers on whether Defendants "infringed a copyright owned by [P]laintiff," while the damages portion (which should be tried to the Court, *see supra* Section II.D.4), involves meticulous calculation of Defendants' profits attributable to any infringement found in the

liability phase. *Id.* As in other cases bifurcating liability and damages, these issues involve largely distinct documents and witnesses, which makes bifurcation easier. *See Pom Wonderful v. Welch Foods*, 2010 WL 4794235, at *4 (C.D. Cal. Nov. 18, 2010) (noting that it will be "easy" to separate liability from damages), *aff'd*, 468 F. App'x 688 (9th Cir. 2012). For example, in the liability phase, the parties will present evidence on Plaintiff's ownership; Defendants' lack of access; lack of substantial similarity between the works; Defendants' independent creation; and other issues. In the damages phase, however, the parties will offer financial evidence, as well as testimony from the parties' proffered damages experts. And much of that information is highly confidential. *See, e.g.*, Dkt. 264 (largely granting Defendants' requests to seal financial information under the "compelling reasons" standard).

*Second*, bifurcating the trial will conserve judicial resources should the liability phase "obviate the need for a trial on damages." *Fahmy*, Dkt. 626 at 39. As in *Fahmy*, the damages portion of the trial will require the parties to present "extensive financial information," "numerous witnesses to authenticate and interpret this information," and "multiple experts [to] testify regarding the connection" between any infringement found and Defendants' profits, as well as the "complex question of apportioning" the contribution of any infringement to Defendants' profits. *Id.* at 39. But it goes without saying that if Defendants prevail on liability, there will be no need at all for the parties—including all eleven Defendants—to present this evidence. *See Bates v. United Parcel Service*, 204 F.R.D. 440, 449 (N.D. Cal. Nov. 1, 2001) ("Judicial economy would be further promoted because bifurcation might eliminate the need to consider evidence of damages."); *see also Fahmy*, Dkt. 626 at 39 (same).

*Third*, bifurcation will not prejudice Plaintiff. If the trier of fact determines that Defendants are not liable, then bifurcation will have saved substantial time, money, and preparation incurred by *all* parties. And if the trier of fact does find

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

liability, then bifurcation will not have prejudiced Plaintiff in any manner.  Plaintiff would simply move to the damages phase.

*Fourth*, bifurcation is appropriate because, as Defendants explain above, whether Plaintiff is entitled to a portion of Defendants' *Servant* profits is an equitable remedy and must tried before the Court, not the jury.  *See supra* Section II.D.4.  Bifurcation accordingly offers a judicially administrable means of separating out the issues appropriately tried to the jury (liability) and the Court (damages).

Because a bifurcated trial would further convenience, efficiency, and judicial economy in this case without prejudicing Plaintiff and avoiding significant risk of prejudice to Defendants, Defendants respectfully request that this Court bifurcate trial into liability and damages phases.

## IV.    PLAINTIFF HAS REQUESTED A JURY TRIAL

Plaintiff requested a jury trial.  FAC at 50.  As demonstrated above, however, Plaintiff's right to jury trial does not include equitable remedies like Defendants' profits.  *See supra* Section II.D.4.

## V.    DEFENDANTS' ATTORNEYS' FEES ARE POTENTIALLY RECOVERABLE

Plaintiff cannot recover attorneys' fees because she did not register the work at issue prior to *Servant*'s Episodes 1-3 November 19 premiere, much less prior to when draft scripts were created and shared with Blinding Edge and then Apple, which apparently relate to Plaintiff's "Early" and "Later" *Servant* script claims.  *See Dos Santos v. Telemundo Comm's Grp.*, 2012 WL 9503003, at *7 (C.D. Cal. Dec. 19, 2012); *supra* Sections II.A.2-3; Dkt. 276-1 ¶ 44.  If Defendants prevail, they will seek their attorneys' fees pursuant to 17 U.S.C. § 505.

## VI.    ABANDONED CLAIMS OR ISSUES

Plaintiff abandoned her claim for actual damages in the course of discovery.  *See* Dkts. 111 at 1 n.1 ("Plaintiff's counsel informed Defendants that Plaintiff was

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

entirely withdrawing her claim for actual damages and pursuing only defendants'
profits attributable to the alleged infringement."); 112 at 10 ("Plaintiff has agreed
… to withdraw her claim for actual damages"); 112-8 at 8 ("As part of the
discovery disputes discussion, Plaintiff had agreed to forgo her claims for actual
damages and instead focus her damages recovery on Defendants' profits."); 117-11
at 8 (same).

## VII.   OTHER PENDING MOTIONS

Defendants' application for attorneys' fees for their successful motion to
compel was fully briefed on June 25, 2024, and remains pending.  Dkts. 176-177.
Defendants' motion for continuance will be fully briefed on November 1, 2024.
*See* Dkt. 289.


DATED: October 25, 2024

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
MEENAKSHI KRISHNAN
CARL MAZUREK

By:   /s/ Cydney Swofford Freeman
Cydney Swofford Freeman

Attorneys for Defendants

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899