NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
  meenakshikrishnan@dwt.com
CARL MAZUREK (*pro hac vice*)
  carlmazurek@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel.: (213) 633-6800; Fax: (213) 633-6899

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**SUPPLEMENTAL DECLARATION OF CYDNEY SWOFFORD FREEMAN REGARDING PENDING SEALING APPLICATIONS PURSUANT TO COURT ORDER (DKT. 317)** |

## **DECLARATION OF CYDNEY SWOFFORD FREEMAN**

I, Cydney Swofford Freeman, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and before this Court. I am a counsel in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am one of the attorneys representing defendants Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Apple Inc., Escape Artists, Inc. (erroneously sued as Escape Artists LLC), Dolphin Black Productions, M. Night Shyamalan, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, "Defendants") in this matter. The facts stated below are based on my own personal knowledge.

2. Pursuant to this Court's Order, Dkt. 317, I submit this supplemental declaration to inform the Court as to whether any pending sealing applications contain (1) previously sealed information, as already ordered by the Court; (2) new requests for sealing, not previously ruled upon by the Court; and/or (3) any requests to seal information already publicly filed on the docket.

3. The parties have three pending sealing applications:

- **Dkt. 265**: Plaintiff's application to seal Defendants' information contained in Plaintiff's Motion in Limine No. 1 and related exhibits (supported by Defendants' sealing declarations, Dkts. 277, 279).
- **Dkt. 293**: Plaintiff's application to seal Defendants' information contained in Plaintiff's opposition to Defendants' Motion in Limine No. 2 (supported by Defendants' sealing declaration, Dkt. 313).
- **Dkt. 307**: Defendants' application to seal Defendants' information contained in Defendants' opposition to Plaintiff's Motion in Limine No. 1 and a related exhibit (supported by Defendants' sealing declarations, Dkts. 308-309).

4. The Court has already ruled on several prior sealing applications related to Defendants' pending motion for summary judgment and *Daubert* motions, in relevant part:

- **Dkt. 229**: Granting in part Defendants' application, sealing Defendants' commercially sensitive, non-public, and proprietary business and financial information and certain of Tony Basgallop's unused creative ideas and proposals for *Servant*.
- **Dkt. 254**: Granting in part Defendants' application, sealing material previously sealed by the Court in its prior Order, Dkt. 229.
- **Dkt. 264**: Granting in part Defendants' application, sealing Defendants' commercially sensitive, non-public, and proprietary business and financial information, information subject to third-party confidentiality agreements, certain of Tony Basgallop's unused creative ideas and proposals for *Servant*, and information previously sealed by the Court in its prior Orders, Dkts. 229, 254.

The parties' pending sealing applications involve information already sealed by the Court in these Orders and additional very similar information.

### A. Dkt. 265: Plaintiff's Sealing Application Regarding Plaintiff's Motion in Limine No. 1

The only new request in this application is to seal portions of Plaintiff's Motion in Limine No. 1 that discuss Defendants' previously sealed financial information. This application does not seek to seal any information that was previously publicly filed. Plaintiff's sealing application at Dkt. 265 is supported by Defendants' sealing declarations at Dkts. 277 and 279.

| New Document Relying on Previously Sealed Information | | |
|---|---|---|
| **Document** | **Designated Portions** | **Prior Court Order** |
| Plaintiff's Motion in Limine No. 1 | Portions of 2:2-8, 2:19-25, 6:20-23, 8:4-6, as filed in highlighted, unredacted form in Dkt. 266-1; publicly filed in redacted form at Dkt. 267. | These portions reference and/or quote Defendants' financial information contained in underlying documents that the Court previously sealed. Dkt. 264 at 2. |

