**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**PLAINTIFF FRANCESCA GREGORINI'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EXPERT TESTIMONY BY DANA TREXLER ON APPORTIONMENT OF PROFITS**<br><br>**[REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED DECEMBER 9, 2024 (DKT. 347)]**<br><br>Date:　　November 15, 2024<br>Time:　　2:00 P.M.<br>Dept.:　　Courtroom 2 |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

**PLEASE TAKE NOTICE** that on November 15, 2024, at 2:00 p.m. or as soon as may be heard in Courtroom 2 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiff Francesca Gregorini will and hereby moves in limine for an order excluding expert testimony of Dana Trexler.

This motion is made because Ms. Trexler's report and testimony fail to meet the standards in Rule 702 of the Federal Rules of Evidence. First, Ms. Trexler's expert report and testimony about cost-based apportionment are unreliable and unhelpful under the circumstances, as highlighted by various other courts that have confronted this methodology. Second, her expert report and testimony are unreliable and unhelpful because they do not disclose the basis for selecting a cost-based apportionment methodology in this context. Third, her expert report and testimony are unreliable and unhelpful because they measure the incorrect scope of infringement.

The Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Patrick M. Arenz and the attached exhibits, and on such other oral or documentary evidence as may be presented at any hearing on this Motion. Plaintiff will lodge a proposed order along with this Motion.

This Motion is made following the Local Rule 7-3 conference of counsel, which took place on October 4, 2024 at 11:00 a.m. PT. Patrick Arenz, Emily Niles, and Annie Huang, counsel for Plaintiff, and Nicolas Jampol and Cydney Freeman, counsel for Defendants, participated in the conference. The conference lasted about 45 minutes to an hour. Counsel addressed each of the party's motions in limine.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

Dated: October 11, 2024

ROBINS KAPLAN LLP

By: */s/ Patrick M. Arenz*
    Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................... 1

BACKGROUND ....................................................................................................... 1

ARGUMENT ............................................................................................................. 4

   I. Courts have been skeptical about cost-based apportionment opinions for decades. ................................................................................................ 4

   II. Under the case-specific facts, the Defendants cannot prove that Ms. Trexler's cost-based apportionment opinion is reliable. ............................. 5

CONCLUSION .......................................................................................................... 9

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Albritton v. Acclarent, Inc.*,
  No. 3:16-cv-03340-M, 2020 WL 11627275 (N.D. Tex. Feb. 28, 2020) ................................................................................................................5

*BlueRadios, Inc. v. Kopin Corp.*,
  No. 16-CV-02052, 2023 WL 9104818 (D. Colo. Dec. 27, 2023) ........................ 4

*Cisco Sys. Inc. v. Arista Networks, Inc.*,
  No. 14-CV-05344, 2016 WL 11752975 (N.D. Cal. Nov. 16, 2016) .................... 4

*Daubert v. Merrell Dow Pharms., Inc.*,
  43 F.3d 1311 (9th Cir. 1995) .............................................................................. 4

*Edwards Lifesciences Corp. v. Meril Life Sciences*,
  No. 19-CV-06593-HSG, No. 2022 WL 254348 (N.D. Cal. Jan. 27, 2022). ................................................................................................................ 6

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*,
  886 F.2d 1545 (9th Cir. 1989) .................................................................. 1, 7, 8

*In re Avaya Inc.*,
  No. 17-10089, 2018 WL 1940381 (Bankr. S.D.N.Y. Apr. 23, 2018), *aff'd,* 602 B.R. 445 (S.D.N.Y. 2019) .............................................................. 6

*Kaseberg v. Conaco, LLC*,
  Case No. 15-CV-1637, 2019 WL 1641161 (S.D. Cal. Apr. 16, 2019) ................................................................................................................ 8

*Lust v. Merrell Dow Pharms., Inc.*,
  89 F.3d 594 (9th Cir. 1996) ............................................................................... 6

*McGlinchy v. Shell Chem Co.*,
  845 F.2d 802 (9th Cir. 1988) ............................................................................. 9

*Oracle Am., Inc. v. Google Inc.*,
  No. C 10-03561, 2011 WL 6055505 (N.D. Cal. Dec. 6, 2011) ......................... 8

