UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:20-cv-00406-SSS-JCx | Date | December 20, 2024 |
|---|---|---|---|
| Title | *Francesca Gregorini v. Apple, Inc., et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER REGARDING PRE-TRIAL MATTERS**

In parties' briefing and filed exhibits regarding Defendants' Motion for Summary Judgment [Dkt. 180] and Plaintiff's Motion in Limine No. 3 [Dkt. 269], the parties have provided arguments and evidence regarding the validity of Gregorini's copyright registration for *Emanuel*.

In reviewing these materials, the Court is partial to finding Gregorini has demonstrated a valid copyright in the Emanuel screenplay as a matter of law.  The Screenplay Agreement clearly states ownership of the screenplay is vested solely in Gregorini.  Additionally, Thorp does not dispute the contract or Gregorini's categorization of events, instead attesting the Emanuel screenplay "was all Francesca" and her contribution was a "very basic one liner."

Under Rule 56(f), the Court may consider summary judgment on its own after giving notice and reasonable time to respond, and identifying the material facts that may not genuinely be in dispute.  The Court **DIRECTS** parties to submit briefing, no longer than 10 pages, exclusively discussing the validity of Gregorini's copyright ownership, or the first element of a copyright infringement claim, **by noon on January 3, 2025**.

Additionally, parties generally discuss Thorp's involvement in Emanuel throughout their pre-trial filings, and aforementioned Motion for Summary Judgment and Motion in Limine. The Court is concerned with the potential for this dispute to confuse the jury in deciding the central issue of copyright infringement.

Pending the Court's decision on the Rule 56(f) Summary Judgment, the Court suggests parties agree to a stipulation regarding Thorp's involvement as follows:

1) Gregorini received the idea of an "indie thriller about a woman who creates a delusion in which she believes her child is still alive" from a friend.
2) This idea is unprotectable.
3) The Court has found Gregorini has a valid copyright in Emanuel.

The Court finds this is sufficient for Defendants' purposes – i.e., substantial similarity and Gregorini's credibility. [See Dkt. 292, Defendants' Opposition to Gregorini's MIL No. 3]. The other proposed uses of Thorp's involvement – copyright validity and unclean hands – will be decided by the Court. [Id.]. The Court also finds this sufficient for Gregorini in that it limits the jury from hearing irrelevant information that is potentially prejudicial to her. [See Dkt. 269, Gregorini's MIL No. 3]. Pending the Court's decision on the Rule 56(f) Summary Judgment, the Court finds this stipulation will permit the jury to focus on copying and unlawful appropriation, or the disputed elements of copyright infringement. The Court **DIRECTS** parties to meet and confer regarding the stipulation and if necessary, submit responses, no longer than three pages, **by noon on January 3, 2025**.

The Court further **ORDERS** parties to meet and confer in order to further agree to disputed jury instructions, including the Court's suggested substantial similarity instruction, competing verdict forms, and separate witness lists. The Court **DIRECTS** parties to submit updated jury instructions, verdict form, and to prepare a joint witness list **by noon on January 3, 2025**.

All of the above matters are set for **hearing on January 7, 2025 at 8:30 A.M in person** and lead counsel is **ORDERED** to appear. If the jury instructions and verdict form are still presented in a manner unacceptable to the Court, lead counsel should be prepared to remain after the January 7th hearing until 8:30 P.M. or finalized. If not finalized on January 7th, lead counsel is **ORDERED** to appear

on January 8th from 8:30 A.M. to 8:30 P.M and every day thereafter until the jury instructions and verdict forms are finalized.

**IT IS SO ORDERED.**