| | |
|---|---|
| 1 | **ROBINS KAPLAN LLP** |
| 2 | Michael A. Geibelson (SBN 179970)<br>MGeibelson@RobinsKaplan.com |
| 3 | Patrick M. Arenz *(Pro hac vice)*<br>PArenz@RobinsKaplan.com |
| 4 | Emily E. Niles *(Pro hac vice)*<br>ENiles@RobinsKaplan.com |
| 5 | Annie Huang *(Pro hac vice)*<br>AHuang@RobinsKaplan.com |
| 6 | Prateek N. Viswanathan *(Pro hac vice)*<br>PViswanathan@RobinsKaplan.com |
| 7 | 2121 Avenue of the Stars |
| 8 | Suite 2800<br>Los Angeles, California 90067 |
| 9 | Telephone: 310 552 0130<br>Facsimile: 310 229 5800 |
| 10 | *Attorneys for Plaintiff Francesca Gregorini* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Francesca Gregorini,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**PLAINTIFF FRANCESCA GREGORINI'S RESPONSE TO COURT ORDER (DKT. 361) DIRECTING BRIEFING ON THE VALIDITY OF MS. GREGORINI'S COPYRIGHT OWNERSHIP IN *THE TRUTH ABOUT EMANUEL***<br><br>Date:　　January 7, 2025<br>Time:　　8:30 A.M.<br>Dept.:　　Courtroom 2 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. BACKGROUND .................................................................................................1

    A. Ms. Thorp floated a "very basic one liner" of an idea to Ms. Gregorini in a brief phone call. ..............................................................1

    B. Ms. Gregorini wrote a screenplay centered on a teenage girl who is complicit in a mother's delusion of a doll being her deceased baby. ...........................................................................................................2

    C. Ms. Gregorini and Ms. Thorp signed an agreement that Ms. Gregorini owns 100% of the copyright in *Emanuel*. .............................3

    D. Procedural History ..................................................................................4

III. LEGAL STANDARD .........................................................................................5

IV. ARGUMENT ......................................................................................................6

    A. The undisputed facts show that Ms. Gregorini's copyright registration application contains no inaccuracy. ..................................6

    B. The undisputed facts do not support any inference that Ms. Gregorini intended to defraud the Copyright Office. ...........................8

    C. The undisputed facts reveal that any alleged inaccuracy was immaterial to *Emanuel*'s copyright registration. ..................................9

    D. Any attempt by Defendants to raise new arguments is waived. ..........10

V. CONCLUSION .................................................................................................10

# TABLE OF AUTHORITES

Page(s)

**Cases**

*Albino v. Baca*,
  747 F.3d 1162 (9th Cir. 2014) .................................................................................. 6

*Batiste v. City of Richmond*,
  2024 WL 1485843 (N.D. Cal. Apr. 4, 2024) ............................................................ 6

*CAO Lighting, Inc. v. Feit Elec. Co., Inc.*,
  2023 WL 3316997 (C.D. Cal. Mar. 16, 2023) .......................................................... 8

*Contreras v. City of Los Angeles*,
  2012 WL 12886488 (C.D. Cal. June 22, 2012), *aff'd,* 603 F. App'x
  530 (9th Cir. 2015) ................................................................................................ 10

*Ets-Hokin v. Skyy Spirits, Inc.*,
  225 F.3d 1068 (9th Cir. 2000) .................................................................................. 7

*Feist Publ'ns v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) ................................................................................................. 6

*Gonzales v. CarMax Auto Superstores, LLC*,
  840 F.3d 644 (9th Cir. 2016) .................................................................................... 6

*Herbert Rosenthal Jewelry Corp. v. Kalpakian*,
  446 F.2d 738 (9th Cir. 1971) .................................................................................... 7

*Hunt v. Cnty. of Orange, No.*,
  2010 WL 11610319 (C.D. Cal. May 13, 2010), *aff'd*, 672 F.3d 606
  (9th Cir. 2012) ....................................................................................................... 10

*Roblox Corp. v. WowWee Grp. Ltd.*,
  2024 WL 4057403 (N.D. Cal. Sept. 3, 2024) ........................................................... 9

