**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Prateek N. Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**PLAINTIFF FRANCESCA GREGORINI'S RESPONSE TO COURT ORDER (DKT. 361) OVER PROPOSED STIPULATION**<br><br>Date:　　January 7, 2025<br>Time:　　8:30 A.M.<br>Dept.:　　Courtroom 2 |

**INTRODUCTION**

Ms. Gregorini agrees with the Court's proposed solution to resolve the potential for the dispute about Sara Thorp's involvement to confuse the jury in deciding the central issue of copyright infringement. Because Defendants refuse to agree, Ms. Gregorini asks the Court to enter the proposed solution as its order on pending Motion in Limine No. 3 to avoid unfair prejudice to Ms. Gregorini. Federal Rule of Civil Procedure 56(g) and Federal Rule of Evidence 403 authorize the Court to do so.

**I.   BACKGROUND**

In January 2009, the undisputed record establishes that Sarah Thorp provided a "very basic one liner" or "a mere idea" to Ms. Gregorini of an "indie thriller about a woman who creates a delusion in which she believes her child is still alive." Dkt. 337 at 5; Dkt. 194-3 at 23:20-23. Later that month, Ms. Gregorini responded to Ms. Thorp that her idea "took her in a different direction." Dkt. 272-11 at 53:6-9; Dkt. 310-5. Because Ms. Thorp was not interested in working on Ms. Gregorini's different idea, Ms. Gregorini wrote a screenplay about it adding plot, characters, scenes, and dialogue for the story. Dkt. 337 at 5. Ms. Gregorini shared her completed screenplay ten months later in November 2009. Dkt. 180-70 at 7; Dkt. 272-11 at 104:13-25. The undisputed record confirms that the plot arc involving a teenager complicit in the mother's delusion in caring for a doll the mother believes is her baby "was all Francesca." Dkt. 286 at ¶ 361; Dkt. 337 at 5. Ms. Thorp also concedes that she did not write a single word or develop the *Emanuel* screenplay, as she viewed it as Ms. Gregorini's own project. Dkt. 286 at ¶ 358; Dkt. 272-11 at 97:18-23, 150:20-24.

Ms. Gregorini and Ms. Thorp have a long history together, including as former intimate partners. *See* Dkt. 272-10 at 164:21-165:11; Dkt. 180-70 at 6. Based on their history, the pair exchanged several emotionally charged emails with each other over the next several weeks. *See, e.g.*, Dkt. 180-70. These emails have

1   nothing to do with elements of any copyright infringement action, as even Ms.
2   Thorp "didn't feel that there was any legal issue between" her and Ms. Gregorini.
3   Dkt. 272-12 at 59:19-24. Indeed, Ms. Gregorini and Ms. Thorp executed an
4   agreement that Ms. Gregorini is the sole—"100%"—owner of the *Emanuel*
5   screenplay, including the copyright interest. Dkt. 272-14 at ¶ 3.0(b).

6   Because of the emotional nature of their email correspondence, and the
7   irrelevance to the actual merits for this case about *Servant*, Ms. Gregorini moved to
8   exclude the emails between Ms. Thorp and Ms. Gregorini that gave rise to their
9   agreement that Ms. Gregorini owns the entire copyright in *Emanuel*. Dkt. 269. The
10  Court took that motion under advisement. Dkt. 346.

11  At the Final Pretrial Conference, the Court proposed a solution for the parties
12  to consider, in the form of a proposed stipulation: (1) Gregorini received the idea of
13  an "indie thriller about a woman who creates a decision in which she believes her
14  child is still alive" from a friend; (2) The idea is unprotectable; (3) The Court has
15  found Gregorini has a valid copyright in *Emanuel*. Dkt. 359; Dkt. 361. The parties
16  met-and-conferred about this solution after the conference. Ms. Gregorini explained
17  to Defendants that she accepts the Court's solution. But Defendants relayed that
18  they will oppose this solution in their response to the Court.

19  **II.   LEGAL STANDARD**

20  The Federal Rules of Civil Procedure and Evidence authorize the Court to
21  implement its proposed stipulation, even over Defendants' objection. To start,
22  Federal Rule of Civil Procedure 56(g) authorizes the Court to accept undisputed
23  facts as true for all purposes in a case. Fed. R. Civ. P. 56(g); *see also Denise S. v.*
24  *Foreman*, No. 2:22-CV-09237, 2024 WL 4494675, at n.3 (C.D. Cal. Oct. 15, 2024).
25  Federal Rule of Evidence 403 then allows the Court to apply its discretion to weigh
26  stipulated (or undisputed) facts against the dangers of undue prejudice and juror
27  confusion. Fed. R. Evid. 403. As the Supreme Court held, the Advisory Committee
28  Notes to Rule 403 "leave no question that when Rule 403 confers discretion by

providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of *evidentiary alternatives*." *Old Chief v. United States*, 519 U.S. 172, 184-85 (1997) (emphasis added). Put differently, the Court may instruct the jury on a stipulated fact as an evidentiary alternative to prejudicial evidence, even over the offering party's objection. *See, e.g.*, *id.*; *Deutsch-Hollandische v. Trendsettah USA, Inc.*, No. 817-CV-00181, 2018 WL 4849708, at *3 (C.D. Cal. May 31, 2018). This Court enjoys "great deference" over its Rule 403 analysis. *See, e.g.*, *Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2020).

### III.   ARGUMENT

The Court's well-reasoned solution appropriately balances the undisputed facts with Defendants' purported relevance arguments and the significant risk of unfair prejudice and confusion over Ms. Thorp. Based on Federal Rule of Civil Procedure 56(g) and Federal Rule of Evidence 403, Ms. Gregorini submits the Court should enter this solution as its order on her pending Motion in Limine No. 3.

Defendants' anticipated response reinforces the need for this solution. For instance, they want to argue that Ms. Gregorini did not "receive" the idea, but "took" it. And they continue to pursue an argument about "concealment" and witness credibility. But the undisputed facts refute this contention. Ms. Gregorini disclosed her new idea to Ms. Thorp in January 2009. Dkt. 310-5. Then after she drafted a screenplay from scratch, Ms. Gregorini shared that draft with Ms. Thorp in November 2009.[1] Dkt. 180-70 at 7. And Ms. Thorp is listed in the film's credits. *See, e.g.* Dkt. 194-4 at 107. There was no concealment. In sum, Defendants have no basis to taint the jury process with this unfair and confusing distraction.

---

[1] Defendants also contend that the "contemporaneous" exhibits refute the Court's solution. Not so. The passing conversation with the "very basic one liner" occurred in January 2009. The disputed email exhibits about that brief conversation take place over *ten months later* starting in November 2009.

Dated: January 3, 2025              ROBINS KAPLAN LLP


By: */s/ Patrick M. Arenz*
    Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**CERTIFICATE OF COMPLIANCE**<br><br>Date:    January 7, 2025<br>Time:   8:30 A.M.<br>Dept.:   Courtroom 2 |

The undersigned, counsel of record for Plaintiff Francesca Gregorini, certifies that this brief contains three pages, which complies with the page limit set by court order dated December 20, 2024.

Dated: January 3, 2025              ROBINS KAPLAN LLP


                                    By: */s/ Patrick M. Arenz*
                                         Patrick M. Arenz

                                    Attorneys for Plaintiff
                                    Francesca Gregorini