**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com
2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone:    310-552-0130
Facsimile:    310-229-5800

*Attorneys for Plaintiff*

**DAVIS WRIGHT TREMAINE LLP**
Nicolas A. Jampol (SBN 244867)
nicolasjampol@dwt.com
Cydney Swofford Freeman (SBN 315766)
cydneyfreeman@dwt.com
Meenakshi Krishnan *(pro hac vice)*
meenakshikrishnan@dwt.com
Carl Mazurek *(pro hac vice)*
carlmazurek@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

**WILMER CULTER PICKERING HALE AND DORR LLP**
Brittany B. Amadi *(Pro hac vice)*
brittany.amadi@wilmerhale.com
Heath A. Brooks *(Pro hac vice)*
heath.brooks@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6022
Fax: (202) 663-6363

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>           Plaintiff,<br><br>      v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**JOINT WITNESS LIST**<br><br>Trial: January 13, 2025 |

The Parties provide this Joint Witness List as required by Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16-5. The Parties discloses the following witnesses that they expect to call to testify at trial and those that may be called if the need arises (as indicated by an "*"), other than those witnesses contemplated for rebuttal or impeachment.

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testi mony |
|---|---|---|---|---|
| Max Aronson* <br><br> *c/o* DAVIS WRIGHT TREMAINE LLP, <br> 865 South Figueroa Street, <br> 24th Floor, <br> Los Angeles, California 90017-2566 <br> 213.633.6800 | Defendants may call Mr. Aronson to testify.  Defendants contend Mr. Aronson may testify about Apple's minimal creative contributions to *Servant*, and his lack of knowledge of *Emanuel*.  Defendants contend Mr. Aronson has unique testimony because he was the individual primarily responsible for conveying any Apple creative notes or suggestions regarding *Servant*. <br><br> Plaintiff may call Mr. Aronson to testify.  Plaintiff contends Mr. Aronson may testify about Apple's creative direction and contributions to *Servant* and the relationship between episodes and seasons; and Defendants' knowledge of Ms. Gregorini and their access to her prior work, *Emanuel*, including through its widespread dissemination in the entertainment industry and his prior evaluation, selection, and work with Ms. Gregorini at Sony and then at Apple.  Plaintiff contends Mr. Aronson has unique testimony based on his responsibility for Apple's day-to-day input on *Servant* and direct access to *Emanuel* before *Servant* was released. | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Tony Basgallop<br><br>*c/o* DAVIS WRIGHT TREMAINE LLP,<br>865 South Figueroa Street, 24th Floor, Los Angeles, California 90017-2566<br>213.633.6800 | Defendants intend to call Mr. Basgallop to testify. Defendants contend Mr. Basgallop will testify about *Servant*'s creation and inspirations for the series, including his scripts, drafts, and brainstorming documents for *Practically Perfect*; *Servant*'s development and production; his role and responsibilities on *Servant*; his role and responsibilities on the series *Berlin Station* (if necessary); his knowledge of *Emanuel*; his profits revenues, and expenses attributable to *Servant*; and his lack of knowledge of *Emanuel*. Defendants contend Mr. Basgallop's testimony is unique because he created *Servant* and wrote the episodes at issue in this lawsuit (Episodes 1-3).<br><br>Plaintiff may call Mr. Basgallop to testify. Plaintiff contends Mr. Basgallop may testify about his creation of *Practically Perfect* and its transformation into the released version of *Servant*; the relationship between episodes and seasons of *Servant*; testimony about Defendants' access to *Emanuel*, including through its widespread dissemination in the entertainment industry and consideration of Ms. Gregorini for a director role on a show Mr. Basgallop worked on called *Berlin Station*; and the profits he made from *Servant*. Plaintiff contends Mr. Basgallop's testimony is unique because he is credited as the creator of *Practically Perfect* and *Servant*, and he wrote infringing episodes 1-3. | 2<br>(Defendants' case) | 1<br>(Plaintiff's cross) | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Todd Black*<br><br>*c/o* DAVIS WRIGHT TREMAINE LLP,<br>865 South Figueroa Street,<br>24th Floor,<br>Los Angeles, California 90017-2566<br>213.633.6800 | Plaintiff may call Mr. Black to testify.  Plaintiff contends Mr. Black may testify about his role at Escape Artists and his review and promotion of *Practically Perfect* and later *Servant*; and the profits he made from *Servant*. Plaintiff contends Mr. Black's testimony is unique because he was an executive producer on *Servant* and he is one of few executives at Defendant Escape Artists.<br><br>Defendants may call Mr. Black to testify.  Defendants contend that Mr. Black may testify about his lack of involvement in the production of *Servant*. | | | |
