UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00406-SSS-JCx | Date | January 10, 2025 |
| Title | *Francesca Gregorini v. Apple, Inc., et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER PROVIDING COURT'S PROPOSED FINAL JURY INSTRUCTIONS**

The Court has reviewed parties' finalized jury instructions and considered parties' oral arguments at the January 9, 2025 hearing.  [Dkt. 393].  The Court hereby provides the parties with the Court's Proposed Final Jury Instructions, copy attached hereto.


**IT IS SO ORDERED.**



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| FRANCESCA GREGORINI, | Case No. 2:20-cv-00406-SSS-JC |
|---|---|
| Plaintiff, | **COURT'S PROPOSED FINAL JURY INSTRUCTIONS** |
| v. | |
| APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS; a Pennsylvania corporation; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive | Trial: January 13, 2025 |
| Defendants. | |

JURY INSTRUCTIONS

# Table of Contents

***Pretrial Instructions (for use before opening statements)***

Instruction No. 1: Duty of Jury ........................................................................ 1

Instruction No. 2: Claims and Defenses .......................................................... 2

Instruction No. 3: Preliminary Instruction—Copyright ................................. 3

Instruction No. 4: Burden of Proof—Preponderance of the Evidence ........... 6

Instruction No. 5: Two or More Parties—Different Legal Rights ................. 7

Instruction No. 6: What is Evidence ................................................................ 8

Instruction No. 7: What is Not Evidence ......................................................... 9

Instruction No. 8: Evidence for Limited Purpose .......................................... 10

Instruction No. 9: Direct and Circumstantial Evidence ................................ 11

Instruction No. 10: Ruling on Objections ...................................................... 12

Instruction No. 11: Credibility of Witnesses ................................................. 13

Instruction No. 12: Conduct of the Jury ........................................................ 15

Instruction No. 13: Publicity During Trial .................................................... 17

Instruction No. 14: No Transcript Available to Jury ..................................... 18

Instruction No. 15: Taking Notes ................................................................... 19

Instruction No. 16: Questions to Witnesses by Jurors During Trial ............. 20

Instruction No. 17: Bench Conferences and Recesses .................................. 21

Instruction No. 18: Outline of Trial ............................................................... 22

***Trial Instructions (for use during trial)***

Instruction No. 19: Deposition in Lieu of Live Testimony .......................... 23

Instruction No. 20: Impeachment Evidence—Witness ................................. 24

Instruction No. 21: Expert Opinion ............................................................... 25

***Pre-Deliberation Instructions (for use before closing arguments)***

Instruction No. 22: Duty of Jury ................................................................... 26

i

Instruction No. 23: Liability of Corporations—Scope of Authority Not
in Issue ........................................................................................ 28

Instruction No. 24: Preliminary Instruction—Copyright ............................ 29

Instruction No. 25: Copyright—Defined (17 U.S.C. § 106) ....................... 32

Instruction No. 26: Copyright-Subject Matter-Generally (17 U.S.C. §
102) .............................................................................................. 33

Instruction No. 27: Copyright—Subject Matter—Ideas and Expression .. (17
U.S.C. § 102(b))                                                        34

Instruction No. 28: Copyright Infringement—Elements—Ownership
and Copying (17 U.S.C. § 501(a)-(b)) .................................... 35

Instruction No. 29: Copyright Infringement—Ownership of Valid
Copyright—Definition (17 U.S.C. §§ 201–205) ..................... 36

Instruction No. 30: Copyright Infringement—Copyright Registration
Certificate (17 U.S.C. § 410(c)) ............................................. 37

Instruction No. P31: Copyright Interests—Authorship (17 U.S.C. §
201(a)) .......................................................................................... 38

Instruction No. 32: Copyright Interests—Work Made for Hire by
Employee (17 U.S.C. § 201(b)) ............................................... 39

Instruction No. 33: Copyright Interests—Assignee (17 U.S.C.
§201(d)(1)) .................................................................................. 40

Instruction No. 34: Copyright Infringement—Originality ........................... 41

