NICOLAS A. JAMPOL (State Bar No. 244867)
nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
cydneyfreeman@dwt.com
MEENAKSHI KRISHNAN (*pro hac vice*)
meenakshikrishnan@dwt.com
CARL MAZUREK (*pro hac vice*)
carlmazurek@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071-2566
Tel.: (213) 633-6800; Fax: (213) 633-6899

BRITTANY B. AMADI (*pro hac vice*)
brittany.amadi@wilmerhale.com
HEATH A. BROOKS (*pro hac vice*)
heath.brooks@wilmerhale.com
WILMER CUTLER PICKERING HALE & DORR
2100 Pennsylvania Ave., NW
Washington, D.C. 20037
Tel.: (202) 663-6000; Fax: (202) 663-6363

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**DEFENDANTS' BRIEF REGARDING INFLAMMATORY AND IRRELEVANT EVIDENCE** |

As evidenced by her counsel's opening statement and arguments to the Court, Plaintiff seeks to inflame the jury by referencing and showing out-of-context, unpublished, cherry-picked excerpts from Defendant Tony Basgallop's past screenplays and novels. Specifically, Plaintiff's counsel stated that he intends to "dig into these works" for the purpose of showing that they are "vulgar," "vile," "disgusting," "disturbing," and "racist," and that they featured "rape," "incest," and "violent pornography." Ex. D [Trial Tr.] at 136. Plaintiff's counsel's characterizations are irrelevant to the issues in this case, and the manifest purpose of this rhetoric is to incite jury hostility towards Mr. Basgallop and distract the jury from the actual merits of this case. Defendants raised this issue after opening statements, outside the presence of the jury, and the Court indicated that it would rule on objections as they are raised at trial. *Id.* at 176-177.

When the Court addresses these issues, Defendants request the following relief:

***First***, this subject matter should be excluded from discussion before the jury[1] because it is entirely irrelevant under Rule 402—and, at the very least, any purported probative value is substantially outweighed by the unfair prejudice to Defendants, especially Mr. Basgallop. Defendants will prove that certain pre-*Emanuel* scripts include much (if not nearly all) of the eventual *Servant* content that Plaintiff now alleges was taken from her film, thus demonstrating independent creation. Plaintiff's counsel apparently intends to respond by showing that Mr. Basgallop's pre-*Emanuel* work and *Servant* are "different works" because that work

---

[1] Defendants do not object to admission of the *Practically Perfect* scripts without redaction, but seek only to preclude Plaintiff from highlighting inflammatory statements before the jury for the sole purpose of prejudicing jurors against Defendants. Defendants do not rely on the novels as evidence of independent creation, and thus there is no basis to admit or discuss them (and certainly not any incendiary material contained therein).

contains certain content (including what Plaintiff contends to be vulgar content) that does **not** appear in *Servant*. Ex. D [Trial Tr.] at 175-176.

But pre-*Emanuel* work that did **not** make it into *Servant* is irrelevant. What matters is that the pre-*Emanuel* scripts include many of the allegedly infringing features in this case, thus demonstrating that *Servant* was created independently of *Emanuel*. It does not matter that pre-*Emanuel* work also contains additional material. That is particularly true for work that Defendants are not relying on to show independent development (such as certain pre-*Emanuel* novels on which Plaintiff apparently intends to rely).

Highlighting alleged vulgarities in Mr. Basgallop's pre-*Emanuel* work that were **not** carried over to *Servant* does nothing to undermine Defendants' independent creation argument in the slightest, as what is relevant is the work that **did** carry over to *Servant*. But it does severely risk prejudicing the jury against Mr. Basgallop based on his irrelevant, unpublished, artistic expression. *See, e.g.*, *Phanpradith v. Griego*, 850 F.App'x 497, 499-500 (9th Cir. 2021) (affirming trial court's exclusion of irrelevant "incendiary" testimony); *U.S. v. Williams*, 2023 WL 4277461, at *38 (D. Ariz. Mar. 24, 2023) (excluding rap video and songs that contained language related to misogyny and violence because they were "highly inflammatory" and could cause the jury to punish the defendant on improper grounds); *Hill v. Opus Corp.*, 464 B.R. 361, 378 n.74 (C.D. Cal. 2011) (excluding statement by plaintiff, "I want my money and I want the f--- out," because of its "inflammatory" nature); Fed. R. Evid. 403, Advisory Cmt. Notes ("Unfair prejudice" is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

***Second***, due to the sensitive nature of this issue, Defendants asked Plaintiff to notify Defendants before publishing any of Mr. Basgallop's scripts or novel to the jury, to give Defendants a chance to object before suffering any irreparable prejudice. Ex. A [1/14/25 Email from Brooks to Arenz, 1:23 PM]. Plaintiff has

refused to do so and instead said that it will follow what it deems "normal trial practice." Ex. B [1/14/25 Email from Niles to Brooks, 11:16 PM]. Defendants therefore ask that the Court order Plaintiff to provide Defendants notice and an opportunity for Defendants to object before publishing any portions of Mr. Basgallop's scripts or novel to the jury.

***Third***, to the extent that, over Defendants' objections, the Court permits any "vulgar" material from Mr. Basgallop's prior scripts or novel to be shown in court, Defendants request that the courtroom be sealed during those proceedings. Publishing out-of-context language from his unpublished works risks significant and completely unwarranted reputational harm to Mr. Basgallop. In fact, Plaintiff's opening statement alone has generated media coverage based on its inflammatory rhetoric focusing on the irrelevant content in Mr. Basgallop's early scripts. *See* Ex. C [1/14/25 Variety Article] ("[Plaintiff's counsel] also argued that Basgallop's early scripts feature 'vulgar and vile' elements, including rape, incest and violent pornography, which he said explained why they failed to attract interest."). Defendants request that the Court prevent Plaintiff's counsel from engaging in public mudslinging by, at minimum, sealing the courtroom.

DATED: January 15, 2025

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL

WILMER CUTLER PICKERING HALE & DORR
BRITTANY B. AMADI
HEATH A. BROOKS

By:   /s/ Nicolas A. Jampol

*Attorneys for Defendants*