**ROBINS KAPLAN LLP**
Michael A. Geibelson
MGeibelson@RobinsKaplan.com
Patrick M. Arenz (Pro hac vice)
PArenz@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Prateek N. Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone:  310 552 0130
Facsimile:  310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**PLAINTIFF FRANCESCA GREGORINI'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW ON OWNERSHIP OF THE COPYRIGHT IN *THE TRUTH ABOUT EMANUEL*** |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF FRANCESCA GREGORINI'S
MOTION FOR JUDGMENT AS A MATTER
OF LAW ON COPYRIGHT OWNERSHIP

**PLEASE TAKE NOTICE** that on January 22, 2025, or as soon as may be heard in Courtroom 2 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiff Francesca Gregorini will and hereby moves for judgment as a matter of law that Ms. Gregorini owns a valid copyright in the motion picture *The Truth About Emanuel* pursuant to Federal Rule of Civil Procedure 50(a).

This Motion is made because Ms. Gregorini has presented unrebutted evidence that she owns the copyright in the motion picture *The Truth About Emanuel* and no reasonable jury could find that she did not own her copyright. There is no dispute that Emanuel Film, LLC owned the copyright in the motion picture. There is no dispute that Ms. Gregorini was the sole manager of the LLC with powers to conduct its affairs. Nor is there any dispute that Emanuel Film, LLC, with Ms. Gregorini as authorized signatory, assigned the copyright to Ms. Gregorini.

This Motion is based on this Notice of Motion, the accompanying memorandum of points and authorities included here, the oral record and exhibits presented during trial in this case, and any additional argument that may or has been presented in moving the court at the appropriate time before the submission of the case to the jury. Ms. Gregorini will lodge a proposed order along with this Motion.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF FRANCESCA GREGORINI'S
MOTION FOR JUDGMENT AS A MATTER
OF LAW ON COPYRIGHT OWNERSHIP

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 1

ARGUMENT .............................................................................................................. 3

    I.    Emanuel Film, LLC was the original author of the motion picture *Emanuel*.. 4

    II.    Emanuel Film, LLC assigned the copyright in *Emanuel* to Ms. Gregorini.. 5

    III.    Emanuel Film, LLC's assignment to Ms. Gregorini was memorialized in writing. ..................................................................................................... 6

CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) ........................................ 3

*Aug. Image, LLC v. Line Fin., PBC et al.*, No. 2:23-CV-05492 MWC (ASX), 2024 WL 5316280 (C.D. Cal. Dec. 17, 2024) .................................................. 6

*Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822 (3d Cir. 2011) ................................. 6

*Blackthorne Publ'g v. Black*, 2000 WL 123225 (9th Cir. 2000) ................................. 8

*Dunn v. Codikow*, No. CV 13-7633 PA (VBKX), 2013 WL 12087214, at *4 (C.D. Cal. Dec. 2, 2013) ................................................................. 4

*Goodness Films, LLC v. TV One, LLC*, No. CV 12-8688-GW(JEMX), 2013 WL 12145508 (C.D. Cal. Feb. 28, 2013) ................................................ 6

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010) ..... 5

*Magnuson v. Video Yesteryear*, 85 F.3d 1424 (9th Cir. 1996) .............................. 5, 6

*McLaughlin Land & Livestock Co v. Bank of Am., Nat Tr. & Sav. Ass'n*, 94 F.2d 491, 493 (9th Cir. 1938) ................................................................. 8

*Nirvana L.L.C. v. Marc Jacobs Int'l L.L.C.*, No. LA CV18-10743 JAK (SK), 2023 WL 11821416 (C.D. Cal. Dec. 21, 2023) .................................... 5, 6, 7, 8

*Radio Television Espanola S.A. v. New World Entertainment, Ltd.*, 183 F.3d 922, 929 (9th Cir.1999) ................................................................. 7

*Wales Indus. Inc. v. Hasbro Bradley, Inc.*, 612 F. Supp. 510 (S.D.N.Y. 1985) ........ 7

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003) .................... 4

*XPays, Inc. v. Internet Com. Grp., Inc.*, No. CV0605688DDPFFMX, 2008 WL 11336757 (C.D. Cal. Jan. 14, 2008) ................................................ 6

**Statutes**

Cal. Corp. Code § 17707.06 ........................................................................................ 7

Cal. Rev. & Tax. Code § 23301 ................................................................................... 8

17 U.S.C. § 101 ..................................................................................................... 4, 5

17 U.S.C. §§ 201-205 ...................................................................................... 1, 4, 5, 6

**Other Authorities**

9th Cir. Model Jury Instruction 17.6 (Copyright Infringement-Ownership of Valid Copyright), 17.9 (Copyright Interest-Joint Authors) ............................................. 1

