UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:20-cv-00406-SSS-JCx | Date | July 15, 2025 |
|---|---|---|---|
| Title | *Francesca Gregorini v. Apple Inc. et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES [DKT. 470]**

Before the Court is a Motion for Attorneys' Fees ("Motion") filed by Defendants Apple Inc., M. Night Shyamalan, Blinding Edge Pictures, Inc., Uncle George Productions, Escape Artists, Inc., Dolphin Black Productions, Tony Basgallop, Ashwin Rajan, Jason Blumenthal, Todd Black, and Steve Tisch (collectively, the "Defendants"). [Dkt. 470]. Plaintiff Francesca Gregorini opposes. [Dkt. 473]. Having considered the parties' arguments, the relevant legal authority, and the record in this case, the Court **DENIES** the Motion. [Dkt. 470].

## I.    BACKGROUND

This case arises out of Defendants' alleged infringement of Gregorini's movie, *The Truth About Emanuel* ("*Emanuel*") in the making of their television series, *Servant*. Following a two-week trial, the jury returned a defense verdict, finding no Defendant had access to Gregorini's film. [*See* Dkt. 449]. As the prevailing party, Defendants now move for attorneys' fees under the Copyright Act. [Dkt. 470, Motion]. The Court discusses additional relevant facts below.

## II.     LEGAL STANDARD

The Copyright Act provides that a "court may [] award a reasonable attorney's fee to the prevailing party," either plaintiff or defendant.  17 U.S.C. § 505; *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016).  The Act "clearly connotes discretion" in the district court's determination and does not oblige an award "as a matter of course."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).  Instead, a district court should consider "several nonexclusive factors," such as "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence" in deciding to award attorneys' fees.  *Kirtsaeng*, 579 U.S. at 209.

## III.     DISCUSSION

Defendants contend Gregorini's objectively unreasonable litigation tactics and improper motivations entitle them to a fee award under the Copyright Act.  [Motion at 8].  The Court disagrees.

First, Gregorini's litigation strategies were not objectively unreasonable.  Defendants challenge the merit of Gregorini's access theories and suit of non-writing producers, however the Court largely denied Defendants' motion for summary judgment on these issues, finding genuine issues of material fact such that a reasonable jury could rule for Gregorini.  [Dkt. 337 at 7–12; 19–23].  Claims that "hinge[] on disputed facts sufficient to reach a jury" are "necessarily [] reasonable because a jury might decide the case in the plaintiff's favor."  *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016).  Moreover, if by the close of discovery, it was clear the four non-writing producers had "nothing to do with the alleged infringement," as Defendants contend, Defendants should have argued as much in their motion for summary judgment.  [Dkt. 475 at 8].  They did not.  [*See* Dkt. 239 at 29–30].

Defendants also assert Gregorini's substantial similarity expert, David Román, fell short of Gregorini's previously promised expectations.  However, Defendants' arguments here are a mere recitation of their motion to exclude Román—a motion this Court already denied.  [*See* Dkts. 196, 346].  Defendants similarly revive old arguments when maintaining Gregorini shifted positions on her ownership of reborn dolls.  As the Court has already made clear, Gregorini pursued a selection-and-arrangement theory of copyright infringement, which permits legal protection over a distinct string of unprotectable elements, [*see* Dkt. 337 at 14–16], so even if Gregorini "[s]hift[ed] [p]osition," it is irrelevant to the

merit of her claims. [Dkt. 470 at 20]. In all, Gregorini's litigation tactics were clearly not objectively unreasonable.

Second, the Court does not find Gregorini's motivations improper. While Defendants argue Gregorini needlessly embarrassed Basgallop in front of the jury, the cross-examination served a legitimate purpose. Through it, Gregorini attempted to demonstrate how pre-*Emanuel* versions of *Servant* did not contain certain prominent and allegedly infringing elements, thereby discrediting Defendants' independent creation defense. [*See* Dkt. 438 at 214:1–12, 215:23–216:2]. Defendants also argue Gregorini's generation of publicity for the lawsuit betrays her malintent, but this alone does not indicate an unsavory motive. Especially when considering Gregorini's emotional connection to *Emanuel*, [*see* Dkt. 438 at 436:1–18], and Defense counsel's own admittance Gregorini may have pursued this litigation as an "honest mistake," [Dkt. 442 at 1522:18–21], the Court is hard-pressed to believe an improper motive was at play.

Ultimately, the Court finds Gregorini pursued reasonable arguments in good faith. Generally, it "does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Disorderly Kids, LLC v. Fam. Dollar Stores, Inc.*, No. 12-cv-5073-FMO-JCGx, 2017 WL 11632295, at *7 (C.D. Cal. Feb. 25, 2017). Accordingly, the Court **DENIES** Defendants' Motion. [Dkt. 470].

**IT IS SO ORDERED.**