**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone:  310 552 0130
Facsimile:  310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**PLAINTIFF FRANCESCA GREGORINI'S NOTICE OF MOTION AND MOTION TO STAY EXECUTION OF COST JUDGMENT PENDING APPEAL**<br><br>Date:　　September 26, 2025<br>Time:　　2:00 P.M.<br>Dept.:　　Courtroom 2 |

**PLEASE TAKE NOTICE** that on September 26, 2025, or as soon as may be heard in Courtroom 2 of the United States District Court for the Central District of California, 3470 Twelfth Street, Riverside, California 92501, Plaintiff Francesca Gregorini moves for a stay of execution of cost judgment pending appeal.

This Motion is based on the accompanying memorandum of points and authorities, and the oral record and exhibits presented during litigation. Ms. Gregorini will lodge a proposed order along with this Motion.

This Motion is made following the conference of counsel (and attempted conference) pursuant to L.R. 7-3 which took place between Monday, August 18, 2025, and Wednesday, August 27, 2025. On Monday, August 18, counsel for Defendants, Cydney Freeman and Nicolas Jampol, contacted counsel for Plaintiff Francesca Gregorini, Patrick Arenz and Emily Niles, to confirm payment of the costs taxed against Ms. Gregorini before the end of August. In response, Mr. Arenz proposed that the parties stipulate to a stay pending appeal. Ms. Freeman rejected that proposal and further stated: "If you move to stay unilaterally, we will oppose."

On Friday, August 22, Mr. Arenz confirmed that Ms. Gregorini would proceed with this Motion and invited a call to discuss. That day, Ms. Freeman stated she was available that afternoon for a call after 4 PM PST. But later that afternoon and ahead of the 4 PM call, Mr. Jampol responded that the discussion would need to be postponed until Monday due to an "emergency." He also asked for caselaw supporting the Motion. In response, Mr. Arenz circulated exemplary caselaw and asked to schedule a call for that Monday to discuss.

On Monday, August 25, Mr. Jampol stated he would review the caselaw and discuss the Motion with his clients and then respond, hopefully by Tuesday. Two days later, Mr. Arenz followed up with Mr. Jampol and received no response. As of this Motion, Mr. Arenz has still received no response.

## INTRODUCTION

Ms. Gregorini moves for the Court to stay execution of the costs taxed against her, pending appeal. This Court has broad discretion to waive any bond or security. In fact, courts often stay payment of a cost judgment under the circumstances here. For instance, Ms. Gregorini has the plain ability to pay the cost judgment, as she has already demonstrated in this case during the first appeal. *See, e.g.*, Dkt. Nos. 57-59. Nor do the Defendants—led by Apple, a three *trillion*-dollar company—have any imminent need for $74,871.95. Spite is the only motive for the Defendants' demand for payment now. The Court should grant Ms. Gregorini's motion.

## ARGUMENT

Courts have broad discretionary power to waive a bond or other security pending appeal. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). In the context of waiving a bond pending an appeal, California federal courts consider these factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the losing party's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the losing party is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *ConsumerDirect, Inc. v. Pentius, LLC*, No. 8:21-CV-01968 (JVS) (ADSX), 2024 WL 4329077, at *2 (C.D. Cal. Sept. 20, 2024) (citations omitted). Here, the first four factors all favor waiving a bond and the fifth factor does not apply.

Courts routinely waive bonds when the parties' ability to pay is clear. *See, e.g.*, *Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (waiving bond when the moving party could pay in "less than 30 days"); *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. CV 11-3397 JGB

(RZX), 2017 WL 11643347, at *3 (C.D. Cal. June 30, 2017) (J. Bernal) (waiving bond when the court "is confident in both the availability of funds to pay and [d]efendants' ability to pay a final judgment when the stay is lifted"); *Mendez v. Baca*, No. CV1104771MWFPJWX, 2013 WL 12162127, at *2 (C.D. Cal. Sept. 16, 2013) (J. Fitzgerald) (waiving bond when the court "has a high degree of confidence in the availability of funds to pay the judgment, and finds that the defendant's ability to pay the judgment is plain."). And courts also waive bonds when the award "is relatively small and represents a fraction of [the moving party's] assets." *Viavi Sols. Inc. v. Platinum Optics Tech. Inc.*, No. 20-CV-05501-EJD, 2025 WL 673637, at *1 (N.D. Cal. Mar. 3, 2025). Here, Ms. Gregorini has already demonstrated her ability to pay costs within less than 30 days. During Ms. Gregorini's first appeal to the Ninth Circuit, for instance, Ms. Gregorini lodged a cashier's check for $162,467.30 (the attorneys' fees previously awarded and later reversed) with the court clerk pending appeal. Dkt. Nos. 57-59. That the cost judgment is half this amount now eliminates any concern about her ability to pay promptly after appeal. Nor is Ms. Gregorini going anywhere: she lives, owns property, and works in the District. Any bond pending appeal is a waste of time and resources for all involved, especially since the Defendants have no financial need for this limited payment while the case proceeds on appeal.

## CONCLUSION

Ms. Gregorini requests the Court stay execution of costs taxed in the amount of $74,871.95, pending appeal without bond. In the alternative, Ms. Gregorini asks the Court to stay execution of the cost judgment pending appeal upon deposit of a cashier's check in the amount of $74,871.95 with the Clerk of Court.

Dated: August 29, 2025

By: */s/Patrick M. Arenz*
Patrick M. Arenz

Attorney for Plaintiff
Francesca Gregorini

**ROBINS KAPLAN LLP**
Michael A. Geibelson (SBN 179970)
MGeibelson@RobinsKaplan.com
Patrick M. Arenz *(Pro hac vice)*
PArenz@RobinsKaplan.com
Annie Huang *(Pro hac vice)*
AHuang@RobinsKaplan.com
Emily E. Niles *(Pro hac vice)*
ENiles@RobinsKaplan.com
Prateek Viswanathan *(Pro hac vice)*
PViswanathan@RobinsKaplan.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
Telephone: 310 552 0130
Facsimile: 310 229 5800

*Attorneys for Plaintiff Francesca Gregorini*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Gregorini,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation; M. NIGHT SHYAMALAN, an individual, BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporate; ESCAPE ARTISTS LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00406-SSS-JC<br><br>**L.R. 11-6.1 CERTIFICATE OF COMPLIANCE**<br><br>Date: September 26, 2025<br>Time: 2:00 P.M.<br>Dept.: Courtroom 2 |

The undersigned, counsel of record for Plaintiff Francesca Gregorini, certifies that this brief contains 646 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 29, 2025

ROBINS KAPLAN LLP

By: */s/ Patrick M. Arenz*
Patrick M. Arenz

Attorneys for Plaintiff
Francesca Gregorini