| **Previously Sealed Information** | | |
|---|---|---|
| **Document** | **Designated Portions** | **Prior Court Order** |
| Ex. A, Supplemental Expert Report of Dominic M. Persechini | Portions as filed in highlighted, unredacted form in Dkt. 266-2; publicly filed in redacted form at Dkt. 272-1. | The Court previously sealed these portions of this document. Dkt. 264 at 2; document previously filed under seal at Dkt. 284-5; publicly filed in redacted form at Dkt. 257-29. |
| Ex. B, Expert Report of Dana Trexler | Portions as filed in highlighted, unredacted form in Dkt. 266-3; publicly filed in redacted form at Dkt. 272-2. | The Court previously sealed these portions of this document. Dkt. 264 at 2; document previously filed under seal at Dkt. 284-6; publicly filed in redacted form at Dkt. 257-30. |
| Ex. E, Expert Report of Dominic M. Persechini | Portions as filed in highlighted, unredacted form in Dkt. 266-4; publicly filed in redacted form at Dkt. 272-5. | The Court previously sealed these portions of this document. Dkt. 264 at 2; document previously filed under seal at Dkt. 284-3; publicly filed in redacted form at Dkt. 257-27. |
| Ex. F, Rebuttal Expert Report of Dominic M. Persechini | Portions as filed in highlighted, unredacted form in Dkt. 266-5; publicly filed in redacted form at Dkt. 272-6. | The Court previously sealed these portions of this document. Dkt. 264 at 2; document previously filed under seal at Dkt. 284-4; publicly filed in redacted form at Dkt. 257-28. |

FREEMAN SUPPLEMENTAL DECLARATION REGARDING PENDING SEALING APPLICATIONS

**B.     Dkt. 293: Plaintiff's Sealing Application Regarding Plaintiff's Opposition to Defendants' Motion in Limine No. 2**

The only new request in this application is to seal portions of Plaintiff's Opposition to Defendants' Motion in Limine No. 2 that discuss Tony Basgallop's previously sealed unused creative ideas and proposals for *Servant*. Plaintiff's sealing application at Dkt. 293 is supported by Defendants' sealing declaration at Dkt. 313. Defendants now narrow their support even further to solely the lines designated below, which contain information that has not been filed publicly elsewhere. While Defendants have publicly filed certain other information about Basgallop's creative ideas and proposals for *Servant*, they have not publicly filed the specific unused information requested to be redacted below.

| New Document Relying on Previously Sealed Information | | |
|---|---|---|
| **Document** | **Designated Portions** | **Prior Court Order** |
| Plaintiff's Opposition to Defendants' Motion in Limine # 2 | 1:19-20, 1:22-27, 2:6-9, 2:11-12, 8:11-12 ("Reveal" through "Tim's"), 8:24-27 (through "hair"), 9:1-2 (solely "He has" through "Leanne"), 9:6-13, 9:14-23, 9:24-28, 10:1-2; as filed in highlighted, unredacted form in Dkt. 294-1; publicly filed in redacted form at Dkt. 297. | These portions reference and/or quote Tony Basgallop's creative ideas and proposals contained in underlying documents that the Court previously sealed. Dkt. 264 at 4. |

**C.     Dkt. 307: Defendants' Sealing Application Regarding Defendants' Opposition to Plaintiff's Motion in Limine No. 1**

This application seeks to seal new information related to portions of the supplemental rebuttal report of Defendants' damages expert, Dana Trexler. This

information has not been filed before and is similar to financial information previously sealed by the Court. *See* Dkt. 264 at 2 (sealing similar financial information in connection with Trexler's opening and rebuttal reports). The information has not been publicly filed. Defendants' sealing application at Dkt. 307 is supported by Defendants' sealing declarations at Dkts. 308-309. As explained there in greater detail, this application seeks to seal non-public specific financial data regarding Apple TV+ and each Defendant's revenues and costs in connection with *Servant*.

| New Documents Subject to Pending Sealing Request ||
|---|---|
| **Document** | **Designated Portions** |
| Defendants' Opposition to Plaintiff's Motion in Limine No. 1 To Exclude Expert Testimony by Dana Trexler On Apportionment of Profits | 1:10; 1:16; 1:fn. 1; 3:3; 3:4; 3:7; 3:12; 3:fn. 2. |
| Ex. 1 attached to the Declaration of Cydney Swofford Freeman in Opposition to Plaintiff's Motions in Limine, Excerpts from Dana Trexler's Supplemental Rebuttal Expert Report | Supplemental Rebuttal Exhibit 1.0 and fn. 2; Portions of Exhibit 1.1 and fn. 2, 4, 7, 8, 13-16. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on the 8th day of November 2024, in Los Angeles, California.

*Cydney Swofford Freeman*
Cydney Swofford Freeman