*Pelican Int'l, Inc. v. Hobie Cat Co.*,
  655 F. Supp. 3d 1002 (S.D. Cal. 2023) ............................................................. 8

*Primiano v. Cook*,
  598 F.3d 558 (9th Cir. 2010) .................................................................................. 5

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
  309 U.S. 390 (1940) .............................................................................................. 4

*Sheldon v. Moredall Realty Corp.*,
  29 F. Supp. 729 (S.D.N.Y. 1939) .......................................................................... 4

*Stilwell v. Smith & Nephew, Inc.*,
  482 F.3d 1187 (9th Cir. 2007) .............................................................................. 4

*Wherevertv, Inc. v. Comcast Cable Commc'ns, LLC*,
  No. 2:18-cv-529, 2022 WL 4017049 (M.D. Fla. Sept. 4, 2022) ........................... 5

**Rules**

Fed R. Evid. 702 ................................................................................................ 4, 7, 9

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- iv -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

# INTRODUCTION

Plaintiff Francesca Gregorini moves to exclude Defendants' damages expert opinion about apportionment of profits because her cost-based approach is unreliable. Under Rule 702, Defendants must prove that their expert's method for arriving at her apportionment opinion is reliable. They cannot meet this burden for Dana Trexler's apportionment opinion for three reasons. First, Defendants cannot point to any support in Ms. Trexler's report for why or how a cost-based methodology somehow reliably measures the value from Defendants' infringement. Second, the Ninth Circuit in *Frank Music v. Metro-Goldwyn-Mayer Inc.* has found error over apportionment theories that focus only on quantitative components that fails "to consider the relative quality or drawing power of the show's various component parts." 886 F.2d 1545, 1548 (9th Cir. 1989). Ms. Trexler's opinion fails for the same error. Third, Ms. Trexler's apportions the wrong thing. She uses the script for a television series as coextensive with the infringement, even though this trial is about the Defendants' copying of a *film* (and not just a script). The Court should preclude the Defendants from offering Ms. Trexler's unreliable apportionment opinion at trial as a result.

# BACKGROUND

Plaintiff Francesca Gregorini released *The Truth About Emanuel* in 2013. Ms. Gregorini sued the Defendants for copying elements from her film *Emanuel* and using them in a television called *Servant*. Ms. Gregorini contends that the Defendants copied visual expressions from the film *Emanuel* and used them, among many other expressive elements, in episodes 1-3 of *Servant*. *See generally* Dkt. 25; Dkt. 194-6 at 176, 195. Ms. Gregorini claims that the Defendants copied elements from her *film* (the combination of the script and visual production, among all elements for a final visual performance). Ms. Gregorini has elected to seek the Defendants' profits from their infringement.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

Defendant Apple released *Servant* to launch a new streaming service called Apple TV+. *Servant* Season 1 alone generated over ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. A at 8-14. The overall production costs for Season 1, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 33.

In expert discovery, the Defendants disclosed Dana Trexler as an expert witness. Ex. B. Ms. Trexler is a certified public accountant with no specialized expertise or experience in the entertainment industry. Ex. D. Yet for this case she opined on the Defendants' deductible expenses and apportionment of the infringement to the Defendants' profits. Ex. B. This motion addresses her apportionment opinion.

Ms. Trexler disclosed little about her apportionment methodology or why she believed it was a sound method to value the Defendants' infringement. *See generally* Ex. B at ¶¶ 110-116. Rather, her report only sets forth the following routine arithmetic to arrive at her overall conclusion that the cost for the script is equal to the value of the profits for the infringement. *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Thus, according to Ms. Trexler and this cost-based method, the maximum apportioned profits for the infringement were a mere ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Also important is what Ms. Trexler did *not* do. She did not explain, analyze, or cite any publication, treatise, or industry standard that the relative cost for a

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

production component reflects that component's same corresponding contribution to profit. *See generally id.* ¶¶ 110-116. Put differently, Ms. Trexler offers no support that there is a correlation between the share of costs incurred and its share of value generated. *See id.* Nor did she address in her report that her employer, Stout Risius Ross LLC, has published guidance to the contrary. The Stout firm warned against cost-based method valuations for intellectual property:

> Appraisers need to be careful in applying the Cost Approach to patent valuation because, in many circumstances, *this methodology will provide **a poor proxy** for patent **value***.
> The main drawback of the Cost Approach is that it does not recognize the future economic benefit provided to the owner of the asset. In most cases related to patents, **cost bears little relationship to value** as it does not reflect the earnings potential of the subject patent asset. That is, there is no mechanism to incorporate future revenue or profit data utilizing a Cost Approach.