*S. California Retail Clerks Union & Food Employers Joint Pension Tr.*
  *Fund v. Bjorklund*,
  728 F.2d 1262 (9th Cir. 1984) ................................................................................ 10

*S.O.S., Inc. v. Payday, Inc.*,
  886 F.2d 1081 (9th Cir. 1989) .................................................................................. 7

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

-ii-

PLAINTIFF'S RESPONSE TO COURT ORDER
(DKT. 361) REGARDING THE VALIDITY OF
MS. GREGORINI'S COPYRIGHT OWNERSHIP

*Therasense v. Becton, Dickinson and Co.*,
  649 F.3d 1276, 1290 (Fed. Cir. 2011) ............................................................... 8

*Unicolors v. H&M Hennes & Mauritz*,
  52 F.4th 1054 (9th Cir. 2022) .............................................................. 6, 8, 9

*Vila v. Deadly Doll, Inc.*,
  2023 WL 2655908 (C.D. Cal. Mar. 27, 2023) ...................................................... 7

*Whitaker v. Shokrian*,
  2022 WL 2035978 (C.D. Cal. Apr. 22, 2022) ....................................................... 6

*Yellowcake, Inc. v. Morena Music, Inc.*,
  522 F. Supp. 3d 747 (E.D. Cal. 2021) ................................................................ 7

**Statutes**

17 U.S.C.
  § 102(a) ................................................................................................................ 7
  § 409(9) ....................................................................................................... 4, 5, 7
  § 411(b)(2) .......................................................................................................... 9

**Rules**

Fed. R. Civ. P. 56(f) ............................................................................. 1, 4, 6, 10

**Other Authorities**

Melville & David Nimmer, 4 Nimmer on Copyright § 13.09[B] ........................... 9

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

-iii-

PLAINTIFF'S RESPONSE TO COURT ORDER
(DKT. 361) REGARDING THE VALIDITY OF
MS. GREGORINI'S COPYRIGHT OWNERSHIP

## I. INTRODUCTION

More than a decade ago in 2011, Plaintiff Francesca Gregorini and Sarah Thorp signed an agreement establishing that Ms. Gregorini is the sole—"100%"—owner of the screenplay for *The Truth About Emanuel* (*Emanuel*), including the copyright interest in the work. Indeed, Ms. Thorp has never even claimed to be a co-author of *Emanuel*. She has never disputed Ms. Gregorini's copyright ownership in any way. And she has never provided anyone involved in this case with a script or anything in a fixed medium that could qualify as a preexisting work expressing the "very basic one-liner" that she orally shared with Ms. Gregorini. The Court properly declined to find Ms. Gregorini's copyright invalid based on "a mere idea" from Ms. Thorp. Dkt. 337 at 6. The Court should not allow Defendants to distract the jury over a dispute that does not exist. Thus, the Court should grant summary judgment under Rule 56(f) and find that Ms. Gregorini's copyright ownership in *Emanuel* is valid.

## II. BACKGROUND

### A. Ms. Thorp floated a "very basic one liner" of an idea to Ms. Gregorini in a brief phone call.

After Ms. Thorp watched a screening of Ms. Gregorini's first film, *Tanner Hall*, the two friends had a brief phone call in January 2009 about several ideas Ms. Thorp had for the two of them to potentially collaborate on a film or television project. Dkt. 286 at ¶ 355; Dkt. 272-10 at 167:20-25. The discussion lasted less than five minutes. Dkt. 286 at ¶ 355. Even according to Ms. Thorp, one idea was a "very basic one liner" about "an indie thriller about a woman who creates a delusion in which she believes her child is still alive" that Ms. Thorp orally shared with Ms. Gregorini. Dkt. 194-3 at 23:20-23; Dkt. 337 at 5. The mother, who was on the run, was the only character that could see the deceased school-aged child; however, the audience would be unaware that the child did not really exist. Dkt. 286 at ¶ 359.