| Olivia Blaustein*<br><br>*c/o* Law Office of Greg David Derin,<br>1801 Century Park East,<br>16th Floor,<br>Los Angeles, California 90067<br>(310) 552-1062<br>gdderin@derin.com | Plaintiff may call Ms. Blaustein to testify.  Plaintiff contends Ms. Blaustein may testify about her practices and procedures for submitting Ms. Gregorini for director roles and the dissemination of *Emanuel* as part of that process, including for a director role on *Berlin Station*, a show Mr. Basgallop worked on. Plaintiff contends Ms. Blaustein has unique testimony through her role as Ms. Gregorini's agent and her submission of Ms. Gregorini for director roles in the entertainment industry for a period before *Servant*.<br><br>Defendants may call Ms. Blaustein to testify.  Defendants contend Ms. Blaustein may testify about Plaintiff's alleged submission to *Berlin Station* as a potential director for certain episodes of that series. Defendants contend Ms. Blaustein has unique testimony because | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | Plaintiff alleges Ms. Blaustein made the submission, but Ms. Blaustein testified she does not know whether Plaintiff was, in fact, submitted, or whether any such submission would include a link to *Emanuel*. | | | |
| David Bloomfield*  c/o Davis Wright Tremaine LLP 865 South Figueroa Street, 24th Floor Los Angeles, CA 90017 213-633-6800 | Defendants may call Mr. Bloomfield to testify.  Defendants contend Mr. Bloomfield may testify about Escape Artists', Mr. Blumenthal's, Mr. Black's, and Mr. Tisch's profits, revenues, and expenses attributable to *Servant* (if any). Defendants contend Mr. Bloomfield has unique testimony because he is a partner at Escape Artists and is responsible for handling its business and corporate affairs. | | | |
| Jason Blumenthal*  c/o DAVIS WRIGHT TREMAINE LLP, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017-2566 213.633.6800 | Plaintiff may call Mr. Blumenthal to testify.  Plaintiff contends Mr. Blumenthal may testify about Escape Artists' and his roles, creative input, and promotion of *Practically Perfect* and *Servant*; and the profits he and Escape Artists made from *Servant*. Plaintiff contends Mr. Blumenthal's testimony is unique because he was an executive producer on *Servant* and the main executive at Defendant Escape Artists that worked on *Servant*.  Defendants may call Mr. Blumenthal.  Defendants contend Mr. Blumenthal may testify about *Servant*'s development; Mr. Black's minimal involvement in the creation of *Servant*; Mr. Tisch's lack of involvement in the creation of *Servant*; and Mr. Blumenthal's lack of knowledge of *Emanuel*. | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | Defendants contend Mr. Blumenthal has unique testimony because he pitched Mr. Basgallop's *Practically Perfect* scripts to M. Night Shyamalan, and was involved in the development and production of *Servant* from 2016 onward. | | | |
| Matt Cherniss<br><br>*c/o* DAVIS WRIGHT TREMAINE LLP,<br>865 South Figueroa Street, 24th Floor,<br>Los Angeles, California 90017-2566<br>213.633.6800 | Defendants intend to call Mr. Cherniss. Defendants contend Mr. Cherniss will testify about Apple's decision to make a straight-to-series order for *Servant*; Apple's role in *Servant*'s development, including creative notes and suggestions; the lack of causal nexus between Defendants' alleged infringement and any profits from either Episodes 4-40 of *Servant* or Apple TV+; *Servant*'s marketing; *Servant*'s distribution, including renewals of the series; and Apple's lack of knowledge of *Emanuel*. Defendants contend Mr. Cherniss will also provide expert testimony about industry standards regarding the packaging, value, and sale of television series; reasons for renewal of subsequent seasons of a television series; audience interest in television series; and the role and significance of M. Night Shyamalan's brand and prior work. Defendants contend Mr. Cherniss has unique testimony because he is a creative executive at Apple in charge of *Servant*. He has knowledge of Apple's role on *Servant* and broad industry experience<br><br>Plaintiff may call Mr. Cherniss to testify. Plaintiff contends Mr. Cherniss may testify about Apple's creative direction and contributions | 1<br>(Defendants' case) | 0.5<br>(Plaintiff's cross) | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | to *Servant* and the relationship between episodes and seasons; and Defendants' knowledge of Ms. Gregorini and their access to her prior work, *Emanuel*. Plaintiff contends Mr. Cherniss has unique testimony based on oversight of *Servant* in his role with Apple TV+. | | | |
| Jamie Erlicht*<br><br>*c/o* DAVIS WRIGHT TREMAINE LLP,<br>865 South Figueroa Street, 24th Floor,<br>Los Angeles, California 90017-2566<br>213.633.6800 | Plaintiff may call Mr. Erlicht to testify. Plaintiff contends Mr. Erlicht may testify about the launch strategy, viewership, creative contributions and input, and promotion of *Servant* on Apple TV+; Apple's profits from Apple TV+ and *Servant*; and Defendants' knowledge of Ms. Gregorini and their access to her prior work, *Emanuel,* including through his work at Sony. Plaintiff contends Mr. Erlicht's testimony is unique based on his role as co-head of worldwide video at Apple and responsibility for the launch of Apple TV+, including *Servant*. | | | |