Instruction No. 35: Copying—Access and Substantial Similarity ............... 42

Instruction No. 36: Copyright Infringement—Copying—Access
Defined ........................................................................................ 43

Instruction No. 37: Substantial Similarity—Extrinsic Test; Intrinsic
Test; Selection-and-Arrangement .......................................... 44

Instruction No. 38: Secondary Liability—Vicarious Infringement —
Elements  and Burden of Proof .............................................. 47

Instruction No. 39: Secondary Liability—Contributory Infringement—
Elements and Burden of Proof ............................................... 48

Instruction No. 40: Copyright—Damages (17 U.S.C. § 504) ..................... 49

Instruction No. 41: Copyright—Damages—Defendant's Profits (17
U.S.C. § 504(b)) ......................................................................... 50

Instruction No. 42: Duty to Deliberate ....................................................... 51

Instruction No. 43: Consideration of Evidence—Conduct of the Jury ........ 52

ii

Instruction No. 44: Charts and Summaries Not Received in Evidence........ 54

Instruction No. 45: Charts and Summaries Received in Evidence.............. 55

Instruction No. 46: Evidence in Electronic Format ...................................... 56

Instruction No. 47: Communications with Court ......................................... 58

Instruction No. 48: Return of Verdict........................................................... 59

iii

**Instruction No. 1: Duty of Jury**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

JURY INSTRUCTIONS

**Instruction No. 2: Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Francesca Gregorini, asserts that the defendants, Apple Inc., M. Night Shyamalan, Blinding Edge Pictures, Inc., Uncle George Productions, LLC, Escape Artists, Inc., Dolphin Black Productions, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch have infringed her copyright in her 2013 motion picture titled *The Truth about Emanuel* (which may be referred to simply as *Emanuel* for short during trial and in my instructions) by creating, producing, distributing, streaming and/or transmitting Episodes 1 through 3 of their television series *Servant*. The plaintiff has the burden of proving these claims.

The defendants deny infringing the plaintiff's copyright. Among other things, Defendants contend that they did not have access to plaintiff's film, did not copy the plaintiff's film, and independently created *Servant*.

The plaintiff denies defendants' assertions.

2

**Instruction No. 3: Preliminary Instruction—Copyright**

The plaintiff, Francesca Gregorini claims ownership of a copyright and seeks damages against the defendants, Apple Inc., M. Night Shyamalan, Blinding Edge Pictures, Inc., Uncle George Productions, Escape Artists, Inc., Dolphin Black Productions, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch, for copyright infringement. The defendants deny infringing the plaintiff's copyright and assert defenses. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

### COPYRIGHT INTERESTS

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works from the copyrighted work. To be valid, the transfer must be in writing and signed by the transferor. The person to whom a right is transferred is called an assignee.

3

# HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Francesca Gregorini, contends that the defendants, Apple Inc., M. Night Shyamalan, Blinding Edge Pictures, Inc., Uncle George Productions, Escape Artists, Inc., Dolphin Black Productions, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch , have infringed the plaintiff's copyright. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright, that the defendants copied original expression from the copyrighted work, and that the defendants caused the infringement. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that a defendant copied the plaintiff's work, the plaintiff may use direct or indirect evidence. Direct evidence includes an admission that the defendant copied the plaintiff's work. Indirect evidence is evidence showing that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work; or that there are striking similarities between the defendant's work and the plaintiff's copyrighted work that raises the inference of access.

4

The plaintiff must also prove that the defendant's copying of the copyrighted work was substantial. In determining whether the defendant's copying of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

## LIABILITY FOR INFRINGEMENT

One who causes a copyrighted work to be publicly distributed, publicly displayed or the basis of a derivative work without authority from the copyright owner during the term of the copyright infringes the copyright.

A person may be liable for another person's infringement by vicariously infringing or contributorily infringing.

## VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

## CONTRIBUTORY INFRINGEMENT

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

## DEFENSES TO INFRINGEMENT

The defendants contend that there is no copyright infringement. There is no copyright infringement when the defendant's work is the result of independent creation, coincidence, or prior common source.