Comments to the Model Jury Instructions: 17.12 Copyright Interests—Assignee (17 U.S.C. § 201(d)(1)) ............................................................................................ 6

**Rules**

Fed. R. Civ. P. 50(a) .................................................................................................. 3

**Admitted Trial Exhibits**

Ex. 104 ........................................................................................................................ 1

Ex. 1000 ...................................................................................................................... 2

Ex. 1001 ............................................................................................................. 1, 3, 4, 7

Ex. 1002 ................................................................................................................ 1, 2, 3

Ex. 1006 ...................................................................................................................... 2

Ex. 1022 ............................................................................................................. 1, 3, 4, 7

Ex. 1024 ................................................................................................................ 1, 2, 4

# INTRODUCTION

Ms. Gregorini should be granted judgment as a matter of law on her ownership of the copyright in the motion picture *The Truth About Emanuel* ("Film Copyright") because the unrebutted evidence at trial compels that conclusion. The plaintiff owns a valid copyright in a work if the plaintiff proves that the work is original and that the plaintiff is an author or creator of the work or received a transfer of the copyright in the work. 17 U.S.C. §§ 201-205; 9th Cir. Model Jury Instruction 17.6 (Copyright Infringement-Ownership of Valid Copyright), 17.12 (Copyright Interests-Assignee).

Here, Ms. Gregorini put forth sufficient unrebutted evidence at trial to be granted judgment as a matter of law on ownership of the Film Copyright. There is no dispute that Emanuel Film, LLC was the author of and original owner of the Film Copyright. Ex. 1001. There is no dispute that Ms. Gregorini was the sole manager of Emanuel Film, LLC. Ex. 1024. Nor is there any dispute that Emanuel Film, LLC, with Ms. Gregorini as its sole manager and authorized signatory, assigned the Film Copyright to Ms. Gregorini. Ex. 1022. No reasonable jury could conclude that Ms. Gregorini does not own the Film Copyright.

It is now unnecessary for the jury to resolve the question of ownership where the facts are undisputed, especially in view of the multiple other questions on the verdict form. This issue is ready and appropriate for the Court to resolve from the undisputed record on Ms. Gregorini's copyright ownership.

# FACTUAL BACKGROUND

Ms. Gregorini was the writer, producer, and the director of the original motion picture *The Truth About Emanuel* ("*Emanuel*"). Tr. 438:11-16, 448:23-449:24; Ex. 104; Ex. 1002.[1] She was also the lead investor and fundraiser in the film: she invested $500,000 of her own money—half of what *The Truth About*

---

[1] Citations to "Tr." are to the transcript of the trial proceedings in this case. Citations to "Ex." are to exhibits admitted into evidence during trial in this case.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

PLAINTIFF FRANCESCA GREGORINI'S
MOTION FOR JUDGMENT AS A MATTER
OF LAW ON COPYRIGHT OWNERSHIP

*Emanuel* cost to produce the film based on her original screenplay. Tr. 438:11-16, 443:19-444:11. She obtained a copyright for her screenplay for the film. Tr. 440:4-441:11; Ex. 1006.

As is common in the movie industry, she had a corporate entity, Emanuel Film, LLC, organized under California law to operate the production of the motion picture. Tr. 442:23-443:18, 444:12-23; Ex. 1024. Emanuel Film, LLC was an LLC with one manager, and Ms. Gregorini was that manager. Tr. 444:22-445:19; Ex. 1024. Multiple people worked for Emanuel Film, LLC to help create the film, including actors, a film editor, and various other production personnel, in addition to Ms. Gregorini as writer, producer, and director. Tr. 445:17-446:7, 447:14-449:24. *Emanuel*'s credits reflect this collaboration. Ex. 1000 at 1:28:18-1:35:22; Ex. 1002.

Several years after *Emanuel*'s release, it no longer generated significant revenue but the LLC still owed $2,000 in fees and taxes every year. Tr. 486:3-20. Ms. Gregorini's production partner, Matt Brady, suggested that they follow standard practice in the industry by dissolving the LLC. Tr. 486:8-20. Mr. Brady first mentioned potential dissolution between 2015 and 2016, but he and Ms. Gregorini most seriously discussed doing so in 2017. Tr. 486:21-487:13. This conversation took place in March 2017, close to when Emanuel Film, LLC had to pay another $2,000 in fees. Tr. 489:7-12.