Ex. C at 3 (emphasis added).

Ms. Trexler does not address this critique in her report; she does not explain why an approach to value copyrights would be any different from an approach valuing patents, as both are forms of intellectual property and intangible assets; and she provides no other authority that would support her cost approach here. Ex. B at ¶¶ 110-116.

Ms. Trexler also failed to address that Ms. Gregorini has not limited her claim to infringement of a script. Ex. B at ¶¶ 110-116. To the contrary, Ms. Gregorini contends that the *Servant* television show infringes her *Emanuel* film, including the use of the film's visual expressions. Ms. Trexler even concedes this point, recognizing that Ms. Gregorini "alleges that there are other infringing aspects beyond the Scripts" to *Servant* episodes 1-3. Ex. B at ¶ 9, n.12. Thus, her cost approach based on the script necessarily does not capture any cost or value in the visual expressions in *Servant*.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

# ARGUMENT

Under Rule 702, Defendants bear the burden to prove Ms. Trexler's apportionment opinion is reliable. The test for reliability is "'the soundness of [the expert's] methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995)). Put differently, an expert's opinion must be "'the product of reliable principles and methods,' and the expert must 'appl[y] the principles and methods reliably to the facts of the case.'" *Stilwell*, 482 F.3d at 1191–92 (quoting Fed. R. Evid. 702). Thus, Defendants must prove the reliability of Ms. Trexler's apportionment opinion to this Court by a preponderance of evidence. Fed. R. Evid. 702.

## I. Courts have been skeptical about cost-based apportionment opinions for decades.

Nearly a century ago, in *Sheldon v. Moredall Realty Corp.*, the district court overruled the defendant's contention that a cost-based apportionment method was an appropriate means to value profits in a copyright case over a motion picture. 29 F. Supp. 729, 732 (S.D.N.Y. 1939) (overruling request that "the apportionment should have been on the basis of the cost"). Since *Sheldon*, other courts have also rejected cost-based apportionment in patent cases. *See, e.g.*, *BlueRadios, Inc. v. Kopin Corp.*, No. 16-CV-02052, 2023 WL 9104818, at *10 (D. Colo. Dec. 27, 2023) (collecting cases). These cases are persuasive here because patent law can inform apportionment methodologies in copyright cases. *See, e.g.*, *Cisco Sys. Inc. v. Arista Networks, Inc.*, No. 14-CV-05344, 2016 WL 11752975, at *14 (N.D. Cal. Nov. 16, 2016); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402 (1940) (finding patent infringement cases instructive in apportionment of profits in copyright cases).

Courts employ a case-by-case analysis to determine reliability of a cost-based valuation method for intellectual property. In *Albritton v. Acclarent, Inc.*, for instance, the district court excluded an expert's cost-based apportionment methodology because, in that case, "it is the component's function and contribution to the larger operation of the device as a whole from which the component derives value[; t]here is little, if any, connection between that function and the pure cost of the component." No. 3:16-cv-03340-M, 2020 WL 11627275, at *11 (N.D. Tex. Feb. 28, 2020). Indeed, "courts have excluded expert opinions employing cost-based apportionment methods where the connection between the cost of a particular component and the value that component contributed to the accused device as a whole was too attenuated." *Wherevertv, Inc. v. Comcast Cable Commc'ns, LLC*, No. 2:18-cv-529, 2022 WL 4017049, at *8 (M.D. Fla. Sept. 4, 2022) (addressing *Daubert* challenge to Ms. Trexler). Yet courts have also allowed experts to testify when the proponent proves that the cost-based method is reliable based on the specific facts of the dispute. *See id.* (explaining that Ms. Trexler's report addressed the concerns in *Albritton* based on the specific facts of that patent case).