The record is undisputed that Ms. Thorp did *not* share her idea in writing such as an email, treatment, or script with Ms. Gregorini. Dkt. 286 at ¶ 357. Ms. Thorp

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

-1-

PLAINTIFF'S RESPONSE TO COURT ORDER
(DKT. 361) REGARDING THE VALIDITY OF
MS. GREGORINI'S COPYRIGHT OWNERSHIP

admits that her "idea was not completely fully formed" and she did not have a script when she discussed her idea with Ms. Gregorini. Dkt. 286 at ¶ 356; Dkt. 272-11 at 25:25-26:5, 85:23-86:3, 92:19-20, 154:7-10. In fact, no script written by Ms. Thorp (if one even exists) related to this passing conversation in January 2009 has ever been shared with Ms. Gregorini or even produced in this case. Dkt. 286 at ¶ 357.

### B. Ms. Gregorini wrote a screenplay centered on a teenage girl who is complicit in a mother's delusion of a doll being her deceased baby.

After the brief phone call with Ms. Thorp, Ms. Gregorini shared ideas that "took her in a different direction." Dkt. 272-11 at 53:6-9. Ms. Gregorini pursued a different story idea that focused on the point of view of a troubled teenager who forms a connection with a mother who is parenting a baby doll as if it were her living baby. This teenager is hired to nanny the doll as if it were a living baby. Dkt. 272-10 at 174:19-175:3; Dkt. 272-11 at 45:6-9, 50:2-4. Even Ms. Thorp admits that the plot arc involving a teenager complicit in the mother's delusion in caring for a doll the mother believes is her baby "was all Francesca." Dkt. 286 at ¶ 361; Dkt. 337 at 5.

Ms. Gregorini then wrote a screenplay adding plot, characters, scenes, and dialogue for the story that she wanted to tell from the teenager's point of view. Dkt. 337 at 5. After Ms. Gregorini completed a first draft of the *Emanuel* screenplay in October 2009, she shared the "full script" with Ms. Thorp, who thought it "was very complete and very well done." Dkt. 272-11 at 104:13-25. Ms. Thorp concedes that she did not write a single word or develop the *Emanuel* screenplay, as she viewed it as Ms. Gregorini's own project. Dkt. 286 at ¶ 358; Dkt. 272-11 at 97:18-23, 150:20-24. Ms. Gregorini directed and produced the feature length-indie film without assistance from Ms. Thorp. Dkt. 286 at ¶¶ 291, 358.

Ms. Thorp felt hurt because of the lost opportunity to collaborate with her friend, Ms. Gregorini. But Ms. Thorp "didn't feel that there was any legal issue between" her and Ms. Gregorini. Dkt. 272-12 at 59:19-24. In fact, Ms. Thorp "didn't feel that [she] owned that germ of an idea" that she had shared with Ms.

Gregorini as there was neither a teenage nanny nor a doll in Ms. Thorp's idea. Dkt. 286 at ¶ 360. Even so, and based on her friendship with Ms. Thorp, Ms. Gregorini offered to share a co-story and co-producer credit. Dkt. 272-12 at 57:18-58:5.

### C. Ms. Gregorini and Ms. Thorp signed an agreement that Ms. Gregorini owns 100% of the copyright in *Emanuel*.

To try to protect their long friendship, and to resolve potential disputes about the story ideas they had shared between themselves, Ms. Thorp and Ms. Gregorini executed an agreement. Dkt. 286 at ¶ 361. Ms. Gregorini wanted to make sure she had sole ownership of her screenplay for *Emanuel* and the right to use any portion of the story idea that Ms. Thorp and Ms. Gregorini discussed in the screenplay, while ensuring that Ms. Thorp could pursue her own projects related to the different story about a school-age child. Dkt. 272-10 at 233:10-20, 236:5-19. Ms. Thorp agreed to a co-story and co-producer credit for *Emanuel*. Dkt. 272-11 at 97:18-23.

Ms. Gregorini and Ms. Thorp memorialized their agreement in the Amended and Restated Screenplay Purchase Agreement (the Agreement), where "Screenplay" is defined as "original screenplay written by Gregorini currently entitled 'Emanuel and the Truth About Fishes'"[1] and "Story" is defined as "original story written by Gregorini and Thorp (the 'Story') upon which the Screenplay is based." Dkt. 272-14 at 1. In the Writers Guild of America's (WGA) Screen Credits Manual a "story" and "screenplay" are different contributions:

- "Story" means a writing contribution "*distinct from screenplay and consisting of basic narrative, idea*, theme or outline indicating character development and action" and
- "Screenplay" is described as "consist[ing] of individual scenes and full dialogue, together with such prior treatment, basic adaption, continuity, scenario, and dialogue as shall be used in, and represent substantial contributions to the final script."