| Michael Robert (Bob) Gale<br>c/o Davis Wright Tremaine LLP<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, CA 90017<br>213-633-6800 | Defendants intend to call Mr. Gale to testify. Defendants contend that Mr. Gale will provide expert testimony about the lack of substantial similarity between *Emanuel* and Episodes 1-3 of *Servant*; application of the extrinsic test; ideas and concepts, stock and generic elements, facts, and *scenes-a-faire*; comparison of the works' plots, sequences of events, characters, dialogue, themes, settings, moods, and paces; and the selection and arrangement of protectable and unprotectable elements in the works. Mr. Gale has unique testimony because he | 1<br>(Defendants' case) | 0.5<br>(Plaintiff's cross) | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | performed an expert analysis and comparison of *Emanuel* and Episodes 1-3 of *Servant*. | | | |
| Richard Gold*<br><br>See Exhibit 1 to Defendants' Second Amended Initial Disclosures, served on August 31, 2023, for last known contact information. | Defendants may call Mr. Gold to testify.  Defendants contend that Mr. Gold may testify about the process for selecting directors for *Berlin Station*, including the individuals responsible for reviewing director submissions. Mr. Gold has unique testimony because he was the vice president of development at Paramount Television Studios, which produced *Berlin Station*. He played a key role in director hiring for Season 2. | | | |
| Francesca Gregorini<br><br>*c/o* Robins Kaplan LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067 310.552.0130 | Plaintiff intend to call Ms. Gregorini to testify.  Plaintiff contends Ms. Gregorini will testify about the development and creation of the film *Emanuel*; dissemination of *Emanuel* throughout the world and the entertainment industry, including to certain Defendants; the copyright in *Emanuel*; and Ms. Gregorini's discovery of Defendants' infringement and similarities between *Emanuel* and *Servant*. Plaintiff contends Ms. Gregorini's testimony is unique as the writer and director of the film *Emanuel*.<br><br>Defendants may call Ms. Gregorini to testify.  Defendants contend Ms. Gregorini may testify about *Emanuel*'s copyright registration, ownership, and chain of title; communications with the Copyright Office regarding the copyright registration for *Emanuel*; *Emanuel*'s creation; the story upon which *Emanuel* is based; *Emanuel*'s | 2.5 (Plaintiff's case) | 2 (Defendants' cross) | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testi mony |
|---|---|---|---|---|
| | development and pre-production; *Emanuel*'s production, including creative decisions related to the production design, lighting, and cinematography of the film; *Emanuel*'s post-production, including creative decisions related to the editing and music of the film; Plaintiff's communications and agreement with third-party Sarah Thorp regarding the ownership of the story upon which *Emanuel* is based; *Emanuel*'s distribution; critical and commercial reception of *Emanuel*; interviews given and/or statements made about *Emanuel*; interactions and/or communications regarding Defendants or *Servant*; Plaintiff's purported submission to direct an episode of the television series *Berlin Station*; and Plaintiff's personal background and professional history. Defendants contend Ms. Gregorini has unique testimony because she directed *Emanuel* and is the plaintiff in this litigation. | | | |
| Ellen Jones* *c/o* Law Office of Greg David Derin, 1801 Century Park East, 16th Floor, Los Angeles, California 90067 (310) 552-1062 gdderin@derin.c om | Plaintiff may call Ms. Jones to testify. Plaintiff contends Ms. Jones may testify about her practices and procedures for submitting Ms. Gregorini for director roles and the dissemination of *Emanuel* as part of that process, including to Apple. Plaintiff contends Ms. Jones has unique testimony through her role as Ms. Gregorini's agent and submitting her to Apple before *Servant*. | | | |
| Antony Langdon* | Plaintiff may call Mr. Langdon to testify. Plaintiff contends Mr. Langdon may testify about the | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| c/o Robins Kaplan LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067 310.552.0130 | creation of the film *Emanuel* and his observation of similarities between *Emanuel* and *Servant*. Plaintiff contends Mr. Langdon's testimony is unique as the editor on the film *Emanuel*. | 0.5 (Plaintiff's case) | | |