JURY INSTRUCTIONS

**Instruction No. 4: Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

6

### Instruction No. 5: Two or More Parties—Different Legal Rights

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

7

**Instruction No. 6: What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

JURY INSTRUCTIONS

## Instruction No. 7: What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9

**Instruction No. 8: Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

10

**Instruction No. 9: Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

11

**Instruction No. 10: Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

12

## Instruction No. 11: Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

13

number of witnesses who testify.  What is important is how believable the witnesses

were, and how much weight you think their testimony deserves.

14

**Instruction No. 12: Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

JURY INSTRUCTIONS

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

16

**Instruction No. 13: Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

17

### Instruction No. 14: No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

**Instruction No. 15: Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

19

**Instruction No. 16: Questions to Witnesses by Jurors During Trial**

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Instruction No. 17: Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

21

**Instruction No. 18: Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

22

## Instruction No. 19: Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

23

**Instruction No. 20: Impeachment Evidence—Witness**

The evidence that a witness lied under oath on a prior occasion or made a prior inconsistent statement may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

24

**Instruction No. 21: Expert Opinion**

You will hear testimony from expert witnesses who will testify about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Instruction No. 22: Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

26

**Instruction No. 23: Corporations and Partnerships – Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

27

**Instruction No. 23: Liability of Corporations—Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## Instruction No. 24: Preliminary Instruction—Copyright

The plaintiff, Francesca Gregorini claims ownership of a copyright and seeks damages against the defendants, Apple Inc., M. Night Shyamalan, Blinding Edge Pictures, Inc., Uncle George Productions, Escape Artists, Inc., Dolphin Black Productions, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch, for copyright infringement. The defendants deny infringing the plaintiff's copyright and assert defenses. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

### COPYRIGHT INTERESTS

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works from the copyrighted work. To be valid, the transfer must be in writing and signed by the transferor. The person to whom a right is transferred is called an assignee.

# HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, Francesca Gregorini, contends that the defendants, Apple Inc., M. Night Shyamalan, Blinding Edge Pictures, Inc., Uncle George Productions, Escape Artists, Inc., Dolphin Black Productions, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch , have infringed the plaintiff's copyright. The plaintiff has the burden of  proving by a preponderance of the evidence that the plaintiff is the owner of the copyright, that the defendants copied original expression from the copyrighted work, and that the defendants caused the infringement. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that a defendant copied the plaintiff's work, the plaintiff may use direct or indirect evidence. Direct evidence includes an admission that the defendant copied the plaintiff's work. Indirect evidence is evidence showing that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work; or that there are striking similarities between the defendant's work and the plaintiff's copyrighted work that raises the inference of access.

JURY INSTRUCTIONS

The plaintiff must also prove that the defendant's copying of the copyrighted work was substantial. In determining whether the defendant's copying of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

## LIABILITY FOR INFRINGEMENT

One who causes a copyrighted work to be publicly distributed, publicly displayed or the basis of a derivative work without authority from the copyright owner during the term of the copyright infringes the copyright.

A person may be liable for another person's infringement by vicariously infringing or contributorily infringing.

## VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

## CONTRIBUTORY INFRINGEMENT

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

## DEFENSES TO INFRINGEMENT

The defendants contend that there is no copyright infringement. There is no copyright infringement when the defendant's work is the result of independent creation, coincidence, or prior common source.

31

## Instruction No. 25: Copyright—Defined (17 U.S.C. § 106)

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

[1.]   reproduce the copyrighted work;

[2.]   recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

[3.]   distribute copies of the copyrighted work to the public by saleor by rental;

[4.]   perform publicly a copyrighted motion picture;

[5.]   display publicly a copyrighted individual image of a motion picture; and

[6.]   perform a sound recording by means of digital audio transmission.

It is the owner of a copyright who may exercise these exclusive rights.  The term "owner" includes the author of the work or an assignee.  In general, copyright law protects against adaptation and public distribution and public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

**Instruction No. 26: Copyright-Subject Matter-Generally (17 U.S.C. § 102)**

The work *The Truth About Emanuel*, which I will refer to as simply *Emanuel* for short in these instructions, involved in this trial is known as a motion picture.