Ms. Gregorini decided to close the LLC once they addressed prerequisite details including the ownership of the Film Copyright. Tr. 487:14-488:9. Ms. Gregorini executed a written assignment of the Film Copyright from Emanuel Film, LLC to herself. Tr. 488:6-18. The Film Copyright was assigned to Ms. Gregorini as customary because she would be "the best steward to protect the copyright moving forward." Tr. 488:19-489:2. So as the sole manager of the LLC, Ms. Gregorini assigned the Film Copyright from Emanuel Film, LLC to herself. Tr. 488:14-18.

ATTORNEYS AT LAW
LOS ANGELES

- 2 -

PLAINTIFF FRANCESCA GREGORINI'S
MOTION FOR JUDGMENT AS A MATTER
OF LAW ON COPYRIGHT OWNERSHIP

Between March and June 2017, they finalized the dissolution of the LLC. Tr. at 489:3-19. At Ms. Gregorini's instruction, Matt Brady drafted the paperwork and spoke with the investors on the dissolution. Tr. 487:14-20, 488:10-13. The process of drafting the paperwork and speaking to all the investors took several months. Tr. 489:13-19. Ms. Gregorini signed a document memorializing her decision to assign the Film Copyright from Emanuel Film, LLC to herself before closing the LLC. Tr. 490:9-17, 491:3-9. Finally, Emanuel Film, LLC was dissolved in June 2017. Tr. 489:3-6.

Two years later in November 2019, after discovering the infringement of her Film Copyright, Ms. Gregorini prepared to file suit, which required two prerequisite steps. First, the document memorializing assignment of the Film Copyright to Ms. Gregorini in 2017 could not be found among Ms. Gregorini's papers. Tr. 490:9-17. So in 2019, Ms. Gregorini again memorialized the earlier 2017 assignment. Tr. 490:7-17; Ex. 1022. Second, she deposited a copy of *Emanuel* with the Copyright Office and obtained an official certificate of registration for the Film Copyright (Registration No. PA 2-213-169), which recognized Ms. Gregorini as the owner by assignment of the Film Copyright from the author, Emanuel Film, LLC. Tr. 491:14-492:16; Ex. 1001; Ex. 1002. Ms. Gregorini then filed this lawsuit.

## ARGUMENT

Judgment as a matter of law is warranted where "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "[T]he trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). "A motion for judgment as a matter of law may be made at any time before the case is submitted

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

PLAINTIFF FRANCESCA GREGORINI'S
MOTION FOR JUDGMENT AS A MATTER
OF LAW ON COPYRIGHT OWNERSHIP

to the jury." Fed. R. Civ. P. 50 (a)(2). Ms. Gregorini has put forth sufficient unrebutted evidence, oral and documentary, such that no reasonable jury could conclude against her on ownership of the copyright in *Emanuel*.

### I. Emanuel Film, LLC was the original author of the motion picture *Emanuel*.

There was no dispute that *Emanuel* is a work-for-hire originally authored by Emanuel Film, LLC, as identified in the Copyright Registration. Ex. 1001; Ex. 1022. A work for hire is prepared by an employee or employees within the scope of her or their employment. 17 U.S.C. § 101. A work for hire also includes a work "specially ordered or commissioned for use . . . as part of a motion picture…." 17 U.S.C. § 101; *Warren v. Fox Family Wordwide, Inc.*, 328 F.3d 1136, 1140-1142 (9th Cir. 2003) (explaining a company that hired a person to render services for their audiovisual work was author of the work for hire); *see also Dunn v. Codikow*, No. CV 13-7633 PA (VBKX), 2013 WL 12087214, at *4 (C.D. Cal. Dec. 2, 2013). The employer or entity for whom that work was prepared is the author of the work. 17 U.S.C. § 201. Thus, Emanuel Film, LLC is the original author and owner of the copyright in *Emanuel*.

Ms. Gregorini's undisputed testimony shows that Emanuel Film, LLC hired multiple people to help create the original motion picture *Emanuel*, including actors, a film editor, and various other production personnel, even extending to herself as writer, producer, and director. Tr. 445:17-446:7, 447:14-449:24; Ex. 1001 at 1:28:18-1:35:22. It is also undisputed that Ms. Gregorini was the sole manager of Emanuel Film, LLC. Ex. 1024; Tr. 444:19-446:19. Under Ms. Gregorini's direction and Emanuel Film, LLC's management, these workers shot the film over 23 days in a neighborhood in Los Angeles, cut 40 hours of footage into 90 minutes, color corrected the film, and created and mixed music and scores and sound effects. Tr. 446:8-448:17. The undisputed evidence shows that Emanuel Film LLC was the

entity "for whom the work [of the *Emanuel* motion picture] was prepared [and] is considered the author for purposes of" the Copyright Act. 17 U.S.C. § 201. Defendants have submitted no evidence nor argued to the contrary. *See, e.g.,* Dkt. 305 at 10-11.