## II. Under the case-specific facts, Defendants cannot prove that Ms. Trexler's cost-based apportionment opinion is reliable.

Defendants cannot prove reliability for three reasons. First, Defendants have made no showing that Ms. Trexler's cost-based approach is a reliable way to measure apportioned profits from a television series. "[T]he court must assess the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). But Ms. Trexler's report cites *no* publication, treatise, or experience that the entertainment industry accepts or uses such an approach. *See generally* Ex. B. Indeed, Ms. Trexler is *silent* about *why* she used a cost-based approach and *why* it is reliable in this case. *Id.* This bare

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

record cannot meet the Defendants' burden to prove why Ms. Trexler's method was reliable here. *See, e.g.*, *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) (the proponent of expert testimony has the burden of proving its admissibility).

The *Daubert* order in *Edwards Lifesciences Corp. v. Meril Life Sciences* is instructive. No. 19-CV-06593-HSG, No. 2022 WL 254348, at *10-11 (N.D. Cal. Jan. 27, 2022). An IP damages expert offered an opinion to measure damages in a trademark case based on a "cost methodology." *Id.* at 10. The district court reviewed the expert's report and concluded the opinion "lacks expertise and is not reliable testimony within the meaning of Rule 702." *Id.* The court reached this conclusion because the expert failed to explain why a cost methodology was an appropriate measure for a brand or trademark. *Id.* The expert provided "no discernable 'principles' or 'methods' in this analysis." *Id.* at *11. Ms. Trexler's report fails for exactly the same reason here.

Second, Defendants cannot meet their burden to prove that the cost of the script for *Servant* represents its proportional value in *Servant*. "Cost-based apportionment is inappropriate if the cost of some elements may not represent their value." *In re Avaya Inc.*, No. 17-10089, 2018 WL 1940381, at *9 (Bankr. S.D.N.Y. Apr. 23, 2018), *aff'd,* 602 B.R. 445 (S.D.N.Y. 2019). Here again, Ms. Trexler is silent about why the cost for the script represents the value of the elements, like the story, characters, and theme, in *Servant* especially when she admits that "there are other infringing aspects beyond the Scripts." Ex. B at ¶ 9, n.12. Even despite this silence, the undisputed evidence shows that cost in this case does not equal value.

[redacted] for profits from

*Servant* than the script with the story, characters, and theme elements for the show. *Id.* This absurd result alone reveals the elementary flaw in Ms. Trexler's method for this case.

The fundamental impropriety of using proportional costs as a proxy for value in this context is also made clear when considered in the broader context of profits and such costs in creating television shows. Not every television show generates significant profits like *Servant*. In fact, some shows make no profits. Yet every television show will incur transportation costs, among other commodity expenses. Ms. Trexler has made no showing that profits for a successful show are proportionally tied to the transportation costs, or that an unsuccessful show would somehow have less valuable transportation costs. Put simply, cost does not equal value, especially in this context. *See Frank Music Corp.*, 886 F.2d at 1548 (finding error when defendant relied on a quantitative comparison of component parts in a copyright infringement damages analysis that fails "to consider the relative quality or drawing power of the show's various component parts."). As in *Frank Music*, Ms. Trexler's analysis ignores the quality or drawing power from the script, among other elements that the Defendants copied. And Ms. Trexler has provided zero support for her method otherwise.

The Ninth Circuit's *Frank Music* decision is key for another reason too. *Id.* There, the defendant infringed the plaintiff's copyrighted dramatic musical play through a musical revue at a Las Vegas casino hotel theatre. *Id.* at 1547-1548. At trial, 25% of the profits of the infringing musical revue segment were apportioned for the infringing elements and 75% of the profits were credited to the defendant's non-infringing creative efforts at staging the production. *Id.* at 1548-49. The Ninth Circuit vacated the district court's damages award, finding that this apportionment was wrong as a matter of law. *Id.* at 1549-50. The court explained that "a defendant's efforts in staging an infringing production will generally not support

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

more than *a de minimis deduction* from the plaintiff's share of the profits." *Id.* at 1549 (emphasis added). Even based on the district court's finding that the defendant's staging contributions "were substantial," the Ninth Circuit held that 75% of the profits must be apportioned to the plaintiff and only 25% allocated to the defendants' staging. *Id.* at 1550.