Dkt. 272-12 at 22 (emphasis added). In the Agreement, Mr. Gregorini and Ms. Thorp agreed that Ms. Gregorini was the sole—"100%"—owner in the *Emanuel*

---

[1] The title of the Screenplay was later changed to *The Truth About Emanuel*.

screenplay, including the copyright interest. Dkt. 272-14 at ¶ 3.0(b). This Agreement also states that Ms. Gregorini "is the sole author of the Screenplay" and "is the sole and exclusive owner and proprietor throughout the universe of the Screenplay and any and all rights in and to the Screenplay granted to Producer herein[.]" Dkt. 272-14 at ¶ 13.0(b). This Agreement otherwise ensured that Ms. Thorp could pursue her different idea, if she chose, by noting that she owned the idea in her story.

Before Ms. Gregorini filed this suit, she filed the copyright application for *Emanuel*, which was approved by the U.S. Copyright Office on November 22, 2019.[2] Dkt. 286 at ¶ 225.

### D.  Procedural History

On September 27, 2023, Defendants deposed Ms. Thorp for nearly a full day and obtained no testimony disputing Ms. Gregorini's sole ownership of the copyright in the *Emanuel* screenplay. Ms. Thorp's testimony also confirmed that she did not contribute to the production of the film. Dkt. 272-11 at 103:8-104:25.

On July 12, 2024, Defendants moved for summary judgment arguing that that Ms. Gregorini's copyright registration in *Emanuel* is invalid because she is not the sole author of *Emanuel*, "preexisting work or works" should have been disclosed under 17 U.S.C. § 409(9), and Ms. Thorp should have been included as an author in the copyright registration for *Emanuel*. Dkt. 180 at 10. In opposing Defendants' summary judgment motion, Ms. Gregorini raised that granting summary judgment in her favor under Rule 56(f) would be appropriate to avoid digressions over this meritless dispute at trial. Dkt. 194 at 6.

On October 25, 2024, Defendants filed their Memorandum of Contentions of Fact and Law and reiterated the same arguments about Ms. Thorp as their only dispute over Ms. Gregorini's ownership of a valid copyright. Dkt. 305 at 5-6.

---

[2] The author for the copyright application for the film was Emanuel Films, LLC and Ms. Gregorini is the copyright claimant through transfer by assignment.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

-4-

PLAINTIFF'S RESPONSE TO COURT ORDER
(DKT. 361) REGARDING THE VALIDITY OF
MS. GREGORINI'S COPYRIGHT OWNERSHIP

On November 15, 2024, the parties submitted the [Proposed] Final Pretrial Conference Order. Defendants repeated the same arguments as their summary judgment motion and their Memorandum of Contentions of Fact and Law about Ms. Thorp and alleged misrepresentations to the Copyright Office. Dkt. 326-1 at 11 n.3.

On November 25, 2024, the Court denied Defendants' motion for summary judgment. The Court found that Defendants did not allege or point to any facts establishing that *Emanuel* is a derivative work or compilation under 17 U.S.C. § 409(9) and thus did not meet their burden in showing that Ms. Gregorini registered her copyright with an inaccuracy. Dkt. 337 at 5-6 ("The Court is dubious Gregorini was required to disclose Thorp's minimal involvement in *Emanuel*."). The Court declined to find Ms. Gregorini's copyright invalid based on a "very basic one liner" or "a mere idea" from Ms. Thorp that she "lent" to Ms. Gregorini. Dkt. 337 at 6.

At the Final Pretrial Conference, the Court directed the parties only to submit further "briefing" for the purpose of "exclusively discussing the validity of Gregorini's copyright ownership, or the first element of a copyright infringement claim" based on the record "presented in Defendants' Motion for Summary Judgment and Plaintiff's Motion in Limine No. 3." Dkt. 361 at 1; Dec. 20, 2024, Hearing Tr. at 16:1-17:3. Near 10:00 p.m. last evening, Defendants for the first time disclosed their intent to submit additional evidence outside the summary judgment and in limine record. Ms. Gregorini objects to Defendants' improper efforts to supplement the record to raise new arguments, theories, or evidence that Ms. Gregorini had no notice of and has no opportunity to respond to.[3]

### III.  LEGAL STANDARD

While the Court has already determined that Defendants cannot prove Ms. Gregorini's copyright is invalid as a matter of law, the Court may now determine that Ms. Gregorini owns a valid copyright as a matter of law. Under Federal Rule of

---

[3] Defendants also did not comply with the three-day notice requirement under L.R. 79-5.2.2(b) for filing materials designated by another party under seal.