| Taylor Latham* c/o DAVIS WRIGHT TREMAINE LLP, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017-2566 213.633.6800 | Defendants may call Ms. Latham to testify.  Defendants contend Ms. Latham may testify Mr. Basgallop's creation of *Servant*; *Servant*'s development and production, including the pitch to Blinding Edge and then to Apple; and Ms. Latham's lack of knowledge of *Emanuel*. Defendants contend Ms. Latham has unique testimony because she was the person at Escape Artists to whom Mr. Basgallop first sent his scripts in 2016, which were then shown to M. Night Shyamalan and Ashwin Rajan at Blinding Edge Pictures<br><br>Plaintiff may call Ms. Latham to testify.  Plaintiff contends Ms. Latham may testify about the creation and evolution of Mr. Basgallop's *Practically Perfect* scripts into the released version of *Servant* and promotion of the scripts; the relationship between episodes and seasons of *Servant*; and Defendants' creative direction and contributions to *Servant*. Plaintiff contends Ms. Latham's testimony is unique as the primary person from Escape Artists responsible for working on *Practically Perfect* and a producer on *Servant*. | | | |
| Adam Leach* | Defendants may call Mr. Leach to testify.  Defendants contend Mr. | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| c/o Davis Wright Tremaine LLP 865 South Figueroa Street, 24th Floor Los Angeles, CA 90017 213-633-6800 | Leach may testify about Blinding Edge's, Mr. Shyamalan's, and Mr. Rajan's profits, revenues, and expenses attributable to *Servant*. Defendants contend Mr. Leach has unique testimony because he is the director of finance for Blinding Edge. | | | |
| Liz Lewin* See Exhibit 1 to Defendants' Second Amended Initial Disclosures, served on August 31, 2023, for last known contact information. | Defendants may call Ms. Lewin to testify. Defendants contend Ms. Lewin may testify about drafts of *Practically Perfect* that Mr. Basgallop wrote in 2006-2007; and efforts to develop and sell *Practically Perfect*. Defendants contend Ms. Lewin has unique testimony because she was involved in soliciting Mr. Basgallop to write a show about nannies, shopping *Practically Perfect* to potential directors and actors, and attempting to get *Practically Perfect* greenlit. | | | |
| Naaman Marshall* c/o Davis Wright Tremaine LLP 865 South Figueroa Street, 24th Floor Los Angeles, CA 90017 213-633-6800 | Defendants may call Mr. Marshall to testify. Defendants contend Mr. Marshall may testify about *Servant*'s production, including creative decisions related to the production design of the series; and Mr. Marshall's lack of knowledge of *Emanuel*. Defendants contend Mr. Marshall has unique testimony because he was the production designer on *Servant* Season 1 and played a significant role in the production design of the series. | | | |
| Dominic Persechini c/o Robins Kaplan LLP, 2121 Avenue of the Stars, | Plaintiff intends to call Mr. Persechini to testify. Plaintiff contends that Mr. Persechini will provide expert testimony about revenues and profits Defendants received as a result of their | 1 (Plaintiff's case) | 1 (Defendants' cross) | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Suite 2800, Los Angeles, California 90067 310.552.0130 | infringement from *Servant* and Apple TV+ and related methodologies and calculations for those figures; and issues with Ms. Trexler's calculations. Mr. Persechini's testimony is unique as expert testimony regarding Plaintiff's measure of damages. | | | |
| Ellen Pittleman<br><br>*c/o* Robins Kaplan LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067 310.552.0130 | Plaintiff intends to call Ms. Pittleman to testify.  Plaintiff contends that Ms. Pittleman will provide expert testimony about the dissemination of *Emanuel* across the world and within the entertainment industry and Defendant's various avenues of access to *Emanuel*; and the causal relationship between revenue and profits Defendants received from *Servant* and their infringement in Episodes 1-3 and Apple TV+. Ms. Pittleman's testimony is unique as expert testimony from an industry expert on issues of access and nexus for damages. | 1<br><br>(Plaintiff's case) | 1<br><br>(Defendants' cross) | |
| Ashwin Rajan*<br><br>*c/o* DAVIS WRIGHT TREMAINE LLP, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017-2566 213.633.6800 | Defendants may call Mr. Rajan to testify.  Defendants contend Mr. Rajan may testify about *Servant*'s development; Apple's creative notes and suggestions; Mr. Shyamalan's professional career and brand; and Mr. Rajan's lack of knowledge of *Emanuel*.  Defendants contend Mr. Rajan has unique testimony because he is the president of production at Blinding Edge Pictures and played a significant role in the development and production of the series<br><br>Plaintiff may call Mr. Rajan to testify.  Plaintiff contends Mr. Rajan may testify about the creation and evolution of Mr. Basgallop's | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | *Practically Perfect* scripts into the released version of *Servant*; the relationship between episodes and seasons of *Servant*; and Defendants' creative direction and contributions to *Servant*. Plaintiff contends Mr. Rajan's testimony is unique as a producer and key person from Blinding Edge responsible for working on *Servant*. | | | |
| Prof. David Román