You are instructed that a copyright may be obtained in the motion picture *Emanuel*.

This work can be protected by copyright law. Only that part of the work consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

**Instruction No. 27: Copyright—Subject Matter—Ideas and Expression
(17 U.S.C. § 102(b))**

Only the expression of an idea or fact can be copyrighted.  The underlying ideas contained in the work, such as procedures, processes, systems, methods of operation, concepts, principles, or discoveries, or the underlying facts contained in the work, such as names and addresses in a telephone directory, cannot be copyrighted.

34

**Instruction No. 28: Copyright Infringement—Elements—Ownership and Copying (17 U.S.C. § 501(a)-(b))**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

First, the plaintiff is the owner of a valid copyright; and

Second, the defendant copied original expression from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**Instruction No. 29: Copyright Infringement—Ownership of Valid Copyright—
Definition (17 U.S.C. §§ 201–205)**

The plaintiff is the owner of a valid copyright in *Emanuel* if the plaintiff proves by a preponderance of the evidence that:

1. the plaintiff's work is original; and

2 the plaintiff is the author or creator of the work or received a transfer of the copyright.

36

**Instruction No. 30**: **Copyright Infringement—Copyright Registration
Certificate (17 U.S.C. § 410(c))**

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibit 1001, a certificate of copyright registration from the Copyright Office. If you find that this certificate was made more than five years after first publication of the plaintiff's work, you are instructed that the certificate may be weighed as evidence to establish, but does not presumptively establish, that there is a valid copyright in *Emanuel* and the facts stated in the certificate including that *Emanuel* is the original and copyrightable work of the author and that plaintiff Francesca Gregorini is the owner by assignment of the copyright in *Emanuel*.

37

**Instruction No. 31: Copyright Interests—Authorship (17 U.S.C. § 201(a))**

The creator of an original work is called the author of that work.  An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work.  However, such contributors cannot be the authors of the work unless they caused the work to come into being.  One must translate an idea into a fixed, tangible expression in order to be the author of the work.  Merely giving an idea to another does not make the giver an author of a work embodying that idea.

38

### Instruction No. 32: Copyright Interests—Work Made for Hire by Employee
### (17 U.S.C. § 201(b))

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee and is within the scope of employment.

A work is made for hire within the scope of employment if:

1. it is the kind of work the employee is employed to create;

2. it occurs substantially within the authorized time and space limits; and

3. it is made, at least in part, for the purpose of serving the employer.

The employer is considered to be the author of the work and owns the copyright unless the employer and employee have agreed otherwise in writing.

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

39

### Instruction No. 33: Copyright Interests—Assignee (17 U.S.C. §201(d)(1))

In this case, the plaintiff does not claim to be the initial owner of the copyright at issue. Instead, the plaintiff claims that it received the copyright by virtue of assignment from the work's initial owner so that the plaintiff is now the assignee of the copyright.

A copyright owner may transfer to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work. The person to whom the copyright is transferred becomes the owner of the copyright in the work.

To be valid, the transfer must be in a writing signed by the transferor. The person to whom this right is transferred is called an assignee. The assignee may enforce this right to exclude others in an action for copyright infringement.

## Instruction No. 34: Copyright Infringement—Originality

You may find that *Emanuel* is original if it was created:

First, independently by the work's author, that is, the author did not copy it from another work; and

Second, by use of at least some minimal creativity.

The "original" part of a work need not be new or novel.

41

**Instruction No. 35: Copying—Access and Substantial Similarity**

The plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. If the plaintiff proves by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work, then there is a presumption that the defendant copied from the plaintiff's copyrighted work. If the plaintiff fails to prove that the defendant copied from the plaintiff's work, your verdict should be for the defendant.

The defendant may rebut the presumption of copying. If you find that the defendant has proved by a preponderance of evidence that the similarities between the defendant's work and the copyrighted work are due to independent creation or something other than copying, your verdict should be for the defendant.