## II. Emanuel Film, LLC assigned the copyright in *Emanuel* to Ms. Gregorini.

The unrebutted evidence establishes that Emanuel Film, LLC transferred the Film Copyright to Ms. Gregorini. Ownership of a copyright may be transferred "by any means of conveyance or by operation of law." 17 § U.S.C. 201(d). A transfer may be done "by oral statement, by writing, or by conduct." *Nirvana L.L.C. v. Marc Jacobs Int'l L.L.C.*, No. LA CV18-10743 JAK (SK), 2023 WL 11821416, at *13 (C.D. Cal. Dec. 21, 2023) (quoting *Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 1002 (C.D. Cal. 2015)); *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1428-29 (9th Cir. 1996) (finding assignment based on transfer "between John Magnuson as CEO of Columbus, and John Magnuson as owner of John Magnuson Associates.").

Ms. Gregorini's testimony establishes transfer of the copyright in *Emanuel*. *See Magnuson*, 85 F.3d at 1429; *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010). She testified to her decision as sole manager of Emanuel Film, LLC to assign the copyright in *Emanuel* from the LLC to herself. Tr. 488:14-18. She testified about her decision, actions, and directions to her production partner Mr. Brady, in between March and June 2017 to transfer the Film Copyright to herself and then dissolve Emanuel Film, LLC. Tr. 486:3-489:19. Ms. Gregorini testified that she signed a written assignment document transferring the copyright in Emanuel from Emanuel Film, LLC to herself in 2017 before dissolution of the LLC. Tr. 490:15-17, 491:3-7. She also testified to the motivation to dissolve the LLC, her efforts to ensure the Film Copyright would remain in her

hands because she would be "the best steward" to protect the Film Copyright, and her direction to her production partner to handle any necessary steps and paperwork. Tr. 486:3-489:19. There is no evidence to the contrary.

### III. Emanuel Film, LLC's assignment to Ms. Gregorini was memorialized in writing.

A transfer of copyright ownership eventually requires a signed writing. 17 U.S.C. § 204(a). Memorialization of an earlier assignment through a later writing meets that requirement. *Nirvana*, 2023 WL 11821416, at *13 (citing *Magnuson*, 85 F.3d at 1428). Courts have rejected any holding to the contrary for decades. Comments to the Model Jury Instructions: 17.12 Copyright Interests—Assignee (17 U.S.C. § 201(d)(1)) (explaining that an analysis requiring a contemporaneous writing was "clearly dicta"); *Magnuson*, 85 F.3d 1424, 1429 n.1; *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 828-31 (3d Cir. 2011) (analyzing 17 U.S.C. § 204(a) and rejecting any time limit). Later writings created anywhere from two months to fourteen years after an original assignment have been found sufficient. *Goodness Films, LLC v. TV One, LLC*, No. CV 12-8688-GW(JEMX), 2013 WL 12145508, at *6 (C.D. Cal. Feb. 28, 2013) (two months after original assignment); *Magnuson*, 85 F.3d at 1428 (fourteen years after original assignment). Even writings created months after litigation began have satisfied this requirement too. *XPays, Inc. v. Internet Com. Grp., Inc.*, No. CV0605688DDPFFMX, 2008 WL 11336757, at *3 (C.D. Cal. Jan. 14, 2008); *Goodness Films, LLC*, 2013 WL 12145508, at *6 (C.D. Cal. Feb. 28, 2013) (agreement memorialized a month after complaint); *Nulinx*, 2009 WL 10673575, at *4 (agreement memorialized nine months after complaint).

The requirements for the substance of the writing showing a transfer are not stringent either. A writing simply must show the parties' intent to transfer the copyright. *Aug. Image, LLC v. Line Fin., PBC et al.*, No. 2:23-CV-05492 MWC

1   (ASX), 2024 WL 5316280, at *7 (C.D. Cal. Dec. 17, 2024). This requires "very
2   little effort." *Radio Television Espanola S.A. v. New World Entertainment, Ltd.*, 183
3   F.3d 922, 929 (9th Cir.1999). Courts have approved documents reciting that the
4   copyright holder assigns the "entire right, title and interest" to any copyrights.
5   *Nirvana*, 2023 WL 11821416, at *15; *Wales Indus. Inc. v. Hasbro Bradley, Inc.*,
6   612 F. Supp. 510, 514 (S.D.N.Y. 1985). But "[n]o magic words must be included in
7   the document," which "doesn't have to be the Magna Carta; a one-line pro forma
8   statement will do." *Nirvana*, 2023 WL 11821416, at *15 (quoting *Radio Television
9   Espanola S.A.*, 183 F.3d at 927 (further citations omitted)).