*Frank Music* illuminates the unreliability in Ms. Trexler's analysis. Far from a "de minimis deduction," Ms. Trexler's cost-based method maximizes a ▮ deduction to the Defendants. Or looked at differently, if 25% was *de minimis* and wrong as a matter of law in *Frank Music*, then ▮ is even more so here. That Ms. Trexler could only manufacture such a low (and legally wrong) apportionment percentage from a cost-based method that failed to even consider the relative drawing power of the components costs underscores the unreliability of her testimony.

Finally, the cost of the *script* is not a fair proxy for the value of Defendants' copying of Ms. Gregorini's *film*. "[T]he Ninth Circuit has precluded as unreliable the testimony of experts whose analysis 'rests on unsupported assumptions,' particularly those later contradicted by discovery." *Kaseberg v. Conaco, LLC*, Case No. 15-CV-1637, 2019 WL 1641161, *5 (S.D. Cal. Apr. 16, 2019) (quoting *McGlinchy*, 845 F.2d at 807) (excluding expert testimony as unreliable and irrelevant). And courts exclude apportionment opinions when the expert inaccurately measures the infringing feature. *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561, 2011 WL 6055505, at *6 (N.D. Cal. Dec. 6, 2011) (excluding expert who failed to explain apportionment); *Pelican Int'l, Inc. v. Hobie Cat Co.*, 655 F. Supp. 3d 1002, 1046 (S.D. Cal. 2023) (excluding expert who failed to explain apportionment between infringing and non-infringing elements). The Defendants cannot establish reliability because Ms. Trexler measured the wrong thing.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

Ms. Trexler's analysis assumes that the written script measures the infringement, even though she recognized that Ms. Gregorini "alleges that there are other infringing aspects beyond the Scripts" to *Servant* episodes 1-3. Ex. B at ¶ 9, n.12. The Defendants' infringement includes visual expressive elements in *Servant* copied from the *Emanuel* film. The written *Servant* script does not capture all those visual elements that the *Servant* television episodes copied from the film. Ms. Trexler's apportionment opinion is underinclusive as a result. Nor does Ms. Trexler offer any explanation or support for why the scripts serve as a reliable proxy for the infringement under these circumstances. Thus, Ms. Trexler's analysis does not reliably measure the infringement. *See, e.g.*, *McGlinchy v. Shell Chem Co.*, 845 F.2d 802, 806-07 (9th Cir. 1988) (affirming exclusion of "hopelessly flawed" expert testimony on damages where expert's analysis "rests on unsupported assumptions and ignores distinctions crucial to arriving at a valid conclusion").

Under these considerations, Defendants cannot prove that Ms. Trexler's cost-based apportionment method is reliable, and the Court should preclude Ms. Trexler from offering her apportionment opinion to the jury.

## CONCLUSION

Courts only allow cost-based apportionment methods based a case-specific showing of reliability. Here, Defendants have made no showing that Ms. Trexler's methodology is reliable. Instead, the case-specific facts reveal the inherent unreliability in such a method to a series like *Servant*. The Court, as gatekeeper, should preclude the Defendants from offering Ms. Trexler's apportionment opinion to the jury as a result.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

Dated: October 11, 2024

**ROBINS KAPLAN LLP**

By: */s/ Patrick M. Arenz*
     Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE EXPERT TESTIMONY
ABOUT APPORTIONMENT OF PROFITS

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone:  310 552 0130
Facsimile:   310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | **CERTIFICATE OF COMPLIANCE** |
| v. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | Date:    November 15, 2024<br>Time:   2:00 P.M.<br>Dept.:   Courtroom 2 |
| Defendants. | |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

CERTIFICATE OF COMPLIANCE

1  The undersigned, counsel of record for Plaintiff Francesca Gregorini,
2  certifies that this brief contains 10 pages, which complies with the page limit set
3  by court order dated August 26, 2022.

Dated: October 11, 2024                ROBINS KAPLAN LLP

                                       By: */s/ Patrick M. Arenz*
                                           Patrick M. Arenz

                                       Attorneys for Plaintiff
                                       Francesca Gregorini