Civil Procedure 56(f), the Court may sua sponte enter summary judgment for the nonmoving party when the moving party had a full and fair opportunity to prove its case, but failed in doing so. *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (citing cases). Here, the Court may grant summary judgment in this manner if (1) drawing all inferences in favor of Defendants, there are no genuine issues of material fact, (2) Defendants have been given reasonable notice that the sufficiency of their claim will be in issue, and (3) Ms. Gregorini is entitled to summary judgment as a matter of law. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 654-55 (9th Cir. 2016); *Batiste v. City of Richmond*, 2024 WL 1485843, at *1 (N.D. Cal. Apr. 4, 2024); *Whitaker v. Shokrian*, 2022 WL 2035978, at *4 (C.D. Cal. Apr. 22, 2022). Granting partial summary judgment under Rule 56(f) will lead to a more efficient trial and streamline issues for the jury.

## IV. ARGUMENT

A copyright infringement action involves two elements: (1) ownership of a valid copyright, and (2) copying. *Feist Publ'ns v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To invalidate a copyright registration under the first element requires proving three elements: (1) that Ms. Gregorini submitted an inaccurate application; (2) with knowledge that of the inaccuracies; and (3) the inaccuracies were material to the registration. *Unicolors v. H&M Hennes & Mauritz*, 52 F.4th 1054, 1067 (9th Cir. 2022) (explaining that "[w]hether a copyright is properly registered is rarely disputed"). This is known as "fraud on the Copyright Office." *Id.* at 1066. The undisputed facts prevent Defendants from proving *any* of these elements. The Court should grant summary judgment that Ms. Gregorini owns a valid copyright, which will streamline trial and focus the jury on the parties' genuine disputes.

### A. The undisputed facts show that Ms. Gregorini's copyright registration application contains no inaccuracy.

Under basic principles of copyright law, Defendants' argument that Ms. Gregorini's copyright registration application is inaccurate because she did not

1  disclose "any preexisting work or works that it is based on" has no merit. Dkt. 180
2  at 10 (citing 17 U.S.C. § 409(9)). To qualify as a preexisting work under § 409(9),
3  "the underlying work must be copyrightable." *Ets-Hokin v. Skyy Spirits, Inc.*, 225
4  F.3d 1068, 1078–79 (9th Cir. 2000); *Vila v. Deadly Doll, Inc.*, 2023 WL 2655908,
5  at *4 (C.D. Cal. Mar. 27, 2023).[4] Yet copyright law does not protect ideas, only
6  "the particular 'expression' of an idea." *Herbert Rosenthal Jewelry Corp. v.
7  Kalpakian*, 446 F.2d 738, 741 (9th Cir. 1971). And to qualify as an author for a
8  copyright registration, an individual needs to contribute to the original expression in
9  a *fixed medium*. 17 U.S.C. § 102(a); *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F.
10 Supp. 3d 747, 762 (E.D. Cal. 2021) (quoting *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d
11 1081, 1087 (9th Cir. 1989) ("[T]o be an author one must supply more than mere
12 direction or ideas; one must 'translate an idea into a fixed tangible expression
13 entitled to copyright protection.'"). Ms. Thorp's "very basic one liner" that she
14 orally passed onto Ms. Gregorini is a quintessential example of an unprotectable
15 idea that is not copyrightable. It therefore cannot qualify as a preexisting work
16 under § 409(9). *Ets-Hokin*, 225 F.3d at 1078–79.

17       To understand how meritless Defendants' argument is, they have not even
18 identified *any* preexisting work that Ms. Gregorini could have disclosed to the
19 Copyright Office. The record is undisputed that Ms. Thorp never shared an outline,
20 screenplay, or any type of expression in a fixed medium with Ms. Gregorini. Dkt.
21 286 at ¶ 357. This omission is not only fatal to Defendants' argument; this omission
22 renders their argument frivolous. Put simply, *Emanuel* cannot be a derivative work
23 or a compilation of a preexisting work that does not exist.