*c/o* Robins Kaplan LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067 310.552.0130 | Plaintiff intends to call Prof. Román to testify.  Plaintiff contends that Prof. Román will provide expert testimony about the striking and substantial similarities between *Emanuel* and Defendants' infringing *Servant* episodes; and the evolution of and difference between Mr. Basgallop's *Practically Perfect* scripts and the released version of *Servant.* Mr. Román's testimony is unique as expert testimony relating to Defendants' infringement. | 1.5

(Plaintiff's

case) | 1

(Defendants'

cross) | |
| Laura Ross*
*See* Exhibit 1 to Defendants' Second Amended Initial Disclosures, served on August 31, 2023, for last known contact information. | Defendants may call Ms. Ross to testify.  Defendants contend Ms. Ross may testify about the reborn doll industry; *Servant*'s production, including creative decisions related to the doll that played the character Jericho; and Ms. Ross's lack of knowledge of *Emanuel*. Defendants contend Ms. Ross has unique testimony because she sculpted the doll that played the character Jericho in *Servant*. | | | |
| M. Night Shyamalan

*c/o* DAVIS WRIGHT | Defendants intend to call Mr. Shyamalan to testify.  Defendants contend Mr. Shyamalan will testify about *Servant*'s development; *Servant*'s production, including creative decisions related to the | 1.5

(Defendants'