**Instruction No. 36: Copyright Infringement—Copying—Access Defined**

As part of its burden in Instruction 33, the plaintiff must prove by a preponderance of the evidence that a defendant had access to the plaintiff's work. You may find that a defendant had access to the plaintiff's work if a defendant had a reasonable opportunity to view the plaintiff's work before the defendant's work was created.

Access may be shown by:

1.     a chain of events connecting the plaintiff's work and a defendant's opportunity to view that work such as dealings through a third party that had access to the plaintiff's work and with whom both the plaintiff and the defendant were dealing or

2.     the plaintiff's work being widely disseminated.

43

### Instruction No. 37: Substantial Similarity—Extrinsic Test; Intrinsic Test; Selection-and-Arrangement

Now I will explain what 'unlawful appropriation' is. To determine unlawful appropriation, you must determine for the copyrighted work whether episodes 1-3 of Defendants' television series *Servant* share the necessary degree of similarity; the similarity test contains an extrinsic and intrinsic portion that the Court will explain in instructions momentarily. To show unlawful appropriation, you must apply both of the two separate tests.

### A. Extrinsic Test

The first test is an "Extrinsic Test." The "extrinsic test" is an objective comparison of specific expressive elements. There are three steps within this test:

(1) In the first step of the Extrinsic Test, you must identify similarities between the disputed copyrighted work and the accused work.

(2) In the second step of the Extrinsic Test, you must filter out all the similarities you identified in Step (1) that are based on elements in Plaintiff's copyrighted works which are not protected under copyright law.

In the second step of the Extrinsic Test, you must filter out all the similarities you identified in Step (1) that are based on elements in Plaintiff's copyrighted works which are not protected under copyright law.

Protected elements can include plot, themes, dialogue, mood, setting, pace, characters, sequence of events, and other expressive elements that are original to Plaintiff's work.

Unprotected elements can include stock or standard concepts, characters, plot, themes, dialogue, mood, setting, pace, colors, animation style, sequence of events, music, incidents that flow naturally from a basic plot premise (scenes-a-faire), and any other features that are commonly used or firmly rooted in the tradition of the genre to which the works belong, as well as

44

other material that is part of the public domain or not original to the Plaintiff's work.

A combination of elements that are individually unprotected can collectively be protected expression if those elements are numerous enough and their selection and arrangement original enough that the combination constitutes an original work of authorship. For example, a particular grouping or sequence in which an author combines a significant number of unprotectable elements can itself be a protectable element and can help satisfy the extrinsic test. Assessing the similarity between two works may require examining similarities between the protected combination of elements of the copyrights work and those of the accused works: combinations may include plot, themes, dialogue, mood, setting, pace, characters, and sequence of events.

(3) In the third step of the Extrinsic Test, once you filter out any similarities that arise from elements in Plaintiff's work that are not protected in step (2), you must then determine whether the protected elements (or combination of elements) in the asserted copyrighted works of Plaintiff are substantially similar to any of the accused works of Defendant.

For each copyrighted work, if you find that Plaintiff has failed to show sufficient similarity to satisfy the Extrinsic Test, then you do not need to consider the intrinsic test and your verdict should be for Defendants. If you do find that Plaintiff has shown sufficient similarity to satisfy the Extrinsic Test, then you go onto the Intrinsic Test.

**B. Intrinsic Test**

The second test is a subjective one, called the Intrinsic Test.  The Intrinsic Test asks whether an ordinary, reasonable observer would find the "total concept and feel" of the works to be substantially similar to the asserted copyrighted works. Here, you should not take into account the testimony of the expert witnesses. You

45

should not dissect isolated elements of each work to the exclusion of the other elements, combinations of elements, or expressions. Duplication or near identity is not necessary to satisfy the Intrinsic Test.

You must apply both tests. For each copyrighted work, if you determine that Plaintiff has shown substantial similarity under both the Extrinsic Test and the Intrinsic Test, your verdict should be for the Plaintiff as to that work.