The unrebutted evidence establishes a signed writing memorializing Emanuel Film, LLC's transfer of the copyright in *Emanuel* to Ms. Gregorini. Exhibit 1022 is a writing Ms. Gregorini signed in 2019 titled "Copyright Assignment" that memorialized the earlier transfer. The intent of the "Assignor: Emanuel Film, LLC" and the "Assignee: Francesca Gregorini" to transfer the copyright is clear. Exhibit 1022 states that Assignor "grants, conveys, assigns, transfers and sets over to Francesca Gregorini . . . *all right, title and interest in and to* . . . the motion picture production based on the Screenplay, entitled 'The Truth About Emanuel,' which was produced as a work for hire for Assignor . . . including without limitation any and all copyrights therein and thereto." Ms. Gregorini's testimony confirmed the prior 2017 assignment memorialized in this later 2019 document. Tr. 486:3-489:19. As the sole manager of Emanuel Film, LLC, her authority to assign and memorialize the prior assignment is unrebutted too, regardless of the earlier dissolution of the LLC. *See* Cal. Corp. Code § 17707.06; *Nirvana*, 2023 WL 11821416, at *16. The transfer is further evidenced in the Copyright Registration for Emanuel too. Ex. 1001.

Whether Emanuel Film, LLC had been dissolved at the time of assignment (it was not) or memorialization is irrelevant too. The court in *Nirvana* recognized an

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

PLAINTIFF FRANCESCA GREGORINI'S
MOTION FOR JUDGMENT AS A MATTER
OF LAW ON COPYRIGHT OWNERSHIP

assignment of copyrights by dissolved business entities. *Nirvana*, 2023 WL 11821416, at *16. In *Nirvana*, one unincorporated entity assigned its copyright ownership a day after its dissolution. *Id.* A general partnership assigned its copyright ownership *four years* after its dissolution. *Id.* Their state's laws, like California's, provided that dissolved corporations and partnership continue their existence after dissolution to wind up and liquidate their affairs. *Id.* Therefore, the Court recognized their copyright transfers. *Id.*

Defendants' reliance on *Blackthorne Publ'g v. Black*, 2000 WL 123225, at *2 (9th Cir. 2000) to question a dissolved LLC's ability to transfer a copyright fails. In that case, the evidence showed "plaintiffs did not obtain copyright ownership through assignment where assignor corporation was suspended at time of assignment." Dkt. 364 at 5. But *Blackthorne* does not apply to *cancelled* or *dissolved* business entities. It concerned a business entity "suspended" for failing to pay its franchise taxes, under different statutes and caselaw. *Blackthorne,* 2000 WL 123255, at *2 (citing Cal. Rev. & Tax. Code § 23301; *McLaughlin Land & Livestock Co v. Bank of Am., Nat Tr. & Sav. Ass'n*, 94 F.2d 491, 493 (9th Cir. 1938)). Under California law, a suspended entity is ineligible to conduct business. A cancelled or dissolved entity is distinct. Indeed, the court in *Nirvana* also found *Blackthorne* "inapposite" because there was no showing that either of the dissolved entities were suspended. *Nirvana*, 2023 WL 11821416, at 16-17, n.11 (rejecting *Blackthorne* and finding a Washington company had the power to assign a copyright after dissolution to wind up the company).

## CONCLUSION

The Court should grant Ms. Gregorini judgment as a matter of law as to her ownership of a valid copyright in the original motion picture *Emanuel.* The assignment from Emanuel Film, LLC to Ms. Gregorini was valid and memorialized in writing, as evidenced by unrebutted testimony of Ms. Gregorini and admitted

trial exhibits. No reasonable jury could therefore find that Ms. Gregorini does not own the copyright in *Emanuel*.

Dated: January 23, 2025          **ROBINS KAPLAN LLP**

                               By: */s/ Patrick M. Arenz*
                                    Patrick M. Arenz

                               Attorneys for Plaintiff
                               Francesca Gregorini

PLAINTIFF FRANCESCA GREGORINI'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON COPYRIGHT OWNERSHIP

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone:  310 552 0130
Facsimile:   310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**L.R. 11-6.1 CERTIFICATE OF COMPLIANCE** |

The undersigned, counsel of record for Plaintiff Francesca Gregorini, certifies that this brief contains 2,564 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 23, 2025					ROBINS KAPLAN LLP


							By: */s/ Patrick M. Arenz*
							       Patrick M. Arenz

							Attorneys for Plaintiff
							Francesca Gregorini