24       That Ms. Thorp does not even dispute that Ms. Gregorini is the sole author of
25 the *Emanuel* screenplay only reinforces that Defendants' challenge to Ms.
26 Gregorini's copyright ownership is improperly contrived as a litigation defense.

---

[4] A "preexisting work or works" is a prerequisite for both derivative works and compilations, and thus dispositive of Defendants' argument here. Even so, *Emanuel* is neither a derivative work nor a compilation under the Copyright Act.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

-7-

PLAINTIFF'S RESPONSE TO COURT ORDER
(DKT. 361) REGARDING THE VALIDITY OF
MS. GREGORINI'S COPYRIGHT OWNERSHIP

Dkt. 286 at ¶¶ 358, 361; Dkt. 272-14 at ¶ 13.0(b). Because there is no inaccuracy in the copyright registration for *Emanuel*, the Court should grant partial summary judgment and find that Ms. Gregorini owns a valid copyright for *Emanuel*.

### B. The undisputed facts do not support any inference that Ms. Gregorini intended to defraud the Copyright Office.

Defendants have also failed as a matter of law to prove that Ms. Gregorini had any intent to defraud the Copyright Office. *Unicolors*, 52 F.4th at 1069 (explaining that lack of intent to defraud means lack of knowledge about inaccuracies). "Fraud on the Copyright Office" is like an inequitable conduct defense in patent cases (previously called "Fraud on the Patent Office"), where intent to deceive the Patent Office must be "the single most reasonable inference able to be drawn from the evidence." *Therasense v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). When multiple reasonable inferences may be drawn, intent to deceive cannot be found. *Id.* at 1290-1291; *see also CAO Lighting, Inc. v. Feit Elec. Co., Inc.*, 2023 WL 3316997, at *4 (C.D. Cal. Mar. 16, 2023) (granting summary judgment of no inequitable conduct because the evidence "does not establish inequitable conduct as the single most likely inference"). Defendants fall far short of that high bar based on the undisputed record.

Ms. Thorp concedes that "100%" of the copyright interest in the *Emanuel* screenplay belongs to Ms. Gregorini. Dkt. 286 at ¶ 362; Dkt. 272-14 at ¶ 3.0(b). No intent to defraud the Copyright Office can exist because both Ms. Gregorini and Ms. Thorp believe—then and now—that Ms. Gregorini alone owns the copyright to *Emanuel* screenplay. Nor was there any concealment of Ms. Thorp's contributions as Defendants claim. Her name appears with co-story and co-producer credits in *Emanuel*, which was deposited with the Copyright Office with the registration. Dkt. 180-94. The undisputed facts do not support any plausible inference that Ms. Gregorini intended to defraud the Copyright Office when Ms. Thorp agrees—after

receiving and reading a draft of the *Emanuel* screenplay—that Ms. Gregorini is the sole author and has no interest in the copyright to *Emanuel*. Dkt. 286 at ¶ 363.

### C. The undisputed facts reveal that any alleged inaccuracy was immaterial to *Emanuel*'s copyright registration.

With no inaccuracy in *Emanuel*'s copyright registration and no intent to defraud the Copyright Office, Defendants also cannot prove materiality as a matter of law. To determine whether an inaccuracy is material, the issue is whether the Copyright Office would have done anything differently. *Unicolors*, 52 F.4th at 1064 ("The scope of an inaccuracy's materiality is determined by making a statutorily mandated request of 'the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register ... to refuse registration.'") (citing 17 U.S.C. § 411(b)(2)). The answer is no. *Even if* some unknown preexisting work were mentioned in the application, the Copyright Office *still* would have approved Ms. Gregorini's registration in her name only because both Ms. Thorp and Ms. Gregorini agree that Ms. Gregorini owns 100% of the copyright in *Emanuel*. Dkt. 286 at ¶ 362; Dkt. 272-14 at ¶ 3.0(b). Put differently, the Copyright Office's response would remain identical to its recognition now that Ms. Gregorini is the sole owner in the copyright to *Emanuel*.