case) | 0.5

(Plaintiff's

cross) | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| TREMAINE LLP, 865 South Figueroa Street, 24th Floor, Los Angeles, California 90017-2566 213.633.6800 | production design, lighting, and cinematography of the series; *Servant*'s post-production, including creative decisions related to the editing and music of the series; Mr. Shyamalan's direction of Episode 1 of *Servant*, including his storyboards and directorial choices related to Episode 1; Mr. Shyamalan's role in Episodes 2 and 3 of *Servant*; renewals of the series; Mr. Shyamalan's directorial techniques and style, including in his prior works; Mr. Shyamalan's professional career and brand; and Mr. Shyamalan's lack of knowledge of *Emanuel*.  Defendants contend Mr. Shyamalan has unique testimony because he owns Blinding Edge Pictures, which produced *Servant*, and directed Episode 1 of *Servant*.  He played a significant role in the development and production of the series<br><br>Plaintiff may call Mr. Shyamalan to testify.  Plaintiff contends Mr. Shyamalan may testify about the creation and evolution of Mr. Basgallop's *Practically Perfect* scripts into the released version of *Servant*; the relationship between episodes and seasons of *Servant*; and Defendants' creative direction and contributions to *Servant*. Plaintiff contends Mr. Shyamalan's testimony is unique as he was the director of the first episode of *Servant* and an executive producer for the entire series. | | | |
| Catherine Spevak* c/o Davis Wright | Defendants may call Ms. Spevak to testify.  Defendants contend Ms. Spevak may testify about Apple's profits, revenues, and expenses | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Tremaine LLP 865 South Figueroa Street, 24th Floor Los Angeles, CA 90017 213-633-6800 | attributable to *Servant*. Defendants contend Ms. Spevak has unique testimony because she is a financial manager at Apple. | | | |
| Jessica Sykes* See Exhibit 1 to Defendants' Second Amended Initial Disclosures, served on August 31, 2023, for last known contact information. | Defendants may call Ms. Sykes to testify.  Defendants contend Ms. Sykes may testify about efforts to develop and sell *Practically Perfect*. Defendants contend Ms. Sykes has unique testimony because she acted as Mr. Basgallop's agent from 2005-2021. | | | |
| Sarah Thorp*  *c/o* Law Offices of Max J. Sprecher, 580 Canoga Avenue, 4th Floor, Woodland Hills, California 91367 max@sprecherlaw.com | Defendants may call Ms. Thorp to testify.  Defendants contend Ms. Thorp may testify about the story Ms. Thorp shared with Plaintiff upon which Plaintiff's film *The Truth About Emanuel* ("*Emanuel*") is based; Ms. Thorp's creative inspirations, notes, and scripts related to that story; Ms. Thorp's story-by credit on *Emanuel*; *Emanuel*'s creation and development; negotiations and/or agreements made in connection with *Emanuel*; and Ms. Thorp's personal and professional relationship with Plaintiff. Defendants contend Ms. Thorp has unique testimony because she created the story upon which *Emanuel* is based  Plaintiff may call Ms. Thorp to testify.  Plaintiff contends Ms. Thorp may testify about Ms. Gregorini's creation of the film *Emanuel* and | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | Ms. Thorp's lack of involvement in that process; and the circumstances of agreements between Ms. Gregorini and Ms. Thorp relating to *Emanuel*. Plaintiff contends Ms. Thorp's testimony is unique as to her personal perspective on conversations with Ms. Gregorini regarding *Emanuel*. | | | |
| Steve Tisch*<br><br>*c/o* DAVIS WRIGHT TREMAINE LLP,<br>865 South Figueroa Street, 24th Floor,<br>Los Angeles, California 90017-2566<br>213.633.6800 | Plaintiff may call Mr. Tisch to testify.  Plaintiff contends Mr. Tisch may testify about Mr. Tisch's role at Escape Artists and as an executive producer and producer on *Servant*. Plaintiff contends Mr. Tisch's testimony is unique because he was an executive producer and producer on *Servant* and he is one of few executives at Defendant Escape Artists.<br><br>Defendants may call Mr. Tisch to testify.  Defendants contend that Mr. Tisch may testify about his lack of involvement in the production of *Servant*. | | | |
| Dana Trexler<br>c/o Davis Wright Tremaine LLP<br>865 South Figueroa Street, 24th Floor<br>Los Angeles, CA 90017<br>213-633-6800 | Defendants intend to call Ms. Trexler to testify.  Defendants contend that Ms. Texler will provide expert testimony about Defendants' revenues, expenses, and any profits from *Servant*, and related calculations and methodologies; and the lack of causal nexus between Defendants' alleged infringement and profits from Episodes 4-40 of *Servant* or Apple TV+. Ms. Trexler has unique testimony because she performed an expert analysis regarding Defendants' profits. | 1<br><br>(Defendants' case) | 0.5<br><br>(Plaintiff's cross) | |

16

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Zack Van Amburg*<br><br>c/o DAVIS WRIGHT TREMAINE LLP,<br>865 South Figueroa Street,<br>24th Floor,<br>Los Angeles, California 90017-2566<br>213.633.6800 | Plaintiff may call Mr. Van Amburg to testify. Plaintiff contends Mr. Van Amburg may testify about the launch strategy and promotion of *Servant* on Apple TV+; Apple's profits from Apple TV+ and *Servant*; and Defendants' knowledge of Ms. Gregorini and Defendants' access to her prior work, *Emanuel*, including through his work at Sony. Plaintiff contends Mr. Van Amburg's testimony is unique based on his role as co-head of worldwide video and chief content officer at Apple and responsibility for the launch of Apple TV+, including *Servant*. | | | |
| Tatiana von Furstenberg*<br>c/o Law Office of<br>Linda A. Bagley-Sohn<br>724 Superba Avenue<br>Venice, CA 90291<br>818-261-7966 | Defendants may call Ms. von Furstenberg to testify. Defendants contend Ms. von Furstenberg may testify regarding *Emanuel*'s financing; *Emanuel*'s inspiration and creation; *Emanuel*'s development and pre-production; *Emanuel*'s distribution; the ownership of the copyright in *Emanuel* and Ms. von Furstenberg's personal and professional relationship with Plaintiff. Defendants contend Ms. von Furstenberg has unique testimony because she is a coproducer of *Emanuel*, was a member of *Emanuel Film LLC* (the limited purpose entity Plaintiff established to finance *Emanuel*), and has partially subsidized Plaintiff's litigation costs. | | | |
| Brad Winters*<br>See Exhibit 1 to Defendants' Second Amended | Defendants may call Mr. Winters to testify. Defendants contend Mr. Winters may testify about the process for selecting directors for *Berlin Station*, including the | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Initial Disclosures, served on August 31, 2023, for last known contact information. | individuals responsible for reviewing director submissions. Defendants contend Mr. Winters has unique testimony because he was the *Berlin Station* showrunner and had final approval over all director hiring decisions for the series. | | | |
| Marci Wiseman c/o Davis Wright Tremaine LLP 865 South Figueroa Street, 24th Floor Los Angeles, CA 90017 213-633-6800 | Defendants intend to call Ms. Wiseman to testify.  Defendants contend that Ms. Wiseman will provide expert testimony about television and film industry practices regarding film festivals, theatrical and non-theatrical releases, and episodic director selection; use of certain tropes in genre films, including dolls and nannies; Mr. Shyamalan's brand; the availability of *Emanuel*; Defendants' alleged exposure to *Emanuel*; and Mr. Basgallop's alleged access to *Emanuel* while working on *Berlin Station*. Ms. Wiseman has unique testimony because she performed an expert analysis regarding television and film industry practices and issues relevant to this case. | 1 (Defendants' case) | 0.25 (Plaintiff's cross) | |
| Corporate representative of Apple Inc.* | Plaintiff may call a Corporate representative of Apple Inc., and contends they may testify about Apple's evaluation, roles and creative input, and promotion of *Practically Perfect* and *Servant*; Apple's access to *Emanuel*; and Apple's profits from *Servant*. Plaintiff contends this testimony is unique because it will be from the representative of the corporate entity that is a named Defendant.

Defendants object to Plaintiff's attempt to call a "corporate | | | |

18

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | representative," as Federal Rule of Civil Procedure 45(c)(1) permits trial subpoenas only as to a "person," not a corporation. *See, e.g., Freedman v. United Nat. Ins. Co.*, CV 09-5959, Dkt. No. 164 (C.D. Cal. Feb. 7, 2011); *Jones v. Nat'l Railroad Passenger Corp.*, 2023 WL 6450528, at *3 (N.D. Cal. Oct. 2, 2023); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552-53 (6th Cir. 2015). | | | |
| Corporate representative of Blinding Edge Pictures* | Plaintiff may call a Corporate representative of Blinding Edge Pictures, and contends they will testify about Blinding Edge's evaluation, roles and creative input, and promotion of *Practically Perfect* and *Servant*; Blinding Edge's access to *Emanuel*; and Blinding Edge's profits from *Servant*. Plaintiff contends this testimony is unique because it will be from the representative of the corporate entity that is a named Defendant.

Defendants object to Plaintiff's attempt to call a "corporate representative," as Federal Rule of Civil Procedure 45(c)(1) permits trial subpoenas only as to a "person," not a corporation. *See, e.g., Freedman v. United Nat. Ins. Co.*, CV 09-5959, Dkt. No. 164 (C.D. Cal. Feb. 7, 2011); *Jones v. Nat'l Railroad Passenger Corp.*, 2023 WL 6450528, at *3 (N.D. Cal. Oct. 2, 2023); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552-53 (6th Cir. 2015). | | | |
| Corporate representative of | Plaintiff may call a Corporate representative of Dolphin Black | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| Dolphin Black Productions* | Productions, and contends they will testify about Dolphin Black's evaluation, roles and creative input, and promotion of *Practically Perfect* and *Servant*; Dolphin Black's access to *Emanuel*; and testimony about Dolphin Black's profits from *Servant*. Plaintiff contends this testimony is unique because it will be from the representative of the corporate entity that is a named Defendant.<br><br>Defendants object to Plaintiff's attempt to call a "corporate representative," as Federal Rule of Civil Procedure 45(c)(1) permits trial subpoenas only as to a "person," not a corporation.  *See, e.g.*, *Freedman v. United Nat. Ins. Co.*, CV 09-5959, Dkt. No. 164 (C.D. Cal. Feb. 7, 2011); *Jones v. Nat'l Railroad Passenger Corp.*, 2023 WL 6450528, at *3 (N.D. Cal. Oct. 2, 2023); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552-53 (6th Cir. 2015). | | | |
| Corporate representative of Escape Artists, Inc.* | Plaintiff may call a Corporate representative of Escape Artists, Inc., and contends they will testify about Escape Artists' evaluation, roles and creative input, and promotion of *Practically Perfect* and *Servant*; Escape Artists' access to *Emanuel*; and Escape Artists' profits from *Servant*. Plaintiff contends this testimony is unique because it will be from the representative of the corporate entity that is a named Defendant.<br><br>Defendants object to Plaintiff's attempt to call a "corporate | | | |

| Witness's Name, Phone Number, Address | Summary of Testimony / Why Testimony Unique | Time for Direct Exam (Hours) | Time for Cross Exam (Hours) | Dates of Testimony |
|---|---|---|---|---|
| | representative," as Federal Rule of Civil Procedure 45(c)(1) permits trial subpoenas only as to a "person," not a corporation. *See, e.g.*, *Freedman v. United Nat. Ins. Co.*, CV 09-5959, Dkt. No. 164 (C.D. Cal. Feb. 7, 2011); *Jones v. Nat'l Railroad Passenger Corp.*, 2023 WL 6450528, at *3 (N.D. Cal. Oct. 2, 2023); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552-53 (6th Cir. 2015). | | | |
| Corporate representative of Uncle George Productions* | Plaintiff may call a Corporate representative of Uncle George Productions, and contends they will testify about Uncle George's evaluation, roles and creative input, and promotion of *Practically Perfect* and *Servant*; Uncle George's access to *Emanuel*; and Uncle George's profits from *Servant.* Plaintiff contends this testimony is unique because it will be from the representative of the corporate entity that is a named Defendant.<br><br>Defendants object to Plaintiff's attempt to call a "corporate representative," as Federal Rule of Civil Procedure 45(c)(1) permits trial subpoenas only as to a "person," not a corporation. *See, e.g.*, *Freedman v. United Nat. Ins. Co.*, CV 09-5959, Dkt. No. 164 (C.D. Cal. Feb. 7, 2011); *Jones v. Nat'l Railroad Passenger Corp.*, 2023 WL 6450528, at *3 (N.D. Cal. Oct. 2, 2023); *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552-53 (6th Cir. 2015). | | | |

Dated: January 3, 2025                                    **ROBINS KAPLAN LLP**

                                                         By: */s/ Patrick M. Arenz*
                                                             Patrick M. Arenz

                                                         Attorneys for Plaintiff

Dated: January 3, 2025                                    **DAVIS WRIGHT TREMAINE LLP**

                                                         By: */s/ Nicolas A. Jampol*
                                                             Nicolas A. Jampol

                                                         Attorneys for Defendants

Dated: _____          _____

                                          SUNSHINE S. SYKES

                                        United States District Judge

**FILER'S ATTESTATION**

Under L.R. 5-4.3.4(a)(2)(i), I attest that all signatories listed and on whose behalf this filing is submitted concur in the filing's content and have authorized this filing.


Dated: January 3, 2025

By:    */s/ Patrick M. Arenz*