**Protected/Unprotected Elements**

One of the first issues you will determine is whether individual elements or combination of elements in Plaintiff's work is protectable under copyright law. Copyright protection does not necessarily extend to all the elements of a copyrighted work. Only the particular expression of an idea can be copyrighted and protected. Elements to which copyright protection extends are called 'protected matter,' and other elements are 'unprotected matter.' Unprotected matter is not entitled to copyright protection and may be copied by another. They include:

1. A portion of the work that is not original to the author;
2. A portion of the work that was in the public domain at the time of creation by the author;
3. An underlying idea, concept, objective fact, or actual event themselves, expressed or described in a work; and
4. Elements that are merely standard, stock, or common to a particular subject matter or medium.

You may find that aspects of Plaintiffs' copyrighted works are protected or not protected. You may also find that a particular selection and arrangement of otherwise unprotected elements is original enough to be protected if those elements are numerous enough and their selection and arrangement are original enough that their combination constitutes an original work of authorship.

46

### Instruction No. 38: Secondary Liability—Vicarious Infringement
### —Elements  and Burden of Proof

If you find that a defendant directly infringed the plaintiff's copyright in *Emanuel*, you must determine whether any defendant (except Steve Tisch) that you did not find to directly infringe, instead vicariously infringed that copyright.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

    1.   the defendant directly benefitted financially from the infringing activity of a direct infringer;

    2.   the defendant had the right and ability to supervise or control the infringing activity of that direct infringer; and

    3.   the defendant failed to exercise that right and ability.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff and against any defendant meeting these elements and any defendant you found to directly infringe.  If, on the other hand, the plaintiff has failed to prove any of these elements as to a defendant that you also found did not directly infringe, your verdict should be for that defendant.

47

### Instruction No. 39: Secondary Liability—Contributory Infringement—Elements and Burden of Proof

A defendant may be liable for copyright infringement engaged in by another if that defendant knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that a defendant directly infringed the plaintiff's copyright in *Emanuel*, you must determine whether any defendant that you did not find to directly infringe, instead contributorily infringed that copyright. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  the defendant knew or had reason to know of the infringing activity of a direct infringer; and

2.  the defendant intentionally induced or materially contributed to that direct infringer's infringing activity.

The defendant's intent to induce the infringing activity must be shown by clear expression of that intent or other affirmative steps taken by the defendant to encourage.

If you find that a defendant directly infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff and against any defendant meeting these elements and any defendant you found to directly infringe. If, on the other hand, the plaintiff has failed to prove either or both of these elements as to a defendant that you also found did not directly infringe, your verdict should be for that defendant.

JURY INSTRUCTIONS

### Instruction No. 40: Copyright—Damages (17 U.S.C. § 504)

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

49

## Instruction No. 41: Copyright—Damages—Defendant's Profits
### (17 U.S.C. § 504(b))

The plaintiff is entitled to any profits of any defendant from Episodes 1-3 of *Servant* attributable to the infringement.

You may make an award of any defendant's indirect profits from Episodes 4-40 of *Servant* only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

A defendant's profit is determined by subtracting all expenses from that defendant's gross revenue.

A defendant's gross revenue is all of a defendant's receipts from the use or sale of a product associated with the infringement.  The plaintiff has the burden of proving any defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs or overhead costs and production costs incurred in producing the defendant's gross revenue.  The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

50

**Instruction No. 42: Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTIONS

**Instruction No. 43: Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until

you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTIONS

**Instruction No. 44: Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence were shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

54

**Instruction No. 45: Charts and Summaries Received in Evidence**

Certain charts and summaries were admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## Instruction No. 46: Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer

56

provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

JURY INSTRUCTIONS

**Instruction No. 47: Communications with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

58

**Instruction No. 48: Return of Verdict**

A verdict form has been prepared for you. [*Explain verdict form as needed.*]
After you have reached unanimous agreement on a verdict, your presiding juror
should complete the verdict form according to your deliberations, sign and date it,
and advise the bailiff that you are ready to return to the courtroom.