Other courts have taken even stronger positions rejecting arguments that an admitted error over authorship was no basis to disrupt a copyright owner's infringement claim. See, e.g., *Roblox Corp. v. WowWee Grp. Ltd.,* 2024 WL 4057403, at *9-10 (N.D. Cal. Sept. 3, 2024) (citing 4 Nimmer on Copyright § 13.09[B]) (granting summary judgment on affirmative defense of unclean hands finding that an admission of errors in the listing of authors in the copyright registration was not a serious transgression). The Defendants' argument here is even weaker than *Roblox* because there is no admitted error over authorship. To the contrary, Ms. Thorp agrees that Ms. Gregorini is the sole author of the *Emanuel* screenplay and sole owner of the copyright.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

-9-

PLAINTIFF'S RESPONSE TO COURT ORDER
(DKT. 361) REGARDING THE VALIDITY OF
MS. GREGORINI'S COPYRIGHT OWNERSHIP

**D.      Any attempt by Defendants to raise new theories is waived.**

The Court should grant summary judgment that Ms. Gregorini owns a valid copyright in *Emanuel*. Defendants have raised no other theory or challenge to Ms. Gregorini's ownership of her copyright in *Emanuel* at any point in this litigation. Defendants raised no fact or evidentiary dispute in their memorandum of contentions of fact and law (Dkt. 305 at 5-6) or the parties' joint Final Pretrial Conference Statement (Dkt. 326-1 at 11 n.3). Thus, if Defendants continue their scorched-earth defense and now seek to raise new issues or theories only after the Court expressed inclination to grant summary judgment against them—which it appears Defendants intend to do based on their disclosure late yesterday evening—then the Court should find those new arguments waived. *See S. California Retail Clerks Union & Food Employers Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984) (consistently holding "that issues not preserved in the pretrial order have been eliminated from the action."); *Hunt v. Cnty. of Orange, No.,* 2010 WL 11610319, at *16–17 (C.D. Cal. May 13, 2010), *aff'd*, 672 F.3d 606 (9th Cir. 2012) (finding claim abandoned "because it was not included in the pretrial order" and memorandum of contentions of fact and law); *Contreras v. City of Los Angeles*, 2012 WL 12886488, at *3 (C.D. Cal. June 22, 2012), *aff'd,* 603 F. App'x 530 (9th Cir. 2015) ("pretrial orders are binding on the parties and limit the legal theories that may be pursued at trial").

**V.      CONCLUSION**

The Court should only present the claims and defenses in genuine dispute for the jury to resolve. Ms. Gregorini's ownership of a valid copyright is not one of them. Ms. Thorp has never claimed to qualify as a co-author of *Emanuel.* Nor has she ever produced a script that qualifies as a preexisting work that was shared with Ms. Gregorini. She agrees that Ms. Gregorini is the sole author, owner, and copyright holder for the *Emanuel* screenplay. Under Rule 56(f), the Court should grant partial summary judgment and find that Ms. Gregorini's copyright ownership is valid.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

-10-

PLAINTIFF'S RESPONSE TO COURT ORDER
(DKT. 361) REGARDING THE VALIDITY OF
MS. GREGORINI'S COPYRIGHT OWNERSHIP

Dated: January 3, 2025                    ROBINS KAPLAN LLP

By: */s/ Patrick M. Arenz*
  Patrick M. Arenz

  Attorneys for Plaintiff
  Francesca Gregorini

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

-11-

PLAINTIFF'S RESPONSE TO COURT ORDER
(DKT. 361) REGARDING THE VALIDITY OF
MS. GREGORINI'S COPYRIGHT OWNERSHIP

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini, | Case No. 2:20-cv-00406-SSS-JC |
| Plaintiff, | **CERTIFICATE OF COMPLIANCE** |
| v. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive, | Date: January 7, 2025<br>Time: 8:30 A.M.<br>Dept.: Courtroom 2 |
| Defendants. | |

The undersigned, counsel of record for Plaintiff Francesca Gregorini, certifies that this brief contains 10 pages, which complies with the page limit set by court order dated December 20, 2024.

Dated: January 3, 2025

ROBINS KAPLAN LLP

By: */s/ Patrick M. Arenz*
Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini